EVAN C. NELSON (SBN 172957)
LAW OFFICE OF EVAN C. NELSON
1990 N. CALIFORNIA BLVD., 8TH FLOOR
WALNUT CREEK, CA 94596
Telephone: (925) 323-1991
Email: evancnelson.law@gmail.com

*Attorneys for Plaintiff Peter Colombo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER COLOMBO,<br><br>        Plaintiff,<br><br>v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, et al.,<br><br>        Defendants. | Case No. 5:24-cv-00909-NC<br><br>**NOTICE OF ERRATA AND CORRECTED PAGE 6 TO DKT #42, PLAINTIFF PETER COLOMBO'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULE 12(b)(6)**<br><br>DATE:         SEPTEMBER 25, 2024<br>TIME:          11:00 AM<br>LOCATION:  COURTROOM 5, 4th FLOOR<br><br>**HON. NATHANAEL M. COUSINS** |

   Please accept this notice of errata and correction to two typographical errors found on Page 6 of Plaintiff's Opposition to Defendants' Motion to Dismiss Pursuant to FRCP Rule 12(b)(6), filed on August 16, 2024, Dkt #42. On Page 6 of the Brief (page 11 of 30 of Dkt #42), at line 2, the statement "March of 2021" should have been "March of 2022" and on line 5 where it states "June of 2022" should have been "May of 2023". A corrected Page 6 (page 11 of 30) is attached hereto as Errata Exhibit 1.

Dated: August 16, 2024                    LAW OFFICE OF EVAN C. NELSON

                                          By:   /s/
                                                Evan C. Nelson
                                                Attorneys for Plaintiff PETER COLOMBO

-1-

# ERRATA EXHIBIT 1

16. Had Defendants complied with Title IX and the OCR Audit Resolution Agreement by timely completing their investigation, Plaintiff would have been exonerated as early as March of 2022, well before Plaintiff was arrested in June of 2022. (See Exh. GG; Exh. KK; Exh. G.)

17. The criminal charges remained active for almost a year before finally being dropped due to lack of evidence in May of 2023, an action that was delayed by more than a year due to Defendants' dilatory investigation and active concealment of (1) the grade report showing Plaintiff was not the accuser's PE teacher; (2) that PAUSD transferred Plaintiff to teach three 6th grade PE classes at a different school in 2001-2002; (3) that a different male PE teacher taught the three 6th grade PE classes at Jordan/Greene when Plaintiff was transferred for 2001-2002; (4) the other 6th graders' 2001-2002 grade reports, in lieu of the accuser's disappeared grade report, showing which male PE teachers taught 6th grade PE at Jordan/Greene during the 2001-2002 school year; and (5) their investigator's (a former sheriff with 30 years of experience conducting Title IX investigations) very specific findings that even the lower preponderance of evidence standard could not possibly be met with regard to the claim of (a) a sexual assault at Jordan/Greene in 2001- 2002 and/or (b) any misconduct by Plaintiff. (See Exhibit G; Exhibit K; Exhibit L.)

18. Due to Defendants' delays and concealment of exculpatory evidence, the California Commission on Teacher Credentialing ("CTC") also conducted an investigation that eventually resulted in complete renewal of Colombo's multi subject teaching credential. (Nelson Decl., ¶9; See Exhibit D; Exhibit H, Printout of CTC Website Credential Status; Exhibit I, Hickey Letter Dated 11.1.23.)

19. Defendants worked together with a common scheme to unlawfully discriminate against Plaintiff, an older (more experienced and more expensive) white male (whose position could be given to another teacher to accelerate the District's Equity Plan) by attempting to extort his early retirement through (1) supporting malicious criminal prosecution and abuses of administrative processes by concealing evidence and (2) taking adverse employment actions against him under the pretext of the criminal arrest that did not result in any finding of misconduct. (See Exhibit NN, Declaration of Mark Allendorf.)

20. Defendants have a recent pattern and practice of using false Title IX sexual abuse claims to extort early retirement from older male middle school teachers at Jordan/Greene. (Exhibit NN.)

21. Discriminating against a person who has been arrested, without conviction, by considering such an arrest for any employment decision violates FEHA. (Exh. M, Cal. Code Regs, Title 2, §11017.1.)