EVAN C. NELSON (SBN 172957)
LAW OFFICE OF EVAN C. NELSON
1990 N. CALIFORNIA BLVD., 8TH FLOOR
WALNUT CREEK, CA 94596
Telephone: (925) 323-1991
Email: evancnelson.law@gmail.com

*Attorneys for Plaintiff Peter Colombo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER COLOMBO,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, DON AUSTIN, Individually and as Superintendent for PAUSD, LISA HICKEY, Individually and as Director of Certificated Human Resources for PAUSD, AMANDA BARK, Individually and as Manager, Policy and Legal Compliance for PAUSD, and TRENT BAHADURSINGH, individually and as Chief of Staff for PAUSD,<br><br>　　　　　　　　　Defendants. | Case No. 5:24-cv-00909-NC<br><br>**JOINT STATEMENT RE CONTINUING DISCOVERY ISSUE NO. 2:**<br><br>**PRODUCTION OF THE ACCUSER'S STUDENT FILE, THE ACCUSER'S SISTER'S STUDENT FILE, AND STUDENT FILES FOR THE 6TH GRADE CLASS AT JORDAN MIDDLE SCHOOL DURING 2001-2002**<br><br>DATE:　　　SEPTEMBER 25, 2024<br>TIME:　　　11:00 AM<br>LOCATION:　COURTROOM 4, 4th FLOOR<br>　　　　　　280 SOUTH 1ST STREET<br>　　　　　　SAN JOSE, CA 95113<br><br><br>**HON. NATHANAEL M. COUSINS** |

Plaintiff is moving to compel computer audit detail and surrogate student records (with student identifying information redacted and subject to the protective order on file in this action) to attempt to identify accuser's PE teacher since Defendants deleted her grade report.

**Plaintiff's Position**

The accuser's grade report very likely shows Plaintiff was not even the accuser's PE teacher, whom she alleged to have raped her during lunch after PE in the locker room. (See Exh. XX to ECF 66-1). She did not see or hear her alleged attacker, so her allegation that it was her PE teacher made the grade report a critical part of the identification. This evidence is directly relevant to the Title IX claim that Plaintiff requests leave to assert against all Defendants and to the Section 1983 claim against the individual defendants in their individual capacities.

Defendants' history of the accuser's "disappeared" grade report is not sufficient or credible, including that it was (1) reported by Defendants as having been deleted by staff after the investigations had already begun (See Exhs. C, D, F and PP to ECF 66-1), (2) was later reportedly found and turned over to the DA's Office (but never provided to Plaintiff's counsel) (id.), and (3) should still be available both in physical and electronic formats per Defendant's document retention policies regarding student records (Exhs. D, PP to ECF 66-1). The only item of interest to the investigation in the accuser's student file was her grade report, which likely shows Plaintiff was not her PE teacher as the District transferred him to teach three classes of 6th grade PE at a different school in 2001-2002 and his three 6th grade PE classes at Jordan were then picked up by a different male PE teacher. (ECF 66-1, Exh. A, ¶¶12-13 and Exh. A-5.)

Due to the active concealment of evidence that exonerates Plaintiff, he has requested evidence to allow him to investigate the identification issue more fully including requests for both the accusers and her sister's complete student files, and redacted grade reports for each 6th grade student at Jordan Middle School during 2001-2002. As an alternative to production of the accuser's 6th grade report card or surrogate records, Plaintiff requests an evidentiary sanction establishing that the 6th grade report card shows Plaintiff was not her PE teacher.

Because that key piece of evidence has "disappeared", Plaintiff is seeking alternative documents as a surrogate, including (a) the accuser's complete student file as it exists currently both from the electronic databases and from the physical archives along with an audit report to show when the accuser's electronic

file was created and every access following creation; (b) the accuser's sister's complete student file (both electronic and physical, as well as audit report for the electronic file) because the sisters' student files were found to have been mixed up/combined at other schools where Plaintiff issued subpoenas, and both girls were competitive swimmers who might have had "dispensations" to allow them to not even take PE; and (c) redacted grade reports (from both electronic and physical files) for each of the 6th graders at Jordan Middle School in 2001-2002 to show who taught 6th grade PE at Jordan in 2001-2002.

Plaintiff has agreed to redaction of student identifying information and a protective order is in place. To the extent Defendants claim inability to produce these documents for any reason, Plaintiff requests an order allowing Plaintiff and his copy service and forensic team to have access to the Jordan Middle School (now Greene Middle School) and District Office physical archives and electronic systems to locate documents, files, access logs, etc. and to conduct a forensic audit of electronic files. Such access to files should be granted on an expedited basis to preserve evidence and prevent further concealment.

**Defendants' Position**

As proposed in Defendants' prior response to this issue, Defendants have now provided the entirety of the accuser's student file within the District's possession to Plaintiff as a courtesy, subject to a protective order and following required redaction of identifying student information and compliance with applicable law. Further, as the Court properly found in ruling on Plaintiff's previous unilateral discovery issue statement regarding these documents (ECF 49), the documents and categories of documents Plaintiff seeks here are not relevant to either party's claims or defenses, nor proportional to the needs of the case under FRCP 26, particularly where Plaintiff's First Amended Complaint has been dismissed and there is no operative complaint on file. As before, whether or not Plaintiff was the accuser's teacher has no bearing on any material fact in this case, as the actions taken by the District upon its receipt of the allegation against Colombo were legally mandated and could not be based on the veracity of her allegations. To the extent that Plaintiff contends the allegation was fabricated, that conduct is not attributable to Defendants. In any event, to the extent that Plaintiff is now demanding production of the accuser and her sister's student records, that demand is moot, as the District has produced all documents in its possession responsive to either request.

| | |
|---|---|
| Dated: September 18, 2024 | LAW OFFICES OF EVAN C. NELSON |
| | By:_____/s/_____ |
| |     EVAN C. NELSON |
| |     Attorneys for Plaintiffs |
| Dated: September 18, 2024 | BERTRAND FOX ELLIOT OSMAN & WENZEL |
| | By:_____/s/_____ |
| |     BENJAMIN I. OREPER |
| |     Attorneys for Defendants Palo Alto Unified School District, Don Austin, Trent Bahadursingh, Lisa Hickey and Amanda Bark |