UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER COLOMBO,<br>  Plaintiff,<br>v.<br>PALO ALTO UNIFIED SCHOOL DISTRICT, and others,<br>  Defendants. | Case No. 24-cv-0909 NC<br><br>**ORDER RESOLVING DISCOVERY DISPUTES**<br><br>Re: ECF 71, 72, 73 |

Presented are three joint discovery disputes in which Plaintiff Peter Colombo is seeking discovery from Defendants: (1) demanding a privilege waiver in connection with the upcoming deposition of Nicole Miller, an investigator hired by the District, or in the alternative, an exclusion of evidence (ECF 71); (2) demanding access to District archives and electronic systems to look for certain documents (ECF 72); and (3) demanding a privilege waiver in connection with upcoming depositions of individual defendants (ECF 73).

For procedural context, in this case Plaintiff's operative Complaint is the recently filed Second Amended Complaint (ECF 86), alleging the District and specified personnel discriminated against him and violated his federal civil rights. Defendants have moved to dismiss the Second Amended Complaint. (ECF 82) There is a stipulated protective order in this case. ECF 65. Finally, in the joint CMC statement filed October 9, the Defendants repeated their earlier request that the Court stay discovery. ECF 85.

This Order resolves only the discovery motions. The Court determines that a hearing is not needed. Fed. R. Civ. P. 78(b).

As a preliminary matter, the Court finds that there is much discovery middle ground that the parties appear unable, or unwilling, to explore.  Defendants want no discovery until the pleadings are settled.  ECF 85 at p. 25.  Plaintiff, on the other hand, has propounded hundreds of written discovery requests (as chronicled at ECF 85 p. 20) and has filed six discovery motions before any defendant has answered the complaint.

**ECF 71: Plaintiff's request is denied.**  This is the second discovery motion about the Nicole Miller deposition, now scheduled for November 15 and 18, 2024.  *See* ECF 61 (ordering parties to confer and agree on the Miller deposition date).  The Court is not persuaded ahead of the deposition that Defendants have waived any privilege as to Miller or that waiver should be ordered because of alleged fraud.  Arguments about the exclusion of evidence at trial are premature.  All parties will be permitted motions in limine before trial.

**ECF 72: Plaintiff's request is denied.**  Plaintiff moves to compel a computer audit and surrogate student records (with student identifying information redacted and subject to the protective order on file in this action) to attempt to identify accuser's PE teacher**.**  Defendants, on the other hand, assert that they have now provided the entirety of the accuser's student file within the District's possession to Plaintiff, subject to the protective order and following required redaction of identifying student information and compliance with applicable law.  This order finds that the Defendant's production is sufficient and Plaintiff has not shown how discovery of archives and access to electronic systems to conduct a forensic audit is proportional to the needs of the case under Fed. R. Civ. P. 26(b).

**ECF 73: Plaintiff's request is denied.**  In advance of taking individual Defendants' depositions, Plaintiff asks the Court to determine that Defendants have waived privileges.  This order agrees with the Defendants that the issue is not yet ripe.

This Order resolves ECF 71, 72, and 73.  No fees or costs are presently awarded.  The CMC on October 30 remains on calendar.  The parties must file a joint supplemental

CMC statement by October 23 that is 6 pages or less, is not argumentative, and provides specific details on the status of pending and proposed fact discovery.

**IT IS SO ORDERED.**

Dated: October 11, 2024  _____
NATHANAEL M. COUSINS
United States Magistrate Judge