Eugene B. Elliot, State Bar No. 111475
Ethan M. Lowry, State Bar No. 278831
Benjamin I. Oreper, State Bar No. 329480
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email:       eelliot@bfesf.com
             elowry@bfesf.com
             boreper@bfesf.com

Attorneys for Defendants
PALO ALTO UNIFIED SCHOOL DISTRICT, DON AUSTIN,
AMANDA BARK, LISA HICKEY and TRENT BAHADURSINGH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER COLOMBO,<br><br>    Plaintiff,<br><br>v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 5:24-cv-00909-NC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>**Hon. Nathanael M. Cousins** |

Plaintiff's Administrative Motion claims that, following Defendants' filing of their Reply in support of their Motion to Dismiss, counsel "was reminded of the intentional inclusion of a malicious prosecution/abuse of administrative proceedings claim or component in the §1983 due process claim." (Dkt. 120 at 2:8-10.)  Unless counsel mistakenly used "intentional inclusion" in the place of "unintentional omission," his contention is unintelligible and unsupported by the plain language of the Third Amended Complaint.  His request for additional briefing is a thinly-disguised attempt to rectify this apparent omission by seeking further leave to amend his Complaint, and in so doing effectively moot Defendants' currently pending, fully briefed motion to dismiss in advance of the February 26, 2025, settlement conference, forcing Defendants to expend additional resources on still further litigation over

1

DEFENDANTS' OPPOSITION TO ADMINISTRATIVE MOTION
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

the pleadings in this matter.

The Third Amended Complaint does not contain a malicious prosecution claim under §1983 against Defendants, nor can it even be said to contain a malicious prosecution "component" in the existing §1983 claim. In fact, the phrase "malicious prosecution" itself appears only twice in the entirety of Plaintiff's §1983 claim against the individual defendants: once in the context of a paragraph headed "no available employment options exist for [Plaintiff] outside the District" (Dkt. 113 at 23:6-7); and again in the closing paragraph of the first cause of action, stating "Defendants' misconduct has caused . . . malicious criminal prosecution" (Dkt. 113 at 26:9). Neither of these passing references states a claim for malicious prosecution against the individual Defendants, nor constitutes any serious attempt to state such a claim. Plaintiff's contention that the "stand alone" malicious prosecution claims in his original complaint "were subsumed into the §1983 claim against the remaining defendants" in his First Amended Complaint defies logic and is unsupportable. The malicious prosecution claim in Plaintiff's original Complaint was in fact a state law claim which was not brought pursuant to §1983. This is in contrast to Plaintiff's claims for violations of substantive and procedural due process, which were expressly identified as having been brought pursuant to §1983 and which have been maintained in every subsequent complaint. Plaintiff provides no basis in law or fact for his contention that the malicious prosecution claims were "subsumed" into his existing claims under §1983, and the §1983 claim in his Third Amended Complaint does not anywhere discuss the elements of a malicious prosecution claim as outlined by Plaintiff in his proposed briefing. Thus, Defendants' Motion to Dismiss did not address "a cognizable claim of a §1983 Due Process violation for malicious prosecution" because no reasonable reading of the Third Amended Complaint would have identified such a claim in it.

Rather, Defendants believe that Plaintiff's administrative motion and request for supplemental briefing are in actuality intended to moot Defendants' currently pending motion to dismiss by seeking leave to further amend his complaint to allege a new claim for malicious prosecution. Plaintiff is thus attempting, following the filing of four successive complaints, inclusive of his most recent, 62-page Third Amended Complaint, and following Defendants' Motion to Dismiss that Complaint, his Opposition to that Motion, and the DISTRICT's filing of its Reply, to further amend his Complaint prior to the Court addressing the pending, timely submitted arguments, in order to allege an additional Cause

2

DEFENDANTS' OPPOSITION TO ADMINISTRATIVE MOTION
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

of Action which was not actually alleged in the Third Amended Complaint, and which Plaintiff was not in any way prevented from alleging in any of his prior pleadings. Further, in submitting his 9-page proposed supplemental briefing in addition to the full 25 pages Plaintiff utilized in his Opposition to Defendants' Motion, Plaintiff is seeking to evade the page limits set for briefing by the rules of this Court. This is neither an appropriate use of an administrative motion, nor an appropriate request at this stage of Defendants' Motion to Dismiss. Defendants have already expended significant resources litigating the pleadings in this matter, and would request that the Court take this into consideration and not permit Plaintiff to force the expenditure of additional judicial and defense resources by seeking to invalidate or evade Defendants' current motion by, essentially, seeking leave to file a further amended complaint and start the cycle anew.

Defendants thus respectfully request that the Court deny Plaintiff's request for supplemental briefing. To the extent that the Court is inclined to consider Plaintiff's request, given that Defendants would have addressed Plaintiff's arguments had he raised them in his Opposition briefing, Defendants request the opportunity to provide a responsive briefing of equivalent length to that allowed Plaintiff, if any.

Dated: February 21, 2025

BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

By: _/s/ Benjamin Oreper_
Eugene B. Elliot
Ethan M. Lowry
Benjamin I. Oreper
Attorneys for Defendants
PALO ALTO UNIFIED SCHOOL DISTRICT, DON AUSTIN, AMANDA BARK, LISA HICKEY and TRENT BAHADURSINGH