Eugene B. Elliot, State Bar No. 111475
Ethan M. Lowry, State Bar No. 278831
Benjamin I. Oreper, State Bar No. 329480
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email:      eelliot@bfesf.com
            elowry@bfesf.com
            boreper@bfesf.com

Attorneys for Defendants
PALO ALTO UNIFIED SCHOOL DISTRICT, DON AUSTIN,
AMANDA BARK, LISA HICKEY and TRENT BAHADURSINGH

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER COLOMBO,<br><br>            Plaintiff,<br><br>v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT,<br>et al.,<br><br>            Defendants. | Case No. 5:24-cv-00909-NC<br><br>**DEFENDANTS PALO ALTO UNIFIED SCHOOL DISTRICT, DON AUSTIN, AMANDA BARK, LISA HICKEY AND TRENT BAHADURSINGH'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

1    Defendants PALO ALTO UNIFIED SCHOOL DISTRICT (the "DISTRICT"), DON AUSTIN,

2  AMANDA BARK, LISA HICKEY and TRENT BAHADURSINGH (collectively "Defendants") hereby

3  requests a jury trial in the above captioned matter and answer the Third Amended Complaint ("TAC") on

4  file of plaintiff PETER COLOMBO in the same order of paragraphs as set forth by Plaintiff's TAC and

5  alleges as follows:

6    Defendants deny generally and specifically, all and singular, each and every, of the allegations

7  contained in Plaintiff's First Amended Complaint and further deny that Plaintiff has been damaged in any

8  sum, amount or at all by any act or omissions of these answering defendants.

9    **ANSWER TO ALLEGATIONS TITLED "INTRODUCTORY ALLEGATIONS"**

10   1.    Answering paragraph 1 of the Third Amended Complaint ("TAC"), Defendants admit that

11  on January 28, 2022, the DISTRICT received an email from the husband of a former female DISTRICT

12  student alleging that PETER COLOMBO, a coach and teacher within the DISTRICT, had raped the

13  student in the locker room of Greene Middle School during the 2001-2002 school year.  Plaintiff's

14  remaining allegations either set forth non-factual legal conclusions and are denied accordingly, or are

15  allegations as to which Defendants lack information and belief sufficient to admit or deny them and

16  which are on that basis denied.

17   2.    Answering paragraph 2 of the TAC, Defendants admit that the DISTRICT, through its

18  general counsel, retained an independent third party investigator to investigate the rape allegation against

19  Plaintiff, and that the investigator determined that the allegation was not substantiated due to a lack of

20  evidence, including but not limited to, the absence of a direct statement from the alleged victim to

21  support the claim.  Defendants lack information and belief sufficient to admit or deny the remaining

22  allegations contained within this paragraph and on that basis deny the allegations.

23   3.    Answering paragraph 3 of the TAC, Defendants deny that Plaintiff was deprived of due

24  process rights or that he was unlawfully removed from his PE teaching position.  Plaintiff's remaining

25  allegations set forth non-factual legal conclusions and are denied accordingly

26   4.    Answering paragraph 4 of the TAC, Defendants deny that the DISTRICT discriminated or

27  retaliated against Plaintiff.  Further, Plaintiff's discrimination claims have been dismissed with prejudice.

28  (Dkt. 128.)

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

5.     Answering paragraph 5 of the TAC, Defendants deny the allegations of this paragraph in their entirety.  Further, Plaintiff's discrimination claims and all allegations relating thereto have been dismissed with prejudice.  (Dkt. 128.)

6.     Answering paragraph 6 of the TAC, Defendants admit that Plaintiff filed the initial Complaint in this lawsuit on February 15, 2024.  Defendants otherwise deny the allegations of this paragraph in their entirety.

## ANSWER TO ALLEGATIONS TITLED "PARTIES"

7.     Answering paragraph 7 of the TAC, Defendants admit that Plaintiff is a resident of the State of California who has been employed by the DISTRICT for the duration of this litigation, and that the DISTRICT is located in Santa Clara County.  Defendants deny that Plaintiff has worked as a tenured, certificated PE teacher for the DISTRICT "at all relevant times."

8.     Answering paragraph 8 of the TAC, Defendants admit that the DISTRICT is located in, and operates within, Santa Clara County.  Defendants deny that the DISTRICT "resides" in Santa Clara County as the DISTRICT is a non-person entity.

9.     Answering paragraph 9 of the TAC, Defendants admit that DON AUSTIN is the current District Superintendent and has served in that capacity at all times relevant to this lawsuit, inclusive of January 28, 2022, to the present.

10.     Answering paragraph 10 of the TAC, Defendants admit that LISA HICKEY was employed as Director of Certificated Human Resources for the DISTRICT from July of 2019 to January of 2024.  LISA HICKEY is not currently employed by the DISTRICT.

11.     Answering paragraph 11 of the TAC, Defendants admit that AMANDA BARK has been employed by the DISTRICT as Manager of Legal Policy and Compliance since November of 2020.

12.     Answering paragraph 12 of the TAC, Defendants admit that TRENT BAHADURSINGH has been employed by the DISTRICT as Deputy Superintendent, Chief of Staff since February 1, 2021, and that his duties include oversight of the DISTRICT's Departments of Human Resources, Legal Services, Safety, Registration Services, and Enrollment.

## ANSWER TO ALLEGATIONS TITLED "JURISDICTION"

13.     Answering Paragraph 13 of the TAC, Defendants do not dispute that this Court has

1  jurisdiction over Plaintiff's claims and allegations in this matter

2      14.    Answering Paragraph 14 of the TAC, Defendants deny engaging in any unlawful acts.

3  Defendants do not dispute that this Court has jurisdiction over Plaintiff's claims and allegations in this

4  matter

5              **ANSWER TO ALLEGATIONS TITLED "VENUE"**

6      15.    Answering Paragraph 15 of the TAC, Defendants do not dispute that this matter is

7  properly venued in the United States District Court for the Northern District of California.

8        **ANSWER TO ALLEGATIONS TITLED "DIVISIONAL ASSIGNMENT"**

9      16.    Answering Paragraph 16 of the TAC, Defendants do not dispute that this action has been

10  properly assigned to the San Jose Division.

11          **ANSWER TO ALLEGATIONS TITLED "COMMON FACTS"**

12     17.    Answering Paragraph 17 of the TAC, Defendants deny that Defendants AUSTIN,

13  BAHADURSINGH, HICKEY, and BARK wrongfully "collaborated together in each of the actions taken

14  against Mr. Colombo."

15     18.    Answering Paragraph 18 of the TAC, Defendants deny that any "common plan to deprive

16  Mr. Colombo of his constitutionally protected liberty and property interests" existed; that Plaintiff was

17  deprived of any constitutionally protected liberty or property interests; that Plaintiff was deprived of due

18  process; or that any Defendant was involved in or "failed to take action to correct" any "common plan."

19  Plaintiff's remaining allegations set forth non-factual legal conclusions and are denied accordingly.

20     19.    Answering Paragraph 19 of the TAC, Defendants deny that any allegedly wrongful

21  actions were ratified by the DISTRICT's Board.  Plaintiff's remaining allegations set forth non-factual

22  legal conclusions and are denied accordingly.

23  **ANSWER TO ALLEGATIONS TITLED "EXHAUSTION OF ADMINISTRATIVE REMEDIES"**

24     20.    Answering Paragraph 20 of the TAC, these allegations set forth non-factual legal

25  conclusions to which no response is required.

26     21.    Answering Paragraph 21 of the TAC, Plaintiff's discrimination claims and all allegations

27  relating thereto have been dismissed with prejudice.  (Dkt. 128.)  Plaintiff's remaining allegations set

28  forth non-factual legal conclusions which do not call for an admission or denial from Defendants.

Defendants lack information and belief to admit or deny the remaining allegations in this paragraph and on that basis deny them.

22.    Answering Paragraph 22 of the TAC, Plaintiff's Title IX discrimination claims and all allegations relating thereto have been dismissed with prejudice.  (Dkt. 128.)  Plaintiff's remaining allegations set forth non-factual legal conclusions to which no response is required.

**ANSWER TO ALLEGATIONS TITLED "STATUE OF LIMITATIONS "**

23.    Answering Paragraph 23 of the TAC, this paragraph sets forth a legal conclusion to which no response is required.

24.    Answering Paragraph 24 of the TAC, this paragraph sets forth a legal conclusion to which no response is required.  The TAC does not contain a claim for malicious prosecution or a "malicious prosecution-related claim."  To the extent a response is deemed required, the allegations of this paragraph are denied.

25.    Answering Paragraph 25 of the TAC, this paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied. Plaintiff's discrimination claims and all allegations relating thereto have been dismissed with prejudice. (Dkt. 128.)

**ANSWER TO ALLEGATIONS TITLED "STATE ACTORS"**

26.    Answering Paragraph 25 of the TAC, Defendants deny that any Defendant was a "co-conspirator with other government officials."   The remainder of this paragraph sets forth legal conclusions to which no response is required.   To the extent a response is deemed required, the allegations of this paragraph are denied.

**ANSWER TO FIRST CLAIM**
42 U.S.C. § 1983 – Deprivation of Federal Civil Rights and Liberties
(Procedural and Substantive Due Process)
[Against Each Individual Defendant in Their Individual Capacities]

27.    Answering paragraph 27 of the TAC, Defendants incorporate by reference their answers to the incorporated paragraphs.

28.    Answering paragraph 28 of the TAC, Plaintiff's claims alleging violations of substantive due process and all allegations relating thereto have been dismissed with prejudice.  (Dkt. 128.)  The

4

remainder of this paragraph sets forth legal conclusions to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

29.    Answering paragraph 29 of the TAC, this paragraph sets forth legal conclusions to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

30.    Answering paragraph 30 of the TAC, Defendants admit that on January 28, 2022, the DISTRICT received an email from the husband of a female former DISTRICT student alleging that PETER COLOMBO, a coach and teacher within the DISTRICT, had raped the student in the locker room of Greene Middle School during the 2001-2002 school year. Defendants deny that any Defendant made any "charge against Plaintiff." Plaintiff's remaining allegations set forth non-factual legal conclusions to which no response is required. To the extent a response is deemed required, those allegations are denied.

31.    Answering paragraph 31 of the TAC, Defendants lack sufficient information and belief to admit or deny the allegations of this paragraph and on that basis deny it.

32.    Answering paragraph 32 of the TAC, Defendants admit that on January 31, 2022, the DISTRICT notified Plaintiff that he was being placed on paid administrative leave effective that date, with the notification letter stating that the leave is "not intended to be disciplinary" and "is intended to avoid any undue disruption at Greene Middle School." Defendants deny the remaining allegations of this paragraph. Plaintiff's claims that he was subject to "constructive termination" and that his "liberty interest in practicing his chosen profession was impaired" have been dismissed with prejudice. (Dkt. 128.)

33.    Answering paragraph 33 of the TAC, Defendants deny the allegations of this paragraph in their entirety.

34.    Answering paragraph 34 of the TAC, Plaintiff's claims alleging violations of substantive due process and discrimination, and all allegations relating thereto, have been dismissed with prejudice. (Dkt. 128.) The remaining allegations in this paragraph set forth legal conclusions to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

***Material facts of the accuser's claim.***

35.    Answering paragraph 35 of the TAC, Defendants admit that on January 28, 2022, the DISTRICT received an email from the husband of a female former DISTRICT student alleging that PETER COLOMBO, a coach and teacher within the DISTRICT, had raped the student in the locker room of Greene Middle School during the 2001-2002 school year.  Defendants admit that on January 31, 2022, the DISTRICT notified Plaintiff that he was being placed on paid administrative leave effective that date, with the notification letter stating that the leave is "not intended to be disciplinary" and "is intended to avoid any undue disruption at Greene Middle School."  Defendants lack sufficient information and belief to admit or deny the remaining allegations in this paragraph and on that basis deny them.

36.    Answering paragraph 36 of the TAC, Defendants admit that on January 28, 2022, the DISTRICT received an email from the husband of a female former DISTRICT student alleging that PETER COLOMBO, a coach and teacher within the DISTRICT, had raped the student in the locker room of Greene Middle School during the 2001-2002 school year.  Defendants lack sufficient information and belief to admit or deny the remaining allegations in this paragraph and on that basis deny them.

### *Plaintiff contested the false allegation levied against him.*

37.    Answering paragraph 37 of the TAC, Defendants lack sufficient information and belief to admit or deny the remaining allegations in this paragraph and on that basis deny them.

38.    Answering paragraph 38 of the TAC, Defendants lack sufficient information and belief to admit or deny the remaining allegations in this paragraph and on that basis deny them.

39.    Answering paragraph 39 of the TAC, Defendants deny that Defendants engaged in any "discriminatory attempt to extort [Plaintiff's] early retirement."  The Court has dismissed with prejudice Plaintiff's discrimination claims against Defendants.  (Dkt. 128.)  Defendants lack sufficient information and belief to admit or deny the remaining allegations in this paragraph and on that basis deny them.

### *Defendants repeatedly publicized the false accusation, creating an impression of guilt.*

40.    Answering paragraph 40 of the TAC, Defendants admit that an article published online by ThePalyVoice at palyvoice.com dated May 15, 2023, contains, in part, the following text: "Austin later said, 'The day the allegations came forward, Mr. Colombo was removed from his teaching position on

1   paid administrative leave, for the protection of students and for the protection of the individual with the

2   allegations against them.'"    Defendants lack sufficient information and belief to admit or deny the

3   remaining allegations in this paragraph and on that basis deny them.

4        43.    Answering paragraph 43 of the TAC, Defendants admit that an article published online by

5   Palo Alto Online at paloaltoonline.com dated February 17, 2023, contains, in part, the following text:

6   "Selecting and retaining the people that work with your children is the most important job that we do in

7   the school district," Austin said. "There's a point to where there's enough of a pattern of behavior where

8   some people should not have that right of working with students."  Defendants admit that on February

9   17, 2023, Plaintiff was on administrative leave from the DISTRICT.    Defendants lack sufficient

10  information and belief to admit or deny the remaining allegations in this paragraph and on that basis deny

11  them.

12       44.    Answering paragraph 44 of the TAC, Defendants admit that an article published online by

13  ThePalyVoice at palyvoice.com dated May 15, 2023, contains, in part, the following text: "According to

14  PAUSD Superintendent Don Austin, longtime middle school teacher Peter Colombo will be investigated

15  by the Palo Alto Unified School District, despite the Santa Clara County district attorney's office

16  announcing plans to drop felony sexual assault charges against him;" "On April 28, 2023, at a press

17  conference sponsored by Paly Voice after the felony sexual assault charges had been dropped, Defendant

18  Austin stated publicly, 'The allegations are no joking matter . . . The allegations are the most serious

19  allegations you can have;'" "Austin said the scope of the district investigation has not been determined

20  yet.  He also declined to speculate on scenarios in which the district might bring Colombo back to work.

21  'We have different standards than the legal system when it comes to what we need to look at,' Austin

22  said.  Defendant Austin then confirmed that the District would be conducting its own investigation and

23  clarified that 'we have different standards than the legal system when it comes to what we need to look

24  at' and stated, 'our attorneys are going to guide us.'"  Defendants lack sufficient information and belief to

25  admit or deny the remaining allegations in this paragraph and on that basis deny them.

26       45.    Answering paragraph 45 of the TAC, Defendants admit that an article published online by

27  Palo Alto Online at paloaltoonline.com dated April 25, 2023, contains, in part, the following text: "The

28  end of Colombo's criminal case isn't the end of an inquiry into the sexual assault allegation against him,

7

however. Austin said the school district will conduct its own investigation of Colombo, having been asked by police to delay the district's investigation while the criminal case was underway. Colombo isn't guaranteed a return to his job. 'The decision to drop the charges doesn't automatically trigger a reinstatement. We will begin our own process,' Austin said. It's too early to say who would perform the investigation, Austin said. 'Typically, we would use an outside investigator on something this big.'" Defendants deny the remaining allegations in this paragraph.

46.    Answering paragraph 46 of the TAC, Defendants deny the allegations of this paragraph in their entirety.

47.    Answering paragraph 47 of the TAC, Defendants admit that an article published online by ThePalyVoice at palyvoice.com dated May 24, 2023, contains, in part, the following text: "Superintendent Don Austin said at the meeting that the district cannot comment on any ongoing cases but that a third-party investigation would begin around June 9. 'The intent of the third party is to look at every part of the system, not to find fault and blame, but to make us better,' Austin said. 'While transparency is important, we must also respect the privacy of those involved including the staff and students.' According to Austin, further speculation on the JLS situation should be kept on hold until the third-party investigation has run its course." Defendants deny the remaining allegations in this paragraph.

48.    Answering paragraph 48 of the TAC, Defendants admit that an article published online by the Stanford Daily at stanforddaily.com on January 31, 2019, contains, in part, the following text: "Citing confidentiality laws, Austin declined to comment on details of the district's handling of the case." Defendants deny the remaining allegations of this paragraph.

49.    Answering paragraph 49 of the TAC, Defendants admit that Defendants properly complied with the California Public Records Act request at all times relevant to Plaintiff's allegations in this matter. Defendants deny the remaining allegations of this paragraph.

50.    Answering paragraph 50 of the TAC, Defendants admit that Defendants properly complied with the California Public Records Act request at all times relevant to Plaintiff's allegations in this matter. Defendants deny the remaining allegations of this paragraph. The Court has dismissed with prejudice Plaintiff's claims and allegations against Defendants pertaining to the "conceal[ment] of

material exculpatory evidence" or Plaintiff being "excluded . . . from practicing his chosen profession through unlawful manipulation of required processes." (Dkt. 128.)

51.    Answering paragraph 51 of the TAC, Defendants admit that an article published online by The Campanile at thecampanile.org on December 1, 2024, contains, in part, the following text: "'In my personal opinion, I think, for the district, the safest precaution would be not to allow a teacher accused of sexual assault to return to teaching until there is a legal case that has proven beyond reasonable doubt that they have not committed a sexual assault,' Chiu said. "But in this case, this is very complicated because the charges were dropped.'" Defendants lack sufficient information and belief to admit or deny the remaining allegations of this paragraph and on that basis deny them.

52.    Answering paragraph 52 of the TAC, Defendants lack sufficient information and belief to admit or deny the allegations of this paragraph and on that basis deny them.

53.    Answering paragraph 53 of the TAC, Defendants admit that an article published online by The Campanile at thecampanile.org on December 1, 2024, contains, in part, the following text: "'I was really surprised,' Srivastava said. 'Obviously, there's a lot of things that were unknown, and later, I believe the school district posted a message about it where all the facts came out, and I think it was really disturbing to hear;' . . . Srivastava said, despite the charges being dropped, he thinks Colombo should not return to teach at the district. 'Honestly, I feel that he shouldn't return, because, yes, the case was 20 years old, and it is hard to gather evidence from so long ago, but any allegations like that are deeply disturbing, especially for a teacher who's job is to work with kids,' Srivastava said." Defendants lack sufficient information and belief to admit or deny the remaining allegations of this paragraph and on that basis deny them.

54.    Answering paragraph 54, of the TAC, Defendants deny the allegations of this paragraph in their entirety.

55.    Answering paragraph 55 of the TAC, Defendants lack sufficient information and belief to admit or deny the allegations of this paragraph and on that basis deny them.

***The wrongful impression of guilt was furthered by Defendants' concealment of evidence and refusal to provide the third-party investigator's complete findings in a comprehensive written decision in violation of 34 CFR § 106.45 subp.(b)(6) and (h), and Board Policies***

56.    Answering paragraph 56 of the TAC, Defendants deny the allegations of this paragraph in

their entirety. The Court has dismissed with prejudice Plaintiff's claims and allegations pertaining to the alleged "concealment" or "suppression" of evidence by Defendants. (Dkt. 128.)

57.    Answering paragraph 57 of the TAC, this paragraph sets forth legal conclusions to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied. Further, the Court has dismissed with prejudice Plaintiff's claims and allegations pertaining to the alleged "concealment" or "suppression" of evidence by Defendants. (Dkt. 128.)

58.    Answering paragraph 58 of the TAC, Defendants admit that the Court in this matter has ruled that the DISTRICT is entitled to sovereign immunity under the Eleventh Amendment. The remaining allegations of this paragraph set forth legal conclusions to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied. Further, the Court has dismissed with prejudice Plaintiff's claims and allegations pertaining to the alleged "concealment" or "suppression" of evidence by Defendants. (Dkt. 128.)

59.    Answering paragraph 59 of the TAC, this paragraph sets forth legal conclusions to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied. Further, the Court has specifically found that 34 CFR §106.45 is insufficient to establish a right to evidence protected by due process. (Dkt. 128.)

60.    Answering paragraph 60 of the TAC, this paragraph sets forth legal conclusions to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied. Further, the Court has dismissed with prejudice Plaintiff's claims and allegations pertaining to the alleged "concealment" or "suppression" of evidence by Defendants. (Dkt. 128.)

61.    Answering paragraph 61 of the TAC, this paragraph sets forth legal conclusions to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

62.    Answering paragraph 62 of the TAC, Defendants admit that Defendant BAHADURSINGH submitted a sworn declaration dated June 18, 2024, providing in relevant part that "On June 15, 2022, following an independent investigation by the Palo Alto Police Department and the Santa Clara County District Attorney's Office, Colombo was arrested, charged with felony aggravated sexual assault of a child, and booked into the Santa Clara County Main Jail." (Dkt. 28-1.) Defendants

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1   deny Plaintiff's allegations pertaining to a "joint District/PAPD Investigation," and the Court's dismissal

2   order further did not "find these facts sufficient to support Plaintiff's allegations that Defendants acted as

3   investigators for PAPD and thus are subject to affirmative criminal evidence obligations." (Dkt. 128.)

4   Defendants lack sufficient information and belief to admit or deny the remaining allegations of this

5   paragraph and on that basis deny them.

6       63.     Answering paragraph 63 of the TAC, Defendants admit that on June 26, 2023, Defendant

7   HICKEY sent a communication to the California Commission on teacher Credentialing ("CTC") which

8   provided in relevant part that the communication was provided in response to a June 13, 2023 inquiry

9   from CTC related to Plaintiff; that Plaintiff was, at that time, on paid administrative leave; that the

10  DISTRICT "intends to conduct [its] own investigation;" and that, because the investigation had not yet

11  been completed, "there is not currently a statement of charges or intent to dismiss/suspend." Defendants

12  deny the remaining allegations of this paragraph in their entirety.

13      64.     Answering paragraph 64 of the TAC, Defendants admit that Defendant

14  BAHADURSINGH submitted a sworn declaration dated June 18, 2024, providing in relevant part that

15  "On June 15, 2022, following an independent investigation by the Palo Alto Police Department

16  ("PAPD") and the Santa Clara County District Attorney's Office, Colombo was arrested, charged with

17  felony aggravated sexual assault of a child, and booked into the Santa Clara County Main Jail." (Dkt.

18  28-1.) Defendants deny Plaintiff's allegations pertaining to a "joint District/PAPD Investigation," and

19  the Court dismissal order further did not "find these facts sufficient to support Plaintiff's allegations that

20  Defendants acted as investigators for PAPD and thus are subject to affirmative criminal evidence

21  obligations." (Dkt. 128.) Defendants lack sufficient information and belief to admit or deny the

22  remaining allegations of this paragraph and on that basis deny them.

23      65.     Answering paragraph 65 of the TAC, Defendants admit that Komey Vishakan

24  communicated with PAPD relating to the allegation against Plaintiff, and that Defendant

25  BAHADURSINGH's duties as Deputy Superintendent, Chief of Staff include oversight of the District's

26  Department of Legal Services. No response is required to the remaining allegations in this paragraph

27  which set forth legal conclusions. To the extent to which a response to these allegations is deemed

28  required, the remaining allegations of this paragraph are denied.

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

66.    Answering paragraph 66 of the TAC, Defendants lack sufficient information and belief to admit or deny these allegations and on that basis deny them.

67.    Answering paragraph 67 of the TAC, Defendants admit that Plaintiff was arrested on June 16, 2022.  Defendants lack sufficient information and belief to admit or deny the remaining allegations in this paragraph and on that basis deny them.  Further, the Court has dismissed with prejudice Plaintiff's claims and allegations based on the "concealment" or "suppression" of evidence by Defendants.  (Dkt. 128.)

**Concealed Work Assignments**

68.    Answering paragraph 68 of the TAC, Defendants admit that on or about January 28, 2022, the DISTRICT received an email from the husband of a female former DISTRICT student alleging that PETER COLOMBO, a coach and teacher within the DISTRICT, had raped the student in the locker room of Greene Middle School during the 2001-2002 school year.  Defendants deny the remaining allegations in this paragraph.  Further, the Court dismissed with prejudice Plaintiff's claims predicated on his allegations that Defendants engaged in "concealment" or "suppression" of evidence.  (Dkt. 128.)

69.    Answering paragraph 69 of the TAC, Defendants lack sufficient information and belief to admit or deny these allegations and on that basis deny them.  Further, the Court dismissed with prejudice Plaintiff's claims predicated on his allegations that Defendants engaged in "concealment" or "suppression" of evidence.  (Dkt. 128.)

70.    Answering paragraph 70 of the TAC, Defendants lack sufficient information and belief to admit or deny these allegations and on that basis deny them.  Further, the Court dismissed with prejudice Plaintiff's claims predicated on his allegations that Defendants engaged in "concealment" or "suppression" of evidence.  (Dkt. 128.)

71.    Answering paragraph 71 of the TAC, this paragraph sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, these allegations are denied.  Defendants lack sufficient information and belief to admit or deny the remaining allegations in this paragraph and on that basis deny them.  Further, the Court dismissed with prejudice Plaintiff's claims predicated on his allegations that Defendants engaged in "concealment" or "suppression" of evidence.  (Dkt. 128.)

72.    Answering paragraph 72 of the TAC, Defendants lack sufficient information and belief to admit or deny the allegations of this paragraph and on that basis deny them.

73.    Answering paragraph 73 of the TAC, Defendants deny the allegations of this paragraph in their entirety.  Further, the Court dismissed with prejudice Plaintiff's claims predicated on his allegations that Defendants engaged in "concealment" or "suppression" of evidence.  (Dkt. 128.)

74.    Answering paragraph 74 of the TAC, Defendants admit that a preliminary hearing was held in Plaintiff's criminal case on March 21, 2023.  Defendants deny the remaining allegations in this paragraph.  Further, the Court dismissed with prejudice Plaintiff's claims predicated on his allegations that Defendants engaged in "concealment" or "suppression" of evidence.  (Dkt. 128.)

**Concealment of Testimony from Three Material Witnesses**

75.    Answering paragraph 75 of the TAC, this paragraph sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, these allegations are denied.  Further, the Court dismissed with prejudice Plaintiff's claims predicated on his allegations that Defendants engaged in "concealment" or "suppression" of evidence.  (Dkt. 128.)

76.    Answering paragraph 76 of the TAC, to the extent that this paragraph sets forth legal conclusions, no response is required.  To the extent a response is deemed required, these allegations are denied.  Defendants lack sufficient information or belief to admit or deny the remaining allegations of this paragraph and on that basis deny them.  Further, the Court dismissed with prejudice Plaintiff's claims predicated on his allegations that Defendants engaged in "concealment" or "suppression" of evidence.  (Dkt. 128.)

77.    Answering paragraph 77 of the TAC, to the extent that this paragraph sets forth legal conclusions, no response is required.  To the extent a response is deemed required, these allegations are denied.  Defendants lack sufficient information or belief to admit or deny the remaining allegations of this paragraph and on that basis deny them.

78.    Answering paragraph 78 of the TAC, Defendants lack sufficient information or belief to admit or deny the remaining allegations of this paragraph and on that basis deny them.

**Concealment of the accuser's 6th grade report card**

79.    Answering paragraph 79 of the TAC, this paragraph sets forth legal conclusions to which

13

no response is required.  To the extent a response is deemed required, these allegations are denied.  Further, the Court dismissed with prejudice Plaintiff's claims predicated on his allegations that Defendants engaged in "concealment" or "suppression" of evidence.  (Dkt. 128.)

80.     Answering paragraph 80 of the TAC, to the extent that this paragraph sets forth legal conclusions, no response is required.  To the extent a response is deemed required, these allegations are denied.  Defendants lack sufficient information or belief to admit or deny the remaining allegations of this paragraph and on that basis deny them.  Further, the Court dismissed with prejudice Plaintiff's claims predicated on his allegations that Defendants engaged in "concealment" or "suppression" of evidence.  (Dkt. 128.)

81.     Answering paragraph 81 of the TAC, Defendants admit that correspondence from Yolanda Franco-Clausen to Komey Vishakan dated March 16, 2022, contains the statement "I wanted to thank you again for the information the other day."  Defendants deny that any "communications [from Detective Clausen] for the time period between 02/11/2022 and 03/16/2022" have been withheld from discovery in this matter.  Defendants deny the remaining allegations in this paragraph.

82.     Answering paragraph 82 of the TAC, Defendants lack sufficient information and belief to admit or deny the allegations in this paragraph and on that basis deny them.

83.     Answering paragraph 83 of the TAC, Defendants deny the allegations of this paragraph in their entirety.  Further, the Court dismissed with prejudice Plaintiff's claims predicated on his allegations that Defendants engaged in "concealment" or "suppression" of evidence.  (Dkt. 128.)

84.     Answering paragraph 84 of the TAC, Defendants admit that the DISTRICT's records databases include the records of students who attended DISTRICT schools "from the early 1900s to present;" that student grade reports are included among the student records maintained by the DISTRICT; that the DISTRICT's records databases include electronic databases which contain scanned materials, including grade reports, where available; and that records within the DISTRICT's databases are made available upon receipt of an authorized request.  The DISTRICT's retention policies for student records are contained within A.R. 5125 and B.P. 5125.  Defendants lack sufficient information and belief to admit or deny the remaining allegations in this paragraph and on that basis deny them.

85.     Answering paragraph 85 of the TAC, Defendants lack sufficient information and belief to

admit or deny the allegations in this paragraph and on that basis deny them. Further, the Court dismissed with prejudice Plaintiff's claims predicated on his allegations that Defendants engaged in "concealment" or "suppression" of evidence. (Dkt. 128.)

86.     Answering paragraph 86 of the TAC, Defendants admit that on June 27, 2022, TRENT BAHADURSINGH directed correspondence to Yolanda Franco-Clausen to which he attached a copy of the accuser's student records in the DISTRICT's possession. Defendants deny Plaintiff's allegations that any evidence was improperly concealed, and the Court dismissed with prejudice Plaintiff's claims predicated on his allegations that Defendants engaged in "concealment" or "suppression" of evidence. (Dkt. 128.)

87.     Answering paragraph 87 of the TAC, this paragraph contains contentions which are not relevant to any of Plaintiff's surviving claims in this matter and to which no response is thereby required. Further, the Court dismissed with prejudice Plaintiff's claims predicated on his allegations that Defendants engaged in "concealment" or "suppression" of evidence. (Dkt. 128.)

88.     Answering paragraph 88 of the TAC, Defendants deny the allegation that "nothing has been provided to show that anyone conducted or requested a proper search for the accuser's 6th grade student file." The allegations in this paragraph are not relevant to any of Plaintiff's surviving claims in this matter and no response is thereby required. Further, the Court dismissed with prejudice Plaintiff's claims predicated on his allegations that Defendants engaged in "concealment" or "suppression" of evidence. (Dkt. 128.)

89.     Answering paragraph 89 of the TAC, Defendants deny that Defendant BAHADURSINGH "also reportedly claimed grade reports are not included in student records retained pursuant to the District's records retention policy." Defendants lack sufficient information or belief to admit or deny the remaining allegations of this paragraph and on that basis deny them. Further, the Court dismissed with prejudice Plaintiff's claims predicated on his allegations that Defendants engaged in "concealment" or "suppression" of evidence. (Dkt. 128.)

90.     Answering paragraph 90 of the TAC, to the extent that the allegations in this paragraph sets forth legal conclusions, no response to those allegations is required. To the extent a response is deemed required, these allegations are denied. Defendants deny the remaining allegations of this

15

1    paragraph in their entirety.  Further, the Court dismissed with prejudice Plaintiff's claims predicated on

2    his allegations that Defendants engaged in "concealment" or "suppression" of evidence.  (Dkt. 128.)

3          91.    Answering paragraph 91 of the TAC, Defendants lack sufficient information and belief to

4    admit or deny the allegations in this paragraph and on that basis deny them.

5          92.    Answering  paragraph  92  of  the  TAC,  Defendants  admit  that  Defendant

6    BAHADURSINGH's duties as Deputy Superintendent, Chief of Staff include oversight of the District's

7    Departments of Legal Services, Title IX, and Records.  Defendants deny the remaining allegations of this

8    paragraph in their entirety.

9          93.    Answering paragraph 93 of the TAC, Defendants deny the allegations of this paragraph in

10   their entirety.  Further, the Court dismissed with prejudice Plaintiff's claims predicated on his allegations

11   that Defendants engaged in "concealment" or "suppression" of evidence.  (Dkt. 128.)

12         94.    Answering paragraph 94 of the TAC, Defendants deny the allegations of this paragraph in

13   their entirety.  Further, the Court dismissed with prejudice Plaintiff's claims predicated on his allegations

14   that Defendants engaged in "concealment" or "suppression" of evidence.  (Dkt. 128.)

15         95.    Answering paragraph 95 of the TAC, Defendants deny the allegations of this paragraph in

16   their entirety and specifically deny that Defendant AUSTIN had any affirmative obligations with respect

17   to the PAPD and District Attorneys' conduct of their independent criminal investigation. Further, the

18   Court dismissed with prejudice Plaintiff's claims predicated on his allegations that Defendants engaged

19   in "concealment" or "suppression" of evidence.  (Dkt. 128.)

20   **Mr. Colombo was deprived procedural due process providing him a reasonable opportunity to**
**clear his name where his liberty and property interests were impacted.**

21

22         96.    Responding to the allegations in paragraph 96 of the TAC, this paragraph sets forth legal

23   conclusions to which no response is required.  To the extent a response is deemed required, these

24   allegations are denied.

25         97.    Responding to the allegations in paragraph 97 of the TAC, Defendants deny these

26   allegations in their entirety.

27         98.    Responding to the allegations in paragraph 98 of the TAC, Defendants deny these

28   allegations in their entirety.

99.    Responding to the allegations in paragraph 99 of the TAC, this paragraph sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, these allegations are denied.

100.    Responding to the allegations in paragraph 100 of the TAC, Defendants deny these allegations in their entirety.

***Destroyed liberty interest to work in chosen profession of credentialed PE teacher.***

101.    Responding to the allegations in paragraph 101 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to the deprivation of a constitutional liberty interest "to work in [Plaintiff's] chosen profession," and no response to these allegations is required accordingly.  (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

102.    Responding to the allegations in paragraph 102 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to the deprivation of a constitutional liberty interest "to work in [Plaintiff's] chosen profession," and no response to these allegations is required accordingly.  (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

103.    Responding to the allegations in paragraph 103 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to the deprivation of a constitutional liberty interest "to work in [Plaintiff's] chosen profession," and no response to these allegations is required accordingly.  (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

104.    Responding to the allegations in paragraph 104 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to the deprivation of a constitutional liberty interest "to work in [Plaintiff's] chosen profession," and no response to these allegations is required accordingly.  (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

105.    Responding to the allegations in paragraph 105 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to the deprivation of a constitutional liberty interest "to work in [Plaintiff's] chosen profession," and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

106.    Responding to the allegations in paragraph 106 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to the deprivation of a constitutional liberty interest "to work in

1  [Plaintiff's] chosen profession," and no response to these allegations is required accordingly. (Dkt. 128.)

2  To the extent a response is deemed required, these allegations are denied.

3      107.    Responding to the allegations in paragraph 107 of the TAC, the Court has dismissed with

4  prejudice Plaintiff's claims pertaining to the deprivation of a constitutional liberty interest "to work in

5  [Plaintiff's] chosen profession," and no response to these allegations is required accordingly. (Dkt. 128.)

6  To the extent a response is deemed required, these allegations are denied.

7      108.    Responding to the allegations in paragraph 108 of the TAC, the Court has dismissed with

8  prejudice Plaintiff's claims pertaining to the deprivation of a constitutional liberty interest "to work in

9  [Plaintiff's] chosen profession," and no response to these allegations is required accordingly. (Dkt. 128.)

10  To the extent a response is deemed required, these allegations are denied.

11      109.    Responding to the allegations in paragraph 109 of the TAC, the Court has dismissed with

12  prejudice Plaintiff's claims pertaining to the deprivation of a constitutional liberty interest "to work in

13  [Plaintiff's] chosen profession," and no response to these allegations is required accordingly. (Dkt. 128.)

14  To the extent a response is deemed required, these allegations are denied.

15      110.    Responding to the allegations in paragraph 110 of the TAC, the Court has dismissed with

16  prejudice Plaintiff's claims pertaining to the deprivation of a constitutional liberty interest "to work in

17  [Plaintiff's] chosen profession," and no response to these allegations is required accordingly. (Dkt. 128.)

18  To the extent a response is deemed required, these allegations are denied.

19      111.    Responding to the allegations in paragraph 111 of the TAC, the Court has dismissed with

20  prejudice Plaintiff's claims pertaining to the deprivation of a constitutional liberty interest "to work in

21  [Plaintiff's] chosen profession," and no response to these allegations is required accordingly. (Dkt. 128.)

22  To the extent a response is deemed required, these allegations are denied.

23      112.    Responding to the allegations in paragraph 112 of the TAC, the Court has dismissed with

24  prejudice Plaintiff's claims pertaining to the deprivation of a constitutional liberty interest "to work in

25  [Plaintiff's] chosen profession," and no response to these allegations is required accordingly. (Dkt. 128.)

26  To the extent a response is deemed required, these allegations are denied.

27      113.    Responding to the allegations in paragraph 113 of the TAC, the Court has dismissed with

28  prejudice Plaintiff's claims pertaining to the deprivation of a constitutional liberty interest "to work in

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

1    [Plaintiff's] chosen profession," and no response to these allegations is required accordingly.  (Dkt. 128.)

2    To the extent a response is deemed required, these allegations are denied.

3            114.    Responding to the allegations in paragraph 114 of the TAC, the Court has dismissed with

4    prejudice Plaintiff's claims pertaining to the deprivation of a constitutional liberty interest "to work in

5    [Plaintiff's] chosen profession," and no response to these allegations is required accordingly.  (Dkt. 128.)

6    To the extent a response is deemed required, these allegations are denied.

7            115.    Responding to the allegations in paragraph 115 of the TAC, the Court has dismissed with

8    prejudice Plaintiff's claims pertaining to the deprivation of a constitutional liberty interest "to work in

9    [Plaintiff's] chosen profession," and no response to these allegations is required accordingly.  (Dkt. 128.)

10   To the extent a response is deemed required, these allegations are denied.

11           ***No available employment options in his profession exist for him outside of the District.***

12           116.    Responding to the allegations in paragraph 116 of the TAC, the Court has dismissed with

13   prejudice Plaintiff's claims pertaining to the deprivation of a constitutional liberty interest "to work in

14   [Plaintiff's] chosen profession," and no response to these allegations is required accordingly.  (Dkt. 128.)

15   To the extent a response is deemed required, these allegations are denied.

16           117.    Responding to the allegations in paragraph 117 of the TAC, the Court has dismissed with

17   prejudice Plaintiff's claims pertaining to the deprivation of a constitutional liberty interest "to work in

18   [Plaintiff's] chosen profession," and no response to these allegations is required accordingly.  (Dkt. 128.)

19   To the extent a response is deemed required, these allegations are denied.

20           118.    Responding to the allegations in paragraph 118 of the TAC, the Court has dismissed with

21   prejudice Plaintiff's claims pertaining to the deprivation of a constitutional liberty interest "to work in

22   [Plaintiff's] chosen profession," and no response to these allegations is required accordingly.  (Dkt. 128.)

23   To the extent a response is deemed required, these allegations are denied.

24           ***Unlawful "taking" of Plaintiff's state-defined property interests.***

25           119.    Responding to the allegations in paragraph 119 of the TAC, this paragraph sets forth legal

26   conclusions to which no response is required.  To the extent a response is deemed required, these

27   allegations are denied.

28           120.    Responding to the allegations in paragraph 120 of the TAC, this paragraph sets forth legal

19

1    conclusions to which no response is required.  To the extent a response is deemed required, these

2    allegations are denied.

3        121.    Responding to the allegations in paragraph 121 of the TAC, this paragraph sets forth legal

4    conclusions to which no response is required.  To the extent a response is deemed required, these

5    allegations are denied.  Further, the Court has dismissed with prejudice Plaintiff's claims and allegations

6    relating to his contention that he has been subject to a "constructive discharge."  (Dkt. 128.)

7        122.    Responding to the allegations in paragraph 122 of the TAC, this paragraph sets forth legal

8    conclusions to which no response is required.  To the extent a response is deemed required, these

9    allegations are denied.  Further, the Court has dismissed with prejudice Plaintiff's claims and allegations

10   relating to his contention that he has been subject to a "constructive discharge" based on a breach of his

11   employment contract.  (Dkt. 128.)  Defendants lack sufficient information to admit or deny the remaining

12   allegations in this paragraph and on that basis deny them.

13       123.    Responding to the allegations in Paragraph 123 of the TAC, this paragraph sets forth legal

14   conclusions to which no response is required.  To the extent a response is deemed required, these

15   allegations are denied.  Further, the Court has dismissed with prejudice Plaintiff's claims and allegations

16   relating to his contention that California Education Code §44955 "guarantees him a PE teaching position

17   at the District ahead of all PE teachers with less seniority."  (Dkt. 128.)  Defendants deny the remaining

18   allegations of this paragraph.

19       124.    Responding to the allegations in paragraph 124 of the TAC, Defendants deny the

20   allegations in this paragraph in their entirety.

21       125.    Responding to the allegations in Paragraph 125 of the TAC, this paragraph sets forth

22   legal conclusions to which no response is required.  To the extent a response is deemed required, these

23   allegations are denied.  Further, the Court has dismissed with prejudice Plaintiff's claims and allegations

24   relating to his contention that any employment he could secure outside of the DISTRICT would

25   negatively impact his seniority and salary, finding these allegations "inadequate to allege a liberty

26   interest."  (Dkt. 128.)  Defendants lack sufficient information to admit or deny the remaining allegations

27   of this paragraph and on that basis deny them.

28   **Substantive due process was violated and continues to be violated.**

126.    Responding to the allegations in paragraph 126 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to the alleged deprivation of substantive due process and no response to these allegations is required accordingly.  (Dkt. 128.)  To the extent a response is deemed required, these allegations are denied.

**ANSWER TO SECOND CLAIM**
Discrimination Under Title VII
Title 42 of the United States Code, Sections 2000e *et seq.*
[Against Defendant District Only]

127.    Answering paragraph 127 of the TAC, Defendants incorporate by reference their answers to the incorporated paragraphs

128.    Responding to the allegations in paragraph 128 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these allegations is required accordingly.  (Dkt. 128.)  To the extent a response is deemed required, these allegations are denied.

129.    Responding to the allegations in paragraph 129 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these allegations is required accordingly.  (Dkt. 128.)  To the extent a response is deemed required, these allegations are denied.

130.    Responding to the allegations in paragraph 130 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these allegations is required accordingly.  (Dkt. 128.)  To the extent a response is deemed required, these allegations are denied.

131.    Responding to the allegations in paragraph 131 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these allegations is required accordingly.  (Dkt. 128.)  To the extent a response is deemed required, these allegations are denied.

132.    Responding to the allegations in paragraph 132 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these allegations is required accordingly.  (Dkt. 128.)  To the extent a response is deemed required, these

allegations are denied.

133.    Responding to the allegations in paragraph 133 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these allegations is required accordingly.  (Dkt. 128.)  To the extent a response is deemed required, these allegations are denied.

134.    Responding to the allegations in paragraph 134 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these allegations is required accordingly.  (Dkt. 128.)  To the extent a response is deemed required, these allegations are denied.

135.    Responding to the allegations in paragraph 135 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these allegations is required accordingly.  (Dkt. 128.)  To the extent a response is deemed required, these allegations are denied.

136.    Responding to the allegations in paragraph 136 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these allegations is required accordingly.  (Dkt. 128.)  To the extent a response is deemed required, these allegations are denied.

137.    Responding to the allegations in paragraph 137 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these allegations is required accordingly.  (Dkt. 128.)  To the extent a response is deemed required, these allegations are denied.

138.    Responding to the allegations in paragraph 138 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these allegations is required accordingly.  (Dkt. 128.)  To the extent a response is deemed required, these allegations are denied.

139.    Responding to the allegations in paragraph 139 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these allegations is required accordingly.  (Dkt. 128.)  To the extent a response is deemed required, these

1   allegations are denied.

2       140.    Responding to the allegations in paragraph 140 of the TAC, the Court has dismissed with

3   prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these

4   allegations is required accordingly.  (Dkt. 128.)  To the extent a response is deemed required, these

5   allegations are denied.

6       141.    Responding to the allegations in paragraph 141 of the TAC, the Court has dismissed with

7   prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these

8   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these

9   allegations are denied.

10      142.    Responding to the allegations in paragraph 142 of the TAC, the Court has dismissed with

11  prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these

12  allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these

13  allegations are denied.

14      143.    Responding to the allegations in paragraph 143 of the TAC, the Court has dismissed with

15  prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these

16  allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these

17  allegations are denied.

18      144.    Responding to the allegations in paragraph 144 of the TAC, the Court has dismissed with

19  prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these

20  allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these

21  allegations are denied.

22      145.    Responding to the allegations in paragraph 145 of the TAC, the Court has dismissed with

23  prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these

24  allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these

25  allegations are denied.

26      146.    Responding to the allegations in paragraph 146 of the TAC, the Court has dismissed with

27  prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these

28  allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these

allegations are denied.

147.    Responding to the allegations in paragraph 147 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title VII, and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

*Retaliation*

148.    Responding to the allegations in paragraph 148 of the TAC, this paragraph sets forth legal conclusions to which no response is required. To the extent a response is deemed required, these allegations are denied.

149.    Responding to the allegations in paragraph 149 of the TAC, Defendants deny these allegations in their entirety.

150.    Responding to the allegations in paragraph 150 of the TAC, Defendants deny these allegations in their entirety.

151.    Responding to the allegations in paragraph 151 of the TAC, Defendants deny these allegations in their entirety.

152.    Responding to the allegations in paragraph 152 of the TAC, Defendants deny these allegations in their entirety.

153.    Responding to the allegations in paragraph 153 of the TAC, Defendants deny these allegations in their entirety.

154.    Responding to the allegations in paragraph 154 of the TAC, this paragraph sets forth legal conclusions to which no response is required. To the extent a response is deemed required, these allegations are denied.

155.    Responding to the allegations in paragraph 155 of the TAC, Defendants admit that Plaintiff filed the original complaint in this lawsuit on February 15, 2024. Defendants otherwise deny the remaining allegations in this paragraph in their entirety.

156.    Responding to the allegations in paragraph 156 of the TAC, Defendants deny these allegations in their entirety.

157.    Responding to the allegations in paragraph 157 of the TAC, this paragraph sets forth legal

1    conclusions to which no response is required. To the extent a response is deemed required, these

2    allegations are denied.

3        158.    Responding to the allegations in paragraph 158 of the TAC, Defendants deny these

4    allegations in their entirety.

5                            **ANSWER TO THIRD CLAIM**
                            Discrimination under FEHA
6                      California Government Code §§ 12900 *et seq*
                          [Against Defendant District Only]
7

8        159.    Answering paragraph 159 of the TAC, Defendants incorporate by reference their answers

9    to the incorporated paragraphs.

10       160.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with

11   prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations

12   is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are

13   denied.

14       161.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with

15   prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations

16   is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are

17   denied.

18       162.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with

19   prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations

20   is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are

21   denied.

22       163.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with

23   prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations

24   is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are

25   denied.

26       164.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with

27   prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations

28   is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are

1    denied.

2        165.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with

3    prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations

4    is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are

5    denied.

6        166.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with

7    prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations

8    is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are

9    denied.

10        167.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with

11    prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations

12    is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are

13    denied.

14        168.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with

15    prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations

16    is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are

17    denied.

18        169.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with

19    prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations

20    is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are

21    denied.

22        170.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with

23    prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations

24    is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are

25    denied.

26        171.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with

27    prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations

28    is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are

1    denied.

2        172.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with

3    prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations

4    is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are

5    denied.

6        173.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with

7    prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations

8    is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are

9    denied.

10       174.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with

11   prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations

12   is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are

13   denied.

14       175.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with

15   prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations

16   is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are

17   denied.

18       176.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with

19   prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations

20   is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are

21   denied.

22       177.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with

23   prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations

24   is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are

25   denied.

26       178.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with

27   prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations

28   is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

denied.

179.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

180.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

181.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

182.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

183.    Responding to the allegations in paragraph 160 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under FEHA and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

***Retaliation***

184.    Responding to the allegations in paragraph 184 of the TAC, this paragraph sets forth legal conclusions to which no response is required. To the extent a response is deemed required, these allegations are denied.

185.    Responding to the allegations in paragraph 185 of the TAC, Defendants deny these allegations in their entirety.

186.    Responding to the allegations in paragraph 186 of the TAC, Defendants deny these

28

allegations in their entirety.

187.    Responding to the allegations in paragraph 187 of the TAC, Defendants deny these allegations in their entirety.

188.    Responding to the allegations in paragraph 188 of the TAC, Defendants deny these allegations in their entirety.

189.    Responding to the allegations in paragraph 189 of the TAC, this paragraph sets forth legal conclusions to which no response is required. To the extent a response is deemed required, these allegations are denied.

190.    Responding to the allegations in paragraph 190 of the TAC, Defendants admit that Plaintiff filed the original complaint in this lawsuit on February 15, 2024. Defendants otherwise deny the remaining allegations in this paragraph in their entirety.

191.    Responding to the allegations in paragraph 191of the TAC, Defendants deny these allegations in their entirety.

192.    Responding to the allegations in paragraph 192 of the TAC, this paragraph sets forth legal conclusions to which no response is required. To the extent a response is deemed required, these allegations are denied.

193.    Responding to the allegations in paragraph 193 of the TAC, Defendants deny these allegations in their entirety.

### ANSWER TO FOURTH CLAIM
Discrimination Under Title IX
Title 20 of the United States Code, Section 1681 *et seq.*
[Against Defendant District Only]

194.    Answering paragraph 194 of the TAC, Defendants incorporate by reference their answers to the incorporated paragraphs.

195.    Responding to the allegations in paragraph 195 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

196.    Responding to the allegations in paragraph 196 of the TAC, the Court has dismissed with

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

1    prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
2    allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
3    allegations are denied.

4    197.    Responding to the allegations in paragraph 197 of the TAC, the Court has dismissed with
5    prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
6    allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
7    allegations are denied.

8    ***Procedural irregularities all going against Mr. Colombo***

9    198.    Responding to the allegations in paragraph 198 of the TAC, the Court has dismissed with
10   prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
11   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
12   allegations are denied.

13   199.    Responding to the allegations in paragraph 199 of the TAC, the Court has dismissed with
14   prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
15   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
16   allegations are denied.

17   200.    Responding to the allegations in paragraph 200 of the TAC, the Court has dismissed with
18   prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
19   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
20   allegations are denied.

21   201.    Responding to the allegations in paragraph 201 of the TAC, the Court has dismissed with
22   prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
23   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
24   allegations are denied.

25   ***A Title IX Investigation was Required***

26   202.    Responding to the allegations in paragraph 202 of the TAC, the Court has dismissed with
27   prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
28   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

allegations are denied.

203.    Responding to the allegations in paragraph 203 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

204.    Responding to the allegations in paragraph 204 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

205.    Responding to the allegations in paragraph 205 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

***Absent the mandatory Title IX process, a similar UCP investigation was still required.***

206.    Responding to the allegations in paragraph 206 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

207.    Responding to the allegations in paragraph 207 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

***The District/PAPD Investigation cannot legally replace or impede the Title IX process.***

208.    Responding to the allegations in paragraph 208 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

209.    Responding to the allegations in paragraph 209 of the TAC, the Court has dismissed with

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

1    prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
2    allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
3    allegations are denied.

4           210.    Responding to the allegations in paragraph 210 of the TAC, the Court has dismissed with
5    prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
6    allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
7    allegations are denied.

8           211.    Responding to the allegations in paragraph 211 of the TAC, the Court has dismissed with
9    prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
10   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
11   allegations are denied.

12          212.    Responding to the allegations in paragraph 212 of the TAC, the Court has dismissed with
13   prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
14   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
15   allegations are denied.

16          213.    Responding to the allegations in paragraph 213 of the TAC, the Court has dismissed with
17   prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
18   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
19   allegations are denied.

20          214.    Responding to the allegations in paragraph 214 of the TAC, the Court has dismissed with
21   prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
22   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
23   allegations are denied.

24          215.    Responding to the allegations in paragraph 215 of the TAC, the Court has dismissed with
25   prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
26   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
27   allegations are denied.

28          216.    Responding to the allegations in paragraph 216 of the TAC, the Court has dismissed with

1    prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
2    allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
3    allegations are denied.

4        217.    Responding to the allegations in paragraph 217 of the TAC, the Court has dismissed with
5    prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
6    allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
7    allegations are denied.

8        218.    Responding to the allegations in paragraph 218 of the TAC, the Court has dismissed with
9    prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
10   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
11   allegations are denied.

12   ***The District failed to oversee and correct the mishandling of Mr. Colombo's situation***

13       219.    Responding to the allegations in paragraph 219 of the TAC, the Court has dismissed with
14   prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
15   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
16   allegations are denied.

17       220.    Responding to the allegations in paragraph 220 of the TAC, the Court has dismissed with
18   prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
19   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
20   allegations are denied.

21       221.    Responding to the allegations in paragraph 221 of the TAC, the Court has dismissed with
22   prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
23   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
24   allegations are denied.

25       222.    Responding to the allegations in paragraph 222 of the TAC, the Court has dismissed with
26   prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these
27   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these
28   allegations are denied.

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

223.    Responding to the allegations in paragraph 223 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

224.    Responding to the allegations in paragraph 224 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

225.    Responding to the allegations in paragraph 225 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

226.    Responding to the allegations in paragraph 226 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

227.    Responding to the allegations in paragraph 227 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

***External forces and implicit biases***

228.    Responding to the allegations in paragraph 228 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these allegations are denied.

229.    Responding to the allegations in paragraph 229 of the TAC, the Court has dismissed with prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these

1    allegations are denied.

2        230.    Responding to the allegations in paragraph 230 of the TAC, the Court has dismissed with

3    prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these

4    allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these

5    allegations are denied.

6        231.    Responding to the allegations in paragraph 231 of the TAC, the Court has dismissed with

7    prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these

8    allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these

9    allegations are denied.

10       232.    Responding to the allegations in paragraph 232 of the TAC, the Court has dismissed with

11   prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these

12   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these

13   allegations are denied.

14       233.    Responding to the allegations in paragraph 233 of the TAC, the Court has dismissed with

15   prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these

16   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these

17   allegations are denied.

18       234.    Responding to the allegations in paragraph 234 of the TAC, the Court has dismissed with

19   prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these

20   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these

21   allegations are denied.

22       235.    Responding to the allegations in paragraph 235 of the TAC, the Court has dismissed with

23   prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these

24   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these

25   allegations are denied.

26       236.    Responding to the allegations in paragraph 236 of the TAC, the Court has dismissed with

27   prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these

28   allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these

35

1    allegations are denied.

2        237.    Responding to the allegations in paragraph 237 of the TAC, the Court has dismissed with

3    prejudice Plaintiff's claims pertaining to discrimination under Title IX and no response to these

4    allegations is required accordingly. (Dkt. 128.) To the extent a response is deemed required, these

5    allegations are denied.

6    ***Retaliation***

7        238.    Responding to the allegations in paragraph 238 of the TAC, this paragraph sets forth legal

8    conclusions to which no response is required. To the extent a response is deemed required, these

9    allegations are denied.

10        239.    Responding to the allegations in paragraph 239 of the TAC, Defendants deny these

11    allegations in their entirety.

12        240.    Responding to the allegations in paragraph 240 of the TAC, Defendants deny these

13    allegations in their entirety.

14        241.    Responding to the allegations in paragraph 241 of the TAC, Defendants deny these

15    allegations in their entirety.

16        242.    Responding to the allegations in paragraph 242 of the TAC, Defendants deny these

17    allegations in their entirety.

18        243.    Responding to the allegations in paragraph 243 of the TAC, Defendants deny these

19    allegations in their entirety.

20        244.    Responding to the allegations in paragraph 244 of the TAC, this paragraph sets forth legal

21    conclusions to which no response is required. To the extent a response is deemed required, these

22    allegations are denied.

23        245.    Responding to the allegations in paragraph 245 of the TAC, Defendants admit that

24    Plaintiff filed the original complaint in this lawsuit on February 15, 2024. Defendants otherwise deny the

25    remaining allegations in this paragraph in their entirety.

26        246.    Responding to the allegations in paragraph 246 of the TAC, Defendants deny these

27    allegations in their entirety.

28        247.    Responding to the allegations in paragraph 247 of the TAC, this paragraph sets forth legal

36

1  conclusions to which no response is required. To the extent a response is deemed required, these
2  allegations are denied.

3       248.   Responding to the allegations in paragraph 248 of the TAC, Defendants deny these
4  allegations in their entirety.

5  **ANSWER TO PRAYER FOR RELIEF**

6       Responding to the allegations in the TAC titled "PRAYER FOR RELIEF," at Dkt. 113 61:8-17,
7  the allegations set forth therein are non-factual legal conclusions and prayers for relief to which no
8  response is required. To the extent a response is deemed required, these allegations are denied.

9  **ANSWER TO ALLEGATIONS TITLED "REQUEST FOR JURY TRIAL"**

10       Responding to the allegations in the TAC titled "REQUEST FOR JURY TRIAL," this paragraph
11  demands a jury trial and Defendants provide no response to this paragraph.

12  **AFFIRMATIVE DEFENSES**

13       Defendants further assert each of the following as separate and distinct affirmative defenses to
14  Plaintiff's TAC.

15  FIRST AFFIRMATIVE DEFENSE

16       Plaintiff's Third Amended Complaint, and each cause of action therein, fails to state facts
17  sufficient to constitute a cause of action against Defendants.

18  SECOND AFFIRMATIVE DEFENSE

19       Plaintiff's alleged injuries and damages are barred to the extent that they exceed the scope of his
20  public entity claim(s) or administrative complaints filed with the DISTRICT or any third-party agencies,
21  inclusive of the Equal Employment Opportunity Commission and/or DFEH.

22  THIRD AFFIRMATIVE DEFENSE

23       The employees, officers and agents of the DISTRICT and all Defendants named herein were at all
24  times material hereto acting with both subjective and objective good faith, without malice, and
25  reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities, such
26  that any claim for relief that Plaintiff may have is barred by law.

27  FOURTH AFFIRMATIVE DEFENSE

28       Plaintiff voluntarily consented to and participated in the acts complained of, and/or he failed to

1   mitigate his damages, and said failure on his part proximately contributed to the events and damages

2   alleged in the Third Amended Complaint.

3                              FIFTH AFFIRMATIVE DEFENSE

4          Plaintiff's claims are barred by the doctrines of laches, estoppel, unclean hands and waiver, and

5   by all applicable federal and state statutes of limitation and relevant statutory filing requirements and

6   time limitations.

7                              SIXTH AFFIRMATIVE DEFENSE

8          Plaintiff himself was careless and negligent in and about the matters alleged in said Third

9   Amended Complaint and said carelessness and negligence on his part proximately and concurrently

10  contributed to his injuries and damages, if any there were.

11                            SEVENTH AFFIRMATIVE DEFENSE

12         The damages allegedly sustained by Plaintiff were caused or contributed to by the intentional or

13  negligent acts and/or omissions of persons or entities other than the Defendants, including Plaintiff

14  himself.  In the event that any fault of the Defendants is found to have contributed to any such damages,

15  Plaintiff's recovery, if any, from the Defendants is limited to that percentage of Plaintiff's damages equal

16  to the percentage by which the Defendants' fault contributed to said damages.

17                             EIGHTH AFFIRMATIVE DEFENSE

18         Plaintiff's Third Amended Complaint is barred by all applicable statutes of limitation and relevant

19  statutory filing requirements and time limitations, including all requirements for claims filed against

20  public entities such as the DISTRICT, as well as California Government Code Sections 945.4 and 945.6

21  and related sections thereof.

22                              NINTH AFFIRMATIVE DEFENSE

23         Defendants allege the provisions of the Public Liability Act of the California Government Code

24  as a measure of its legal duties, if any, in this action.

25                              TENTH AFFIRMATIVE DEFENSE

26         Defendants are immune from liability pursuant to California Government Code Sections 815 and

27  815.2 in that the DISTRICT and its employees are immune from liability and/or the acts and omissions

28  complained of would not give rise to a cause of action against it or said employees.

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

ELEVENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Section 815.6 in that they exercised reasonable diligence at all times referred to in Plaintiff's Third Amended Complaint.

TWELFTH AFFIRMATIVE DEFENSE

Any acts or omissions by any employee of Defendants were the results of the discretion vested in them, and each such employee is immune from liability for any losses, injuries, or damages resulting therefrom; Defendants are, therefore, similarly immune from such liability.

THIRTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to California Government Code Section 820.8 in that the acts and omissions of parties other than the DISTRICT or its employees caused the injuries alleged by Plaintiff.

FOURTEENTH AFFIRMATIVE DEFENSE

Defendants allege that, in the event they are found to be liable, which is expressly denied herein, they may elect to have damages, if any, in excess of the amount specified in California Government Code Sections 984 *et seq*., and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in California Code of Civil Procedure Section 667.7.

FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to all remaining applicable provisions of the California Government Claims Act and other relevant statutes and/or regulations.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages are barred to the extent that they exceed the scope of the administrative complaint filed with the Department of Fair Employment and Housing and/or the EEOC.

SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's damages are limited by the avoidable consequences doctrine.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily, and with full knowledge of all matters set forth in the Third Amended Complaint, assumed the risk of any and all the injuries, losses and damages alleged, if any there were.

1

## NINETEENTH AFFIRMATIVE DEFENSE

2

Plaintiff was not able to perform the essential functions of his position.

3

## TWENTIETH AFFIRMATIVE DEFENSE

4

Plaintiff's Third Amended Complaint and all of its causes of action are barred because all acts of

5

Defendants affecting the terms and/or conditions of Plaintiff's employment were done in good faith and

6

motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business

7

necessity.

8

## TWENTY-FIRST AFFIRMATIVE DEFENSE

9

Defendants allege that Plaintiff's Third Amended Complaint and all of its causes of action are

10

barred because Defendants' actions were neutral and were based on bona fide factors other than

11

sex/gender, race/national origin, disability, alleged participation in protected activity and/or other

12

protected characteristics.

13

## TWENTY-SECOND AFFIRMATIVE DEFENSE

14

Plaintiff failed to timely and adequately exhaust any and all collective bargaining agreement

15

remedies and other administrative filing requirements, such as filing a Charge of Discrimination with the

16

Equal Employment Opportunity Commission and/or DFEH, such that any claim for relief that Plaintiff

17

may have is barred by law.

18

## TWENTY-THIRD AFFIRMATIVE DEFENSE

19

Plaintiff's Third Amended Complaint and each of its causes of action are barred because all acts

20

of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged and done

21

with good cause and/or pursuant to an official duty.

22

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

23

Plaintiff failed and refused to mitigate his damages, if any there were, although he had an

24

opportunity to do so, including but not limited to failing to utilize the DISTRICT's policies and

25

procedures to prevent harassment, discrimination, and retaliation.

26

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

27

Defendants allege that they exercised reasonable care to prevent and promptly correct any

28

allegedly harassing behavior, and that the Plaintiff unreasonably failed to take advantage of any

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  preventive or corrective opportunities provided by Defendants or to otherwise avoid harm.

2  TWENTY-SIXTH AFFIRMATIVE DEFENSE

3  Defendants allege that Plaintiff was not performing his job duties satisfactorily and he was not a

4  qualified individual as defined by California's Fair Employment and Housing Act.

5  TWENTY-SEVENTH AFFIRMATIVE DEFENSE

6  Defendants allege that Plaintiff's Third Amended Complaint and each of its causes of action are

7  barred either in whole or in part by the doctrine of after-acquired evidence.

8  TWENTY-EIGHTH AFFIRMATIVE DEFENSE

9  Defendants allege that they are immune from liability pursuant to California Government Code

10  Section 818.8 which provides immunity for misrepresentations of public entity employees, whether such

11  misrepresentations are negligent or intentional.

12  TWENTY-NINTH AFFIRMATIVE DEFENSE

13  Defendants are immune from liability pursuant to California Government Code Section 821.6 for

14  public entity employees instituting/prosecuting any and all judicial proceedings against Plaintiff which

15  relate to the subject incident.

16  THIRTIETH AFFIRMATIVE DEFENSE

17  Plaintiff's claims fail to state a cause of action because each of the allegedly adverse employment

18  actions Plaintiff alleges he was subjected to do not constitute adverse employment actions.

19  THIRTY-FIRST AFFIRMATIVE DEFENSE

20  Defendants allege that Plaintiff did not engage in protected activity.

21  THIRTY-SECOND AFFIRMATIVE DEFENSE

22  Although Defendants' employment decisions were based on legitimate, nondiscriminatory

23  reasons, and in the event Plaintiff is able to show that retaliation was also a motive, Defendants assert

24  that the lawful motive alone would have led to the same employment decisions and that they therefore

25  cannot be held liable pursuant to, *inter alia,* California Education Code Section 87164(j).

26  THIRTY-THIRD AFFIRMATIVE DEFENSE

27  Defendants allege that they responded reasonably to Plaintiff's complaints and that they did not

28  have actual or constructive notice of any alleged harassment, discrimination, or retaliation.

THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Third Amended Complaint and each of its causes of action is barred because all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged, protected by qualified immunity and/or done with good cause.

THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's gender, sex, race, national origin, disability and/or engagement in alleged protected activity was not a motivating factor in their employment decisions and any decision would have been made regardless of Plaintiff's gender, national origin and/or alleged participation in protected activity.

THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendants allege that the alleged conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful discrimination, retaliation, and/or deprivation of due process rights.

THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's claims for discrimination, retaliation, and/or hostile work environment fail to state a cause of action because Plaintiff cannot show that any similarly situated employees were treated more favorably.

THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's retaliation claims fail because the relevant decisions regarding Plaintiff's position were made prior to Plaintiff engaging in any allegedly protected activity.

THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's retaliation claims fail to state a cause of action because there is no causal connection between the alleged adverse employment actions and any alleged protected activity.

THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendants AUSTIN, BARK, HICKEY, and BAHADURSINGH allege that Plaintiff's claims against them in their individual capacities alleging violations of his due process rights fail to state a claim against them because they did not personally participate in any deprivations or violations of Plaintiff's due process rights, if any there were.

1    <u>FORTIETH AFFIRMATIVE DEFENSE</u>

2        Defendants allege that because the Third Amended Complaint is couched in conclusory terms, the

3    Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action.

4    Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative

5    defenses are applicable, is hereby reserved.

6

7    **<u>PRAYER FOR RELIEF</u>**

8        WHEREFORE, defendants PALO ALTO UNIFIED SCHOOL DISTRICT, DON AUSTIN,

9    AMANDA BARK, LISA HICKEY and TRENT BAHADURSINGH pray that:

10       1.    Plaintiff takes nothing by this action;

11       2.    Judgment be entered in favor of Defendants and against Plaintiff;

12       3.    Defendants be awarded their reasonable attorneys' fees; and

13       4.    Defendants be awarded their costs of suit herein.

14

15   Dated:  April 10, 2025                BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

16

17                                         By: _____*/s/ Benjamin Oreper*_____
18                                             Eugene B. Elliot
                                               Ethan M. Lowry
19                                             Benjamin I. Oreper
                                               Attorneys for Defendants
20                                             PALO ALTO UNIFIED SCHOOL DISTRICT, DON
                                               AUSTIN, AMANDA BARK, LISA HICKEY and
21                                             TRENT BAHADURSINGH

DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC