|   |   |
|---|---|
| 1 | EVAN C. NELSON (SBN 172957) |
| 2 | LAW OFFICE OF EVAN C. NELSON |
|   | 1990 N. CALIFORNIA BLVD., 8TH FLOOR |
| 3 | WALNUT CREEK, CA 94596 |
|   | Telephone: (925) 323-1991 |
| 4 | Email: evancnelson.law@gmail.com |

*Attorneys for Plaintiff Peter Colombo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| PETER COLOMBO, | Case No. 5:24-cv-00909-NC |
|---|---|
| Plaintiff, | **NOTICE OF ERRATA AND SUBMISSION OF INADVERTENTLY MISSING EXHIBIT, EXHIBIT 8, TO THE DECLARATION OF EVAN C. NELSON SUPPORTING PLAINTIFF PETER COLOMBO'S ADMINISTRATIVE MOTION FOR LEAVE TO SERVE DEPOSITION AND DOCUMENT SUBPOENA ON KOMEY VISHAKAN VIA SERVICE ON HER ATTORNEY AND/OR VIA EMAIL SENT TO HER EMAIL ADDRESS REGISTERED WITH THE CALIFORNIA STATE BAR AND HER EMAIL AT THE LAW FIRM WHERE SHE IS EMPLOYED** |
| v. |   |
| PALO ALTO UNIFIED SCHOOL DISTRICT, DON AUSTIN, Individually and as Superintendent for PAUSD, LISA HICKEY, Individually and as Director of Certificated Human Resources for PAUSD, AMANDA BARK, Individually and as Manager, Policy and Legal Compliance for PAUSD, and TRENT BAHADURSINGH, individually and as Deputy Superintendent and Chief of Staff for PAUSD, |   |
| Defendants. | **HON. NATHANAEL M. COUSINS** |

# DECLARATION

I, Evan C. Nelson do hereby declare as follows:

1. I am counsel of record for Plaintiff Peter Colombo in this action and I have personal knowledge of the facts stated in this declaration.

2. I just realized that we inadvertently failed to attach Exhibit 8 to the Declaration of Evan C. Nelson Supporting Plaintiff's Motion to Allow Alternative Service of Subpoena on Komey Vishakan.

3. Attached as **Exhibit 8** is a true and correct copy of Ms. Vishakan's counsel, Charles Jung's, email objection to alternative service of the subpoena.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and was executed on the 16th Day of February, 2025, in Walnut Creek, California.

*/s/ Evan C. Nelson*
EVAN C. NELSON

-1-

# EXHIBIT 8



Evan Nelson <evancnelson.law@gmail.com>

## RE: Colombo v. PAUSD, et al.
1 message

**Charles H. Jung** <charles@njfirm.com>　　　　　　　　　　　　　　　　　Wed, May 14, 2025 at 10:13 PM
To: Evan Nelson <evancnelson.law@gmail.com>
Cc: Ethan Lowry <elowry@bfesf.com>, Eugene Elliot <eelliot@bfesf.com>, "Benjamin I. Oreper" <boreper@bfesf.com>, "L. Roberts" <lroberts@bfesf.com>, Sergio Guerrero <sguerrero@bfesf.com>, "Beanum, Alison" <alison.beanum@clydeco.us>, "Mitchell, Veena" <Veena.Mitchell@clydeco.us>, Brittany Shimshock <brittany@njfirm.com>

Mr. Nelson:

We are in receipt of your multiple emails today, including your 10th and 11th emails sent at 8:25 PM and 8:44 PM, regarding the deposition of Ms. Komey Vishakan and your intention to file an administrative motion.

Ms. Vishakan is not evading service. She is represented by counsel in this specific matter, and our office has been in direct communication with you regarding her potential deposition. To characterize her as an "intentional evader" is a baseless and inflammatory accusation, particularly when the primary reasons for the current inability to definitively schedule her deposition stem from unresolved critical issues with the Palo Alto Unified School District (PAUSD) and prior improper attempts to serve her.

Our position on service of the deposition subpoena remains consistent: Federal Rule of Civil Procedure 45(b)(1) requires personal delivery of a subpoena to the named individual non-party witness. The attempts you describe—leaving a subpoena with a paralegal at our office (after being informed we are not authorized to accept such service for Ms. Vishakan), or alleged observations by process servers at her home or current place of employment without effecting direct personal service on Ms. Vishakan—do not satisfy this fundamental requirement. Standard security measures at a residence or a law firm do not constitute "evasion" by an individual who has not been personally confronted with and refused service. Furthermore, your assertion that actual notice via email to counsel or her Bar-registered email fulfills the service requirement for a Rule 45 deposition subpoena on a non-party individual oversimplifies and misstates the rule's requirements for compelling an individual's attendance.

As we have repeatedly stated, the central and substantive impediment to scheduling Ms. Vishakan's deposition is the outstanding resolution of her contractual and statutory rights to full indemnification and the provision of conflict-free independent legal counsel by PAUSD. These are not "gamesmanship" tactics; they are essential legal protections that Ms. Vishakan is entitled to before she can be subjected to a deposition, particularly given her former role as General Counsel, the privileged nature of much of her knowledge, and the potential for her to be named as a defendant. PAUSD's failure to respond to our initial demand in November 2024 within the statutory 20-day period (Cal. Gov. Code § 995.2(b)) has significantly contributed to the current situation (as has your inexplicable, six-month-long delay, followed by your frantic attempts at forcing a non-party deposition on your schedule).

Ms. Vishakan will vigorously oppose any administrative motion to deem service complete based on these improper attempts, any motion to authorize substitute email service under the false premise of "evasion," and any associated request for costs against her. Such costs, if any are deemed legitimately incurred due to difficulties in effecting proper service (which has yet to be demonstrated as attempted on her personally and refused by her), would be a matter for PAUSD under its indemnification duty, not a personal liability for Ms. Vishakan under these circumstances.

We are not attempting to "dodge service" or unnecessarily delay proceedings. Our objective is to ensure Ms. Vishakan's rights are protected. Once:

1. Her rights to indemnification by PAUSD are formally confirmed and effectuated;
2. She is represented by conflict-free independent counsel paid for by PAUSD; and
3. Proper service of a subpoena is effected (or its formal service is waived by Ms. Vishakan through her independent counsel), her independent counsel will be prepared to coordinate reasonable dates for her deposition.

We urge you once again to allow a reasonable period for the resolution of these critical predicate matters with PAUSD. Proceeding with an administrative motion at this stage, based on the current record, will be met with a full and robust opposition.

Sincerely,

Charles H. Jung
**NASSIRI & JUNG** LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com



Employment | Executive & Founder Disputes

**CERTIFICATE OF SERVICE**

I, the undersigned, declare as follows:

I am employed in the County of Contra Costa, California. I am over the age of eighteen years and not a party to the within entitled cause. My business address is: 1990 N California Blvd, Floor 8, Walnut Creek, CA 94596. On May 16, 2025, I served the foregoing document described as:

**NOTICE OF ERRATA AND SUBMISSION OF INADVERTENTLY MISSING EXHIBIT, EXHIBIT 8, TO THE DECLARATION OF EVAN C. NELSON SUPPORTING PLAINTIFF PETER COLOMBO'S ADMINISTRATIVE MOTION FOR LEAVE TO SERVE DEPOSITION AND DOCUMENT SUBPOENA ON KOMEY VISHAKAN VIA SERVICE ON HER ATTORNEY AND/OR VIA EMAIL SENT TO HER EMAIL ADDRESS REGISTERED WITH THE CALIFORNIA STATE BAR AND HER EMAIL AT THE LAW FIRM WHERE SHE IS EMPLOYED**

__X__   (BY EMAIL TRANSMISSION) I had such document(s) delivered via e-mail transmission to the addressees as set forth below. I have not received any return email indicating such email transmission(s) were not successfully accomplished.

| | |
|---|---|
| Eugene Elliot<br>Ethan Lowry<br>Benjamin I. Oreper<br>BERTRAND, FOX, ELLIOT, ET AL.<br>2749 Hyde Street<br>San Francisco, CA 94109<br>(415) 353-0999<br><br>eelliot@bfesf.com; elowery@bfesf.com; boreper@bfesf.com; lroberts@bfesf.com; sguerrero@bfesf.com<br><br>*Attorneys for Defendants PAUSD, Lisa Hickey, Amanda Bark and Trent Bahadursingh* | Alison Beanum<br>Veena Mitchell<br>CLYDE & CO US LLP<br>335 S Grand Ave., Ste 1400<br>Los Angeles, CA 90071-1562<br>(213) 358-7660<br><br>alison.beanum@clydeco.us<br>veena.mitchell@clydeco.us<br><br>*Attorneys for Defendant Don Austin* |
| | Charles Jung<br>NASSIRI & JUNG LLP<br>1700 Montgomery Street, Ste 207<br>San Francisco, CA 94111-1023<br>(415) 762-3100<br>charles@njfirm.com<br>*Attorneys for Komey Vishakan* |

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 16, 2025.

_____
EVAN C. NELSON

-2-

NOTICE OF ERRATA AND SUBMISSION OF INADVERTENTLY MISSING EXHIBIT 8
*Colombo v. Palo Alto Unified School District, et al. Case No.: 5:24-cv-00909-NC*