CHARLES H. JUNG (217909)
(charles@njfirm.com)
NASSIRI & JUNG LLP
1700 Montgomery Street, Suite 207
San Francisco, California 94111
Telephone: (415) 762-3100
Facsimile: (415) 534-3200

Attorneys for Non-Party
KOMATHY VISHAKAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| PETER COLOMBO,<br><br>       Plaintiff,<br><br>v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, DON AUSTIN, Individually and as Superintendent for PAUSD, LISA HICKEY, Individually and as Director of Certificated Human Resources for PAUSD, AMANDA BARK, Individually and as Manager, Policy and Legal Compliance for PAUSD, and TRENT BAHADURSINGH, individually and as Deputy Superintendent and Chief of Staff for PAUSD,,<br><br>       Defendants. | Case No.: 5:24-CV-00909-NC<br><br>**NON-PARTY KOMATHY VISHAKAN'S OPPOSITION TO PLAINTIFF PETER COLOMBO'S ADMINISTRATIVE MOTION FOR LEAVE TO SERVE DEPOSITION AND DOCUMENT SUBPOENA VIA EMAIL**<br><br>Date:      May 28, 2025<br>Time:     11:00 a.m.<br>Before:   Hon. Magistrate Judge<br>            Nathanael M. Cousins<br>Location:  Courtroom 5 |

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL BACKGROUND ............................................................................... 2

    A.    Ms. Vishakan's Status and the Unresolved PAUSD Obligations Crucial to Her Deposition. ................................................................................................................. 2

    B.    Plaintiff's Improper Service Attempts and Public Disclosure of Private Information ................................................................................................................. 2

III.  ARGUMENT ...................................................................................................... 4

    A.    Plaintiff's Motion Must Be Denied as He Failed to Effect Personal Service on Non-Party Ms. Vishakan as Mandated by FRCP 45(b)(1). ........................................ 4

    B.    Plaintiff Fails to Meet Its Burden for Authorizing Alternative Service Because Ms. Vishakan Is Not Evading Service and Plaintiff Has Not Demonstrated Sufficient Prior Diligence in Attempting Proper Personal Service. .................................................. 5

        1.    Plaintiff Has Not Demonstrated Diligent Attempts at *Personal* Service Refused by Ms. Vishakan. ........................................................................................ 6

        2.    The Accusation of "Intentional Evasion" Is Baseless, Inflammatory, and Contradicted by the Record. ................................................................................. 6

    C.    Plaintiff's Counsel's Public Disclosure of Ms. Vishakan's Private Information Violates His Duties and Militates Against Granting Discretionary Relief. ................... 8

        1.    Violation of Duty to Avoid Undue Burden and Expense (FRCP 45(d)(1)). ..... 8

        2.    Improper Public Disclosure of Private Information. ......................................... 8

    D.    Granting Plaintiff's Motion Would Be Premature, Prejudicial, and Would Deny Ms. Vishakan Due Process by Forcing Her Deposition Without Essential Legal Protections. ............ 8

    E.    Plaintiff's Request for Costs is Unfounded and Should Be Denied. .......................... 9

IV.   CONCLUSION ................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*In re Smith*, 126 F.R.D. 461 (E.D.N.Y. 1989) ...................................................................4

Jes Solar Co. Ltd. v. Tong Soo Chung, 716 F. App'x 635 (9th Cir. 2018) ...............................7

*Jes Solar Co. Ltd. v. Tong Soo Chung*, 725 F. App'x 467 (9th Cir. 2018)..............................7

*Jones v. Auto. Club of S. Cal.*, 26 F. App'x 740 (9th Cir. 2002) ...................................7

*RIO Props., Inc. v. RIO Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002).........................5

*Slaten v. Experian Info. Sols. Inc.*, No. CV 21-9045-MWF(EX), 2023 WL 6889026 (C.D. Cal.

    May 3, 2023)...................................................................................4, 5

*Toni Brattin & Co. v. Mosaic Int'l, LLC*, No. 15-MC-80090-MEJ, 2015 WL 1844056 (N.D.

    Cal. Apr. 9, 2015) ...........................................................................4

**Statutes**

Cal. Gov't Code § 995.2(b)...................................................................2, 9

**Other Authorities**

Miller, Arthur R., <u>9A Fed. Prac. & Proc. Civ.</u> § 2454 (3d ed. 2025).........................4, 5

**Rules**

Fed. R. Civ. P. 4(f)(3) .......................................................................5

Fed. R. Civ. P. 45(b)(1)....................................................................1, 4

Fed. R. Civ. P. 45(d)(1).................................................................1, 8, 10

Fed. R. Civ. P. 5.2(e) ....................................................................1, 8

Non-Party Komathy ("Komey") Vishakan, by and through her counsel, Nassiri & Jung LLP, respectfully submits this Opposition to Plaintiff Peter Colombo's Administrative Motion for Leave to Serve Deposition and Document Subpoena via Email (ECF No. 143, supplemented by ECF No. 144, hereinafter "Motion").

## I.    INTRODUCTION

Plaintiff Peter Colombo's Motion for an extraordinary order authorizing alternative service of a non-party subpoena should be denied. It is predicated on the unfounded assertion that Ms. Vishakan is "intentionally evading service," which is a claim directly contradicted by extensive communications between counsel. More disturbingly, Plaintiff's counsel filed this lengthy Motion publicly laden with Ms. Vishakan's private, personal information, including her home address, personal email, and photographs of her vehicle and home (even photographs apparently peering into her home). This Court has already expressed its "dismay" at the Motion and its "particular[] concern[]" regarding this unnecessary public disclosure of a non-party witness's private information, temporarily sealing Plaintiff's main filing (ECF No. 143) and citing counsel's duties under Federal Rules of Civil Procedure 45(d)(1) (and protective orders under 5.2(e)). (Ord. Addressing Mot., May 16, 2025, ECF No. 145.)

Plaintiff's counsel's actions in publicly filing Ms. Vishakan's private information not only violate his duty to avoid imposing undue burden and expense but also underscore a pattern of aggressive tactics rather than good-faith efforts to coordinate discovery with a represented non-party. This conduct further vitiates any claim that alternative service is warranted.

The consistently communicated reasons for Ms. Vishakan's deposition not yet being scheduled are twofold: (1) Defendant Palo Alto Unified School District's ("PAUSD") continuing failure to fulfill its statutory and contractual obligations to provide Ms. Vishakan with indemnification and conflict-free independent legal counsel, essential for her to navigate testimony as its former General Counsel; and (2) Plaintiff's own six-month delay in pursuing her deposition followed by improper service attempts. Plaintiff has failed to demonstrate proper personal service under FRCP 45(b)(1) or the requisite diligence and actual evasion necessary for

alternative service. Granting this Motion would reward Plaintiff's counsel's improper disclosures, prejudice Ms. Vishakan by forcing her participation without essential protections, and require her to address a broad subpoena implicating significant PAUSD privileges without proper representation or PAUSD's guidance. The Motion should be denied in its entirety.

## II.      FACTUAL BACKGROUND

### A.      Ms. Vishakan's Status and the Unresolved PAUSD Obligations Crucial to Her Deposition.

Komathy Vishakan is the former General Counsel for PAUSD and a non-party. (Declaration of Charles H. Jung ("Jung Decl."), filed concurrently, ¶ 2.) Plaintiff seeks her deposition and extensive document production. (*Id.*, ¶ 13.) Since October 2024, undersigned counsel has engaged in approximately forty-one (41) email communications with Plaintiff's counsel, Mr. Nelson, concerning Ms. Vishakan's potential testimony. (*Id.*, ¶¶ 4-10.) Mr. Nelson initially proposed a declaration in lieu of deposition, then shifted to demanding a deposition, all while being advised of the PAUSD privilege issues. (*Id.,* ¶ 6.)

Following these initial discussions, Mr. Nelson did not substantively pursue Ms. Vishakan's deposition for approximately six months, from early November 2024 until late April/May 2025. (Jung Decl., ¶ 8.) In November 2024, Ms. Vishakan formally requested that PAUSD fulfill its obligations to provide her with a defense, indemnification, and conflict-free independent counsel. (*Id.*, ¶ 3.) PAUSD failed to respond within the 20-day statutory period. Cal. Gov't Code § 995.2(b). (Jung Decl., ¶ 3.) This demand was renewed on May 9, 2025. (*Id.*) These critical protections remain unresolved. *(Id.*) The resolution of these PAUSD matters is a necessary prerequisite for Ms. Vishakan to prepare for deposition, navigate PAUSD's privileges, and protect her own rights, especially as the subpoena broadly targets PAUSD's privileged information, and Plaintiff has not disclaimed naming her as a defendant. (Jung Decl., ¶¶ 6, 13.)

### B.      Plaintiff's Improper Service Attempts and Public Disclosure of Private Information.

On May 13, 2025, Plaintiff attempted service by leaving a subpoena with a paralegal at

undersigned counsel's office, despite counsel's explicit lack of authority to accept such service for Ms. Vishakan. (Jung Decl., ¶ 9; Ex. B at 1.) Plaintiff's Motion (ECF No. 143) and supporting declaration (Nelson Decl.) then publicly filed Ms. Vishakan's private home address, personal email address, and photographs of her vehicle license plate, home, and even peering into the interior of her home. (*See* ECF Nos. 143, 143-1; Order, ECF No. 145 at 1.)

On May 16, 2025, this Court issued an Order (ECF No. 145) expressing "dismay" at the Motion, noting its "particular[] concern[]" over the public filing of Ms. Vishakan's private information, questioning why these disclosures "were necessary or reasonable," and temporarily sealing Dkt. 143. (ECF No. 145 at 1-2.) The Court cited counsel's duties under FRCP 45(d)(1) and 5.2(e). (*Id.*)

Plaintiff provides no competent evidence that Ms. Vishakan personally refused or overtly evaded any proper attempt at personal service. Undersigned counsel has consistently communicated Ms. Vishakan's preparedness to coordinate her deposition once her rights are secured by PAUSD and proper service is effected or formally waived. (Jung Decl., ¶¶ 5, 7; Exs. A, B to Jung Decl.).[1]

//

---

[1]    For example:
●    On October 31, 2024: "Once I get permission and understand the privilege issue, I expect to be able to accept service then. What January dates work for you? I'll check those with Ms. Vishakan." (Jung Decl., Ex. A at 2.)
●    October 31, 2024: "[Y]ou favored the idea of a proffer via declaration, and identified the two lines you would want in the declaration that would make a deposition unnecessary . . . . So I'm puzzled by your sudden change of heart. . . . I have to be cautious and first ask whether there is an assertion of privilege. So please think very carefully whether you are doing the right thing by threatening Ms. Vishakan with a lawsuit." (*Id.*, Ex. A at 1.)
●    On May 14, 2025, "We request that you withdraw your intention to file the administrative motion for alternative service and instead allow a reasonable period for the resolution of Ms. Vishakan's defense and representation rights with PAUSD. Once those are established, her independent counsel will be in a position to coordinate her deposition. Attempting to force a deposition on May 30th under these circumstances will only lead to further motion practice regarding the validity of service, the unresolved indemnity issues, and Ms. Vishakan's ability to testify meaningfully while her own representation and PAUSD's stance on privilege remain unsettled. We urge a more cooperative approach to scheduling that respects Ms. Vishakan's rights and the ongoing efforts to secure them." (*Id.*, Ex. B at 2.)

1    **III.    ARGUMENT**

2        **A.    Plaintiff's Motion Must Be Denied as He Failed to Effect Personal Service on**
3            **Non-Party Ms. Vishakan as Mandated by FRCP 45(b)(1).**

4        Federal Rule of Civil Procedure 45(b)(1) requires that service of a subpoena on an

5    individual be made by "delivering a copy to the named person." "Nowhere in Rule 45 is the

6    Court given discretion to permit alternate service in troublesome cases." *In re Smith*, 126 F.R.D.

7    461, 462 (E.D.N.Y. 1989) (holding that "after reviewing Rule 45's language, the case law and

8    the commentator's analysis, that the Court has no discretion to permit alternative service when a

9    party has difficulty effecting service"). The provision for delivery to the named person "has been

10   widely interpreted to mean personal service." *Toni Brattin & Co. v. Mosaic Int'l, LLC*, No. 15-

11   MC-80090-MEJ, 2015 WL 1844056, at *3 (N.D. Cal. Apr. 9, 2015); Miller, Arthur R., <u>9A Fed.</u>

12   <u>Prac. & Proc. Civ.</u> § 2454 at 1 (3d ed. 2025), filed herewith as Ex. C to Jung Declaration ("The

13   longstanding interpretation of Rule 45 has been that personal service of subpoenas is required.").

14       While a minority of trial courts have allowed alternative service, those cases generally

15   involved more severe circumstances, such as months-long attempts at service, with direct

16   confrontation with the non-party or refusal after a process server directly requested the non-

17   party's presence. *Toni Brattin & Co.*, 2015 WL 1844056, at *1 (noting service attempts for a

18   nearly two-month period, which included the person's husband "forcefully remov[ing] a process

19   server . . . [and the subpoenaed person] feigned absence from the Pleasant Hill facility when a

20   process server requested her presence.").

21       Other Courts have "concur[red] with the longstanding majority interpretation, however."

22   *See*, e.g., *Slaten v. Experian Info. Sols. Inc*., No. CV 21-9045-MWF(EX), 2023 WL 6889026, at

23   *1 (C.D. Cal. May 3, 2023). As the court in *Slaten* explained:

24           Unlike other rules, Rule 45(b) does not expressly permit service by mail or service
25       electronically. The authors of the Federal Rules of Civil Procedure, and the United
         States Supreme Court Justices who approve amendments to the Federal Rules,
26       obviously know how to create a rule which unambiguously authorizes such service
         (or unambiguously authorizes a court to permit such service). They have not done
27       so in Rule 45(b). In 1989, a judge in the Eastern District of New York revealed he
         had decided to publish an opinion "merely to point out the problem" of the lack of

28
                                                    4

> judicial discretion to permit alternative service of a Rule 45 subpoena "and to suggest that Rule 45 be re-evaluated with a view to permitting service of a subpoena other than by personal delivery." *The Conanicut Investment Co. v. Coopers & Lybrand*, 126 F.R.D. 461, 462 (E.D.N.Y. 1989). Over thirty years later, despite five separate amendments of Rule 45, the language of the rule's service requirement has remains unchanged.

*Id*. As observed in one treatise, "This emerging minority position could cause confusion and may prompt clarification of the rule." Miller, Arthur R., <u>9A Fed. Prac. & Proc. Civ.</u> § 2454 Service of a Subpoena at 1 (3d ed. 2025).

Plaintiff's attempt to serve Ms. Vishakan by leaving a subpoena with a paralegal at her attorney's office, particularly after counsel explicitly stated a lack of authority to accept such service, does not meet the standard of Rule 45. (Jung Decl., ¶ 9.) "[U]nlike service of most litigation papers after the summons and complaint, service on a person's lawyer will not suffice." Miller, Arthur R., <u>9A Fed. Prac. & Proc. Civ.</u> § 2454 Service of a Subpoena at 1 (3d ed. 2025).

Plaintiff's current motion implicitly acknowledges this deficiency by seeking leave for an alternative method.

**B.    Plaintiff Fails to Meet Its Burden for Authorizing Alternative Service Because Ms. Vishakan Is Not Evading Service and Plaintiff Has Not Demonstrated Sufficient Prior Diligence in Attempting Proper Personal Service.**

While the Ninth Circuit in *RIO Props., Inc. v. RIO Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002), authorized alternative service (including email) for a foreign corporate *defendant* that was elusive and operated primarily online, those circumstances are readily distinguishable. *RIO Properties* concerned Court-ordered initial service of process on a foreign corporate defendant under FRCP 4(f)(3), which specifically permits service by "means not prohibited by international agreement, as the court *orders*." (Emphasis supplied.) There, Plaintiff had a "Court order in hand . . . ." *Id.* at 1013. *RIO Properties* did not involve a subpoena on a known, represented, domestic non-party individual under FRCP 45. Plaintiff here has made no showing that Ms. Vishakan is an elusive foreign entity or that diligent attempts at personal service on her have been thwarted in a manner comparable to *Rio Properties* or other cases justifying such relief.

Plaintiff bears the burden of demonstrating to this Court that personal service on Ms. Vishakan, a non-party, is impracticable due to her intentional evasion. Conclusory allegations and speculative interpretations of routine observations by process servers, particularly when Ms. Vishakan is represented by counsel who is actively communicating and has stated her willingness to be deposed once legitimate preconditions are met, fall far short of the showing required to justify the remedy of alternative service and to brand Ms. Vishakan as an 'intentional evader.' Plaintiff's declaration offers no concrete evidence that Ms. Vishakan was ever personally approached by a process server and thereafter refused service.

    **1.    Plaintiff Has Not Demonstrated Diligent Attempts at *Personal* Service Refused by Ms. Vishakan.**

Plaintiff's declaration, and the attached exhibits from his process servers (Nelson Decl., Exs. B, D), conspicuously lack any statement that a process server ever made direct, personal contact with Ms. Vishakan, identified their purpose, attempted to hand her the subpoena, and that she then personally refused or fled. Observing a car, seeing someone through a window from afar, encountering a locked residential gate, or being denied entry by a receptionist at a law firm (where Ms. Vishakan is an employee, not a principal in charge of office access) do not constitute diligent attempts at personal delivery that were personally thwarted by Ms. Vishakan. Plaintiff has not shown, for example, that process servers made appointments, or waited for Ms. Vishakan's entry/exit from her residence or workplace to attempt direct personal service. The "several attempts" described appear to be largely observations or encounters with third parties (*e.g.*, an office clerk on a phone or a tenant), not direct, rebuffed attempts to serve Ms. Vishakan herself.

    **2.    The Accusation of "Intentional Evasion" Is Baseless, Inflammatory, and Contradicted by the Record.**

The record does not support the assertion that Ms. Vishakan is "intentionally evading service." (Nelson Decl., ¶ 4.) To the contrary, Ms. Vishakan is represented by counsel who has engaged in extensive communication with Plaintiff's counsel regarding this deposition. (Jung

Decl., ¶¶ 4-8, 10, Exs. A, B.) Throughout these communications, counsel has clearly articulated the legitimate, substantive reasons for the current inability to finalize scheduling—namely, the privilege issues, and the unresolved indemnification and independent counsel issues with PAUSD. (*Id.,* ¶ 5, 7, 10-12.) Plaintiff's counsel's characterization of routine aspects of private life (*e.g.*, a locked residential gate) or standard law office security protocols as deliberate acts of "evasion" by Ms. Vishakan is not persuasive. (Nelson Decl. ¶¶ 4-5, 10-16.) Furthermore, Plaintiff's counsel himself initially proposed a declaration in lieu of a deposition and then did not pursue her deposition for approximately half a year (Jung Decl., ¶¶ 6, 8), which undermines the current claim that Ms. Vishakan is the party responsible for any delay or is now suddenly "evading" a process Plaintiff pursued inconsistently.

Actual notice, which Plaintiff suggests Ms. Vishakan possesses (Nelson Decl. ¶ 6), does not cure defective service of a Rule 45 subpoena on a non-party under these circumstances, nor does it independently establish evasion where proper personal service attempts have been lacking. *See Jes Solar Co. Ltd. v. Tong Soo Chung*, 725 F. App'x 467, 471 (9th Cir. 2018), amended on denial of reh'g, 716 F. App'x 635 (9th Cir. 2018) (District Court erred in the context of a Rule 4 service attempt, noting that "service must be completed . . . *even with actual notice*") (emphasis supplied); *see also Jones v. Auto. Club of S. Cal.*, 26 F. App'x 740, 744 (9th Cir. 2002) (affirming lower court's finding of service failure where plaintiff was aware that defense counsel might not be authorized to receive process, finding that "corporate counsel's unavailability to receive service does not demonstrate bad faith or evasion of service.").

Plaintiff's claim of 'evasion' is further undermined by his counsel's decision to publicly file Ms. Vishakan's private information rather than pursuing proper methods of service and coordination through counsel, a course of action that drew this Court's immediate concern (ECF No. 145.)

//

//

//

**C.    Plaintiff's Counsel's Public Disclosure of Ms. Vishakan's Private Information Violates His Duties and Militates Against Granting Discretionary Relief.**

> **1.    Violation of Duty to Avoid Undue Burden and Expense (FRCP 45(d)(1)).**

Federal Rule of Civil Procedure 45(d)(1) mandates that an attorney responsible for issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." This Court "must enforce this duty." (ECF No. 145 at 1-2, quoting Fed. R. Civ. P. 45(d)(1).) Publicly filing a non-party witness's home address, personal email, and photographs of her home, car, and its interior, as Plaintiff's counsel did here (ECF No. 143), is a clear imposition of undue burden. It needlessly exposes Ms. Vishakan to potential harassment, annoyance, and invasion of her privacy, far exceeding any legitimate purpose related to a motion for alternative service. This conduct is not a "reasonable step" to avoid undue burden; it actively creates it. Such conduct should not be rewarded by granting the discretionary relief Plaintiff seeks.

> **2.    Improper Public Disclosure of Private Information.**

This Court, citing FRCP 5.2(e) (permitting redaction for good cause to protect privacy), has already expressed its serious concern and taken action by temporarily sealing Plaintiff's motion. (ECF No. 145 at 2.) Plaintiff's counsel offered no justification, nor can one be reasonably fathomed, for why such sensitive personal details were "necessary or reasonable" to include in a publicly filed document. (*Id.* at 1). This gratuitous disclosure of a non-party's personal information further demonstrates a lack of sound judgment and respect for the privacy of a non-party witness, and it weighs heavily against Plaintiff's request for the Court to exercise its discretion in his favor.

**D.    Granting Plaintiff's Motion Would Be Premature, Prejudicial, and Would Deny Ms. Vishakan Due Process by Forcing Her Deposition Without Essential Legal Protections.**

The primary reason Ms. Vishakan's deposition is not yet scheduled is PAUSD's ongoing failure to address its statutory and contractual obligations regarding her defense and indemnification. (Jung Decl., ¶¶ 3, 7, 10-11.) PAUSD's failure to comply with the 20-day

response requirement under Cal. Gov't Code § 995.2(b) following the November 2024 demand is a matter of record. (Jung Decl., ¶ 3.)

To compel Ms. Vishakan, a non-party and former General Counsel, to testify and produce the broadly requested documents before these fundamental protections are in place would be manifestly unfair and a denial of due process. She requires conflict-free independent counsel to prepare for testimony, to advise her on navigating the complex attorney-client privilege and work-product issues (where the privilege is held by PAUSD), and to protect her own rights. Plaintiff's subpoena demands extensive documents that are subject to assertions of privilege. It is ethically and practically untenable for Ms. Vishakan to unilaterally assess and produce such materials without PAUSD's explicit direction on privilege and the guidance of her own unconflicted counsel. Doing so would require her to choose between her discovery obligations and her ethical duties to her former client, a dilemma this Court should not impose.

The need for these protections is paramount, particularly in light of the undue burden already imposed on Ms. Vishakan by Plaintiff's counsel's public disclosure of her private information, a matter this Court has already found concerning.

**E.    Plaintiff's Request for Costs is Unfounded and Should Be Denied.**

Rule 45 authorizes sanctions of "lost earnings and reasonable attorney's fees" against the *issuing party* or their attorney, not a non-party deponent like Ms. Vishakan. Furthermore, Plaintiff's request to recover service costs from Ms. Vishakan (Nelson Decl., ¶ 8) is based on the unsupported assertion of "intentional evasion." As demonstrated, this claim is without merit. Plaintiff's costs were incurred due to his counsel's aggressive tactics and chosen service methods, which were either procedurally deficient for a Rule 45 non-party subpoena or lacked the necessary diligence to effect personal service on Ms. Vishakan directly. There is no basis to shift these costs.

**IV.    CONCLUSION**

Plaintiff has failed to effect proper service on Ms. Vishakan and has not met the stringent requirements for authorizing alternative service. His claims of evasion are unsupported. Instead,

NON-PARTY VISHAKAN'S OPPOSITION TO COLOMBO'S ADMINISTRATIVE MOTION
CASE NO. 5:24-CV-00909-NC

the record reveals Plaintiff's counsel's own inconsistent pursuit of this deposition and, moreover, a disregard for the privacy of a non-party witness and the duties imposed by FRCP 45(d)(1). Granting this Motion would endorse such conduct and would severely prejudice Ms. Vishakan by compelling her participation in discovery, including extensive document production implicating PAUSD's privileges, before her fundamental rights to a defense, indemnification, and conflict-free independent counsel are resolved with PAUSD.

For all the foregoing reasons, and in light of the concerns already expressed by this Court in its May 16, 2025 Order, Non-Party Komathy Vishakan respectfully requests that the Court DENY Plaintiff Peter Colombo's Administrative Motion in its entirety and order that Plaintiff's Motion (ECF No. 143) and any exhibits containing Ms. Vishakan's private information (ECF No. 143-1 Nelson Declaration, ECF No. 144) remain sealed or be appropriately redacted.

Dated:       May 19, 2025              Respectfully Submitted,
                                       NASSIRI & JUNG LLP


                                       By:    */s/ Charles H. Jung*
                                              Charles H. Jung
                                              Attorney for Non-Party
                                              Komathy Vishakan

NON-PARTY VISHAKAN'S OPPOSITION TO COLOMBO'S ADMINISTRATIVE MOTION
CASE NO. 5:24-CV-00909-NC