CHARLES H. JUNG (217909)
(charles@njfirm.com)
NASSIRI & JUNG LLP
1700 Montgomery Street, Suite 207
San Francisco, California 94111
Telephone: (415) 762-3100
Facsimile: (415) 534-3200

Attorneys for Non-Party
KOMATHY VISHAKAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| PETER COLOMBO,<br><br>        Plaintiff,<br><br>v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, DON AUSTIN, Individually and as Superintendent for PAUSD, LISA HICKEY, Individually and as Director of Certificated Human Resources for PAUSD, AMANDA BARK, Individually and as Manager, Policy and Legal Compliance for PAUSD, and TRENT BAHADURSINGH, individually and as Deputy Superintendent and Chief of Staff for PAUSD,,<br><br>        Defendants. | Case No.: 5:24-CV-00909-NC<br><br>**DECLARATION OF CHARLES H. JUNG IN SUPPORT OF OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION**<br><br>Date:      May 28, 2025<br>Time:      11:00 a.m.<br>Before:    Hon. Magistrate Judge<br>              Nathanael M. Cousins<br>Location:  Courtroom 5 |

I, Charles H. Jung, declare as follows:

1.      I am an attorney duly licensed to practice law in the State of California and admitted to practice before this Court. I am a principal at Nassiri & Jung LLP, counsel for Non-Party Komathy Vishakan in connection with the subpoena and discovery efforts directed to her in the matter of *Peter Colombo v. Palo Alto Unified School District, et al.*, Case No. 5:24-cv-00909-NC ("*Colombo* Litigation"). I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would competently testify thereto.

2.      Ms. Komathy Vishakan served as General Counsel for Defendant Palo Alto Unified School District ("PAUSD") until her separation from employment in 2022. She is a non-party to this action.

3.      Recognizing that the *Colombo* Litigation directly involves matters Ms. Vishakan handled in her capacity as General Counsel for PAUSD, I made a verbal demand, followed-up by a formal written demand on her behalf to PAUSD on November 1, 2024. This demand requested that PAUSD acknowledge and fulfill its contractual and statutory obligations to provide Ms. Vishakan with a defense, full indemnification, and conflict-free independent legal counsel at the District's expense. PAUSD failed to respond to this demand within the 20-day period required by California Government Code § 995.2(b). I renewed this demand with PAUSD's counsel, Mr. Benjamin Oreper, via letter on May 9, 2025. As of the date of this declaration, PAUSD has not yet formally agreed to provide Ms. Vishakan with all of these essential protections.

4.      My office has engaged in approximately forty-one (41) email communications with Plaintiff's counsel, Mr. Evan Nelson, or his office, between October 31, 2024, and the present, concerning Plaintiff's interest in obtaining testimony or information from Ms. Vishakan. (True and correct copies of key email exchanges from this period are attached hereto as **Exhibit A** and **Exhibit B**).

5.      In an email to Mr. Nelson dated October 31, 2024, after discussing his initial contact and the complexities involved, I expressed my willingness to coordinate and flagged the

PAUSD privilege issues. I stated: "Once I get permission and understand the privilege issue, I expect to be able to accept service then. What January dates work for you? I'll check those with Ms. Vishakan." (Ex. A at 2.)

6.     Also on October 31, 2024, following a telephone conference where Mr. Nelson had suggested Ms. Vishakan might provide a declaration in lieu of a deposition, and then appeared to quickly change his position to demand a deposition and threaten litigation, I emailed Mr. Nelson stating, in relevant part: "[Y]ou favored the idea of a proffer via declaration, and identified the two lines you would want in the declaration that would make a deposition unnecessary . . . . So I'm puzzled by your sudden change of heart. . . . I have to be cautious and first ask whether there is an assertion of privilege [by PAUSD]. So please think very carefully whether you are doing the right thing by threatening Ms. Vishakan with a lawsuit." (Ex. A at 1.)

7.     During these initial communications in October and November 2024, I explicitly and repeatedly informed Mr. Nelson of the significant attorney-client privilege issues involving PAUSD that would need to be addressed. In later email communications, I memorialized the necessity for Ms. Vishakan to have her rights to indemnification and independent counsel resolved with PAUSD before she could meaningfully participate in a deposition as its former General Counsel. (Ex. B.)

8.     Following an email exchange in late October and early November 2024, Mr. Nelson did not substantively pursue Ms. Vishakan's deposition or further discuss scheduling with me for a period of approximately six months. He reinitiated contact regarding her deposition in late April/May 2025.

9.     On May 13, 2025, a process server retained by Mr. Nelson attempted to serve a subpoena for Ms. Vishakan's deposition by leaving it with a paralegal at the San Francisco office of Nassiri & Jung LLP. This occurred despite my prior communications to Mr. Nelson, and my staff's reiteration on that occasion, that our firm is not authorized to accept personal service of a deposition subpoena on behalf of Ms. Vishakan, an individual non-party. (Ex. B at 1-2.)

10. On May 14, 2025, in response to Mr. Nelson's subsequent emails threatening an administrative motion, I reiterated our position, stating in part: "We request that you withdraw your intention to file the administrative motion for alternative service and instead allow a reasonable period for the resolution of Ms. Vishakan's defense and representation rights with PAUSD. Once those are established, her independent counsel will be in a position to coordinate her deposition. Attempting to force a deposition on May 30th under these circumstances will only lead to further motion practice regarding the validity of service, the unresolved indemnity issues, and Ms. Vishakan's ability to testify meaningfully while her own representation and PAUSD's stance on privilege remain unsettled. We urge a more cooperative approach to scheduling that respects Ms. Vishakan's rights and the ongoing efforts to secure them." (Ex. B at 2.)

11. The resolution of Ms. Vishakan's rights with PAUSD is a critical precondition to her participation in a deposition. This is due to her former role as General Counsel, the highly privileged nature of the information and documents sought by Plaintiff, the potential for her to be named as a defendant, and the clear conflict of interest that necessitates independent counsel.

12. At no time has Ms. Vishakan stated an unwillingness to be deposed once these fundamental legal and ethical protections are in place and proper procedural requirements are met. To the contrary, as indicated in my communications with Mr. Nelson (Exs. A, B), we are prepared to coordinate her deposition once these preconditions are satisfied.

13. The purported subpoena commands Ms. Vishakan to produce an exceptionally broad array of documents, including "All documents re: 1. your employment at Palo Alto Unified School District ('PAUSD'), 2. employment actions related to your PAUSD employment, including termination, 3. any investigation(s) of Peter Colombo . . . ." These categories overwhelmingly implicate documents that may be protected by PAUSD's attorney-client privilege and/or the attorney work product doctrine. It would be practically impossible and ethically inappropriate for Ms. Vishakan to independently identify, collect, review for privilege (a privilege she does not hold but has a duty to help protect for her former client), and produce

such potentially voluminous documents, particularly on the compressed timeline Plaintiff seeks to impose, and most certainly without the active involvement and explicit direction of PAUSD and the advice of her own conflict-free independent counsel provided by the District.

14.    I am aware that on May 16, 2025, this Court issued an Order (ECF No. 145) expressing concern over Plaintiff's counsel's public filing of Ms. Vishakan's private information (home address, personal email, photographs) in Dkt. 143 and temporarily sealed that document. The information publicly filed by Plaintiff's counsel was indeed private, personal information of Ms. Vishakan, the public disclosure of which was unnecessary for the resolution of his motion. Neither Ms. Vishakan nor I consented to this public disclosure.

15.    Attached hereto as **Exhibit C** is a true and correct copy of excerpts of Miller, Arthur R., 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed. 2025), cited in instant opposition brief. Footnotes have been omitted due to file size, but will be supplied at the Court's request.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 19, 2025, at San Francisco, California.

_/s/ Charles H. Jung_

Charles H. Jung

JUNG DECL. IN SUPPORT OF NON-PARTY VISHAKAN'S OPPOSITION TO ADMIN. MOTION
CASE NO. 5:24-CV-00909-NC

# EXHIBIT A

**Charles H. Jung**

| | |
|---|---|
| **From:** | Charles H. Jung |
| **Sent:** | Thursday, October 31, 2024 7:08 PM |
| **To:** | Evan Nelson |
| **Cc:** | Brittany Shimshock |
| **Subject:** | RE: Komey Vishakan |

Evan –

That is rash. First, you haven't identified a basis to sue my client. Her connection to your case is, as you acknowledge, slim at best given the timeline of her active involvement with PAUSD. Second, you favored the idea of a proffer via declaration, and identified the two lines you would want in the declaration that would make a deposition unnecessary (█████████████████████████████████████████████████████████████████). So I'm puzzled by your sudden change of heart. Third, what you're concluding doesn't make sense: you suggested a deposition to avoid a complaint; then you proposed two statements in a declaration to avoid a deposition; and now you assert that "based on [my] strategy" you will need to request leave to amend to add Ms. Vishakan as a defendant (on an unidentified basis).

I have to be cautious and first ask whether there is an assertion of privilege. So please think very carefully whether you are doing the right thing by threatening Ms. Vishakan with a lawsuit.

Sincerely,

Charles H. Jung
NASSIRI & JUNG LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200
charles@njfirm.com | https://www.njfirm.com


NASSIRI & JUNG LLP
Employment | Executive & Founder Disputes

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Thursday, October 31, 2024 6:20 PM
**To:** Charles H. Jung <charles@njfirm.com>
**Cc:** Brittany Shimshock <brittany@njfirm.com>
**Subject:** Re: Komey Vishakan

My problem is that if I do not get her deposition, I will likely have to add her as a defendant based on what defendants have disclosed thus far. That is what I was trying to avoid.

If the District does not waive privilege, then there will be no related good faith/advice of counsel defense for the individual defendants in their individual capacities, so I expect eventually they will waive privilege to protect Don Trent Lisa and Amanda but they will not make that decision until after I have to add Komey as a defendant.

Are you authorized to accept service of the complaint on Komey? If not, please tell me how she would like to receive personal service.  If the District later waives privilege, or if Komey is able to defend herself with a sufficient amount of information, then I can dismiss. But I think based on your strategy, I am going to need to request leave to amend to add Komey as a defendant.


Best regards,

Evan C. Nelson
Law Office of Evan C. Nelson
1990 North California Blvd.,
8th Floor
Walnut Creek, CA 94596
(925) 323-1991



On Thu, Oct 31, 2024 at 5:50 PM Charles H. Jung <charles@njfirm.com> wrote:

Evan –


I need to determine whether there's an assertion of privilege first. I'll let you know when I hear back.


In any event I cannot do 11/18 because of a 2-day evidentiary hearing. Once I get permission and understand the privilege issue, I expect to be able to accept service then. What January dates work for you? I'll check those with Ms. Vishakan.


Charles H. Jung
NASSIRI & JUNG LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com




Employment | Executive & Founder Disputes

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Thursday, October 31, 2024 5:04 PM
**To:** Charles H. Jung <charles@njfirm.com>
**Cc:** Brittany Shimshock <brittany@njfirm.com>
**Subject:** Re: Komey Vishakan

Counsel,

After our discussion, I think a deposition is likely to be required. Can you agree to accept service of the subpoena on behalf of Komey Vishakan or do I need to employ a process server? Accepting service does not waive any objections, which would be asserted thereafter.

Best regards,

Evan C. Nelson

Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor

Walnut Creek, CA 94596

(925) 323-1991

On Thu, Oct 31, 2024 at 3:55 PM Charles H. Jung <charles@njfirm.com> wrote:

Please send me the pleadings in this case, so I can know what we're talking about.

Charles H. Jung
NASSIRI & JUNG LLP

Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com

 NASSIRI & JUNG LLP

Employment | Executive & Founder Disputes

---

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Thursday, October 31, 2024 3:48 PM
**To:** Charles H. Jung <charles@njfirm.com>
**Cc:** Brittany Shimshock <brittany@njfirm.com>
**Subject:** Re: Komey Vishakan

At this point, I am only trying to serve a subpoena for deposition. If you are not accepting service of the subpoena, I will simply serve the subpoena through other means.

Best regards,

Evan C. Nelson

Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor

Walnut Creek, CA 94596

(925) 323-1991

On Thu, Oct 31, 2024 at 3:30 PM Charles H. Jung <charles@njfirm.com> wrote:

Dear Mr. Nelson –

I represent Ms. Komey Vishakan. I understand that you spoke to her today about service of a potential subpoena. Can you please send me the complaint and responsive pleadings in the underlying case (in addition to the service list), so I understand the nature of the allegations and know who is involved? Once I receive them, I'll be in a better position to respond to your request.

Please contact me and not Ms. Vishakan going forward.

Thank you,

Charles H. Jung
NASSIRI & JUNG LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com


NASSIRI & JUNG LLP

Employment | Executive & Founder Disputes

# EXHIBIT B

## Charles H. Jung

| | |
|---|---|
| **From:** | Charles H. Jung |
| **Sent:** | Wednesday, May 14, 2025 8:10 PM |
| **To:** | Evan Nelson |
| **Cc:** | Ethan Lowry; Eugene Elliot; Benjamin I. Oreper; L. Roberts; Sergio Guerrero; Beanum, Alison; Mitchell, Veena |
| **Subject:** | RE: Colombo v. PAUSD, et al. |

Dear Mr. Nelson:

We are in receipt of your sixth and seventh emails sent today at 4:22 and 5:57 PM. (I suggest if you would've called me today, that would've perhaps been more efficient and productive than sending seven emails.) In those latest emails, you state Plaintiff's intent to file an administrative motion to allow email service of a subpoena on Ms. Komey Vishakan and to unilaterally reschedule her deposition for May 30, 2025.

First, to reiterate our position regarding the subpoena purportedly served on May 13, 2025, by leaving it with a paralegal at our office: this did not constitute proper service upon Ms. Vishakan as an individual non-party witness under Rule 45(b)(1) of the Federal Rules of Civil Procedure. We maintain all objections to that subpoena, including but not limited to improper service.

Second, Ms. Vishakan will oppose any administrative motion seeking to authorize email service of a deposition subpoena upon her under the current circumstances. Ms. Vishakan is not evading service; she is represented by counsel, and we have been in communication with all counsel regarding the significant preliminary issues that must be resolved prior to her deposition. These include her contractual and statutory rights to full indemnification and the provision of conflict-free independent legal counsel by the Palo Alto Unified School District (PAUSD). These matters were formally raised with PAUSD most recently on May 8, 2025, following an initial demand in November 2024 to which PAUSD failed to provide a timely statutory response.

FRCP 45(b)(1) contemplates personal delivery of a subpoena to a named individual non-party witness. While alternative service may be considered by courts in specific, limited circumstances (*e.g.*, evasion of service, serving parties under FRCP 5, or serving foreign defendants under FRCP 4(f)), those circumstances are not present here with respect to Ms. Vishakan, a represented non-party readily reachable through counsel for coordination. Seeking an administrative motion for email service of a new subpoena under these conditions appears to be an attempt to circumvent the established rules and the necessary resolution of Ms. Vishakan's fundamental rights to a defense.

Third, we object to the unilateral rescheduling of Ms. Vishakan's deposition to May 30, 2025. This date is not feasible, primarily because the critical issues of her indemnification and independent counsel have not yet been resolved with PAUSD. Furthermore, reasonable notice for any deposition requires more than simply dictating a date, especially when prior purported service was defective and essential preconditions remain outstanding.

Ms. Vishakan's deposition cannot reasonably proceed until:

1. Her rights to indemnification by PAUSD are formally confirmed and effectuated.
2. She is represented by conflict-free independent counsel paid for by PAUSD.
3. Once the above are resolved, a mutually agreeable date for her deposition is coordinated through counsel, assuming you still deem formal service of a subpoena necessary and effect it properly.

We are actively pursuing resolution of these matters with PAUSD. Their failure to respond to our initial demand within the statutory 20-day timeframe (Cal. Gov. Code § 995.2(b)) has already complicated scheduling (as has your unexplained half-year delay and silence in seeking Ms. Vishakan's deposition).

We request that you withdraw your intention to file the administrative motion for alternative service and instead allow a reasonable period for the resolution of Ms. Vishakan's defense and representation rights with PAUSD. Once those are established, her independent counsel will be in a position to coordinate her deposition. Attempting to force a deposition on May 30th under these circumstances will only lead to further motion practice regarding the validity of service, the unresolved indemnity issues, and Ms. Vishakan's ability to testify meaningfully while her own representation and PAUSD's stance on privilege remain unsettled.

We urge a more cooperative approach to scheduling that respects Ms. Vishakan's rights and the ongoing efforts to secure them.

Sincerely,

Charles H. Jung
NASSIRI & JUNG LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200
charles@njfirm.com | https://www.njfirm.com


NASSIRI & JUNG LLP
Employment | Executive & Founder Disputes

---

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Wednesday, May 14, 2025 5:57 PM
**To:** Charles H. Jung <charles@njfirm.com>
**Cc:** Ethan Lowry <elowry@bfesf.com>; Eugene Elliot <eelliot@bfesf.com>; Benjamin I. Oreper <boreper@bfesf.com>; L. Roberts <lroberts@bfesf.com>; Sergio Guerrero <sguerrero@bfesf.com>; Beanum, Alison <alison.beanum@clydeco.us>; Mitchell, Veena <Veena.Mitchell@clydeco.us>
**Subject:** Re: Colombo v. PAUSD, et al.

Counsel,

Again, if any counsel intends to oppose Plaintiff's Administrative Motion to Allow Email Service of Subpoena on Komey Vishakan's email address registered with the California State Bar, please let us know.

Best regards,

Evan C. Nelson
Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor
Walnut Creek, CA 94596
(925) 323-1991

On Wed, May 14, 2025 at 2:56 PM Evan Nelson <evancnelson.law@gmail.com> wrote:

Mr. Jung,

As I am sure you are aware, any service authorized under either the federal rules or under the California Rules of Civil Procedure are acceptable service, which can include substitute service that has been effected or even email service approved by the Court once attempts to serve an intentional evader are shown. And the evader can be responsible for all costs associated with the service. The rules for service are not intended to create a game to be manipulated by attorneys' sharp practices. Please reconsider your position and let us know if you think we still need to do more to effect service on your client, who is a member of the bar herself and is represented here by you, an active member in the Northern District of California. If you contend the subpoena has not yet been properly served, please be advised that we intend to make a motion to compel the deposition and/or to allow email service with an order for costs. If your client accepts service from one or more of the many forms of service effected, including actual receipt by her through her emails and her attorney, we are willing to wait while indemnification and coverage are worked out, even though that process should have begun last November and should have been explained by you and by Mr. Oreper long before now instead of the intentional misrepresentation by Mr. Oreper that he was coordinating Ms. Vishakan's deposition with you. Please let us know how you wish to proceed, whether through motion to the Court to compel and accept substitute service already effected and/or to allow email service and order Ms. Vishakan to pay costs expended or have her agree to accept service of the subpoena and we will coordinate the timing of her deposition within reason.

 Best regards,

Evan C. Nelson
Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor
Walnut Creek, CA 94596
(925) 323-1991

On Wed, May 14, 2025 at 1:58 PM Charles H. Jung <charles@njfirm.com> wrote:

Dear Mr. Nelson:

Thank you for your email regarding proposed deposition dates for Ms. Komey Vishakan. First, I must address the purported service of a subpoena for Ms. Vishakan's deposition. I understand a subpoena was left with a paralegal at our office yesterday, May 13, 2025, even after my paralegal made it clear that we are not authorized to accept service on behalf of Ms. Vishakan. I also clearly communicated my lack of authority to accept service at the prior service attempt. Please be advised that the action yesterday does not constitute proper service upon Ms. Vishakan as an individual non-party witness under Rule 45(b)(1) of the Federal Rules of Civil Procedure, which requires delivering a copy to the named person. Our firm is not authorized to accept, and did not accept,

personal service of a deposition subpoena on behalf of Ms. Vishakan in this manner. We hereby preserve all objections to the subpoena, including but not limited to improper service.

Notwithstanding the defective service, and without waiving any objections, we are aware of your desire to schedule Ms. Vishakan's deposition. As you know, Ms. Vishakan is working through issues of representation and indemnification with the Palo Alto Unified School District (PAUSD) in connection with this matter. These critical issues are currently being addressed with PAUSD and its representatives.

Subject to the foregoing, I will confer with Ms. Vishakan regarding her general availability for the dates you proposed. Please also note that any deposition would also need to accommodate the schedule of her counsel. Also note that I have a prepaid overseas vacation from June 7 through the end of the month.

We trust this clarifies our position and look forward to resolving the preliminary matters so that discovery can proceed appropriately.

Sincerely,


Charles H. Jung
**NASSIRI** & **JUNG** LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com

 NASSIRI & JUNG LLP

Employment | Executive & Founder Disputes

# EXHIBIT C

**9A Fed. Prac. & Proc. Civ. § 2454 (3d ed.)**

**Federal Practice and Procedure (Wright & Miller)**  April 2025 Update

**Federal Rules of Civil Procedure**

**Chapter 7. Trials**
Arthur R. Miller

**Rule 45. Subpoena**

# § 2454 Service of a Subpoena

Link to Monthly Supplemental Service

They are still authorized to serve subpoenas, of course, as long as they meet the age requirement prescribed by Rule 45(b).[0.50] A subpoena can be served by any person who is not a party and is at least eighteen years of age. Prior to the 1991 amendments to Rule 45, only a United States marshal or the marshal's deputy, as was true also of original process under Rule 4(c), were explicitly authorized by the rule to serve subpoenas. The amended Rule 45(b) eliminates the reference to service by the United States marshal or deputy marshal because of the infrequency of the use of these court officers for this purpose and the importance of their other duties. They still are authorized to serve subpoenas, of course, as long as they meet the age requirement prescribed by Rule 45(b). Although no longer the case, until 1983 service of a subpoena differed from service of a summons and complaint, because under the earlier text of Rule 4, a special appointment by the court was required to authorize service by a person other than the marshal or the marshal's deputy. Some differences do continue to exist between the two forms of process, however. For example, the service of subpoenas is subject to various geographical limitations not applicable to service of a summons.[2] Similarly, Rule 4 does not require the personal service of a summons and complaint; in certain circumstances constructive service will suffice.[3]

The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required.[4] The use of the word "delivering" in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally.[5] Under this construction, contrary to the practice with regard to the service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness.[6] Moreover, unlike service of most litigation papers after the summons and complaint, service on a person's lawyer will not suffice.[7] Service on an agent of a corporation is sufficient, however, even though the agent on whom service is made does not have control of the books and records required to be produced, since it is not the agent who is to respond to the subpoena but the corporation, and the agent in that situation is merely the vehicle for reaching the corporation.[8] A corporation is amenable to service of a subpoena under Rule 45(b) in any forum in which it has sufficient minimum contacts.[9]

In recent years a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 proper absent personal service.[10] However, courts that do permit alternative forms of service, notably those in the Second Circuit, typically require that the alternative service be authorized by a court prior to service, that prior diligent attempts at personal service, and that the alternative form is calculated to provide timely actual notice.[10.25] Despite this, some district court judges have read Rule 45 simply to require delivering the subpoena to the named person without dictating the manner of delivery.[10.50] This emerging minority position could cause confusion and may prompt clarification of the rule. Until that happens, however, personal delivery of the subpoena is the safest course for counsel to follow.

Attorneys issuing subpoenas should note that a district court does not have the power to enforce a subpoena if it lacks subject

matter jurisdiction over the underlying action.[11] In addition, witnesses and parties attending a judicial proceeding outside the territorial jurisdiction of their residence are immune or exempt from service of civil process in another suit while in attendance at court in the jurisdiction to which they have been summoned.[12]

Service of the subpoena must be accompanied by tendering to the witness the fees for one day's attendance and the mileage allowed by law,[13] unless the subpoena is issued on behalf of the United States or an agency or office thereof, in which case fees and mileage need not be tendered.[14] Failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena.[15] The Supreme Court has held that prisoners subpoenaed as witnesses, like other witnesses, are entitled to witness fees.[16]

A party proceeding in forma pauperis is required to tender fees and mileage unless the government is authorized to pay the fees for him or her.[17] In forma pauperis proceedings are authorized by statute,[18] and at least one court has held that Section 1915(c) of Title 28 of the United States Code requires the government to pay the expenses of the subpoenaed witnesses.[19] However, the great weight of authority, including several court of appeals decisions, is to the contrary.[20] The question of fees and mileage is to be distinguished from the question of whether Section 1915(c) requires the Marshals Service to serve an indigent party's subpoena, which it does.[21]

Before the 2007 amendments, the requirement of "prior notice" for service of a subpoena duces tecum used to command the production of documents and other things was interpreted widely to require that notice be given before the issuance of the subpoena duces tecum, not before its return date.[22] A wording change included in the 2007 amendment to Rule 45(b)(1) made this general practice explicit, requiring that for subpoenas commanding production or inspection, notice be given to each party "before it is served."[23] Under the 2013 amendments, the notice requirement once found in Rule 45(b)(1) was moved to new Rule 45(a)(4).[23.30] The notice requirement was modified to require that a copy of the forthcoming subpoena be included in the notice.[23.60] The purpose of requiring notice prior to service is to allow opposing parties to object prior to service and move to quash or for a protective order.[24] It appears that most courts ruling on the issue have held that the consequence of untimely notice should not be an automatic quashing of the subpoena, at least in the absence of prejudice to the opposing party.[25]

In 2013, Rule 45(b)(2) was amended to provide simply that a subpoena may be served at any place within the United States, thereby removing the complexities prescribed in prior versions of the rule.[26] Prior to its amendment in 2013, Rule 45(b)(2) contained four subparts. Rule 45(b)(2)(A) provided that a subpoena may be served on the witness at any place within the district.[27] Rule 45(b)(2)(C) provided that a subpoena also may be served at any place within the state when a statute or rule of court permit service of a subpoena issued by a state court of general jurisdiction sitting in the same place as the district court.[28] Rule 45(b)(2)(B) provided that a subpoena may be served at any place outside the district that is within 100 miles of the place of hearing or trial specified in the subpoena.[29] The 100-mile limit applied to a party as well as to an ordinary witness.[30] A person who was in a different state, but within 100 miles, could be served with a subpoena even though he could not be served with original process because of the state line.[31] Finally, Rule 45(b)(2)(D) provided that the court on motion and for good cause may authorize another method for service if that is provided for by federal statute.[32]

The 2013 amendment sought to correct mistaken interpretations of Rule 45(c)(3)(A)(ii), which involved some courts holding that distant parties and parties' officers were not protected by prior Rule 45(b)(2)'s 100-mile provision. Although the text of the 1991 amendment was ambiguous, the Committee concluded that it was not intended to exclude distant parties and parties' officers from the 100-mile protection. The 2013 amendments make clear that all subpoenas are subject to the geographical limitations of the new Rule 45(c), which are modeled on those of former Rule 45(b)(2).[33]

Westlaw. © 2025 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

## Footnotes

[0.50]    **Marshal still allowed**

Sellers v. Thompson, 2024 WL 4104132, *2 (E.D. Wis. 2024) (Marshal service appropriate when prospective witness was (1) willing to attend and (2) had actual knowledge of relevant facts).