UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER COLOMBO,<br>    Plaintiff,<br>v.<br>PALO ALTO UNIFIED SCHOOL DISTRICT, and others,<br>    Defendants. | Case No. 24-cv-0909 NC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION RE: SERVICE OF DEPOSITION SUBPOENA**<br><br>Dkt. 143, 144 |

Presented to the Court is Plaintiff's administrative motion seeking leave for alternative service of a deposition subpoena to non-party witness Komey Vishakan. Dkt. 143, supplemented by Dkt. 144. The Court temporarily sealed the motion because it needlessly revealed private information about the witness. Dkt. 145. Vishakan opposed the motion. Dkt. 146. Plaintiff replied. Dkt. 147. In the interest of efficient justice, the Court rules without waiting for the hearing.

First, the Court understands the frustration communicated by Plaintiff's counsel. Noticing and scheduling a witness deposition should not be so complicated. The Court also appreciates the constructive reply from Plaintiff's counsel offering to redact the motion at Dkt. 143. Next time Plaintiff's counsel must consider the privacy issues before filing a motion. In order to address the privacy concerns raised by the Court in Dkt. 145 and in the opposition at Dkt. 146, Plaintiff is ordered to file a redacted version of Dkt. 143 that redacts images of the home, vehicle, and office, and the email address and home address of the witness. The redacted document must be filed by May 27. Dkt. 143 will remain sealed pending further Court order.

Next, the Court turns to the request for alternative service. Generally, a Rule 45 deposition subpoena must be personally served on the witness pursuant to Fed. R. Civ. P. 45(b). As Plaintiff's motion demonstrates, many courts have permitted alternative service where "reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." *In re Subpoena to VaughnPerling*, 2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019). Here, the Court grants Plaintiff's motion for alternative service, finding that the witness is already on fair notice of the subpoena and that Plaintiff's counsel has been diligent in seeking to serve the witness. The Court deems the witness served as of May 20, 2025, based on the emails served on counsel for the witness.

Finally, the Court looks ahead to the scheduling of the deposition. This Order only resolves service of the subpoena. The witness has not waived objection to the deposition. The Court expects counsel to communicate and cooperate in scheduling the deposition. The parties, including counsel for the witness, must confer and file a joint update by May 28 stating the date scheduled for the deposition. If there are remaining disputes about the deposition, they may be presented in the update.

In conclusion, Plaintiff's motion for alternative service is granted. Plaintiff must file a redacted version of Dkt. 143 by May 27, 2025. The parties and witness must file a joint update by May 28, 2025. The Court vacates the May 28 hearing. No fees or costs awarded.

**IT IS SO ORDERED.**

Dated: May 20, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge