1  EVAN C. NELSON (SBN 172957)
   LAW OFFICE OF EVAN C. NELSON
2  1990 N. CALIFORNIA BLVD., 8TH FLOOR
   WALNUT CREEK, CA 94596
3  Telephone: (925) 323-1991
4  Email: evancnelson.law@gmail.com

5  *Attorneys for Plaintiff Peter Colombo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER COLOMBO,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, DON AUSTIN, Individually and as Superintendent for PAUSD, LISA HICKEY, Individually and as Director of Certificated Human Resources for PAUSD, AMANDA BARK, Individually and as Manager, Policy and Legal Compliance for PAUSD, and TRENT BAHADURSINGH, individually and as Deputy Superintendent and Chief of Staff for PAUSD,<br><br>　　　　　　　Defendants. | Case No. 5:24-cv-00909-NC<br><br>**PLAINTIFF PETER COLOMBO'S REFILED ADMINISTRATIVE MOTION FOR LEAVE TO SERVE DEPOSITION AND DOCUMENT SUBPOENA ON KOMEY VISHAKAN VIA SERVICE ON HER ATTORNEY AND/OR VIA EMAIL SENT TO HER EMAIL ADDRESS REGISTERED WITH THE CALIFORNIA STATE BAR AND HER EMAIL AT THE LAW FIRM WHERE SHE IS EMPLOYED**<br><br>**HON. NATHANAEL M. COUSINS** |

# INTRODUCTION

Plaintiff submits this *ex parte* motion for leave to allow service of a deposition and document subpoena on Komey Vishakan, who is evading personal service and who has already actually received the subpoena through her confirmed email addresses and through service on her attorney who is representing her in this matter. Plaintiff requests he be allowed to complete service of the subpoena through service on her attorney and/or through email service to her email address registered with the California State Bar and her email at the law firm where she is employed. Ms. Vishakan's deposition can go forward on May 30, 2025 or on June 5, 2025 so long as her actual receipt of the subpoena and/or service through her attorney and/or service via email to her confirmed email addresses is allowed. Otherwise, the recently confirmed unavailability for her counsel for the rest of the month after June 7th and for newly substituted counsel for Defendant Don Austin who has provided no availability after June, will postpone this deposition for at least two months and according to counsel's stated unavailability after June will make it virtually impossible to occur.

Had the witness not been actively evading service, she would have received personal service weeks ago. The witness is evading service at her home address by not answering the door and now locking the gate to prevent access to the front door, and by directing personnel at the law office where she works to not allow the process server past the gate that allows access to the office. Her attorney appears to be facilitating that evasion of personal service. The witness is aware that Plaintiff is attempting to serve a subpoena for her testimony relevant to this case, has received the subpoena through both of her confirmed email addresses, through FedEx delivery of two copies of the subpoena to three locations (home address, work address, and her attorney's office), and her attorney has been served at his San Francisco office address and via email to his email address listed with the California State Bar.

May 30, 2025 or June 5, 2025 has been noted as available for all parties and their counsel to proceed with Ms. Vishakan's deposition and the only thing holding that up is Ms. Vishakan's counsel's insistence that she be actually personally served despite the intentional evasion tactics being employed, and actual receipt of the subpoena by Ms. Vishakan through her email addresses and by her attorney through service at his office and his email. If Ms. Vishakan's deposition does not proceed on May 30,

-1-

PLTF.'S ADMIN. MOT. TO SERVE KOMEY VISHAKAN THROUGH HER ATTORNEY AND/OR VIA EMAIL
*Colombo v. Palo Alto Unified School District, et al.* Case No.: 5:24-cv-00909-NC

2025 or June 5, 2025, it will be unreasonably delayed by months and through the close of fact discovery due to her counsel's statement of unavailability from June 7th through the end of June and Mr. Austin's newly substituted counsel's only availability being for dates in June and her statement of unavailability as follows: "I have trials scheduled to commence on July 28; August 4; September 15, 23, 29; October 1, 20, 27; December 1, 29; January 14, 26; and February 2 and 9. There are associated hearings, mediations, and discovery matters that will require my attention. It is impossible for me to give you a list of all calendar conflicts at this time."

## STATEMENT OF FACTS

Plaintiff determined to depose Komey Vishakan as one of the five depositions allowed by the Court without prior court order and has been trying to schedule her deposition since the pleadings were finally set on or about March 27, 2025 when discovery was allowed to open for depositions. (Nelson Decl. ¶ .) On April 22, 2025 at 4:50 pm, in response to several emails sent to Defendants' counsel and to Ms. Vishakan's counsel attempting to obtain potential deposition dates for Ms. Vishakan, Mr. Oreper stated, "With respect to Ms. Vishakan, as you know, she is presently separately represented and we are currently in discussions with her counsel to coordinate her deposition. I will let you know once we have confirmation of availability with respect to her deposition as well." (Nelson Decl. ¶ ; Exh. 1.) On April 23, 2025, Plaintiff's counsel hired ABC Legal to personally serve Ms. Vishakan with a deposition subpoena as a precautionary measure, since counsel would not respond to the question whether counsel would accept email service of the subpoena. (Nelson Decl. ¶¶ ; See Exhs. 2, 3.) Over the course of the two weeks between April 25, 2025 and May 9, 2025, ABC Legal's process servers made numerous efforts to locate and personally serve Ms. Vishakan with the subpoena. (Id.) Those efforts proved unsuccessful as outlined in the Proofs of Non Service submitted with this motion. (Id.) Specifically, Ms. Vishakan's car was present at her home address on 480 Melville Avenue in Palo Alto and she could be seen in her office but she refused to answer the door. (Id.) Similarly, her attorney's office was instructed to not accept service and closed and locked the door during open business hours to prevent access when the process server returned to leave the subpoena. (Id.)

-2-

PLTF.'S ADMIN. MOT. TO SERVE KOMEY VISHAKAN THROUGH HER ATTORNEY AND/OR VIA EMAIL
*Colombo v. Palo Alto Unified School District, et al.* Case No.: 5:24-cv-00909-NC

On May 6, 2025, Plaintiff's counsel emailed the subpoena to Ms. Vishakan's counsel at his email address registered with the California State Bar with cc to Ms. Vishakan's email address registered with the State Bar and to her email address at the law firm where she is employed. No bounce back messages or similar error messages were received. (Nelson Decl. ¶ ; Exhs. 4, 5.)

On May 9, 2025, Plaintiff's counsel contacted his investigator to make additional attempts to complete personal service of the subpoena on Ms. Vishakan. (Nelson Decl. ¶ ; Exh. 6.) He also was unable to complete personal service. (Id.) Consistent with ABC Legal's process server's observations, he found Ms. Vishakan's car in the driveway and evidence she was working from home in her office, but she would not answer the door. (Exh. 6 ¶¶ .) When he returned to try and serve her at her home another time, her car was still in the driveway, but she had locked the gate and hung window coverings, which further indicates her presence and substantial efforts to evade service of the subpoena that she already has actually received through emails. (Id. at ¶¶ .) When the investigator tried to serve the subpoena at her work location, office personnel were instructed to not allow him past the security gate and into the office. (Id. at ¶¶ .) At the San Francisco office of Ms. Vishakan's attorneys, when the investigator began to serve the subpoena, the man in the office ran and hid in the conference room and the paralegal at the front desk asked that he take the subpoena back, but the subpoena was left at her attorney's office. (Id.)

In addition, two copies of the subpoena have been sent via FedEx to each relevant location (home address, work address and attorney's office) and by certified mail to her home address. (Exh. 6, ¶ .)

On May 14, 2025, Plaintiff's counsel sent a Notice of Taking Deposition of Ms. Vishakan, including a copy of the subpoena, which was similarly emailed to all defense counsel (including newly substituted counsel for Defendant Don Austin), to Ms. Vishakan's two confirmed email addresses and to her attorney's confirmed email. (Nelson Decl. ¶ ; Exh. 7.) Although Defendant Don Austin's counsel was unavailable on the deposition date set in the subpoena and notice, May 29, 2025, **all relevant parties and their counsel are available on either May 30, 2025 or June 5, 2025** to proceed with this deposition. (Nelson Decl. ¶ .)

Her attorney is demanding completion of the impossible, personal service while he is aiding his client to evade such personal service. (Exh. 8.)

**LEGAL DISCUSSION**

Federal Rule of Civil Procedure 45 provides that "serving a subpoena requires delivering a copy to the named person." *Fed. R. Civ. P.* 45(b)(1). In general, District courts within the Ninth Circuit interpret this language to require personal service of subpoenas. *See Fujikura Ltd. v. Finisar Corp.*, 2105 U.S. Dist. LEXIS 135871, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015) (collections cases); *accord Emcyte Corp. v. Apex Biologix, LLC*, 2021 U. S. Dist. LEXIS 227022, 2021 WL 5507219, at *2 (C.D. Cal. Nov. 24, 2021). However, District courts are beginning to more routinely follow authorities that allow for alternative service of subpoenas where the serving party has demonstrated diligence in attempting to effect personal service. *See, e.g., Chambers v. Whirlpool Corp.*, 2016 WL 9451361, at *3 (C.D. Cal. Aug. 12, 2016) (collecting cases). Alternative means of service may be appropriate where they are "reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." *In re Subpoena to Vaughn Perling*, 2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019) (quoting *Chambers*, 2016 WL 9451361, at *2).

Notably, numerous district courts in this Circuit have specifically approved alternative service by certified or overnight mail when repeated attempts at personal service have been unsuccessful and that method is reasonably calculated to ensure that the witness receives notice of the subpoena. *See e.g., Sanchez v. Am. Media, Inc.,* No. CV 20-2924 DMG (PVCx), 2022 U.S. Dist. LEXIS 253605, 2022 WL 22879634, at *6-8 (C.D. Cal. July 14, 2022). As one court expressly found, "[s]ervice by certified mail comports with due process as it is reasonably calculated under the circumstances to provide Respondents with both notice and an opportunity to present objections." *Id.* (citing *Toni Brattin & Co. v. Mosaic Int'l, LLC*, 2015 U.S. Dist. LEXIS 46756, 2015 WL 1844056, at *4 (N.D. Cal. Apr. 9, 2015); *see also Wells Fargo Bank, NA v. Wyo Tech Inv. Grp., LLC*, 2019 U.S. Dist. LEXIS 117886, 2019 WL 3208114, at *2 (D. Ariz. July 16, 2019) (upholding alternative service by "certified mail or other forms of service that are reasonably calculated to achieve actual notice"); *Reyna v. Kings Cty. Jail*, 2021 U.S. Dist. LEXIS 243961, 2021 WL 6284105, at *1 (E.D. Cal. Dec. 21, 2021) ("A subpoena duces tecum may be served by certified mail."); *Dhillon v. Doe 1-10*, 2013 U.S. Dist. LEXIS 141050, 2013 WL 5367783, at *2 (N.D. Cal. Sept. 25, 2013) (permitting service of subpoenas "using any reasonable means, including written

notice sent to the entity's or person's last known address, transmitted either by first-class mail or overnight service.'))

District courts have also authorized service of process by "publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and . . . email." S*ee Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015-16 (9th Cir. 2002). In *Rio Properties*, the Ninth Circuit approved of email service citing that it is the method most likely to reach the proposed recipient. *Id.* at 1017. More recently, courts in the Northern District of California have even authorized service of process by social media." *Fabian v. LeMahieu*, No. 19-cv-00054, 2020 U.S. Dist. LEXIS 109013, 202 WL 3402800, at *3 (N.D. Cal. June 19, 2020 (citing *St. Francis Assisi v. Kuwait Fin. House*, No. 16-cv-3240, 2016 U.S. Dist. LEXIS 136152, 2016 WL 5725002, at *2 (N. D. Cal. Sep. 30, 2016 (Twitter); *UBS Fin. Servs. V. Berger,* No. 13-cv-03770, 2014 U.S. Dist. LEXIS 193761, 2014 WL 1263321, at *5 (N.D. Cal. Apr. 24, 2014) (LinkedIn))." *Maddry v. Luoxue*, No. 5:25-cv-02449-BLF, 2025 U.S. Dist. LEXIS 49580, 2025 WL 844949, at *4 (N.D. Cal. Mar. 18, 2025)

Ms. Vishakan knows about the subpoena and is actively evading personal service. She has also actually received copies of the subpoena through her confirmed email address registered with the California State Bar, her published email address at the law firm where she works, through overnight delivery via FedEx and through certified mail. She already has an attorney to represent her in this matter and he has been served both through his email address registered with the California State Bar and at his San Francisco office. Authorization of service by email or other alternative means under these circumstances is the only way to prevent hide-and-seek gamesmanship and allow Plaintiff to effect service without compromising Ms. Vishakan's due process as she has actual notice and an opportunity to defend herself through her attorney. Indeed, her attorney is ready to vigorously represent her.

Dated: May 15, 2025

Respectfully submitted,

LAW OFFICES OF EVAN C. NELSON

By:  */s/ Evan C. Nelson*
EVAN C. NELSON
Attorneys for Plaintiffs

-5-

PLTF.'S ADMIN. MOT. TO SERVE KOMEY VISHAKAN THROUGH HER ATTORNEY AND/OR VIA EMAIL
*Colombo v. Palo Alto Unified School District, et al.* Case No.: 5:24-cv-00909-NC

# CERTIFICATE OF SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Contra Costa, California.  I am over the age of eighteen years and not a party to the within entitled cause.  My business address is: 1990 N California Blvd, Floor 8, Walnut Creek, CA  94596.  On May 21, 2025, I served the foregoing document described as:

**PLAINTIFF PETER COLOMBO'S REFILED ADMINISTRATIVE MOTION FOR LEAVE TO SERVE DEPOSITION AND DOCUMENT SUBPOENA ON KOMEY VISHAKAN VIA SERVICE ON HER ATTORNEY AND/OR VIA EMAIL SENT TO HER EMAIL ADDRESS REGISTERED WITH THE CALIFORNIA STATE BAR AND HER EMAIL AT THE LAW FIRM WHERE SHE IS EMPLOYED**

__X__        (BY EMAIL TRANSMISSION)  I had such document(s) delivered via e-mail transmission to the addressees as set forth below.  I have not received any return email indicating such email transmission(s) were not successfully accomplished.

| | |
|---|---|
| Eugene Elliot<br>Ethan Lowry<br>Benjamin I. Oreper<br>BERTRAND, FOX, ELLIOT, ET AL.<br>2749 Hyde Street<br>San Francisco, CA 94109<br>(415) 353-0999<br><br>eelliot@bfesf.com; elowery@bfesf.com; boreper@bfesf.com; lroberts@bfesf.com; sguerrero@bfesf.com<br><br>*Attorneys for Defendants PAUSD, Lisa Hickey, Amanda Bark and Trent Bahadursingh* | Alison Beanum<br>Veena Mitchell<br>CLYDE & CO US LLP<br>335 S Grand Ave., Ste 1400<br>Los Angeles, CA 90071-1562<br>(213) 358-7660<br><br>alison.beanum@clydeco.us<br>veena.mitchell@clydeco.us<br><br>*Attorneys for Defendant Don Austin* |
| | Charles Jung<br>NASSIRI & JUNG LLP<br>1700 Montgomery Street, Ste 207<br>San Francisco, CA 94111-1023<br>(415) 762-3100<br>charles@njfirm.com<br>*Attorneys for Komey Vishakan* |

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 21, 2025.

_____
EVAN C. NELSON

PLTF.'S ADMIN. MOT. TO SERVE KOMEY VISHAKAN THROUGH HER ATTORNEY AND/OR VIA EMAIL
*Colombo v. Palo Alto Unified School District, et al. Case No.: 5:24-cv-00909-NC*