1  EVAN C. NELSON (SBN 172957)
   LAW OFFICE OF EVAN C. NELSON
2  1990 N. CALIFORNIA BLVD., 8TH FLOOR
   WALNUT CREEK, CA 94596
3  Telephone: (925) 323-1991
   Email: evancnelson.law@gmail.com
4
5  *Attorneys for Plaintiff Peter Colombo*
6
7
8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10                        SAN JOSE DIVISION
11 PETER COLOMBO,                          Case No. 5:24-cv-00909-NC
12                          Plaintiff,     **REDACTED DECLARATION OF EVAN C.
                                           NELSON SUPPORTING PLAINTIFF PETER
13            v.                           COLOMBO'S ADMINISTRATIVE MOTION
                                           FOR LEAVE TO SERVE DEPOSITION AND
14 PALO ALTO UNIFIED SCHOOL DISTRICT,      DOCUMENT SUBPOENA ON KOMEY
   DON AUSTIN, Individually and as         VISHAKAN VIA SERVICE ON HER
15 Superintendent for PAUSD, LISA HICKEY,  ATTORNEY AND/OR VIA EMAIL SENT TO
   Individually and as Director of Certificated HER EMAIL ADDRESS REGISTERED WITH
16 Human Resources for PAUSD, AMANDA       THE CALIFORNIA STATE BAR AND HER
   BARK, Individually and as Manager, Policy EMAIL AT THE LAW FIRM WHERE SHE IS
17 and Legal Compliance for PAUSD, and     EMPLOYED**
   TRENT BAHADURSINGH, individually and
18 as Deputy Superintendent and Chief of Staff for
   PAUSD,
19                                         **HON. NATHANAEL M. COUSINS**
                          Defendants.
20
21
22
23
24
25
26
27
28

   DECL. OF EVAN C. NELSON ISO ADMIN. MOT. TO ALTERNATIVELY SERVE KOMEY VISHAKAN
   *Colombo v. Palo Alto Unified School District, et al. Case No.: 5:24-cv-00909-NC*

**<u>DECLARATION</u>**

I, Evan C. Nelson do hereby declare as follows:

1.      I am counsel of record for Plaintiff Peter Colombo in this action and I have personal knowledge of the facts stated in this declaration.

2.      Plaintiff determined to depose Komey Vishakan as one of the five depositions allowed by the Court without prior court order and has been trying to schedule her deposition since the pleadings were finally set on or about March 27, 2025 when discovery was allowed to open for depositions.

3.      On April 22, 2025 at 4:50 pm, in response to several emails sent to Defendants' counsel and to Ms. Vishakan's counsel attempting to obtain potential deposition dates for Ms. Vishakan, Mr. Oreper stated, "With respect to Ms. Vishakan, as you know, she is presently separately represented and we are currently in discussions with her counsel to coordinate her deposition. I will let you know once we have confirmation of availability with respect to her deposition as well." A true and correct copy of Mr. Oreper's email representation is attached hereto as **Exhibit 1**.

4.      On April 23, 2025, we hired ABC Legal to personally serve Ms. Vishakan with a deposition subpoena as a precautionary measure, since counsel would not respond to the question whether he would accept email service of the subpoena. Attached as **Exhibits 2 and 3** are true and correct copies of Proofs of Non Service from ABC Legal process servers.

5.       Over the course of the two weeks between April 25, 2025 and May 9, 2025, ABC Legal's process servers made numerous efforts to locate and personally serve Ms. Vishakan with the subpoena. (See Exhs. 1 and 2.) Those efforts proved unsuccessful as outlined in the Proofs of Non Service submitted with this motion. (Id.) Specifically, Ms. Vishakan's car was present at her home address on 480 Melville Avenue in Palo Alto and she could be seen in her office but she refused to answer the door. (Id.) Similarly, her attorney's office was instructed to not accept service and closed and locked the door during open business hours to prevent access when the process server returned. (Id.)

6.      On May 6, 2025, I emailed the subpoena to Ms. Vishakan's counsel at his email address registered with the California State Bar with cc to Ms. Vishakan's email address registered with the State

DECL. OF EVAN C. NELSON ISO ADMIN. MOT. TO ALTERNATIVELY SERVE KOMEY VISHAKAN
*Colombo v. Palo Alto Unified School District, et al. Case No.: 5:24-cv-00909-NC*

Bar and to her email address at the law firm where she is employed and no bounce back messages or similar error messages were received.

7.      Attached as **Exhibit 4** is a true and correct copy of the email sent to Ms. Vishakan and to her attorney with the subpoena attached.

8.      Attached as **Exhibit 5** are true and correct copies of Ms. Vishakan's and her attorneys' information registered with and published by the California State Bar.

9.      On May 9, 2025, I contacted our investigator to make additional attempts to complete personal service of the subpoena on Ms. Vishakan.

10.     Attached as **Exhibit 6** is a true and correct copy of the Declaration of Non Service executed by our investigator and former police detective, Scott S. Williams.

11.     Mr. Williams was also unable to complete personal service due to evasive measures employed by Ms. Vishakan and her attorneys. (See Exh. 6.)

12.     Consistent with ABC Legal's process server's observations, he found Ms. Vishakan's car in the driveway and evidence she was working from home in her office, but she would not answer the door. When he returned to try and serve her at her home another time, her car was still in the driveway, but she had locked the gate and hung window coverings, which further indicates her presence and substantial efforts to evade service of the subpoena that she already has actually received through emails.

13.     When our investigator tried to serve the subpoena at Ms. Vishakan's work location, office personnel were instructed to not allow him past the security gate and into the office. At the San Francisco office of Ms. Vishakan's attorneys, when the investigator began to serve the subpoena, the man in the office ran and hid in the conference room and the paralegal at the front desk asked that he take the subpoena back, but the subpoena was left at her attorney's office.

14.     In addition, two copies of the subpoena have been sent via FedEx to each relevant location (home address, work address and attorney's office) and by certified mail to her home address.

15.     On May 14, 2025, I sent a Notice of Taking Deposition of Ms. Vishakan, including a copy of the subpoena, which was similarly emailed to all defense counsel (including newly substituted counsel for Defendant Don Austin), to Ms. Vishakan's two confirmed email addresses and to her attorney's

confirmed email. Attached as **Exhibit 7** is a true and correct copy of the email transmitting the Notice of Taking Deposition Via Subpoena of Komey Vishakan. Although Defendant Don Austin's counsel was unavailable on the deposition date set in the subpoena and notice, May 29, 2025, **all relevant parties and their counsel are available on either May 30, 2025 or June 5, 2025** to proceed with this deposition.

Ms. Vishakan's attorney is prepared to vigorously defend his client and is demanding completion personal service while he is aiding his client to evade such personal service. Attached as **Exhibit 8** is a true and correct copy of Mr. Jung's email objection to alternative service of the subpoena.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and was executed on the 15th Day of February, 2025, in Walnut Creek, California.

*/s/ Evan C. Nelson*
EVAN C. NELSON

DECL. OF EVAN C. NELSON ISO ADMIN. MOT. TO ALTERNATIVELY SERVE KOMEY VISHAKAN
*Colombo v. Palo Alto Unified School District, et al. Case No.: 5:24-cv-00909-NC*

**CERTIFICATE OF SERVICE**

I, the undersigned, declare as follows:

I am employed in the County of Contra Costa, California. I am over the age of eighteen years and not a party to the within entitled cause. My business address is: 1990 N California Blvd, Floor 8, Walnut Creek, CA 94596. On May 21, 2025, I served the foregoing document described as:

**REDACTED DECLARATION OF EVAN C. NELSON SUPPORTING PLAINTIFF PETER COLOMBO'S ADMINISTRATIVE MOTION FOR LEAVE TO SERVE DEPOSITION AND DOCUMENT SUBPOENA ON KOMEY VISHAKAN VIA SERVICE ON HER ATTORNEY AND/OR VIA EMAIL SENT TO HER EMAIL ADDRESS REGISTERED WITH THE CALIFORNIA STATE BAR AND HER EMAIL AT THE LAW FIRM WHERE SHE IS EMPLOYED**

__X__      (BY EMAIL TRANSMISSION) I had such document(s) delivered via e-mail transmission to the addressees as set forth below. I have not received any return email indicating such email transmission(s) were not successfully accomplished.

| | |
|---|---|
| Eugene Elliot<br>Ethan Lowry<br>Benjamin I. Oreper<br>BERTRAND, FOX, ELLIOT, ET AL.<br>2749 Hyde Street<br>San Francisco, CA 94109<br>(415) 353-0999<br><br>eelliot@bfesf.com; elowery@bfesf.com; boreper@bfesf.com; lroberts@bfesf.com; sguerrero@bfesf.com<br><br>*Attorneys for Defendants PAUSD, Lisa Hickey, Amanda Bark and Trent Bahadursingh* | Alison Beanum<br>Veena Mitchell<br>CLYDE & CO US LLP<br>335 S Grand Ave., Ste 1400<br>Los Angeles, CA 90071-1562<br>(213) 358-7660<br><br>alison.beanum@clydeco.us<br>veena.mitchell@clydeco.us<br><br>*Attorneys for Defendant Don Austin* |
| | Charles Jung<br>NASSIRI & JUNG LLP<br>1700 Montgomery Street, Ste 207<br>San Francisco, CA 94111-1023<br>(415) 762-3100<br>charles@njfirm.com<br>*Attorneys for Komey Vishakan* |

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 21, 2025.

_____
EVAN C. NELSON

-4-

DECL. OF EVAN C. NELSON ISO ADMIN. MOT. TO ALTERNATIVELY SERVE KOMEY VISHAKAN
*Colombo v. Palo Alto Unified School District, et al. Case No.: 5:24-cv-00909-NC*

# EXHIBIT 1

 Gmail

Evan Nelson <evancnelson.law@gmail.com>

---

## RE: Colombo v. PAUSD, et al.
1 message

---

**Benjamin I. Oreper** <boreper@bfesf.com>                    Tue, Apr 22, 2025 at 4:50 PM
To: Evan Nelson <evancnelson.law@gmail.com>, Ethan Lowry <elowry@bfesf.com>, Eugene Elliot <eelliot@bfesf.com>, "L. Roberts" <lroberts@bfesf.com>, Sergio Guerrero <sguerrero@bfesf.com>

Counsel,


Neither our office nor the deponents are available on the dates noticed for the depositions of Robert Andrade and Lisa Hickey. We are conferring with the deponents and will provide alternative dates shortly within the proposed timeframe. I am currently available on the following dates and am still in the process of confirming which dates would work for the deponents (and I will let you know as soon as I have their confirmation): May 21-22, and 28; June 2-5.


With respect to the depositions of Nicole Miller and Komey Vishakan: Ms. Miller and I are currently both available on May 30 and June 2-4. With respect to Ms. Vishakan, as you know, she is presently separately represented and we are currently in discussions with her counsel to coordinate her deposition. I will let you know once we have confirmation of availability with respect to her deposition as well.


With respect to your request that we stipulate to Plaintiff's taking of additional depositions: at this time, we are not clear regarding Plaintiff's specific justification as to why any of the specified depositions are necessary, including the depositions of the "five defendants" inclusive of the District's PMQ, which has not yet been noticed. Additionally, with respect to the asserted necessity of deposing all named Defendants, I would specifically note that, for example, we remain unaware of any specific factual basis on which Amanda Bark remains a named Defendant in this case, nor why her deposition is necessary or relevant to any of Plaintiff's claims in this matter - an assessment supported by your own (subsequently withdrawn without explanation) proposal to dismiss her from this matter entirely.


We would ask that you please provide us Plaintiff's specific justification for each of the depositions he wishes to take, inclusive of their relevance to the claims which are currently before the Court following the order on the Motion to Dismiss (which, for instance, do not include a claim for malicious prosecution, as explicitly referenced in Plaintiff's notice of deposition of Mr. Andrade), so that we can properly evaluate your request for a stipulation. We anticipate that, were Plaintiff to move for the Court to allow that these depositions be taken, Plaintiff would be expected to outline his specific justifications for taking these depositions in a similar manner, so we would appreciate if you could share that information with us in seeking our stipulated agreement.


Best,

# EXHIBIT 2

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address):*<br>**Law Office of Evan C. Nelson**<br>**1990 N. California Blvd., 8th Floor**<br>**Walnut Creek, CA 94596**<br><br>TELEPHONE NO.: **925-708-2072**    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* **Peter Colombo** | FOR COURT USE ONLY |
|---|---|

| **United States District Court, Northern District of California**<br>STREET ADDRESS: **280 S 1st St**<br>MAILING ADDRESS: **280 S 1st St**<br>CITY AND ZIP CODE: **San Jose 95113**<br>BRANCH NAME: **Robert F. Peckham Federal Building** |  |
|---|---|

| PLAINTIFF/PETITIONER: **Peter Colombo** | CASE NUMBER:<br><br>**5:24-cv-00909-NC** |
|---|---|
| DEFENDANT/RESPONDENT: **PALO ALTO UNIFIED SCHOOL DISTRICT; ET AL** |  |
| **DECLARATION OF NON SERVICE** | Ref. No. or File No.:<br>**Colombo Vishakan Subpoena** |

I declare that I am and was on the dates herein mentioned, over the age of 18 years, not a party to nor interested in the above entitled action, and competent to be a witness therein.

I received the following documents for service:
   **Servee Check for Komey Vishakan ($160.00); SUBPOENA**

I attempted to serve        **Komey Vishakan**
at the address of           ███████████████████

**BY FAX**

and was unable to effect service for the following reasons:
   **5/7/2025 12:30 PM: I spoke with an individual who identified themselves as the resident and they stated service not permitted. I spoke with a neighbor who doesn't recognize name.**

   **She saw me knocking her door and she was sitting inside check her pictures please, and she ignored to talk to me and she ignored to answer the door .**
   **she saw me from her glass door inside front of her house garden glass door ,**

Fee for service: $ 251.00

I am a registered California process server; my name, address, phone number, and county of registration and number are:

**Fahd Bouksimi**
███████████████████

**Mark Church, #560**

| For: | **ABC Legal Services, LLC** |
|---|---|
| Registration #: | **6779** |
| County: | **Los Angeles** |

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.
Date:  05/09/2025

_____
        Fahd Bouksimi
   (PRINTED NAME OF DECLARANT)

_____
   (SIGNATURE OF DECLARANT)

**DECLARATION OF NON SERVICE**

Tracking #: **0168891940**

REF: **Colombo Vishakan Subpoena on Melville**

# EXHIBIT 3

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| **Law Office of Evan C. Nelson**<br>**1990 N. California Blvd., 8th Floor**<br>**Walnut Creek, CA 94596**<br>TELEPHONE NO.: **925-708-2072**  FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: **Peter Colombo** | |

| **United States District Court, Northern District of California** |
|---|
| STREET ADDRESS: **280 S 1st St** |
| MAILING ADDRESS: **280 S 1st St** |
| CITY AND ZIP CODE: **San Jose 95113** |
| BRANCH NAME: **Robert F. Peckham Federal Building** |

| PLAINTIFF/PETITIONER: **Peter Colombo** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **Palo Alto Unified School District; et al.** | **5:24-cv-00909-NC** |

| **DECLARATION OF NON SERVICE** | Ref. No. or File No.:<br>**Colombo** |
|---|---|

I declare that I am and was on the dates herein mentioned, over the age of 18 years, not a party to nor interested in the above entitled action, and competent to be a witness therein.

I received the following documents for service:
**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

I attempted to serve     **Komey Vishakan (aka Komathy Vishakan)**
at the address of     ████████████████████████████████████

and was unable to effect service for the following reasons:
**5/6/2025 9:37 AM: I spoke with an individual who identified themselves as the resident and they stated subject unknown.**
**5/6/2025 10:59 AM: I spoke with an individual who identified themselves as the resident and they stated subject resides but refused to respond.  Attorney office refusing to open the door second time already I have a video for proof**

Fee for service: $ 0.00

I am a registered California process server; my name, address, phone number, and county of registration and number are:

**Oscar Preciado** ████████████████ | For: | **ABC Legal Services, LLC**
████ ████ | Registration #: | **6779**
**Alameda , #1591** | County: | **Los Angeles**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.
Date:    05/09/2025

_____
Oscar Preciado
(PRINTED NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

# EXHIBIT 1

# EXHIBIT 4

 Gmail                                                                    Evan Nelson <evancnelson.law@gmail.com>

---

## Colombo - Subpoena for Komey Vishakan

1 message

**Evan Nelson** <evancnelson.law@gmail.com>                                Tue, May 6, 2025 at 10:40 AM
To: kvishakan@gmail.com, kvishakan@f3law.com
Cc: "Charles H. Jung" <charles@njfirm.com>, "Benjamin I. Oreper" <boreper@bfesf.com>, Ethan Lowry
<elowry@bfesf.com>, Eugene Elliot <eelliot@bfesf.com>, "L. Roberts" <lroberts@bfesf.com>, Sergio Guerrero
<sguerrero@bfesf.com>

Ms. Vishakan,

Attached to this email is a subpoena for your deposition in the Colombo v. PAUSD matter. This email is sent to both
your email at the law firm where you are currently employed and to your personal email address listed with the
California Bar. We have also attempted service at ███████████████████ and will effect service on your
counsel Charles Jung's San Francisco Office and on your work office at ████████████████.

We have not received any response from your counsel nor the attorneys for the District regarding your preference for
how to receive service of this subpoena, so we are including you with this email in addition to attempting personal and
substitute service in every reasonable manner. We ask that you confirm acceptance of service of the subpoena via
this email (which case law for the Northern District of California deems proper under these circumstances as
sufficient notice) and we will continue to attempt to coordinate a date that works for all parties when this deposition
can be completed.

Best regards,

Evan C. Nelson
Law Office of Evan C. Nelson
1990 North California Blvd., 8th Floor
Walnut Creek, CA 94596
(925) 323-1991

---

📄 **Subpoena_Komey Vishakan.pdf**
1243K

# EXHIBIT 5

# The State Bar *of California*

**Komathy Vishakan #294938**
License Status: Active

Address: ███████████████████████████
Phone: ████████████ | Fax: Not Available
Email: **kvishakan@gmail.com** | Website: Not Available

## More about This Attorney ▾

The table below shows an attorney's license status changes, disciplinary actions, and administrative actions. Some administrative suspensions are subject to automatic removal from the attorney profile page pursuant to the State Bar's **policy on removal of administrative actions**. Administrative suspensions are non-disciplinary actions resulting from noncompliance with administrative requirements, such as the requirement to pay licensing fees or comply with Minimum Continuing Legal Education. Administrative suspensions that meet the criteria in the State Bar's policy on removal of administrative actions would not be displayed below.

| Date | License Status ⓘ | Discipline ⓘ | Administrative Action ⓘ |
|------|-----------------|-------------|------------------------|
| Present | Active | | |
| 12/13/2013 | Admitted to the State Bar of California | | |

**Additional Information:**

- **About the disciplinary system**

Copyright © 2025 The State Bar of California

  

# The State Bar *of California*

Charles Hyunchul Jung #217909
**License Status: Active**

Address: Nassiri & Jung LLP, ███████████████████████████
Phone ████████  |  Fax: Not Available
Email: Not Available  |  Website: Not Available

## More about This Attorney ▾

The table below shows an attorney's license status changes, disciplinary actions, and administrative actions. Some administrative suspensions are subject to automatic removal from the attorney profile page pursuant to the State Bar's **policy on removal of administrative actions**. Administrative suspensions are non-disciplinary actions resulting from noncompliance with administrative requirements, such as the requirement to pay licensing fees or comply with Minimum Continuing Legal Education. Administrative suspensions that meet the criteria in the State Bar's policy on removal of administrative actions would not be displayed below.

| Date | License Status ⓘ | Discipline ⓘ | Administrative Action ⓘ |
|------|------------------|--------------|-------------------------|
| Present | Active | | |
| 12/11/2001 | Admitted to the State Bar of California | | |

Additional Information:
- **About the disciplinary system**

Copyright © 2025 The State Bar of California

  

# EXHIBIT 6

1  EVAN C. NELSON (SBN 172957)
   LAW OFFICE OF EVAN C. NELSON
2  1990 N. CALIFORNIA BLVD., 8TH FLOOR
   WALNUT CREEK, CA 94596
3  Telephone: (925) 323-1991
   Email: evancnelson.law@gmail.com
4

5  *Attorneys for Plaintiff Peter Colombo*

6

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11  PETER COLOMBO,                          Case No. 5:24-cv-00909-NC

12                        Plaintiff,        **DECLARATION OF NON SERVICE OF**
                                            **SUBPOENA ON KOMEY VISHAKAN**
13           v.

14  PALO ALTO UNIFIED SCHOOL DISTRICT,
    DON AUSTIN, Individually and as
15  Superintendent for PAUSD, LISA HICKEY,
    Individually and as Director of Certificated
16  Human Resources for PAUSD, AMANDA       **HON. NATHANAEL M. COUSINS**
    BARK, Individually and as Manager, Policy
17  and Legal Compliance for PAUSD, and
    TRENT BAHADURSINGH, individually and
18  as Chief of Staff for PAUSD,

19                        Defendants.

20

21         1.      My name is Scott S. Williams, I am over 18 years old and not a party to the action. I make

22  this declaration based on my own personal knowledge and if called to testify would testify as follows.

23         2.      I am a retired police detective and am currently a licensed Private Investigator in the State

24  of California (BSIS Ca. Lic # 25813).

25         3.      My separately described unsuccessful attempts to complete personal service of a subpoena

26  for deposition and documents on Komey Vishakan are set forth below.

27         4.       I made numerous attempts to complete personal service, described herein, but was also

28  unsuccessful due to Ms. Vishakan's evasion of service.

                                          -1-

5.      On 05/13/25 at approximately 1225 hours, I arrived at the Law Office of Fagan, Friedman and Fulfrost, LLP located at ████████████████████████████ ████████ which I understand to be the location where Ms. Vishakan is employed as an attorney. The building has a locked glass main lobby door with a digital phone directory box outside. I called suite #205 and announced that I was outside in order to serve a civil subpoena to one of their employees named Komathy Vishakan and that she was expecting said subpoena. The person on the telephone identified himself as "Ismael", the office assistant for the law firm. Ismael placed me on hold for approximately four minutes and then advised me that Komathy was not available and said he would pass along my name and telephone number to her. Ismael did not allow me access inside the building, and I provided him my name and telephone number so he could notify Komathy as to why I was there.

6.      I was not allowed to enter the premises and have received no communication from Ms. Vishakan regarding how I might serve her person with the subpoena.

7.      On 05/13/25 at approximately 1315 hours, I arrived at the Law Office of Charles Jung, Nassiri and Jung LLP located at ████████████████████████ cisco. I understand this to be the San Francisco office of Ms. Vishakan's attorney for this matter. The female security guard seated at the front desk in the lobby allowed me access to suite 207 (the aforementioned law office suite) and I walked through the unlocked office door. There was a female (later identified at "Brittany", a paralegal employee for the firm) seated at a front desk. There was also an unidentified male subject who ran from her desk into a nearby conference room as I took out the subpoena for Komathy and said I was serving a subpoena. I advised Brittany that Komathy was currently represented by the law firm and I needed them to accept service of the subpoena on her behalf. Brittany said she did not believe she could accept service for Komathy but I left the subpoena with her regardless. Brittany asked if I could take the subpoena back and I said I could not. I left the subpoena with Brittany and left the office.

8.      On 05/13/25 at approximately 1530 hours, I arrived at ████████████████████ ████ (a single-family residence). I was greeted by an unidentified female resident who informed me that Komathy owned the property and rented it out to the resident I was speaking with. The resident told me that someone else had come to the residence in recent weeks and was also looking for Komathy (prior

DECLRATION OF NON SERVICE ON KOMEY VISHAKAN
*Colombo v. Palo Alto Unified School District, et al. Case No.: 5:24-cv-00909-NC*

1    process server).  The resident told me that Komathy lived "in the same neighborhood" but did not

2    provide me with her address.

3        9.    On 05/13/25 at approximately 1540 hours, I arrived at ████████████████ (a

4    single-family residence).  A records check revealed this address as a property owned by Komathy.  This

5    residence was located approximately two blocks from the ████████████ residence.  There was

6    a gray Audi Quattro SUV ████████████████ parked in the driveway.  I entered the unlocked

7    front gate to the residence and knocked on the front door.  I noticed there was an office with glass door

8    and window approximately ten feet from the front door.  There was a desk with a computer on it and a lot

9    of miscellaneous paperwork on the desk.  I knocked on the front door and rang the doorbell several

10    times, but nobody answered. I then left the residence.

11        10.    Attached are photos I took of Ms. Vishakan's residence, including her address number,

12    her office and her car that was present both times I attempted to serve her person at her residence. She

13    would not answer the door during my first attempt and then locked the front gate to prevent my access to

14    the door on the second occasion.

15        11.    Following these unsuccessful attempts to serve Komathy in person, I am mailing two

16    copies of the subpoenas to each of the three addresses where she resides (███████████████

17    ██ ), where she has a work location (Law Office of Fagan, Friedman and Fulfrost, LLP located at ██

18    ████████████████████ ) and where her attorney for this matter has a San Francisco

19    address (Law Office of Charles Jung, Nassiri and Jung LLP located at ████████████████

20    ████ ). I am including a witness fee check with the mailings.

21        I so declare under penalty of perjury under the laws of the United States and the State of California,

22    executed this 14th Day of May, 2025 in Brisbane, California.

23

24

25

26        _____
            Scott S. Williams

27

28

DECLRATION OF NON SERVICE ON KOMEY VISHAKAN
*Colombo v. Palo Alto Unified School District, et al. Case No.: 5:24-cv-00909-NC*

EVAN C. NELSON (SBN 172957)
LAW OFFICE OF EVAN C. NELSON
1990 N. CALIFORNIA BLVD., 8TH FLOOR
WALNUT CREEK, CA 94596
Telephone: (925) 323-1991
Email: evancnelson.law@gmail.com

*Attorneys for Plaintiff Peter Colombo*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| PETER COLOMBO, | Case No. 5:24-cv-00909-NC |
| Plaintiff, | **DECLARATION OF NON SERVICE OF SUBPOENA ON KOMEY VISHAKAN** |
| v. | |
| PALO ALTO UNIFIED SCHOOL DISTRICT, DON AUSTIN, INDIVIDUALLY AND AS SUPERINTENDENT FOR PAUSD, LISA HICKEY, INDIVIDUALLY AND AS DIRECTOR OF CERTIFICATED HUMAN RESOURCES FOR PAUSD, AMANDA BARK, INDIVIDUALLY AND AS MANAGER, POLICY AND LEGAL COMPLIANCE FOR PAUSD, AND TRENT BAHADURSINGH, INDIVIDUALLY AND AS CHIEF OF STAFF FOR PAUSD, | **HON. NATHANAEL M. COUSINS** |
| Defendants. | |

1. My name is Scott S. Williams, I am over 18 years old and not a party to the action. I make this declaration based on my own personal knowledge and if called to testify would testify as follows.

2. I am a retired police detective and am currently a licensed Private Investigator in the State of California (BSIS Ca. Lic # 25813).

3. My separately described unsuccessful attempts to complete personal service of a subpoena for deposition and documents on Komey Vishakan are set forth below.

4. I made numerous attempts to complete personal service, described herein, but was also unsuccessful due to Ms. Vishakan's evasion of service.

5. On 05/13/25 at approximately 1225 hours, I arrived at the Law Office of Fagan, Friedman and Fulfrost, LLP located at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, California which I understand to be the location where Ms. Vishakan is employed as an attorney. The building has a locked glass main lobby door with a digital phone directory box outside. I called suite #205 and announced that I was outside in order to serve a civil subpoena to one of their employees named Komethy Vishakan and that she was expecting said subpoena. The person on the telephone identified himself as "Ismael", the office assistant for the law firm. Ismael placed me on hold for approximately four minutes and then advised me that Komathy was not available and said he would pass along my name and telephone number to her. Ismael did not allow me access inside the building, and I provided him my name and telephone number so he could notify Komathy as to why I was there.

6. I was not allowed to enter the premises and have received no communication from Ms. Vishakan regarding how I might serve her person with the subpoena.

7. On 05/13/25 at approximately 1315 hours, I arrived at the Law Office of Charles Jung, Nassiri and Jung LLP located at ▮▮▮▮▮▮▮▮▮▮▮▮ I understand this to be the San Francisco office of Ms. Vishakan's attorney for this matter. The female security guard seated at the front desk in the lobby allowed me access to suite 207 (the aforementioned law office suite) and I walked through the unlocked office door. There was a female (later identified as "Brittany", a paralegal

employee for the firm) seated at a front desk. There was also an unidentified male subject who ran from her desk into a nearby conference room as I took out the subpoena for Komathy and said I was serving a subpoena. I advised Brittany that Komathy was currently represented by the law firm and I needed them to accept service of the subpoena on her behalf. Brittany said she did not believe she could accept service for Komathy but I left the subpoena with her regardless. Brittany asked if I could take the subpoena back and I said I could not. I left the subpoena with Brittany and left the office.

8. On 05/13/25 at approximately 1530 hours, I arrived at ▮▮▮▮▮▮▮▮▮▮ (a single-family residence). I was greeted by an unidentified female resident who informed me that Komathy owned the property and rented it out to the resident I was speaking with. The resident told me that someone else had come to the residence in recent weeks and was also looking for Komathy (prior process server). The resident told me that Komathy lived "in the same neighborhood" but did not provide me with her address.

9. On 05/13/25 at approximately 1540 hours, I arrived at ▮▮▮▮▮▮▮▮▮▮ (a single-family residence). A records check revealed this address as a property owned by Komathy. This residence was located approximately two blocks from the ▮▮▮▮▮▮▮▮▮ residence. There was a gray Audi Quattro SUV ▮▮▮▮▮▮▮▮▮▮ ) parked in the driveway. I entered the unlocked front gate to the residence and knocked on the front door. I noticed there was an office with glass door and window approximately ten feet from the front door. There was a desk with a computer on it and a lot of miscellaneous paperwork on the desk. I knocked on the front door and rang the doorbell several times, but nobody answered. I then left the residence.

10. Attached are photos I took of Ms. Vishakan's residence, including her address number, her office and her car that was present both times I attempted to serve her person at her residence. She would not answer the door during my first attempt and then locked the front gate to prevent my access to the door on the second occasion.

11. Following these unsuccessful attempts to serve Komathy in person, I am mailing two copies of the subpoenas to each of the three addresses where she resides ▮▮▮▮▮▮▮▮▮ ), where she has a work location (Law Office of Fagan, Friedman and Fulfrost, LLP located at ▮▮▮▮▮▮▮ ) and where her attorney for this matter has a San Francisco address (Law Office of Charles Jung, Nassiri and Jung LLP located at ▮▮▮▮▮▮▮▮▮ ). I am including a witness fee check with the mailings.

I so declare under penalty of perjury under the laws of the United States and the State of California, executed this 14ᵗʰ Day of May, 2025 in Brisbane, California.

Scott S. Williams

# EXHIBIT 7



Evan Nelson <evancnelson.law@gmail.com>

---

## Colombo v. PAUSD et al - Notice of Deposition by Subpoena of Komey Vishakan

1 message

---

**Evan Nelson** <evancnelson.law@gmail.com>                                    Wed, May 14, 2025 at 1:12 PM
To: "Benjamin I. Oreper" <boreper@bfesf.com>, Ethan Lowry <elowry@bfesf.com>, Eugene Elliot <eelliot@bfesf.com>,
"L. Roberts" <lroberts@bfesf.com>, Sergio Guerrero <sguerrero@bfesf.com>, "Charles H. Jung" <charles@njfirm.com>,
"Beanum, Alison" <alison.beanum@clydeco.us>, "Mitchell, Veena" <Veena.Mitchell@clydeco.us>, kvishakan@f3law.com,
kvishakan@gmail.com

If May 29, 2025 does not work for anyone, please immediately notify all recipients of this email along with alternative
dates in May and June that you are available to reset this deposition.

Best regards,

Evan C. Nelson
Law Office of Evan C. Nelson
1990 North California Blvd., 8th Floor
Walnut Creek, CA 94596
(925) 323-1991

---

📄 **Colombo_Notice of Deposition and Document Requests_Komey Vishakan.pdf**
971K

# EXHIBIT 8

 Gmail

<span style="color:gray">Evan Nelson &lt;evancnelson.law@gmail.com&gt;</span>

---

## RE: Colombo v. PAUSD, et al.

1 message

---

**Charles H. Jung** &lt;charles@njfirm.com&gt;                    Wed, May 14, 2025 at 10:13 PM
To: Evan Nelson &lt;evancnelson.law@gmail.com&gt;
Cc: Ethan Lowry &lt;elowry@bfesf.com&gt;, Eugene Elliot &lt;eelliot@bfesf.com&gt;, "Benjamin I. Oreper" &lt;boreper@bfesf.com&gt;,
"L. Roberts" &lt;lroberts@bfesf.com&gt;, Sergio Guerrero &lt;sguerrero@bfesf.com&gt;, "Beanum, Alison"
&lt;alison.beanum@clydeco.us&gt;, "Mitchell, Veena" &lt;Veena.Mitchell@clydeco.us&gt;, Brittany Shimshock
&lt;brittany@njfirm.com&gt;

Mr. Nelson:


We are in receipt of your multiple emails today, including your 10th and 11th emails sent at 8:25 PM and
8:44 PM, regarding the deposition of Ms. Komey Vishakan and your intention to file an administrative
motion.


Ms. Vishakan is not evading service. She is represented by counsel in this specific matter, and our office
has been in direct communication with you regarding her potential deposition. To characterize her as an
"intentional evader" is a baseless and inflammatory accusation, particularly when the primary reasons for
the current inability to definitively schedule her deposition stem from unresolved critical issues with the
Palo Alto Unified School District (PAUSD) and prior improper attempts to serve her.


Our position on service of the deposition subpoena remains consistent: Federal Rule of Civil Procedure
45(b)(1) requires personal delivery of a subpoena to the named individual non-party witness. The
attempts you describe—leaving a subpoena with a paralegal at our office (after being informed we are
not authorized to accept such service for Ms. Vishakan), or alleged observations by process servers at
her home or current place of employment without effecting direct personal service on Ms. Vishakan—do
not satisfy this fundamental requirement. Standard security measures at a residence or a law firm do not
constitute "evasion" by an individual who has not been personally confronted with and refused service.
Furthermore, your assertion that actual notice via email to counsel or her Bar-registered email fulfills the
service requirement for a Rule 45 deposition subpoena on a non-party individual oversimplifies and
misstates the rule's requirements for compelling an individual's attendance.


As we have repeatedly stated, the central and substantive impediment to scheduling Ms. Vishakan's
deposition is the outstanding resolution of her contractual and statutory rights to full indemnification and
the provision of conflict-free independent legal counsel by PAUSD. These are not "gamesmanship"
tactics; they are essential legal protections that Ms. Vishakan is entitled to before she can be subjected
to a deposition, particularly given her former role as General Counsel, the privileged nature of much of
her knowledge, and the potential for her to be named as a defendant. PAUSD's failure to respond to our
initial demand in November 2024 within the statutory 20-day period (Cal. Gov. Code § 995.2(b)) has
significantly contributed to the current situation (as has your inexplicable, six-month-long delay, followed
by your frantic attempts at forcing a non-party deposition on your schedule).

Ms. Vishakan will vigorously oppose any administrative motion to deem service complete based on these improper attempts, any motion to authorize substitute email service under the false premise of "evasion," and any associated request for costs against her. Such costs, if any are deemed legitimately incurred due to difficulties in effecting proper service (which has yet to be demonstrated as attempted on her personally and refused by her), would be a matter for PAUSD under its indemnification duty, not a personal liability for Ms. Vishakan under these circumstances.

We are not attempting to "dodge service" or unnecessarily delay proceedings. Our objective is to ensure Ms. Vishakan's rights are protected. Once:

1. Her rights to indemnification by PAUSD are formally confirmed and effectuated;
2. She is represented by conflict-free independent counsel paid for by PAUSD; and
3. Proper service of a subpoena is effected (or its formal service is waived by Ms. Vishakan through her independent counsel), her independent counsel will be prepared to coordinate reasonable dates for her deposition.

We urge you once again to allow a reasonable period for the resolution of these critical predicate matters with PAUSD. Proceeding with an administrative motion at this stage, based on the current record, will be met with a full and robust opposition.

Sincerely,

Charles H. Jung
**NASSIRI & JUNG** LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com



Employment | Executive & Founder Disputes

1

**CERTIFICATE OF SERVICE**

2

I, the undersigned, declare as follows:

3

    I am employed in the County of Contra Costa, California.  I am over the age of eighteen years and

4

not a party to the within entitled cause.  My business address is: 1990 N California Blvd, Floor 8, Walnut

5

Creek, CA  94596.  On May 21, 2025, I served the foregoing document described as:

6

**REDACTED DECLARATION OF EVAN C. NELSON SUPPORTING PLAINTIFF
PETER COLOMBO'S ADMINISTRATIVE MOTION FOR LEAVE TO SERVE
DEPOSITION AND DOCUMENT SUBPOENA ON KOMEY VISHAKAN VIA
SERVICE ON HER ATTORNEY AND/OR VIA EMAIL SENT TO HER EMAIL
ADDRESS REGISTERED WITH THE CALIFORNIA STATE BAR AND HER
EMAIL AT THE LAW FIRM WHERE SHE IS EMPLOYED**

7

8

9

10

  X       (BY EMAIL TRANSMISSION)  I had such document(s) delivered via e-mail transmission
to the addressees as set forth below.  I have not received any return email indicating such
email transmission(s) were not successfully accomplished.

11

12

| | |
|---|---|
| Eugene Elliot<br>Ethan Lowry<br>Benjamin I. Oreper<br>BERTRAND, FOX, ELLIOT, ET AL.<br>2749 Hyde Street<br>San Francisco, CA 94109<br>(415) 353-0999<br><br>eelliot@bfesf.com; elowery@bfesf.com;<br>boreper@bfesf.com; lroberts@bfesf.com;<br>sguerrero@bfesf.com<br><br>*Attorneys for Defendants PAUSD, Lisa Hickey,<br>Amanda Bark and Trent Bahadursingh* | Alison Beanum<br>Veena Mitchell<br>CLYDE & CO US LLP<br>335 S Grand Ave., Ste 1400<br>Los Angeles, CA 90071-1562<br>(213) 358-7660<br><br>alison.beanum@clydeco.us<br>veena.mitchell@clydeco.us<br><br>*Attorneys for Defendant Don Austin* |
| | Charles Jung<br>NASSIRI & JUNG LLP<br>1700 Montgomery Street, Ste 207<br>San Francisco, CA 94111-1023<br>(415) 762-3100<br>charles@njfirm.com<br>*Attorneys for Komey Vishakan* |

13

14

15

16

17

18

19

20

21

22

23

24

    I declare under penalty of perjury that the foregoing is true and correct and that this declaration

25

was executed on May 21, 2025.

26

27

                            EVAN C. NELSON

28