EVAN C. NELSON (SBN 172957)
LAW OFFICE OF EVAN C. NELSON
1990 N. CALIFORNIA BLVD., 8TH FLOOR
WALNUT CREEK, CA 94596
Telephone: (925) 323-1991
Email: evancnelson.law@gmail.com

*Attorneys for Plaintiff Peter Colombo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER COLOMBO,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, DON AUSTIN, Individually and as Superintendent for PAUSD, LISA HICKEY, Individually and as Director of Certificated Human Resources for PAUSD, AMANDA BARK, Individually and as Manager, Policy and Legal Compliance for PAUSD, and TRENT BAHADURSINGH, individually and as Deputy Superintendent and Chief of Staff for PAUSD,<br><br>　　　　　　　　　Defendants. | Case No. 5:24-cv-00909-NC<br><br>**STATEMENT REGARDING WAIVER OF COUNSEL'S GLOBAL DESIGNATION OF THE TRANSCRIPT FOR THE DEPOSITION TESTIMONY OF KOMEY VISHAKAN AS "CONFIDENTIAL" FOR FAILURE TO TIMELY MAKE A MOTION TO RETAIN THE CONFIDENTIALITY DESIGNATION**<br><br>**[PROTECTIVE ORDER, ECF #65]**<br><br><br>HON. NATHANAEL M. COUSINS |

　　　Designating counsel has failed to make a motion within 14 days of failure of the meet and confer process, as required to retain his global confidentiality designation over the entire transcript for Ms. Vishakan's deposition testimony. Accordingly, per Paragraph 6.3 of the Protective Order, the right to a confidentiality designation has been waived (ECF #65, p. 6, lns. 2-4) and Plaintiff's counsel is providing this Statement for the record. Counsel may separately move the Court for confidentiality protection of one or more specific portions of the transcript, but the court reporter can now finalize the transcript without the burden and expense of a confidentiality label for the entire transcript.

1

STATEMENT RE: WAIVER OF GLOBAL DESIGNATION OF VISHAKAN DEPOSITION AS "CONFIDENTIAL"
*Colombo v. Palo Alto Unified School District, et al., Case No.: 5:24-cv-00909-NC*

1    After Ms. Vishakan and her counsel actively evaded service of the deposition subpoena, the Court ordered the subpoena was deemed served through alternative means of service and ordered a joint statement regarding scheduling of Ms. Vishakan's deposition. (ECF #148 and ECF #152.) Ms. Vishakan's deposition then commenced at 1:30 pm on June 5, 2025 and concluded shortly after 6 pm. Ms. Vishakan's counsel purported to designate the entire transcript of Ms. Vishakan's deposition testimony as "confidential", which indiscriminate designation violated the express terms of the protective order. (See ECF #65, p. 3, lns. 13-23.) Accordingly, Plaintiff's counsel challenged the designation and meet and confer attempts failed on June 9, 2025 without any "voice to voice" meet and confer as Ms. Vishakan's counsel was in another time zone and unavailable. A Joint Statement initiated by Plaintiff's counsel was almost complete by June 10, 2025, but neither Ms. Vishakan's counsel nor Defendants' counsel finalized the Joint Statement to make a motion to retain the global confidentiality designation.

Regardless, since the indiscriminate designation of the entire transcript as confidential violated express terms of the protective order, such was, and continues to be, *per se* invalid. (See ECF #65, Page 4, lines 19-21, "Designation in conformity with the Order requires . . . for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony"; Page 3, lines 13-23, "Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.")

Counsel did belatedly identify certain specific portions of the transcript he would like to label "confidential" without lifting the global confidential label over the entire transcript. Plaintiff maintains that such designation after completion of the deposition also violates the express terms of the protective

2

STATEMENT RE: WAIVER OF GLOBAL DESIGNATION OF VISHAKAN DEPOSITION AS "CONFIDENTIAL"
*Colombo v. Palo Alto Unified School District, et al., Case No.: 5:24-cv-00909-NC*

order (at p. 4, lns. 19-21) and the specific designations do not warrant the confidentiality tag, though counsel can separately move the Court to have such designated as confidential.

    1.    Counsel first asserted that he needed to leave the global confidentiality tag in place while he reviewed the transcript for any attorney-client privileged material. The rough transcript has been available since June 16, 2025 and, more importantly, there was no disclosure of attorney-client privileged information since the witness was instructed to not answer with such allegedly privileged testimony – an instruction she followed without exception. Indeed, she was instructed to not answer whether she recalled any instance or instances where a District administrator or board member came to her with a legal question, provided her with all of the pertinent facts relating to the legal question and then sought her legal advice on how to proceed. It is Plaintiff's position that this instruction to not answer clearly indicates the District's refusal to waive privilege and allow any individual defendant to assert a good faith/advice of counsel defense in this matter.

    2.    The circumstances of Ms. Vishakan's separation from PAUSD are not privileged nor confidential as it was broadcast through numerous news articles.

    3.    Ms. Vishakan's extensive employment history purportedly unrelated to this case is not confidential as Plaintiff's counsel obtained this information directly from Ms. Vishakan's LinkedIn profile, which she has made public on her own volition. [Her prior employment in Australia and the UK is also directly relevant given her role in the collaborative District/PAPD criminal investigation.]

Should counsel wish to seek confidentiality protection over any specific testimony, they should be required to immediately move for protection and reopen the deposition to allow specific questioning relating to such "confidential" testimony. Two additional depositions have already taken place with the indiscriminate confidentiality tag over the entire transcript, and the next depositions are scheduled to take place in mid- to late-July. Any request for confidentiality protection should be both narrowly tailored and immediate sought to avoid further obstruction, cost and delays.

Dated: June 24, 2025        LAW OFFICES OF EVAN C. NELSON

By:     /s/ Evan C. Nelson     
      EVAN C. NELSON
     Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Contra Costa, California. I am over the age of eighteen years and not a party to the within entitled cause. My business address is: LAW OFFICE OF EVAN C. NELSON, 1990 N California Blvd, Floor 8, Walnut Creek, CA 94596. On June 24, 2025, I served the foregoing document described as:

**STATEMENT REGARDING WAIVER OF COUNSEL'S GLOBAL DESIGNATION OF THE TRANSCRIPT FOR THE DEPOSITION TESTIMONY OF KOMEY VISHAKAN AS "CONFIDENTIAL" FOR FAILURE TO TIMELY MAKE A MOTION TO RETAIN THE CONFIDENTIALITY DESIGNATION [PROTECTIVE ORDER, ECF #65]**

__X__   (BY EMAIL TRANSMISSION) I had such document(s) delivered via e-mail transmission to the addressees as set forth below. I have not received any return email indicating such email transmission(s) were not successfully accomplished.

| | |
|---|---|
| Eugene Elliot<br>Ethan Lowry<br>Benjamin I. Oreper<br>BERTRAND, FOX, ELLIOT, ET AL.<br>2749 Hyde Street<br>San Francisco, CA 94109<br>(415) 353-0999<br><br>eelliot@bfesf.com; elowery@bfesf.com; boreper@bfesf.com; lroberts@bfesf.com; sguerrero@bfesf.com<br><br>*Attorneys for Defendants PAUSD, Lisa Hickey, Amanda Bark and Trent Bahadursingh* | Alison Beanum<br>Veena Mitchell<br>CLYDE & CO US LLP<br>335 S Grand Ave., Ste 1400<br>Los Angeles, CA 90071-1562<br>(213) 358-7660<br><br>alison.beanum@clydeco.us<br>veena.mitchell@clydeco.us<br><br>*Attorneys for Defendant Don Austin* |
| | Charles Jung<br>NASSIRI & JUNG LLP<br>1700 Montgomery Street, Ste 207<br>San Francisco, CA 94111-1023<br>(415) 762-3100<br>charles@njfirm.com<br>*Attorneys for Komey Vishakan* |

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 24, 2025.

_____
Evan C. Nelson, Esq

STATEMENT RE: WAIVER OF GLOBAL DESIGNATION OF VISHAKAN DEPOSITION AS "CONFIDENTIAL"
*Colombo v. Palo Alto Unified School District, et al., Case No.: 5:24-cv-00909-NC*