CHARLES H. JUNG (217909)
(charles@njfirm.com)
NASSIRI & JUNG LLP
1700 Montgomery Street, Suite 207
San Francisco, California 94111
Telephone:  (415) 762-3100
Facsimile:  (415) 534-3200

Attorneys for Defendant
KOMATHY VISHAKAN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| PETER COLOMBO,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, DON AUSTIN, Individually and as Superintendent for PAUSD, LISA HICKEY, Individually and as Director of Certificated Human Resources for PAUSD, AMANDA BARK, Individually and as Manager, Policy and Legal Compliance for PAUSD, and TRENT BAHADURSINGH, individually and as Deputy Superintendent and Chief of Staff for PAUSD,,<br><br>　　　　　Defendants. | Case No.: 5:24-CV-00909-NC<br><br>**STATEMENT OF COUNSEL FOR NON-PARTY WITNESS KOMEY VISHAKAN IN RESPONSE TO CLERK'S NOTICE [ECF NOS. 154 & 155]** |

Pursuant to the Court's Clerk's Notice filed June 30, 2025 (ECF No. 156), counsel for non-party witness Komey Vishakan respectfully submits this statement to update the Court on the status of the meet-and-confer process regarding the confidentiality of Ms. Vishakan's deposition testimony. The parties have made significant progress toward a stipulation, but a short extension of time is necessary to finalize the joint filing ordered by the Court.

The final, certified transcript of Ms. Vishakan's deposition was delivered to counsel for the first time earlier today, July 7, 2025 – this is the same day as the Court's deadline. As the proposed stipulation between the parties requires an "Exhibit A" listing the specific page-and-line designations, it is impossible for the parties to finalize and file a joint document without adequate time to review the transcript.

Counsel for Ms. Vishakan requested that Plaintiff's counsel join in a request for a one-week extension to complete this work. Plaintiff's counsel initially refused, but now appears to assent to a one-week extension.

- **June 5, 2025**: Plaintiff's counsel fails to provide notice of the Stipulated Protective Order until nearly five hours into Ms. Vishakan's deposition, necessitating a provisional blanket designation. To preserve Ms. Vishakan's and PAUSD's rights in the face of belated disclosure, counsel for Ms. Vishakan made a provisional blanket designation on the record. Immediately following the deposition, counsel confirmed in writing his intent to review the transcript upon receipt and provide specific, narrowed designations in full compliance with Section 5.1 of the Protective Order.

- **June 9-10**: Plaintiff's counsel threatens immediate court action via a "Joint Statement" but then abandons it, stating on June 10, "I guess that this will not happen then."

- **June 24, 2025**: Contradicting his prior position, Plaintiff's counsel files a unilateral "Statement Regarding Waiver" (ECF No. 154), arguing Ms. Vishakan waived all confidentiality rights.

- **June 24-26, 2025**: Counsel for Ms. Vishakan initiates a good-faith meet and

confer, and the parties reach an agreement in principle on the substantive designations. Counsel for Mr. Colombo agrees to wait until the transcript is finalized writing: "It appears the parties are in agreement. . . . Perhaps we wait until the transcript is finalized so that we can file it under seal at the same time." Ms. Vishakan's agree the parties can "can file the relevant portions under seal . . . ."

- **June 30, 2025**: Plaintiff's counsel files an "Addendum" (ECF No. 155), agreeing to treat the transcript as confidential pending a final stipulation.

- **June 30, 2025**: The Court ordered, "As to the protective order disputes presented in Dkts. [154] and [155], counsel for Colombo and Vishakan are ordered to confer further and to file by July 7, 2025, either (1) a stipulated proposed order or (2) a joint discovery statement."

Counsel for Ms. Vishakan has acted diligently and in good faith to resolve this dispute. We are preparing our proposed designations for Exhibit A to the stipulation, and need time to review the transcript that was received today. Further Plaintiff's counsel has not provided his portions of the transcript relating to a "good faith defense" as the parties have previously agreed. Accordingly, a joint filing is not possible today. Plaintiff's counsel now appears to agree to a one-week extension.

To comply with the Court's order and facilitate the efficient resolution of this matter, counsel for Ms. Vishakan respectfully requests a one-week extension, to **July 14, 2025**, for the parties to submit either the stipulated proposed order or a joint discovery statement.

Dated:   July 7, 2025

Respectfully Submitted,
NASSIRI & JUNG LLP

By:   */s/ Charles H. Jung*
Charles H. Jung
Attorney for Non-Party
Komathy Vishakan