1  EVAN C. NELSON (SBN 172957)
   JONATHAN MCDOUGALL, ESQ. (SBN 212359)
2  LAW OFFICE OF JONATHAN MCDOUGALL
   1640 Laurel Street
3  San Carlos, CA  94070
   Telephone: (650) 594-4200
4  Email:  jonathan@mcdlaw.net; evancnelson.law@gmail.com

5  *Attorneys for Plaintiff Peter Colombo*

8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA
10                  SAN JOSE DIVISION

| | |
|---|---|
| PETER COLOMBO,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, DON AUSTIN, Individually and as Superintendent for PAUSD, LISA HICKEY, Individually and as Director of Certificated Human Resources for PAUSD, and TRENT BAHADURSINGH, individually and as Deputy Superintendent and Chief of Staff for PAUSD,<br><br>　　　　　　　Defendants. | Case No. 5:24-cv-00909-NC<br><br>**JOINT STATEMENT REGARDING PLAINTIFF'S REQUEST FOR AN ORDER ALLOWING ONE MORE DEPOSITION (INVESTIGATOR NICOLE MILLER) BEYOND DISCOVERY CUTOFF AND FOR AN ORDER TO COMPEL COMPLETE RESPONSE TO PLAINTIFF'S DOCUMENT AND DEPOSITION SUBPOENA TO NICOLE MILLER**<br><br>**HON. NATHANAEL M. COUSINS** |

**Plaintiff's Position:**

On Wednesday, August 20, 2022, the District selectively waived privilege regarding Its personnel investigation of Mr. Colombo conducted by Ms. Miller. Plaintiff requests the selective waiver be ruled a complete waiver pursuant to clear Ninth Circuit authority, so Plaintiff can present a full picture of the District's investigation through a complete document production and deposition pursuant to a previously served deposition and document subpoena. Plaintiff requests an order allowing one deposition in addition to the five previously allowed by the Court to proceed beyond fact discovery cutoff of August 29, 2025, and requiring complete production of documents and testimony pursuant to waiver of privileges.

Plaintiff properly subpoenaed Nicole Miller as the District's outside investigator for its personnel investigation of Mr. Colombo. No Notice of Investigation was ever provided to Plaintiff, but an investigation was vaguely referenced as the sole reason for placing Mr. Colombo on administrative leave following dismissal of the criminal charges, as stated in Defendant Hickey's May 24, 2023 Notice of Placement on Paid Administrative Leave. ("You are hereby notified that you are placed on a paid administrative leave pending an internal investigation.") Defendants used Ms. Miller's personnel investigation, which Defendants left open more than a year, as pretext for keeping Mr. Colombo out of a student-facing teaching position for two full school years after the criminal charges had been dropped.

Plaintiff scheduled Ms. Miller as his first deposition of the five allowed by the Court without court order. Difficulties with scheduling the District's former General Counsel Vishakan for deposition required Ms. Vishakan's deposition take precedence. Then Ms. Miller made clear she would not provide her investigation file, detailed findings, her report, or related documents requested through subpoena, based on Defendants' assertion of privilege. She made clear that she would similarly avoid substantive deposition questioning through assertion of the same privilege(s), both attorney-client and work product. In light of these circumstances, Plaintiff did not use one of his five depositions on such futile efforts.

The previously asserted privileges were recently waived by the District (holder of the privileges) on Wednesday August 20, 2025 through publication to the press of the following information:

The District hired[1] an independent investigator with more than 20 years of experience as a

---

[1] Note that this admits for the first time that the District is the client that hired Ms. Miller.

deputy sheriff and private investigator to look into teacher Peter Colombo. "That investigation also concluded that there was no evidence to support the claim."

This attempted selective disclosure was made by the District to serve its own purposes in response to public outcry from parents and teachers who spoke out during the Open Forum session of the Board Meeting held on Tuesday, August 19, 2025. The single sentence investigative "finding" provided to Mr. Colombo on May 28, 2024 stated, "The Investigator determined that the allegation was not substantiated due to a lack of evidence, including but not limited to, the absence of a direct statement from the alleged victim to support the claim." These two statements are quite different.

Ms. Miller reviewed the documents from the criminal prosecution and had access to complete testimony of the accuser and her evidence, and likely found the accuser's identification of Mr. Colombo not credible or otherwise insufficient to support any finding of wrongdoing, but her actual "findings" are being concealed by the District and manipulated to fit their own purposes. Had the District followed proper procedures for conducting a personnel investigation, as set forth in board policies, Mr. Colombo would be entitled to much more information, including detailed findings, the bases for such findings and a complete listing of all evidence reviewed. However, Defendants conducted an investigation using undocumented procedures to avoid providing all relevant information to which Plaintiff's documented due process entitles him, by purportedly shrouding the entirety of the investigation in privilege.[2] Since Defendants did not follow approved procedures and did not provide the details from the investigation mandated by appropriate due process, Ms. Miller's investigative file, report and testimony are needed to provide the complete picture to which Mr. Colombo is now entitled.

By selectively disclosing the investigation results through partial statements to the press and in the May 28, 2024 letter to Plaintiff, the District waived privilege relating to Ms. Miller's investigation.

"The attorney-client privilege is intended to encourage clients to make full disclosure to their attorneys, recognizing that sound advice depends upon the lawyer's being fully informed by the client. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (internal quotation marks

---

[2] The *Sonoma* case Defendants cited for their position previously, did not protect from disclosure the detailed information required to be provided by a public school district through a Notice of Investigative Findings and/or Administrative Determination Letter, and only protected the investigative report because it had been authored by an attorney. Ms. Miller is not an attorney and her client is the District.

> omitted). The work product doctrine is a qualified privilege that protects certain materials prepared by an attorney acting for his client in anticipation of litigation. *United States v. Nobles*, 422 U.S. 225, 237-38 (1975) (internal quotation marks omitted). Both privileges may be waived. *United States v. Plache*, 913 F.2d 1375, 1379 (9th Cir. 1990) (attorney-client); *Nobles*, 422 U.S. at 239 (work product); *see also Tennebaum v. Deloite & Touche*, 77 F.3d 377, 340-41 (9th Cir. 1996) (finding that waiver prevents selective disclosure--disclosing that which supports a cause while hiding the unfavorable)."

*Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010)

In *Pacific Pictures Corp. v. United States*, 679 F.3d 1121 (2012), the Ninth Circuit conclusively rejected the theory that selective disclosure can be used to avoid full waiver of privilege. Accordingly, the District's attempt to selectively waive privilege operates as a complete transactional waiver relating to the District's personnel investigation, which they used as pretext to delay returning Mr. Colombo to his student-facing teaching position for two years. Confidentiality may still exist under ECF #65.

Moreover, In light of the recent admission that the District hired Ms. Miller for a personnel investigation not for "an investigation in anticipation of litigation", Ms. Miller's file materials, report, and testimony do not constitute protected legal advice, which presents a dispositive preliminary issue as to whether privilege attaches. *See United States v. Ruehle*, 583 F.3d 600, 608 fn. 8 (9th Cir. 2009).

**Defendant District's Position:**

Per ECF 87, Plaintiff has previously brought the following issue before the court: "(1) demanding a privilege waiver in connection with the upcoming deposition of Nicole Miller, an investigator hired by the District, or in the alternative, an exclusion of evidence (ECF 71)." The Court previously found the following:

> Plaintiff's request is denied. This is the second discovery motion about the Nicole Miller deposition, now scheduled for November 15 and 18, 2024. See ECF 61 (ordering parties to confer and agree on the Miller deposition date). The Court is not persuaded ahead of the deposition that Defendants have waived any privilege as to Miller or that waiver should be ordered because of alleged fraud. Arguments about the exclusion of evidence at trial are premature. All parties will be permitted motions in limine before trial. (ECF 87.)

Plaintiff now argues that the District has waived any privilege related to Ms. Miller's deposition because a local newspaper reported that "The district hired an independent investigator…" to investigate the allegations. However, this is not new information to Plaintiff and certainly presents no basis for a determination that the District has waived any privilege as to Ms. Miller's investigation. Plaintiff has had this information since at least when the District stated in its opposition to Plaintiff's first unsuccessful motion for partial summary judgment that "[t]he investigation was overseen by the District's outside legal counsel, who retained the services of an independent third-party investigator, Nicole Miller of Miller & Associates." (ECF 28 at 4:27-28.) Notably, this information was shared by the District before either of the previous joint statements were filed relating to Ms. Miller's deposition and investigation file at ECF 48 & 71. Plaintiff offers no explanation as to why reporting of this information by the media in any way changes the calculus related to waiver of the attorney-client or work product privileges. The District's general counsel retained Ms. Miller on behalf of the District to conduct the personnel investigation of the allegations against Mr. Colombo. The communications between general counsel and Ms. Miller are protected by the attorney-client and attorney work product privileges; the investigation is protected by work product privilege; the investigation report is protected by the attorney-client privilege.

Defendants have consistently and repeatedly stated that, as a consequence of Nicole Miller's retention by the District's general counsel at the District's direction and in anticipation of litigation, she operated as general counsel's agent in conducting the personnel investigation of Plaintiff, and that, accordingly, her communications with general counsel are subject to the attorney client privilege, and the fruits of the investigation, including her report, notes, and any other documents produced pursuant to the investigation, are subject to work-product protection.

Defendants have consistently made clear that while they did not object to Ms. Miller's deposition being taken, and have never contended that she cannot be questioned as to unprivileged matters, the District continues to assert, and has not and does not waive any privilege as to her communications with general counsel and as to any materials produced pursuant to her investigation. Plaintiff provides no authority for his assertions that the District's privilege claims were waived by a newspaper report re-stating information that was already known to Plaintiff and was known when the Court previously

considered this issue on two separate occasions.

The District previously responded to Plaintiff's assertion that whether the investigation was conducted in anticipation of litigation versus as a personnel investigation, and the Court found in favor of the District on the issue:

> Further, the District is entitled to perform personnel investigations of employees related to accusations of rape by former students. Plaintiff's assertion that the investigation "Was conducted as part of an attempted employee disciplinary/termination proceeding and not solely in anticipation of litigation" is both entirely speculative and irrelevant, as the investigation would be subject to privilege even if considerations additional to the District's anticipation of litigation factored into whether to undertake the investigation. *(United States v. Adlman* (2nd Cir. 1995) 68 F3d 1495, 1501-1502; *In re Grand Jury Subpoena (Mark Torf/Torf Environmental Management)* (9th Cir. 2004) 357 F3d 900, 910.) (ECF 71 at 2:22-28.)

Plaintiff presents no analysis or basis for his assertion that the investigation or its purpose was for "business advice" of that any "selective waiver" has occurred.

Plaintiff has already used his five depositions in this matter (K. Vishakan, C. Ahern, L. Hickey, T. Bahadursingh, PMQ (T. Bahadursingh, D. Austin, R. Andrade). Plaintiff has had multiple opportunities to depose Ms. Miller and chosen not to. Nevertheless, the District will agree to permit Ms. Miller's deposition to take place after the discovery cutoff and beyond Plaintiff's permitted depositions as to non-privileged matters and does not agree to production of her privileged documents.

Dated: August 28, 2025           LAW OFFICES OF JONATHAN D. MCDOUGALL


By:____*/s/ Evan C. Nelson*_____
     EVAN C. NELSON
     Attorneys for Plaintiff Peter Colombo

| | |
|---|---|
| Dated: August 28, 2025 | BERTRAND FOX ELLIOT OSMAN & WENZEL |

By:     /s/ Ethan M. Lowry
        ETHAN M. LOWRY
        BENJAMIN I. OREPER
        Attorneys for Defendants Palo Alto Unified
        School District, Trent Bahadursingh,
        Lisa Hickey and Amanda Bark

Dated: August 28, 2025         CLYDE & CO. US LLP

By:     /s/ Alison Beanum
        ALISON BEANUM
        Attorneys for Defendant Don Austin

JOINT STATEMENT RE SELECTIVE WAIVER OF PRIVILEGE AND SUBPOENA TO NICOLE MILLER
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC