UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER COLOMBO,<br>    Plaintiff,<br>v.<br>PALO ALTO UNIFIED SCHOOL DISTRICT, and others,<br>    Defendants. | Case No. 24-cv-0909 NC<br><br>**ORDER RESOLVING JOINT STATEMENT FILED AT DKT. 178** |

This Order resolves the document filed August 29, 2025, as a "Joint Statement" at Dkt. 178.  In the Statement, Plaintiff Colombo requests leave to take the deposition of witness Nicole Miller after the fact discovery deadline and requests a finding that the District has no privilege to assert as to Miller's documents and testimony and also has waived any privilege through selective disclosure.  *Id.*  The District does not oppose the deposition but opposes the remainder of Plaintiff's request.  *Id.*

The Court finds that Plaintiff shows good cause to take an additional deposition (Miller) and to take it after the discovery deadline.  The deposition must be completed by September 16, 2025, so as not to interfere with other case deadlines.  The parties must cooperate in scheduling the deposition.

Next, the Court denies Plaintiff's request that the Court determine that the District

1 has no valid privilege to assert as to Miller. The Court previously addressed Plaintiff's
2 privilege argument (Dkt. 87) and Plaintiff has not persuaded the Court to reconsider its
3 prior ruling or to show that the District has no valid privileges to assert.
4   Finally, the Court is not persuaded that the District has waived any privilege as to
5 Miller through selective disclosure. The Court addressed waiver in Dkt. 87 but Plaintiff
6 proffers new facts of alleged District publication to the press.[1] From this record, The
7 Court is not persuaded that the District has waived any privilege as to Miller.
8   This discovery order does not make any determinations about the admissibility of
9 information at trial. All parties will have an opportunity to file trial motions in limine.
10   The Court defers assessing fees, costs, and sanctions.
11   **IT IS SO ORDERED.**

Dated: September 2, 2025          _____
                                   NATHANAEL M. COUSINS
                                   United States Magistrate Judge

---

[1] Plaintiff inconsistently asserts that the publication was made on August 20, 2022, and August 20, 2025. Dkt. 178 at 2:2 and 2:15. From context, the Court assumes that the 2022 date is a typo.