EVAN C. NELSON (SBN 172957)
JONATHAN MCDOUGALL, ESQ. (SBN 212359)
LAW OFFICE OF JONATHAN MCDOUGALL
1640 Laurel Street
San Carlos, CA 94070
Telephone: (650) 594-4200
Email: jonathan@mcdlaw.net; evancnelson.law@gmail.com

*Attorneys for Plaintiff Peter Colombo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER COLOMBO,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, DON AUSTIN, Individually and as Superintendent for PAUSD, LISA HICKEY, Individually and as Director of Certificated Human Resources for PAUSD, and TRENT BAHADURSINGH, individually and as Deputy Superintendent and Chief of Staff for PAUSD,<br><br>　　　　　　Defendants. | Case No. 5:24-cv-00909-NC<br><br>**JOINT STATEMENT REGARDING REMAINING DEPOSITION ISSUES**<br><br>**1. DEPOSITION OF NICOLE MILLER, ECF #180**<br><br>**2. DEFENDANTS REQUEST FOR DEPOSITION OF NON-PARTY HEIDI COLOMBO**<br><br>**3. PLAINTIFF'S REQUEST FOR 1 ADDITIONAL 2-HOUR DEPOSITION OF THE DISTRICT'S FORMER TITLE IX COORDINATOR**<br><br>**HON. NATHANAEL M. COUSINS** |

**Plaintiff's Positions:**

Issue 1 – On September 2, 2025, the Court ordered that the deposition of Nicole Miller be completed by September 16, 2025. At 1:00 pm on September 2, 2025, Plaintiff emailed all counsel, including Ms. Miller and the District's outside General Counsel, requesting they immediately provide proposed dates for the deposition. When no response was received, several additional emails were sent requesting proposed dates for the deposition and acknowledgment that Ms. Miller would comply with the subpoena and court order without an order from the Central District – the jurisdiction where she resides.

Defendants finally advised that Ms. Miller will comply with the subpoena but that Defendants will not comply with the Court Order by refusing to produce her for deposition before September 26th, September 29th or October 3rd based on counsel claiming her unavailability – Ms. Miller did not communicate her unavailability, what makes her unavailable every date between September 2, 2025 and September 16, 2025 to comply with the Court's Order nor why it took two days to communicate that unavailability. Plaintiff is willing to proceed on a weekend, before or after normal working hours.

Issue 2 – In July of 2025, Defendants requested Heidi Colombo's deposition. Plaintiff's counsel agreed to accept service of the subpoena on her behalf, but did not waive any requirements for a valid subpoena to a non-party witness. Defendants served a subpoena without tendering the witness fee, a defect upon which Defendants previously relied to delay responses to subpoenas to third party witnesses, including Nicole Miller. Plaintiff made Defendants aware of the defect and offered Ms. Colombo for a deposition to begin at 1 pm on August 15, 2025, assuming they cured the defect, and with the agreement that if more time was needed, another date for continuation of the deposition would be offered.

Defendants never cured the defect in the subpoena and declined the August 15, 2025 deposition date by demanding a full day of deposition for Ms. Colombo without explaining what justified a full day of deposition for a non-party, particularly where they took more than 8 hours of Plaintiff's deposition and conducted a 3.5 hour IME. Ms. Colombo is a professional and chose to not be a party to this lawsuit, in part, to avoid being subject to the discovery demands placed on a party.

Defendants are requesting Ms. Colombo's deposition after close of fact discovery, without a valid subpoena, and without providing any explanation for why they did not timely serve a valid subpoena and/or proceed with her deposition on August 15, 2025. Ms. Colombo is not willing to waive her rights

1

JOINT STATEMENT RE REMAINING DEPOSITION ISSUES
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

as a non-party (1) to require service of a valid subpoena; (2) to have her deposition completed within the timeframes established by the Court; and/or (3) to limit her deposition to a half day unless Defendants can explain a non-harassing reason for needing more time from Ms. Colombo than Plaintiff used to depose the District's former General Counsel, Cindi Ahern, Defendant Hickey, or Defendant Austin.

Issue 3: Plaintiff requests one, 2-hour or less deposition via zoom of the District's former Title IX Coordinator Kelly Gallagher, who is still a consultant with the District. On January 31, 2022, Defendants represented to Plaintiff that a Title IX investigation was being done and that he "could trust the process" when he was first placed on leave. Vishakan testified that a Title IX Investigator was assigned. On February 16, 2022, Defendants again represented that the District's investigation was ongoing via email to his attorney. Again, on April 21, 2022, Defendants represented via email to Colombo that the District's investigation was ongoing. No documentation or testimony relating to the actual conduct of Title IX Investigation has been provided.

On August 26, 2025, Defendant District finally produced Robert Andrade as the Person Most Qualified to discuss the District's Title IX investigation and process implemented in regard to this matter. The transcript for deposition is not yet available, but Mr. Andrade only speculated, stating "I think" to begin his responses and then was instructed to not answer questions because the information upon which he was relying as a person most qualified was based on speculation supplied by General Counsel. He speculated about what Kelly Gallagher did or did not do with regard to the required initial Determination Notices and other implementation of the Title IX process. He similarly speculated about the assignment of a Title IX investigator and what she did or did not do after her assignment. Unfortunately, either nothing was documented or such documentation has otherwise not been produced and deposition responses have been disallowed by assertion of attorney-client privilege, so knowledge obtained directly from relevant sources is appropriate. Since the District did not have their produced person most qualified obtain information directly from the relevant sources, Plaintiff requests an opportunity to seek that information directly from the source himself.

Plaintiff submits that a 2-hour remote only deposition of the District's then-Title IX Coordinator and current consultant, Kelly Gallagher should be ordered since the produced Person Most Qualified did not have the information requested and this witnesses clearly will have such knowledge.

2

JOINT STATEMENT RE REMAINING DEPOSITION ISSUES
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

**Defendant District's Position:**

**Issue 1:** As stated in Defendants' prior joint statement and reflected in the Court's order, Defendants did not object to the deposition of Nicole Miller beyond the discovery cutoff generally. Following the Court's order, Defendants, through the District's general counsel, reached out to Ms. Miller to determine her availability for deposition pursuant to the order. Defendants were informed that Ms. Miller was unavailable for deposition on short notice in advance of September 16, and that her next dates of availability were September 26, September 29, and October 3, 2025, on which dates counsel for Defendants is likewise available. Defendants would request that the Court allow for the deposition to proceed on one of these dates to allow due consideration for Ms. Miller's schedule, particularly given that Plaintiff previously had ample opportunity to obtain her deposition on multiple mutually-agreeable dates and unilaterally elected not to do so.

**Issue 2:** Defendants seek an order from the Court permitting and compelling the deposition of Heidi Colombo, Plaintiff's wife, to take place after the close of discovery in this matter. Despite diligent efforts to take the deposition on agreeable dates, times, and terms, Defendants efforts have been frustrated by Plaintiff. Defendants first requested counsel for Plaintiff provide his availability for Ms. Colombo's deposition in meet and confer correspondence dated June 13, 2024. On June 17, 2024, Counsel for Plaintiff confirmed that he was authorized to accept service of a deposition subpoena on her behalf. Ultimately, depositions in this matter were subsequently stayed pending resolution of the pleadings and mediations/settlement conferences. On June 2, 2025, Defendants reached out to Plaintiff's counsel regarding July 14 and 15, 2025, as dates for the depositions of Plaintiff and Ms. Colombo, respectively, and following tentative confirmation from counsel, the depositions were noticed and subpoenaed on June 9, 2025. Plaintiff's counsel subsequently replied asking that the deposition dates be "switched" and that "Heidi needs to start at 1pm near Redwood City on July 14, 2025." Counsel for Defendants clarified that they were not agreeable to time-limiting Ms. Colombo's deposition or proceeding with it in advance of that of Plaintiff, and stating that if Plaintiff was not available for deposition on 7/14, Defendants could take his deposition on 7/15 and select a future date for Ms. Colombo when she would be available beginning at 9am. Subsequently, on July 3, 2025, Plaintiff's counsel stated that "Heidi is only available starting at 1pm on the 15th but Pete can go in the 14th starting at 9 if near Redwood City." Defendants confirmed Plaintiff's

deposition for 7/14 accordingly (which was completed on that date), but reiterated that they were unable to agree to commence at 1pm and requested that counsel provide "what other dates, if any, in advance of the discovery cutoff Heidi is available for a deposition beginning no later than 10am." Counsel did not provide any dates, instead stating that "Heidi Colombo is a non-party witness and has work and other commitments, so we recommend that Defendants proceed with her deposition beginning at 1pm on July 15." Defendants responded maintaining the request that a full day be reserved for the deposition and a date prior to the cutoff be provided. Counsel again "reiterate[d] the suggestion to start at 1 on Tuesday [7/15]."

The deposition of Ms. Colombo did not proceed on 7/15. On that date, Defendants again requested via email that Plaintiff's counsel provide a date for the deposition prior to the cutoff with a start time of 10am. Plaintiff's counsel replied that Ms. Colombo would be represented by his co-counsel Jonathan McDougall, "so we need to wait to get his availability." No such availability was subsequently provided.

On August 21, 2025, Defendants again requested in email correspondence that Plaintiffs confirm a date of availability for Ms. Colombo's deposition, and proposed 8/28 at 9 or 10am via zoom. Plaintiff's counsel indicated he was unavailable on that date and stated he would inquire whether Ms. Colombo and Mr. McDougall were available on 8/27 if Defendants were to "FedEx the subpoena and witness fee/mileage check for delivery tomorrow." Although Defendants were inadvertently unable to process the subpoena and witness appearance check the following day due to personnel unavailability, Plaintiff's counsel subsequently stated that neither Ms. Colombo nor Mr. McDougall were available on that date.

In follow up correspondence on the issue, counsel for the DISTRICT emailed Plaintiff's counsel on 8/27/25 stating, "As discussed briefly yesterday, the notice and fees for Ms. Colombo's deposition were inadvertently not sent last week as intended. I also understand that Mr. McDougall (and possibly the witness) were not available today in any event. We will be re-noticing with a subpoena and fees for tomorrow. I understand from Mr. Nelson's prior email that he is not available tomorrow or Friday, so please just let me know by email if that is the case and we can select another date. Please let us know what dates the witness, Mr. McDougall and Mr. Nelson are available for Ms. Colombo's deposition." Plaintiff's counsel responded shortly thereafter "Unfortunately, due to the delay, Heidi has withdrawn my ability to receive service of subpoena on her behalf." As a result, the DISTRICT thereafter attempted to serve Ms. Colombo with a subpoena and witness fees for a deposition on 8/27/25, but was unable to complete service.

4

JOINT STATEMENT RE REMAINING DEPOSITION ISSUES
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

Defendants would request that the Court allow for Ms. Colombo's deposition to take place after the discovery cutoff, commencing on a mutually agreeable date beginning no later than 10am and proceeding up to the legally-permitted maximum of 7 hours of time on the record. Defendants have already agreed to allow Plaintiff to take one deposition beyond his allotted 5 depositions (which have included 3 separate PMQ witnesses) to take place after the close of discovery. Defendants have taken one deposition – that of Plaintiff, and request only one additional deposition, which Defendants were diligent in pursuing. Defendants do not anticipate that they would need more than four hours for this deposition, but would request that the full 7 hours to which they are entitled by law be reserved accordingly.

**Issue 3:** Plaintiff now contends, after the close of discovery and having taken the Person Most Qualified ("PMQ") depositions of three separate district personnel, that he requires the additional deposition of Kelly Gallagher, a third party who is not in the District's direct employ. Plaintiff's demand is based on vague and general assertions as to the testimony of Robert Andrade without citations to a deposition transcript to allow for Defendants to review the basis for his assertions, as well as unfounded and conclusory allegations, e.g., "the required initial Determination Notices and other implementation of the Title IX process," "the assignment of a Title IX investigator," etc. As a preliminary matter, the PMQ topics as to which Robert Andrade was produced, which were formulated by Plaintiff's counsel and were the subject of meet and confer discussions between the parties, were not "to discuss the District's Title IX investigation and process implemented in regard to this matter." Rather, they were, *inter alia*, the District's "***policies and procedures*** relating to Title IX investigations" and "non-Title IX [UCP} investigations," and "***policies and procedures*** followed . . . to investigate and resolve the January 28, 2022 report or complaint [against Plaintiff]." The fact that Plaintiff is dissatisfied with the substance of the testimony provided by the District's PMQ as to the specific topics delineated by Plaintiff, or that the witness did not substantiate Plaintiff's contentions with respect to what is or is not "required" under Title IX, is not sufficient justification for his demand that an additional third-party witness be produced for deposition.

| | |
|---|---|
| Dated: September 4, 2025 | LAW OFFICES OF JONATHAN D. MCDOUGALL |

By:    */s/ Evan C. Nelson*
      EVAN C. NELSON
      Attorneys for Plaintiff Peter Colombo

Dated: September 4, 2025     BERTRAND FOX ELLIOT OSMAN & WENZEL

By:    */s/ Ethan M. Lowry*
      ETHAN M. LOWRY
      BENJAMIN I. OREPER
      Attorneys for Defendants Palo Alto Unified School District, Trent Bahadursingh, Lisa Hickey and Amanda Bark

Dated: September 4, 2025     CLYDE & CO. US LLP

By:    */s/ Alison Beanum*
      ALISON BEANUM
      Attorneys for Defendant Don Austin

6

JOINT STATEMENT RE REMAINING DEPOSITION ISSUES
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC