UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER COLOMBO,<br><br>    Plaintiff,<br><br>v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, and others,<br><br>    Defendants. | Case No. 24-cv-0909 NC<br><br>**ORDER RESOLVING JOINT STATEMENT FILED AT DKT. 181; AND SETTING ORDER TO SHOW CAUSE HEARING FOR OCTOBER 8, 2025, 11:00 A.M.** |

The Court expects competent counsel to communicate and cooperate with each other in scheduling depositions. Federal Rule of Civil Procedure 1 requires the parties to employ the civil procedure rules to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

As the latest joint discovery letter brief illustrates, the attorneys for Plaintiff Colombo and the Defendant District in this case have persistently failed to accomplish this basic communication function. Dkt. 181. Now presented to the Court is a dispute over the scheduling of three depositions: Nicole Miller; Heidi Colombo; and Kelly Gallagher.

This order resolves Dkt. 181 in two parts. First, the Court addresses the deposition disagreements. Second, the Court sets an order to show cause hearing for the parties and attorneys for Plaintiff and the District to explain why they should not be sanctioned.

- **Miller deposition**. This is the second order this week addressing the Miller deposition. Dkt. 180. In Dkt. 180, the Court ordered the Miller deposition to be conducted by September 16, 2025, and for the parties to cooperate in scheduling the deposition. Despite this direction, the parties return with a disagreement about scheduling. The District asserts that Miller is "unavailable" on all dates before the deadline but provides no details. The District does not establish good cause for an extension of the deadline. If Plaintiff is thwarted from taking the Miller deposition despite two orders, the Court (through motions in limine) will consider excluding testimony and evidence at trial and instructing the jury as to what inferences it may draw from the failure to comply with Court orders. Fed. R. Civ. P. 37(b)(2).

- **Colombo deposition**. The District shows good cause and reasonable diligence to take the Heidi Colombo deposition after the discovery deadline. This witness deposition will be limited to 3 hours total of examination by the Defendants. The deposition must be conducted by September 23, 2025, and again the Court expects counsel to communicate and cooperate in getting it scheduled.

- **Gallagher deposition**. The Court is not persuaded that there is good cause for Plaintiff to take an additional witness deposition after the fact discovery deadline. (In Dkt. 180, the Court previously granted Plaintiff leave to take a different deposition, Miller, after the deadline). Any alleged shortcomings in witness Robert Andrade's deposition testimony may be addressed through examination at trial.

- **Order to Show Cause Hearing**. Finally, the Court sets an Order to Show Cause hearing for October 8, 2025, in person at 11:00 a.m. in San Jose courtroom 5. At the hearing, the Court will consider whether any party or any counsel (for Plaintiff and the District) in this case should be sanctioned under Federal Rule of Civil Procedure 37(b)(2) for failure to comply with a discovery order, including whether any party or attorney should be ordered to pay reasonable expenses, including attorney's fees, caused by the failure. The hearing also will assess whether any attorney in this case for Plaintiff or the District should be sanctioned under 28

U.S.C. § 1927 for multiplying the proceedings in this case "unreasonably and vexatiously" and therefore whether that attorney should be required by the Court to satisfy personally the excess cost, expenses, and attorney's fees reasonably incurred because of such conduct.  By October 1, 2025, each party just respond in writing to this order, with (1) an update as to the status of the Miller and Heidi Colombo depositions; and (2) any evidence and argument responding to the Order to Show Cause; and (3) a proposed order as to the resolution of the Order to Show Cause. As to a sanctions determination under Fed. R. Civ. P. 37 and 28 U.S.C. § 1927, the Court will consider the record in connection with the motions at Dkts. 43, 48, 49, 50, 51, 52, 53, 54, 71, 72, 73, 143, 162, 171, 172, 178, and 181, and any additional information presented before or at the hearing.

**IT IS SO ORDERED.**

Dated: September 5, 2025           _____
                                    NATHANAEL M. COUSINS
                                    United States Magistrate Judge