Eugene B. Elliot, State Bar No. 111475
Ethan M. Lowry, State Bar No. 278831
Benjamin I. Oreper, State Bar No. 329480
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email:       eelliot@bfesf.com
             elowry@bfesf.com
             boreper@bfesf.com

Attorneys for Defendants
PALO ALTO UNIFIED SCHOOL DISTRICT and LISA HICKEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER COLOMBO,<br><br>    Plaintiff,<br><br>v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 5:24-cv-00909-NC<br><br>**DEFENDANTS PALO ALTO UNIFIED SCHOOL DISTRICT AND LISA HICKEY'S RESPONSE PURSUANT TO DKT. 182 RE: ORDER TO SHOW CAUSE**<br><br>Date:   October 8, 2025<br>Time:   11:00 a.m.<br>Dept.:  Courtroom 5<br>**Hon. Nathanael M. Cousins** |

Defendants PALO ALTO UNIFIED SCHOOL DISTRICT (the "DISTRICT") and LISA HICKEY submit this briefing in response to the Court's Order at Docket No. 182.

The deposition of Nicole Miller was conducted on September 16, 2025.  The deposition of Heidi Colombo was conducted on September 19, 2025.

Since the beginning of this matter in February 2024, counsel for Defendants have received in excess of 700 individual email communications from Plaintiff's counsel, including over 500 emails since October 1, 2024, totaling over 3,591 total pages of email correspondence.  In sum, the attitude and approach of Mr. Nelson to his communications and correspondences is accurately summarized by Mr. Nelson's own words in a relatively early correspondence from May 20, 2024: "Defendants are continuing

1

adverse employment actions in violation of the law and until they at least rectify those basic violations of rights, ***there will be a level of animosity, as I am confident you understand.***" (Exhibit A). Indeed, Mr. Nelson has held true to his words and injected a level of animosity into all of his interactions with Defense counsel throughout this litigation, inclusive of meet and confer discussions by correspondence and videoconference; correspondence with other counsel; and conduct at depositions. In the face of these challenges, Defendants have at all times throughout this litigation made maximal efforts to engage counsel in cordial and productive meet and confer discussions, to conserve the resources of both Parties and the Court wherever possible, and to avoid unnecessarily multiplying the proceedings in this matter. Despite these efforts, however, as evidenced by the docket in this matter and as delineated in the Court's Order, joint discovery letters were submitted to the Court, including at Docket Nos. 48, 49, and 50 (Plaintiff's unilateral submissions contrary to the standing order) to which Defendants responded at Docket Nos. 52, 53, and 54; "joint" discovery motions at Docket Nos. 71, 72, and 73; motions, other filings, and correspondence relating to the deposition of K. Vishakan (Docket Nos. 143 and 162); a joint statement pertaining to Defendants' request for additional time for Defendant HICKEY to review her deposition transcript (Docket No. 169); a joint discovery letter pertaining to the defense medical examination of Plaintiff; and joint discovery letters regarding depositions at Docket Nos.178 and 181. Counsel for the DISTRICT made every effort possible to avoid the necessity of the filing the various joint statements and discovery motions in this matter, which would normally have been easily worked out between counsel with minimal, if any, required intervention from the Court. This was rendered impossible by Plaintiff's counsel's insistence on immediately escalating any discussions or request for professional courtesy into a large scale conflict.

    <u>Docket Nos. 48-50, 52-54, 61</u>

    With respect to the motions at Docket Nos. 48-50, as indicated in Defendants' statement in Docket No. 53, Defendants had been meeting and conferring with Mr. Nelson for the duration of the week prior regarding the issues raised in these statements, had provided Plaintiff with their respective positions as to each issue, and had requested Mr. Nelson allow Defendants the courtesy of reviewing the joint statements prior to submission with the Court. Mr. Nelson instead proceeded to file unilateral statements as to each issue over the weekend on Saturday, August 24, 2024, requiring Defendants to

DEFENDANTS' RESPONSE TO DKT. 182 RE ORDER TO SHOW CAUSE
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

respond with individual statements the following Monday, August 27, 2024. All three "discovery issues" were raised by Plaintiff.

Issue 1 (Docket Nos. 48, 53) related to the deposition of Nicole Miller. Defendants clarified both in meet and confer correspondence and in their statement to the Court that they did not contend Ms. Miller could not be produced for deposition or questioned on unprivileged matters; that they were in the process of confirming her availability for deposition; and that accordingly there was no ripe dispute for the Court's adjudication, and that the statement was provided by Defendants "only by way of response to Plaintiff's counsel's statement." (Dkt. 53.) The remaining issues raised by Plaintiff pertained to argument that privileges claimed by the DISTRICT with respect to Ms. Miller's documentation and testimony were nonexistent or had been waived. In its Order resolving the dispute (Dkt. 61), the Court agreed with Defendants that the issue was not ripe, and that Plaintiff had filed the unilateral discovery motion "just 2 days after serving the deposition subpoena."

Issue 2 (Docket Nos. 49, 54) related to the student records of Plaintiff's alleged accuser and her sister. In submitting his unilateral discovery statement at Docket No. 49, Mr. Nelson stated that "[a] joint statement is not feasible due to evidence tampering that has already occurred and that is continuing, which interference has made the joint statement process prolonged, unmanageable, and unfeasible." (Dkt. 49 at 1:1-4.) Mr. Nelson did not raise or clarify this issue or what "tampering" he was alleging was occurring in any prior or subsequent meet and confer discussions. In the statement, Plaintiff demanded that Defendants produce the accuser's grade report; that the court order "an evidentiary sanction establishing that the 6th grade report card shows Plaintiff was not her PE teacher" absent production of the report; that Defendants produce "alternative documents as a surrogate," including "the accuser's sister's complete student file" and grade reports "for each of the 6th graders at Jordan Middle School in 2001-2002;" and/or an order allowing Plaintiff "and his copy service and forensic team" to access the DISTRICT's "physical archives and electronic systems to locate documents." In response, the DISTRICT provided that, as had been stated to counsel during meet and confer, although Defendants objected to, and could not effectuate, the production of the accuser's student records pursuant to the restrictions of FERPA absent a court order, and that all of the materials requested herein by Plaintiff were neither relevant to any claim or defense nor proportional to the needs of the case, that notwithstanding

DEFENDANTS' RESPONSE TO DKT. 182 RE ORDER TO SHOW CAUSE
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

those objections and provided adequate time to ensure proper compliance with FERPA-mandated procedure, Defendants would disclose the responsive materials in their possession subject to a protective order. (Dkt. 54.) In ruling on the issue, the Court agreed with Defendants that the "many categories of records" were not "relevant to a claim or defense or proportional to the needs of the case;" that "the District's opposition suggests reasonable compromises;" and "encourage[ed] a more patient meet and confer before Plaintiff filed another unilateral discovery motion like this one." (Dkt. 61.)

Plaintiff's motion as to Issue 3 sought an order compelling production "of the MOU between PAUSD and PAPD and other sanctions as appropriate." (Dkt. 50.) In response, Defendants simply clarified, as they had during the meet and confer process and in response to the underlying discovery request from Plaintiff, that no such documents were in the DISTRICT's possession; that OCR had provided the DISTRICT with a November 10, 2020 letter confirming the DISTRICT's fulfillment of the closure of the monitoring period of the Agreement; and that Defendants would produce the letter in a supplemental disclosure to follow (which Defendants proceeded to do accordingly). (Dkt. 52.) The Court denied Plaintiff's motion based on the DISTRICT's volunteered production and representation that no responsive documents were in its possession.

Docket Nos. 71-73, 87

The joint discovery statements/motions at Docket Nos.71, 72, and 73 are of a similar nature. Docket No. 71 again related to the deposition of Nicole Miller. Plaintiff reiterated arguments that the DISTRICT's privilege claims with respect to Ms. Miller were improper, inappropriate, without legal basis, negated via "the fraud exception," or otherwise were waived; or that the DISTRICT should either be forced to waive privilege or "precluded from even mentioning the investigation." (Dkt. 71.) Defendants replied again clarifying the bases for their privilege assertions, as had been repeatedly stated during meet and confer discussions; again clarifying that they did not, and had never, objected to Ms. Miller's deposition being taken and her being questioned as to unprivileged matters; and that the privilege claims had never been waived. In resolving the issue, the Court correctly noted that this was "the second discovery motion about the Nicole Miller deposition," which had been scheduled at that time; that no waiver had occurred or should properly be ordered; and that Plaintiff's arguments about the exclusion of evidence were premature. (Dkt. 87.) In this Order, the Court also noted that counsel for

DEFENDANTS' RESPONSE TO DKT. 182 RE ORDER TO SHOW CAUSE
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

Plaintiff had propounded hundreds of written discovery requests and filed six discovery motions before any defendant had answered the Complaint.  (*Id*.)  Though the Court also correctly noted that Defendants had requested a stay of discovery pending settlement of the pleadings, Defendants had by that time already provided Plaintiff with over 1000 pages of documents and hundreds of individual discovery responses.  As in the prior and subsequent instances in which Plaintiff brought the issue of Ms. Miller's deposition before the Court, Defendants had already indicated their agreement to producing Ms. Miller for deposition at a mutually agreeable time without any need for court intervention, and intervention was necessitated only to protect the DISTRICT's rights in the face of Plaintiff's unfounded contentions of waiver et al.

Docket No. 72 was a reiteration of Plaintiff's request to compel a computer audit and surrogate student records relating to the alleged accuser, including "the accuser's complete student file" along with an "audit report," her sister's file, and grade reports for all 6th graders at Jordan – materials which the Court had already expressly found were neither relevant to a claim or defense nor proportional to the needs of the case.  (Dkt. 61.)  Further, as stated in Defendants' portion of the joint statement, by this time, Defendants had already voluntarily produced the entirety of the accuser's student file within the DISTRICT's possession to Plaintiff as a courtesy, subject to a protective order and following required redaction of identifying student information and in compliance with applicable law.  In its Order resolving the issue, the Court found Defendants' production sufficient and Plaintiff's contentions insufficient to justify an order compelling further discovery as relevant and proportional to the needs of the case.  (Dkt. 87.)

Docket No. 73 involved Plaintiff's request that the Court effectively compel waiver of Defendants' attorney-client privilege objections with respect to all named Defendants and Ms. Miller predicated on Plaintiff's contention that Defendants "appear to intend to rely" on an "advice of counsel defense."  Defendants' response simply clarified that the parties had been engaging in meet and confer discussions regarding the depositions of the DISTRICT defendants or other witnesses; that Defendants anticipated that with regard to certain subjects of testimony, defense counsel anticipated that the individual DISTRICT defendants would testify that certain actions were taken on advice of counsel or in reliance thereon; and that Defendants had proposed, and were willing to consider and discuss, a

DEFENDANTS' RESPONSE TO DKT. 182 RE ORDER TO SHOW CAUSE
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

stipulation to waive the attorney client-privilege regarding the substantive advice of counsel as to specific subjects; and that Plaintiff had responded with the contention that Defendants were "asserting an 'advice of counsel' defense," which was inaccurate and premature as Defendants had not yet answered any complaint nor formally asserted any defenses.  Indeed, this dispute perfectly illustrates the distinction between the Parties' respective approaches to discovery (and to disputes concerning the same) in this matter and to their obligations to communicate and cooperate during the meet and confer process to avoid multiplicity of the proceedings.  Where Defendants, prior to the settlement of the pleadings and in order to accommodate timely and efficient completion of discovery, flagged an issue for Mr. Nelson on the *precise basis* that failing to address the issue in advance of any depositions "could require the production of witnesses on multiple occasions and needlessly increase the cost and complexity of discovery," and proposed a solution intended to preserve the parties' resources and judicial economy, Mr. Nelson responded by initiating yet another discovery letter seeking compelled, pre-emptive blanket waiver of privilege, with Mr. Nelson characterizing the issue as "Defendants' . . . seeking to assert attorney client privilege and limit discovery."  In ruling on this issue, the Court simply, and correctly, found that "In advance of taking individual Defendants' depositions, Plaintiff asks the Court to determine that Defendants have waived privileges. This order agrees with the Defendants that the issue is not yet ripe." (Dkt. 87.)

<u>Deposition of K. Vishakan and Confidentiality Designations</u>

With respect to Docket Nos. 143, 162, and more broadly the issues presented by Plaintiff surrounding the deposition of Ms. Vishakan, Defendants submit their Exhibits B and C concurrently with this briefing as an exemplar of the nature of Mr. Nelson's conduct in connection with this issue with respect to correspondence between Mr. Nelson, counsel for Defendants, and Charles Jung, counsel for Ms. Vishakan.  Defendants did not prepare or file an opposition to Plaintiff's motion at Docket No. 143 and the relevant issues were primarily litigated between Plaintiff and Ms. Vishakan.  Nevertheless, as illustrated in Exhibit B, Mr. Nelson's conduct throughout the duration of that process was vexatious by any objective measure, particularly with respect to his correspondence with Mr. Jung, to whom counsel directed a flurry of aggressive correspondence capped with a proposed joint statement to the Court at a time when Mr. Nelson knew Mr. Jung to be on vacation; following the expenditure of substantial efforts

by all parties to respond to counsel, including by Mr. Jung (who was further located outside the country in a time zone with more than 12 hours' difference), Mr. Nelson ultimately elected not to submit the prepared statement, stating simply "I guess that this will not happen then."  Approximately a month later, as illustrated in Exhibit C, following the Court's Order at Docket No. 156 requiring counsel for Plaintiff and Ms. Vishakan to confer further and file a stipulated proposed order or joint statement by July 7, 2024, counsel for Plaintiff responded to a request for a brief stipulated continuance to allow review of a just-received deposition transcript necessary for submission of the contemplated stipulation by escalating the discussion into another extensive, unnecessary, and heated dispute.

<u>Docket Nos. 169, 178, 181</u>

The dispute at Docket No. 169 presents a similarly concise illustration of counsel's insistence on ensuring every interaction in this matter in which counsel for the opposing side requests any courtesy, regardless of how small, be transformed into a full-blown dispute requiring court intervention either at Mr. Nelson's insistence or as necessary to preserve the rights of Defendants.  Here, the issue in question was a simple matter of a witness and named defendant inadvertently not having sufficient time to review the transcript of her deposition and submit corrections or changes.  Upon becoming aware of the issue, counsel for Defendants inquired whether Mr. Nelson would be willing to stipulate to provide the witness with an additional two weeks to complete her review.  As outlined in Defendants' statement, counsel initially refused to consider the request outright, immediately accusing Defendants of gamesmanship and of a "tactical attempt to evade an unfavorable summary judgment;" following additional pleas from counsel for Defendants clarifying the extremely limited scope of the requested courtesy to the witness and highlighting that the current deadline for her to complete review was that same day, counsel for Plaintiff selected an alternate tack – demanding that the witness, whose inability to have yet reviewed the transcript was the very issue around which the meet and confer discussion centered – immediately provide her "proposed errata . . . before we embark down the road of determining whether you need excuse from failure to comply with the deadline."  Following still further entreaties, counsel for Plaintiff ultimately agreed only to provide a 4-day extension for "non-substantive errata."  Although Defendants, on behalf of the witness, had requested additional time, Defendants asked that Plaintiff confirm only that the extension would apply to all errata submitted, given again that it was impossible for Defendants or

DEFENDANTS' RESPONSE TO DKT. 182 RE ORDER TO SHOW CAUSE
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

the witness to ascertain the presence, content, and substance of any errata in advance of the witness' opportunity to review the transcript. Counsel for Plaintiff refused. The Joint Statement at Docket No. 169 followed. In any other proceeding, the request for additional time to review the transcript would have been readily agreed to. The Court elected to provide the witness with an extension to August 8 to review the transcript. The witness ultimately did not have any corrections or errata to submit.

Addressing the Joint Statement at Docket No. 178, this related to Plaintiff again contending that the DISTRICT had waived any privilege as to the deposition of Nicole Miller, and seeking to compel both the deposition of Ms. Miller in excess of Plaintiff's allowed depositions and outside of the fact discovery cutoff, and an order finding privilege had been waived as to both her testimony and the entirety of her file materials. In response, Defendants provided, as had been stated in meet and confer discussions and consistent with their position throughout the litigation, that although Plaintiff had twice scheduled Ms. Miller's deposition, with Defendants' cooperation, and twice elected to unilaterally cancel it to take a different deposition as one of his allotted five, that Defendants would nonetheless agree to permit the deposition to take place after the cutoff and beyond Plaintiff's permitted five depositions. Defendants asked only that the Court rule, in line with the two prior occasions that Plaintiff had brought this issue for adjudication, that no privilege waiver had occurred, which the Court in fact did. (Dkt. 180.) Had Plaintiff not insisted on once again relitigating his baseless contentions of privilege waiver, there is no reason that Ms. Miller's deposition could not have been scheduled by way of stipulation without further court intervention.

Finally, the Joint Statement at Docket No. 181 related to three separate issues pertaining to depositions. As a preliminary matter, during the parties' meet and confer discussions prior to submission of the statement, Plaintiff maintained until moments prior to submission that he additionally required the further deposition of Eve Fichtner, whom he characterized in the joint statement's caption, in addition to his position statement, as the DISTRICT's "Title IX investigator." After counsel for Defendants requested that counsel reserve such characterizations for his position statement and proposed a modified title for Ms. Fichtner in the caption, counsel for Plaintiff elected, apropos of nothing, to drop the matter entirely without further explanation. With respect to the first issue again regarding the deposition of Ms. Miller, Defendants understood that the Court had ordered the deposition be completed by September 16,

DEFENDANTS' RESPONSE TO DKT. 182 RE ORDER TO SHOW CAUSE
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

2025.  Ms. Miller, as a third party who is neither an employee of the DISTRICT nor is represented by counsel for Defendants, represented through the DISTRICT's general counsel that she was not available until September 26, 2025 at the earliest, and requested that Defendants petition the Court for accommodation accordingly on the grounds that Plaintiff had previously had ample opportunity to conduct her deposition on mutually agreed-upon dates coordinated through extensive discussions between the parties and had unilaterally elected not to do so.  Defendants petitioned the Court accordingly and solely for this purpose in order to seek to accommodate the witness.  Defendants promptly informed Ms. Miller of the Court's further Order mandating compliance with the previously set deadline, whereupon counsel for Defendants were informed that Ms. Miller had diligently endeavored to adjust her schedule accordingly to facilitate completion of her deposition on September 16, 2025.  As previously stated, her deposition was indeed completed on this date.

The second issue in this statement related to Defendants' request to permit the deposition of Plaintiff's wife, Heidi Colombo, whose deposition Defendants had been working to coordinate with Mr. Nelson through the meet and confer process for a number of months in the face of conflicting statements regarding her representation; counsel's ability to accept service of subpoenas for depositions and/or documents on her behalf; and assertions of her unavailability for a full day of deposition at any point in advance of the discovery cutoff, despite Defendants having noticed and taken only one other deposition of a party in this matter – that of Plaintiff himself.  Ultimately, following the Court's ruling allowing the deposition to proceed, Ms. Colombo's deposition was completed on September 19, 2025, within the allotted time.

The final issue related to Plaintiff's now abridged single request for the additional deposition of Kelly Gallagher, likewise outside of the discovery cutoff and in further excess of Plaintiff's allotted depositions, on the grounds that the testimony of Defendants' Person Most Knowledgeable as to specified topics relating to Title IX was substantively inadequate.  Defendants did not agree with this characterization of the testimony of their produced witness, and the Court was ultimately not persuaded by Plaintiff's contentions that good cause existed for the additional deposition.

<u>Other Issues</u>

In addition to the discovery issues discussed above, counsel for Plaintiff has unreasonably and

DEFENDANTS' RESPONSE TO DKT. 182 RE ORDER TO SHOW CAUSE
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

vexatiously multiplied the proceedings in this case from the outset at nearly every opportunity.  By way of just one additional example, as the Court noted in its Order setting this OSC in reference to Docket No. 43, in the initial stages of this case, following a court-ordered stay of proceedings via stipulation pending completion of two separate mediation sessions, and extensive and detailed meet and confer discussions regarding Defendants' motion on the pleadings, the day after Defendants filed their first Motion to Dismiss (Dkt. 19), Mr. Nelson elected to file his first Motion for Summary Judgment inclusive of 399 total pages of material (Dkt. 21).  This was done without any prior warning to, or meet and confer discussions with, counsel for Defendants.  Further, as discussed in Defendants' Opposition to the Motion, prior to Defendants' filing of their Motion to Dismiss, Mr. Nelson agreed in writing to dismiss or amend all of Plaintiff's claims with the exception of his third and fourth claims (alleging violations of Plaintiff's procedural and substantive due process rights pursuant to 28 U.S.C. §1983, respectively) and further agreed that Defendants' Motion to Dismiss need not address Plaintiff's remaining claims given his representation that they would be dismissed or amended accordingly.  (Dkt. 28 at 8:7-21.)  However, Plaintiff's first Motion for Summary Judgment, which counsel characterized as a "competing motion" to Defendants' Motion to Dismiss, expressly raised arguments based on the FEHA and Title VII claims he had specifically represented he would amend and which Defendants' Motion to Dismiss needed not address, in an intentional bad faith misrepresentation of the Parties' agreement.  (*Id.*)  Mr. Nelson's conduct necessitated Defendants' notifying the Court of their intent to file a further motion to dismiss to specifically address the claims which they had been denied the opportunity to properly address in their first Motion to Dismiss due to counsel's misrepresentations.  (Dkt. 33.)  This notice was further filed (in lieu of a further motion to dismiss) as an accommodation to Mr. Nelson, who, in response to Defendants' meet and confer correspondence proposing Defendants' filing of a further Motion to Dismiss to address Plaintiff's additional claims and a stipulated briefing schedule aligning both motions, requested Defendants not proceed with filing due to the briefing schedule interfering with his pre-scheduled vacation.

The above conduct by Mr. Nelson was particularly vexing because, prior to filing their motion to dismiss, Defendants had repeatedly implored Mr. Nelson to first file an amended complaint reflecting the specific amendments Plaintiff was willing to undertake, to mitigate confusion and maximize clarity.  To

wit, in correspondence dated May 30, 2024, counsel for Defendants stated in relevant part:

"[p]lease confirm the date by which Plaintiff anticipates the amended complaint will be filed, and that the District Defendants need not file a responsive pleading to the currently operative complaint pending the filing of the amended complaint. This would appear to be the most efficient way to move this forward, rather than only moving to dismiss a portion of the claims and later having to file an additional motion after the amended complaint is filed."

On the same date, Counsel for Plaintiff replied:

"No reason for more delay from you guys.  The issue relating to Section 1983 needs to be addressed immediately. In order to avoid law and motion on the other issues, Plaintiff is agreeing to dismiss the state law claims, the equal protection and 5th amendment claims and will amend the complaint one time after determining whether the section 1983 claims are allowed with possible amendment. That way you can then focus your motion on the crux issues for the section 1983 claims."

In response, Defendants made yet another attempt, stating "let me know if you would be agreeable to filing an amended complaint accordingly, so that we can address all of these issues on a single motion to dismiss without inconveniencing the Court with multiple motions and to avoid confusion. To address your concerns regarding delay, we would be willing to stipulate to shortened time to file a responsive pleading to the amended complaint."  Mr. Nelson replied "…[t]o the extent we prevail on the section 1983 due process claims, I could envision dismissing the Title VII/ADA/FEHA claims or amending slightly to encompass only the retaliation and harassment following the DA's dropping of the criminal charges. It doesn't make sense to amend now, and then amend later, if the reality is that no amendment is necessary or meaningful."

Ultimately, due to the precise confusion anticipated by Defendants, the Court terminated both terminated both side's pending motions without prejudice and ordered Plaintiff to file an amended complaint accordingly.  (Dkt. 36.)  As anticipated, not only did Plaintiff's conduct require an entirely avoidable additional round of briefing on the pleadings, but Plaintiff proceeded to submit a further Motion for Summary Judgment (Dkt. 43), this time totaling 549 pages of briefing and materials, followed by an additional 187 pages of additional declarations and materials the following day (Dkt. 45), an additional supplemental declaration on August 28, 2025 (Dkt. 55), and, alongside Plaintiff's Reply in support of the Motion, an additional 785 pages of combined briefings and materials (Dkt. 66), necessitating Defendants to file an objection to reply evidence in addition to providing an additional round of extensive briefing in opposition to the motion.  (Dkt. 67.)  On other occasions, Defendants have

DEFENDANTS' RESPONSE TO DKT. 182 RE ORDER TO SHOW CAUSE
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

expressly elected to invest substantial time, resources, and diligence in responding directly to Plaintiff's abusive conduct and practices without necessitating court intervention. This included Plaintiff's bad-faith invocation of the Parties agreement not to limit the number of Requests for Admissions a party could propound and to allow interrogatories propounded under the auspices of California State Form Interrogatory 17.1 not to count against the 40 interrogatory limit, to propound a total of 1,980 individual written discovery requests to Defendants in April of 2025 (in addition to the 485 RFAs previously propounded and responded to). In response, Defendants engaged in extensive meet and confer discussions with Mr. Nelson, first seeking both a reduction of the number of requests and extensions of time to provide substantive responses, and ultimately electing to provide and later supplement objection-only responses to the requests rather than bring the matter to the Court's attention. Similarly, when Plaintiff failed to timely provide responses to Defendants' propounded discovery requests, rather than assert their right to claim waiver of any objections or require Plaintiff to seek Rule 6 relief from the Court, Defendants ultimately waived their rights in good faith following Mr. Nelson's assertion that all responsive materials had now been provided.

Based on the foregoing, Defendants would ask that the Court consider their involvement in the submission of any discovery disputed for the Court's determination in the full context of the circumstances necessitating it, and would respectfully request that the Court decline to enter sanctions against Defendants and their counsel in light of Defendants' provided explanation. Defendants make no request with respect to the Court's sanctions as to Plaintiff's counsel and would defer to the Court's judgement.

Dated: October 1, 2025     BERTRAND, FOX, ELLIOT, OSMAN & WENZEL


By: _____*/s/ Benjamin Oreper*_____
   Eugene B. Elliot
   Ethan M. Lowry
   Benjamin I. Oreper
   Attorneys for Defendants
   PALO ALTO UNIFIED SCHOOL DISTRICT and
   LISA HICKEY

DEFENDANTS' RESPONSE TO DKT. 182 RE ORDER TO SHOW CAUSE
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

EXHIBIT A

EXHIBIT A

**Benjamin I. Oreper**

| | |
|---|---|
| **From:** | Evan Nelson <evancnelson.law@gmail.com> |
| **Sent:** | Monday, May 20, 2024 9:05 PM |
| **To:** | Benjamin I. Oreper |
| **Cc:** | Alison Crane; Ethan Lowry; Eugene Elliot; L. Roberts; Sergio Guerrero |
| **Subject:** | Re: Colombo v. PAUSD, et. al - District Defendants' Mediation Brief |

Mike Ornstil on May 29th is the only timing that works, so we choose that - at defendants' expense. I do not see where he has the requisite appreciation for the tenure-protective statutory scheme at play for our certificated, tenured teacher, however, and Plaintiff does not intend to teach the Education Code nor listen to absurd contortions of plain language and other principles not reasonably subject to dispute. Defendants still need to file their responsive pleadings by the current deadline (we are four months past service), and then we can reinstate a stay through stipulation after defendants file their responsive pleadings with a lifting of the stay after mediation, if necessary. We will put a hold on the DA subpoenas because the DAs have made clear their intention to fight the subpoenas. [One of the dates, 5/29, also would conflict with your new mediation]. I would like an exception to the stay for Nia's deposition, if I can get it scheduled - her "attorney" has ignored me, so I will endeavor to locate and serve her before she leaves for Finland though I am informed that she might already have left and would be unlikely to stay around for a subpoena and deposition. Nicole Miller is likely going to receive interference as well, so we will wait on that. We will hold the subpoena on Detective Franco-Clausen. We would need to let the document subpoenas run because it will be too difficult to pull those back at this point. So the post responsive pleading stay would have two exclusions, deposition of Nia Teerikorpi if it can be arranged and outstanding document subpoenas and defendants waive any time limitations or other procedural matters being impacted by the delay for an additional mediation.

Nina should send her report and I suspect Plaintiff's efforts are best focusing on litigating this case, so we will continue our investigations and workup. I have a bad taste in my mouth because the local rules are very clear about being properly prepared for mediation and the timing and procedures for objecting to the assigned mediator. We feel that we really don't need any more delays because defendants didn't follow the rules and didn't like the outcome with the court-appointed mediator they consented to. We do not feel that defendants appeared at mediation in good faith or even minimally prepared, as evidenced by sending the meditation brief after 4 pm the night before the mediation (where the local rules mandate such to be served no later than 7 days prior to mediation and Plaintiff served his mediation brief 14 days prior to mediation to provide plenty of lead time for defendants), not bringing the amount we had already notified would be a bare minimum for a meaningful mediation at this stage, and asking for "discovery" 5 minutes before mediation began. Defendants are continuing adverse employment actions in violation of the law and until they at least rectify those basic violations of rights, there will be a level of animosity, as I am confident you understand. We also maintain that Defendants don't need to waste more of our time to have another mediator tell them to simply do the right thing under the law and out of human decency. But we will participate on May 29th on the terms discussed above.


Best regards,

Evan C. Nelson

Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor
Walnut Creek, CA 94596
(925) 323-1991

On Mon, May 20, 2024 at 4:28 PM Benjamin I. Oreper <[boreper@bfesf.com](mailto:boreper@bfesf.com)> wrote:

Counsel,

Confirming that pursuant to our stipulation, Defendants' responsive pleading(s) to Plaintiff's Complaint are currently due to be filed by **5/28/24** (as 5/27/24 is Memorial Day, a Federal Holiday, and thus FRCP 6(a)(1)(C) applies).

Regarding further mediation, we would like to clarify our position:

- We are open to further mediation, however, we do not believe that continuing to work with Ms. Senn would be productive. As discussed on Friday, here are further mediators and their availability in the next six weeks for dates that also work for our office.  Please let us know as many as would work for you so that we can confirm with our client accordingly:

**Jerry Spolter**

June  18, 24

**Howard Herman**

June 12, 25

**John Bates**

June 21, 26

**Mike Ornstil**

May 29

- Regarding your concerns of further delay related to any additional mediation sessions – while we would be agreeable to continuing to stay proceedings pending completion of the further mediation session to preserve the parties' resources and to focus on resolving this matter through mediation if possible, we should clarify that we are also willing to proceed to further mediation without agreeing to a further stay if that is the course of action Plaintiff prefers.

Regarding your proposed depositions of DDAs Tran and Warrior, we are available on 5/29 and 5/30 as requested. Please provide us with the requisite videoconference/reporter information once you have it.

Additionally, I would request that you please copy my assistants L Roberts and Sergio Guerrero on all future service emails in this matter – I have copied them here for your convenience.

Best,



**Benjamin I. Oreper**

**Bertrand Fox Elliot Osman + Wenzel**

The Waterfront Building

2749 Hyde Street

San Francisco, CA 94109

Cell: 415-933-0034

Office: 415-353-0999 x113

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Friday, May 17, 2024 9:29 PM
**To:** Benjamin I. Oreper <boreper@bfesf.com>
**Cc:** Alison Crane <acrane@bledsoelaw.com>; Ethan Lowry <elowry@bfesf.com>; Eugene Elliot <eelliot@bfesf.com>; ninasenn1@gmail.com
**Subject:** Re: Colombo v. PAUSD, et. al - District Defendants' Mediation Brief

We are reconsidering the continuation of mediation with it being sent to a different arbitrator. There has been enough delay already and we prefer to proceed to litigation. If Ms. Senn is available in the next couple of weeks, we would be willing to schedule another 4 hour session to try and wrap things up. Otherwise, it simply doesn't seem to make sense to invite further delays. Nothing prevents defendants from making an offer and trying to do the right thing in the interim.

I can be available tomorrow for a conference call to discuss further but this just isn't sitting right.

Best regards,

Evan C. Nelson

Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor

Walnut Creek, CA 94596

(925) 323-1991

On Thu, May 16, 2024 at 3:27 PM Benjamin I. Oreper <boreper@bfesf.com> wrote:

Nina,

Attached please find the District Defendants' mediation brief and enclosed exhibits.


Thanks,




**Benjamin I. Oreper**

**Bertrand Fox Elliot Osman + Wenzel**

The Waterfront Building

2749 Hyde Street

San Francisco, CA 94109

Cell: 415-933-0034

Office: 415-353-0999 x113


CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

EXHIBIT B

EXHIBIT B

**Benjamin I. Oreper**

| | |
|---|---|
| **From:** | Charles H. Jung <charles@njfirm.com> |
| **Sent:** | Tuesday, June 10, 2025 3:31 PM |
| **To:** | Evan Nelson |
| **Cc:** | Benjamin I. Oreper; Ethan Lowry; Eugene Elliot; L. Roberts; Sergio Guerrero; Beanum, Alison; Mitchell, Veena; Brittany Shimshock |
| **Subject:** | RE: Colombo v. PAUSD, et al. - Follow-up Regarding Confidentiality Designations of Non-Party Komey Vishakan's Deposition Transcript |

Please save your deflection. You decided not to file your motion after it became clear your embarrassing behavior would need to be disclosed to the court.

I don't need a court reporter's apology: I suggest you apologize to all of us for your unnecessary and ill-considered fire drill. You wasted all of our time.

Charles H. Jung
**NASSIRI** **& JUNG** LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200
charles@njfirm.com | https://www.njfirm.com



Employment | Executive & Founder Disputes

---

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Wednesday, June 11, 2025 7:22 AM
**To:** Charles H. Jung <charles@njfirm.com>
**Cc:** Benjamin I. Oreper <boreper@bfesf.com>; Ethan Lowry <elowry@bfesf.com>; Eugene Elliot <eelliot@bfesf.com>; L. Roberts <lroberts@bfesf.com>; Sergio Guerrero <sguerrero@bfesf.com>; Beanum, Alison <alison.beanum@clydeco.us>; Mitchell, Veena <Veena.Mitchell@clydeco.us>; Brittany Shimshock <brittany@njfirm.com>
**Subject:** Re: Colombo v. PAUSD, et al. - Follow-up Regarding Confidentiality Designations of Non-Party Komey Vishakan's Deposition Transcript

It's actually your burden under the PTO, so I decided to let you take the laboring oar. Let me know when you receive the court reporters explanation and if it still isn't sufficient to satisfy you, please do explain to her why.

Best regards,

Evan C. Nelson
Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor
Walnut Creek, CA 94596
(925) 323-1991

On Tue, Jun 10, 2025 at 3:15 PM Charles H. Jung <charles@njfirm.com> wrote:

Mr. Nelson:


After wasting all of our times on your untimely, inappropriate motion, I understand you are no longer filing it. That's a wise move.


Charles H. Jung
**NASSIRI** & **JUNG** LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com



Employment | Executive & Founder Disputes

---

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Wednesday, June 11, 2025 6:48 AM
**To:** Benjamin I. Oreper <boreper@bfesf.com>
**Cc:** Charles H. Jung <charles@njfirm.com>; Ethan Lowry <elowry@bfesf.com>; Eugene Elliot <eelliot@bfesf.com>; L. Roberts <lroberts@bfesf.com>; Sergio Guerrero <sguerrero@bfesf.com>; Beanum, Alison <alison.beanum@clydeco.us>; Mitchell, Veena <Veena.Mitchell@clydeco.us>; Brittany Shimshock <brittany@njfirm.com>
**Subject:** Re: Colombo v. PAUSD, et al. - Follow-up Regarding Confidentiality Designations of Non-Party Komey Vishakan's Deposition Transcript


I guess that this will not happen then.


Best regards,

Evan C. Nelson

Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor

Walnut Creek, CA 94596

(925) 323-1991

On Tue, Jun 10, 2025 at 2:37 PM Benjamin I. Oreper <boreper@bfesf.com> wrote:

See attached with Defendants' position statement. Defendants would concur with Mr. Jung that it is inappropriate for Plaintiff's counsel to unilaterally determine what portions of the Parties' joint statement are in excess of page limits and attach those portions as an exhibit. Counsel for Plaintiff is free to add to his position statement that he feels the other parties have inappropriately exceeded the provided page limit.



**Benjamin I. Oreper**

**Bertrand Fox Elliot Osman + Wenzel**

The Waterfront Building

2749 Hyde Street

San Francisco, CA 94109

Cell: 415-933-0034

Office: 415-353-0999 x113

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate

applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

---

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Tuesday, June 10, 2025 2:34 PM
**To:** Charles H. Jung <charles@njfirm.com>
**Cc:** Benjamin I. Oreper <boreper@bfesf.com>; Ethan Lowry <elowry@bfesf.com>; Eugene Elliot <eelliot@bfesf.com>; L. Roberts <lroberts@bfesf.com>; Sergio Guerrero <sguerrero@bfesf.com>; Beanum, Alison <alison.beanum@clydeco.us>; Mitchell, Veena <Veena.Mitchell@clydeco.us>; Brittany Shimshock <brittany@njfirm.com>
**Subject:** Re: Colombo v. PAUSD, et al. - Follow-up Regarding Confidentiality Designations of Non-Party Komey Vishakan's Deposition Transcript

Nothing you have stated warrants a global confidentiality designation over the deposition and your admitted undisclosed agreements with defense counsel more than placed you and defendants in a position to discuss the protective order if you anticipated it being at issue.

☐ Ms. Vishakan's immigration status - you instructed her to not answer and she didn't answer.

☐ The circumstances of her separation from PAUSD - not privileged or confidential it was broadcast throughout news articles.

☐ Unfounded and scandalous rumors - such as?

☐ Extensive employment history unrelated to this case - how is that confidential?

☐ Her current employment and confidential client engagements - no such discussion beyond her current employment and knowledge of proper notices, etc., which she testified she had no experience with.

☐ Speculation about news articles and emails to which she was not a party - how are any of her responses purportedly confidential?

☐ Her views on irrelevant topics such as Australian law, the Trump administration, and the recall of Judge Aaron Persky - you can have confidentiality on that. If that is all you are designating, then remove the global designation and we will agree.

☐ Questions about PAUSD's internal decisions for periods after she was no longer the General Counsel. She answered she didn't know, if she answered at all. Again not confidential.

Throughout the deposition, Plaintiff's counsel wasted significant time by reading long documents verbatim and asking the deponent only to confirm he read them correctly, rather than questioning her on the substance. This inefficient conduct, along with Plaintiff's counsel's late start to the deposition of over 20 minutes - that was the court reporter not me and you were the one that forced the deposition in San Francisco instead of with my normal preferences.

Best regards,

Evan C. Nelson

Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor

Walnut Creek, CA 94596

(925) 323-1991

On Tue, Jun 10, 2025 at 2:06 PM Charles H. Jung <charles@njfirm.com> wrote:

It's 6 am where I am, and I am about to leave my hotel and computer. I see you rewrote your section, Mr. Nelson. Please do not further rewrite your section, as it will make it impossible to get this joint filing done on your unilaterally selected time frame.

Attached is Mr. Vishakan's portion, which I will need to get her input.

Charles H. Jung
**NASSIRI & JUNG** LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com



Employment | Executive & Founder Disputes

---

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Wednesday, June 11, 2025 1:59 AM
**To:** Charles H. Jung <charles@njfirm.com>
**Cc:** Benjamin I. Oreper <boreper@bfesf.com>; Ethan Lowry <elowry@bfesf.com>; Eugene Elliot <eelliot@bfesf.com>;
L. Roberts <lroberts@bfesf.com>; Sergio Guerrero <sguerrero@bfesf.com>; Beanum, Alison
<alison.beanum@clydeco.us>; Mitchell, Veena <Veena.Mitchell@clydeco.us>; Brittany Shimshock
<brittany@njfirm.com>
**Subject:** Re: Colombo v. PAUSD, et al. - Follow-up Regarding Confidentiality Designations of Non-Party Komey
Vishakan's Deposition Transcript

Joint Statement with expanded citation of the PTO language and the attachment that I will file. This
needs to be taken care of prior to Monday's depositions, so I will not delay to remove your obstruction
and violation of the terms of the very PTO you are purporting to invoke.

Best regards,

Evan C. Nelson

Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor

Walnut Creek, CA 94596

(925) 323-1991

On Tue, Jun 10, 2025 at 4:06 AM Charles H. Jung <charles@njfirm.com> wrote:

Mr. Nelson:

You know I'm on vacation through the end of this month, which is one of the reasons the parties scheduled Ms. Vishakan's deposition for last week. Your latest frantic motion is completely unnecessary and a result of your lack of diligence in this case. We will oppose it.

What time will you file this improper motion? Do not do so until you have my portion. I am out of the country and in a different time zone.

Sincerely,

Charles H. Jung
**NASSIRI & JUNG** LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com



Employment | Executive & Founder Disputes

---

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Monday, June 9, 2025 8:57 PM
**To:** Charles H. Jung <charles@njfirm.com>
**Cc:** Benjamin I. Oreper <boreper@bfesf.com>; Ethan Lowry <elowry@bfesf.com>; Eugene Elliot <eelliot@bfesf.com>; L. Roberts <lroberts@bfesf.com>; Sergio Guerrero <sguerrero@bfesf.com>; Beanum, Alison

<alison.beanum@clydeco.us>; Mitchell, Veena <Veena.Mitchell@clydeco.us>; Brittany Shimshock
<brittany@njfirm.com>
**Subject:** Re: Colombo v. PAUSD, et al. - Follow-up Regarding Confidentiality Designations of Non-Party Komey
Vishakan's Deposition Transcript

Counsel,

Please input your respective positions and let me know if ok to affix the /s/.

Best regards,

Evan C. Nelson
Law Office of Evan C. Nelson
1990 North California Blvd.,
8th Floor
Walnut Creek, CA 94596
(925) 323-1991

On Mon, Jun 9, 2025 at 7:09 PM Evan Nelson <evancnelson.law@gmail.com> wrote:

Counsel,

Plaintiff requests that you immediately (1) rescind your designation of the entire transcript as
"confidential", (2) provide the specific items of testimony that you considered "confidential", and (3)
agree to reopen the deposition of Ms. Vishakan to allow further deposition questioning.

Best regards,

Evan C. Nelson

Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor
Walnut Creek, CA 94596
(925) 323-1991

On Mon, Jun 9, 2025 at 6:29 PM Evan Nelson <evancnelson.law@gmail.com> wrote:

Please consider this email as notice that Plaintiff intends to bring an administrative motion to deem the "confidentiality" label lifted from Ms. Vishakan's deposition, so that Ms. Hickey's deposition is not potentially encumbered. Plaintiff will request sanctions as provided in the Protective Order and will further request that Mr. Jung be excluded from further participating in this action unless/until trial. Any purported confidentiality can be asserted by the District, since any privilege would be theirs and not Ms. Vishakan's, in any event.

Best regards,

Evan C. Nelson

Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor
Walnut Creek, CA 94596
(925) 323-1991

On Mon, Jun 9, 2025 at 5:11 PM Evan Nelson <evancnelson.law@gmail.com> wrote:

Plaintiff considers the meet and confer process complete.

Best regards,


Evan C. Nelson
Law Office of Evan C. Nelson
1990 North California Blvd.,
8th Floor
Walnut Creek, CA 94596
(925) 323-1991




On Mon, Jun 9, 2025 at 5:10 PM Evan Nelson <evancnelson.law@gmail.com> wrote:

Your easy fix is to simply agree to reopen the deposition and get an agreed upon date for resumption of Ms. Vishakan's deposition, then you can make your designations and we can have an opportunity to inquire further as contemplated by the PTO. Since you have made clear you are not agreeable to such fair play, you are in violation of the PTO and Plaintiff has tendered his objection to your categorical designation of the entire transcript as protected as sanctionable under the terms of the PTO and to your attempt to game the system by designating portions of the transcript only after declaring it complete, which also violates the PTO.



Best regards,


Evan C. Nelson
Law Office of Evan C. Nelson
1990 North California Blvd.,
8th Floor
Walnut Creek, CA 94596
(925) 323-1991




On Mon, Jun 9, 2025 at 5:05 PM Evan Nelson <evancnelson.law@gmail.com> wrote:

You knew or should have known about it from discussion with Defendants' counsel and Mr. Lowry offered it to you during the deposition. Again, Plaintiff saw no reasonable or appropriate use of the protective order and if you saw the need for a protective order before commencing the deposition, it would have been wise for you to have made advance inquiry and/or requested any appropriate protection when opposing service of the subpoena.

Best regards,

Evan C. Nelson
Law Office of Evan C. Nelson
1990 North California Blvd.,
8th Floor
Walnut Creek, CA 94596
(925) 323-1991

On Mon, Jun 9, 2025 at 5:02 PM Charles H. Jung <charles@njfirm.com> wrote:

It's difficult to violate an order that I didn't know existed. Doubly so when you, as plaintiff's counsel, not only failed to disclose its existence to me, but also didn't know what was in it when I asked you basic questions about its requirements during the deposition.

Charles H. Jung

NASSIRI & JUNG LLP

Los Angeles | San Francisco

Tel: 213-626-6200 | 415-762-3100

Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Tuesday, June 10, 2025 8:53:49 AM
**To:** Charles H. Jung <charles@njfirm.com>
**Cc:** Benjamin I. Oreper <boreper@bfesf.com>; Ethan Lowry <elowry@bfesf.com>; Eugene Elliot <eelliot@bfesf.com>; L. Roberts <lroberts@bfesf.com>; Sergio Guerrero <sguerrero@bfesf.com>; Beanum, Alison <alison.beanum@clydeco.us>; Mitchell, Veena <Veena.Mitchell@clydeco.us>; Brittany Shimshock <brittany@njfirm.com>
**Subject:** Re: Colombo v. PAUSD, et al. - Follow-up Regarding Confidentiality Designations of Non-Party Komey Vishakan's Deposition Transcript

Because you are violating the PTO, so it doesn't matter when the transcript is ready. You did not designate specific testimony before close of the deposition, which is required.


Best regards,


Evan C. Nelson
Law Office of Evan C. Nelson
1990 North California Blvd.,
8th Floor
Walnut Creek, CA 94596
(925) 323-1991


On Mon, Jun 9, 2025 at 4:42 PM Charles H. Jung <charles@njfirm.com> wrote:

Why would I bring a motion now when I haven't received the transcript? When will it be finished?


Charles H. Jung

NASSIRI & JUNG LLP

Los Angeles | San Francisco

Tel: 213-626-6200 | 415-762-3100

Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com

---

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Tuesday, June 10, 2025 8:39:19 AM
**To:** Charles H. Jung <charles@njfirm.com>
**Cc:** Benjamin I. Oreper <boreper@bfesf.com>; Ethan Lowry <elowry@bfesf.com>; Eugene Elliot <eelliot@bfesf.com>; L. Roberts <lroberts@bfesf.com>; Sergio Guerrero <sguerrero@bfesf.com>; Beanum, Alison <alison.beanum@clydeco.us>; Mitchell, Veena <Veena.Mitchell@clydeco.us>; Brittany Shimshock <brittany@njfirm.com>
**Subject:** Re: Colombo v. PAUSD, et al. - Follow-up Regarding Confidentiality Designations of Non-Party Komey Vishakan's Deposition Transcript

I am not picking the fight, you are creating it. the PTO expressly requires designation before the deposition is completed, which is what I asked for you to provide and you responded by designating the entire transcript in an attempt to make designations after-the-fact. That is not allowed. Bring your motion.

Best regards,

Evan C. Nelson
Law Office of Evan C. Nelson
1990 North California Blvd.,
8th Floor
Walnut Creek, CA 94596
(925) 323-1991

On Mon, Jun 9, 2025 at 4:32 PM Charles H. Jung <charles@njfirm.com> wrote:

Mr. Nelson:

Rather than rush to pick another fight, please read my email, where I stated that "Once we receive the transcript, we will review it and provide all counsel with revised and specific designations, limited only to those pages and lines that we believe in good faith contain testimony that qualifies for protection under the Order."

Charles H. Jung
**NASSIRI & JUNG** LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com



Employment | Executive & Founder Disputes

---

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Monday, June 9, 2025 4:26 PM
**To:** Charles H. Jung <charles@njfirm.com>
**Cc:** Benjamin I. Oreper <boreper@bfesf.com>; Ethan Lowry <elowry@bfesf.com>; Eugene Elliot <eelliot@bfesf.com>; L. Roberts <lroberts@bfesf.com>; Sergio Guerrero <sguerrero@bfesf.com>; Beanum, Alison <alison.beanum@clydeco.us>; Mitchell, Veena <Veena.Mitchell@clydeco.us>; Brittany Shimshock <brittany@njfirm.com>
**Subject:** Re: Colombo v. PAUSD, et al. - Follow-up Regarding Confidentiality Designations of Non-Party Komey Vishakan's Deposition Transcript

To be clear, the meet and confer process will not resolve this dispute as you are attempting to directly violate the protective order.

Best regards,

Evan C. Nelson
Law Office of Evan C. Nelson
1990 North California Blvd.,
8th Floor
Walnut Creek, CA 94596
(925) 323-1991

On Mon, Jun 9, 2025 at 4:22 PM Evan Nelson <evancnelson.law@gmail.com> wrote:

We refer you to Page 4, lines 19-21, which require a specific delineation of all protected testimony before close of the deposition. Since you have now clearly stated the deposition is closed, it is too late to try to designate specific testimony as being "confidential". This rule is to prevent the precise "gotcha" gamesmanship being attempted here by designating certain testimony as "confidential" where the opposing side has no reasonable opportunity to develop further deposition testimony around any such issues. We also refer you to Page 3, lines 13-23, that prohibit the precise "mass, indiscriminate" designation of the entire transcript as being "confidential", which you attempted as void and subject to sanctions. I expressly requested that you designate any specific testimony for which you were purporting to attach the confidentiality designation, and you declined by then purporting to designate the entire transcript, which was inappropriate and disallowed by the very protective order you are attempting to invoke.

This is Plaintiff's timely challenge to your improper designation(s) under Paragraphs 6.1 and 6.2 of the Protective Order.

Best regards,

Evan C. Nelson
Law Office of Evan C. Nelson
1990 North California Blvd.,
8th Floor

Walnut Creek, CA 94596
(925) 323-1991

On Mon, Jun 9, 2025 at 4:04 PM Evan Nelson <evancnelson.law@gmail.com> wrote:

And Plaintiff disputes your designation of the entire transcript, or any portion of it, as confidential as none if it met the criteria for such, including a specific waiver of attorney client privilege to allow an answer to any question. There was no waiver of privilege and, therefore, no testimony subject to the confidentiality of the protective order. WE are happy to meet and confer with you further on this point, but your time to bring this issue to the court is running now.

Best regards,

Evan C. Nelson
Law Office of Evan C. Nelson
1990 North California Blvd.,
8th Floor
Walnut Creek, CA 94596
(925) 323-1991

On Mon, Jun 9, 2025 at 2:58 PM Charles H. Jung <charles@njfirm.com> wrote:

Dear Counsel:

I write to follow up regarding last week's deposition of Komey Vishakan.

As discussed on the record, we placed a provisional "CONFIDENTIAL" designation over the entirety of Ms. Vishakan's deposition testimony. This was done out of an abundance of caution to protect potentially confidential and attorney-client privileged information, as Ms. Vishakan is the former general counsel of PAUSD. I took this step after I was belatedly notified late into the deposition that there was a stipulated protective order in place in this matter. The late disclosure of that fact made it impossible for me to designate specific portions of the testimony as confidential.

Once we receive the transcript, we will review it and provide all counsel with revised and specific designations, limited only to those pages and lines that we believe in good faith contain testimony that qualifies for protection under the Order.

We consider Ms. Vishakan's deposition to be complete.

Sincerely,

Charles H. Jung
**NASSIRI & JUNG** LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com



Employment | Executive & Founder Disputes

EXHIBIT C

# EXHIBIT C

**Benjamin I. Oreper**

| | |
|---|---|
| **From:** | Evan Nelson <evancnelson.law@gmail.com> |
| **Sent:** | Monday, July 7, 2025 6:32 PM |
| **To:** | Charles H. Jung |
| **Cc:** | Brittany Shimshock; Benjamin I. Oreper; Ethan Lowry; Eugene Elliot; Sergio Guerrero; L. Roberts; Beanum, Alison; Mitchell, Veena |
| **Subject:** | Re: Activity in Case 5:24-cv-00909-NC Colombo v. Palo Alto Unified School District et al |

I do not know who you think you are, but you really need to get over yourself.

   Best regards,

Evan C. Nelson
Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor
Walnut Creek, CA 94596
(925) 323-1991

On Mon, Jul 7, 2025 at 6:29 PM Charles H. Jung <charles@njfirm.com> wrote:

I suggest you use your energies more productively, rather than force me to disclose to the court your behavior before, during the deposition, and after.

Charles H. Jung
**NASSIRI & JUNG** LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com

 NASSIRI & JUNG LLP

Employment | Executive & Founder Disputes

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Monday, July 7, 2025 6:26 PM
**To:** Charles H. Jung <charles@njfirm.com>
**Cc:** Brittany Shimshock <brittany@njfirm.com>; Benjamin I. Oreper <boreper@bfesf.com>; Ethan Lowry

<elowry@bfesf.com>; Eugene Elliot <eelliot@bfesf.com>; Sergio Guerrero <sguerrero@bfesf.com>; L. Roberts <lroberts@bfesf.com>; Beanum, Alison <alison.beanum@clydeco.us>; Mitchell, Veena <Veena.Mitchell@clydeco.us>
**Subject:** Re: Activity in Case 5:24-cv-00909-NC Colombo v. Palo Alto Unified School District et al

I will focus on correcting all of the false narratives.

 Best regards,

Evan C. Nelson

Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor

Walnut Creek, CA 94596

(925) 323-1991

On Mon, Jul 7, 2025 at 6:22 PM Charles H. Jung <charles@njfirm.com> wrote:

I would suggest you focus on substance of resolving the remaining dispute over whether the deposition is closed, rather than manufacture another unnecessary fight.

My paralegal is gone for the day, so I cannot lead the joint filing. But if you insist on filing something, I'll have to recite your history of behavior. Let me know, and I'll get you my portion you can include in the joint statement.

Charles H. Jung
**NASSIRI & JUNG** LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com



Employment | Executive & Founder Disputes

---

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Monday, July 7, 2025 6:13 PM
**To:** Charles H. Jung <charles@njfirm.com>
**Cc:** Brittany Shimshock <brittany@njfirm.com>; Benjamin I. Oreper <boreper@bfesf.com>; Ethan Lowry <elowry@bfesf.com>; Eugene Elliot <eelliot@bfesf.com>; Sergio Guerrero <sguerrero@bfesf.com>; L. Roberts <lroberts@bfesf.com>; Beanum, Alison <alison.beanum@clydeco.us>; Mitchell, Veena <Veena.Mitchell@clydeco.us>
**Subject:** Re: Activity in Case 5:24-cv-00909-NC Colombo v. Palo Alto Unified School District et al

To be clear, you need to file a joint statement re your issues for confidentiality by end of the day today as ordered by the court. I need your proposed statement of issues before 7 pm so that I can provide my positions. I will file a response to your self-serving statement that violates the court's order.

 Best regards,


Evan C. Nelson

Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor

Walnut Creek, CA 94596

(925) 323-1991

On Mon, Jul 7, 2025 at 6:05 PM Evan Nelson <evancnelson.law@gmail.com> wrote:

We have no stipulation now, so you need to submit your joint statement

Best regards,

Evan C. Nelson

Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor

Walnut Creek, CA 94596

(925) 323-1991

On Mon, Jul 7, 2025 at 5:04 PM Charles H. Jung <charles@njfirm.com> wrote:

I'll request an extra week.

Charles H. Jung
NASSIRI & JUNG LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com



Employment | Executive & Founder Disputes

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Monday, July 7, 2025 5:03 PM

**To:** Charles H. Jung <charles@njfirm.com>
**Cc:** Brittany Shimshock <brittany@njfirm.com>; Benjamin I. Oreper <boreper@bfesf.com>; Ethan Lowry <elowry@bfesf.com>; Eugene Elliot <eelliot@bfesf.com>; Sergio Guerrero <sguerrero@bfesf.com>; L. Roberts <lroberts@bfesf.com>; Beanum, Alison <alison.beanum@clydeco.us>; Mitchell, Veena <Veena.Mitchell@clydeco.us>
**Subject:** Re: Activity in Case 5:24-cv-00909-NC Colombo v. Palo Alto Unified School District et al

Someone is crating unnecessary disputes and trying to force a solo to waste time needlessly seeking delays. The PTO does not require anything more than the designations during the deposition of portions of testimony that are deemed confidential. There would be no page:line designations at that time, obviously. It has appeared clear from the jump what your role is and you are going to require a motion no matter what. So either file the stipulation as to the four points agreed upon with the testimony designated as confidential having been agreed upon by counsel, which will be provided in a supplemental Exhibit A once page and line designations can be provided by you from the transcript. Or you can request the extra week or you can provide a proposed joint statement for me to review.

Best regards,

Evan C. Nelson

Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor

Walnut Creek, CA 94596

(925) 323-1991

On Mon, Jul 7, 2025 at 4:54 PM Charles H. Jung <charles@njfirm.com> wrote:

It's impossible to file a stipulation re confidentiality designations, when you are not informing the court what we are stipulating to. You are (again) creating a completely unnecessary dispute.

Charles H. Jung
**NASSIRI & JUNG** LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com



Employment | Executive & Founder Disputes

---

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Monday, July 7, 2025 4:32 PM
**To:** Charles H. Jung <charles@njfirm.com>
**Cc:** Brittany Shimshock <brittany@njfirm.com>; Benjamin I. Oreper <boreper@bfesf.com>; Ethan Lowry <elowry@bfesf.com>; Eugene Elliot <eelliot@bfesf.com>; Sergio Guerrero <sguerrero@bfesf.com>; L. Roberts <lroberts@bfesf.com>; Beanum, Alison <alison.beanum@clydeco.us>; Mitchell, Veena <Veena.Mitchell@clydeco.us>
**Subject:** Re: Activity in Case 5:24-cv-00909-NC Colombo v. Palo Alto Unified School District et al

Counsel,

If you don't want to file the stipulation then you can file a joint statement. Please provide your proposed joint statement immediately so that I can respond.

Best regards,

Evan C. Nelson

Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor

Walnut Creek, CA 94596

(925) 323-1991

On Mon, Jul 7, 2025 at 3:58 PM Charles H. Jung <charles@njfirm.com> wrote:

That's odd, since we're not ready for a stipulation. I'll file a response to your filings then.

Charles H. Jung
**NASSIRI & JUNG** LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com



Employment | Executive & Founder Disputes

---

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Monday, July 7, 2025 3:51 PM
**To:** Charles H. Jung <charles@njfirm.com>
**Cc:** Brittany Shimshock <brittany@njfirm.com>; Benjamin I. Oreper <boreper@bfesf.com>; Ethan Lowry <elowry@bfesf.com>; Eugene Elliot <eelliot@bfesf.com>; Sergio Guerrero <sguerrero@bfesf.com>; L. Roberts <lroberts@bfesf.com>; Beanum, Alison <alison.beanum@clydeco.us>; Mitchell, Veena <Veena.Mitchell@clydeco.us>
**Subject:** Re: Activity in Case 5:24-cv-00909-NC Colombo v. Palo Alto Unified School District et al

Mr. Jung,

I do not intend to request a continuance.

Best regards,


Evan C. Nelson

Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor

Walnut Creek, CA 94596

(925) 323-1991




On Mon, Jul 7, 2025 at 2:48 PM Charles H. Jung <charles@njfirm.com> wrote:

Mr. Nelson –


Please confirm by 3:00 p.m. today that you will file with the Court today a request for an additional week to file a stipulation or joint discovery letter, as today is the deadline.


In addition, now that we have the transcript, and as I stated in my June 26 letter, please identify the "the one section that [you] do not agree to mark as confidential . . . is where Ms. Vishakan is instructed to not answer the questions preliminary to a good faith defense." Please specifically identify this portion.


Charles H. Jung
NASSIRI & JUNG LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com



Employment | Executive & Founder Disputes

---

**From:** Charles H. Jung
**Sent:** Monday, July 7, 2025 1:43 PM
**To:** Evan Nelson <evancnelson.law@gmail.com>
**Cc:** Brittany Shimshock <brittany@njfirm.com>; Benjamin I. Oreper <boreper@bfesf.com>; Ethan Lowry <elowry@bfesf.com>; Eugene Elliot <eelliot@bfesf.com>; Sergio Guerrero <sguerrero@bfesf.com>; L. Roberts <lroberts@bfesf.com>; Beanum, Alison <alison.beanum@clydeco.us>; Mitchell, Veena <Veena.Mitchell@clydeco.us>
**Subject:** RE: Activity in Case 5:24-cv-00909-NC Colombo v. Palo Alto Unified School District et al

That issue aside, the stipulation contemplates an Exhibit A, yet we just received the transcript. This will take some time to finalize. I suggest you ask for a week from the Court.

Charles H. Jung
**NASSIRI & JUNG** LLP
Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com



Employment | Executive & Founder Disputes

---

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Monday, July 7, 2025 1:32 PM
**To:** Charles H. Jung <charles@njfirm.com>
**Cc:** Brittany Shimshock <brittany@njfirm.com>; Benjamin I. Oreper <boreper@bfesf.com>; Ethan Lowry <elowry@bfesf.com>; Eugene Elliot <eelliot@bfesf.com>; Sergio Guerrero <sguerrero@bfesf.com>; L. Roberts <lroberts@bfesf.com>; Beanum, Alison <alison.beanum@clydeco.us>; Mitchell, Veena <Veena.Mitchell@clydeco.us>
**Subject:** Re: Activity in Case 5:24-cv-00909-NC Colombo v. Palo Alto Unified School District et al

For whatever reason, the link to the Google doc is being sent to my personal email account. I do not believe that we need to address anything about reopening of the deposition. We are only dealing with confidentiality designations at this point in time. If the instructions to not answer become an issue later, then any potential reopening of the deposition will be addressed at that time. Let's just delete paragraph 5 and get the stipulation finalized.

Best regards,

Evan C. Nelson

Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor

Walnut Creek, CA 94596

(925) 323-1991

On Mon, Jul 7, 2025 at 11:01 AM Charles H. Jung <charles@njfirm.com> wrote:

Linked here is the edited Paragraph 5 to address the potential reopening of the deposition. The revised language clarifies that if you prevail on a motion to compel regarding privilege assertions, you can seek leave from the Court to reopen the deposition. This process would, of course, be subject to the good cause standard and be limited in scope, as is standard. I believe this language accurately reflects the proper procedure under the Federal Rules and gives both sides a clear and fair path forward.

Please let me know if you are agreeable to this version. I am also in receipt of the deposition transcript. I'll review for the confidential portions to be marked and included as Exh. A and send to you for review and filing.

Charles H. Jung
NASSIRI & JUNG LLP

Los Angeles | San Francisco
Tel: 213-626-6200 | 415-762-3100
Fax: 213-284-3900 | 415-534-3200

charles@njfirm.com | https://www.njfirm.com



Employment | Executive & Founder Disputes

---

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Wednesday, July 2, 2025 9:54 AM
**To:** Charles H. Jung <charles@njfirm.com>; Brittany Shimshock <brittany@njfirm.com>; Benjamin I. Oreper <boreper@bfesf.com>; Ethan Lowry <elowry@bfesf.com>; Eugene Elliot <eelliot@bfesf.com>; Sergio Guerrero <sguerrero@bfesf.com>; L. Roberts <lroberts@bfesf.com>; Beanum, Alison <alison.beanum@clydeco.us>; Mitchell, Veena <Veena.Mitchell@clydeco.us>
**Subject:** Re: Activity in Case 5:24-cv-00909-NC Colombo v. Palo Alto Unified School District et al

Plaintiff has made his proposed change to the stipulation and proposed order. Exhibit A is still required.

Best regards,

Evan C. Nelson

Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor

Walnut Creek, CA 94596

(925) 323-1991

On Tue, Jul 1, 2025 at 8:29 PM Evan Nelson <evancnelson.law@gmail.com> wrote:

FYI


Best regards,



Evan C. Nelson

Law Office of Evan C. Nelson

1990 North California Blvd.,
8th Floor

Walnut Creek, CA 94596

(925) 323-1991




---------- Forwarded message ---------
From: <ECF-CAND@cand.uscourts.gov>
Date: Mon, Jun 30, 2025 at 4:58 PM
Subject: Activity in Case 5:24-cv-00909-NC Colombo v. Palo Alto Unified School District et al
To: <efiling@cand.uscourts.gov>


**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**California Northern District**

**Notice of Electronic Filing**


The following transaction was entered on 6/30/2025 at 4:57 PM and filed on 6/30/2025

| | |
|---|---|
| **Case Name:** | Colombo v. Palo Alto Unified School District et al |
| **Case Number:** | 5:24-cv-00909-NC |
| **Filer:** | |
| **Document Number:** | 156(No document attached) |

**Docket Text:**
**CLERK'S NOTICE - As to the protective order disputes presented in Dkts. [154] and [155], counsel for Colombo and Vishakan are ordered to confer further and to file by July 7, 2025, either (1) a stipulated proposed order or (2) a joint discovery statement.**

*(This is a text-only entry generated by the court. There is no document associated with this entry.)*
**(lmh, COURT STAFF) (Filed on 6/30/2025)**


**5:24-cv-00909-NC Notice has been electronically mailed to:**

Alison Katherine Beanum &nbsp &nbsp alison.beanum@clydeco.us, angelo.mccabe@clydeco.us, marion.tate@clydeco.us

Benjamin Isaac Oreper &nbsp &nbsp boreper@bfesf.com, lroberts@bfesf.com, sguerrero@bfesf.com

Charles Hyunchul Jung &nbsp &nbsp charles@njfirm.com, las@njfirm.com

Ethanluke M. Lowry &nbsp &nbsp elowry@bfesf.com, ahernandez@bfesf.com, lroberts@bfesf.com

Eugene Burton Elliot &nbsp &nbsp eelliot@bfesf.com, elowry@bfesf.com, jrevelo@bfesf.com, lroberts@bfesf.com, rgaws@bfesf.com, xbarcenas@bfesf.com

Evan Craig Nelson &nbsp &nbsp Evancnelson.law@gmail.com

Veena A. Mitchell &nbsp &nbsp veena.mitchell@clydeco.us

**5:24-cv-00909-NC Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**