EVAN C. NELSON (SBN 172957)
JONATHAN MCDOUGALL, ESQ. (SBN 212359)
LAW OFFICE OF JONATHAN MCDOUGALL
1640 Laurel Street
San Carlos, CA  94070
Telephone: (650) 594-4200
Email:  jonathan@mcdlaw.net; evancnelson.law@gmail.com

*Attorneys for Plaintiff Peter Colombo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER COLOMBO,<br><br>                    Plaintiff,<br><br>v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, DON AUSTIN, Individually and as Superintendent for PAUSD, LISA HICKEY, Individually and as Director of Certificated Human Resources for PAUSD, AMANDA BARK, Individually and as Manager, Policy and Legal Compliance for PAUSD, and TRENT BAHADURSINGH, individually and as Deputy Superintendent and Chief of Staff for PAUSD,<br><br>                    Defendants. | Case No. 5:24-cv-00909-NC<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br><br><br><br><br><br><br>HON. NATHANAEL M. COUSINS |

Plaintiff responds to the Order to Show Cause as follows:

In short and simple terms:

1. On September 16, 2025, more than 1 year and four months after Ms. Miller was originally subpoenaed for deposition, and following two court orders for her deposition, it was finally completed with defense counsel not allowing her to respond to questions about her investigation based on assertion of attorney-client privilege. Her estimated 10-12 page long report relating to the investigation, which was the purported basis for keeping Mr. Colombo out of the classroom from May 24, 2023 until August of 2025, was completed in February of 2024 but will not be produced based on assertion of privilege. She also testified that had she found anything to support the claim made against Mr. Colombo, her report would have been produced and used as the basis for a statement of charges but since she found nothng to support the claim, it will not be produced.

2. On September 19, 2025, Defendants completed Ms. Colombo's deposition in just over two hours. Defendants continually demanded a full day of 7 hours of deposition of this non-party witness and rejecting Plaintiff's offer to accommodate her work schedule by proceeding with for a half day of deposition, to be followed by another half day of deposition if necessary, which could have completed more than a month before the scheduled close of fact discovery.

In brief response to Defendants' 50-page submission, Plaintiff has just as many emails received from defendants and if defense counsel would be responsive, would provide complete discovery responses and would otherwise be reasonable in scheduling depositions and in their deposition demands, there would have been no need for the number of communications about which they now complain.

For example, with regard to expert discovery, Plaintiff was forced to prepare the following as a proposed joint statement before Defendants finally agreed to deposition scheduling for Plaintiff's expert witnesses. They then followed the deposition scheduling debacle with an excessive amount of document requests to the expert witnesses, which Plaintiff resolved by referencing Rule 26's prohibition on seeking communications outside three distinct categories of such attorney-expert communications and then by simply agreeing to have his expert witnesses expend an exorbitant amount of time attempting to provide the voluminous documents requested. Here is what transpired with expert discovery (a substantial number of the communications counted by defense counsel related to these expert discovery issues):

1

**Expert Deposition Scheduling and Document Demands**

Plaintiff timely and properly designated five expert witnesses, Saunie Schuster (one of the Nation's top authorities regarding resolution of education-based sexual assault/harassment claims), Ken Whittemore (a California public school administrator with 16 years of experience as an Assistant Superintendent and more than 18 years overseeing school investigations, ensuring compliance with state and federal regulations, and managing employee relations), Mark Alifano (a retired Detective Sargeant with more than 14 years of experience investigating serious crimes, including oversight for investigations involving sensitive allegations of sexual assault within institutional settings, requiring careful compliance with federal, state, and local protocols, including Title IX obligations), Dr. Jessica Chaudhary (a psychiatrist, board certified in psychiatry and neurology, with a decade and a half of experience), and Barry Ben-Zion, Ph.D. (an economist with half a century of testifying experience).

*Issue 1 – Scheduling and Amount of Time Demanded for Plaintiff's Experts' Depositions*

On September 25, 2025, Defendants sent an email demanding offers for all of Plaintiff's expert witnesses to be deposed on the dates of October 6th, 7th, 8th (the date set for the in person OSC Hearing), 14th and 15th. At 5:43 pm on September 25, 2025, after Plaintiff began making offers to conform with Defendants' date restrictions, Mr. Lowry first communicated that Defendants were also requiring full days of depositions for Ms. Schuster and Mr. Whittemore, and 6 hours for Detective Alifano.

On September 26, 2025, Ms. Beanum first communicated that Defendants were also requiring 3 hours for Dr. Chaudhary's deposition and 1 hour for Dr. Ben-Zion's deposition.[1]

After Plaintiff continued offering expert witnesses for depositions to comply with Defendants' highly restrictive deposition dates and excessive hours requirements, Ms. Beanum contradicted the earlier demand for deposition dates, claiming her unavailability on October 14th, 15th and 16th.

Plaintiff went back to his expert witnesses, each of whom has an extremely busy calendar, to try and conform to Defendants' date-restrictive and excessive deposition demands. After additional changing of demands by Defendants, Plaintiff was unable to offer Ms. Schuster for a full day of deposition until October 22, 2025 from 9:00 am until 5:00 pm eastern time (she is located in Ohio) with an alternative

---

[1] Plaintiff determined he will move to limit defense expert witnesses' testimony based on their reports, rather than taking their depositions since Defendants monopolized the expert discovery window.

2

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

date of October 31, 2025; Mr. Whittemore for 4 hours (that could be expanded to 6+ hours if required) on October 13, 2025 or a full day on October 25, 2025 (a Saturday, because he was just recently made acting Superintendent for his school district for the month of October); Detective Alifano for 6 hours on October 15, 2025; Dr. Chaudhary for 3 hours on October 16, 2025 from 9:30 am to 12:30 pm eastern time (she is in Connecticut); and Dr. Ben-Zion on October 17, 2025 from 10:00 am to 11:00 am.

After more objections and additional demands, Defendants finally agreed to the offers for Detective Alifano, Dr. Chaudhary and Dr. Ben-Zion.

However, Defendants continued objecting to beginning Ms. Schuster's deposition at 9 am her time to allow for completion of a full 7-hour day of deposition in one day. (After Plaintiff tendered these issues for resolution through submission of another joint statement, Defendants finally agreed to begin Ms. Schuster's deposition at 10 am her local time and recognizing that she needs to be done by 5 pm her local time). Defendants also objected to taking Mr. Whittemore's deposition on either October 13, 2025 (not a "school day" for students, even though it is not a state holiday, and also not a firm holiday for defense counsel) or on October 25, 2025 (a Saturday), which are the only dates in October that Mr. Whittemore can be available for a full day of deposition due to his work schedule. So, Plaintiff offered Mr. Whittemore for deposition on October 14, 2025 from 3 p.m. to 7 p.m. and on October 15, 2025 beginning at 3 p.m., if additional time were truly required. (Which offer Defendants finally accepted after Plaintiff tendered this as a joint statement for submission to the Court).

***Issue 2***

Defendants then served two deposition notices, for Drs. Chaudhary and Ben-Zion, which include abusive discovery in the form of aggressive document demands. Plaintiff offered to provide copies of all communications allowed by Rule 26 ((a) information relating to fees, most of which has already been produced with the expert disclosures through retainer agreements and invoicing; (b) facts or data, all of the Exhibits provided to the experts are listed in the experts' reports and have been previously provided to defense counsel; and (c) assumptions – the only "assumptions" were provided verbally to Dr. Ben-Zion and he has included such in his Report); all calculations and graphs, which were already attached to Dr. Ben-Zion's Report; copies of the three scientific articles cited by Dr. Chaudhary in her report (even though clearly available to defense counsel through their two IME expert witnesses); and CVs were

3

already provided with the disclosure materials.

Dr. Ben-Zion has also graciously agreed to work for defense counsel, so long as they pay him in advance for such additional work that responding to the document requests would require, including creation of additional computations and reports, putting together a list of the last ten years of his testimony, copying and scanning publications and file materials, and other tasks.

These issues were resolved by Defendants accepting Plaintiff's reasonable proffer (declining Dr. Ben-Zion's offer to work for Defendants so long as they compensated him) only after Plaintiff tendered the issue for resolution through submission of a joint statement.

Neither Dr. Chaudhary nor any of the other experts retained by Plaintiff have time available on their calendars to engage in the type of time-intensive work Defendants' extensive document requests would demand. Moreover, none of Plaintiff's experts retains copies of transcripts for trial or deposition or extensive scans of publications relied upon, or other documents sought through Defendants' overly burdensome discovery.

Nonetheless, after receiving similarly exhaustive document requests from Defendants relating to the depositions of Ms. Schuster (a full day deposition already having been demanded from her), Mr. Whittemore (a full day deposition already having been demanded from him despite knowledge of his extreme work schedule in October – he does not provide expert witness testimony but has agreed to do so here due to the egregiousness of Defendants' behavior, in his opinion), and Detective Alifano (6 hours of deposition already having been demanded from him).

Defendants again agreed to Plaintiff's proffer regarding production of typically sought and allowed expert discovery under Rule 26, but continued to demand several categories of "publication" type documentation that would support the expert witnesses' opinions based on their extensive knowledge, experience and training. Defendants demand Ms. Schuster respond to 26 different categories of these document requests. Plaintiff decided to relent and force his expert witnesses to expend valuable amounts of their extremely limited time attempting to respond to this discovery rather than requesting more court involvement in the discovery process, since Defendants agreed to reimburse the expert witnesses for the time spent attempting to do Defendants' (and Defendants' expert's) work for them.

The expert deposition schedule that Defendants finally agreed to, is as follows:

4

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

**October 14, 2025, 3pm to 7pm pacific time - Ken Whittemore**

**October 15, 2025, 8am to 3pm pacific time - Detective Alifano**

**October 15, 2025, 3pm to 7 pm pacific time (if needed) - Ken Whittemore**

**October 16, 2025, 9:30am to 12:30am local time for Dr. Jessica Chaudhary**

**October 17, 2025, 10am to 11am pacific time - Barry Ben-Zion, Ph.D.**

**October 22, 2025, 10am to 5pm local time for Saunie Schuster (TNG/ATIXA)**

Plaintiff simply wants to continue moving forward to his trial date and does not expect or even request sanctions at this point in time. He just wants to move forward and have his day in court. We are prepared to press onward.

Dated: October 1, 2025                LAW OFFICES OF JONATHAN D. MCDOUGALL

By:___*/s/ Evan C. Nelson*_____
   EVAN C. NELSON
     Attorneys for Plaintiffs