ALISON K. BEANUM (State Bar No. 221968)
alison.beanum@clydeco.us
VEENA A. MITCHELL (State Bar No. 161153)
veena.mitchell@clydeco.us
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone:    (213) 358-7600
Facsimile:    (213) 358-7650

Attorneys for Defendant DON AUSTIN,
individually and as Superintendent of PAUSD
and TRENT BAHADURSINGH, individually
and as Deputy Superintendent and Chief of Staff
of PAUSD

## UNITED STATES DISTRICT COURT

## NOTHERN DISTRICT OF CALIFORNIA – SAN JOSE

| | |
|---|---|
| PETER COLOMBO, <br><br> Plaintiff, <br><br> vs. <br><br> PALO ALTO UNIFIED SCHOOL DISTRICT, et al., <br><br> Defendants. | Case No. 5:24-cv-00909-NC <br><br> Assigned to: Magistrate Judge Nathanael M. Cousins <br><br> **NOTICE OF MOTION BY DEFENDANT TRENT BAHADURSINGH TO CONTINUE TRIAL DATE BY 7 DAYS; MEMORANDUM OF POINTS AND AUTHORITI IN SUPPORT THEREOF** <br><br> Date:      November 26, 2025 <br> Time:      11:00 a.m. <br> Dept.:     Courtroom 5, 4th Floor <br> Judge:    Nathanael M. Cousins <br><br> Complaint Date:    February 15, 2024 <br> Trial Date:          January 26, 2026 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE THAT**, on November 26, 2025 at 11:00 a.m., or as soon

thereafter as this may be heard in Courtroom 5, Fourth Floor at the Robert F. Peckham Federal

Building and U.S. Courthouse, 280 South 1st Street, San Jose California 95113, before the

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1    Honorable Magistrate Judge Nathanael M. Cousins, Defendant Trent Bahadursingh ("Mr.

2    Bahadursingh") will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure

3    16 and Local Rule 16-2, for an order modifying the Court's Scheduling Order entered on February

4    21, 2025 (ECF No. 123) and, specifically, to continue only the trial date, currently set for January

5    26, 2026, to the first available trial date after February 1, 2026.

6         The motion is supported by this notice, the averments set forth in the motion, the

7    memorandum of points and authorities filed contemporaneously herewith, the declaration of

8    Alison Beanum, all pleadings and papers on file in this action, and any other materials as may be

9    presented to the Court.

10         Mr. Bahadursingh affirms that, pursuant to Local Rule 16-2(d)(2), his undersigned counsel

11    attempted to confer with counsel for Plaintiff in an effort to reach an agreement about the matters

12    raised herein.  Plaintiff's counsel indicated that he intends to oppose this motion. Co-defendants

13    Palo Alto Unified School District, Don Austin, and Lisa Hickey do not oppose the motion.

14                            Respectfully submitted,

15    Dated:  October 22, 2025               CLYDE & CO US LLP

16

17

18                   By:        */s/ Alison K. Beanum*
                        Alison K. Beanum

19                            Veena A. Mitchell

20                            Attorneys for Defendant DON AUSTIN,
                        individually and as Superintendent of PAUSD, and

21                            TRENT BAHADURSINGH, individually and as
                        Deputy Superintendent and Chief of Staff of

22                            PAUSD

23

24

25

26

27

28

DEFENDANT TRENT BAHADURSINGH'S MOTION TO CONTINUE TRIAL BY 7 DAYS

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Peter Colombo initiated this action against the Palo Alto Unified School District (the "District") and certain individuals, alleging that the District's legal and necessary actions related to the investigation of Plaintiff's potential involvement in the rape of a student, was part of a vast, multi-factor conspiracy designed to "target" him, to subject him to "differential treatment" as a "man accused of rape," and to violate his constitutional rights.

This case is subject to the Court's Scheduling Order dated February 21, 2025 (ECF No. 123). Fact discovery is closed. Expert discovery closed on October 17, 2025, with the exception of 1-2 depositions of Plaintiff's designated experts which the parties' stipulated to take beyond the cutoff. Deadlines for dispositive motions, *Daubert* motions, and motions *in limine* have not yet occurred. The pretrial conference is set for January 7, 2026. A jury trial is currently scheduled to commence on January 26, 2026.

Undersigned counsel substituted in for Mr. Bahadursingh's predecessor counsel on or about July 14, 2025. Undersigned counsel was not informed by predecessor counsel (who were unaware) nor by Mr. Bahadursingh that his children planned, paid for, and gifted to him as a 60th birthday present, a family trip to Hawaii, which they unilaterally scheduled for January 26, 2026 through February 1, 2026. Indeed, undersigned counsel learned of this gift and its resultant scheduling conflict only after the parties' settlement discussions failed on September 17, 2025. Consequently, by and through this motion, Mr. Bahadursingh respectfully seeks the Court's indulgence and requests a short continuance of the trial date. Mr. Bahadursingh does not seek any other changes to the Court's Scheduling Order.

### II.    BRIEF FACTUAL AND PROCEDURAL BACKGROUND

In 2022, the District received an email communication from an anonymous individual stating that Plaintiff, while serving as a District teacher and coach, had raped the individual's wife in the locker room of Greene Middle School during the 2001-2002 school year when she was 11 years old. Consistent with its obligations under the California Child Abuse and Neglect Reporting Act ("CANRA," Penal Code §11166(a)), the District promptly reported the allegation to local law

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  enforcement and cooperated with the police investigation into the allegation.  The District also

2  took the requisite personnel actions, as it is compelled to do by law and/or within its legally

3  authorized discretion, and placed Plaintiff on paid administrative leave while it conducted an

4  independent personnel investigation into the allegation.

5      On June 15, 2022, following an investigation by the Palo Alto Police Department and the

6  Santa Clara County District Attorney's Office, Plaintiff was arrested, charged with felony

7  aggravated sexual assault of a child, and booked into the Santa Clara County Main Jail.  The

8  following day, on June 16, 2022, the District notified Plaintiff that due to his arrest and the

9  charges filed against him, the District was legally compelled by Sections 45304(b), 44940, and

10  44010 of the California Education Code to place him on an unpaid leave of absence, to continue

11  until ten days after the date of entry of judgment in the criminal proceeding.  The District also

12  timely reported Plaintiff's arrest to the California Commission on Teacher Credentialing ("CTC")

13  consistent with California Education Code §44940(d)(1). The CTC (an independent state agency)

14  suspended Plaintiff's teaching credential pursuant to Education Code §44940(d)(2).

15      On February 15, 2024, Mr. Colombo sued the District and various individuals claiming

16  that they conspired against him, targeted him, subjected him to "differential treatment," and

17  violated his constitutional rights.  At that time, Mr. Bahadursingh was not named as a defendant.

18  [Declaration of Alison K. Beanum ("Beanum Decl."), ¶ 2.]

19      Thereafter, Plaintiff amended his complaint on July 10, 2024, to, *inter alia*, assert a claim

20  against Mr. Bahadursingh.  Undersigned counsel did not represent Mr. Bahadursingh at that time.

21  [Beanum Decl., ¶ 3.]  The Court granted a motion to dismiss Plaintiff's First Amended Complaint

22  on September 16, 2024, and granted Plaintiff leave to file a Second Amended Complaint, which

23  he did on September 24, 2024.  The Second Amended Complaint was also dismissed on

24  November 19, 2024.  [*Id.* at ¶ 4.]  Plaintiff filed a Third Amended Complaint on January 6, 2025,

25  the sufficiency of which was also challenged.  On March 27, 2025, the Court granted in part and

26  denied in part the relevant motion to dismiss.  [*Id.* at ¶ 5.]

27      In the interim, the Court entered a Scheduling Order dated February 21, 2025 (ECF No.

28  123), which included, *inter alia*, an ADR completion date of April 22, 2025, and a trial date of

4

1    January 26, 2026. [Beanum Decl., ¶ 6.] The parties engaged in at least two ADR sessions and

2    appeared before Magistrate Judge Susan van Keulen Court for a scheduling conference on April

3    30, 2025, and a settlement conference on May 15, 2025. [*Id.*at ¶ 7.]

4          In June 2025, Mr. Bahadursingh's children planned, paid for, and gifted to him as a 60th

5    birthday present, a family trip to Hawaii, which they unilaterally scheduled for January 26, 2026

6    through February 1, 2026. [Declaration of Trent Bahadursingh ("Bahadursignh Decl."), ¶ 3.]

7    Regrettably, at the time he was gifted this trip, Mr. Bahadursingh did not remember that the trial

8    date in this matter was set for the same time and, as a result, he did not share this information with

9    his previous counsel. [*Id.* At ¶ 4.]

10          On July 14, 2025, the Court granted Mr. Bahadursingh's motion to substitute undersigned

11    counsel in place of his predecessor counsel. [Bahadursingh Decl., ¶ 5; Beanum Decl., ¶ 9.]

12    Neither predecessor counsel nor Mr. Bahadursingh informed undersigned counsel about this

13    birthday gift or the resultant scheduling conflict. [Bahadursingh Decl., ¶ 5; Beanum Decl., ¶ 9.]

14          The parties engaged in several settlement conferences and continued negotiations in an

15    effort to settle this matter. On July 29, 2025 the Court issued a Pretrial Preparation Order and held

16    a Case Management Conference on July 30, 2025. On August 22, 2025, Magistrate Judge Susan

17    van Keulen held another settlement conference to discuss with counsel the status of their

18    settlement discussions. A further settlement conference was set for September 17, 2025, after

19    Plaintiff had returned to work, at which time it became clear that this matter is unlikely to resolve

20    before trial. [Bahadursingh Decl., ¶¶ 6-7; Beanum Decl., ¶ 10.]

21          Shortly thereafter, Mr. Bahadursingh informed undersigned counsel about his birthday gift

22    and his inability to reschedule the trip. [Bahadursingh Decl., ¶ 7; Beanum Decl., ¶ 11.]

23    Undersigned counsel immediately informed counsel for all other parties of the conflict and sought

24    counsel's agreement to seek a one-week trial continuance. Plaintiff's counsel objected. Mr.

25    Bahadursingh's co-defendants do not oppose the motion. [Beanum Decl., ¶ 12.]

26          Mr. Bahadursingh has spoken with his children about the possibility of rescheduling this

27    family trip. However, because of the number of people involved, the conflicting schedules of his

28

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1   children, and the specific arrangements that have already been made, it would be extraordinarily

2   difficult to for him and his family to reschedule this important trip. [Bahadursingh Decl., ¶ 8.]

## III.    LEGAL STANDARD ON MOTION

4          The Federal Rules of Civil Procedure provide the Court with broad authority to manage the

5   schedule of litigation. *See generally* Fed. R. Civ. Pro. 16.  Specifically, Rule 16 directs the Court

6   to enter a scheduling order that limits the time to file motions and complete discovery.  *See* Fed. R.

7   Civ. Pro. 16(b).  The Rules also allow a district court to modify its scheduling order for good

8   cause and with the judge's consent.  See Fed. R. Civ. Pro. 16(b)(4).

9          To establish good cause within the context of Rule 16, the party seeking the modification

10  must show that the deadline(s) in the scheduling order cannot be reasonably met despite that

11  party's due diligence.  *Hood v. Hartford Life and Acc. Ins. Co.*, 567 F. Supp. 2 1221, 1224 (E.D.

12  Cal. 2008) (scheduling order entered before the pretrial conference may be modified upon a

13  showing of good cause);  *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469

14  (D.N.J. 1990); *McElyea v. Navistar Int'l Transp. Corp.*, 788 F. Supp. 1366, 1371 (E.D. Pa.

15  1991), *aff'd without opinion*, 950 F.2d 723 (3d Cir. 1991); *see also* 3 Moore's Federal Practice §

16  16.14[b] (2003) (when the moving party has been generally diligent and the need for more time

17  was neither foreseeable nor his fault, good cause may be found).

## IV.    ARGUMENT

19         **A.    Mr. Bahadursingh Acted Diligently in Seeking to Avoid the Conflict and in**

20                **Seeking a New Trial Date**

21         A party moving for a modification must show that the scheduling order imposes a deadline

22  that has become unworkable notwithstanding the party's diligent efforts to comply with the

23  schedule.  That party must also show that he was diligent in seeking the amendment once it

24  became apparent that the extension was necessary.  The diligence of the party seeking the

25  amendment is of primary importance in the Court's analysis.  *See Johnson v. Mammoth*

26  *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Upon Mr. Bahadursingh's recognition that

27  this matter would likely proceed to trial, he acted diligently but nevertheless cannot avoid the

28  scheduling conflict without suffering financial and personal harm under the circumstances.

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1    The set of circumstances before the Court are not typical.  This is not a situation where a

2    party previously scheduled a vacation, which was known to him at the time the Court issued its

3    scheduling or even within a reasonable time thereafter.  Mr. Bahadursingh did not schedule this

4    once-in-a-lifetime trip on his own or with reckless disregard for the Court's Order.  Indeed, Mr.

5    Bahadursingh did not know and could not have known that he would receive such a heartfelt and

6    generous gift from his children for his 60th birthday in June.

7    As soon as Mr. Bahadursingh recognized the conflict, he exercised all diligence possible to

8    avoid the conflict.  Mr. Bahadursingh researched whether the trip could be changed or modified

9    but was informed that it could not.  [Bahadursingh Decl., ¶¶ 7-8.]  He immediately informed his

10   counsel, who filed this motion after consultation with Plaintiff and the co-defendants.  [*Id.*]  While

11   the Court might criticize Mr. Bahadursingh for not reporting the matter sooner, he had in good

12   faith hoped that this matter would resolve during settlement negotiations and, mistakenly, was not

13   cognizant of the conflict. Mr. Bahadursingh apologizes to the Court and respectfully asks this

14   Court to find leniency here.  [*Id.* at ¶ 9.]  These unique circumstances provide a valid basis for the

15   Court to exercise is discretion and grant Mr. Bahadursingh the short extension that he seeks.  S*ee,*

16   *e.g.,* 3 Moore's Federal Practice § 16.14[b] (2003) (Good cause may be found when "the moving

17   party has been generally diligent, the need for more time was neither foreseeable nor its fault, and

18   refusing to grant the continuance would create a substantial risk of unfairness to that party.").

19   **B.      Plaintiff Will Not Suffer Prejudice if a Short Extension is Granted**

20   Assuming that a short delay is workable for the Court, there would be little, if any,

21   prejudice to the Plaintiff here in starting this trial just a week later, particularly after Plaintiff filed

22   four different versions of his complaint over the course of nearly a year to get his lawsuit

23   underway.  *Harrison Beverage,* 133 F.R.D. at 469  ("Although the existence or degree of

24   prejudice to the party opposing the modification might supply additional reasons to deny a motion,

25   the focus of the inquiry is upon the moving party's reasons for seeking modification.").

26   In looking at the potential prejudice, a district court may consider: (a) whether the motion

27   is agreed or opposed; (b) the impact—if any—that the parties expect the deadline extension will

28   have on the trial date and summary judgment deadline; (c) the specific reasons that any additional

7

1  discovery is both necessary and could not be completed in the time allotted by this CMSO; and (d)

2  the parties' agreement that: (i) any evidence obtained in the extended discovery period will be

3  unavailable for summary judgment purposes; and (ii) the extension will not be relied on in any

4  way to support another motion to continue or to extend a deadline. *See* Fed. R. Civ. Pro. 16(b)(4).

5  These factors weigh in favor of this motion. If the Court granted Mr. Bahadursingh the

6  short extension, which he seeks, none of the pretrial deadlines would be affected. Expert

7  discovery closed on October 17, 2025, but for a handful of depositions for which the parties have

8  stipulated to complete beyond the discovery cutoff. Dispositive motions will be filed prior to the

9  November 3, 2025 deadline, as will any *Daubert* motions, due on or before November 24, 2025.

10  The Court's December 17, 2025 hearing deadline will also remain unaffected. All pretrial

11  conference filings deadlines, including motions *in limine*, and the parties' joint pretrial conference

12  statement, which are due on or before December 19, 2025, similarly remain in place. Mr.

13  Bahadursingh is not seeking a change to the pretrial conference set for January 7, 2026. Rather,

14  Mr. Bahadursingh is asking only for the Court's understanding under the unique circumstances

15  here to extend the trial date a few days, or beyond February 1, 2026.

16  Mr. Bahadursingh acknowledges that Plaintiff and/or his counsel are not supportive of his

17  motion. Notwithstanding, the Court may focus its inquiry upon Mr. Bahadursingh's reasons for

18  seeking the modification, even where such opposition might provide a reason to deny a motion.

19  And, the Court may exercise its discretion where a request for an extension occurs before the

20  original deadline passes. *See* Fed. R. Civ. Pro. 6(b). Under Rule 6(b), where an original deadline

21  for which a party seeks an extension has not yet expired, the moving party only needs to show

22  good cause for seeking the extension. Fed. R. Civ. Pro. 6 (b)(1)(A). Rule 6 does not require a

23  party requesting an extension before the original deadline expires to give notice to the opposing

24  party before requesting the extension from the court. *Id*. The Court could follow this more lenient

25  standard here and grant Mr. Bahadursingh's motion.

26  **V.    CONCLUSION**

27  For the forgoing reasons, Mr. Bahadursingh respectfully seeks the Court's indulgence and

28  requests a short one-week continuance of the trial date or until the first available trial date after

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1   February 1, 2026.  Mr. Bahadursingh does not seek any other changes to the Court's Scheduling

2   Order or the Pretrial Preparation Order.  Mr. Bahadursingh has not sought, and the Court has not

3   granted any previous trial date extensions.  A one-week extension will not materially prejudice the

4   parties.

6   Dated:  October 22, 2025                 CLYDE & CO US LLP

8                                            By:    ___/s/ Alison K. Beanum___

9                                                   Alison K. Beanum
                                                    Veena A. Mitchell
10                                                  Attorneys for Defendant DON AUSTIN,
                                                    individually and as Superintendent of PAUSD and
11                                                  TRENT BAHADURSINGH, individually and as
                                                    Deputy Superintendent and Chief of Staff of
12                                                  PAUSD

DEFENDANT TRENT BAHADURSINGH'S MOTION TO CONTINUE TRIAL BY 7 DAYS
Case No. 5:24-cv-00909-NC

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**CLYDE & CO US LLP**
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

## CERTIFICATE OF SERVICE

This Certificate of Service is made in compliance with Local Rule 5.1.2 and Civ.R. 5(b). I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 355 S. Grand Avenue, Suite 1400, Los Angeles, California 90071. My email address is angelo.mccabe@clydeco.us.

On the date indicated below, a true and correct copy of the foregoing **NOTICE OF MOTION BY DEFENDANT TRENT BAHADURSINGH TO CONTINUE TRIAL DATE BY 7 DAYS; MEMORANDUM OF POINTS AND AUTHORITI IN SUPPORT THEREOF** was filed with Court and served electronically and will be available for viewing and downloading from the Court's CM/ECF system:

The Notice of Electronic Case Filing automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the Central District of California who have consented to electronic service shall constitute service of the filed document to all such parties.

I declare under penalty of perjury that I am employed in the office of a member admitted to practice before the District Court for the Northern District of California and ECF registered in this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on, **October 22, 2025**, at Pasadena, California.

Angelo McCabe

DEFENDANT TRENT BAHADURSINGH'S MOTION TO CONTINUE TRIAL BY 7 DAYS
Case No. 5:24-cv-00909-NC