ALISON K. BEANUM (State Bar No. 221968)
alison.beanum@clydeco.us
VEENA A. MITCHELL (State Bar No. 161153)
veena.mitchell@clydeco.us
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone:    (213) 358-7600
Facsimile:    (213) 358-7650

Attorneys for Defendants
DON AUSTIN and TRENT BAHADURSINGH

Eugene B. Elliot, State Bar No. 111475
Ethan M. Lowry, State Bar No. 278831
Benjamin I. Oreper, State Bar No. 329480
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990
Email: eelliot@bfesf.com
elowry@bfesf.com
boreper@bfesf.com

Attorneys for Defendants
PALO ALTO UNIFIED SCHOOL DISTRICT
and LISA HICKEY

# UNITED STATES DISTRICT COURT

## NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER COLOMBO,<br><br>                Plaintiff,<br><br>        vs.<br><br>PALO ALTO UNIFIED SCHOOL<br>DISTRICT, et al.,<br><br>               Defendants. | Case No. 5:24-cv-00909-NC<br><br>Assigned to: Hon. Nathanael Cousins<br><br>**DECLARATION OF TRENT BAHADURSINGH IN SUPPORT OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>Date:    December 17, 2025<br>Time:   10:00 a.m.<br>Place:  Courtroom 5, 4th Floor |

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1    I, Trent Bahadursingh, declare as follows:

2    1.    I have personal knowledge of the facts and circumstances set forth herein and could,

3    if called, competently testify thereto.

4    2.    I am the Deputy Superintendent, Chief of Staff at the Palo Alto Unified School

5    District (the "District") and have served in this capacity since February 1, 2021. As Deputy

6    Superintendent, Chief of Staff, my duties at times include oversight of the following departments:

7    Human Resources (including the role as the lead negotiator with the District's labor unions), Legal

8    Services (including Title IX and California Public Records Act), Safety, Registration Services and

9    Enrollment.  I also am involved with communications and collaborating with our Public Information

10    Officer.  At the time the District received the emailed allegation against Plaintiff, the District's

11    general counsel was Komey Vishakan, who reported directly to the Board of Education and the

12    Superintendent.  The District's legal department was not within my oversight.

13    3.    On January 28, 2022, the District received an email from the husband of a former

14    female District student alleging that Peter Colombo, a coach and teacher within the District, had

15    raped the student in the locker room of Greene Middle School during the 2001-2002 school year.

16    Ms. Vishakan received the email communication and handled all communication with the individual

17    who provided the information.  Attached hereto as **Exhibit A** is a true and correct copy of the email

18    produced pursuant to the District's initial disclosures at PAUSD000561.

19    4.    In accordance with the California Child Abuse and Neglect Reporting Act

20    ("CANRA," California Penal Code §11166(a)), Ms. Vishakan promptly reported the allegation to

21    local law enforcement.

22    5.    On January 31, 2022, the District notified Colombo that he was being placed on paid

23    administrative leave effective that date, with the notification letter stating that the leave is "not

24    intended to be disciplinary" and "is intended to avoid any undue disruption at Greene Middle

25    School."  Attached hereto as **Exhibit B** is a true and correct copy of the notification letter, produced

26    pursuant to the District's initial disclosures at PAUSD000598.

27    6.    On June 15, 2022, following an investigation by the Palo Alto Police Department

28    and the Santa Clara County District Attorney's Office, Colombo was arrested, charged with felony

1    aggravated sexual assault of a child, and booked into the Santa Clara County Main Jail.

2        7.    The following day, on June 16, 2022, the District notified Colombo that due to his

3    arrest and the charges against him, the District was legally compelled by Sections 45304(b), 44940,

4    and 44010 of the California Education Code to place him on an compulsory leave of absence, to

5    continue until ten days after the date of entry of judgment in the criminal proceeding.  Attached

6    hereto as **Exhibit C** is a true and correct copy of the notification letter, produced pursuant to the

7    District's initial disclosures at PAUSD000563-568.

8        8.    In accordance with California Education Code Section 44940(d)(1), the District also

9    reported Colombo's arrest and charging to the California Commission on Teacher Credentialing

10   ("CTC") the same day.  Attached hereto as **Exhibit D** is a true and correct copy of the notification

11   letter, produced by the District in this matter at PAUSD000016.  Independent of any further action

12   by the District, the CTC (an independent state agency) suspended Colombo's teaching credential

13   pursuant to Education Code Section 44940(d)(2).

14       9.    On April 4, 2022, during the pendency of the law enforcement investigation of

15   Colombo and prior to charges being brought, Ms. Vishakan responded via email to an inquiry from

16   investigating PAPD Detective Yolanda Franco-Clausen, stating that no records related to the alleged

17   student victim had been located in the District's digital databases with the exception of a "yearbook

18   which shows the student attended Jordan Middle."  Attached hereto as **Exhibit E** is a true and correct

19   copy of these emails, produced pursuant to the District's initial disclosures at PAUSD000972.

20       10.   After being apprised of Ms. Vishakan's communication, I performed a search of the

21   District's physical repository of student records pending digitization which are located in a District

22   warehouse.  I was able to locate the District's copy of the student victim's file.  The file did not

23   contain the student's "grade report for 6th grade," nor did it contain any information from which a

24   conclusion could be drawn that Colombo was or was not the student's PE teacher, or whether

25   Colombo was at a different school during the class period the student alleged the rape occurred. This

26   file was subsequently provided to law enforcement.

27       11.   About a month after a preliminary hearing on March 21, 2023, the Santa Clara

28   District Attorney's office announced it would dismiss the criminal case against Colombo,

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DECLARATION OF TRENT BAHADURSINGH IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT
Case No. 5:24-cv-00909-NC

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1    which dismissal occurred in May 2023.

2        12.    On May 24, 2023, the District advised Colombo that it had been informed that the

3    CTC had reinstated Colombo's teaching credential effective May 2, 2023, given that the charges

4    leading to his mandatory leave of absence offences were dropped, and that he was being returned to

5    paid administrative leave accordingly pending an internal investigation. Attached hereto as **Exhibit**

6    **F** is a true and correct copy of this notification.  The 2022-2023 school year ended on June 1, 2023.

7        13.    The District subsequently received notification from the CTC that Colombo's

8    credential had expired, and that the CTC had not approved its renewal.  Accordingly, on August 4,

9    2023, the District notified Colombo of the notification from the CTC, that as a result, he did not at

10    that time possess a valid teaching credential; that although Colombo had informed the District of

11    his submission of a renewal application on May 16, 2023, the status of his renewal application was

12    listed as "Notice of Delay List;" that the District could not lawfully issue a pay warrant to a

13    certificated employee without a valid credential in accordance with Ed. Code §45034; and that he

14    was being returned to unpaid leave effective August 7, 2023, pending the renewal of his credential.

15    Attached hereto as **Exhibit G** is a true and correct copy of this notification letter. The District was

16    not involved in any way in Colombo's application being placed on the "Notice of Delay List."

17        14.    Subsequently, on October 26, 2023, the District was informed that the CTC

18    reinstated Colombo's credential effective October 20, 2023.  On November 1, 2023, the District

19    notified Colombo that he was being returned to paid administrative leave accordingly commencing

20    October 23, 2023.  Attached hereto as **Exhibit H** is a true and correct copy of the notification letter.

21        15.    The 2023-2024 school year began on August 9, 2023.  Once the District returned

22    from its summer recess, the District initiated an independent personnel investigation into the

23    allegations of rape against Colombo. The District did not initiate its independent investigation prior

24    to this date in order not to interfere with the criminal investigation and Colombo's pending criminal

25    proceeding.  This investigation was not initiated pursuant to any of the District's internal complaint

26    procedures, board policies, or administrative regulations.  Rather, the District was compelled to

27    initiate the investigation due to the gravity of the allegations against Colombo, regardless of the

28    outcome of his criminal proceedings, and further given the District's potential exposure to civil

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1    liability for failing to perform an independent investigation of the allegations. The scope of the

2    investigation was expressly limited to the rape allegation against Colombo, which was

3    communicated to him prior to his interview.  Attached hereto as **Exhibit I** is a true and correct copy

4    of the communication to Plaintiff's counsel.

5        16.    The investigation was overseen by the District's outside legal counsel. who retained

6    the services of an independent third-party investigator, Nicole Miller of Miller & Associates.

7    Throughout the investigation, Ms. Miller never communicated directly with any District personnel,

8    with the exception of: (1) an email from me to provide law enforcement contact information; and

9    (2) personnel interviewed pursuant to the investigation.  Attached hereto as **Exhibit J** is a true and

10   correct copy of that email, produced pursuant to the District's initial disclosures at PAUSD000924.

11       17.    As stated above, the investigation was not initiated until after the conclusion of the

12   criminal proceedings against Colombo in order not to interfere with any concurrent, independent

13   investigation by law enforcement or with Colombo's criminal proceeding.  This is consistent with

14   the District's conduct throughout the pendency of Colombo's criminal proceeding, wherein the

15   District at all times made efforts to avoid taking actions that would in any way interfere with or

16   compromise any proceedings or investigations by law enforcement. This is evidenced by

17   communications between myself and PAPD Detective Franco-Clausen, in which I sought direction

18   from PAPD and the District Attorney's office regarding whether the District's disclosure of

19   documents relating to Colombo (inclusive of the email sent by the alleged victim's husband

20   containing the initial allegation against Colombo) would compromise any law enforcement

21   investigation. In response, the District was asked not to release the email containing the allegation

22   until completion of law enforcement's investigation, which the District did.  Attached hereto as

23   **Exhibit K** is a true and correct copy of these email communications, produced pursuant to the

24   District's initial disclosures at PAUSD000970.

25       18.    The District's investigation of Plaintiff concluded in Spring 2024. Once complete,

26   Colombo was notified of the completion of the investigation; that the investigation was exclusively

27   regarding potential misconduct based on information received by the District from an anonymous

28   source regarding an alleged sexual assault of a student by Plaintiff on District property during the

DECLARATION OF TRENT BAHADURSINGH IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT

1    2001-2002 school year; and that the investigator "determined that the allegation was not

2    substantiated due to a lack of evidence, including but not limited to, the absence of a direct statement

3    from the alleged victim to support the claim." Attached hereto as **Exhibit L** is a true and correct

4    copy of this notification.

5         19.    On or about May 29, 2024, Plaintiff's counsel sent a letter to the District's general

6    counsel in which he stated that "it would be unconscionable, if not criminal, to attempt to assign

7    [Plaintiff] to a school site without completely dispelling the false light created to the public by

8    PAUSD, and as again intimated through the recent "Investigation Report," which the District

9    understood to constitute Plaintiff's refusal to accept an assignment from the District. Attached

10   hereto as **Exhibit M** is a true and correct copy of this communication.

11        20.    Subsequently, on May 30, 2024, Plaintiff's counsel sent another letter to the

12   District's general counsel in which he stated that "Colombo will now need to work until age 72,"

13   and that Colombo "will be ready to report back to his PE teaching assignment at Greene Middle

14   School beginning with District Day on August 12, 2024 and to resume his baseball coaching role at

15   Paly." However, the letter stated Colombo's return would be contingent on the District's meeting

16   several demands by Plaintiff, including that the District make a "public announcement" inclusive of

17   specified factual contentions proffered by counsel; that the District provide Plaintiff with a "security

18   detail" to "accompany" him on campus; and that Plaintiff be provided with "a much heightened

19   level of mental health support." As above, the District understood this communication to constitute

20   Plaintiff's refusal to accept an assignment from the District absent the District meeting Plaintiff's

21   demands. Attached hereto as **Exhibit N** is a true and correct copy of this communication.

22        21.    Attached hereto as **Exhibit O** is a true and correct copy of an email sent by Plaintiff

23   on September 1, 2021, to Principal Sebastian A. Benavidez, Principal of Greene Middle School, in

24   which Plaintiff states "I have been in this district as a teacher/coach 24 years and this for sure is my

25   'MOMENT TO GROW.' Only way I can look at it without going crazy. I'm 54 years old so just 7

26   more years, I know I can do it." This document was previously produced in discovery by the District

27   at PAUSD000379.

28   / / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

22.    With the exception of the time period from August 4, 2023, to October 23, 2023, during which time Plaintiff was without a valid teaching credential and the District could not issue a pay warrant to him in accordance with Education Code Section 45034, Plaintiff has received, and is continuing to receive, his full salary and health and welfare benefits. This is inclusive of the District's full reimbursement of Plaintiff's salary and benefits which could not be paid during the pendency of his criminal proceeding when he was on mandatory unpaid leave.

23.    Plaintiff has no legal claim of entitlement to be returned to his particular prior assignment. The District has the right to assign the Plaintiff to an assignment based on what is in the "best interest" of the District.

24.    Plaintiff has no legal claim of entitlement to summer school and coaching stipends he alleges he would have, and did not, earn during the time period that he has been on leave from the District, as these assignments are discretionary.

25.    Throughout the 2024-2025 and 2025-2026 school years, Plaintiff has remained a teacher in good standing with the District.

26.    The District currently operates eighteen schools (twelve elementary, three middle, and three high schools) serving over 10,200 students, with the assistance of about 1,300 employees.

27.    When Plaintiff was placed on leave in January 2022, an interim teacher was in his classes for the remainder of that school year.  Due to the criminal case, Plaintiff's leave extended through the 2022-23 school year, into May 2023.  For the 2022-23 school year, due to declining enrollment, Greene Middle School did not offer the same number of PE classes and only had 2, not 3, male PE teachers at the school site for that school year, and those 2 male PE teachers had been previously assigned to that school site.   Therefore, from the 2022-23 through the 2024-2025 school years, Plaintiff's prior assignment at Greene Middle School was no longer available.

28.    During the 2024-2025 school year, while Plaintiff had a Teacher on Special Assignment ("TOSA") position with the District, his supervisor was the Director of Curriculum and Instruction, Danae Reynolds.  While Plaintiff held the TOSA position, Superintendent Don Austin and I did not assign day-to-day duties to Plaintiff, we did not supervise Plaintiff's work, and we were not involved in his evaluation.

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  I declare under penalty of perjury under the laws of the State of California and the United

2  States that the foregoing is true and correct.

3  This Declaration was executed on November 3, 2025, in Los Angeles, California.

4

5  By: ___*/s/ Trent Bahadursingh*_____

6  Trent Bahadursingh

7

8  **ATTORNEY ATTESTATION**

9  I hereby attest that I have been authorized by Trent Bahadursingh to show his signature on

10  this Declaration as */s/*.

11

12  Dated: November 3, 2025    By: ___*/s/ Alison K. Beanum*_____

13  Alison K. Beanum

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DECLARATION OF TRENT BAHADURSINGH IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT
Case No. 5:24-cv-00909-NC

EXHIBIT A

EXHIBIT A

**Subject:** RE: Pete Colombo

**Date:** Friday, January 28, 2022 at 11:34:15 AM Pacific Standard Time

**From:** drreyes32

**To:** board

CAUTION: This email originated from outside of the organization. Be careful opening attachments or clicking links.

To Whom it may concern.

I'm writing you today to inform you of a tragedy that occurred roughly 20 years ago involving a staff member within your district, **Peter Colombo**. My wife was raped by Pete when she was 11 years old in the girl's locker room of Jordan/Greene Middle School. I believe he was around 27 years old at the time, and continued to tease and taunt her after the rape for the rest of the school year. He used to say that she was "Saucy" and torment her while she hid under the bleachers. If he is indeed the same man who had any involvement with a middle school girl's swim team in Palo Alto at Green Middle School at any point in the early 2000's, then I've come to the right place and I have the right person:

https://thecampanile.org/2017/04/26/themanbehindthemitt/ Teacher/Coach Teacher/Coach **Palo Alto Unified School District Aug 1998 - Present23 years 6 months Greene Middle School (Formerly Jordan Middle School) and Palo Alto High School 8th Grade Physical Education Teacher Head J.V. Basketball Coach at Palo Alto High School Asst. Varsity Baseball Coach at Palo Alto High School**

Mr. Colombo's name has haunted my wife for two decades. She's an extremely resilient person, but she has struggled with this reality since childhood and will likely be in therapy dealing with it for the rest of her life. I don't know if you can truly appreciate or imagine the harm Pete has caused to her life and the lives of those around her. She's asked me repeatedly over the last five years not to ever do anything with this information out of fear of this man, and I truly wish I could simply stomach it and move on like she claims to have done, but I refuse. To my knowledge, no consequences have ever come to Peter for his actions since this event, and he continues to be a celebrated member of this school district.

I'm telling you this today not because I intend to pursue anything about this allegation with the authorities (We're likely well past the timeline for any legal recourse anyways) and have no proof other than the victim's story, but because I have to live with this reality every day as her husband and witness the trauma she's struggles with. You may choose to ignore this email and the information contained within it because it makes you uncomfortable. You may choose to ignore it because maybe Coach Pete is too valuable an asset to the school and it would be unfortunate if he was confronted over this matter. I highly doubt he would admit to it, especially now all of these years later. Most importantly I worry that he may have other victims. Child predators are commonly serial hunters. He's in the right profession to hide himself rather well, after all. As I mentioned above, what you do with this allegation is entirely up to you, but I simply could not go on without confronting this in some small way. I'm not like my wife and will not live in fear of this man, however dangerous he may truly be. Her family and friends know his face and know what he's done to her, and none of them have had the courage over the years to take any action over this devastating event. We'll get on with our lives, continuing to live in the shadow of this event. I pray we are truly the only ones who have suffered from Pete's actions and that he has not victimized any other children since then, though I know the odds are quite high that he has. I hope this message finds you, and that you have the strength to accept the reality of this situation and perhaps confront him yourself over this. Please do not reach out or attempt to contact me or my wife in any capacity. This is a one way reality check, and a burner account. I will never contact you again.

Sent with ProtonMail Secure Email.

EXHIBIT B

EXHIBIT B

**PALO ALTO**
UNIFIED SCHOOL DISTRICT

25 Churchill Avenue • Palo Alto, CA 94306
Telephone:  (650) 329-3958 • FAX:  (650) 323-5162

HUMAN RESOURCES

January 31, 2022

Peter Colombo

███████████

Re: <u>Notice of Paid Administrative Leave</u>

Method of Delivery: in person

Dear Mr. Colombo:

You are hereby placed on paid administrative leave from your position as a teacher at Greene Middle School and all coaching assignments in the Palo Alto Unified School District, effective January 31, 2022. This leave is not intended to be disciplinary, but is intended to avoid any undue disruption at Greene Middle School and coaching assignments.

During this leave, you will continue to receive your usual salary, and health and welfare benefits, if applicable. As such, you are to remain available to return to work at my direction. You are to remain available by telephone during regular business hours and are required to keep the district notified of a telephone number where you can be reached during those times. In the event that you will be unavailable during regular business hours on a normal work day, you shall notify the District in advance and report your unavailability as either sick leave or personal necessity leave if applicable. You are not authorized to accept any other paid employment during your regular business hours while you are on leave.

You are hereby directed not to return to any District property, including Greene Middle School or coaching locations, unless authorized to do so in advance by me.

You are also being directed to turn in any district related technology equipment (including laptop/tablet) and any district keys. You are not to remove any materials, documents or items from your classroom or any District property unless authorized by me.

You will remain on paid leave until such time as you are otherwise notified by me. A copy of this notice will be placed in your personnel file. If you have any questions concerning this leave, please call me directly.

Sincerely,

Trent Bahadursingh
Deputy Superintendent
Palo Alto Unified School District

cc: Personnel File

EXHIBIT C

EXHIBIT C



PALO ALTO .FIED SCHOOL DISTRICT
25 Churchill Avenue • Palo Alto, CA 94306
Telephone: (650) 329-3958 • FAX: (650) 323-5162

# PALO ALTO
UNIFIED SCHOOL DISTRICT

HUMAN RESOURCES

June 16, 2022

Peter Colombo

█████████████████

**Re:** **NOTICE OF PLACEMENT ON UNPAID COMPULSORY LEAVE OF ABSENCE**

Method of Delivery: Regular US Mail and Priority Mail with tracking

Dear Mr. Colombo:

The Palo Alto Unified School District ("District") has been informed that you have been charged with a mandatory leave of absence offense as set forth in Education Code sections 45304(b), 44940, and 44010, copies of which are enclosed. Specifically, a felony criminal complaint has been filed in the Superior Court of California, County of Santa Clara, charging you with committing acts that constitute violations of California Penal Code section 269(a)(1) (Rape, in violation of Penal Code section 261, of a child who is under 14 years of age and 7 or more years younger than the person). When an employee is charged with such offenses, the District is required to place the employee on a mandatory leave of absence. Accordingly, if you believe the District is misinformed about the pending criminal complaint against you, please contact me immediately.

You are hereby notified that you are placed on an unpaid compulsory leave of absence effective June 16, 2022 in accordance with Education Code section 44940. As set forth in Education Code section 44940.5, you are eligible to continue receiving your regular salary during the leave if you provide the District with a suitable bond as a guarantee that you will repay the District any salary paid to you during your leave if you are convicted. The leave shall continue until ten (10) days after the date of entry of judgment in the criminal proceeding pending against you, unless the leave is extended by the Governing Board as provided in Education Code section 44940.5(a).

The District intends to present a resolution to the Governing Board, ratifying your placement on an unpaid compulsory leave of absence, at the Board's regularly scheduled meeting on **June 21, 2022 at 5:30 pm**. This matter will be heard in closed session. If you would like to have the matter heard in open session, please notify me no later than 12pm on June 20, 2022. I can be reached at 650-329-3733 or lhickey@pausd.org.

PAUSD000563

A copy of this letter will be placed in your personnel file. You may submit a written response, which will be attached and placed in your file.

Please contact me if you would like to respond to your placement on unpaid compulsory leave, or if you have any questions regarding this correspondence.

Sincerely,

Lisa Hickey
Director of Certificated Human Resources
Palo Alto Unified School District

cc: Personnel File

Enclosures:    Education Code sections 44010, 44940, 44940.5 and 45304

**Education Code § 44010**

Sex offense

"Sex offense," as used in Sections 44020, 44237, 44346, 44425, 44436, 44836, and 45123, means any one or more of the offenses listed below:

(a) An offense defined in Section 220, 261, 261.5, 262, or 288.2, subdivision (c) of Section 290, Section 311.2, 313.1, or 647b, or subdivision (a) or (d) of Section 647, of the Penal Code.
(b) An offense defined in former subdivision (5) of former Section 647 of the Penal Code repealed by Chapter 560 of the Statutes of 1961, or any offense defined in former subdivision (2) of former Section 311 of the Penal Code repealed by Chapter 2147 of the Statutes of 1961, if the offense defined in those sections was committed before September 15, 1961, to the same extent that an offense committed before that date was a sex offense for the purposes of this section before September 15, 1961.
(c) An offense defined in Section 314 of the Penal Code committed on or after September 15, 1961.
(d) An offense defined in former subdivision (1) of former Section 311 of the Penal Code repealed by Chapter 2147 of the Statutes of 1961 committed on or after September 7, 1955, and before September 15, 1961.
(e) An offense involving lewd and lascivious conduct under Section 272 of the Penal Code committed on or after September 15, 1961.
(f) An offense involving lewd and lascivious conduct under former Section 702 of the Welfare and Institutions Code repealed by Chapter 1616 of the Statutes of 1961, if that offense was committed before September 15, 1961, to the same extent that an offense committed before that date was a sex offense for the purposes of this section before September 15, 1961.
(g) An offense defined in Section 286 or 288a of the Penal Code before the effective date of the amendment of either section enacted at the 1975-76 Regular Session of the Legislature committed before the effective date of the amendment.
(h) An attempt to commit any of the offenses specified in this section.
(i) An offense committed or attempted in any other state or against the laws of the United States that, if committed or attempted in this state, would have been punishable as one or more of the offenses specified in this section.
(j) A conviction for an offense resulting in the requirement to register as a sex offender pursuant to Section 290 of the Penal Code.
(k) Commitment as a mentally disordered sex offender under former Article 1 (commencing with Section 6300) of Chapter 2 of Part 2 of Division 6 of the Welfare and Institutions Code, as repealed by Chapter 928 of the Statutes of 1981.

**Education Code § 44940**

Leave of absence; certificated employee charged with mandatory or optional leave of absence offense; suspension of credentials; definitions

(a) For purposes of this section, "charged with a mandatory leave of absence offense" is defined to mean charged by complaint, information, or indictment filed in a court of competent jurisdiction with the commission of any sex offense as defined in Section 44010, with a violation or attempted violation of Section 187 of the Penal Code, or with the commission of any offense involving aiding or abetting the unlawful sale, use, or exchange to minors of controlled substances listed in Schedule I, II, or III, as contained in Sections 11054, 11055, and 11056 of the Health and Safety Code.

(b) For purposes of this section, "charged with an optional leave of absence offense" is defined to mean a charge by complaint, information, or indictment filed in a court of competent jurisdiction with the commission of any controlled substance offense as defined in Section 44011 or 87011 of this code, or Sections 11357 to 11361, inclusive, or Section 11363, 11364, or 11370.1 of the Health and Safety Code, insofar as these sections relate to any controlled substances except marijuana, mescaline, peyote, or tetrahydrocannabinols.

(c) For purposes of this section and Section 44940.5, the term "school district" includes county offices of education.

(d)(1) If a certificated employee of a school district is charged with a mandatory leave of absence offense, as defined in subdivision (a), upon being informed that a charge has been filed, the governing board of the school district shall immediately place the employee on compulsory leave of absence. The duration of the leave of absence shall be until a time not more than 10 days after the date of entry of the judgment in the proceedings. No later than 10 days after receipt of the complaint, information, or indictment described by subdivision (a), the school district shall forward a copy to the Commission on Teacher Credentialing.

(2) Upon receiving a copy of a complaint, information, or indictment described in subdivision (a) and forwarded by a school district, the Commission on Teacher Credentialing shall automatically suspend the employee's teaching or service credential. The duration of the suspension shall be until a time not more than 10 days after the date of entry of the judgment in the proceedings.

(e)(1) If a certificated employee of a school district is charged with an optional leave of absence offense as defined in subdivision (b), the governing board of the school district may immediately place the employee upon compulsory leave in accordance with the procedure in this section and Section 44940.5. If any certificated employee is charged with an offense deemed to fall into both the mandatory and the optional leave of absence categories, as defined in subdivisions (a) and (b), that offense shall be treated as a mandatory leave of absence offense for purposes of this section. No later than 10 days after receipt of the complaint, information, or indictment described by subdivision (a), the school district shall forward a copy to the Commission on Teacher Credentialing.

(2) Upon receiving a copy of a complaint, information, or indictment described in subdivision (a) and forwarded by a school district, the Commission on Teacher Credentialing shall automatically suspend the employee's teaching or service credential. The duration of the suspension shall be until a time not more than 10 days after the date of entry of the judgment in the proceedings.

PAUSD000566

**Education Code § 44940.5**

Compulsory leave of absence; procedures; extension of leave; compensation; bond or security; reports

A certificated employee placed on compulsory leave of absence pursuant to Section 44940, and a classified employee placed on compulsory leave of absence pursuant to Section 45304 shall be subject to the following procedures:

(a) The governing board of the school district may extend the compulsory leave of absence of the employee beyond the initial period specified in Section 44940 or 45304, whichever is applicable, by giving notice to the employee within 10 days after the entry of judgment in the proceedings that the employee will be dismissed at the expiration of 30 days from the date of service of the notice, unless the employee demands a hearing as provided in this article.

(b) An employee placed upon compulsory leave of absence pursuant to this section shall continue to be paid his or her regular salary during the period of his or her compulsory leave of absence if and during that time he or she furnishes to the school district a suitable bond, or other security acceptable to the governing board, as a guarantee that the employee will repay to the school district the amount of salary so paid to him or her during the period of the compulsory leave of absence in case the employee is convicted of the charges, or fails or refuses to return to service following an acquittal of the offense or dismissal of the charges. If the employee is acquitted of the offense, or the charges against the employee are dismissed, the school district shall reimburse the employee for the cost of the bond upon his or her return to service in the school district.

(c) If the employee does not elect to furnish bond, or other security acceptable to the governing board of the district, and if the employee is acquitted of the offense, or the charges against him or her are dismissed without his or her guilt being established, the school district shall pay to the employee his or her full compensation for the period of the compulsory leave of absence upon his or her return to service in the school district. If the charges against the employee are dismissed as a result of the employee's successful completion of a drug diversion program, upon the employee's return to service in the school district, the school district, at the employee's election, shall pay to the employee any accrued leave, and differential pay pursuant to Sections 44977, 45195, and 45196, for up to the length of the employee's compulsory leave of absence.

(d) An action taken pursuant to this section by a governing board shall be reported immediately to the Commission on Teacher Credentialing. The commission shall give priority to the investigation and resolution of these cases.

PAUSD000567

**Education Code § 45304**

Suspension for reasonable cause; filing of charges; employee charged with mandatory or optional leave of absence offense

(a) For reasonable causes, an employee may be suspended without pay for not more than 30 days, except as provided in this section, or may be demoted or dismissed. In this case, the school district shall, within 10 days of the suspension, demotion, or dismissal, file written charges with the commission. The personnel director shall give to the employee or deposit in the United States registered mail with postage prepaid, addressed to the employee at his or her last known place of address, a copy of the charges and inform the employee of his or her appeal rights.

(b) Whenever an employee of a school district or county office of education is charged with a mandatory leave of absence offense, as defined in subdivision (a) of Section 44940, the governing board of the school district shall immediately place the employee upon a compulsory leave of absence for a period of time extending for not more than 10 days after the date of entry of the judgment in the proceedings. Once the employee is placed on leave of absence, he or she is subject to the provisions of Section 44940.5.

(c) Whenever an employee of a school district or county office of education is charged with an optional leave of absence offense, as defined in subdivision (b) of Section 44940, the governing board of the school district may immediately place the employee upon a compulsory leave of absence in accordance with the provisions of Section 44940.5.

EXHIBIT D

EXHIBIT D

**PALO ALTO UNIFIED SCHOOL DISTRICT**
25 Churchill Avenue • Palo Alto, CA 94306
Telephone: (650) 329-3958 • FAX: (650) 323-5162

**PALO ALTO**
UNIFIED SCHOOL DISTRICT

**HUMAN RESOURCES**

June 20, 2022

## MANDATORY LEAVE OF ABSENCE REPORT NOTIFICATION

California Commission on Teacher Credentialing
Division of Professional Practices
Attention: Nicole Lee
1900 Capitol Avenue
Sacramento, CA 95811-4213
Email: DPPquestions@ctc.ca.gov

**Re:     Palo Alto Unified School District**
**Credential Holder/Certificated Employee Name: Peter Colombo**
**Date of Birth: 6/6/1967**
**Last 4 of Social Security Number: 6863**

To Whom It May Concern:

Pursuant to Education Code section 44940 and 44940.5, please be notified that the above-referenced credential holder and certificated employee of the Palo Alto Unified School District (the "District") has been charged with one count of violating California Penal Code section 269(a)(1) (Rape, in violation of Penal Code section 261, of a child who is under 14 years of age and 7 or more years younger than the person) in the Santa Clara County Superior Court. This charge constitutes a "sex offense" under Education Code section 44010. Pursuant to Education Code section 44940(d), the above-referenced employee has been placed on a compulsory unpaid leave of absence as of June 16, 2022.

Enclosed for your review and record are copies of the Criminal Complaint, the CTC Mandatory Leave of Absence Report Notification Form, and the Notice of Compulsory Leave of Absence which was furnished to the employee.

If we can be of further assistance, please do not hesitate to contact me.

Sincerely,

Trent Bahadursingh, Deputy Superintendent

Enclosures:      Criminal Complaint re: [#22-0330]
                 CTC Mandatory Leave of Absence Report Notification Form
                 Notice of Compulsory Unpaid Leave of Absence

PAUSD000016

EXHIBIT E

# EXHIBIT E

**From:** Komey Vishakan on behalf of Komey Vishakan <kvishakan@pausd.org>
**Sent:** Monday, April 04, 2022 12:22 AM EDT
**To:** Franco-Clausen, Yolanda <Yolanda.Franco-Clausen@CityofPaloAlto.org>
**Subject:** Re: Follow up

Hi Yolanda,

When we last checked the victim's name was not found on our Infinite Campus system. The name was also not found on the archived system kept in our registration office. We found no records except the yearbook which shows the student attended Jordan Middle. I can have someone check again tomorrow just to be double sure.

Thanks,
Komey

Get Outlook for iOS

---

**From:** Franco-Clausen, Yolanda <Yolanda.Franco-Clausen@CityofPaloAlto.org>
**Sent:** Saturday, April 2, 2022 2:39:47 PM
**To:** Komey Vishakan <kvishakan@pausd.org>
**Subject:** Follow up

CAUTION: This email originated from outside of the organization. Be careful opening attachments or clicking links.

Hi Komey,

Can you confirm once more that the victim in the PC case was not found in any system. Is there a way I can confirm grades?

*Thank you,*

*Detective Yolanda Clausen*
*Phone: 650-329-2307*
*Fax: 650-329-2565*
*Investigative Services Division*
*Palo Alto Police Department*
*yolanda.clausen@cityofpaloalto.org*

PAUSD000972

EXHIBIT F

# EXHIBIT F

PALO ALTO UNIFIED SCHOOL DISTRICT
25 Churchill Avenue • Palo Alto, CA 94306
Telephone: (650) 329-3958 • FAX: (650) 323-5162

**PALO ALTO**
UNIFIED SCHOOL DISTRICT

HUMAN RESOURCES

May 24, 2023

Peter Colombo
642 Bair Island Rd. #1001
Redwood Shores, CA 94063

**Re:** <u>NOTICE OF PLACEMENT ON PAID ADMINISTRATIVE LEAVE</u>

Method of Delivery: Regular US Mail and email to *ptrcolombo@yahoo.com*

Dear Mr. Colombo:

The Palo Alto Unified School District ("District") has been informed that the California Commission on Teaching Credentialing "CTC" has reinstated your credential on May 2, 2023 when the charges leading to the mandatory leave of absence offenses were dropped.

You are hereby notified that you are placed on a paid administrative leave pending an internal investigation.

During this leave, you will continue to receive your usual salary, and health and welfare benefits, if applicable. While on leave, you are to remain available to return to work at my direction. You are to remain available by telephone during regular business hours, and you are required to keep the district notified of a telephone number where you can be reached during business hours. In the event that you will be unavailable during regular business hours on a normal work day, you shall notify the District in advance and report your unavailability as either sick leave or personal necessity leave as applicable. You are not authorized to accept any other paid employment during your regular business hours while you are on leave.

You are hereby directed not to return to any District property, including Greene Middle School, unless authorized to do so in advance by me. You are further directed not to contact any staff or students via email, text, phone, or in person.

A copy of this letter will be placed in your personnel file. You may submit a written response, which will be attached and placed in your file.

Please contact me if you would like to respond to your placement on paid administrative leave, or if you have any questions regarding this correspondence.

Sincerely,

*Lisa Hickey*

Lisa Hickey
Director of Certificated Human Resources
Palo Alto Unified School District

cc: Personnel File

EXHIBIT G

# EXHIBIT G

PALO ALTO UNIFIED SCHOOL DISTRICT
25 Churchill Avenue • Palo Alto, CA 94306
Telephone: (650) 329-3958 • FAX: (650) 323-5162

# PALO ALTO
UNIFIED SCHOOL DISTRICT

HUMAN RESOURCES

August 4, 2023

Peter Colombo
642 Bair Island Rd. #1001
Redwood Shores, CA 94063

**Re:** **NOTICE OF PLACEMENT ON UNPAID LEAVE**

Method of Delivery: Regular US Mail and email to *ptrcolombo@yahoo.com*

Dear Mr. Colombo:

The Palo Alto Unified School District ("District") has been informed that the California Commission on Teaching Credentialing ("CTC") has not approved the renewal of your teaching credential and as a result, you do not currently possess a valid credential. While you notified the District of your submission of the renewal application on May 16, 2023, the status is currently listed as "Notice of Delay List."

Pursuant to Education Code section 45034, the District may not lawfully issue a pay warrant to a certificated employee without a valid credential. **Accordingly, you will placed on an unpaid leave of absence effective** **August 7, 2023** **and continuing until you provide the District with written proof that you hold a current, valid teaching credential.**

A copy of this letter will be placed in your personnel file. You may submit a written response, which will be attached and placed in your file.

Sincerely,

*Lisa Hickey*

Lisa Hickey
Director of Certificated Human Resources
Palo Alto Unified School District

cc: Personnel File

EXHIBIT H

# EXHIBIT H

**PALO ALTO UNIFIED SCHOOL DISTRICT**
25 Churchill Avenue • Palo Alto, CA 94306
Telephone: (650) 329-3958 • FAX: (650) 323-5162

## PALO ALTO
UNIFIED SCHOOL DISTRICT

HUMAN RESOURCES

November 1, 2023

Peter Colombo
642 Bair Island Rd. #1001
Redwood Shores, CA 94063

**Re:**   **NOTICE OF PLACEMENT ON PAID ADMINISTRATIVE LEAVE**

Method of Delivery: Regular US Mail and email to *ptrcolombo@yahoo.com*

Dear Mr. Colombo:

On October 26, 2023, the Palo Alto Unified School District ("District") was informed that the California Commission on Teaching Credentialing "CTC" reinstated your credential with an effective date of 10/20/23. Based on the receipt of this information, please be advised that you have been returned to paid administrative leave, commencing 10/23/23, per the terms of the May 24, 2023 "Notice of Placement of Paid Administrative Leave" correspondence.

As previously noted, during this leave, you will continue to receive your usual salary, and health & welfare benefits, if applicable. While on leave, you are to: 1) remain available to return to work at my direction; and 2) remain available by telephone during regular business hours (required to provide the District with a current telephone number where you can be reached during business hours).

In the event that you will be unavailable during regular business hours on a normal workday, you shall notify the District, in advance, and report your unavailability as either sick leave or personal necessity leave, as applicable. You are not authorized to accept any other paid employment during your regular business hours while you are on leave.

Furthermore, as previously directed, you shall not return to any District property, including Greene Middle School, unless authorized to do so in advance by me. You are further directed not to contact any staff during regular school hours or students via email, text, phone, or in person.

A copy of this letter will be placed in your personnel file. You may submit a written response, which will be attached and placed in your file. Please contact me if you have any questions regarding this correspondence.

Sincerely,

Lisa Hickey
Director of Certificated Human Resources
Palo Alto Unified School District

cc: Personnel File

42911160.1

EXHIBIT I

# EXHIBIT I



**From:** Jabari A. Willis
**Sent:** Tuesday, January 16, 2024 3:41 PM
**To:** Evan Nelson <evancnelson.law@gmail.com>
**Subject:** RE: [EXTERNAL] Peter Colombo - Prelawsuit Demand [AALRR-CERRITOS.006247.00142.FID3839071]

Good afternoon Mr. Nelson,

You have consistently referred to board policies as the only authority for the District to conduct an investigation. While certain board policies may dictate govern certain types of investigations, the District's ability to conduct investigations is not limited to the policies. Specifically, you have referenced board policies that address investigations that occur based on a complaint. However, presently, the District is conducting a "personnel-related" investigation based on information shared with the District by an anonymous individual and a subsequent criminal complaint that led to the arrest of your client. The District, as your client's employer, has a legal obligation to investigate the matter from an "employment" standpoint.

While the District is aware that your client was not criminally prosecuted, the evidentiary standard for criminal prosecution is much higher than the preponderance of the evidence standard utilized in these types of investigation. In terms of the length of the investigation, there are a variety of factors that impact the timeline including when your client's criminal case ended, the age of the allegation, the availability of potential evidence/witnesses, and the District's current school calendar.

So there is no miscommunication or misunderstanding, the District is investigating the following: Did your client engage in serious misconduct by sexual assaulting a student on District property? The allegation is that your client sexually assaulted a female student in the girls' locker room during the 2001-2002 school year.

If you require any additional information in order for your client to prepare for the interview, please let me know. Please be advised that if your client refuses to voluntarily participate in the interview, since he is still employed by the District, he can be directed to participate in the interview and answer questions under threat of discipline. He is entitled to representation during the interview.

The investigator is available as follows:  Jan 24 10am-1pm and Jan 25 10am-1pm

1

Finally, with respect to your pre-litigation demand, the District is still evaluating the demand. I will provide you a further update on the District's response to the demand on or before Jan 26, 2024.

I look forward to your response.

Jabari Willis


**Jabari A. Willis** | Partner
Atkinson, Andelson, Loya, Ruud & Romo
12800 Center Court Drive, Suite 300, Cerritos, California 90703
Main (562) 653-3200 • Direct Fax (562) 653-3689
JWillis@aalrr.com | vcard | bio | website | subscribe

---

**From:** Evan Nelson <evancnelson.law@gmail.com>
**Sent:** Wednesday, January 3, 2024 12:26 PM
**To:** Jabari A. Willis <JWillis@aalrr.com>
**Subject:** Re: [EXTERNAL] Peter Colombo - Prelawsuit Demand [AALRR-CERRITOS.006247.00142.FID3839071]

**[EXTERNAL MESSAGE]**

---

Mr. Willis,

For several months, I have been trying to impress upon you the fact that the "investigation" has proceeded well beyond any reasonable time limit and that it is proceeding in abject violation of my client's due process rights. I am now preparing for a trial that starts on Monday, January 8th and continues through Friday, January 19th. Perhaps you can provide me with the authority for the investigation and the scope of the investigation, since that has never been set forth. Please specifically include authority for the timing of the investigation, which far exceeds any authority under Board Policies and there has been no request for extension made to us. At this point, I prefer these communications about the "investigation" to be in writing to avoid any miscommunications and to be clear about what information you are providing and what information you are intentionally withholding. Please also provide the class lists from the relevant time period of the false accusation against my client, since that evidence seems relevant to preliminarily determine whether the accuser was even in a PE class taught by Mr. Colombo or, alternatively, a class taught by Mr. Giardano.


Best regards,

Evan C. Nelson
Law Office of Evan C. Nelson

1990 North California Blvd., 8th
Floor
Walnut Creek, CA 94596
(925) 323-1991



On Wed, Jan 3, 2024 at 11:52 AM Jabari A. Willis <JWillis@aalrr.com> wrote:

Good morning,

EXHIBIT J

EXHIBIT J

**From:** Nicole Miller <nmiller@nmillerinv.com>
**Sent:** Friday, September 15, 2023 7:46 PM EDT
**To:** yolanda.franco-clausen@cityofpaloalto.org <yolanda.franco-clausen@cityofpaloalto.org>
**CC:** Jabari Willis <jwillis@aalrr.com>; Trent Bahadursingh <tbahadursingh@pausd.org>
**Subject:** Re: PAUSD Investigation (Colombo)

Dear Detective Clausen,

I hope to schedule a time to meet with you virtually or telephonically to assist me with my administrative investigation.

I can be easily reached on my direct 949-310-7645.  Thank you in advance for your assistance.

With Gratitude,

Nicole


Nicole Miller | President & CEO
Nicole Miller & Associates, Inc.
905 Calle Negocio #74182
San Clemente, CA 92673
Direct: (949) 310-7645
nmiller@nmillerinv.com | nicolemillerandassociates.com

This electronic message transmission contains information from Nicole Miller & Associates, Inc. which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclose, copying or distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify by telephone (949) 310-7645 or by electronic mail immediately.


On Sep 15, 2023, at 9:21 AM, Trent Bahadursingh <tbahadursingh@pausd.org> wrote:

Hi Detective Clausen,

I'm writing to share that PAUSD has started an investigation into the Colombo incident.

Nicole Miller (copied on this email) is handling the investigation for the district and working with our legal counsel.

I wanted to reach out and make a virtual introduction for both of you.

Nicole, Detective Clausen has been the lead on Palo Alto PD's investigation and has been a great partner throughout the process.

Thanks for the time everyone.

--

EXHIBIT K

# EXHIBIT K

**From:** Trent Bahadursingh on behalf of Trent Bahadursingh <tbahadursingh@pausd.org>
**Sent:** Wednesday, July 06, 2022 12:37 PM EDT
**To:** Franco-Clausen, Yolanda <Yolanda.Franco-Clausen@CityofPaloAlto.org>
**Subject:** Re: Records Release Question (Colombo Case)

Great. We will not release it. Thanks for the quick follow up.



**TRENT BAHADURSINGH**
Deputy Superintendent
25 Churchill Avenue, Palo Alto, CA 94306
Phone: (650) 329-3958

---

**From:** Franco-Clausen, Yolanda <Yolanda.Franco-Clausen@CityofPaloAlto.org>
**Sent:** Wednesday, July 6, 2022 9:36 AM
**To:** Trent Bahadursingh <tbahadursingh@pausd.org>
**Subject:** Re: Records Release Question (Colombo Case)

<mark>CAUTION: This email originated from outside of the organization. Be careful opening attachments or clicking links.</mark>

Hi Trent,

I was just contacted by the D.A. they asked that the email is not released as a part of the records request until the investigation is completed.

*Thank you,*

*Detective Yolanda Clausen*
*Phone: 650-329-2307*
*Fax: 650-329-2565*
*Investigative Services Division*
*Palo Alto Police Department*
*yolanda.clausen@cityofpaloalto.org*

**From:** Trent Bahadursingh <tbahadursingh@pausd.org>
**Sent:** Tuesday, July 5, 2022 5:34 PM
**To:** Franco-Clausen, Yolanda <Yolanda.Franco-Clausen@CityofPaloAlto.org>
**Subject:** Records Release Question (Colombo Case)

<mark>CAUTION: This email originated from outside of the organization. Be cautious of opening attachments and clicking on links.</mark>

Detective Clausen,

We have received a public records request from a local media outlet regarding all complaints against Peter Colombo.

Included in the documentation would be the email sent by the alleged victim's husband.

Our legal counsel has recommended checking in with PAPD as to whether or not release of this email would compromise your investigation.

Please advise and we will respond to this request accordingly.

Thank you.



**TRENT BAHADURSINGH**
Deputy Superintendent
25 Churchill Avenue, Palo Alto, CA 94306
Phone: (650) 329-3958

EXHIBIT L

EXHIBIT L



# PALO ALTO UNIFIED SCHOOL DISTRICT
### 25 CHURCHILL AVENUE • PALO ALTO, CALIFORNIA 94306

**HUMAN RESOURCES**                                    **(650) 329-3736**

---

May 28, 2024

SENT VIA FIRST CLASS MAIL

Peter Colombo
ptrcolombo@yahoo.com

**Re:     Notice of Investigation Findings**

Dear Mr. Colombo,

The correspondence will serve as notice that the Palo Alto Unified School District ("District") has completed the personnel investigation regarding potential misconduct by you in your capacity as an employee of the District.

Specifically, the District received information from an anonymous source regarding report of an alleged sexual assault of a student by you, occurring on District property during the 2001-2002 school year.

The Investigator determined that the allegation was not substantiated due to a lack of evidence, including but not limited to, the absence of a direct statement from the alleged victim to support the claim.


Sincerely,

*Herb Espiritu*

Herb Espiritu
Director of Certificated Human Resources



cc:     Evan Nelson, Esq. (via email at evancnelson.law@gmail.com)

EXHIBIT M

EXHIBIT M

THE LAW OFFICE OF

# EVAN C. NELSON

1990 North California Blvd., Floor 8
WALNUT CREEK, CA 94596
(925) 323-1991

May 29, 2024

**VIA EMAIL ONLY**

Jabari A. Willis, Esq.
ATKINSON, ANDELSON, LOYA, RUUD & ROMO
12800 Center Court Drive South, Suite 300
Cerritos, CA 90703-9364
*JWillis@aalrr.com*

RE:     *Response to May 28, 2024 Letter Re Investigation Result*
         Our Client:  Peter Colombo

Dear Mr. Willis:

This letter is in response to the letter I received yesterday from Mr. Espiritu regarding Notice of Investigation Findings. You took umbrage with my having responded directly to Mr. Espiritu's communication, which included you on my "reply to all" response to what I understood to be communication that you had expressly authorized. Your objection to my response is odd under the circumstances, considering that it is very likely that you ghost wrote all or part of the letter and had your client send it to my client, which would also technically offend rules against attorneys speaking with persons known to be represented by counsel (parties can speak to each other, but an attorney cannot tell their client what to say in those communications or it violates the rule of attorneys not speaking to parties represented by counsel). Nonetheless, I will respond directly to you and will have my client email this letter to your client to ensure this response is included in all proper files.

**Inadequate Written Report of Findings and Conclusions – 1312.3 AR**

We find the one line, "The Investigator determined that the allegation was not substantiated due to a lack of evidence, including but not limited to, the absence of a direct statement from the alleged victim to support the claim" to be grossly inadequate for an investigation into such a serious matter that spanned in excess of a full calendar year. It certainly does not accurately represent Ms. Miller's findings as she expressed them during the investigation interview of my client, which you can see in the attached comprehensive notes that I took during the interview because you refused to allow us to record it. (Exhibit A.) Under the

applicable board policies, including 1312.3 AR[1] and federal law, we are entitled to a written report that includes all of the following:

> a. The findings of fact based on the evidence gathered
> b. As to each allegation, the District's conclusion(s) of law
> c. Rationale for such conclusion(s).

Specifically, your one sentence "report" fails to list the evidence gathered and specific findings of fact based on that evidence. It does not list each allegation and provide the District's conclusions of law. It further fails to provide rationale for such conclusions of law.

Particularly troubling is that your conclusion appears to directly contradict the investigator's expressed findings in favor of a bland report that suggests the District is still pressing a narrative that some level of merit exists to the false rape charge levied by Nia Teerikorpi against Peter Colombo for something alleged to have occurred in 2001, but which the investigator found did not come close to meeting a preponderance of the evidence threshold for maintaining such a claim.

We are specifically curious why analysis of the student's grade report from 6th grade for school year 2001-2002 was not provided. It is our understanding that PAUSD retains grade reports going back into the 1900s, that PAUSD's prior in house counsel reported the grade report deleted from the system, but that Don Austin reported Nia's grade report "lost" but then found again. We also understand that the grade report would show Nia did not even have Mr. Colombo as her 6th grade PE teacher, that she did not have PE for the class period right before lunch and that her grades did not fall immediately following any alleged rape in 2001. Specific analysis of this evidence and these facts in conjunction with numerous other factors deserve attention in the report, including how could a grown man have raped a 6th grade girl from behind, in the girl's locker room, with students and teachers all over the campus, with female PE teachers in the office at the front of the girl's locker room, forcing her down on the narrow hardwood bench with his weight on top of her 6th grade body but causing no bruising, no broken ribs, no bleeding, and leaving her fine to attend her other classes and go to competitive swim practice that day without any complaint or anyone noticing anything wrong. Is there any evidence that Nia's grades dropped in 2001-2002 immediately after the time of the alleged rape as she claimed that she had PE right before lunch, and/or that Colombo taught Nia's 6th grade PE class or was even on Jordan Middle School campus during the class period, since he taught at Terman Middle School 30% of his time during the 2001-2002 school year. In addition, the following questions should be resolved, (i) was swimming even part of the PE curriculum for 6th grade fall semester at Jordan, (ii) could one student pull the pool cover into place, (iii) was the cover pulled over the

---

[1] I am also attaching, as Exhibit B, the relevant board policies showing that this investigation is governed by 1312.3 BP (and 1312.3 AR) through 5145.7 BP (and 5145.7 AR) despite your attempts to ignore the definitions and other express language contained therein, including that there is no distinction between a "report" or a "complaint" and that the definition of both includes an email from a third party, even an anonymous third party – Nia's husband's email constituted a "complaint" and a "report" bringing these board policies into application.

pool before lunch or only at end of the day, and (iv) why did Nia's story change in 2022 and become drastically different from her original story told to her mother many years previous.

## Request for Nia Teerikorpi's (birthdate 03/02/1990) Grade Report for 6th Grade, 2001-2002

We are again requesting that PAUSD provide a copy of Nia Teerikorpi's (birthdate 03/02/1990) grade report for 6th grade at Greene Middle School (now Terman Middle School) for the school year 2001-2002. Since this is a critical piece of exonerating evidence it should not have been excluded from any investigation relating to this false rape claim.

## No Explanation for PAUSD Delay in Providing Report

The report does not include any authority or justification for the substantial delays, in violation of board policies, for the investigation that was supposed to be completed within 90 days and the report, which was supposed to be provided within 60 days of completion of the investigation. The investigation began in May of 2023 and should have completed no later than by August of 2023. The investigation completed with the interview of Peter Colombo on January 25, 2024 (certainly no other later reviewed evidence is discussed in the report) and the written report should have been provided no later than by March 26, 2024.

Please explain the reason for the delays and authority for exceeding applicable deadlines.

## Reminder of Some of the Harms Caused by PAUSD Mishandling of the False Rape Claim

Mr. Colombo was falsely arrested and placed in prison and was at fear of substantial risk of serious injury or death due to the treatment of accused child molesters (even those falsely accused) in prison. He had to endure a week of solitary confinement, living in a small box for 23.5 hours each day with a half hour outside where he was in fear of being beaten and possibly killed. This precise torture has resulted in more than one suicide. He was then placed on house arrest for more than a year until the judge finally scratched his head at what was being done to him, ordered the anklet removed, took him off house arrest and the dismissal of all charges followed shortly thereafter.

PAUSD then determined to pile on. Instead of providing the exonerating evidence readily available to it, PAUSD continued creating a false narrative about Mr. Colombo. When he was released from the criminal charges, Superintendent Austin stated in the press that PAUSD would intentionally prolong Mr. Colombo's ordeal, even though they had no evidence to support the false charge and while they were continuing to deliberately conceal exonerating evidence. The "big" investigation was a farce and a pretext.

## Peter Colombo's Life Has Been Placed at Risk Due to PAUSD's False Narrative

PAUSD caused substantial risk of personal assault and physical harm to Mr. Colombo by inciting the public through intimation that he had committed the heinous crime, even though PAUSD knows he did not. PAUSD created this false implication when they (i) concealed the exonerating grade report and other exonerating facts while (ii) creating a false light narrative

against Peter Colombo (a) in the "Unfit to Teach" article both through statements and release of private information irrelevant to the false rape charge (and not providing the exonerating grade report) and (b) by deliberately proclaiming that PAUSD would be conducting a "big" investigation even though the DA dismissed the criminal charges based on the false report.

Mr. Austin acknowledged this risk to Mr. Colombo's person when he announced the investigation and stated that Mr. Colombo would be placed on administrative leave for his own safety due to the serious allegations. [He stated it might be paid or unpaid leave, even though the law requires the leave to be paid, again giving the intended impression that Mr. Colombo committed the rape of which he was falsely accused.]

**In light of this state-created danger for Mr. Colombo, it would be unconscionable, if not criminal, to attempt to assign him to a school site without completely dispelling the false light created to the public by PAUSD, and as again intimated through the recent "Investigation Report". It is extremely unlikely, if not impossible, for PAUSD to reverse the damage, restore Mr. Colombo's reputation and career, and place him back on campus without substantial risk of physical harm and with assurance that he will be treated with respect and admiration by all the students and their parents.**

Sincerely,

Evan C. Nelson

Attachments – Exhibit A and Exhibit B

EXHIBIT N

EXHIBIT N

THE LAW OFFICE OF

# EVAN C. NELSON

1990 North California Blvd., Floor 8
WALNUT CREEK, CA 94596
(925) 323-1991

May 30, 2024

**<u>VIA EMAIL ONLY</u>**

Jabari A. Willis, Esq.
ATKINSON, ANDELSON, LOYA, RUUD & ROMO
12800 Center Court Drive South, Suite 300
Cerritos, CA 90703-9364
*JWillis@aalrr.com*

RE:    *Returning Peter Colombo to His Employment Position*
       Our Client:  Peter Colombo

Dear Mr. Willis:

After attending the mediation session yesterday, and realizing it is unlikely your client is going to make an attempt to do the right thing, our client and his wife re-examined their financial goals and have determined that due to the financial strains caused by the false rape claim, Peter Colombo will now need to work until age 72, two additional years beyond his statistical work life expectancy. In order to recoup attorneys' fees expended to defend against the factually unsupported criminal charges, CTC's action relating to renewal of his credential and PAUSD's open-ended and year-long investigation, as well as to make up for lost stipends, to garner the salary increases to which he is entitled, to ensure he has proper and sufficient CalSTRS retirement credits and pension, and to recover other "costs", it will now be expedient for Mr. Colombo to return to his teaching assignment and his baseball coaching position at Paly, beginning immediately and continuing until age 72.

**Accordingly, our client will be ready to report back to his PE teaching assignment at Greene Middle School beginning with District Day on August 12, 2024 and to resume his baseball coaching role at Paly.** As we are certain you are already aware, FEHA prohibits employers from taking any adverse employment action based on a criminal arrest that did not result in conviction, and we expect that you will remedy all past violations and will correct actions going forward. The pertinent statute states "**Employers are prohibited from** inquiring into, **considering**, distributing, or disseminating **information regarding the following types of criminal history** prior to making a conditional offer, after a conditional offer has been made, and **in any** other subsequent **employment decisions such as decisions regarding promotion, training, discipline, lay-off, and termination:(1) An arrest or detention that did not result in**

**conviction** (Labor Code section 432.7 (see limited exceptions in subdivisions (a)(1) for a n arrest for which the employee or applicant is out on bail or on their own recognizance pending trial and (f)(1) for s pecified positions at health facilities); Government Code section 12952). Ca l. Code Regs. tit. 2 § 11017.1.

Of course, we believe certain conditions to that return would be appropriate. First, PAUSD should set the record straight with a completely forthright assessment and acknowledgment of what transpired. Second, a small security detail might be assigned to protect against physical or verbal assaults and/or additional false charges. Third, some ramped up mental health support for Mr. Colombo would be requisite.

**Suggested Public Announcement**

The public announcement that should be released should include all of the following, at a minimum:

1.      There has been no credible substantiation or corroboration of the student's story. From the beginning, PAUSD was unable to even determine whether the student had a class with Mr. Colombo as her teacher or if he was even on the campus during the class period when the event was alleged to have taken place. Mr. Colombo taught 30% of the 2001-2002 school year at a different school and has not been confirmed to have even taught 6th grade PE at Jordan Middle School in 2001-2002. The previous reporting of the student's file being lost at the hands of "staff" might have given the wrong impression. To be clear, Mr. Colombo had no access to the student's file or grade report and, therefore, to the extent her file was deleted or lost, PAUSD administration and/or records department and their policies are solely to blame. Indeed, Mr. Colombo has been vigilantly seeking a copy of the student's grade report for 6th grade as it now appears likely she didn't even have Mr. Colombo as a teacher, her grades did not immediately fall in 2002 subsequent to the alleged event (as she alleged), and as a 6th grade PE student at Jordan Middle School in 2001-2002, she almost certainly would not have had a PE class during the class period right before lunch, as she also alleged. These facts would have been clarified by her missing grade report, and without that evidence, there simply is nothing to suggest Mr. Colombo was involved in the alleged incident or that he would have been in a location to have committed the heinous crime, even assuming there was any credible substantiation to support the details of her report, which are also lacking.

Additional details of the incident described by the student simply could not have been reasonably likely in light of the physical circumstances of the Jordan Middle School campus and other realities. For these reasons, the criminal investigation resulted in all charges being dropped with prejudice. The Californian Commission on Teacher Credentialing ("CTC") a lso investigated and found no substantiation to support the claim, so it renewed Mr. Colombo's teaching credential without any limitations.

PAUSD then conducted its own year-long investigation, using a highly qualified female investigator and former sheriff. Her findings include that it is highly unlikely the incident occurred as described, or at all, and she expressed serious doubt regarding whether Mr. Colombo should ever have been arrested or charged in the first instance.

Mr. Colombo has now been completely cleared of all charges and we are pleased to report that he will now be resuming his honored teaching and coaching career in our District.

2.    The "Unfit to Teach" article was an unfortunate maligning of a well-respected member of our faculty who, although he had some difficulties long ago, he has completely risen above them and has been completely sober for 14 years. Obviously past alcohol abuse, that never impacted his work at school or coaching, is totally irrelevant to the baseless charge that was levied against him and we question the integrity of a reporter and news organization that would stoop to that level of indecency in reporting irrelevant, private details of a person's life. We note that a member of the Santa Clara County District Attorneys' Sex Crimes Unit, who was assisting in prosecuting the case against Mr. Colombo, has had worse and more recent alcohol troubles. Her censure by the California State Bar for repeat DUI offenses does not impact her ability to hold a position of public trust as a prosecuting attorney. It is implicitly unfair to take pot shots at a private citizen's personal life in the manner Zoe Morgan of the Palo Alto Weekly did.

3.    We offer our sincerest apologies to Mr. Colombo and his spouse for the ordeal they have had to endure as the result of what now appears to have been a false report and accusation involving the most heinous of crimes, and from which Mr. Colombo has now been exonerated.

**Security Detail**

Substantial risk of personal assault and physical harm to Mr. Colombo exists due to the seriousness of the allegation that was made against him. Mr. Austin acknowledged this when he announced that Mr. Colombo would be placed on admin leave even though he was exonerated of criminal charges. Even Michele Dauber threatened him in her online comments. As a result, there needs to be a small security detail assigned to accompany Mr. Colombo to protect his person from physical or verbal assault and to ensure no additional false and/or otherwise unsubstantiated claims arise.

**Mental Health Support**

It is troubling that no one from PAUSD reached out to Mr. Colombo and his wife during the past 2.5 years of this experience. In order for Mr. Colombo to be able to endure what is almost certain to be constant mental fatigue, a much heightened level of mental health support needs to be provided.

Sincerely,

Evan C. Nelson

EXHIBIT O

EXHIBIT O

Most importantly I will get up off the mat, strive to do better AND OWN MY MISTAKES! like a man, like I tell my players at Paly to do!

Pete Colombo

**From:** Sebastian Benavidez <sbenavidez@pausd.org>
**Sent:** Thursday, September 2, 2021 2:46 AM
**To:** Peter Colombo <pcolombo@pausd.org>
**Subject:** Re: Troubling interaction with PE teacher

Thank you for you're reflection. I truly appreciate it.

Just so you know, I'm not about consequences, I'm about learning and development, especially my own. I'm learning and growing every day and here to support you in doing the same.

The purpose of our meeting tomorrow has nothing to do with consequences and everything to do with conversation.

Please get a good nights rest.

Respectfully,

Sebastian A. Benavidez
Principal
Frank S. Greene Jr. Middle School
Palo Alto Unified School District
Phone: (650) 494-8120
Email: sbenavidez@pausd.org


On Sep 1, 2021, at 7:06 PM, Peter Colombo <pcolombo@pausd.org> wrote:

First complaint last week was as you know not valid but these complaints are and I own them.

***Okay, me calling a kid a pimp is meant as a compliment, liker he is hecka cool, and I have been doing that for years.  First complaint ever on that one.  Was not even talking to complainer but this is the sign of the times.

Things are obviously changing and I need to change with the times PRONTO!

**If you need to write me up I understand and own it.

I surrender and have no excuses!

I have been in this district as a teacher/coach 24 years and this for sure is my "MOMENT TO GROW". Only way I can look at it without going crazy.  I'm 54 years old so just 7 more years, I know I can do it.

PAUSD000379