EVAN C. NELSON (SBN 172957)
JONATHAN MCDOUGALL, ESQ. (SBN 212359)
LAW OFFICE OF JONATHAN MCDOUGALL
1640 Laurel Street
San Carlos, CA  94070
Telephone: (650) 594-4200
Email:  jonathan@mcdlaw.net; evancnelson.law@gmail.com

Attorneys for Plaintiff Peter Colombo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER COLOMBO,<br><br>                              Plaintiff,<br><br>        v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, DON AUSTIN, Individually and as Superintendent for PAUSD, LISA HICKEY, Individually and as Director of Certificated Human Resources for PAUSD, and TRENT BAHADURSINGH, individually and as Deputy Superintendent and Chief of Staff for PAUSD,<br><br>                              Defendants. | Case No. 5:24-cv-00909-NC<br><br>**DECLARATION OF EVAN C. NELSON AND EXHIBITS IN SUPPORT OF PLAINTIFF PETER COLOMBO'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**PART 2 OF 2 [EXHIBITS BETWEEN 107 - 251]**<br><br>**FED. R. CIV. P. 56, L-R 56**<br><br><br>DATE:          December 17, 2025<br>TIME:          10:00 a.m.<br>LOCATION:  COURTROOM 5, 4th  FLOOR<br><br>**HON. NATHANAEL M. COUSINS** |

I, EVAN C. NELSON declare as follows:

1.      I am an attorney licensed to practice law before all courts in the State of California and in the United States District Court for the Northern District of California . I am an attorney working in association with the Law Office of Jonathan McDougall, current attorney of record for Plaintiff, Peter Colombo ("Plaintiff" or "Colombo"). The following facts are based on my personal knowledge and review of and familiarity with this file, having been involved since early- to mid-2023 with Plaintiff attempting to assist him in his efforts to regain his career after the criminal charges against him were dropped in April or May of 2023. If called as a witness, I could and would testify competently thereto.

2.      Attached hereto as **Exhibit 2** is a true and correct copy of the Palo Alto Unified School District's ("PAUSD", "District", or "Defendant District") Resolution Agreement with the Department of Education's Office of Civil Rights ("OCR"). This signed copy of the Resolution Agreement is included with the August 22, 2017 Board Agenda Item Details regarding approval of the Resolution Agreement, which was obtained from PAUSD's BoardDocs site for its public records relating to board meetings.

3.      Attached hereto as **Exhibit 3** is a true and correct copy of the Memorandum of Understanding between PAUSD and Palo Alto Police Department ("PAPD") approved by OCR and adopted by the Palo Alto City Council on August 13, 2018. It is included with a copy of the August 21, 2018 Board Agenda Item Details regarding recommended approval of the Resolution Agreement, which was obtained from PAUSD's BoardDocs site for its public records relating to board meetings.

4.      Attached hereto as **Exhibit 6** is a true and correct copy of PAUSD Board Policy 5125 BP and Administrative Regulation 5125 AR relating to student records retention. This policy and associated regulation were obtained from PAUSD's BoardDocs site for its public records relating to its adopted board policies and administrative regulations.

5.      Attached hereto as **Exhibit 8** is a true and correct copy of PAUSD Board Policy 5145.7 BP relating to sexual harassment/sexual assault claims. This policy was originally obtained from PAUSD's BoardDocs site for its public records relating to its adopted board policies and administrative regulations and was subsequently produced in identical form by Defendants in response to written discovery.

6.      Attached hereto as **Exhibit 11** is a true and correct copy of notes produced by Defendants and represented to be contemporaneous notes taken by Hickey from January and February of 2022.

7.    Attached hereto as **Exhibit 14** is a true and correct copy of PAUSD Administrative Regulation 5145.71 AR relating to sexual harassment/sexual assault claims. This regulation was originally obtained from PAUSD's BoardDocs site for its public records relating to its adopted board policies and administrative regulations and was subsequently produced in identical form by Defendants in response to written discovery.

8.    Attached hereto as **Exhibit 15** is a true and correct copy of the September 20, 2017 Cozen O'Connor report relating to the OCR audits of PAUSD. This is included because it is referenced in the Expert Witness Report of Saundra K. Schuster.

9.    Attached hereto as **Exhibit 21** is a true and correct copy of communications produced by Defendants concerning the underlying Title IX related claim from January 28, 2022 that including PAUSD's Title IX Coordinator as of January 2022, Kelly Gallagher, as a recipient or sender.

10.    Attached hereto as **Exhibit 23** is a true and correct copy of the January 31, 2022 letter sent to Plaintiff by Bahadursingh placing Plaintiff on paid, involuntary administrative leave pending investigation of the January 28, 2022 Title IX related claim.

11.    Attached hereto as **Exhibit 25** is a true and correct copy of emails between Kena Cador, Plaintiff's union lawyer, and Hickey, Bahadursingh and PAUSD's then-General Counsel Vishakan seeking status updates on the investigation of the January 28, 2022 Title IX related claim. The initial email was sent to Hickey and Bahadursingh following up on the January 31, 2022 meeting where they placed Plaintiff on administrative leave. Neither Hickey nor Bahadursingh responded but appear to have forwarded the request for information to Vishakan, who then responded to Ms. Cador on their behalf. Plaintiff has repeatedly requested all emails forwarding the request to Vishakan and/or otherwise discussing Plaintiff's requests for information regarding the "investigation" and defense counsel has represented that no such emails are available for production.

12.    Attached hereto as **Exhibit 29** is a true and correct copy of email correspondence between Vishakan and the PAPD detective regarding the detective's February 11, 2022 request for information.

13.    Attached hereto as **Exhibit 30** is a true and correct copy of a supplemental declaration of Cindi Durchslag Ahern providing details on the 2001-2002 class schedules at Jordan Middle School (now Greene Middle School) and Terman Middle School (now Fletcher Middle school).

14. Attached hereto as **Exhibit 32** is a true and correct copy of PAUSD's website posting relating to student records retention policies.

15. Attached hereto as **Exhibit 34** is a true and correct copy of email correspondence between Zoe Morgan, a news reporter, and Kelly Meeker, the Assistant District Attorney initially handling the criminal prosecution of the January 28, 2022 Title IX related sexual assault claim. The notation from the police report that is referenced is found in two exhibits that have been labeled "confidential" as part of Exhibit 37 (the police investigation report produced by the California Commission on Teacher Credentialing ("CTC")) and Exhibit 113 (the police investigation report produced by PAPD in response subpoena in this action). It appears that the "notation" being discussed related to information provided to the police detective on or before February 25, 2022. Neither Defendants nor PAPD produced any emails for the five weeks between the detective's request for information showing

16. Attached hereto as **Exhibit 36** is a true and correct copy of the Declaration of Ruth Jang Na previously filed in this action as part of ECF #66-1.

17. Attached hereto as **Exhibit 40** is a true and correct copy of a transcript of the Open Forum session of the August 19, 2025 PAUSD Board Meeting.

18. Attached hereto as **Exhibit 43** is a true and correct copy internal PAUSD email correspondence for the period of June 24, 2022 through August 2, 2022 relating to Plaintiff's 2001-2002 work assignment that include assignment to work at Terman Middle School.

19. Attached hereto as **Exhibit 44** is a true and correct copy of email correspondence relating to Plaintiff's 2001-2002 work assignment at Terman Middle School, which correspondence was initiated by Plaintiff on June 9, 2022 and discussed by Hickey and Bark on June 9, 2022 and June 10, 2022.

20. Attached hereto as **Exhibit 45** is a true and correct copy of Plaintiff's 2001-2002 work assignment printout showing he worked at Terman Middle School .3 full-time equivalent or 30% and also showing that Cindi Durchslag Ahern was his evaluator for the 2001-2002 school year. This was originally field as part of ECF #66-1 in this action and another copy was subsequently produced by Defendants (Page 001) as what Hickey provided to Plaintiff as the response to his inquiry.

21. Attached hereto as **Exhibit 48** is a true and correct copy of the Declaration of Jill Naylor that was previously filed in this action as part of ECF #66-1.

-3-

22.     Attached hereto as **Exhibit 49** is a true and correct copy of true and correct copy of the Declaration of Cindi Durchslag Ahern that was previously filed in this action as part of ECF #66-1.

23.     Attached hereto as **Exhibit 50** is a true and correct copy of true and correct copy of the Declaration of Aimee Becker that was previously filed in this action as part of ECF #66-1.

24.     Attached hereto as **Exhibit 60** is a true and correct copy of the first page of a document produced by Defendants in this action purporting to be a June 27, 2022 email transmission of Jane Doe's student record to the detective working the case. In response to Plaintiff's subpoena in this action, PAPD did not produce either the email or the elementary school student record (not the relevant 6th grade student record) that was attached to the email in Defendants' production.

25.     Attached hereto as **Exhibit 65** is a true and correct copy of internal PAUSD correspondence between Austin, Bahadursingh and Hickey on June 19, 2022, Father's Day, while Plaintiff was in solitary confinement.

26.     Attached hereto as **Exhibit 75** is a true and correct copy of the "Unfit to Teach" article originally published by Palo Alto Online on February 17, 2023 as renewed (complete with comments) on January 24, 2024. Defendants apparently issued a subpoena to Embarcadero Media relating to this article but no  results from that subpoena have been shared with Plaintiff despite requests made to Defendants and directly to the subpoena service.

27.     Attached hereto as **Exhibit 78** is a true and correct copy of a May 15, 2023 article published in The Paly Voice titled "DA dropping charges, but district plans to investigate Colombo". The article followed an April 28, 2023 Paly Voice-sponsored press conference.

28.     Attached hereto as **Exhibit 88** is a true and correct copy of Hickey's May 24, 2023 letter to Plaintiff placing him back on involuntary administrative leave following dismissal of the criminal charges.

29.     Attached hereto as **Exhibit 90** is a true and correct copy of Hickey's June 26, 2023 letter to CTC reporting a statement of charges or intention to dismiss/suspend would be forthcoming but was not yet available because the investigation was not complete. It did not contain any investigation file or other materials as part of the submission, at least not anything that has been produced to Plaintiff. CTC did not produce this letter in response to CPRA requests or as part of its investigation file materials.

DECLARATION OF EVAN C. NELSON SUPPORTING PLTF.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
Colombo v. Palo Alto Unified School District, et al. Case No.: 5:24-cv-00909-NC

30.     Attached hereto as **Exhibit 103** is a true and correct copy of "Investigating Employee and Student-Related Complaints published in 2009 by Ronald Wenkart while he was General Counsel for Orange County Department of Education. Mr. Wenkart is currently a partner at the law firm of Atkinson, Andelson, Loya, Ruud & Romo ("AALRR"), the law firm that hired Miller to perform the "investigation" of Plaintiff. Ironically, Mr. Wenkart walked past the conference room just before the deposition of Miller began, as the deposition took place at AALRR's Irvine office per Miller's request.

31.     Attached hereto as **Exhibit 104** is a true and correct copy of website pages from the official website for Nicole Miller & Associates. The deposition subpoena for Miller requested copies of the website pages, but Miller refused to produce them. These copies were used during her deposition where she authenticated all of the pages other than the last page.

32.     Attached hereto as **Exhibit 105** is a true and correct copy of the "Packet" for the Palo Alto City Council's Special Meeting held on August 13, 2018 where they adopted the OCR-approved MOU with PAUSD. The adopted MOU was included in the "packet" and was obtained through download off the Palo Alto City Council's public records portal accessed at https://www.paloalto.gov/Departments/City-Clerk/City-Meeting-Groups/Meeting-Agendas-and-Minutes.

33.     Attached hereto as **Exhibit 107** is a true and correct copy of notes from Miller's January 25, 2024 interview of Plaintiff as part of her "investigation". Other than use of the initials "NT" to reference Jane Doe, Miller did not see anything in the notes that did not appear to be an accurate representation of the interview. In fact, she thought it was so accurate that she assumed it was based on a recording, but the interview was not recorded because Defendants prohibited such. The notes are not from a recording or even a verbatim transcription, though Plaintiff would have preferred his request for a recording or official reporting of the proceeding had been allowed per his advance request. A disability-approved note-taking assistance app with substantial after-interview editing was utilized. Fortunately, the interview was quite short and review and editing was conducted immediately after conclusion of the interview so that the notes could be made into comprehensible, complete sentences based on personal recall.

34.     Attached hereto as **Exhibit 108** is a true and correct copy of Trent Bahadursingh's Declaration submitted in opposition to Plaintiff's prior Motion for Partial Summary Judgment. The Declaration was filed in this matter as part of ECF #28-1.

DECLARATION OF EVAN C. NELSON SUPPORTING PLTF.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
Colombo v. Palo Alto Unified School District, et al. Case No.: 5:24-cv-00909-NC

35.     Attached hereto as **Exhibit 109** is a true and correct copy of the May 28, 2024 letter from Mr. Espiritu closing PAUSD's two and a half year "investigation" process that began January 31, 2022. There is no "cc" to Plaintiff's employment file for this letter.

36.     Attached hereto as **Exhibit 123** is a true and correct copy of the face page and pertinent portions of the transcript for the Preliminary Hearing on March 21, 2023 following which the criminal charges against Plaintiff were dropped.

37.     Attached hereto as **Exhibit 124** is a true and correct copy of the face page and pertinent portions of the transcript for the Deposition of Nicole Miller taken in this action on September 16, 2025.

38.     Attached hereto as **Exhibit 125** is a true and correct copy of communications between Hickey and Plaintiff dated April 26, 2022 and June 10-11, 2022, which were produced by Defendants.

39.     Attached hereto as **Exhibit 126** is a true and correct copy of the face page and pertinent portion of the transcript for the Deposition of Komathy Vishakan taken in this matter on June 5, 2025.

40.     Attached hereto as **Exhibit 127** is a true and correct copy of the face page and pertinent portion of the transcript for the Deposition of Lisa Hickey taken in this matter on June 16, 2025.

41.     Attached hereto as **Exhibit 128** is a true and correct copy of the face page and pertinent portion of the transcript for the Deposition of Cindi Durchslag Ahern taken in this matter on June 16, 2025.

42.     Attached hereto as **Exhibit 129** is a true and correct copy of the face page and pertinent portion of the transcript for the Deposition of Trent Bahadursingh taken in this matter on August 25, 2025.

43.     Attached hereto as **Exhibit 130** is a true and correct copy of the face page and pertinent portion of the transcript for the Deposition of Don Austin taken in this matter on August 26, 2025.

44.     Attached hereto as **Exhibit 132** is a true and correct copy of the face page and pertinent portion of the transcript for the Deposition of Peter Colombo taken in this matter on July 14, 2025.

45.     Attached hereto as **Exhibit 133** is a true and correct copy of an article published on September 10, 2019 titled "Dems Censure One of Their Own for Flouting Rules of Decorum."

46.     Attached hereto as **Exhibit 134** is a true and correct copy of an article published by Palo Alto Online on September 24, 2019 titled "City Council has questions about mishandled 911 call."

47.     Attached hereto as **Exhibit 135** is a true and correct copy of an article published by Claire Best on November 25, 2022.

48.     Attached hereto as **Exhibit 136** is a true and correct copy of a "community member's" tweets that have been published online and were previously submitted as part of ECF #66-1.

49.     Attached hereto as **Exhibit 137** is a true and correct copy of an article published by False Allegations Watch on December 5, 2022.

50.     Attached hereto as **Exhibit 138** is a true and correct copy of another article published by Claire Best on August 5, 2023.

51.     Attached hereto as **Exhibit 139** is a true and correct copy of a couple pages of email communications produced by Santa Clara County on behalf of the Santa Clara County District Attorneys' Office in response to a CPRA request.

52.     Attached hereto as **Exhibit 140** is a true and correct copy of a publication from March 15, 2023 relating to another set of false rape claims that were dismissed by the Santa Clara County District Attorneys' Office.

53.     Attached hereto as **Exhibit 141** is a true and correct copy of another publication relating to the false rape claims from a Stanford employee that was published on March 16, 2023.

54.     Attached hereto as **Exhibit 158** is a true and correct copy of the Expert Witness Report by Jessica Chaudhary, MD prepared and disclosed in this action.

55.     Attached hereto as **Exhibit 163** is a true and correct copy of the Expert Witness Report by Saundra K, Schuster prepared and disclosed in this action.

56.     Attached hereto as **Exhibit 168** is a true and correct copy of the Expert Witness Report by Detective Mark Alifano (ret.) prepared and disclosed in this action.

57.     Attached hereto as **Exhibit 173** is a true and correct copy of the Expert Witness Report by Ken Whittemore prepared and disclosed in this action.

58.     Attached hereto as **Exhibit 194** is a true and correct copy of Espiritu's notes dated May 5, 2025 relating to meeting with Plaintiff, at Plaintiff's specific urging, in an attempt to create an appropriate "return to work" transition plan.

59.     Attached hereto as **Exhibit 195** is a true and correct copy of email communications between Plaintiff and Espiritu relating to Plaintiff's request for reasonable accommodations for his known disability of Alcohol Use Disorder (AUD) when he discovered that Defendants had a vacancy for his PE teaching

position at Greene (the posting does not mention "Greene" and is vague even about what grades are being taught) and following his unsatisfactory attempts to engage in a meaningful discourse relating to a "return to work" transition.

60.     Attached hereto as **Exhibit 197** is a true and correct copy of an October 9, 2025 publication by Anthro, a Palo Alto High School student publication.

61.     Attached hereto as **Exhibit 242** is a true and correct copy of February 5, 2021 publication by the Association of California School Administrators ("ACSA") relating to standards and practices for California K-12 school Human Resources Administrators.

62.     Attached hereto as **Exhibit 243** is a true and correct copy of PAUSD Board Policy 4000 BP obtained from the official BoardDocs public records database containing The District's board policies and administrative regulations.

63.     Attached hereto as **Exhibit 244** is a true and correct copy of an October 1, 2025 article published by The Campanile, the Gunn High School School student newspaper.

64.     Attached hereto as **Exhibit 245** is a true and correct copy of detailed discovery requests to Defendants seeking to discover any facts and evidence they had to support the forty-one (41) defenses listed as "Affirmative Defenses" in their Answer to the third Amended Complaint.

65.     Attached hereto as **Exhibit 246** is a true and correct copy of The District's "responses" to the detailed discovery, which fails to set forth any facts or evidence to support any or all the forty-one (41) defenses listed as "Affirmative Defenses" in their Answer.

66.     Attached hereto as **Exhibit 247** is a true and correct copy of Austin's "responses" to the detailed discovery, which fails to set forth any facts or evidence to support any or all the forty-one (41) defenses listed as "Affirmative Defenses" in their Answer.

67.     Attached hereto as **Exhibit 248** is a true and correct copy of Bahadursingh's "responses" to the detailed discovery, which fails to set forth any facts or evidence to support any or all the forty-one (41) defenses listed as "Affirmative Defenses" in their Answer.

68.     Attached hereto as **Exhibit 249** is a true and correct copy of Hickey's "responses" to the detailed discovery, which fails to set forth any facts or evidence to support any or all the forty-one (41) defenses listed as "Affirmative Defenses" in their Answer.

69.    Attached hereto as **Exhibit 250** is a true and correct copy of The District's and Hickey's purported amended responses to Plaintiff's detailed discovery. These "responses" were served on August 23, 2025 (not on August 22, 2025 as noted in the Proof of Service), less than one week before close of fact discovery in this action.

70.    Attached hereto as **Exhibit 251** is a true and correct copy of Austin's and Bahadursingh's purported amended responses to Plaintiff's detailed discovery. These "responses" were served on August 29, 2025, the day that fact discovery closed in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on November 3, 2024 at Walnut Creek, California.

_____

DECLARATION OF EVAN C. NELSON SUPPORTING PLTF.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
Colombo v. Palo Alto Unified School District, et al. Case No.: 5:24-cv-00909-NC

# EXHIBIT 107

Notes of Investigation Interview of Pete Colombo
Via Zoom on 1/25/2024 from 11:00 – 11:25 (after PAUSD required a 3-hour appointment from 11-2)
(PAUSD demanded via Zoom w/o recording despite request for in person and/or recorded proceeding)

Nelson - I'm here with Pete, I'm trying to get him into the. You see me try to get him into the screen here

Investigator Miller - I see two kind of heads but I don't know who is who.

Colombo - oh I'm the bald Guy.

Investigator - Okay, so the bald guy is Pete. Hi to you.

Colombo - Hi how are you?

Investigator - I want to take a moment to do the introductions, and first and foremost, I do want to let you know that this meeting, I don't plan to be longer than 20 min. The reason for that is that the district assigned me to investigate a report that took that was allegations from the 2001-2002 school year. That is basically the scope of my investigation. I first want to answer any questions you and your attorney might have. I'm an independent investigator assigned by the district to investigate a report of an alleged incident alleged sexual assault of a sixth grader that allegedly took place at a Jordan Middle School, now it's named Green Middle School, where you were a teacher in a locker room during, well, this alleged incident occurred in the locker room during the 2001 2002 school year. And the assault charge was, the criminal charge was filed on June 16, 2022, according to court documents that I reviewed. Now I want to let you know and your attorney know that I was unable to interview the student involved, a former student involved. And so that, combined with the lack of details in, in the court documents itself, leave me to only really be able to ask you a couple questions that I don't think will take too long to answer.

Investigator - The districts complaint policies and several applicable laws prohibit retaliation against any person for making a complaint or participating in the investigation of the complaint, retaliation grants for a separate complaint, potential discipline against the offending party.

Investigator - Do you Pete or, do you, Mr. Nelson, have any questions for me before I start to ask questions?

Nelson - I don't, I had two questions and you already answered them and the first was we never really got the scope of the investigation. Pete got a formal letter, I think like in April but that didn't set forth the scope of the investigation and there's never been any authority for the investigation provided to us. There's been a lot of back and forth and, and through the back and forth, finally about a week or so ago, Mr. Willis did say what you said today, which is a scope of the investigation, is this single allegation from the 2001-2002 time frame. You have provided something they haven't provided, which is confirming it is the same one that was involved in the criminal case, so I don't have any questions from that standpoint.

Nelson - Again, it was the, you know, the Contra Costa Community College PERB decision that says we're entitled to know that basic information but I think that you've confirmed that's all you have as well.

Investigator - Of course

Nelson - All right. Um I think I think that's. I think that's it Okay.

EXHIBIT 107 - 002

Investigator - Well, if you have any questions along the way, this isn't your only opportunity. So, my understanding is that district administrators had, they were notified of an accusation against, against you in late January 2022, after receiving an email from a husband who alleged his wife, now in her thirties, was sexually assaulted by you when she was eleven years old um again there's not a formal complaint. It was just a report to the District um. And then my understanding is that you were initially placed on leave and that you're still on leave. Have you been on leave this entire time.

I can answer that yes. Initially, even though it's supposed to be offered as paid admin leave if you post a bond, that option wasn't really explained or offered in a way for him to take advantage of it, so it was actually unpaid leave until it went to the preliminary hearing and the judge ordered the ankle monitoring be removed and made clear the case should not be prosecuted, then the DA dropped the charges and back pay was paid for that time. Then he was placed on admin leave with pay, except for a three-month period where the school district didn't pay even though the statute requires he be on paid admin leave and they have never paid him for summers school or coaching, which he consistently did, but that's that is neither here nor there for this investigation. That's something that we will deal with in a separate proceeding. But I guess the short answer to your question about admin leave is yes.

Investigator - I'm curious and. You don't have to answer this, just my curiosity, when the judge threw this out, did you have to give any testimony.

Colombo - I just sat there the whole time.

Investigator - got it. Okay. so that you didn't, you didn't give any statements.

Colombo – I wasn't asked for one, no, just listen, just sat there and left after the preliminary hearing. At CTC, they allowed for me to make a statement and they then renewed my credential.

Investigator - Okay, all right that is just curious to me. I just didn't see anything in the, in the court documents. My question is, I'm just going to call her [NT] Jane Doe, right, and so I don't expect you to have A recollection of students that were in your class back in 2001, 2002, but where did you teach in 2001.

Colombo – in 2001 and 2002, I was 70% at Jordan Middle School, and I was 30% at another school, Terman, because it just reopened, and I taught three sections of 6th grade at Terman. I also taught 7th grade at Jordan [OT, NT's older sister, said she had Mr. Colombo for 7th grade PE that year].

Investigator - Can you spell Terman

Colombo - T-E-R-M-A-N. And now it's called Fletcher, now Terman is now Fletcher, and Jordan is now Green.

Investigator - Did you teach any sixth graders at Jordan Middle School or are they all at Terman

Colombo - I remember only at Terman. I remember teaching seventh grade at Jordan. A lot of 6th grade at Terman, I don't remember 6th grade that year at Jordan. I could have, I just remember 6th grade at Terman and 7th grade at Jordan. I think they had 6th grade PE at Terman that year because it was just reopening, but records could show better.

EXHIBIT 107 - 003

Colombo - Cause the CTC was going through the process of renewing my credential and Jill Naylor, Cindy Pappus, Amy Becker, who are all PE teachers at the time they all jumped on board and said we will write you whatever you need because you need to be back here working with these kids. This false accusation was not okay. And they know me best, and they run the girls locker room for 25 years.

Investigator - Do you still have those letters?

Colombo - Absolutely.

Investigator - Would you share those with me, if like, via email if your attorney wants to send those to me just so that I can include them in my file.

Nelson - Yes, yes, absolutely.

Investigator - Thank you.

Nelson - There are three of them right huh there there's actually like 20 but we'll get those three. Those are the three most pertinent, I think. It. We also have his stellar performance reviews, if you want all those, but haha they may not be as pertinent.

Investigator - So you were present during when she [NT], were you present when she was giving testimony? Did you hear what you mean during the prelim. They're sitting right there, you're right there, so you heard her when she said, I remember rinsing off and going to change out of my swim suit.

Colombo - I don't remember that I don't recall that, it was back in March. She [NT] claimed she was in front of her locker felt somebody grab her from behind and push her on the bench in front of the locker.

Investigator - And I-I mean to say because you've never been in a locker along with female student this couldn't have happened based on what you're telling me right but I have to ask you, did you sexually assault or rape a female student?

Colombo - Absolutely not.

Investigator - Okay, I don't have anything else to ask you, and I think we are about at the 20, minute mark.

Nelson - We can only speculate, you know, what may have been part of the reasoning at least for her husband coming forward, or other family members coming forward and, and starting the process. We do know that it wasn't Pete. We're not discounting, as you said, you know, it's hard to not believe somebody who comes forward with this kind of an allegation that something may have very well happened to her. We just know it wasn't Pete. [This was before we conducted extensive investigation into the background and family dynamic, found grade reports and other information giving a clearer picture of what likely transpired].

Investigator - I'm sorry, Mr. Nelson, I can't hear you

Nelson - Okay, I will walk back around here. Sorry. Um, if you look at the details that were reported – they don't make sense.

5

EXHIBIT 107 - 006

**EXHIBIT 108**

Eugene B. Elliot, State Bar No. 111475
Ethan M. Lowry, State Bar No. 278831
Benjamin I. Oreper, State Bar No. 329480
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990
Email:   eelliot@bfesf.com
         elowry@bfesf.com
         boreper@bfesf.com

Attorneys for Defendants
PALO ALTO UNIFIED SCHOOL DISTRICT, DON AUSTIN,
AMANDA BARK, and LISA HICKEY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER COLOMBO,<br><br>             Plaintiff,<br><br>v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT,<br>et al.,<br><br>             Defendants. | Case No. 5:24-cv-00909-NC<br><br>**DECLARATION OF TRENT BAHADURSINGH IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:    July 10, 2024<br>Time:    11:00 a.m.<br>Dept.:   Courtroom 5, 4th Floor<br><br>**Hon. Nathanael M. Cousins** |

I, Trent Bahadursingh, declare as follows:

1.      I have personal knowledge of the facts and circumstances set forth herein and could, if called, competently testify thereto.

2.      I am the Deputy Superintendent, Chief of Staff at the Palo Alto Unified School District (the "District") and have served in this capacity since February 1, 2021. As Deputy Superintendent, Chief of Staff, my duties include oversight of the following departments: Human Resources (including the role as the lead negotiator with the District's labor unions), Legal Services (including Title IX and California Public Records Act), Safety, Registration Services and Enrollment. I also am involved with communications and collaborating with our Public Information Officer. At the time the District received the emailed allegation against Plaintiff, the District's general counsel was Komey Vishakan, who reported directly to the Board of Education and the Superintendent. The District's legal department was not within my oversight.

3.      On January 28, 2022, the District received an email from the husband of a former female District student alleging that Peter Colombo, a coach and teacher within the District, had raped the student in the locker room of Greene Middle School during the 2001-2002 school year. Ms. Vishakan received the email communication and handled all communication with the individual who provided the information. Attached hereto as **Exhibit A** is a true and correct copy of the email produced pursuant to the District's initial disclosures at PAUSD000561.

4.      In accordance with the California Child Abuse and Neglect Reporting Act ("CANRA," California Penal Code §11166(a)), Ms. Vishakan promptly reported the allegation to local law enforcement.

5.      On January 31, 2022, the District notified Colombo that he was being placed on paid administrative leave effective that date, with the notification letter stating that the leave is "not intended to be disciplinary" and "is intended to avoid any undue disruption at Greene Middle School." Attached hereto as **Exhibit B** is a true and correct copy of the notification letter, produced pursuant to the District's initial disclosures at PAUSD000598.

6.      On June 15, 2022, following an independent investigation by the Palo Alto Police Department and the Santa Clara County District Attorney's Office, Colombo was arrested, charged with

1

1    felony aggravated sexual assault of a child, and booked into the Santa Clara County Main Jail.

2          7.     The following day, on June 16, 2022, the District notified Colombo that due to his arrest

3 and the charges against him, the District was legally compelled by Sections 45304(b), 44940, and 44010

4 of the California Education Code to place him on an compulsory leave of absence, to continue until ten

5 days after the date of entry of judgment in the criminal proceeding.  Attached hereto as **Exhibit C** is a true

6 and correct copy of the notification letter, produced pursuant to the District's initial disclosures at

7 PAUSD000563-568.

8          8.     In accordance with California Education Code Section 44940(d)(1), the District also

9 reported Colombo's arrest and charging to the California Commission on Teacher Credentialing ("CTC")

10 the same day.  Attached hereto as **Exhibit D** is a true and correct copy of the notification letter, produced

11 by the District in this matter at PAUSD000016.   Independent of any  further action by the District, the

12 CTC (an independent state agency) suspended Colombo's teaching credential pursuant to Education Code

13 Section 44940(d)(2).

14          9.     On April 4, 2022, during the pendency of the law enforcement investigation of Colombo

15 and prior to charges being brought, Ms. Vishakan responded via email to an inquiry from investigating

16 PAPD Detective Yolanda Franco-Clausen, stating that no records related to the alleged student victim had

17 been located in the District's digital databases with the exception of a "yearbook which shows the student

18 attended Jordan Middle."   Attached hereto as Exhibit E is a true and correct copy of these emails,

19 produced pursuant to the District's initial disclosures at PAUSD000972.

20          10.



27          11.     Approximately a month after a preliminary hearing on March 21, 2023, the Santa Clara

28 District Attorney's office dismissed the criminal case against Colombo.

DECLARATION OF BAHADURSINGH IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MSJ
Case No.: 5:24-cv-00909-NC

EXHIBIT 108 - 003

12.     On May 24, 2023, the District notified Colombo that it had been informed that the CTC had reinstated Colombo's teaching credential effective May 2, 2023, given that the charges leading to his mandatory leave of absence offences were dropped, and that he was being returned to paid administrative leave accordingly pending an internal investigation.  Attached hereto as **Exhibit F** is a true and correct copy of this notification.  The 2022-2023 school year ended on June 1, 2023.

13.     However, the District subsequently received notification from the CTC that Colombo's credential had expired, and that the CTC had not approved its renewal.  Accordingly, on August 4, 2023, the District notified Colombo of the notification from the CTC, that as a result, he did not at that time possess a valid teaching credential; that although Colombo had informed the District of his submission of a renewal application on May 16, 2023, the status of his renewal application was listed as "Notice of Delay List;" that the District could not lawfully issue a pay warrant to a certificated employee without a valid credential in accordance with Ed. Code §45034; and that he was being returned to unpaid leave effective August 7, 2023, pending the renewal of his credential.  Attached hereto as **Exhibit G** is a true and correct copy of this notification letter.   The District was not involved in any way in Colombo's application being placed on the "Notice of Delay List."

14.     Subsequently, on October 26, 2023, the District was informed that the CTC reinstated Colombo's credential effective October 20, 2023.  On November 1, 2023, the District notified Colombo that he was being returned to paid administrative leave accordingly commencing October 23, 2023. Attached hereto as **Exhibit H** is a true and correct copy of the notification letter.

15.     The 2023-2024 school year began on August 9, 2024.  Once the District returned from its summer recess, the District initiated an independent personnel investigation into the allegations of rape against Colombo.  The District did not initiate its independent investigation prior to this date in order not to interfere with the criminal investigation and Colombo's pending criminal proceeding.   This investigation was not initiated pursuant to any of the District's internal complaint procedures, board policies, or administrative regulations.  Rather, the District was compelled to initiate the investigation due to the gravity of the allegations against Colombo, regardless of the outcome of his criminal proceedings, and further given the District's potential exposure to civil liability for failing to perform an independent investigation of the allegations.   The scope of the investigation was expressly limited to the rape

3

1  allegation against Colombo, which was communicated to him prior to his interview.  Attached hereto as

2  **Exhibit I** is a true and correct copy of the communication to Plaintiff's counsel.

3      16.    The investigation was overseen by the District's outside legal counsel. who retained the

4  services of an independent third-party investigator, Nicole Miller of Miller & Associates.  Throughout the

5  investigation, Ms. Miller never communicated directly with any District personnel, with the exception of:

6  (1) an email from me to provide law enforcement contact information; and (2) personnel interviewed

7  pursuant to the investigation.  Attached hereto as **Exhibit J** is a true and correct copy of that email,

8  produced pursuant to the District's initial disclosures at PAUSD000924.

9      17.    As stated above, the investigation was not initiated until after the conclusion of the

10  criminal proceedings against Colombo in order not to interfere with any concurrent, independent

11  investigation by law enforcement or with Colombo's criminal proceeding.  This is consistent with the

12  District's conduct throughout the pendency of Colombo's criminal proceeding, wherein the District at all

13  times made efforts to avoid taking actions that would in any way interfere with or compromise any

14  proceedings or investigations by law enforcement.  This is evidenced by communications between myself

15  and PAPD Detective Franco-Clausen, in which I sought direction from PAPD and the District Attorney's

16  office regarding whether the District's disclosure of documents relating to Colombo (inclusive of the

17  email sent by the alleged victim's husband containing the initial allegation against Colombo) would

18  compromise any law enforcement investigation.  In response, the District was asked not to release the

19  email containing the allegation until completion of law enforcement's investigation, which the District

20  did.  Attached hereto as **Exhibit K** is a true and correct copy of these email communications, produced

21  pursuant to the District's initial disclosures at PAUSD000970.

22      18.    The District's investigation of Plaintiff concluded in Spring 2024.  Once complete,

23  Colombo was notified of the completion of the investigation; that the investigation was exclusively

24  regarding potential misconduct based on information received by the District from an anonymous source

25  regarding an alleged sexual assault of a student by Plaintiff on District property during the 2001-2002

26  school year; and that the investigator "determined that the allegation was not substantiated due to a lack of

27  evidence, including but not limited to, the absence of a direct statement from the alleged victim to support

28  the claim."  Attached hereto as **Exhibit L** is a true and correct copy of this notification.

DECLARATION OF BAHADURSINGH IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MSJ
Case No.: 5:24-cv-00909-NC

EXHIBIT 108 - 005

19. On or about May 29, 2024, Plaintiff's counsel sent a letter to the District's general counsel in which he stated that "it would be unconscionable, if not criminal, to attempt to assign [Plaintiff] to a school site without completely dispelling the false light created to the public by PAUSD, and as again intimated through the recent "Investigation Report," which the District understood to constitute Plaintiff's refusal to accept an assignment from the District. Attached hereto as **Exhibit M** is a true and correct copy of this communication.

20. Subsequently, on May 30, 2024, Plaintiff's counsel sent another letter to the District's general counsel in which he stated that "Colombo will now need to work until age 72," and that Colombo "will be ready to report back to his PE teaching assignment at Greene Middle School beginning with District Day on August 12, 2024 and to resume his baseball coaching role at Paly." However, the letter stated Colombo's return would be contingent on the District's meeting several demands by Plaintiff, including that the District make a "public announcement" inclusive of specified factual contentions proffered by counsel; that the District provide Plaintiff with a "security detail" to "accompany" him on campus; and that Plaintiff be provided with "a much heightened level of mental health support." As above, the District understood this communication to constitute Plaintiff's refusal to accept an assignment from the District absent the District meeting Plaintiff's demands. Attached hereto as **Exhibit N** is a true and correct copy of this communication.

21. Attached hereto as **Exhibit O** is a true and correct copy of an email sent by Plaintiff on September 1, 2021, to Principal Sebastian A. Benavidez, Principal of Greene Middle School, in which Plaintiff states "I have been in this district as a teacher/coach 24 years and this for sure is my 'MOMENT TO GROW.' Only way I can look at it without going crazy. I'm 54 years old so just 7 more years, I know I can do it." This document was previously produced in discovery by the District at PAUSD000379.

22. With the exception of the time period from August 4, 2023, to October 23, 2023, during which time Plaintiff was without a valid teaching credential and the District could not issue a pay warrant to him in accordance with Education Code Section 45034, Plaintiff has received, and is continuing to receive, his full salary and health and welfare benefits. This is inclusive of the District's full reimbursement of Plaintiff's salary and benefits which could not be paid during the pendency of his criminal proceeding when he was on mandatory unpaid leave.

23.     Plaintiff has no legal claim of entitlement to be returned to his particular prior assignment. The District has the right to assign the Plaintiff to an assignment based on what is in the "best interest" of the District.

24.     Plaintiff has no legal claim of entitlement to summer school and coaching stipends he alleges he would have, and did not, earn during the time period that he has been on leave from the District, as these assignments are discretionary.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on the 18th day of June 2024, at Palo Alto, California.


By: _____/s/ Trent Bahadursingh_____
TRENT BAHADURSINGH

**ATTORNEY ATTESTATION**

I hereby attest that I have been authorized by Trent Bahadursingh to show their signature on this Declaration as /s/.

Dated:  June 18, 2024

By: _____/s/ Benjamin Oreper_____
Benjamin I. Oreper

DECLARATION OF BAHADURSINGH IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MSJ
Case No.: 5:24-cv-00909-NC

EXHIBIT 108 - 007

**EXHIBIT 109**

# PALO ALTO UNIFIED SCHOOL DISTRICT

### 25 CHURCHILL AVENUE • PALO ALTO, CALIFORNIA 94306

**HUMAN RESOURCES**                                             **(650) 329-3736**

SENT VIA FIRST CLASS MAIL

Peter Colombo
ptrcolombo@yahoo.com

**Re:     <u>Notice of Investigation Findings</u>**

Dear Mr. Colombo,

The correspondence will serve as notice that the Palo Alto Unified School District ("District") has completed the personnel investigation regarding potential misconduct by you in your capacity as an employee of the District.

Specifically, the District received information from an anonymous source regarding report of an alleged sexual assault of a student by you, occurring on District property during the 2001-2002 school year.

The Investigator determined that the allegation was not substantiated due to a lack of evidence, including but not limited to, ███████████████████████████████████.

Sincerely,

*Herb Espiritu*

Herb Espiritu
Director of Certificated Human Resources

Evan Nelson, Esq. (via email at evancnelson.law@gmail.com)

EXHIBIT 109

# EXHIBIT 123

1        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2          IN AND FOR THE COUNTY OF SANTA CLARA

3       HONORABLE HECTOR E. RAMON, JUDGE PRESIDING

4              DEPARTMENT 28

5               ---o0o---

6  THE PEOPLE OF THE STATE OF  )
    CALIFORNIA,             )  No. B2201250

7                    )
        Plaintiff,    )  PRELIMINARY EXAMINATION

8                    )
        v.            )

9                    )
    PETER MICHAEL COLOMBO,    )

10                  )
        Defendant.    )

11  _____)

12

13          REPORTER'S TRANSCRIPT of PROCEEDINGS

14           Tuesday, March 21, 2023

15               ---o0o---

16

17  A P P E A R A N C E S:

18  For        NIKHIL WARRIOR, Deputy District Attorney
    People:    Office of the District Attorney

19           70 West Hedding Street, West Wing
           San Jose, California 95110

20           (408) 201-0541

21

22  For        JOSHUA M. BENTLEY, Esq.
    Defendant: JONATHAN MCDOUGALL, Esq.

23           Law Office of Joshua M. Bentley
           1640 Laurel Street

24           San Carlos, California 94070
           (650) 594-4200

25

26

27    Reported By:  ERIC L. THRONE, CSR 7855, RMR, CRR, CRC

28

1                                                              ou were
2                                                              PE class
3                                        dano?
4                        .
5   Q.    Okay.  You know, when we're talking about the    10:20
6   specifics, you talked about some things today.
7         And your testimony today about somebody's hands
8   touching your back, you'd agree with me that you never
9   mentioned any of that to Detective Clausen in the three
10  previous interviews you've had with her; correct?    10:21
11  A.    I believe I had told her somebody had grabbed me fro
12  behind and that I felt them pushing on top of me when I wa
13  on the bench.
14  Q.    Is it possible that you told Detective Clausen that
15  you were pushed down to the bench; correct?    10:21
16  A.    Yeah.
17                                                      orrect?
18                        --
19         .
20                                ual.    10:21
21  Q.    You don't know whether or not you were partially
22  clothed or not when this incident first started; right?
23  A.    Not with 100 percent certainty.
24  Q.    So you don't know if somebody took off your underwea
25  or your bathing suit; correct?    10:22
26  A.    Correct.
27  Q.    You've told Detective Clausen, isn't it true, that
28  open quote, my memory kind of fractures there at that even

1    at that incident; right?

2    A.    Yeah.

3                                                                right?

4              .

5                                                  right?        10:22

6              .

7    Q.    You didn't know if it was a man or a woman or if it

8    was a boy; correct?

9    A.    No, I knew that it was an adult male.

10    Q.    Do you remember having a discussion with Detective

11    Clausen about that and whether or not you could even tell

12    whether it was a man or a woman?

13    A.    Yes.

14    Q.    All right.  You indicated last year during your firs

15    interview -- isn't it true that you indicated that you wer

16    pushed down on the bench and then you don't remember reall

17    anything after that?

18    A.    Yes.

19    Q.    I'm sorry?

20    A.    Yeah.                                                 10:23

21    Q.    You don't remember getting dressed; right?

22    A.    No.

23    Q.    You don't remember going to lunch; right?

24    A.    No.

25                                                      m class

26                            ght?

27                                                      y would

28                                      emory.



**Eric L. Throne, CSR, RMR, CRR, CRC**

EXHIBIT 123A - 003

1    Jordan?

3    right?

4    es.

5    specific

6    sked you,

7    cated "I

8    say?

10    right?    10:24

11    l.

12  Q.    And moving on -- and it probably seems like a lot of
13  questions about that incident in the locker room -- but
14  ultimately you told Detective Clausen, quote, unquote, I
15  don't really remember at all what happened, closed quote?
16  A.    Um, yeah.
17  Q.    And then some difficult conversations happened with
18  regards to your body and what happened to your body; right?
19  A.    Right, yeah.
20  Q.    And whether or not anything happened to your body.
21  Do you remember that?
22  A.    I do.
23  Q.    And the detective wanted to ask you specifically
24  "What happened to your body, Ms. Doe, do you remember," and
25  you told Detective Clausen "I don't know."    10:24
26        Do you remember that?
27  A.    I remember I was talking about somebody being inside
28  of me and somebody thrusting on top of me.



1    not there was penetration.

2        Do you remember telling the detective that?

3    A.    No.

4                                                      that.

5                                                              rson  wh

6                                                      etective

7                                                      asked yo

8                                          mber the

9                              that?

10                                                    10:29

11                                                    it have

12                                      en quote,

13                          quote.

14                                      that?

15        And I remember her clarifying the question  and

16    asking "Could it have been Mr. Giordano," and I said "No."

17    Q.    Okay.  So we're going to talk about that in a minute

18        Mr. Giordano's name did not come up in that first

19    interview; correct?

20    A.    I don't remember if it was the first or subsequent

21    interview.

22                                                      ask you:

23                                          to today,

24                              r body?

25                                          ld have

26                              agina?

27            er.

28                              octor?

1

2  Q.    Okay.  After that at the end of that first interview

3  on February 15, 2022, with Inspector or -- excuse me --

4  Detective Clausen, do you remember right before it ended

5  Detective Clausen saying to you "I can't or I don't know if

6  it is or was Mr. Colombo."

7        Do you remember Inspector, Detective Clausen telling

8  you that?

9  A.    I don't.

10  Q.    Do you remember at the end of that first interview

11  that the detective told you that she, the detective, was

12  going to reach out to other family members and other

13  potential witnesses, but was going to give you time to talk

14  to them first?

15  A.    She told me to give them a heads-up, but that's all I

16  did.  I just gave them the heads-up that a detective would

17  call them, I didn't give them any further information.

18  Q.    You don't remember the detective telling you "I'll

19  give you time to talk to them before I reach out to them"?

20  A.    Yeah.  She just told me --                    10:31

21  Q.    Okay.

22  A.    -- she would give me time to do that.

23        THE COURT:  Mr. Bentley, I don't like interrupting

24  someone's cross, but we've been at it for about an hour --

25        MR. BENTLEY:  Sure.                           10:31

26        THE COURT:  -- and I'd like to give our court

27  reporter.

28        MR. BENTLEY:  You bet.  And then I'll be able to

```
 1                                          ␦␦␦ION
 2                              R:
 3                     ␦␦en, which agency do you work for?
 4   A.     Palo Alto Police Department.
 5   Q.     How long have you worked for them?              11:35
 6   A.     Seven years.
 7   Q.     You said seven?
 8   A.     Seven years.
 9   Q.     Did you work for any other agencies prior to that?
10   A.     No.                                             11:35
11   Q.     What's your current assignment at Palo Alto Police
12   Department?
13   A.     I'm a detective within sexual assaults.
14   Q.     How long have you been assigned to the Sexual Assault
15   Team?                                                  11:35
16   A.     Two years now.
17   Q.     Were you the primary investigating officer for this
18   case at Palo Alto?
19   A.     Yes.
20   Q.     I want to start by asking you:  Did you visit the    11:35
21   scene, the locker room at Jordan Middle School?
22   A.     Yes.
23   Q.     Did you walk through the locker room?
24   A.     Yes.
25   Q.     Earlier there were a couple of exhibits, People's   11:35
26   and 3, that were photographs of the locker room.
27          Did you take those photographs?
28   A.     Yes, I did.
```



1          it migh

2                    Bill?

3          t.

4

5                    correct?

6          y.

7

8          e?

9                    Doe

10         ir?                    02:33

11

12                    u as a

13                    happened

14         ct?

15                              02:33

16                    fair?

17

18                    name?

19

20                    ll 02:33

21     fair?

22

23         (Defendant's Exhibit B was marked for

24     identification.)

25          MR. MCDOUGALL:  Detective, I'm going to show you 02:33

26     one-page document marked as Defense B as in boy, and it

27     appears to depict four images.  Could you please just take

28     look at that for me.  I'm sorry.  It's something that was

1  Q.    Okay.  The other individual that you did identify

2  some identifying information, did that person recount what

3  Jane Doe had said?

4  A.    No.

5  Q.    Did he even know who Jane Doe was?                    02:47

6  A.    Yeah.

7  Q.    And did he disagree with Jane Doe in that he had

8  received the disclosure?

9  A.    He said he did not recall anything.

10  Q.    Okay.  But did identify that he knew who Jane Doe was  02:47

11  and was an ex-boyfriend of herself?

12  A.    Yes.

13  Q.    And when he said ex-boyfriend, was it at Thomas

14  Middle School or some point in high school?

15  A.    I believe in middle school.                          02:47

16  Q.    At Jordan Middle School or the subsequent one in the

17  East Bay?

18  A.    The subsequent one.

19                                    y.

20                                                  ane Doe  02:47

21                                                          to, no

22                                              ified he

23                                        oulders;

24              ?

25                                                            02:47

26                                                        today in

27                                                      the feel

28                                    rrect?

130



MR. MCDOUGALL:  That's all.  Thank you.

THE COURT:  Redirect?

MR. WARRIOR:  Thank you, Your Honor, and I'll
endeavor to be expeditious.  Um, I'll try and go in the same
order just to help keep it straight.

REDIRECT EXAMINATION

BY MR. WARRIOR:

Q.    So the Santa Clara County protocols that you spoke
about, were those written before or after the COVID-19
outbreak?

A.    Before.

Q.    Have you made changes to how you conduct
investigations since COVID-19?

A.    Yes.

Q.    You had discussed the use of or you asked about the
use of a six-pack and kind of frequently using that in
investigations.

<u>REPORTER'S CERTIFICATE</u>

State of California  )
                     ) ss.
County of Santa Clara)

     I, ERIC L. THRONE, do hereby certify that the foregoing is a full, true, and correct transcript of the proceedings had in the above-entitled action held on the 21st day of March, 2023;

     That I reported the same in stenotype to the best of my ability, being the qualified and acting Official Court Reporter of the Superior Court of the State of California, in and for the County of Santa Clara, appointed to said court, and thereafter had the same transcribed into typewriting as herein appears.

     I further certify that I have complied with CCP 237(a)(2), in that all personal juror identifying information has been redacted, if applicable.

     Dated this 30th day of March, 2023.


Eric L. Throne
ERIC L. THRONE, CSR No. 7855, RMR, CRR, CRC

**EXHIBIT 124**

In the USDC, CA Northern District Court Matter of

# COLOMBO
## VS.
## PALO ALTO UNIFIED SCHOOL DISTRICT

Case No.
**5:24-CV-00909-NC**

---

Deposition of
## NICOLE MILLER

Taken on
**SEPTEMBER 16, 2025**

---

Reported By:
**CHRISTINA BUSTAMANTE,
CSR NO. 5529**

Reporters
Videographers
Interpreters

San Diego
(619) 233-0022

Los Angeles
(323) 930-9940

Inland Empire
(909) 885-5090

Orange County
(714) 544-1996

Corporate Office - 1922 North Broadway
Santa Ana, California 92703 | (888) 740-1100



BARRETT
REPORTERS • VIDEOGRAPHERS • INTERPRETERS
REPORTING
(888) 740-1100
www.barrettreporting.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

```
PETER COLOMBO,                      )
                                    )
            Plaintiff,              )
                                    )
      vs.                           ) Case No.
                                    ) 5:24-cv-00909-NC
                                    )
PALO ALTO UNIFIED SCHOOL DISTRICT,)
DON AUSTIN, Individually and as     )
Superintendent for PAUSD,           )
LISA HICKEY, Individually and as    )
Director of Certificated Human      )
Resources for PAUSD, AMANDA BARK,  )
Individually and as Manager,        )
Policy and Legal Compliance for     )
PAUSD, and TRENT BAHADURSINGH,      )
individually and as Chief of        )
Staff for PAUSD,                    )
                                    )
            Defendants.             )
_____)
```

Deposition of NICOLE MILLER,
taken on behalf of Plaintiff,
Peter Colombo, at 20 Pacifica,
Suite 1100, Irvine, California,
commencing at 10:06 a.m., Tuesday,
September 16, 2025, before CHRISTINA
BUSTAMANTE, a Certified Shorthand
Reporter, No. 5529, pursuant to Notice.

-o0o-

2

10:21    1          I'm not certain -- I can't recall whether or

2    not -- it would say in my report.  In my report there are

3    the documents that I reviewed in preparation for my

4    investigative report.  So whatever is in there is what I

10:21    5    reviewed.

23          Q    (BY MR. NELSON:)  Okay.  Have you -- when you

24    typically do investigations for school districts, I know

10:22    25    you've done a lot of them --

21

COLOMBO v. PALO ALTO USD          NICOLE MILLER          SEPTEMBER 16, 2025

10:37  1              You obviously can provide an estimate, and that's
       2     what I'm entitled to, so --
       3          A    Sure.
       4          Q    -- if it's 15 to 20, 200 to 300, whatever makes
10:37  5     sense for your estimate?
       6          A    Okay.  Well, my investigations involve education
       7     institutions.  So whether it be K through 12,
       8     department of education, community college districts,
       9     higher education, in my lifetime -- you're asking me in my
10:38 10     lifetime how many investigations I've done?
      11          Q    I'm going to exclude those you conducted as a
      12     Sheriff.
      13          A    Okay.  So that would be 20 years times about 250
      14     per year.  That would be -- I don't know the math on that.
10:38 15          Q    4,000?
      16          A    Sure.  That sounds correct.



             he has engaged our firm to do work before in the past.

                                                                      34

10:42  1        Q    When I first looked at your website a couple of

2    years ago, it only listed you, and now it lists several

3    other investigators.

4              Did you recently increase the number of

10:42  5    investigators, or you just increased the presence on the

6    website?

7        A    I'm confused.  I don't recall any -- having a

8    website where it just introduced myself.

9        Q    Okay.  So how many investigators --

10:43 10        A    Wait.  I'm concerned.

11             Can you show me that?  Because I've never had a

12    website that only introduces myself.

13        Q    Okay.  So how many investigators have been at

14    Nicole Miller & Associates starting in say 2021, post

10:43 15    COVID?

16        A    Okay.  Approximately ten.

17        Q    And how many do you currently have?

18        A    Approximately ten.  I think nine right now

19    currently.  I just hired somebody last night.

10:43 20        Q    And that number has remained pretty consistent

21    for the last five or ten years?

22        A    Yes.

"Investigating Employee and Student Related Complaints"?

38

10:44



Were you conducting the investigation for

39

**COLOMBO v. PALO ALTO USD**     **NICOLE MILLER**     **SEPTEMBER 16, 2025**



16      Q    So what policies and procedures were you

17   following then to conduct this investigation since it was

18   not Title IX, it was not Uniform Complaint Procedure.  It

19   was outside of the board policies.

10:46   20      A    Sure.

21           And my understanding is it's extremely common

22   when there is a criminal allegation against an employee of

23   a school district for law enforcement to conduct their

24   investigation; however, the district needs to conduct an

10:46   25   administrative investigation because often times crimes

40

10:51    1              Do you agree with that?

2        A    Yes, I agree with that.

3        Q    And if you were following the Title IX or

4    Uniform Complaint Procedures, those have set timelines --

10:52    5        A    Oh, yes.

6        Q    -- in the board policies --

7        A    Well aware of timelines, yes.

8        Q    Okay.  Was there a timeline established for this

9    investigation?

10:52   10        A    I don't recall.

17              So, yes, I officially started -- that's when I

18    started reaching out to the alleged victim's attorney

19    because, obviously, you want to start your investigation

10:52   20    with a statement from the alleged victim or the

21    complainant, and in this case I reached out several times,

22    and without response.

23        Q    So the only statement that you had access to from

24    the witness was her sworn testimony at the preliminary

10:53   25    hearing and potentially those three statements she gave to

46

COLOMBO v. PALO ALTO USD        NICOLE MILLER        SEPTEMBER 16, 2025

10:55    1        THE WITNESS:  Yes.  Sorry, Tina.

         2        MR. NELSON:  You can just throw something at me.

         3        THE COURT REPORTER:  I can't.  My hands are busy.

         21       Q    The next thing in the Investigating the Student

         22   Complaints publication, it says that "The investigator

         23   should put together an investigation plan listing the

         24   policies and procedures governing the process, the law or

10:57    25   policy potentially violated, possible witnesses, relevant

                                                              49

11:06  1      Q    (BY MR. NELSON:)  From your perspective as the

2      investigator?

3      A    From my perspective as the investigator, is there

4      any reason why a court reporter would not be present in

11:06  5      the meeting with myself and Mr. Colombo?

6      Q    Would not be allowed at the request of the

7      interviewee to take down what is being said and done in

8      the interview?

9      A    I can't think of a reason, but, I, again, am not

11:06 10      Mr. Willis, and I've never been in a meeting with a

11      respondent where there is a court reporter in my nearly

12      two decades of investigations; so it would be very

13      uncommon.

14      Q    This case was very uncommon, wasn't it?

11:06 15      A    No, not at all.  We do cases like this all the

16      time.



Q    -- determination?



60



24      Q      "The investigator should ensure a fair, thorough,

11:09  25   and legally defensible investigation."

61

**11:25** 1      THE WITNESS:  I don't recall.



13      Q    Okay.

14      MR. LOWRY:  We've been going like an hour and a half.

**11:25** 15          Can we take a break?

16      MR. NELSON:  I asked the witness if she wanted a

17  break.  That was --

18      MR. LOWRY:  Yeah.

19      THE WITNESS:  Yes, please.

**11:25** 20      MR. LOWRY:  I need a break.

21      MR. NELSON:  Okay.

22      THE VIDEOGRAPHER:  Were going off of the record.

23          The time is 11:26.

24  /////

25  /////

77

11:38  1    hope to schedule a time to meet with you virtually or
       2    telephonically to assist me with my administrative
       3    investigation," correct?
       4         A    That's correct.
11:38  5         Q    Okay.  Have you ever conducted an investigation
       6    in anticipation of litigation?
       7         MR. LOWRY:  Objection.
       8              Calls for a legal conclusion and speculation.
       9         THE WITNESS:  Yes.
11:38 10         Q    (BY MR. NELSON:)  Was this in your mind an
      11    investigation in anticipation of litigation, or was this
      12    an administrative investigation?
      13         A    Administrative investigation.  Definitely not in
      14    anticipation of litigation.



Mr. Willis?

                                                             80

11:43   1           Do you see that?

        2      A    I see that.

        3      Q    And do you know what made Detective Clausen a

        4    great partner with the District?

11:43   5      A    I do not.

        6      Q    I'm providing you a copy of Exhibit 109.

        7

        8                    (Exhibit 109 was marked

        9                     for identification.)

        10

        11    THE WITNESS:  Should I pass this along?

        12      Q    (BY MR. NELSON:)  Yeah, that would be great.

        13    Thanks.

        14

        claim."

COLOMBO v. PALO ALTO USD          NICOLE MILLER          SEPTEMBER 16, 2025



11:44    1

         2

         3

         4

         5

         6

         7

         8    Q    Okay.  And you notice where --

         9    A    It's a summary.

11:44   10    Q    And you'll notice where previously the paid leave

        11   letter was cc'd to Mr. Colombo's personnel file.

        12         You see where this one is not cc'd to

        13   Mr. Colombo's personnel file?

        14    A    I see that.

11:44   15    Q    Okay.  Do you know why?

        16    A    I do not know why.

        17    Q    Okay.  Did you ever speak to Mr. Espiritu?

        18    A    No, I don't recall.  I don't recall.

        19    Q    Did you give him a copy of your investigation

11:45   20   report?

        21    A    No.

        22    Q    Do you know where he got this information --

        23    A    No.

        24    Q    -- about your findings?

11:45   25    A    No.

                                                                    86

12:06   1        A    Yes.

2        Q    The entirety of your investigation --

3        A    Yes.

4        Q    -- report is not being produced to anyone other

12:06   5   than Mr. Willis?

6        A    That is correct.

7        Q    And the entirety of your investigation findings

8   is not being produced to anyone other than to Mr. Willis?

9        A    That is correct.

12:07  25        Q    And on the last page, page nine of that exhibit,

102

12:15  1            Do you see that?

2       A    I see that.

3       Q    Do you know who Eve Fichtner is?

4       A    I do not.

12:15  5       Q    Do you know that she's another partner at this

6    firm, the AALRR firm?

7       A    I do not know that.  I have never heard of her

8    before.

9       Q    Do you see where it says that -- I asked her

12:16 10   "Does she work for a particular firm or company?"

11           "A    She works for the firm called AALRR."

12           Do you see that?

13      A    Yes.

14      Q    And I asked her some questions about whether

12:16 15   there was a Notice of Investigation.  You saw that in

16   there as you were flipping through?

17      A    Uh-huh, yes, I did.

MR. NELSON:   Handing to the witness what has been

109



12:17

outside investigator so I would appreciate if you could

110



12:17

Q    "The District is currently investigating this

111



12:18

12:19

12:19

his concurrent reporting of the anonymous email to the

112



12:19

According to our records this was the last communication



"Dear Pete.  Until the investigation is complete, you will

114

COLOMBO v. PALO ALTO USD        NICOLE MILLER        SEPTEMBER 16, 2025



12:21

11      Q    Does that meet the standards of transparency?

12      MR. LOWRY:  Objection --

13      THE WITNESS:  It --

14      MR. LOWRY:  Objection.

12:22  15      Calls for speculation, argumentative, incomplete

16  hypothetical.

17      THE WITNESS:  I'm not sure what the question is or how

18  it relates to something that I would be aware of in my

19  investigation.

12:22  20      I'm happy to answer something, if I can.  I just

21  don't understand --

22      Q    (BY MR. NELSON:)  That's fine.

23      A    -- the question.

24      Q    If you can't answer it, you can't answer it.

12:22  25      A    No, no.

115

COLOMBO v. PALO ALTO USD          NICOLE MILLER          SEPTEMBER 16, 2025

12:25   1    to participate in the District taking any additional

        2    action it deems necessary, correct?

        3        MR. LOWRY:  Objection.

        4        Calls for speculation, incomplete hypothetical,

12:25   5    compound.

        6        THE WITNESS:  When I look down further, the second

        7    paragraph, it's saying he's willing to participate.  It

        8    doesn't say anything about the wife participating but yes.

        9        Q    (BY MR. NELSON:)  It says "At this time my wife

12:26  10    and I are fine."

       11        A    Well, fine with the District taking any

       12    additional action, yes.  I see that.

       13        Q    Including an investigation presumably, correct?

       14        A    Yes.

12:26  15        MR. LOWRY:  Objection.

       16        Calls for speculation.

       17        THE WITNESS:  Is this one ready to be passed off?

       18        Q    (BY MR. NELSON:)  Yes.



         A    I do recall that distinctly.

119

COLOMBO v. PALO ALTO USD          NICOLE MILLER          SEPTEMBER 16, 2025

12:27  1        Q      Yes.

2              And do you have any information how she could

3       have possibly identified Mr. Colombo as the attacker if

4       she did not see or hear her attacker?

12:27  5        MR. LOWRY:  Objection.

6              Overbroad, calls for speculation.

7              You can answer.

8        THE WITNESS:  I just recall her saying that --

9       something about his body shape or something to that

12:27 10      effect, and it couldn't have been the other smaller in

11      stature teacher; so that's kind of all I can recall.

        Q      They had every opportunity during the preliminary

120

COLOMBO v. PALO ALTO USD          NICOLE MILLER          SEPTEMBER 16, 2025

9      Q    And, in fact, it was asked during the preliminary

12:28  10  hearing of the police detective, "Did she ever raise this

11  concept of identifying the attacker by their hands to any

12  of the fresh witness friends and family members, to you,

13  Detective Clausen, in the three statements you had with

14  her?  At any point prior to the preliminary hearing, did

12:29  15  she ever say that she could identify the attacker by his

16  hands?"

17         Do you remember that?

18      A    Not to my recollection.

A    Yes.



**12:31** 25    /////

122

12:31    1                    (Exhibit 123A was marked

         2                     for identification.)

         3



"Q     And Thomas is recounting that statement to

123



Mr. Giordano --

124

COLOMBO v. PALO ALTO USD          NICOLE MILLER          SEPTEMBER 16, 2025

6      Q    Okay.  Did you see in your review of the

7    materials where the accuser initially recounted the claim

8    it was not a rape, it was more of a molestation-type

9    situation that was conducted after running on a track?

12:34  10         Do you recall seeing that at all?

11    MR. LOWRY:  Objection.

12         Vague, calls for speculation.

13    THE WITNESS:  I don't recall that at all.

14      Q    (BY MR. NELSON:)  Do you recall that there is

12:34  15    several witnesses, female P.E. teachers who were in charge

16    of the girls locker room during 2001/2002 who say "We

17    believe that claim is false.  Given the procedures that we

18    employed in the locker room, it is not plausible that that

19    happened the way she described it"?  Do you remember that?

12:34  20      A    I do.

21      Q    Okay.  Do you also remember that the accuser

22    testified at the preliminary hearing that she didn't

23    recall whether there was actual penetration?

24      A    I don't recall.

     Q    Do you recall that there were no physical

125

COLOMBO v. PALO ALTO USD          NICOLE MILLER          SEPTEMBER 16, 2025



9    Q    And when you interviewed Mr. Colombo, you

12:35  10  mentioned that in the cases that you've seen where there

11   is kind of a teacher on student inappropriate sexual

12   contact, 100 percent of the time it was something that

13   involved grooming, something more like what Mr. Giordano

14   did, not a forcible rape, middle of the day where lots of

12:35  15  witnesses might be present?

16        Do you remember that?

17    MR. LOWRY:  Objection that it's compound, lacks

18   foundation, and calls for speculation.

19        You can answer.

12:36  20   THE WITNESS:  What part of the question am I

21   answering?

22    Q    (BY MR. NELSON:)  All of it.  If there is a

23   portion that you don't recall, then just let me know what

24   you don't recall or what portion you do recall.

12:36  25   THE WITNESS:  Can you please repeat the question,

126

12:38   1          THE WITNESS:  I don't know what Mr. Giordano did.

        2              Does that make sense?

        3              So when you say "Like what Mr. Giordano did," I

        4      don't know any of the details surrounding Mr. Giordano's

12:39   5      charges or convictions.

        6          Q     (BY MR. NELSON:)  So let's have you assume that

        7      Mr. Giordano was convicted of grooming activities of

        8      molestation of using a secret room at the Jordan campus

        9      and luring these underage girls in and taking advantage of

12:39  10      them.

       11              Is that the type of situation you're more

       12      familiar with as an investigator in these situations?

       13          A     Yes.

       14      MR. LOWRY:  Objection.

12:39  15              Calls for speculation, incomplete hypothetical.



12:40  25      MR. LOWRY:  Objection.

                                                                      129

12:52  1        MR. LOWRY:  Objection.

2             It's argumentative.

3        THE COURT REPORTER:  Did you answer?

4        THE WITNESS:  No.

12:52  5        THE COURT REPORTER:  Thank you.

6        Q    (BY MR. NELSON:)  Were you provided information

7   regarding what Mr. Colombo's actual work assignments were

8   for 2001/2002?

9        A    I do recall that -- not specifically, but I know

12:53 10   that during my interview with him he shared his specific

11   assignments and work duties.

12        Q    What I'm asking you is prior to the interview of

13   my client, did the District provide you the documentation

14   and information relating to what Mr. Colombo's actual work

12:53 15   assignments for 2001 and 2002 were?

16        A    Specifically or that he worked at the school in

17   question?

18             Does that make sense?

19             Like I didn't know --



12:53 25   /////

139



Q       I guess we don't have it.

140



taught two 6th grade classes at Terman that year, and

141

COLOMBO v. PALO ALTO USD          NICOLE MILLER          SEPTEMBER 16, 2025



24          MR. LOWRY:  Objection.

12:56  25              Compound.

142



MR. NELSON:    Going on to Exhibit 43.

143



Q    Were you given this information at any time?

144



24    Q    And nobody asked Mr. Colombo that specific

12:59 25    question, what periods he taught, correct, that you've

145

1    STATE OF CALIFORNIA          )

                                  )  ss.

2    COUNTY OF SAN BERNARDINO     )

3              I, CHRISTINA BUSTAMANTE, a Certified Shorthand

4    Reporter No. 5529 in the State of California, do hereby

5    certify:

6              That the foregoing proceedings were taken before

7    me at the time and place herein set forth; that any

8    witnesses in the foregoing proceedings, prior to

9    testifying, were placed under oath; that a verbatim record

10   of the proceedings was made by me using machine shorthand

11   which was thereafter transcribed under my direction;

12   further, that the foregoing is an accurate transcription

13   thereof.

14             I further certify that I am neither financially

15   interested in the action nor a relative or employee of any

16   attorney of any of the parties.

17             Further, that if the foregoing perains to the

18   original transcript of a deposition in a Federal Case,

19   before completion of the proceedings, review of the

20   transcript was requested.

21             IN WITNESS WHEREOF, I have hereunto subscribed my

22   name this September 19, 2025.

23

     _____

24                    CHRISTINA BUSTAMANTE

25                    CSR No. 5529

**EXHIBIT 125**

## Re: Summer School

Peter Colombo <pcolombo@pausd.org>
Tue 4/26/2022 9 36 AM
To:Lisa Hickey <lhickey@pausd.org>

Thanks Lisa and have a great day!


Pete Colombo

---

**To:** Peter Colombo <pcolombo@pausd.org>
**Subject:** Re: Summer School

Dear Pete,

so I do not anticipate you will be able to teach summer school.

I can share this information with Rebecca and Laurel for you.

Let me know if you have other questions.

Sincerely,
Lisa Hickey


---

**From:** Peter Colombo <pcolombo@pausd.org>
**Date:** Tuesday, April 26, 2022 at 6:40 AM
**To:** Lisa Hickey <lhickey@pausd.org>
**Subject:** Summer School

Good Morning Lisa,

   I hope this email finds you doing well during this busy time for HR.

   Question for you: Will I be able to teach summer school again this year, I was hired and signed a contract thinking my situation would be handled by June.

   If not, do you want to handle telling Rebecca and Laurel or would you like me to send them an email.

   Thanks for all your help and have a great day!

Pete Colombo

EXHIBIT 125 - 001

PAUSD003013

## Re: 2001/2002 school year assignment

Peter Colombo <pcolombo@pausd.org>
Sat 6/11/2022 10 14 AM
To:Lisa Hickey <lhickey@pausd.org>

Thank you so much!


Pete Colombo

---

**From:** Lisa Hickey <lhickey@pausd.org>
**Sent:** Saturday, June 11, 2022 3:57 AM
**To:** Peter Colombo <pcolombo@pausd.org>
**Subject:** Re: 2001/2002 school year assignment

Dear Pete,

I think I found what you need. This was from the 01/02 school year. It shows 70% at Jordan and 30% at Terman.

Sincerely,
Lisa Hickey

---

**From:** Peter Colombo <pcolombo@pausd.org>
**Date:** Friday, June 10, 2022 at 8:35 AM
**To:** Lisa Hickey <lhickey@pausd.org>
**Subject:** Re: 2001/2002 school year assignment

Thanks so so much, this is vital to my situation

Thanks again Lisa!


Pete Colombo

---

**From:** Lisa Hickey <lhickey@pausd.org>
**Sent:** Friday, June 10, 2022 4:10 AM
**To:** Peter Colombo <pcolombo@pausd.org>
**Subject:** Re: 2001/2002 school year assignment

Dear Pete,

Let me look into this. Our current system we use began in 2010 so records prior to that date are harder to find. I will see if I can get that for you.

Sincerely,
Lisa Hickey

EXHIBIT 125 - 002

**PAUSD003014**

**From:** Peter Colombo <pcolombo@pausd.org>

**To:** Lisa Hickey <lhickey@pausd.org>
**Subject:** 2001/2002 school year assignment

Hi Lisa,

I have a H.R. request.



This HR request would be be very helpful and thanks for your help.

Pete C

Pete Colombo

EXHIBIT 125 - 003

PAUSD003015

**EXHIBIT 126**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


PETER COLOMBO,

     Plaintiff,

    vs.          Case No. 5:24-CV-00909-NC

PALO ALTO UNIFIED SCHOOL
DISTRICT, et al.,

     Defendant.

_____


DEPOSITION OF KOMATHY VISHAKAN

June 5, 2025

1:27 p.m.


201 Mission Street, Suite 600

San Francisco, California


Reported by:  QUYEN N. DO, CSR No. 12447


U.S. Legal Support

(877) 479-2484
www.uslegalsupport.com
FILE NO. 6893045-001

Komathy Vishakan
June 05, 2025

1        MR. LOWRY:  Feel free to make a document

2  request, Counsel.

3        MR. NELSON:  I already have made a document

4  request, which is why we have what we have.  I'm asking

5  you to supplement your response since those are missing.

6        MR. LOWRY:  Well, all right.  We don't even

7  know if anything exists, but if you want to put

8  something in writing to me after the deposition, we can

9  certainly look for it.

10  BY MR. NELSON:

11      Q   So what question do you think you were

12  responding to with your February 17, 2022, e-mail to

13  Ms. Cador?  Do you know what question you were

14  responding to?

15      A   My recollection is that they were asking for

16  an update, but I -- I -- I don't see it here in the

17  document.  So, all I have is this.  So I don't know.

18  But my recollection is, union attorney reaching out

19  asking, hey, what's happening?

Komathy Vishakan
June 05, 2025



23  It's -- there's too many names in there.

24      Q    Anderson [sic], Andelson, Romo, & Ruud,

25  R-u-u-d, are the last two.

Komathy Vishakan
June 05, 2025



17  BY MR. NELSON:

18      Q   Would you agree that as of the -- the date of

19  this article, the date that you were terminated, the

20  board was aware of how you had handled Mr. Colombo's

21  situation?

22          MR. LOWRY:  Objection.  To the extent it calls

23  for attorney-client communications, I'll -- I'll

24  instruct you not to answer.

25          THE WITNESS:  I don't know what the board

**EXHIBIT 127**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION


PETER COLOMBO,

    Plaintiff,

**CERTIFIED TRANSCRIPT**

    vs.        CASE NO.:5:

        24-CV-00909-NC

PALO ALTO UNIFIED SCHOOL
DISTRICT, et al.,


    Defendants.
_____/
      CONFIDENTIAL

VIDEOTAPED DEPOSITION OF LISA HICKEY

THE COURT REPORTER:  That pursuant to Notice

of Taking Deposition, and on Monday, the 16th day of

June 2025, commencing at the hour of 10:02 a.m. of said

day, before me, LINDA STITES KIRBY, C.S.R., License

Number CSR-5258, a Certified Shorthand Reporter,

personally appeared LISA HICKEY, called as a witness

herein at the offices of Talty Court Reporters, Inc.,

The Alameda, Suite D, San Jose, California, and

being by me first duly affirmed, was examined as a

witness in said cause.

_____

1          MR. LOWRY:  Objection that it calls for

2    speculation.

3          THE WITNESS:  I believe so, yes.

4    BY MR. NELSON:

5       Q   And how many times?

6       A   Once, twice.

7       Q   And do you recall who those were?

8          MR. LOWRY:  I'm going to instruct her not to

9    answer on confidentiality.

10   BY MR. NELSON:

11      Q   Approximately when were those other one to two

12   times?

13      A   I don't specifically know the dates.  It would

14   have been during my time in that role.

15      Q

16

17

18

19

20

21

22

23

24

25

1    false Snap DM claim, then in the Fall of 2021, he had

2    the formal action about the use of these slang terms,

3    and then January 28th of 2022, all of a sudden, comes

4    out of the blue this claim somebody saying that 20 years

5    prior, she was raped as a 6th-grade student in the girls

6    locker room during lunch at Jordan Middle School,

7    correct?

8             MR. LOWRY:  Objection that it calls for

9    speculation, it lacks foundation.  She already testified

10   she didn't -- she never even heard of some of these

11   instances you're talking about and the question is so

12   long as to be unintelligible and confusing.

13            THE WITNESS:  I will say that I would not know

14   of any other formal complaints when I was not the

15   Director of Human Resources.  So you're talking about 25

16   years, I was in this position starting in 2019.  I would

17   not be aware of anything prior to that.

18   BY MR. NELSON:

19       Q   You wouldn't look in his employment file?

20       A   Typically not.

21       Q   Exhibi

22

23

24

25

1    conversation.

2    BY MR. NELSON:

3        Q    How would you react if, out of the blue, some

4    man claimed that you sexually assaulted him 20 years

5    prior when they were a 6th-grader at Jordan Middle

6    School?

7        MR. LOWRY:  Objection, it's harassing, it's

8    argumentative, it's an incomplete hypothetical.

9        THE WITNESS:  I'm sure I would be upset.

10   BY MR. NELSON:

11       Q    Do you think you would have been treated

12   better than Mr. Colombo was treated if the roles had

13   been reversed and you were being the one accused of a

14   sexual assault 20 years ago?

15       MR. LOWRY:  Objection, it's harassing, it's

16   argumentative, lacks foundation, calls for speculation,

17   it's an incomplete hypothetical.

18       THE WITNESS:  I can't answer that.

19   BY MR. NELSON:

20       Q    You wouldn't have demanded a Title IX

21   investigation?

22       MR. LOWRY:  Same objections.

23       THE WITNESS:  I don't know.

24   BY MR. NELSON:

25       Q    ████████████████████████████████████████

DEPONENT: LISA HICKEY (CONFIDENTIAL)                        June 16, 2025
COLOMBO vs PALO ALTO UNIFIED SCHOOL DISTRICT, et al.



14    Q    And, in fact, the District never did that

15    investigation, did they?

16        MR. LOWRY:  Objection, it's argumentative and

17    it lacks foundation.

18        THE WITNESS:  Again, I was not part of the

19    investigation, nor was I told about any -- what was

20    happening.

21    BY MR. NELSON:

22    Q    Did Mr. Bahadursingh tell you you're not going

23    to be involved with this, we're sending it to an outside

24    investigator?

25    A    He did tell me that I was not going to be the

1    least show site, Full Time Equivalent, pay, et cetera.

2    Alternatively, Tom should have access to the system that

3    came before Analytic, which was also developed by

4    Richard Wilmuth.  He might be able to generate an

5    assignment notice."  Did I read that correctly?

6        A   Yes.

7        Q    Did you follow up with either Richard Wilmuth

8    or Thomas Kelly at that point in time?

9        A    Thomas Kelly, not Richard Wilmuth.  He's the

10   one who developed the software for Analytic.

11       Q    Okay.  And when did you follow up with Thomas

12   Kelly?  Do you remember?

13       A    I don't know, but I think that I -- there was

14   another email where I did respond to Mr. Colombo

15   regarding it and I did my best to respond to his emails

16   in a timely fashion, so you probably have that

17   information.  I don't know, specifically, when I

18   followed up with him, but I do know that I did respond

19   with an email because I had found the information that

20   was requested, not, specifically, to the grade level

21   classes, but to the percentage assignment split between

22   Terman and Jordan.

23       Q   ████████████████████████████████████

24   ██████████████████████████████████████████

25   ██████████████████████████████████████████



8    BY MR. NELSON:

9        Q    Well, doesn't he say right there 6th grade?

10            MR. LOWRY:  Objection, misstates the document.

11            THE WITNESS:  He states that.  As I -- the

12    document that I was able to research and determine his

13    assignment did not state the grade levels.  It stated

14    the percentage split between the two schools.

15    BY MR. NELSON:

16        Q    Did you have any information contrary to this

17    suggesting that Terman had anything other than 6th grade

18    classes in 2001-2002?

19        A    No.

20        Q    And we, actually, heard from Ms. Ahern this

21    morning that that indeed was the case, Terman was just

22    starting back up in 2001-2002 and they only had 6th

23    grade students.  You heard that this morning, correct?

24        A    I did and that was the first time I had,

25    actually, heard that it was a 6th grade only when it

1    reopened or that it was, actually, next door in a

2    different location.  Now that I'm seeing this and

3    understanding next door at Jordan, it makes sense to me,

4    but I had only known Terman, or Fletcher, on the

5    Arastravero location when I joined in 2012, so that was

6    new information for me.

7        Q    Did you do anything to try to corroborate or

8    disprove the statement by Mr. Colombo that he was

9    teaching 6th grade at Terman in 2001-2002?

10       A    I did not.

11       Q    Would it surprise you that you could go on the

12   Internet and Google it and in a couple minutes, you'd

13   find articles talking about Terman reopening in

14   2001-2002 and that it only had 6th grade students?

15   Would that surprise you?

16       A    No.

17       Q    But you didn't make that attempt, correct?

18          MR. LOWRY:  Objection it's argumentative.

19          THE WITNESS:  I'm not sure why I would go

20   Google that.

21   BY MR. NELSON:

22       Q    To confirm that Mr. Colombo was, actually,

23   teaching 6th grade at a different school, at Terman.

24   Don't you think that was important given the nature of

25   the claim against Mr. Colombo, that he had, supposedly,

1    raped a 6th grade PE student that he was the teacher for

2    that student at Jordan, but he was teaching 6th grade at

3    a different school?  You didn't feel like that was

4    relevant?

5        A    Again, I was not involved in the

6    investigation.  I'm not sure how many times I need to

7    explain that to you.  So I -- my attempt was to answer

8    Mr. Colombo's question.

9            You asked me several times if I have ever been

10   asked to find out information.  I have stated I have

11   not.



DEPONENT: LISA HICKEY (CONFIDENTIAL)
COLOMBO vs PALO ALTO UNIFIED SCHOOL DISTRICT, et al.          June 16, 2025





8    BY MR. NELSON:

9        Q    So if a smoking gun or the reverse of a

10   smoking gun landed in your lap that you knew exonerated

11   Mr. Colombo, you didn't feel like you had any obligation

12   to make sure that people at the District and at the

13   police department were provided that information while

14   they were investigating the charge against Mr. Colombo.

15        MR. LOWRY:  Objection, it lacks foundation,

16   it's argumentative, it's irrelevant.

17        THE WITNESS:  I don't -- I don't know what

18   happened in this case.  I wasn't -- this happened in

19   2000, around that.  You are stating that simply a grade

20   level -- the grade level he taught exonerates him.  I

21   don't know that information.

22   BY MR. NELSON:

23        Q    And that wasn't your determination to make,

24   right?  You weren't charged with making a determination

25   whether this exculpated, not exonerated, but exculpated,

1    by, 'everything,' I mean absolutely everything," you

2    said, oh, except for the information about Mr. Colombo

3    teaching 6th grade PE at Terman and Cindi Ahern's

4    involvement as a direct eyewitness.

5         MR. LOWRY:  Objection, it misstates testimony

6    and it's argumentative.  It also lacks foundation.

7         THE WITNESS:  I took that email to state that

8    he wanted to see the employee files that I had, of which

9    I complied with his request, pulled the employee files,

10   and handed them to Mr. Austin to review -- Dr. Austin to

11   review.

12        MR. NELSON:  Now is probably a good time to

13   break for lunch.

14        THE VIDEOGRAPHER:  We are going off the

15   record.  The time is 12:33 p.m.

16             (Luncheon recess taken.)

17        THE VIDEOGRAPHER:  We are now back on the

18   record.  The time is 1:23 p.m.

19   BY MR. NELSON:

20     Q    Good afternoon.  You understand that we're

21   resuming the deposition, you're still under oath,

22   correct?

23     A    Yes.

24     Q ████████████████████████████████████████

25   ███████████████████████████████████

DEPONENT: LISA HICKEY (CONFIDENTIAL)
COLOMBO vs PALO ALTO UNIFIED SCHOOL DISTRICT, et al.                    June 16, 2025



DEPONENT: LISA HICKEY (CONFIDENTIAL)                    June 16, 2025
COLOMBO vs PALO ALTO UNIFIED SCHOOL DISTRICT, et al.





DEPONENT: LISA HICKEY (CONFIDENTIAL)                                          June 16, 2025
COLOMBO vs PALO ALTO UNIFIED SCHOOL DISTRICT, et al.







DEPONENT: LISA HICKEY (CONFIDENTIAL)                    June 16, 2025
COLOMBO vs PALO ALTO UNIFIED SCHOOL DISTRICT, et al.



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24    he legal office
25    may have had a copy of that file as well.  It was when

1    the General Counsel office has asked me for a personnel

2    file, they, typically, would borrow the file, make a

3    copy of it and provide the file back to me, so they may

4    have had a copy.

5            And when you -- when you say, "your office,"

6    do you mean my personal office or do you mean the Human

7    Resources office?

8        Q    I meant your personal office.

9        A    So I do want to be clear that I did not keep

10   employee personnel files in my office, they are in file

11   cabinets, but there are internal files that I did not

12   create, but kind of existed in a file cabinet that once

13   I went into that office were still there.

14       Q    So when you responded to Mr. Austin on

15   Father's Day 2022 and said, Mr. -- I'll make sure Mr.

16   Colombo's employment file and the other file that has

17   been in my office are in your -- on your chair Monday

18   morning, at some point, those files had been in your

19   office, correct?

20       A    Yeah.  I don't -- I don't think that the

21   personnel file, I would not have left it in my office,

22   it was not protocol to do that, but it would have been

23   three steps over to go to the file cabinet, grab it from

24   the HR office and take that file, both files.

25       Q    At some point just prior to that email, the

1    personnel file, and, at least, the other file, had been

2    in your office.

3        A    Correct.  The internal files were kept in the

4    HR, before me, Assistant Superintendent's office, then

5    director's office in a locked file cabinet in that

6    office.

7        Q    And if Mr. Austin -- if Dr. Austin wanted to

8    -- sorry.  We had an off-the-record conversation.  I

9    keep forgetting to say Dr. Austin.

10        If Dr. Austin had wanted to get the complete

11   file of all of the evidence that had been gathered, who

12   should he have talked to for that?

13        A    I'm not sure because I wasn't involved in the

14   investigation, so all I could provide was the employee

15   files that I had.

16        Q    ███████████████████████████████████████████

17   ████████████████████████████████████████████

18   ██████████████████████

19        Q    Handing you a copy of Exhibit 43.  So when the

20   newspaper, Bill Johnson from Embarcadero Media, was

21   following up on a media request for Mr. Colombo's work

22   assignments, a series of emails occurred and, again, I

23   think it's reverse chronological order.

24        A    Uh-huh.

25        Q    If you look at the top of page 2 -- sorry.

1    California.  Do these accurately reflect your salary and

2    benefits from 2017 to 2023?

3        A    Yes, it looks like it does.

4        Q    While you were still at Palo Alto School

5    District, at any point in time, did you ever try to

6    ensure that the proper processes with regard to Mr.

7    Colombo were taking place or were you just became

8    hands-off?

9        MR. LOWRY:  Well, objection that it's

10   argumentative and it lacks foundation and it's also

11   overbroad.

12       THE WITNESS:  I was hands-off when it came to

13   the investigation.  In terms of the other, you know,

14   putting Notices of Paid Leave and Unpaid Leave, you

15   know, I am an ethical person, I tried to, you know,

16   follow what I needed to compliance-wise and with the

17   law, and, also, seeking, you know, advice from the

18   District's counsel as needed.

19   BY MR. NELSON:

20       Q

21

22

23

24

25



6      MR. NELSON:  And I hate to do this since we

7   were just on a break, but I'm going to take another

8   quick break because I think I'm, basically, done.  I

9   just want to look through my notes.

10      THE VIDEOGRAPHER:  We are going off the

11   record.  The time is 2:40 p.m.

12          (Recess taken.)

13      THE VIDEOGRAPHER:  We are now back on the

14   record.  The time is 2:42 p.m.

15      MR. NELSON:  So unless your counsel has any

16   redirect or other counsel has any questions, I think --

17          Unless your counsel has any redirect or

18   opposing counsel has any questions, I think we're done.

19      MR. LOWRY:  I just have one question.

20          EXAMINATION BY MR. LOWRY

21   Q    Ms. Hickey, earlier today, you were provided

22   with a declaration from Mr. Allendorf.  Do you recall

23   that?

24   A    Yes.

25   Q    Okay.  Are you aware of any evidence to

1    CERTIFICATE

2        I, LINDA STITES KIRBY, a Certified Shorthand

3    Reporter, CSR No. 5258, in and for the State of

4    California, duly appointed and licensed to administer

5    oaths and so forth, do hereby certify:

6        That the Witness in the foregoing deposition,

7    named LISA HICKEY, was by me duly sworn to tell the

8    truth, the whole truth, and nothing but the truth;

9        That the videotaped deposition was reported by

10   me, a Certified Shorthand Reporter and disinterested

11   person, and thereafter transcribed into typewritten form

12   under my direction;

13       That the Witness shall be given an opportunity

14   to read and, if necessary, correct said deposition and

15   to subscribe the same.

16       IN WITNESS WHEREOF, I have hereunto set my

17   hand this 26nd day of June 2025.

18

19

20   _____

21   LINDA STITES KIRBY, Certified

22   Shorthand Reporter in and for the

23   State of California, CSR No. 5258

24

25

**EXHIBIT 128**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION


PETER COLOMBO,

      Plaintiff,

**CERTIFIED TRANSCRIPT**


    vs.        CASE NO.:5:

          24-CV-00909-NC

PALO ALTO UNIFIED SCHOOL
DISTRICT, et al.,
      Defendants.
_____/


VIDEOTAPED DEPOSITION OF
CINDI DURCHSLAG AHERN


    BE IT REMEMBERED:  That pursuant to Notice of

Taking Deposition, and on Monday, the 16th day of June

2025, commencing at the hour of 8:00 a.m. of said day,

before me, LINDA STITES KIRBY, C.S.R., License Number

CSR-5258, a Certified Shorthand Reporter, personally

appeared CINDI DURCHSLAG AHERN, called as a witness

herein at the offices of Talty Court Reporters, Inc.,

2131 The Alameda, Suite D, San Jose, California, and

being by me first duly affirmed, was examined as a

witness in said cause.


_____

1    which is now Fletcher.

2        Q    So those two schools.

3        A    Those two schools only, yeah.





1    BY MR. NELSON:

2        Q



DEPONENT: CINDI DURCHSLAG AHERN
COLOMBO vs PALO ALTO UNIFIED SCHOOL DISTRICT, et al.

June 16, 2025







14    Q    Was there a common corridor between the girls

15    locker room and the boys locker room at Jordan/Greene

16    Middle School?

17    A    No, just the gym.  There's -- there's a locker

18    room on one side, a locker room on the other side, gym

19    in between the two locker rooms and then on the outside

20    of the gym and the locker rooms, there's like a main

21    hallway that kids walked for different, you know,

22    classes.

23    Q    How far away or how far apart were the doors

24    to the boys locker room from the door to the girls

25    locker room?

1      A    I don't know, the length of a gym plus a

2   little more.  So basketball court, probably standard

3   size, which I don't know what it is -- I should know --

4   plus, you know, an extra 10, 15 feet, you know, before

5   the wall, before the door.  So 40 meters is my guess.

6      Q    Is it a guess or is that an estimate?

7      A    Estimate.

8      Q    Okay.

9      A    Yeah, around.  I've never measured.

10     Q    And that's another thing we --

11     A    Yeah.

12     Q    -- usually go through at the beginning --

13     A    Yeah.

14     Q    -- is we don't want you to guess, but if you

15  have -- if you have an understanding so you can make an

16  estimate, an estimate is fine, but you said guess, so

17  that's why I followed up.

18     A    It's an estimate because a PACER test takes

19  about 20 meters, it's like from the end of the court to

20  the free throw line, plus there'd be another, like, 15,

21  20 meters remaining, so that's my estimate.

22

23

24

25

DEPONENT: CINDI DURCHSLAG AHERN

COLOMBO vs PALO ALTO UNIFIED SCHOOL DISTRICT, et al.

June 16, 2025



1    A 

2

3

4

5

6

7

8

9

10

11

12    Q    Did you know Mr. Colombo in 2001-2002?

13    A    Yes.

14    Q    In all the years that you've known Mr.

15    Colombo -- and you've observed him teaching PE,

16    correct --

17    A    Yes.

18    Q    -- did you ever see him act in an

19    inappropriate sexual manner towards any girl students?

20    A    No, never.

21    Q    Shifting gears a little bit, were you familiar

22    with an exception to taking PE for middle school

23    students if they were competitive athletes?

24    A    Yes.

25    Q    And that was called Contract PE?

DEPONENT: CINDI DURCHSLAG AHERN
COLOMBO vs PALO ALTO UNIFIED SCHOOL DISTRICT, et al.                    June 16, 2025

1    BY MR. NELSON:

2        Q    Well, you raise a good point.  We'd all like

3    to see that --

4        A    Yeah.

5        Q    -- but, apparently, it went missing.

6        A    Oh.

7        Q    

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25        MR. LOWRY:  Objection, argumentative.

1     MS. MITCHELL:  Join.



DEPONENT: CINDI DURCHSLAG AHERN
COLOMBO vs PALO ALTO UNIFIED SCHOOL DISTRICT, et al.
June 16, 2025



1    A

2

3    Q   I'll hand you another exhibit.  This has been

4  marked as Exhibit 59 and I'm going to represent to you

5  that this is a print-off from archived swimming records

6  for the student.  Do you see the swimming progression

7  chart in kind of the lower right-hand section of the

8  first page?

9    A   Uh-huh.  Yes.

10       MR. LOWRY:  Just objection to this entire

11  exhibit as it lacks foundation.

12       MR. NELSON:  It doesn't lack foundation.  I

13  just set the foundation and we will have somebody come

14  in who will talk about how these records are readily

15  pulled off the Internet.

16       MR. LOWRY:  You don't have to respond to all

17  my objections, Counsel.

18       MR. NELSON:  No, I know.

19       MR. LOWRY:  I'm just making them for the

20  record.

21       MR. NELSON:  Right, and I'm just making it

22  clear that this is not something that lacks foundation,

23  it's something that's readily discoverable by anybody

24  who wants to spend two minutes looking on the Internet

25  for it.

1    you had a specific teacher, does it?

2       A    No.

3       Q    And a yearbook photo doesn't tell you anything

4    about the person's grades.

5       A    Correct.

6       Q



DEPONENT: CINDI DURCHSLAG AHERN                                    June 16, 2025
COLOMBO vs PALO ALTO UNIFIED SCHOOL DISTRICT, et al.









DEPONENT: CINDI DURCHSLAG AHERN                                    June 16, 2025
COLOMBO vs PALO ALTO UNIFIED SCHOOL DISTRICT, et al.





1    But that 

2

3

4

5

6

7

8

9

10

11         MR. NELSON:  I think that's all the questions

12    I have.  Thank you.

13         THE WITNESS:  Uh-huh.  Thank you.

14         MR. NELSON:  Counsel?

15         MR. LOWRY:  Yeah, I have a few questions.

16         MR. NELSON:  I'll have you come over here so

17    she's looking in the camera.

18         MR. LOWRY:  Oh, yeah.  That makes sense.

19    Counsel, do you want your notes?

20         MR. NELSON:  Yes, such as they are.

21             EXAMINATION BY MR. LOWRY

22    Q    Good morning, Ms. Ahern.

23    A    Good morning.

24    Q    My name is Ethan Lowry.  I introduced myself

25    at the beginning.  I'm the attorney representing the

1    super-draining, so he would, once in a while, if he was

2    super-tired, he'd take a Tuesday or a Thursday off

3    because those were his long days on his feet the whole

4    time.

5        Q







19    Q    Regarding Mr. Colombo being assigned at Terman

20  for next year, are you aware of any other PE teacher

21  openings at other schools in the district for next year?

22    A    I just -- well, before the end of the school

23  year, Dave Franceschi noticed on EDJOIN that there was a

24  posting for Fletcher Middle School, but it was kind of a

25  weird posting because -- he showed it to me and then I

1      Q    Okay.  And you mentioned the schedule at

2    Terman, I think, back in '01-'02.  What was the -- what

3    was the -- your practice or your schedule -- I guess,

4    let me restate this question.

5      A    Okay.  Yeah.

6      Q

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25





20     A    No, I don't remember.  I know Giordano liked

21   8th grade.  Huh, I don't know why I remember this.

22   Yeah, I don't know.

23     Q    Okay.

24     A    I taught 8th grade, mostly, at Jordan when I

25   first started, but I don't remember the periods.

1  Q   Okay.  Did you have any discussions with Mr.

2  Colombo about this declaration?

3  A   No.  I probably was trying to figure out how

4  many years I had worked, but no.  I don't know what

5  discussion -- he just said, you know, to state some

6  stuff that I remember, or about him, so that's what I

7  did.

8  Q   Did he give you any specific directions about

9  what to include in this declaration?

10  A   Huh-uh, no.

11  Q   He asked you for this declaration; is that

12  correct?

13  A   He asked if I could write something about him,

14  yeah, and I did.  That's what I remember, yeah.

15  Q   Okay.  Do you remember any other conversations

16  you had with Mr. Colombo about this declaration?

17  A   No.

18  Q   Okay.  Do you know if there were any other

19  drafts of this declaration?

20  A   Not that I'm aware of.

21  Q

22

23

24

25

1    MR. N

15    Q    Okay.  And when you spoke with Mr. Nelson on

16    that occasion, was that by phone or in person?

17    A    It was by phone.

18    Q    Okay.

19    A    Yeah.

20    Q    And apart -- and have you just had the one

21    phone call with him?

22    A    No, he texted once, or I texted, I don't know,

23    about what to wear and just basic stuff like where it's

24    at.

25    Q    Okay.  Anything about the substance of your

DEPONENT: CINDI DURCHSLAG AHERN                              June 16, 2025
COLOMBO vs PALO ALTO UNIFIED SCHOOL DISTRICT, et al.

1    place during lunchtime?

2        A    Correct.

3        Q    What's the basis of your understanding that

4    the alleged assault occurred during lunchtime?

5        A    I think I read it in the paper.

6        Q    Okay.  Any other source of that?

7        A    Not that I'm aware of, no.

8        Q



1    A 

2

3

4

5

6

7

8

9    Q   Okay.  And so that year, the '01-'02 school

10   year --

11   A   Uh-huh.

12   Q    -- did the 6th-graders from Terman all go over

13   to Jordan/Greene for gym?

14   A   No.

15   Q   Okay.  So there was a separate gym that the

16   Terman 6th-graders used.

17   A   No, there was no separate gym.  We kind of

18   just played outside.  We did use the gym after school

19   for, like, volleyball and afterschool sports, but during

20   the day, we didn't go over.  7th grade, I think we went

21   over for swimming.  When I had 7th grade at Terman, we

22   swam for sure.  I don't know about 6th grade.  We did go

23   over and use the pool.

24   Q   Okay.  So the reason I'm asking is I just want

25   to be clear that all of this discussion we've had about

1    locker room, that needed to be reported to the police

2    and investigated by the District, correct?

3          MR. LOWRY:  Objection that it calls for

4    speculation.

5          THE WITNESS:  I would think it would be both.

6    BY MR. NELSON:

7        Q    Did you have Title IX training during your

8    time at --

9        A    Yes.

10           (Court Reporter clarification.)

11          THE WITNESS:  Yes, I think every year or

12    almost every year, for a long time.

13    BY MR. NELSON:

14        Q

15

16

17

18    //

19    //

20

21

22

23

24

25

1    Q 

2

3

4

5

6

7

8

9

10         MR. NELSON:  I think that's it.  Thank you for

11    your time.

12         MR. LOWRY:  I have nothing further.

13         THE WITNESS:  Okay.  Thank you.

14         THE VIDEOGRAPHER:  I'll read us off.  This

15    concludes today's video record of deposition of Cindi

16    Durchslag Ahern.  The original media of this deposition

17    will remain in the custody of Talty Court Reporters,

18    Inc., located in San Jose, California.  We are now going

19    off the record.  The time is 9:26 a.m.

20         THE COURT REPORTER:  And you both want a copy

21    of this transcript?

22         MR. NELSON:  Yes, please, and they did say to

23    sync it, right, sync it with the video?

24         THE COURT REPORTER:  You want a copy?

25         MR. LOWRY:  Yes, please, electronic only on

1                         CERTIFICATE

2               I, LINDA STITES KIRBY, a Certified Shorthand

3     Reporter, CSR No. 5258, in and for the State of

4     California, duly appointed and licensed to administer

5     oaths and so forth, do hereby certify:

6               That the Witness in the foregoing deposition,

7     named CINDI DURCHSLAG AHERN, was by me duly sworn to

8     tell the truth, the whole truth, and nothing but the

9     truth;

10              That the videotaped deposition was reported by

11    me, a Certified Shorthand Reporter and disinterested

12    person, and thereafter transcribed into typewritten form

13    under my direction;

14              That the Witness shall be given an opportunity

15    to read and, if necessary, correct said deposition and

16    to subscribe the same.

17              IN WITNESS WHEREOF, I have hereunto set my

18    hand this 26th day of June 2025.

19

20

21         _____

22         LINDA STITES KIRBY, Certified

23         Shorthand Reporter in and for the

24         State of California, CSR No. 5258

25

**EXHIBIT 129**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION


PETER COLOMBO,

        Plaintiff,

**CERTIFIED TRANSCRIPT**

    vs.

           CASE NO.: 5:24-CV-00909-NC


PALO ALTO UNIFIED SCHOOL

DISTRICT, et al.,

       Defendants.

_____/


VIDEOTAPED DEPOSITION OF
TRENT BAHADURSINGH


    BE IT REMEMBERED:  That pursuant to Notice of

Taking Deposition, and on Monday, the 25th day of August

2025, commencing at the hour of 10:01 a.m. of said day,

before me, LINDA STITES KIRBY, C.S.R., License Number

CSR-5258, a Certified Shorthand Reporter, personally

appeared TRENT BAHADURSINGH, called as a witness herein

at the offices of Talty Court Reporters, Inc., 2131 The

Alameda, Suite D, San Jose, California, and being by me

first duly affirmed, was examined as a witness in said

cause.

1      A   Correct.

2      Q   And, at that point in time, you were over the

3   creation and maintenance of student records, correct?

4      A   Yes.

5      Q   What technology did Palos Verdes Peninsula use

6   to create and store their student records in 2013?

7      A   I believe they used the Aeries platform.

8      Q   And that's A-e-r-i-e-s?

9      A   Yes.

10     Q   And do you recall if Little Lake City School

11  District used technology to create and store students

12  records other than Grade Maker?  Sorry.  Report Card

13  Maker.

14     A   Report Card Maker was only for generating

15  grades, it wasn't for storing records.  They used a

16  platform called PowerSchool.

17  

18

19

20

21

22

23

24

25

DEPONENT: TRENT BAHADURSINGH
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL

August 25, 2025



DEPONENT: TRENT BAHADURSINGH                                    August 25, 2025
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL



1    Q

2

3

4

5

6

7

8        Q    And when you were Deputy Superintendent at

9    Palos Verdes Unified, they had an Assistant

10   Superintendent of Human Resources and Director of Human

11   Resources, correct?

12       A    Yeah.  They did -- it shifted, I think, from

13   different titles and positions.

14       Q    If we were to grab Board minutes from Palos

15   Verdes Unified School District during the time that you

16   were Assistant -- sorry -- Deputy Superintendent in

17   2018 --

18       A    Uh-huh.

19       Q    -- and it lists an Assistant Superintendent of

20   Human Resources and Director of Human Resources, do you

21   have any reason to dispute that as being an accurate

22   representation of what roles were at the school district

23   at that time?

24       A    No.  Whatever the Board minutes or documents

25   say would be -- I think would be accurate, so there



1    BY MR. NELSON:

2        Q    She reported both to the Board and to the

3    Superintendent, correct?

4        A    That's my understanding, yes.

5        Q    Yeah.  So on January 28th, 2022, you had

6    oversight for Title IX operations, correct?

7        A    I'm sorry.  Can you repeat that.

8        Q    On January 28th, 2022, you had oversight for

9    Title IX, correct, at the Palo Alto Unified School

10   District?

11       A    If Ms. -- yes, that's correct.

12       Q

1    she couldn't -- she wasn't able to locate records, so I

2    don't recall anything, specifically, of her saying that

3    to me.

4        Q    Do you recall when you went to the physical

5    archives?

6        A    Yes.

7        Q    When was that?

8        A    I can't remember the date.  I remember going

9    there.

10        Q    It was after April 2022, correct?

11        A    I believe so.  I'd have to go back and look

12    and see when I actually found those, but I'm assuming it

13    would be.

14        Q

15

16

17

18

19

20

21

22

23

24

25





6       Q    Okay.  There was a postcard from Foothill

7    Middle School asking for her cumulative file that was

8    also in there, correct?

9       A    I don't know.  I'd have to go back and look.

10      Q    How long after you located that file did you

11   send it to Detective Clausen?

12      A    I don't recall, but I'm sure it was pretty

13   timely.  I don't -- I don't know exactly.

14      Q    So if you sent that file to Detective Clausen

15   in June or July of 2022, would the timing for when you

16   went to the archives to look for the student's record

17   have been about that same time, June or July of 2022?

18      A    I don't know the exact timing.  I think when I

19   finally located the records, I notified Ms. Vishakan and

20   I can't recall whether she contacted the detective or I

21   did, but it was, I think -- I don't remember the

22   sequencing or the timing of it.

23      Q    So the question that I have, Mr. Bahadursingh,

24   is, when an allegation of such a serious nature came in

25   at the end of January 2022, why would you not be looking

1    because Ms. Vishakan's team could not locate any.  So

2    that's what I did is I spoke to our Registration

3    Services Team and said if there were records from this

4    time, where would they be?  And so that's how I was able

5    to locate the records.

6    BY MR. NELSON:

7        Q   What about HR records?

8        A   What about HR records?

9        Q   Right, Human Resources records.

10       A   Yeah.

11       Q   So you just talked about student records.

12   Were you also asked to look for the Human Resources data

13   records?

14       A   I believe Ms. Hickey found the personnel file

15   and provided that.

16       Q







DEPONENT: TRENT BAHADURSINGH
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL

August 25, 2025



1   Q

2

3

4

5

6

7

8       Q    How many Student Data Support Specialists,

9   Records Custodians, and Data Secretaries did the School

10  District employ in January of 2022 who might have had

11  information to help find electronic sources of the

12  student record?

13      A    How many?  I don't know how many.

14      Q

15

16

17

18

19

20

21

22

23

24

25



10    Q    How about Thomas Kelly, did you speak with

11  Thomas Kelly?

12    A    Possibly.  I don't recall.

13    Q    Do you have any documentation for that?

14    A    I don't believe so.

15    Q    How about Sue Harris?

16    A    Same.  I don't believe so.

17    Q    Cassidy Bolger?

18    A    No, I wouldn't -- I didn't have any

19  communication regarding this case with Cassidy Bolger

20  that I can recall.

1  

2

3

4

5

6

7

8     Q    How about Denise Lin, the Student Data Support

9  Specialist?

10    A    I don't know and I don't believe she -- I'm

11  not sure what role she was in at that time.

12    Q

13

14

15

16

17

18

19

20

21

22

23

24

25    Q

1

2

3

4      Q    You're familiar with the School District's

5   analytic database?

6      A    Yes.

7      Q    Okay.  And that has HR records, work

8   assignments going back to the late 1900s, correct,

9   1990s?

10      A    I believe so.

11         MS. BEANUM:  Counsel, we've been going an hour

12   and a half.  I don't know if this a natural stopping

13   point, but I do need a break.

14         MR. NELSON:  Okay.

15         MS. BEANUM:  Not long, but just to use the

16   restroom.

17         THE VIDEOGRAPHER:  This marks the end of Media

18   File labeled Number 1.  Off the record at 11:31 a.m.

19            (Recess taken.)

20         THE VIDEOGRAPHER:  This marks the beginning of

21   Media File labeled Number 2.  Back on the record at

22   11:40 a.m.

23   BY MR. NELSON:

24      Q

25

1

2

3

4          Q    You do know how to do the audit reports,

5    correct?

6          A    That would be something that IT would usually

7    do because they handle that.

8          Q    But you know how to do it, correct, as a

9    technology guy for 20 plus years?

10         A    Different platforms and different systems, so

11   to say I would know how to go in and audit into those

12   platforms, not necessarily, no.

13         Q    You could Google it pretty quickly and they

14   give you, like, the three or four steps required -- let

15   me ask it this way.  Have you ever done an audit report

16   during any of your time prior working as an

17   administrator in technology?

18         A    What would you be qualifying as an audit

19   report to mean, your description of an audit report and

20   what data are you looking for, I would ask, so --

21         Q    Why don't you tell me what you've done.

22   That's what I'm asking you is have you ever done an

23   audit report?  So any audit report you've done, just go

24   ahead and tell us what it is.

25         A    I've done all kinds of -- a variety of reports

1    for looking up for student information or records, but

2    I'm not sure what you're classifying as an audit report.

3        Q    I'm classifying it, what would you think is an

4    audit report?

5        A    It could mean a variety of things.  Are you

6    auditing for the integrity of the information, are you

7    looking for reporting?  You know, it's, basically, a

8    database of student information for different platforms.

9    Most of them are hosted by the company, so I usually had

10   people that were managing those systems and they would

11   run -- any types of queries or reports would be handled

12   by those staff.

13       Q    ███████████████████████████████████████

14   ████████████████████████████

15   █████████████████

16       Q    I think you mentioned that you've learned

17   through the course of this case that it had been

18   reported by Ms. Vishakan to Detective Clausen that the

19   student report was missing because it had been removed

20   by staff.  Did you become aware of that at some point in

21   time?

22       A    I had heard that statement.

23       Q    ██████████████████████████████████████

24   ██████████████████████████████████████

25   ██████████████████████████████████████

1

2      Q    And a way to prove whether it was an accurate

3  statement or not would have been to do some kind of

4  audit, audit reporting of the electronic databases,

5  correct?

6      A    It wasn't -- there was no records from that

7  year, from my understanding, in the electronic

8  databases, so there would be nothing to audit.

9      Q    But you didn't check, specifically, regarding

10  SASI -- what about Laserfiche, isn't Laserfiche

11  something that you implemented at the School District to

12  kind of coordinate all the databases?

13      A    No, I didn't implement that.

14      Q    Who did?

15      A    That would be Mr. Moore.

16      Q    Okay.  And that was implemented while you were

17  the Deputy Superintendent, correct?

18      A    I believe they may have had -- they had

19  Laserfiche before I was hired there.

20      Q    Okay.  So did you have anybody check through

21  Laserfiche and all its resources to see if that might

22  locate something related to the student record?

23      A    My understanding, student records aren't kept

24  in Laserfiche.

25      Q    What was kept in Laserfiche?

1      A    They did things like workflow processing, I

2   think they did some of their employee onboarding,

3   document retention, things of nature.

4      Q    And you say it's your understanding that they

5   didn't have it.  Did you, specifically, in this case

6   make an effort to ensure that it did not have student

7   records and document that you had requested the search

8   and that Laserfiche does not include those student

9   records?

10        MS. BEANUM:  It's compound, first of all, but

11   you can break it up.

12        THE WITNESS:  No, Laserfiche wasn't, I don't

13   even think, a product when -- going back to those years

14   of records, so there was no -- the answer is no.

15   BY MR. NELSON:

16      Q

17

18

19

20

21

22

23

24

25

1

2      Q    I'm handing you Exhibit 60.

3           MS. BEANUM:  Thank you.

4    BY MR. NELSON:

5      Q    I've handed you Exhibit 60.  Do you recognize

6    that as the email I was talking about previously where

7    you sent the student file to Detective Clausen on June

8    27th, 2022 at 2:25 p.m.?

9      A   Yes.

10     Q    Do you know why the police department and

11   Detective Clausen did not provide a copy of this

12   communication and student record in response to our

13   subpoena to the Palo Alto Police Department?

14     A   No.

15     Q    Do you see there where you say, "Attached is a

16   copy of the student's records"?

17     A    Yes.

18     Q    And then you say, "I will be your point of

19   contact for PAUSD while Komey Vishakan is out."

20     A    Yes.

21     Q    Okay.  And then shortly after this, within a

22   month or two, Komey Vishakan's employment was terminated

23   at the District, correct?

24     A    Her contract was not renewed.

25     Q    Okay.  After a four-minute Board closed

DEPONENT: TRENT BAHADURSINGH
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL

August 25, 2025



1  Q

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  Q    So did Mr. Willis get involved with the

25  District's investigation before Ms. Vishakan was

1    terminated or her contract was not renewed?

2        A    I don't recall exactly when it was.

3        Q    Well, wasn't Ms. Vishakan's last day at the

4    District sometime in the year 2021 -- sorry -- 2022?

5        A    I believe so.

6        Q    And is it your understanding, your

7    recollection that the District's investigation began

8    before the criminal charges were dropped in 2023?

9        A    I don't recall when it exactly started.  I

10   know that after the criminal charges were -- were

11   dropped, then we had conversation and that the District

12   would need to do its own investigation.

13       Q    So before the criminal charges were dropped,

14   the District had not done an investigation and that's

15   why they needed to do an investigation after the

16   criminal charges were dropped, correct?

17       A    Police had asked us not to do an investigation

18   that coincided with their investigation.

19       Q    Okay.  That's not what I asked at all.

20       A    Okay.

21       Q    The District had not conducted an

22   investigation before the criminal charges were dropped,

23   so when the criminal charges were dropped, the District

24   then needed to do an investigation.  Is that your

25   understanding?

1     A   Yes.

2     Q   Was Ms. Vishakan at the School District when

3   the criminal charges were dropped in April of 2023?

4     A   I believe so, but I'm not 100 percent sure

5   what her timing was.

6     Q   You believe Ms. Vishakan was still at the

7   District in April of 2023?

8     A   '23?

9     Q   Correct.

10     A   No.  I believe her last date was -- I don't

11   know without looking at the years and the calendars.  I

12   know that Ms. Vishakan finished somewhere between August

13   and October, November.  I don't know when she was --

14   what the actual timing was.  I'd have to look at the

15   dates and times.

16     Q   Ms. Vishakan no longer worked at the District

17   as of January 1st, 2023, correct?

18     A   Yes.

19     Q   Okay.  The District's investigation did not

20   start until after May of 2023, correct?

21     A   I believe so.

22     Q

23

24

25



1

2

3

4

5

6          MS. BEANUM:  I'm going to object to the extent

7     it calls for privileged information.  Do not discuss

8     what you and Mr. Willis spoke about.

9          MR. LOWRY:  I'll clarify that if Ms. Miller

10    asked you for anything, you can answer about that.

11         MS. BEANUM:  Yes.

12         THE W

13

14

15

16

17

18

19      Q

20

21

22

23

24

25      Q    Do you recall the email from Don Austin where

1    he said, "I want to see everything in this case and by

2    everything, I mean everything"?

3        A    Yes, I recall that in the email.

4        Q    Okay.  What did you do in response to Mr.

5    Austin -- Dr.  Austin's email to ensure he had

6    everything in this case and by everything, he meant

7    everything?

8            MR. LOWRY:  I'll just object to the extent it

9    mischaracterizes the document.

10           THE WITNESS:  To be honest, I don't remember.

11   I mean, I think -- I think we were all copied on that

12   message, so I'm assuming, without seeing it, it was Ms.

13   Vishakan, myself, and he probably -- I don't recall

14   what -- anything, any response to that other than, you

15   know, I had found the records, I provided them to what I

16   had found.  Ms. Vishakan would have handled -- had --

17   had all -- any additional information.

18   BY MR. NELSON:

19       Q    Do you have a specific recollection of doing

20   anything in response to Dr. Austin's email requesting,

21   "to see everything and by everything, I mean absolutely

22   everything," you, personally, doing anything to try to

23   locate and make sure he had all the evidence?

24       A    I don't recall.

25       Q    At any point in time, either before you became

1    the point of contact or after you became the point of

2    contact and before the criminal charges were dropped,

3    did you make any effort to ensure that all of the

4    relevant evidence that the District had in its

5    possession had been accumulated and provided to the

6    police, to the DA?

7       A    It was my understanding that all the

8    information that was requested and was relevant was

9    already provided to the people that had requested it,

10   the police or DA.

11      Q    And because that was your understanding, you

12   didn't do anything, correct?

13      A    Not that I recall.

14      Q    Did you document any effort on your own behalf

15   after you became the point of contact to ensure that all

16   the evidence in the District's possession was gathered

17   and provided to law enforcement?

18      A    I'd have to go back and look through my -- any

19   records or notes that I have.

20         MR. LOWRY:  And I'll object to the extent it

21   calls for speculation.

22   BY MR. NELSON:

23      Q    ███████████████████████████████████████

24   ██████████████████████████████████████████

25   ██████████████████████████████████████████

DEPONENT: TRENT BAHADURSINGH
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL                              August 25, 2025

1
2
3
4
5
6      Q
7
8
9
10
11
12
13
14
15
16
17
18
19      MR. LOWRY:  Objection that it lacks foundation
20  and it calls for speculation.
21      MS. BEANUM:  Assumes facts.  Go ahead.
22      THE W
23  BY MR. NELSON:
24      Q
25



DEPONENT: TRENT BAHADURSINGH                                        August 25, 2025
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL

1  

2

3

4

5

6

7          MR. LOWRY:  Objection that the document speaks

8  for itself.  Do you want him to go through this entire

9  document?

10          MR. NELSON:  That's what I just asked him,

11  Counsel.

12          THE W

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3     Q    When you saw the postcard from Foothill Middle

4  School asking for the student's cumulative record --

5     A    Uh-huh.

6     Q    -- and you were looking for her cumulative

7  record, did it occur to you maybe you should ask for a

8  copy of the cumulative record from Foothill?

9     A    I believe that was -- that this information

10 was shared with law enforcement, so they -- and Ms.

11 Vishakan, so that was something I probably shared with

12 them to say, you know, there may be something there.

13    Q    Do you have any documentation of you

14 specifically pointing out that, "Hey, Detective Clausen,

15 maybe you should look at Foothill Middle School"?

16       MR. LOWRY:  Objection, it's argumentative.

17       THE WITNESS:  I have no documentation.

18 BY MR. NELSON:

19    Q    And, at this point in time, you were the point

20 of contact for the investigation, correct?

21    A    Yes, but I was not the investigator, she was.

22    Q    Understood, but you were the point of contact.

23    A    Uh-huh.

24    Q    What do you understand the point of contact's

25 role is?



1    3lst, 2022?

2    A   Yes.

3    Q

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4       MR. LOWRY:  Objection that it lacks

5  foundation.

6  BY MR. NELSON:

7      Q    What investigation did you anticipate that the

8  School District was going to be doing, they were going

9  to have an outside investigator used for?

10     A    Usually, when we have a case like this, we use

11  an outside investigator to gather information and facts

12  of the case and talk to witnesses or gather the

13  information.

14     Q    And I, specifically, asked you what type of

15  investigation, Title IX investigation, a Uniform

16  Complaint Procedure investigation, what type of

17  investigation, in your experience, would usually have

18  been done in this type of a situation?

19     A    Usually, if it's a complaint against an

20  employee, so it would be -- come under, like, a UCP or

21  complaint against an employee.

22     Q    And UCP is Uniform Complaint Procedure?

23     A    Yes.

24     Q    Why wouldn't it be a Title IX investigation?

25     MR. LOWRY:  Objection, calls for a legal

DEPONENT: TRENT BAHADURSINGH

PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL

August 25, 2025

1    timeframe.

2        Q    What classes did Mr. Colombo teach in

3    2001-2002?

4        A    I don't know exactly.

5        Q





1

2

3

4

5

6

7      Q    Did you know that the accuser when she first

8   recounted the story claimed that it was Mr. Giordano and

9   that it was not a forcible rape, but that it was a

10   grooming situation?  Were you aware of that?

11      A    I was not aware.

12      Q    Were you aware that the accuser's sister, who

13   was in 7th grade at the time, said that she had Mr.

14   Colombo as her PE teacher and that her sister, who was

15   in 6th grade at the time, had PE at the same time?  Were

16   you aware of that?

17      A    No, I was not aware.

18      Q    If the accuser's sister had Mr. Colombo as her

19   7th grade teacher and the accuser and her sister both

20   had PE at the same time, it's impossible that Mr.

21   Colombo was the 6th grade student accuser's teacher;

22   isn't that correct?

23          MS. BEANUM:  Calls for speculation.

24          THE WITNESS:  I don't know.

25   //

1    investigation.  I was following the guidance of our

2    legal counsel and working with law enforcement.

3        Q    And my question to you is, is it your

4    understanding that your only obligation as a Deputy

5    Superintendent was to only provide information when,

6    specifically, requested to provide it?  Is that your

7    understanding?

8        A    No, I think you're characterizing it.  I don't

9    agree with the way you're asking that, so no.

10       Q

11

12

13

14

15

16

17       Q    But if they didn't ask for it, your

18   understanding is you had no responsibility independently

19   to make sure that it was gathered and provided.

20       A    It wasn't a question of what do I have

21   knowledge of.  I'm not running the investigation or the

22   case, so I -- you're asking me questions about

23   hypotheticals that --

24       Q    That's not a hypothetical, Mr. Bahadursingh.

25   I asked you very simply, is it your understanding that

1  your only responsibility with regard to the

2  investigation was to provide information when requested

3  or did you have an obligation that went beyond that?  I

4  know you weren't conducting the investigation.  I'm not

5  asking you that.  I'm asking your responsibility as a

6  Deputy Superintendent.

7      A    My responsibility was to provide any

8  information that would -- that's related to the case

9  that I am aware of, that I have knowledge of and share

10  with, and, if asked, provide it.

11     Q    But it's your position that you had no

12  responsibility as a Deputy Superintendent to make sure

13  that all the relevant information was obtained and

14  provided, only that if you were aware of it or if

15  somebody asked you for it.

16     A    I was not investigating this case and I

17  provided all the information that I was aware of or was

18  asked.

19     Q    I'm not asking you if you investigated the

20  case, Mr. Bahadursingh.

21     A    Okay.

22     Q    You've made that excuse abundantly clear.  We

23  all --

24         MS. BEANUM:  It's not an excuse and that's

25  improper to characterize it like that.

1      MR. NELSON:  I don't think it is and I don't

2    think a jury will think it is either, and I can

3    certainly call it an excuse if I --

4      MS. BEANUM:  No, you can't.

5      MR. NELSON:  I can't?  I can't call it an

6    excuse?

7      MS. BEANUM:  Again, the way you're --

8      MR. NELSON:  I agree --

9      MS. BEANUM:  -- phrasing your question --

10      MR. NELSON:  I agree it's inexcusable, but

11    that doesn't mean it's not an excuse.

12      MS. BEANUM:  No.  The way that you're -- the

13    characterizations you're including in your questions

14    make them objectionable and he doesn't need to adopt

15    that characterization.

16    BY MR. NELSON:

17    

18

19

20

21

22

23

24

25



4    BY MR. NELSON:

5        Q

7

8

9

10

11

12       Q    And you're saying that's it, you didn't have a

13   responsibility to make an independent pursuit of

14   relevant evidence to make sure that it was all gathered

15   and provided.

16          MR. LOWRY:  Objection, improper reptile theory

17   questioning, argumentative.

18          THE WITNESS:  I provided everything that I was

19   aware of and that I knew, but if you're asking me, did I

20   go out and -- I will tell you, I give everything that I

21   was aware of, everything that was asked.  I did not

22   conduct my own investigation and start going on my own

23   theories of what about this and that and these other

24   sorts of things.  I did what I was required and asked to

25   do and collaborated with them.





18    BY MR. NELSON:

19        Q    What was the investigation that Nicole Miller

20    provided?

21        A    What was the investigation?  She was, my

22    understanding -- first of all, Mr. Willis and legal

23    counsel --

24        Q    Don't tell me anything Mr. Willis said.

25    That's attorney-client privilege.

1      A   I wasn't going to.

2      Q   Okay.

3      A   He handled the investigation and he, you

4   know -- the investigation was to determine if there's

5   any other information that would relate to his -- Mr.

6   Colombo's employment with the District.

7          MR. NELSON:  Can I have that read back.  I'm

8   sorry to do that to you.

9          (Record read by the Court Reporter.)

10  BY MR. NELSON:

11     Q   So your understanding is that investigation

12  was related to Mr. Colombo's entire employment with the

13  District.

14     A   No.  It does affect it if there's something --

15  if there's a different outcome.

16     Q   

17

18

19

20

21

22

23

24

25



1      A

2

3

4

5

6

7

8

9

10

11      Q    So it didn't say anything about potential

12   disciplinary action, did it, Mr. Bahadursingh?

13      A    I don't know.

14      Q    If any type of disciplinary action was going

15   to result from an investigation, due process requires

16   that you inform the employee such might result, correct?

17           MR. LOWRY:  Objection, calls for a legal

18   conclusion.

19           MR. NELSON:  It calls for his understanding as

20   a supervisor --

21           MS. BEANUM:  Incomplete hypothetical.

22           MR. NELSON:  -- and Assistant Superintendent

23   of Human Resources.

24           THE WITNESS:  Yes, pending investigations can

25   lead to a disciplinary action.





1

2

3

4

5

6

7

8

9

10

11    BY MR. NELSON:

12        Q    So why was Mr. Colombo put on leave after the

13    criminal charges were dropped in April or May of 2023?

14            MR. LOWRY:  Objection, misstates the evidence,

15    I guess.

16            MR. NELSON:  And, again, Counsel, how does

17    that misstate the evidence?

18            MR. LOWRY:  He was kept on leave, he wasn't

19    put on leave.

20            MR. NELSON:  So the letter saying letter

21    notice of placement on paid admin leave wasn't placement

22    on paid admin leave, Counsel?  I'm confused.

23            MR. LOWRY:  I'm not going to argue with you.

24    I've stated my objection, please ask your next question.

25            MR. NELSON:  No, I'm asking that question.

1    conclusion.

2          THE WITNESS:  Do I have authority for a delay

3    of an investigation?

4    BY MR. NELSON:

5        Q

6

7

8

9

10

11

12

13

14

15

16        Q

17

18

19

20          MS. BEANUM:  Calls for speculation.

21    BY MR. NELSON:

22        Q    And Ms. Vishakan had received correspondence

23    from the Palo Alto Police Detective on April 15th of

24    2022, telling her that the day before, she had submitted

25    the police investigation to the DA.  Are you aware of

1    MR. NELSON:  It might be?  Under what

2    circumstance?

3    MS. BEANUM:  I guess it just depends.  It's

4    hard to know.

5    MR. NELSON:  Well, if you're going to instruct

6    him not to answer, I need to understand the basis for it

7    because this may very well end up in front of the Court.

8    MS. BEANUM:  Understood.  Let me think about

9    that one and we can come back to it.

10    MR. NELSON:  Well, I'd like to know now

11    because I have limited amount of time here and I'd like

12    to move on.

13    MS. BEANUM:  I understand.

14    BY MR. NELSON:

15    Q



1

2

3

4

5      Q    When did you first learn that criminal charges

6   were going to be issued?

7      A    Were going to be issued?  I don't recall the

8   date.  I don't even remember how I -- how I learned

9   about it.

10     Q    Was it before the press release?

11     A    I don't know.  I don't -- we didn't get any

12  communication -- I didn't get any communication from the

13  DA or the police or PAPD.  I don't know if anybody else

14  did.

15     Q    You weren't in any Board meetings where that

16  was discussed.

17     A    In any Board meetings publicly?  No.

18     Q    Well, I'm saying publicly or not.  You're just

19  claiming you don't have the knowledge, so a claim of

20  absence of knowledge means you didn't have that

21  knowledge from anyplace at all, so you're telling us

22  that you did not have that information from any Board

23  meeting, closed session or open session.

24         MS. BEANUM:  About when -- I'm sorry.  Just to

25  be clear, about when charges were filed, is that the

1    question?

2         MR. NELSON:  When charges were -- the charges

3    were going to be filed, prior to when they were filed.

4    We have emails already, we know he and Dr. Austin were

5    discussing it before the files were -- the charges were

6    actually filed.  So I'm asking him when he knew --

7         MS. BEANUM:  Okay.

8         MR. NELSON:  -- and he said that he didn't

9    have that knowledge, so I'm asking -- so that means it

10   didn't come up in a closed session Board meeting or an

11   open session Board meeting.  Absence of knowledge is

12   absence of knowledge.

13        THE WITNESS:  I don't recall any -- any -- any

14   timeline of when, what information, how it got to us,

15   any of that.

16   BY MR. NELSON:

17        Q    ███████████████████████████████████

18        MR. LOWRY:  Well, objection to the extent that

19   it involves any attorney-client or closed session

20   communications and then objection that it calls for

21   speculation.

22        MS. BEANUM:  And objection to the term,

23   "case," meaning the situation with Mr. Colombo or this

24   case that we're involved in now, this litigation?

25        MR. NE███████████████████████████████████



8    BY MR. NELSON:

9         Q    And in this type of case with the most serious

10   allegations, as Dr. Austin described them in the press,

11   right --

12        A    Uh-huh.

13        Q    -- the Board had a heightened awareness,

14   correct?

15             MR. LOWRY:  So same objection that it calls

16   for speculation and it also -- I'll just instruct you

17   not to answer if you're basing your response on closed

18   session or attorney-client information.

19   BY MR. NELSON:

20        Q    Was the Board ignoring this case?

21        A    You're asking me to speculate on what the

22   Board members' opinions and thoughts were?

23        Q    No.

24        A    I don't know.

25        Q    I'm not asking their opinions.  I'm saying --

1   here's the deal.

2        A    Uh-huh.

3        Q    

4

5

6

7

8

9        MR. LOWRY:  Objection that it lacks

10  foundation.  Objection that it calls for closed session

11  or attorney-client privileged communications and I'll

12  instruct him not to answer to the extent that it calls

13  for attorney-client or closed session communications.

14  BY MR. NELSON:

15       Q

16

17

18

19

20

21

22

23

24

25

1    

2

3

4          MR. LOWRY:  Objection, calls for a legal

5    conclusion, calls for speculation, it's overbroad, it's

6    vague, and it calls for -- and I'll just instruct not to

7    answer to the extent that it would call for closed

8    session communications or attorney-client

9    communications.

10          MR. NE

11

12

13

14

15

16

17

18

19

20    BY MR. NELSON:

21       Q    Why was Mr. Colombo not allowed to return to

22    the open PE teaching position at Greene when he

23    requested it?

24       A    When -- which open PE position are you

25    referring to?

1      MR. LOWRY:  Objection, calls for a legal

2   conclusion.

3      MR. NELSON:  I asked his understanding.

4      THE WITNESS:  We vetted that through legal

5   counsel and followed their guidance of requesting for a

6   doctor's note.

7   BY MR. NELSON:

8      Q 

9

10

11

12

13

14

15

16

17      Q    Okay.  The District is aware of Mr. Colombo's

18   alcohol use disorder, correct?

19      A    No.

20      Q

21

22

23

24

25      Q    But the District doesn't know that he has



1    BY MR. NELSON:

2      Q

3

4

5

6

7

8

9

10

11

12

13

14

15

16        MS. BEANUM:  I'm going to just --

17        THE W

18        MS. BEANUM:  -- object to the extent it calls

19    for privileged communications if it was in the context

20    of this lawsuit, but if you can answer without

21    disclosing privileged communications, go ahead.

22        THE WITNESS:  I don't think I can.

23

24

25

1    A 

2

3

4

5        MR. LOWRY:  You can answer.

6        THE W

7

8

9

10   BY MR. NELSON:

11       Q    So you haven't seen, for instance, a written

12   report of findings from Ms. Miller.

13       A    No, not from Ms. Miller.

14       Q    Okay.  So any information you had about the

15   investigation came from Jabari Willis only.

16       A    Yes.

17       Q    Unless you read my extensive notes of the

18   interview.  Have you read those notes?

19       A    I don't believe I have.  I can't recall.

20       MR. LOWRY:  I'm just going to belatedly object

21   to the extent that prior questions misstate the

22   declaration.  I don't believe there's any representation

23   regarding whether or not Mr. Bahadursingh saw the

24   investigation findings or results, but I'm looking it

25   over.

1      MR. NELSON:  That's different than what I was

2   asking, Counsel.  I think you're confusing a couple of

3   things.

4      MR. LOWRY:  We can go back.

5      MS. BEANUM:  That is what I heard too.

6      MR. NELSON:  I don't think it changes his

7   responses.

8      MS. BEANUM:  I don't think it does, but Mr.

9   Nelson, you did say that he did not tell the Court or,

10  in his declaration, he said he did not know the

11  findings, which is not what it says.

12     MR. NELSON:  Well, I think he said what he

13  just said here is he hasn't talked to Ms. Miller so --

14     MS. BEANUM:  Okay.

15     MR. NELSON:  -- I think he got was from

16  counsel.

17  BY MR. NELSON:

18     Q  

19

20

21

22     MS. BEANUM:  Calls for speculation.  If you

23  know.

24     THE W

25



3    BY MR. NELSON:

4       Q    And why is it that the District does not want

5    to release the investigative findings of Ms. Miller?

6       A    I think that's a question you should -- would

7    have to go to legal counsel.

8       Q

14   BY MR. NELSON:

15      Q

24      Q    I didn't see you, but I assume you were

25   present at the Board meeting, correct?

1   Information Officer or anybody at the School District to

2   help him determine what his comments should or shouldn't

3   be?

4        A   I don't know.

5        Q   Was the Board aware of his comments?

6            MS. BEANUM:  I'm going to object to the extent

7   any of those discussions were had in closed session, but

8   in open session, you can respond.

9            THE WITNESS:  I don't know.

10  BY MR. NELSON:

11       Q 

12

13

14

15

16

17

18

19       Q   Fast-forward to his comments made to the press

20  conference and for the news articles that were published

21  after the criminal charges were dropped, did he discuss

22  his comments or potential comments with you?

23       A   No.

24       Q   Did he discuss those comments or potential

25  comments with the Board, to your knowledge?



1      A    I have no knowledge of that.

2      Q

3

4

5

6

7

8

9      Q    And you're aware of his comments, both in the,

10    "Unfit to Teach" article and in the article published

11    from the press conference following the dismissal of

12    criminal charges, you've read those, correct?

13     A    Yeah.  To be honest, I couldn't recite them

14    back to you.  If someone shared them with me, I'd

15    probably remember exactly what was said, but I know

16    there was comments.

17     Q

18

19

20

21

22

23     Q

24

25



1

2

3     Q

4

5

6

7     Q    Do you know what the misdemeanors from 35

8  years ago that were published, the misdemeanor charges

9  against Mr. Colombo were?  Do you know what they

10  involved?

11     A    I don't know if I could probably describe them

12  accurately, but, vaguely, kind of -- yeah, I guess I can

13  have an idea or kind of what -- I can't tell you if they

14  were -- if what I state is actual fact.

15     Q    What's your understanding of what those two

16  misdemeanor charges from more than 35 years ago were?

17     A    I believe one involved an incident with

18  something about throwing a phone book or something of

19  that nature, and I don't know exactly what the other one

20  was.  I don't know if it was -- what the actual

21  misdemeanors were.

22     Q    So the one misdemeanor was called -- labeled

23  prowling, but do you know what the prowling referred to?

24     A    I believe it was outside somebody's house

25  or -- they called it prowling.  It was categorized as

1        A    I recall Ms. Fichtner being involved.  I don't

2    know what her exact role was in terms of whether she was

3    the actual investigator, was she a consultant, was she

4    providing guidance.  Ms. Vishakan would probably be the

5    one that made that determination.

6        Q    Did you have any conversations directly with

7    Ms. Fichtner about this case?

8        A    I participated in conversations and I believe

9    all of them were with Ms. Vishakan in attendance or as a

10   participant.

DEPONENT: TRENT BAHADURSINGH                    August 25, 2025
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL



14    Q    And is it your understanding as the Deputy

15  Superintendent over Title IX that the main concern with

16  the District overlapping its concurrent investigation

17  with the Palo Alto Police Department's criminal

18  investigation is related to allowing the Police

19  Department to have the first interview with the accuser

20  and the first interview with the accused?  Is that your

21  understanding?

22    A    I -- I can't answer that because I wasn't

23  having any communications directly with -- Ms. Vishakan

24  was handling all of the coordination or conversations

25  with detectives and law enforcement and the accuser, so

DEPONENT: TRENT BAHADURSINGH                          August 25, 2025
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19   BY MR. NELSON:

20

21

22

23

24

25          MR. LOWRY:  Same objections.

DEPONENT: TRENT BAHADURSINGH
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL

August 25, 2025



15  BY MR. NELSON:

DEPONENT: TRENT BAHADURSINGH                                    August 25, 2025
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL



DEPONENT: TRENT BAHADURSINGH                          August 25, 2025
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL



```
24        Q    What was being done in the investigation?  Why
25   what it ongoing?
```

DEPONENT: TRENT BAHADURSINGH                          August 25, 2025
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL

```
 1            MS. BEANUM:  Calls for speculation.

 2            MR. NELSON:  Exactly.

 3            THE WITNESS:  I've already discussed that.

 4   That was him being -- the investigation was being

 5   handled by legal counsel.

 6   BY MR. NELSON:

 7       Q    Right.  You don't know if it was ongoing, for

 8   all you know, it was done, correct?

 9       A    I don't have any knowledge of that.  That was

10   being handled by legal counsel.

11       Q    Right.  So it could have been done, could have

12   been completed.

13            MR. LOWRY:  Objection, argumentative.

14   BY MR. NELSON:
```

15 ████████████████████████████████

16 ██████████████████████████████████████

17 ████████████████████████████████████

18 ██████████████

19 ██████████████████████████████

20 ████████████████████████████

```
21       Q    Did you know that when she called some of the

22   female PE teachers after finally being made aware of

23   them by Mr. Colombo, because the District didn't let her

24   know about them, her comment to those teachers was, "I

25   don't know what the crap we're doing"?  Were you aware
```

1    of that?

2          A    No.

3                MR. LOWRY:  Objection, lacks foundation.

4                MR. NELSON:  Okay.  We'll calm it down, don't

5    worry.

6    BY MR. NELSON:

7    

8

9

10

11

12

13

14

15

16

17          Q    Possibly or probably?

18          A    Possibly.

19          Q    So you would have still retaliated in not

20    giving him his teaching position even under those

21    circumstances.

22                MR. LOWRY:  Objection, argumentative.

23                THE WITNESS:  No.  Those are your words, not

24    mine.

25                MR. NELSON:  They are my words.

DEPONENT: TRENT BAHADURSINGH                         August 25, 2025
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL

1          THE WITNESS:  And they're -- they're false.

2    BY MR. NELSON:

3          Q    You don't think that's retaliatory to not --

4          A    No.

5          Q    -- put him back in his rightful teaching

6    position?

7          MR. LOWRY:  Objection, argumentative.

8          THE WITNESS:  You're asking hypotheticals in

9    situations with variable factors throughout and you're

10   trying to make statements that are not accurate.

11   BY MR. NELSON:



1        A    Not by our action.

2        Q    Really?

3        A    He was -- not by -- that I'm aware of by any

4    action.

5        Q    Okay.  So when you first put him on unpaid

6    leave pending the criminal investigation, did you make

7    him aware that he could post a bond of a certain amount,

8    let him know what the amount was, how he could post that

9    bond, so that he could continue to be paid his salary

10   pending the criminal investigation and that, at the end

11   of that investigation, if he was not convicted, that his

12   cost of posting the bond would have been reimbursed to

13   him?  Did you make that clearly aware -- did you make

14   Mr. Colombo clearly aware of that?

15       A    I don't know.

16       Q    Okay.  You're familiar with the adage by the

17   U.S. Supreme Court that says, in these cases where

18   there's an unlawful taking, just because a robber gives

19   back some of the money they stole from the bank doesn't

20   mean they didn't rob the bank.  Are you familiar with

21   that legal concept at all?

22       A    Not really, but --

23       Q    Okay.  So you deprived him of his salaries for

24   almost a full year, correct?

25            MR. LOWRY:  Objection, lacks foundation, it's

1  argumentative.

2          THE WITNESS:  I'd have to go back and look

3  what the paystubs and all that was.

4  BY MR. NELSON:

5      Q    From June 12th of 2022 until, actually, July,

6  August of 2023, the District did not pay Mr. Colombo his

7  salaries for the entirety of the criminal prosecution,

8  correct?

9      A    I believe so.  I believe that's correct.

10

11

12

13

14

15

16

17

18

19

20

21          MS. BEANUM:  Lacks foundation.

22  BY MR. NELSON:

23

24

25

DEPONENT: TRENT BAHADURSINGH                    August 25, 2025
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL

1
2
3
4
5
6
7
8
9
10
11
12
13  BY MR. NELSON:
14
15
16
17
18
19
20
21
22
23
24
25

DEPONENT: TRENT BAHADURSINGH                        August 25, 2025
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL



BY MR. NELSON:

    Q    So who made the decision to put Mr. Colombo
into a TOSA position?

    A    I think it was discussed, probably, with our
leadership team, with counsel, a combination of folks,
what options were available.

    Q    You did not have a PE TOSA position open, did
you?

    A    No, we didn't -- we don't have -- the TOSA
positions vary from year to year.

    Q    So you didn't have a PE teaching position at
Greene, you also didn't have a PE TOSA position, so what
made you decide to go the TOSA route as opposed to the
PE teaching position route?

    A    I think that decision was -- if I -- it was
probably based on where the needs of the District and

DEPONENT: TRENT BAHADURSINGH                        August 25, 2025
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL

1    how that could benefit the team.

2         Q    Has the District ever had a PE TOSA position

3    before?

4         A    I don't know.

5         Q    Have you ever heard of a PE TOSA position at

6    any District ever?

7         A    I don't really follow the TOSA positions.

8    Every District has their own, so --

9         Q    Well, you were in administration at Palos

10   Verdes Unified for a long time.  Did you ever see a PE

11   TOSA position there?

12        A    We didn't have very many TOSAs at all in Palos

13   Verdes.

14        Q    So the answer is no.

15        A    So the fact that we had one or two would be a

16   bonus.

17        Q    So did you ever see a PE TOSA position?

18        A    Not in Palos Verdes, no.

19

20

21

22

23

24

25



DEPONENT: TRENT BAHADURSINGH                                August 25, 2025
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL

1   ████████████████████████████

2   ████████████████████████████████

3   ████████████

4        Q    Did you ever advertise it either before he was

5   forced in, after he was forced in, after he was

6   transferred out of it?  At any point in time, did you

7   ever advertise that PE TOSA position?

8        A    Yes, we did.

9             MS. BEANUM:  And, I'm sorry, just objection on

10  the grounds of using the term, "forced in" is

11  argumentative.

12            MR. NELSON:  Truthful.

13            MS. BEANUM:  Argumentative, but you can --

14  BY MR. NELSON:

15       Q    Well, you know that Mr. Colombo filed a

16  grievance for being forced into the TOSA position,

17  correct?

18       A    Yes.

19       Q    Okay.  He didn't want it, did he?

20       A    Apparently not.

21       Q    Yeah.  And he didn't apply for it, did he?

22       A    No.

23       Q    Okay.  So if it was posted, who applied for

24  it?

25       A    Nobody applied for it.

DEPONENT: TRENT BAHADURSINGH                              August 25, 2025
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL

1   mental distress-wise of everything that was being done

2   to him after January 3lst, 2022, and would just decide

3   to retire instead of continuing to fight what he felt

4   was a false claim against him?

5        A    No.

6        Q    You hoped that Mr. Colombo would continue to

7   push forward and to fight for his rights and to get to

8   the position where you now have to put him into a

9   Student-Facing teaching position.  That's what you

10  wanted from the jump.  Is that your testimony?

11            MS. BEANUM:  Argumentative, harassing.

12            MR. LOWRY:  Join.  Compound, overbroad.

13            THE WITNESS:  I don't have an opinion on what

14  Mr. Colombo's goal or did or what except that we

15  followed a process that he was allowed to teach in our

16  District.

17  BY MR. NELSON:

18

19

20

21

22

23

24

25

DEPONENT: TRENT BAHADURSINGH
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL

August 25, 2025



DEPONENT: TRENT BAHADURSINGH                          August 25, 2025
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL



17        We may have to come back for some instructions
18   not to answer or for some other material, but other than
19   that, I will see everyone tomorrow at 9:00.
20        Are we starting with Don or are we starting
21   with Robert?
22        MS. BEANUM:  We're starting with Don, right?
23   Yeah.
24        MR. NELSON:  You act like I've been told.
25   I've asked repeatedly, I've never been told, so don't

1                          CERTIFICATE

2                I, LINDA STITES KIRBY, a Certified Shorthand

3      Reporter, CSR No. 5258, in and for the State of

4      California, duly appointed and licensed to administer

5      oaths and so forth, do hereby certify:

6                That the Witness in the foregoing deposition,

7      named TRENT BAHADURSINGH, was by me duly sworn to tell

8      the truth, the whole truth, and nothing but the truth;

9                That the deposition was reported by me, a

10     Certified Shorthand Reporter and disinterested person,

11     and thereafter transcribed into typewritten form under

12     my direction;

13                That the Witness shall be given an opportunity

14     to read and, if necessary, correct said deposition and

15     to subscribe the same.

16        (x)Reading and signing was not offered/requested.

17

18                IN WITNESS WHEREOF, I have hereunto set my

19     hand this 15th day of September 2025.

20

21          _____

22          LINDA STITES KIRBY, Certified
           Shorthand Reporter in and for the
23          State of California, CSR No. 5258

24

25

**EXHIBIT 130**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION


PETER COLOMBO,

        Plaintiff,

**CERTIFIED TRANSCRIPT**

    vs.              CASE NO.:

                    5:24-CV-00909-NC


PALO ALTO UNIFIED SCHOOL

DISTRICT, et al.,

        Defendants.
_____/


VIDEOTAPED DEPOSITION OF
DON AUSTIN


    BE IT REMEMBERED:  That pursuant to Notice of

Taking Deposition, and on Tuesday, the 26th day of

August 2025, commencing at the hour of 9:05 a.m. of said

day, before me, LINDA STITES KIRBY, C.S.R., License

Number CSR-5258, a Certified Shorthand Reporter,

personally appeared DON AUSTIN, called as a witness

herein at the offices of Talty Court Reporters, Inc.,

 The Alameda, Suite D, San Jose, California, and

being by me first duly affirmed, was examined as a

witness in said cause.

1    a parent, which is common in our District.  Number two,

2    I would say even from the speakers who spoke, their

3    concerns could come from different places, so it'd be

4    tough to put a broad brush answer on that.  I can

5    understand some more than others.





8      Q   Do you understand why some parents may -- may

9   infer that to mean that the District is implying that

10  their hands are tied, that he's being transferred

11  because you have to comply with the Collective

12  Bargaining Agreement?

13     A   Well, couple things.  He was not transferred,

14  he was selected for a position that he applied for, so

15  let's be clear about that.

16     Q   Well, I understand the spin -- and I know

17  that's argumentative, I think it's a spin -- I

18  understand your position on that.

19     A   Okay.

20     Q   Our position is quite different, as you might

21  also appreciate and understand, but go ahead.

22     A   Okay.

23     Q   So it wasn't a transfer.  He also wasn't being

24  newly hired as a lot of the parents thought.  Correct?

25     A   Correct.  It also didn't happen -- I'm just

1    closed session; is that correct?

2        A   That is correct.

3        Q   Okay.  Number 9, anything with regard to Mr.

4    Colombo that you feel did not comport with Number 9?

5        A   No.

6        Q   Okay.  How about Number 13, anything that

7    happened with regard to Mr. Colombo that did not comport

8    with Number 13, "Respond to requests for additional

9    information through a Board update, special report,

10   Board agenda items, or a Board workshop"?

11       A   No.

12       Q   How about Number 17?

13       A   No.

14          MR. NELSON:  Why don't we take a quick break.

15          MS. BEANUM:  Sure.

16          THE VIDEOGRAPHER:  We are going off the

17   record.  The time is 11:28 a.m.

18                 (Recess taken.)

19          THE VIDEOGRAPHER:  We are now back on the

20   record.  The time is 11:40 a.m.

21   BY MR. NELSON:

22       Q   Are you okay to continue with your testimony?

23       A   I am.

24       Q   ████████████████████████████████████

25   ████████████████████████

DEPONENT: DON AUSTIN
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL

August 26, 2025





DEPONENT: DON AUSTIN
PETER COLOMBO vs PALO ALTO UNIFIED SCHOOL

August 26, 2025

1      A 

2

3

4

5          MR. LOWRY:  Objection, incomplete

6      hypothetical, calls for speculation.

7          MS. BEANUM:  Vague and ambiguous.

8          THE WITNESS:  Still answer?

9          MS. BEANUM:  Yeah.

10         THE WI

11         MR. NELSON:  I think that's all we have.

12         MS. BEANUM:  Okay.  Off the record.

13         THE VIDEOGRAPHER:  Okay.  This concludes

14     today's video record of deposition of Don Austin.  The

15     original media of this deposition will remain in the

16     custody of Talty Court Reporters, Inc. located in San

17     Jose, California.  We're now going off the record.  The

18     time is 11:43 a.m.

19             (WHEREUPON, at 11:43 a.m., the videotaped

20             deposition of DON AUSTIN, was concluded.)

21

22             _____

23             DON AUSTIN

24             _____

25             DATE

1              CERTIFICATE

2          I, LINDA STITES KIRBY, a Certified Shorthand

3     Reporter, CSR No. 5258, in and for the State of

4     California, duly appointed and licensed to administer

5     oaths and so forth, do hereby certify:

6          That the Witness in the foregoing videotaped

7     deposition, named DON AUSTIN, was by me duly sworn to

8     tell the truth, the whole truth, and nothing but the

9     truth;

10         That the deposition was reported by me, a

11    Certified Shorthand Reporter and disinterested person,

12    and thereafter transcribed into typewritten form under

13    my direction;

14         That the Witness shall be given an opportunity

15    to read and, if necessary, correct said deposition and

16    to subscribe the same.

17       (x)Reading and signing was not requested/offered.

18

19         IN WITNESS WHEREOF, I have hereunto set my
      hand this 18th day of September 2025.
20

21

22       _____

23       LINDA STITES KIRBY, Certified
         Shorthand Reporter in and for the
24       State of California, CSR No. 5258

25

**EXHIBIT 132**

Videotaped Deposition of

# Peter Colombo

July 14, 2025

Peter Colombo

vs.

Palo Alto USD

**Contains Testimony Designated Confidential**



www.aptusCR.com | 866.999.8310

Peter Colombo

1    UNITED STATES DISTRICT COURT

2    NORTHERN DISTRICT OF CALIFORNIA

3

4  PETER COLOMBO,

5    Plaintiff,

6    vs.              Case No.
                      5:24-cv-00909-NC

7  PALO ALTO UNIFIED SCHOOL
   DISTRICT, et al.,

8

   Defendants.

9  _____/

10

11

12

13

14    Videotaped Deposition of

15      PETER COLOMBO

16    Monday, July 14, 2025

17

18

19  CONTAINS TESTIMONY DESIGNATED CONFIDENTIAL

20

21

22

23

24 REPORTED BY:  JOHN WISSENBACH, RDR, CRR, CRC, CSR 6862

25      JOB NO. 10167218

Contains Testimony Designated Confidential

Peter Colombo                                    Peter Colombo vs.
                                                 Palo Alto USD

1        Q.  Do you remember how that meeting started?

2        MR. NELSON:  And just to be clear, that's

3   the 11:45 a.m. meeting with both Director Hickey and

4   Deputy Superintendent Bahadursingh, correct?

5        MR. LOWRY:  Correct.



11       A.  So rephrase your -- ask -- could you ask it

12  again, Counsel?

13       Q.  Yeah.  How did that meeting start?

14       A.  I walked in.  The usual -- I didn't really

15  know Trent, you know, but shook his hand.  And Lisa

16  and I had had some conversations, and I've met her

17  before.  And I had met Trent one other time when he

18  came out to watch me teach, with Dr. Don Austin,

19  teach soccer, which was a -- probably like two

20  months before that, you know, just doing a visit.

21  "Hey, I had to come and see Colombo."  And then I

22  remember I -- Aimee Becker was there.

23       I introduced Don Austin and Trent and

24  Sebastian to all the kids, and I said, "Hey, this is

25  my boss, Don.  This is the guy that runs the whole

**Page 65**

**Peter Colombo**

Contains Testimony Designated Confidential

**Peter Colombo vs.
Palo Alto USD**

1  deal."  And, you know, Don loved it and -- but he

2  came out specially to see me.  We had a good

3  relationship at one time.

**4          Q.   Okay.**

5      A.  Trent, you know, I don't know.  And he was

6  very -- didn't say much during the meeting, just

7  kind of looked me up and down a lot.



**Page 66**

**Peter Colombo**

**Peter Colombo vs. Palo Alto USD**





15      Q.  Apart from that.

16      A.  Yeah.  "Can we get your -- we need to get

17  your keys."  You know, and they tried -- "We need to

18  get your keys," and -- you know, and -- and they'll

19  tell you I said, "Well, can I keep -- can I keep

20  coaching?"  And they said, "No, no school grounds."

21  And adios.

22          MS. BEANUM:  This is Alison Beanum.  I'm

23  note for the record that Mr. Bahadursingh is off the

24  line.  Thank you.

25          THE WITNESS:  And my name is Pete Colombo.

**Contains Testimony Designated Confidential**

1      Q.   Okay.

2      A.  Counsel, they made it clear with their

3   actions that they were implying -- they -- they were

4   trying to get me to retire.  But we'll get into that

5   more later, I'm sure.



**Contains Testimony Designated Confidential**

2        And then when that didn't work, "Well,

3  we'll have some mediations.  We'll have some

4  mediations."  And then I -- you might have been

5  there for one.  "And we'll offer him $200,000, but

6  when he's on his way home from the deposition in

7  Oakland, we're going to drop it down to 178,000,

8  just to mess with him a little bit, his --

9        MR. NELSON:  I'm just going to stop --

10        THE WITNESS:  -- "his emotional" --

11        MR. NELSON:  -- you right there.  You're

12  not supposed --

13        THE WITNESS:  Okay.

14        MR. NELSON:  -- to talk about stuff --

15        THE WITNESS:  Okay.

16        MR. NELSON:  -- that happens in a --

17        THE WITNESS:  All right.

18        MR. NELSON:  -- mediation.

19        THE WITNESS:  All right.  Well, I'm --

20  with --

21        MR. NELSON:  So I'll label --

22        THE WITNESS:  Okay.

23        MR. NELSON:  -- that as confidential.

24        THE WITNESS:  All right.

25        MR. NELSON:  And I'll even move to strike

Page 219

**Contains Testimony Designated Confidential**

1  it.

2       THE WITNESS:  All right.

3       MR. LOWRY:  I'll join --

4       THE WITNESS:  Fine.

5       MR. LOWRY:  -- to strike it.

6       THE WITNESS:  Thank you.  Thank you,

7  Counsel.

8       And --

9       MR. NELSON:  I didn't -- didn't know where

10  he was going till it was --

11       THE WITNESS:  No, no, Counsel --

12       MR. NELSON:  -- too late.

13       THE WITNESS:  -- thank you.  Thank you for

14  striking.



Peter Colombo



20  BY MR. LOWRY:

21       **Q.   Okay.   And anything else that you believe**

22  **they did to try to force you to retire?**

23       MR. NELSON:  Besides what may be in those

24  notes that we still haven't really --

25       THE WITNESS:  Yeah, I mean, a lot of it's

**Contains Testimony Designated Confidential**

1        So in 2001 and '2, there was a different

2   place for Fletcher.  It was called Terman.  It was

3   behind --

4   BY MR. LOWRY:

5            Q.   Let me --

6      A.  So what are you talking about now?

7            Q.   Thank you for clarifying.

8                 Where would you like to be assigned to

9   be --

10     A.  Greene Middle School.

11           Q.   -- to be a PE teacher?

12     A.  Yes.

13           Q.   You would like to be at Greene?

14     A.  Yes.

25           Q.   And at any time have you ever run into

Peter Colombo                                                    Peter Colombo vs.
                                                                      Palo Alto USD

1           CERTIFICATE OF REPORTER

2           I, JOHN WISSENBACH, a Certified Shorthand

3    Reporter, hereby certify that the witness in the

4    foregoing deposition was by me duly sworn to tell

5    the truth, the whole truth, and nothing but the

6    truth in the within-entitled cause;

7           That said deposition was taken down in

8    shorthand by me, a disinterested person, at the time

9    and place therein stated, and that the testimony was

10   thereafter reduced to typewriting by computer under

11   my direction and supervision and is a true record of

12   the testimony given by the witness;

13          That before completion of the deposition,

14   review of the transcript [ ] was [ X ] was not

15   requested.  If requested, any changes made by the

16   deponent (and provided to the reporter) during the

17   period allowed are appended hereto.

18          I further certify that I am not of counsel

19   or attorney for either or any of the parties to the

20   said deposition, nor in any way interested in the

21   event of this cause, and that I am not related to

22   any of the parties thereto.

23          DATED: 7/24/2025

24

        _____

25          JOHN WISSENBACH, CSR No. 6862

**EXHIBIT 133**

<u>NEWS</u>

# Dems Censure One of Their Own for Flouting Rules of Decorum

By **Nicholas Chan** / September 10, 2019                              27

Shay Franco-Clausen (right) skipped the meeting where the DCC announced its formal rebuke.

 (/#facebook)        (/#x)        (/#email)

 (https://www.addtoany.com/share#url=https%3A%2F%2Fwww.sanjoseinside.com%2Fnews%2Fdems-censure-one-of-their-own-for-flouting-rules-of-decorum%2F&title=Dems%20Censure%20One%20of%20Their%20Own%20for%20Flouting%20Rules%20of%20Decorum)

The verdict's out.

A couple months after a complaint was filed against Santa Clara County Democratic Central Committee (DCC) member Shay Franco-Clausen for leaking confidential details (https://www.sanjoseinside.com/2019/07/24/local-pol-under-fire-for-disclosing-details-of-confidential-police-call/) about a 911 call involving a fellow activist, the party has spoken. And while she won't be ousted from her non-voting position on the e-board, she has been censured by her peers.

"The executive board members determined that Franco-Clausen had violated the rules of decorum," DCC Chairman Bill James told San Jose Inside last week at the party's monthly meeting. Only one e-board member voted against censuring Franco-Clausen, he added, and a couple abstained "for various reasons."

But neither allies nor detractors of Franco-Clausen were satisfied with the ruling.

James' measured announcement Sept. 5 prompted one of Franco-Clausen's sympathizers—namely Jordan Eldridge, who worked on her failed San Jose City Council campaign last year—to yell "bullshit" from the back of the room. Allies of the woman involved in the 9-1-1 call in question, meanwhile, sat at the front of the room and showed no emotion at all.

"I'm shocked that they decided to censure her," said Jennie Richardson, a friend of the Democratic leader whose private medical information was disseminated by Franco-Clausen. "She should've been removed."

EXHIBIT 133 - 001

Officer Clausen apparently then told her wife about the identity of the woman. Franco-Clausen subsequently texted at least two other community leaders, suggesting that the woman didn't have a medical condition and that something more salacious was afoot.

"That brings up multiple issues—the fact that she was spreading information that was false and the fact that she got that information from a police officer who should not have been discussing a call that they responded to," Richardson said.

Franco-Clausen, an appointed trustee of the Santa Clara Valley Open Space Authority, didn't respond to San Jose Inside's requests for comment.

*A previous version of this story said a Region 7 party delegate was one of the people who shouted in response to the censure when, in fact, he did not. SJI regrets the error.*

 (/#facebook)        (/#x)        (/#email)

 (https://www.addtoany.com/share#url=https%3A%2F%2Fwww.sanjoseinside.com%2Fnews%2Fdems-censure-one-of-their-own-for-flouting-rules-of-decorum%2F&title=Dems%20Censure%20One%20of%20Their%20Own%20for%20Flouting%20Rules%20of%20Decorum)

*Nicholas Chan is a journalist who covers politics, culture and current events in Silicon Valley. Follow him on Twitter at @nicholaschanhk (https://twitter.com/nicholaschanhk) .*

EXHIBIT 133 - 002

## 27 Comments

1.  **MAURICE INONI** _Sep 10, 2019 @ 3:18 pm_

   Her supporters (enablers) should be relieved that she was ONLY censured for this, and glad that her behavior during her campaign for city council hasn't yet been aired out. She has long protected herself by weaponizing her identity, calling any and all criticisms attacks on her for her identity or fake, when many of these criticisms are not. She has made a habit of threatening people and using her high profile among local Democrats to shield herself against backlash, and was definitely abusive to the young people who volunteered for her campaign, not to mention fraudulent about compensating those who worked for her. Good riddance!

   **REPLY**

   - **JERRY TUTTLE** _Sep 10, 2019 @ 7:12 pm_

     Yep, ask Jordan. He is doing that for Maggie

     **REPLY**

2. **JERRY TUTTTE** _Sep 10, 2019 @ 5:20 pm_

   Who is Carrasco' manager?

   **REPLY**

3. **JERRY TUTTTE** _Sep 10, 2019 @ 5:46 pm_

   So Jordan Elridge, who is running Carrasco's campaign attacks the Central Committee for rightly censuring Shay Clausen for revealing medical details, because Shay Clausen and him share stingers after the meeting. Elridge should be condemned, and Carrssco, wife of DeLeon the Groper, should disavow him. If Carrasco is one the board, Jordan gets health records of opponents and tweets them out. In Sacranento accused Kevin Tittle Fingers of pursuing then, Carrasco was given their tax records.

EXHIBIT 133 - 003

 **REPLY**

○ **STEVE** *Sep 10, 2019 @ 9:27 pm*

Jerry Tuttle aka James Rowen, why are you so obsessed with Carrasco. She is not even mentioned in this article.

 **REPLY**

■ **G PEREZ** *Sep 10, 2019 @ 10:05 pm*

Huh

 **REPLY**

4. **JORDAN ELDRIDGE** *Sep 10, 2019 @ 6:23 pm*

Jerry,

I'm not managing Carrasco's campaign. I also didn't manage Shay's campaign.

San Jose Inside does not care about facts. San Jose Inside is the complainer's personal attack outlet. This is not about Shay releasing medical information because it was proven to be a false slanderous statement. The censure of Shay was about the complainer's hurt feelings being called "dishonest". I was there, no joke.

Some folks may not like Franco-Clausen. However, none of this is factually accurate. Facts included in interviews with Shay were not included in these yellow journalism attack articles.

The Democratic Party has received many complaints from Shay regarding bullying behavior from male folks in the Democratic Party, and none of those complaints were looked at twice by Chair Bill James. The Democratic Party has received complaints from other members regarding a male individual shoving a female member of the Central Committee, but those complaints were never given

EXHIBIT 133 - 004

a hearing. A male political consultant attacks a member of the central committee at an endorsement meeting and nothing happens.

This is completely political. Bill James is afraid of this person and won't stand up and do what is right. Unequal treatment that tends to be against individuals of color than running a fair process. (Forrest Williams' removal, and this)

No one likes anyone personally bad-mouthing them privately with another friend, but everyone does it. This is not a Democratic Party issue, it is a personal conflict between two people.

And it is pretty sad that San Jose Inside and it's readers take everything that is written on this site as fact, even though this site is a personal political attack machine of the complainer and her allies.

 REPLY

---

o   **G PEREZ** _Sep 10, 2019 @ 9:42 pm_

What is this about? Some smug thirtysomething bullies somebody by texting a 911 report to ger buddies. And another whiner who is raising money for big shots is whining that she got chewed out. Neither one actually does work, and the rest if ys struggle over making a living while these little darlings whine about no one understanding them
Gosh, do these whipper snappers ever talk about helping the public?

 REPLY

---

o   **MAXV** _Sep 10, 2019 @ 11:00 pm_

I was there too a Jordan. You and Shay are the dishonest with no hurt feelings about that!

 REPLY

---

o   **SEAMUS VERDE** _Sep 11, 2019 @ 12:01 pm_

1) it's funny how you accuse SJI of yellow journalism when they've received numerous awards, year after year, for their truth telling. 2) speaking of truth telling, you're right, bill james should address more issues in the dem party. for instance, your repeated outbursts which people always end up having to apologize for as "oh, that's just jordan."

EXHIBIT 133 - 005

much like parents do for that one kid that always melts down at gatherings of other kids. but they grow out of it. 3) maxv seems fairly accurate on shay who will eventually be held accountable for all her behavior.

 **REPLY**

> • **JORDAN ELDRIDGE** *Sep 23, 2019 @ 5:23 pm*
>
> you are the biggest bully of them all, Shawn Cartwright.
>
>  **REPLY**

5. **JERRY. TUTTLE** *Sep 10, 2019 @ 7:09 pm*

Carrasco=Jordan Eldridge, treasurer.

Shay Franco-Clausen, Eldridge.

"Anyone who was against the recall of Persky?"

So, you defend people who did not favor recalling Judge Let Them Go Aaron?

No wonder you are the money guy, it is on the 460, for Carrasco picking up the checks raised by the wife of Kevin the Groper, who took the female legislators in the bathroom, and locked the door with a roper.

So Shay Franco Clausen can leak personal details of a 911 Caller and it is okey dokey.

And it all about Persky?

I am sure Brock Turner who raped an unconscious woman and said, oh, please, I am sorry. Aaron just lets him go. So places in the world, ol Brock would be attended to.

But if you are a Stanford swimmer, or a State Senator, you can move your hands around the town. By the way, ol Maggie Carrasco got money from Ruben Kihuen, a Nevada legislator and Congressman who did tummy rubs with staffers as well as Don Juan DeLeon.

And you help them out, it is ok to Twitter a women,s cry for help in Palo Alto because Shay Franco Clausen was bored.

 **REPLY**

○ **JORDAN ELDRIDGE** *Sep 10, 2019 @ 7:59 pm*

EXHIBIT 133 - 006

Nope. I supported the recall. I was in their videos. But when I see bullying and intimidation, I call it out.

 **REPLY**

▪ **MAXV** *Sep 11, 2019 @ 8:54 am*

The bullying comes from Shay who has bad blood for the recall women. Shay was pro Persky and pro Judge Cordell whom per Shay's was not treated nicely by the recall women. Shay engages in gross behavior. When some call out her gross behavior, she brings her lesbian card to the table. If LGBTQI community want equality, they will get that. This includes making them accountable for gross behavior. Your gay card is not going to give you a break Shay even if you bring your gay friends to support you when call out!

 **REPLY**

○ **ROBERT CORTESE** *Sep 11, 2019 @ 8:43 pm*

Hi Tuttle.

>No wonder you are the money guy, it is on the 460,

I wanted to check that. Unfortunately the 460 from her last election is no longer available.

Prior Elections: After January 1, 2018, all documents are on file in the City Clerk's Office. Contact us at

ci********@sa*******.gov

or at 408-535-1260 to request copies.

Not sure how this flew under SJI's radar, but this change should not have happened. These are public documents, we're paying out the nose in taxes for this service, the city needs to provide that.

 **REPLY**

EXHIBIT 133 - 007

6. **ROBERT CORTESE** *Sep 10, 2019 @ 7:49 pm*

What a fairweather friend Jordan is.

>Bill James is afraid of this person and won't stand up and do what is right. Either that or you want him to do wrong, and you disagree.

Back in February. https://imgur.com/a/KlCjPp3

>"Bill James donated to Jordan Daniel Eldridge's birthday fundraiser for The Trevor Project."

>Jordan Daniel Eldridge Thank you so much Bill!

I made a meme out of this. https://imgflip.com/i/3a8hpe

 REPLY

7. **THE TRUTH** *Sep 10, 2019 @ 8:00 pm*

That Jordy clown is a hack. We need those who can be trusted to carry the mantle of the Democratic Party. He's jealous that he can just never manage to pick a winner. Perhaps he should stop hanging around with his friends who have a hard time spelling the names of local schools. Speaking of schools, Jordy should stop lurking in school playgrounds looking for "volunteers."

 REPLY

8. **MAXV** *Sep 10, 2019 @ 10:27 pm*

Shay was censured because in one of her many text exchanges with a third party, this person asked her if X person had a near death experience. To this, Shay replied that was not the case and implied mental illness...substance abuse...per her wife's PA Officer. Shay appears to have hurt feelings of those defending this person who were those that supported the recall. She stated those people who supported the recall were mean to judge Cordell who is also a lesbian and Black woman, per Shay's statement. She also stated people misunderstood her text because it was a reference of a comment she made in her twitter account. She thought everyone had read her tweets!!! SJI could not be there because meeting was not opened to the public. Some people were kicked out. They wanted to protect Shay from more humiliation.

 REPLY

EXHIBIT 133 - 008

9.  **THE ONE TRUTH** *Sep 11, 2019 @ 2:17 am*

People need to look at the actions of Omar torress. Have heard he talks to much and tells other people their business. Supper gossiper.

People need to look at Eric Strokerrr, have heard he is just a bully who starts trouble with everyone he has worked with ever! I am sure people can tell you examples.

People need to look at Rich Tran, he has no idea what he is doing and have heard he has not gotten a young dem endorsement lololololol.

People need to look at that Lan guy from san jose. I heard he is a whole different person behind close doors like undercover style.

People need to pay attention to pam folley, have heard she is really mean behind close doors to people she works with.

People need to look at the alum rock district. We all know what they have done.

People need to look at the milpitas school board district. Have heard many of them board members are egotistical and quick to back stab.

Dun Dun Dun. Maybe more news to come.

 **REPLY**

10.  **LISA MORENO** *Sep 11, 2019 @ 8:35 am*

I read all of this from my apartment in Gilroy and it makes me sick. I do not care about hack's obessiins with other elected hacks. They are all obsessed with each other and not our problems. But from what I read in Dan Jose Inside over the years, only two or theee of the same elected officials employ these bums. Sorry, but I have to beg your attention, Ms. Carrasco, Mr. Liccardo, Mr. Cortese do seem to like the style of these punks. The protests over the censure seem to come from people who run and play with this Franco Clausen who is lucky she has not been sued.

I read about Omar Torres and Tran, and I never read about what they are doing for housing or schools, just about their hobbies in being little bully boys. Why does Franco Clausen deserve to be a council member? She ran a business? This Ekeidge worked 11 hours a day making pizzas or does he just sit at home plotting the march through the state capitol for wage hikes. Why do we have to elect people with ties to serial abusers of women in the Legislature? Michele Dauber might be obsessed, but she is obsessed over keeping women safe, so I am grateful.

This Torres, this Tran, this Franco Clausen like to be on the blogs about pushing people around. Maybe their bosses need to use that energy to get us transit busses and good things.

EXHIBIT 133 - 009

 **REPLY**

11.  **MAXV** *Sep 11, 2019 @ 8:44 am*

I totally agree with Omar Torres being a gossipy agency. This is why he could see no wrong on Shay's gross gossiping behavior!

 **REPLY**

12.  **NOTTHEFIRSTTIME** *Sep 11, 2019 @ 1:13 pm*

LET'S GET SOMETHING CLEAR HERE: the fact is Frano-clausen actually didn't spread truthful medical info she spread lies..she texted it was not true, that this person was lying and was actually not sick and that she could confirm it because her wife was at the scene. She also went on to state that the person who was sick was dishonest. When Franco Clauson was asked to explain what she meant by dishonest, she didn't have an example and then stated "everyone has a different definition of what dishonesty isa nd I am not the only one who thinks so" I have seen the texts and spoken to the person who received the texts. The situation was not at all how Frano-Clauson has explained away the incident. There was no conversation about twitter this person isn't even on twitter. I do agree that bullying must stop, our appointed and elected officials must be held to the highest of standards. It makes me sad that people are using this forum to bash people who aren't involved in the issue. Eleridge has no idea of what happened either. It is true that many people already knew that this person was sick..that isnt the point, the point is those people told others she was sick and Franco Clauson told people she was lying and in a mallious way by adding that the person was dishonest. Police Officer Clauson should not have shared info with her wife in the first place, that is a matter for the PAPD to take care of...but the issue is Clauson Franco told other people and in the process slandered the person who was ill. I am glad it was called out, there is a long line of people who have their own stories about Clauson Franco

 **REPLY**

○  **JORDAN ELDRIDGE** *Sep 23, 2019 @ 5:30 pm*

Jennie,

I have screenshots of MD outing her own medical issues on twitter. This whole thing is ridiculous.

EXHIBIT 133 - 010

How about we get everyone's text messages to see who talks bad about others. I am sure everyone would be guilty of using private messages to share how one feels about someone else. People have the right to not like someone else.

The Democratic Party Executive Board had absolutely no authority to "censure" a Director of the SCCDP. The only power they have is to remove a Director, and they chose not to. The authority of a "censure" is up to the full membership of the Central Committee. Bill James, as Chair of the Santa Clara County Democratic Party, is not a dictator. He can't do whatever he thinks he wants to do. He, too, has to follow the SCCDP Bylaws and he clearly didn't.

 **REPLY**

13.    **JUSTUS1** *Sep 11, 2019 @ 5:59 pm*

I have worked with Shay and Yolanda for years and know them to be solid, caring and committed to equity, social justice, and inclusion The will continue to the fight the good fight and I stand with them.

 **REPLY**

○    **SJOUTSIDETHEBUBBLE** *Sep 14, 2019 @ 8:58 am*

> I have worked with Shay and Yolanda for years and know them to be solid, caring and committed to equity, social justice, and inclusion

You left out truthfulness and honesty.

Is there a reason you left out truthfulness and honesty?

 **REPLY**

○    **SJOUTSIDETHEBUBBLE** *Sep 14, 2019 @ 9:06 am*

> that this person was lying and was actually not sick

It's pretty obvious by now, who "this person" is.

By not stating explicitly who is being referred to as "this person", San Jose Inside is engaging in and collaborating with the the deceitful sophistry of local Democrat Party politics.

EXHIBIT 133 - 011

SJI has the right to be a Democrat Party organ, but their are tax and FPPC consequences.

A "newspaper" is looked to to print "All the news that's fit to print".

 **REPLY**

14.  **HUGH BIQUITOUS** *Sep 16, 2019 @ 3:44 pm*

"The executive board members determined that Franco-Clausen had violated the rules of decorum," Wait, wait, wait – – -they have Rules of Decorum? Are we presupposing they A. have decorum and B. there are actual "rules" about said decorum. If SJI had any investigative chops – you should start at the beginning. Show us the "rules of decorum" and then let readers evaluate the merits of the case from there.

EXHIBIT 133 - 012

**EXHIBIT 134**

**Palo Alto Online**

NEWS

# City Council has questions about mishandled 911 call

*While voicing support for city manager, council members say they're still getting more details about the June 3 incident and subsequent policy changes*

by **Sue Dremann** and **Gennady Sheyner**
September 24, 2019 9:20 am Updated July 11, 2025 9:19 am

Palo Alto City Council members on Monday afternoon said that they still have questions about the police response to a June 3 911 call during which a resident with stroke-like symptoms was kept from receiving medical aid for 14 minutes, but at the same time the council members expressed faith in City Manager Ed Shikada to provide those answers to them.

Mayor Eric Filseth learned about the incident after a phone call from the woman's husband in July, he told the Weekly on Monday, Sept. 23. Filseth said he has had a number of conversations with Shikada and a couple of discussions with City Attorney Molly Stump. Most of those exchanges have focused on decisions made regarding the city's staging protocol.

"There are still a number of unanswered questions," Filseth said, such as "why there is not camera footage from the sergeant (Adrienne Moore)."

On Monday morning he viewed and listened to the body-camera audio and video of the other officer who handled the 911 incident, Officer Yolanda Franco-Clausen.

"Overall, it looks pretty much to me like the emergency responders (police) were trying to diagnose and respond" to the woman, he said, adding that he is not an expert on such matters.

on June 3 by trying to assess the woman's condition rather than determining that she posed no harm to the paramedics who were standing by, ready to treat her.

Filseth said he expects an update from Shikada and called the matter "an operational issue." The council's role is to review the policies and procedures and the update from Shikada, and to see if the city staff did what they were supposed to do, he said.

Councilwoman Lydia Kou voiced concern that the council as a whole was not informed about the incident, which she learned about through residents' letters to the council this weekend.

"I have heard very lit[tle]...

Information about the ... munity, she added. When incidents like this happen, residents are going to look to the council for answers, she added.

After learning about it, Kou said she asked Shikada for details, and he provided her with a summary. Discussions are apparently still ongoing, she said. Kou is scheduling a time with Shikada to look at some of the police video recordings, she said.

The council should have a more direct role in refining some of the policies pertaining to the handling of emergencies like this one, she said.

"Definitely, some procedures should come from the council and be included. There definitely needs to be some direction from the council," she said.

Councilman Tom Dubois said he was first apprised of the situation by the woman's husband. But while he knows the husband's version of the incident, he said he doesn't know the full story from the police and dispatchers.

The city operates under certain constraints related to privacy and legal concerns, he said, regarding Shikada's refusal to allow staff to answer questions by the Weekly. (As for the woman's privacy, she had provided permission to Shikada to discuss her case with the Weekly, however.)

DuBois also said that what the Weekly stated in its Sept. 20 story on the incident regarding the city's lack of responsiveness to its questions differed from the impression he received from Shikada. Dubois said the city manager had indicated to him that he "spoke" with the Weekly.

Filseth noted that Shikada had sent a summary of some of the changes the city's made since the June 3 call to the Weekly in a statement in early September. Part of that statement was published in the Sept. 20 story.

Councilwoman Alison Cormack declined to say in detail what steps she felt the council should take, beyond allowing the city manager to present updates. She also declined to say when staff had apprised her of the incident.

In a brief statement by phone on Monday, she said: "The city manager has carefully reviewed the incident and some changes have already been made to the way our first responders do their work. He will keep the council updated."

At Monday's council meeting, Shikada said that since the June incident, staff has undergone additional training and revised the city's "staging practice," which requires fire crews to wait until police assess the situation before they provide medical services. The staging in the June 3 incident delayed the woman's treatment.

Shikada called the staging practice "an unfortunate byproduct of today's public safety environment where police and fire encounter unpredictable and potentially dangerous situations."

"The city is adjusting its practice to more effectively ensure the approach addresses its goals, and this review is continuing," Shikada said. "Since June, the city has provided additional training for staff, and revised the city staging practice and other protocols to improve our public safety response."

He also said in a **statement** that was posted on the city's website Monday that the reinforced policy and training only requires staging "when there is clear indication of the risk of harm to city personnel."

"For incidents where emergency dispatch knows or reasonably suspects that violence has occurred, or the potential exists, the call will be dispatched with instructions to both the Police and Fire departments to 'proceed with caution,'" the statement reads.

Dubois said he thinks the city took the issues raised seriously.

"Of course, the council has a role in oversight. … I think the council should review protocols making sure that people are properly trained," he said.

Council members Liz Kniss, Greg Tanaka and Adrian Fine did not return requests for comment.

***Related content:***

• **A tug of war: City keeps changing its mind over releasing information about the June 3 incident**

• **The 12 questions the city won't answer**

• **TIMELINE: The 911 call: What happened when**

• **Editorial: When local government leaders refuse to answer questions, they become their own worst enemies**

After being dispatched in response to a 911 call on June 3, Palo Alto police O!cer Yolanda Franco-Clausen drives her patrol vehicle to the scene, taking 11 minutes. Photo courtesy of Palo Alto Police Department.



## anon

September 24, 2019 11:09 am at 11:09 am

Thank you Sue Dremann for great coverage of this incident.

Is is extremely disappointing to say the very least, that three of our Council members Kniss, Fine and Tanaka did not feel it was their duty to "return requests for comments".

That an elected official would duck the press in this manner especially given the alleged lack of communication from the city manager and staff regarding this incident, is a very poor decision…..not leaders!



## Resident

September 24, 2019 11:19 am at 11:19 am

Cormack "declined to say" when she heard and what Council should do? Her arrogance toward the community comes out in almost every interaction.

How about the City Manager keeps the *community* (not individual PACC members) updated in terms of changes they are making? This 'circle the wagons' instinct didn't serve the school district well (they now seem over it); it won't serve the city well either.



## senor blogger

September 24, 2019 12:21 pm at 12:21 pm

So , Now a Heart Attack victim has to wait for the Police to complete an investigation before "emergency " transport to the hospital. Outrageous!



## Online Name

September 24, 2019 12:50 pm at 12:50 pm

"Is is extremely disappointing to say the very least, that three of our Council members Kniss, Fine and Tanaka did not feel it was their duty to "return requests for comments"."

Indeed. Incredibly arrogant but standard practice for them as the city's satisfaction ratings keep tanking while hey keep ignoring those pesky residents' complaints about little things like traffic, gridlock, rising utility rates, unfunded pension liabilities,

unwanted spending on road furniture, under-parked new developments, office construction moratoria, etc. etc.

Nope, no traffic problems here. "Car-light" fantasies to justify under-parked new construction that maximize their developer backers' profits– until they stick US with a $9,000,000 for car chargers on private property.

Remember who rushed through the City Manager's appointment without considering other candidates and who granted him an extra year's salary if he were to be fired — as if we're not facing soaring UNFUNDED pension liabilities for the highest paid municipal employees in the state.

Good for Filseth, Kuo and DuBois for responding and shame on the others for their mind-boggling arrogance.



## quidproqou

September 24, 2019 1:15 pm at 1:15 pm

It's very concerning that a Sergeant such as Adrienne Moore would not have bodycam video. It's especially suspicious since she gave the order to Clausen to turn her bodycam on, and is well versed in all PAPD guidelines regarding the use of video in all police interactions.

I hope Moore is held to accountable by the City Council given her many mistakes on June 3rd. I don't think a demotion to officer would be out of the range of consideration.

Sweeping this under the rug damages the City's reputation and under cuts the trust of it's many residents.



## novelera

September 24, 2019 2:12 pm at 2:12 pm

Yep, the gang of four: Tanaka, Fine, Kniss and Cormack can't even be bothered to say there are legal restraints preventing them from saying too much. They are always right there when it comes to voting for this town to be crowded into a small NYC at the bidding of their developer contributions. But someone almost dying…can't be bothered.



## Nick

September 24, 2019 3:02 pm at 3:02 pm

I'll be blunt. Fire everyone who screwed up and if the city council can't be bothered to respond to the community, vote them out. People need to take their jobs seriously, and do their job correctly. No excuses.



## mauricio

September 24, 2019 3:59 pm at 3:59 pm

..Is is extremely disappointing to say the very least, that three of our Council members Kniss, Fine and Tanaka did not feel it was their duty to "return requests for comments"..

EXHIBITS 134 - 006

They are on the council to represented real estate developers and commercial interests. They can't be bothered with anything else.



## Profiles in mediocrity

September 24, 2019 4:27 pm at 4:27 pm

Mayor Filseth: "Overall, it looks pretty much to me like the emergency responders (police) were trying to diagnose and respond" to the woman, he said, adding that he is not an expert on such matters." But the story shows that the police spent five minutes quizzing the woman about whether she was drunk or needed a psychiatrist while the actual medical responders stood by watching her have a seizure. I'm not an "expert on such matters" but I hope that Filseth will at least employ common sense.

Tom Dubois: "Councilman Tom Dubois said he was first apprised of the situation by the woman's husband. But while he knows the husband's version of the incident, he said he doesn't know the full story from the police and dispatchers." When did he learn the story from the husband? What has he done since to find out the "full story from the police and dispatchers"? I hope that Dubois will at least exercise an ordinary level of curiosity.

Alison Cormack: "Councilwoman Alison Cormack declined to say in detail what steps she felt the council should take, beyond allowing the city manager to present updates. She also declined to say when staff had apprised her of the incident." The incredible disappearing Council member. I hope that Cormack has some dim memory of who elected her and why. Spoiler alert: it wasn't the City staff.

And finally, the ringmaster himself, Ed Shikada: "Shikada called the staging practice "an unfortunate byproduct of today's public safety environment where police and fire encounter unpredictable and potentially dangerous situations."
This is a funny way to describe systematic violations of city policy. If anything, it validates the policy violations and assures that they'll continue.

With these leaders, who can expect that this will be faced squarely, transparently, and effectively?



## Kristin

September 24, 2019 4:57 pm at 4:57 pm

"The woman and her husband claim that police overstepped their role on June 3 by trying to assess the woman's condition" Guess what? This will happen again. This is the new Community Policing initiative. "Empowering" police officers, aka "problem solving". In the good old days, when police were simply Law Enforcement, they left the "problem solving" such as medical issues up to Fire (or as we know it, EMTs. Things have changed.



## Barry

September 24, 2019 8:41 pm at 8:41 pm

Everybody is focusing on the initial staging delay of he medics in order to avoid the more egregious offenses which demonstrate the culpability.

First and foremost as the medics were loading the woman into the ambulance the two officers were still asserting the woman was having a psychological issue even though she was suffering from brain tumor.

Two, Ofc. Clausen conducted an illegal search of the home and personal belongings of he woman and did so when there was no evidence that the woman had violated any ordinance or law.

Three, Ofc. Clausen violated the ethical code of peace officers by divulging the private information of the victim to others.

Four, City Attorney Moll stump stated Sgt. Moore's video existed. And then later said it did not. Detective 101, when he subject changes his/her story the subject is lying to cover up.

Five, the pd and city staff are not being open, honest and transparent by clearly stating why there is no video or GPS of Sgt. Moore's vehicle. That's like Donald Trump withholding information from congress. The City council and all of Palo Alto would have Trump impeached, removed, from office for withholding information the people who have a right to know.

So why is the City Council not demanding that Ed Shikada, Molly Stump and Chief Jonsen resign? The council has the authority to do by the way for these officers serve at the pleasure of the council and can terminate employment for any reason at any time.



## Anonity

September 24, 2019 10:29 pm at 10:29 pm

Looks like the PA city council members, the city manager, the city attorney, the police department, maybe even the fire department aren't always reliable or can be counted on by people in this city. Sounds like excuses are Plan A. Did Trump just move into Palo Alto? Same tactics.



## Online Name

September 25, 2019 12:30 am at 12:30 am

"Two, Ofc. Clausen conducted an illegal search of the home and personal belongings of he woman and did so when there was no evidence that the woman had violated any ordinance or law."

Absolutely outrageous AND illegal. This warrants a complete investigation and appropriate disciplinary action if it's an isolated incident. If this is standard practice, it must be changed.

Again, comments from the city manager and city council are in order.



## Me Too

September 25, 2019 1:24 am at 1:24 am

"Shikada called the staging practice "an unfortunate byproduct of today's public safety environment where police and fire encounter unpredictable and potentially dangerous situations.""

If that's so, then it's doubly important for this incident to trigger a look at longstanding biases against women that give rise to kneejerk questioning a woman's mental health in so many arenas of our culture, especially medical and emergency response situations and especially older women.

There were a lot of mental health ambulance calls to our local schools over the past several years — did the police and emergency responders cause these kinds of delays to our schools?

Is this "byproduct" warranted, or is it simply creating dangers for the public without in any way improving safety for first responders?



# Ray

September 25, 2019 1:46 pm at 1:46 pm

When this story was first reported, I posted a note about how a bungled emergency call for help by my daughter to a Lexington, Massachusetts number (911 was not in effect in Lexington at the time)resulted in her untimely death. A subsequent investigation by an attorney commissioned by the city found several failures in the system from an untrained responder, faulty senior management, multiple communicatioin systems that couldn't communicate with one another. I was living in Palo Alto at the time and spoke to the person who managed PA's 911 system because I was struck by how badly a system had failed. He was kind enough to letme see our system in operation including allowing my wife to call in and to see how fast the police could respond. I wrote a letter to the Lexington newspaper explaining how our system worked and how expensive it was to maintain such a system, but that I would rather have Palo Alto than Lexington if I needed help.

I write this not in anger, but only to reinforce what I felt in 1994 and now. A system designed to help people when it is needed should not fail. I think that police and fire personnel, anyone who who does the work they do, have the toughest jobs possible. They need the best training, equipment, and management that the City can provide, a City that doesn't waffle but takes the issue head on. Whatever it takes.



# Another woman....

September 25, 2019 5:50 pm at 5:50 pm

I so, so agree with you Ray.

Criticism of this incident is not the same as sweeping criticism of emergency personnel. But we cannot keep a first-rate system if there are people in it whose first reaction is CYA rather than learning from a mistake and trying to improve.

I think any reaction to this incident that smacks of CYA needs to result in people being removed from any departments involved in public safety and possibly from service in Palo Alto. People who dig in on mistakes rather than using them to make things better are why we end up with disasters, which are usually cascades of mistakes.



# David

October 1, 2019 4:25 pm at 4:25 pm

Regarding the incident where the resident was suffering from a seizure and medical assistance was delayed due to misguided communications and directions, the law enforcement leadership should simply learn from the situation, admit mistakes were made and reach a settlement with the resident. Remaining defensive gives the appearance of concealing some type of wrongdoing. Law enforcement and all first responders face many difficulties in assessing any emergency situation.

The person involved in a 911 call could have criminal, psychological, emotional, age-related issues or simply a serious health condition that needs immediate attention. The dispatcher and police response errors were not intentional, but additional training and knowledge can help them in making the distinction between a psychiatric and a medical emergency. Persons suffering from dementia can display similar behavior as the resident in this situation, but usually a person with dementia does not request to be taken to the hospital. A person with dementia usually wants to be left alone and often informs all first responders that he or she is ok and does not need help. This one factor would have made a dramatic impact on the type of action by the dispatcher and police. Rather than delay the medical assistance that was necessary, the resident would have received the tests more promptly. Fortunately, the resident did receive proper treatment, including surgery, but the situation could have ended tragically due to the delay in care. I understand the city and police are always concerned with liability. Like personal trials, government trials can be costly and it is usually better to settle than to take the risk of losing much more if the jury reaches an unfavorable decision.

---

© 2025  Palo Alto Online

# EXHIBIT 135



Claire Best    Follow    8 min read · Nov 25, 2022

359    3

Katie Meyer's suicide should be blamed on Michele Dauber, Stanford and the Department of Education's Office of Civil rights under Catherine Lhamon

Stanford University has been sued for the wrongful death of a student: that of Soccer star Katie Meyer. Shortly after the suit was filed, Stanford Law Professor Michele Dauber who has prided herself on "ranting" on social media, deleted her Twitter handle. Screenshots of Dauber's vile tweets over the years demonstrate the abhorrent standards of Stanford's when it comes to Michele Dauber's tweets that could easily lead any student to commit suicide.

"The actions that led to the death of Katie Meyer began and ended with Stanford

 

**Medium**    Search    Write    Sign up    Sign in

allegations that sparked the potential disciplinary action.

EXHIBIT 135 - 001

**Family of soccer star Katie Meyer files wrongful death la[w]suit against Stanford University after...**

The family of Katie Meyer, a star soccer player who died by suicide last spring, has filed a wrongful death lawsuit…

www.cnn.com

Stanford, other universities, colleges and schools in the US have been using disciplinary procedures provided directly or indirectly from the US Department of Education's Office of Civil Rights under Catherine Lhamon or Russlynn Ali who signed the 2011 unregulated "Dear Colleague" Title IX directive. That letter was drafted by Michele Dauber who has regularly used social media to bully, smear students, professors and others including Johnny Depp and his attorney Camille Vasquez.

**Stanford Professor's Tweets Mocking Camille Vasquez A[nd] Johnny Depp Fans**

A Stanford University law professor is facing a barrage of criticism from Johnny Depp fans online after she appeared to…

www.newsweek.com



. Dauber's friend, Catherine Lhamon, running US Ed OCR from 2013–2017 and 2021 to present, stated that the department's

EXHIBIT 135 - 002

focus on star athletes brought attention to campus sexual assault. She threatened to withhold federal funds from any campus that didn't follow the Looking-Glass-esq procedures for discipline using a single investigator model to be jury, judge, executioner.

The "Dear Colleague" Title IX letter ("DCL") spawned a profitable business for several including Brett Sokolow who built an empire on the back of the 2011 federal directive. He was recently sued by a whistleblower for financial misconduct while raking in millions for advising universities, colleges and schools on how to conduct investigations and manage risk. https://www.saveservices.org/2021/09/brett-sokolow-dogged-pursuit-of-a-separate-reality/

**Brett A. Sokolow, J.D.**

Brett Sokolow is the Chair of TNG, LLC ("TNG"), a national multidisciplinary risk management consulting and law firm…

www.atixa.org

**The Corruption at the Heart of Title IX and the #MeToo Movement**

So much for the mantra of speaking "Truth to Power" - these organizations are inseparable from very institutions they…

empowerinnocent.wixsite.com

Stanford has stood by and said nothing about the effects of an ideology that has wreaked havoc on students and their welfare. Students across the country have paid thousands for bloated and biased Title IX administrators

EXHIBIT 135 - 003

while having their own rights severely restricted — rights they would enjoy anywhere other than on a campus subject to the Department of Education's Office of Civil Rights' doctrines: the right to due process.

Stanford didn't even say anything when Michele Dauber used social media to call for extreme violence against Brock Turner, the Stanford Freshman Olympic Swim Team hopeful who was framed as a "rapist" by Dauber. Turner's chances at due process were denied from the start. Even his defense attorney, Mike Armstrong, had taught in Dauber's class and given counsel to her family. Armstrong never told his own client of this conflict of interests.

**Stanford law professor Michele Dauber calls for extreme violence against Brock Turner, 21…**

A tip of the hat to Justice for Men for this. The start of the piece: As reported in the Stanford Daily Post, Michele…

j4mb.org.uk

The writing was on the wall for Katie Meyer — no way out. A disciplinary process that assumes guilt from the start and Michele Dauber, Catherine Lhamon, Russlynn Ali and White House "Not Alone" task force affiliates are to blame. Whatever the truth might be, it hasn't mattered because Stanford, like other campuses, simply followed the rules put in place by a cruel and activist driven Department of Education's Office of (un) Civil Rights.

Stanford knew the details on Brock Turner promulgated to the media by its own tenured professor didn't match the actual records. But they yielded to Dauber's propaganda, silent as she worked behind the scenes, colluding

EXHIBIT 135 - 004

with the DA of Santa Clara County, to turn a 19 year old new student into the face of a rapist — for politics. Dauber is lauded on the Silicon Valley Democratic Committee site. It has been suggested that she should head the California Democratic Party. Student welfare at Stanford and at other campuses has become tertiary to institutional risk management, politics and fundraising for politics under fake social justice causes.

Anyone who stands up to support another student in the US is bullied, ostracized, mocked, smeared, denied education. Students have been hospitalized after being bullied for speaking up in support of other students (accusers or accused). The risk of speaking up is not worth it.

Alongside Katie Meyer, the likelihood is that there are two other students whose rights have also been violated: that of the football player upon whom she allegedly spilt coffee for an alleged sexual assault and that of the minor — the alleged victim of sexual assault. Preponderance of evidence will of course find Stanford guilt free. An "independent" investigation by a law firm specializing in risk management will likely be brought in and help minimize any fallout. Reputations will be protected. Students will be disposable. Stanford denies all responsibility even though Stanford created and endorsed the campus environment in which these events took place: the suicide, the coffee spill incident, the alleged rape.

---

### Get Claire Best's stories in your inbox

Join Medium for free to get updates from this writer.

Enter your email                    Subscribe

---

EXHIBIT 135 - 005

There have been other suicides at Stanford. There have been calls for administrators to step down, for Michele Dauber to be fired. All stonewalled.

---

**Stanford's President and Provost Must Resign**

Under President Marc Tessier-Lavigne and Provost Persis Drell, Stanford has had twelve student deaths and a student…

theymustresign.substack.com

---

**Sign the Petition**

Tenured Stanford Professor Michele Dauber's misandrist, racist, and sexist remarks are out of control. Using her…

www.change.org

---

The rising number of student suicides across the nation is alarming but the Department of Education, administrators, ATIXIA and others fail to admit to their own central role in it all. "Do unto others as you would have done unto you" is absent in the doctrine coming from the Department of Education, White House "Not Alone" task force or their associates.

Katie Meyer is not the first and she will not be the last unless the Department of Education's Office of Civil rights, the White House 2014 "Not Alone" task force and the creators of the 2011 unregulated directive are held accountable for hostile environments on campus and the denial of civil rights.

EXHIBIT 135 - 006

Senators Lamar Alexander and James Lankford warned us about the Department of Education's overreach in 2016. Katie Meyer is a consequence of the department's failure to listen and to act. Catherine Lhamon has been nothing but arrogant and condescending to anyone who questions her.

**Education Dept. Defends Its Approach to Title IX in Face Senate Pressure**

The Education Department is standing by its controversial guidance to colleges on sexual harassment and sexual assault…

www.chronicle.com

**Ending due process: Reinstating Catherine Lhamon at th of Education is a mistake**

It is now so common in Washington to oppose even a president's lower-level nominees that no one takes such opposition…

news.yahoo.com

Katie Meyer's death was entirely preventable. Common sense would have dictated a different approach — a conversation instead of a heartless email. But common sense is missing because common sense doesn't need provide for-profit contracts for Title IX. In 2–4 days training a Title IX co-ordinator can get certified by Brett Sokolow's organization and earn over $100,000 to single-handedly determine the fate of a student. Katie Meyer's school fees would have included several thousand dollars to cover such administrators. But what was their goal other than to traumatize students and conduct bias investigations? Should anyone pay thousands for these administrators to ruin their lives?

EXHIBIT 135 - 007

Stanford's and other universities, colleges and schools administrations have been utterly cowardly at protecting student interests against an invasive and dangerous group of activists tied to Michele Dauber, Catherine Lhamon, US Ed and the White House "Not Alone" task force. These have been fast to back propaganda such as Rolling Stone's "A Rape on Campus" fake story or "The Hunting Ground" documentary and silent when it comes to the very real and tragic consequences of the one-sided ideology put forward in these tales. It's not just one life that is harmed in Title IX investigations. It's multiple lives — all the people directly involved and the bystanders — the ones who live with the guilt of having seen wrongdoing by administrators; the ones who are not allowed to reach out to their friends who have been accused because of the disciplinary process.

**A Coven of Liars: Sabrina Rubin Erdley, Emily Renda and Catherine Lhamon**

Left to right: Sabrina Rubin Erdley, Emily Renda, Catherine Lhamon One of the first journalists to raise serious…

theothermccain.com

**Debunking The Hunting Ground**

Let's be clear. The Hunting Ground is propaganda, or as Ashe Schow writes, it is a propaganda film based on false…

helpsaveoursons.com

No life should be lost on an accusation. No life should be threatened for standing up to be counted. These are students, not adults. They don't have decades of life experience. Why should they be social experiments or labor

EXHIBIT 135 - 008

trafficked for political activists wanting to get ahead in Washington DC?

We saw it in New Hampshire, where the "Dear Colleague" letter was introduced: Concord Police, according to trial records, instructed St Paul's School not to alert its student, Owen Labrie, that he was being investigated and told the school not to contact him. He was framed for the purposes of the White House "Not Alone" task force's mission to tackle "Rape Culture" and Laura L Dunn who worked with Michele Dauber on the "Dear Colleague" Letter instructed New Hampshire's police on how to lead the investigations.

**UNH works to improve law enforcement response to sex**

The University of New Hampshire has been recognized by the White House for being a leader in addressing sexual assaults…

www.wmur.com

Labrie, a scholarship student, was not warned that he would be charged with anything let alone an assortment of 10 felonies and misdemeanors for a he said/she said encounter with no witnesses which, per the trial records, only involved romantic exchanges and giggling. The police asked the school to contact his mother only after they got wind of his suicidal thoughts following their tainted investigation. They took no responsibility for what

EXHIBIT 135 - 009

they'd done either to him or to the other students they'd lied to, stalked, bullied or force-fed tales. Who to thank for their methods? Laura L Dunn — a "Title IX expert" & advisor to the White House "Not Alone" Task Force — an "expert" who'd worked with Stanford's Law Professor, Michele Dauber.

Money, contracts, politics and cover ups have been the name of the game for the White House "Not Alone" task force and its affiliates including Michele Dauber and Laura Dunn. Their viewpoints are supported by the ACLU, Know Your IX, SurvJustice, NSVRC, NCVLI, PAVE, Its On Us, NWLC and others.

Katie Meyer's untimely death is the consequence of harmful and soulless directives from US Ed OCR and Stanford's own law professor, Michele Dauber.

Katie Meyers    Stanford    Title Ix    Suicide    Us Education



Written by Claire Best

200 followers · 29 following

Follow

Responses (3)      EXHIBIT 135 - 010

**EXHIBIT 136**

# EXHIBIT T

EXHIBIT 136 - 001



EXHIBIT 136 - 002

**EXHIBIT 137**



False Allegations
Watch (FAW)

Home     About     Information for Authors     Disclaimer and Victims Statement     Contact

All Posts



empowerinnocent · Dec 5, 2022 · 12 min read

# Is Michele Dauber, Stanford University, responsible for Katie Meyer's suicide? Part 2

EXHIBIT 137 - 001

Trust comes from transp⸱                                                        ⸱ars in media, in politics and in

education at the Title IX of⸱

Amber Heard's Op-Ed whi⸱                                                        ⸱mentions Title IX. Amber

Heard never went to colleg⸱                                                      ⸱nda that is against due

process. An agenda which                                                         ⸱er's despair and untimely

death (see here).

**Some have jumped to a conclusion that I'm a rape apologist. I dispute this. I believe in due process and fair and transparent processes. Without these we have no right or means to determine who is guilty or innocent of any accusation or crime. Title IX activists have infiltrated criminal courts, not just campuses and the consequences have been devastating — but millions have been made and paid.**

How those have played out in California between Stanford and the Santa Clara County Court can be studied here. Before you throw your coffee at me, I urge you to read this account of the Brock Turner trial — it is not the one you read in the media, but it goes a long way to seeing just how far off the course of reasonable treatment of students Stanford has gone and just how involved Stanford Law Professor Michele Dauber has been (see here).

Nobody sends their child to school or college to be easily prosecuted — and I'm not suggesting for a moment that Katie Meyer was facing prosecution because as far as I know she was not — but shockingly, Rep. Judy Chu of California tweeted in 2020 that new Title IX rules ensuring due process **"would make it harder to prosecute".**    104 members of Congress, 36 Senators and 19 Attorneys General share her view (see here, here and here).

Title IX coordinators are frequently in contact with police and criminal prosecutors. In a criminal procedure a defendant has the right to remain silent. In Title IX situations, silence is often assumed to mean guilt, yet a statement could be used against a student to support criminal charges. It's a deliberate Catch 22 that no student could ever be prepared for (see here and here).

We don't know why the football player who Katie Meyer believed had allegedly forced an unwanted kiss on a minor on her team was not admonished by the Title IX office or police other than reports that criteria were not met for action (see here).

Already, there are activists jumping on a bandwagon to address "Rape Culture" making an assumption that the football player was guilty, but it would be wrong to assume this young man was a "rapist". And we should cease throwing the term "Rape Culture" around. It's divisive and it

EXHIBIT 137 - 002

doesn't distinguish between an unwanted kiss and forcible penetration. The only thing the word "rape" does is incite reactions — just as it was designed to do when the White House "Not Alone" task force started bandying it around for an extremely flawed and sometimes fatal cause

**WIX** | This website was built on Wix. Create yours today.    Get Started

Katie Meyer can be conceived as a collateral victim of that flawed cause — she allegedly reacted to someone she believed had sexually assaulted someone else and received a disciplinary letter after a 6-month investigation (what could take 6 months?) which allegedly triggered her suicide — all for "an unwanted kiss" and "a coffee spill". By any standards, this is absurd and tragic.

It would be wrong to assume that Katie Meyer was or was not faultless in the coffee spill incident as well. What was unforgivable was the disciplinary process and cold letter which crushed her hopes for her career. These letters (or similar ones) have been given out to countless others with varying, often tragic, consequences. Hopes and dreams gone in an instant. Isolation, fear, shame, desperation inevitable (see _here_ and _here_).

Due process, which has been pretty much non-existent on campuses for the last decade has led to wrongful accusations, wrongful convictions, loss of rights and lives. Stanford, in a ridiculous rebuttal to the allegations in the lawsuit, claims that the Meyers' lawsuit has misrepresented events. Stanford has zero ground to make this claim about anyone given how they completely failed to correct any representations about other incidents that drew national attention, and which involved Michele Dauber directly (see _here_ and _here_).

Preponderance of evidence should find Stanford guilty in the Meyers' suit, using a dose of the standards they use for disciplining students. They appear to be wholeheartedly in the practice of taking students' money to support themselves while denying those same students their rights and covering up their own administration's and faculty's misconduct.

How is it possible that Michele Dauber can call for extreme violence on the internet, threaten students with her small world of sexual violence politics but Katie Meyer faced discipline for a spilling a cup of coffee on another student who didn't want her disciplined?

In my opinion, Stanford has not looked out for the welfare of its students. The named defendants in the lawsuit which include Marc Tessier Lavigne (President) and Debra Zumwalt (Office of General Counsel) have all received letters over the years from various (including myself) about their failures to protect student welfare. By the time someone is driven to suicide, it's too late. There have been 12 suicides in recent years at Stanford. Stonewalling doesn't cut it. Heads should roll and there should be a national inquiry — especially given the close relationship between the White House (via Obama and Valerie Jarrett) and Stanford. And the inquiry must go wider — to the Department of Education's Office of Civil Rights and the Department of Justice's Office of Violence Against Women.

The irony of Obama's speech on disinformation at Stanford earlier this year can't go unnoticed (see _here_).

Debra Zumwalt, one of the named defendants, has been involved in other cover ups but she's still there and so is Michele Dauber while Katie Meyers is dead along with several other students who've taken their lives at Stanford. How can any student feel good if there is fraud all about

EXHIBIT 137 - 003

them? Especially at an American university with one of the highest tuition price tags in the world? (see here).

Although the lawsuit of the Meyer Family against Stanford University has not been available to read publicly yet, the Los Angeles Times reported that legal counsel for the Meyers is Kim Dougherty of The Justice Collective in Massachusetts. On Kim's bio, there is mention of her work representing victims of Larry Nassar against Michigan State University (see here).

In 2019, Kim resolved cases against Michigan State University on behalf of athletes abused by Olympic Coach, Larry Nassar, for multiple millions of dollars (see here).

This is particularly interesting because in 2014 at least one victim made a complaint about Larry Nassar to the Title IX office at Michigan State University. The response this victim received from the Title IX coordinator is mind-boggling:

**The Title IX complaint — in which the former MSU student Amanda Thomashow described Nassar massaging her breasts and vaginal area during medical examinations — was handled by Kristine Moore, the school's Title IX coordinator and a full-time MSU employee. Moore, now MSU's Assistant General Counsel, responsible for protecting the school from legal liability, concluded that Nassar's behavior was "medically appropriate," a judgment she reached based on interviews with three medical specialists and an athletic trainer. All four had personal ties to Nassar, and all four were employed by Michigan State.**

**Over the weekend, The Detroit News revealed that Moore gave Thomashow a different report than the one she delivered to MSU, withholding key information about Nassar's behavior and clearing him of sexual harassment. The report to MSU, which, until now, had remained internal, also cleared Nassar of harassment but included the assessment that his methods were inflicting "unnecessary trauma" on his patients and putting the university at risk. Thomashow never saw that version of the document.**

**"There should not be two reports. I've never heard of two reports," said Mick Grewal, the attorney representing 65 of Nassar's victims. "If there were two, they should have been released at the same time. Not years later" (see here).**

What is even more staggering is that in 2014, Michigan State University was one of several campuses under specific investigation by the US Department of Education's Office of Civil Rights under Catherine Lhamon — Michele & Ken Dauber's friend (see here and here).

You wonder why coaches at Michigan State, knowing they were under investigation from US Ed OCR, lied — and why US Ed OCR under Catherine Lhamon has remained completely silent on the matter. She was, after all, setting the standards and her standards utterly failed. The taxpaying public has paid for her failures, and they have been catastrophic (see here).

I checked the @KnowyourIX Twitter Handle and @ItsOnUs — nothing about Larry Nassar's victim's complaints to the Title IX office in 2014 even though the organizations were active at MSU. But I did find that "Employee X" (Nassar) was listed on reports to US Ed OCR while Lhamon was in charge. The lack of self-awareness is astonishing when you consider that she tweeted that bringing due process to Title IX would take us back to the **"bad old days, that predate my birth, when it was permissible to rape and sexually harass students with impunity" (see here here).**

EXHIBIT 137 - 004

Had due process been the standard at MSU and for the Department of Education's Office of Civil Rights under Catherine Lhamon, Larry Nassar would most likely have been outed at least two years earlier and during the time when MSU was under investigation by the department.

Even more appalling is the fact that the Department of Justice and the FBI have both been accused of cover ups in the Nassar case as well as MSU. This is inexcusable given that Lyn Rosenthal was at the DOJ with the Office of Violence Against Women, working closely with the Department of Education's Office of Civil Rights. She was present at the 2011 launch of the "Dear Colleague" Title IX letter drafted by Michele Dauber. In 2014, the year that victims of Larry Nassar's went to the Title IX office and OCR to make complaints, Lyn Rosenthal was busy at the Dartmouth Sexual Assault Summit proclaiming that sexual assault on campus was a number one priority:

 "It is difficult, and it is challenging, but if we get this right, we will have a cohort of graduating students who know sexual assault is wrong," she said (see here and here).

With Lyn Rosenthal at the Dartmouth Sexual Assault Summit was Laura L Dunn who'd also been present at the launch of the "Dear Colleague" letter:

 Laura Dunn, a survivor of campus sexual assault and an activist against gender-based violence, said she is not fighting for better prevention programs. "My goal is to improve response. When we bring justice, then we will stop the problem," she said.

Not only did Lyn Rosenthal, Laura L Dunn and Catherine Lhamon get it wrong, they got it so wrong that it has become a danger to lives on campus leading to depression, at least one case of schizophrenia, suicides alongside cover ups, false accusations, sexual and domestic violence incidents ignored and hundreds of millions of dollars in lawsuits. Meanwhile student suicides have skyrocketed along with tuition fees to pay for bloated and flailing administrations.

They ignored the true predators like Larry Nassar and spent their time promoting fake stories such as the Rolling Stone UVA "A Rape on Campus" story about "Jackie" and a gang rape at a fraternity at UVA — which was utterly fabricated and then they refused to provide transparency on their own role in it all (see here).

Title IX coordinators were given super-speed training, completely ignorant of prevailing laws for Americans with Disabilities, Title VI (discrimination against race), or even gender discrimination in Title IX (see here, here and here).

Curiously, when Catherine Lhamon was interviewed by the Senate HELP committee in 2021 for the appointment to her current position, I noticed that what had previously been readily available on the Department of Education's site about US Ed OCR's failures at MSU was mysteriously suppressed. The Department of Education's role has largely gone unnoticed. That needs to change. Millions are going towards victims' rights non-profits, millions towards Title IX coordinators and risk management. But what is the point when these all miss or cover up the most heinous rapists in these institutions: Larry Nassar, George Tyndall, Robert Hadden? (see here and here).

In an almost comical coincidence, in March 2015, MSU screened "The Hunting Ground" documentary — the documentary funded by prominent

EXHIBIT 137 - 005

members, associates and their non-profits tied to Stanford University and The White House "Not Alone" task force headed by Valerie Jarrett (a

Stanford alum) and "Its On Us" launched by President Obama in September 2014. Viewers of the documentary were asked to take the "Its On

Us" pledge. A pledge I now believe was for fundraising for the Democratic Party via Civic Nation (headed by Valerie Jarrett) on whose platform

the organization is listed. How do any of these organizations keep their 501 3 c status is baffling.

"The Hunting Ground" was a piece of propaganda. "Mattress Girl" who features in it and whom Michele Dauber supported in the "Carry that

Weight" protest at Stanford, was a fraud. Roberta Kaplan defended Columbia University when it was sued over the incident (see here and here).

Lindsay Boylan, one of Andrew Cuomo's accusers, called my article on Katie Meyer     "Word Salad" with a GIF under it. I believe that Lindsay

Boylan has used accusations of sexual assault against Andrew Cuomo for her own political advancement. She would have had a PR strategist to

get on the cover of Harper's Bazaar. After all the "credible" accusations and after Andrew Cuomo was forced to resign, the New York AG found

nothing to charge him with and revealed the shenanigans of Roberta Kaplan and Tina Tchen behind the scenes (see here).

Kaplan and Tchen were forced to step down from Times Up & NWLC as a result — the same organizations that had put up the PR money for

Rapuano & Does v Dartmouth which led to the suicide of Professor David Bucci who was denied the right, by Dartmouth, to defend himself over

accusations about professors in his department (see here and here).

Michele Dauber's motivations regarding Title IX, campus sexual assault and her uber-powerful role at Stanford when it comes to its disciplinary

processes appear to be purely political (see here).

She is named in this Jane and John Q Public blog for covering up sexual assault at Stanford University with the help of former prosecutor Debra

Medved:

**As mainstream media insisted the Emily Doe letter was written by the victim in the Brock Turner case, emails produced to local reporters**

**in March of 2019 show a different story. The emails were circulated to academics and journalists who are reviewing the emails. The**

**Attorney General and the Department of Justice are also involved investigating Dauber and Rosen for election fraud, and improper**

**governmental activity after it appeared Dauber was using her position on the Stanford University campus to cover up sexual abuse cases**

**with the help of former prosecutor Deborah Medved, as the mainstream media was diverted with Dauber's efforts on Persky. After**

**leaving the Santa Clara County DA's office Medved landed in family court where kickbacks for her loyalty come in the form of court**

**appointments and fee orders (see  here).**

I'm not the only one who wants to know what was going on between Catherine Lhamon, Michele Dauber, Laura L Dunn and others. KC Johnson

who has kept meticulous records of Title IX and campus sexual assault cases on campuses across the nation has had to sue to get the records

(see here, here and here).

Catherine Lhamon, Laura L Dunn and Michele Dauber are wrong: Due Process protects everyone. It creates a level playing field. Preponderance

of Evidence is for ambulance chasers and those who want cover ups allowing precisely the kind of situation that led to Katie Meyer's death: An

EXHIBIT 137 - 006

of Evidence is for ambulance chasers and those who want cover-ups allowing precisely the kind of situation that led to Katie Meyer's death: An alleged unwanted kiss that didn't meet the criteria for a Title IX admonishment or criminal charges but resulted in the suicide of a female soccer star over a coffee spill. But besides due process, these ambitious activists have forgotten the human factor involving feelings, emotions, wounded hearts and souls (see here).

A 20-year-old female wrote a letter in support of Brock Turner in 2016. She'd known Brock from high school. Whatever your opinion is about him or his case (I believed he was a horrific rapist until late in 2019 when I started to look into the facts and now I see that he was framed in the most abhorrent manner which benefited Michele Dauber and the DA of Santa Clara County. Stanford stood by and did nothing to help their student), consider the consequences of speaking up to defend anyone at Stanford or elsewhere. What student can afford to do this? (see here).

We should not let Stanford or Michele Dauber or the White House "Not Alone" task force, "Its On Us", "Know Your IX", "SurvJustice", "End Rape on Campus", "NCVLI", "NSVRC" or others get away with using media and social media to stir up witch hunts on our campuses or in our police departments or courts for their flawed causes. Student lives are more valuable than their rhetoric — whether accuser, accused or bystander (see here).

A group of alumni at Stanford have called for a review of the disciplinary process at Stanford. Will they get stonewalled? (see here).

Johnny Depp called on people to stand up against injustice. It's not activism to stand up for what it right. It should be a constitutional obligation (see here).

Claire Best heads Claire Best & Associates, an international talent agency representing some of the most respected names in the entertainment industry for film, television, and commercials that was established in 2010. She had 16 years of experience in the agency business as an owner, C.E.O. and C.O.O. before Claire Best & Associates. Prior to becoming an agent in 2002, Claire was a production executive at New Line Cinema and Fine Line Features where she oversaw the production of many well-known domestic and international feature films from 1996-2001. Claire

has also produced and executive produced a number of award winning and critically acclaimed features, shorts, and documentaries. She is a voting member of B.A.F.T.A. and the Television Academy (see: clairebest.net).

Please let us know if you think that there is a mistake in this article, explaining what you think is wrong and why. We will correct any errors as soon as possible.

EXHIBIT 137 - 007

# EXHIBIT 138

Case 5:24-cv-00909-M-RN Document 199-2 Filed 11/03/25 Page 298 of 933

 Medium     Search                Write

# *Beware the Feminist Activist Professor & Her Research Failures*



*Claire Best*  · *Follow*
*10 min read ·  Aug 5, 2023*

👏 51          🔖    ▶    ↗

.. for They Have Caused Untold Damage to Society in the name of "Social Justice"

If you pay a lot of money to attend college or university, you would hope that your professors might question their own claims and look at counter narratives so that you end up with a well rounded education. Recently a few feminist professors have exposed their complete rejection of academic rigor in favor of flawed idealism for their cause and grants. Since they/their academic institutions receive grants using public money, I have no problem calling them out. We should know where our taxpayer money is going, especially with escalating costs of higher education:

Sally Kenney at Tulane University, Tania Tetlow (Tulane & Fordham), Rebecca Richman Cohen (Harvard), Michele Dauber (Stanford Law), Sharyn Potter (University of New Hampshire) are a few names I've come across.

EXHIBIT 138 - 001

## Sally J Kenney:

Sally J Kenney's bio at Tulane University is quite hilarious and not one she should be proud of for the highlights she mentions: The Dartmouth Sexual Assault summit was heavily criticized for its failures to address due process and Dr David Lisak's statistics which he admitted were extremely flawed. "Its On Us" is political lobby group tied to Blue Crab Strategies, Civic Nation and the DNC while "The Hunting Ground" is a tainted, racist piece of propaganda filled with several stories and statistics which have not only been debunked but have led to lawsuits. Viewers of "The Hunting Ground" were asked to take the "Its on Us Pledge". The film premiered at Sundance in January 2015 in a slot sponsored by George Soros' "Open Societies". The film's executive producers include Jennifer Siebel Newsom who later accused Harvey Weinstein, the film's distributor, of rape — but not until several years later and after she'd called Rose McGowan on behalf of Harvey Weinstein's attorney David Boies to ask her how much money it would take to get her to drop allegations against Weinstein.

Later on Kenney mentions that she worked with the Prout family and their non-profit "I have the Right To"  ihavetherightto.org to block former New Hampshire AG Michael Delaney's nomination to a judicial position on the First Circuit Court of Appeals. Ironically the Prout family's Government Affairs PR person, Dan Hill of hillimpact.com, who claims he was working all alone with Chessy Prout (recruited accuser of Owen Labrie whose high profile sexual assault arrest warrant was broadcast conveniently in the middle of the 2014 Dartmouth Sexual Assault Summit listed on Kenney's resume) has now been shown up by Sally Kenney's bio in which she states she too was working with the Prout family. I wonder if she is a beneficiary of the $21 billion in Government contracts which Dan Hill boasts he helps his clients obtain using special ops tactics and stealth media?

EXHIBIT 138 - 002
https://medium.com/@claire_22581/beware-the-feminist-activist-professor-her-research-failures-c641bc56b197



Rape.

*Sally Kenney, School of Liberal Arts at Tulane University*

EXHIBIT 138 - 003

*Sally J. Kenney served as director of the Newcomb Institute and held the Newcomb endowed chair from 2010-2022. She is a…*

liberalarts.tulane.edu

## Tania Tetlow

Tania Tetlow is currently the President of Fordham University. She was President of Loyola University in New Orleans but she can be found on You Tube giving lectures at Tulane University in which she states that when she was a prosecutor she told police that it didn't matter if their investigations into sexual assault were biased. She led the Domestic Violence Unit at Tulane from 2005–2014. She also states in these videos that they (activists feminists) need to get inside police departments, prosecutors' offices, administrations in order to achieve a paradigm shift (funny how Sally Kenny uses the same lingo). Ms. Tetlow was part of a US State Department delegation sent to China in 2014 to advance the feminist agenda. What a disaster — a believer in getting rid of due process heads to China. What could possibly go wrong? China has been pouring in millions into US universities and colleges via Confucius Institute Contracts. Kangaroo Courts are right up their street. China must love Tania Tetlow for doing its bidding. I wonder if she'd feel the same way about tainted investigations if she were an Uighur or a student protester in Tiananman Square?

*Tania Tetlow - Wikipedia*

*From Wikipedia, the free encyclopedia Tania Christina Tetlow is an American lawyer and law professor who has served as…*

en.wikipedia.or

*In 2016, Tulane Chief of Staff Tania Tetlow was a former Federal Prosecutor. In the following clip she discusses how she trained New Orleans police detectives to work hand in hand with the Advocates, and she states that she told the detectives they are not the jury and do not have to be neutral in their investigations.:*

*The following link begins at 27:34. Listen through 30:34:*

*Eliminating Sexual Violence — Shifting the Paradigm*

Rebecca Richman Cohen

Rebecca Richman Cohen is a Law Lecturer at Harvard when she's not making documentaries or being sponsored by George Soros. Her latest documentary: "Recall Reframed" smacks of a piece of crisis PR management for the Democratic Party and Dem Caucus Rep/Stanford Law Professor Michele Dauber who was behind the recall of Judge Aaron Persky following the high profile sexual assault trial of the People v Brock Turner.

*The Recall: Reframed | A film by Rebecca Richman Cohen*

*A short documentary about the 2018 recall of Judge Aaron Persky*

*recallreframed.com*

I'm not sure what "research" Ms Cohen did before she made the documentary but clearly she didn't read some of the very basic statements made by her participants, notably former Judge LaDoris Cordell who had stated that she thought Michele Dauber wrote the "Emily Doe" victim impact statement herself, not Chanel Miller (a family friend of Michele Dauber's), the real Emily Doe.

*Former judge accuses recall leader of rape threat hoax*

*CORRECTION: The following story on the campaign to recall Judge Aaron Persky included a statement by retired Judge…*

padailypost.com

---

*Law professor leading judge recall isn't an attorney*

*BY ALLISON LEVITSKY Daily Post Staff Writer Critics of the movement to oust Judge Aaron Persky from the Santa Clara…*

padailypost.com

---

Rebecca Richman Cohen did a Q&A with a group called "Women Against the Registry" a couple of weeks ago after a screening of "Recall Reframed". She was quite sure that Chanel Miller had written the Emily Doe victim impact statement. One wonders why she never questioned her participant, a former judge, LaDoris Cordell, on this. She didn't even seem to be aware that many victim impact statements are written by activists/victims advocates and then read in court by the "victim". It's such common practice that a portion of the Emily Doe victim impact statement (which coincidentally Michele Dauber had shared with the filmmakers of "The Hunting Ground" before it was read at sentencing) was plagiarized verbatim in the sentencing of another young man in another state who sits in prison currently and is alleged to be the 3rd target of the same false accuser - who must have run out of ideas to get judicial sympathy so she borrowed from another trial.

I guess Rebecca Cohen is just not interested in questioning propaganda (I assume because subscribing to it conjures the grants to make documentaries?) or looking into the trove of emails revealed in a 2019

Freedom Of Information Act quest by local journalists in Santa Clara County who don't enjoy the Ivory Tower grants & status that Ms Cohen uses to make her political film. She defended Michele Dauber who specifically stated that she'd managed to get California sentencing laws changed in light of the People v Brock Turner (increasing them) for the Democratic Party but claimed that Michele Dauber was not a carceral white feminist. She maintained in the Q&A that that she made her film in response to carceral white feminists. So if Michele Dauber is not a carceral white feminist, who are the carceral white feminists she is referring to?

> *Dauber pulls out of recall debate, sends law school colleague to go up against Cordell*
>
> *BY ALLISON LEVITSKY Daily Post Staff Writer Stanford Law Professor Michele Dauber pulled out of a debate over the…*
>
> padailypost.com

Michele Dauber

Stanford Law Professor Michele Dauber founded the "Enough Voter Movement" for which Amber Heard was a spokesperson. She instigated the Recall of Judge Persky in the wake of People v Brock Turner and she colluded behind the scenes of the trial with the Santa Clara County DA. In addition, Michele Dauber co-drafted the unregulated "Dear Colleague" Title IX letter which Vice President Joe Biden launched at the University of New Hampshire on April 4, 2011 and which spawned a lucrative cottage industry for attorneys, social justice warrior non-profits and political PR companies recruiting "activists" and "ambassadors" along the way. Dauber herself is a questionable character who appears to be carrying out a Machiavellian operation on a global scale. Machiavelli who, per wikipedia, *"notably said that a ruler who is establishing a kingdom or a republic, and is criticized for his*

EXHIBIT 138 - 007

*deeds, including violence, should be excused when the intention and the result are beneficial to him".*

---

*Niccolò Machiavelli - Wikipedia*

*Niccolò di Bernardo dei Machiavelli (3 May 1469 - 21 June 1527) was an Italian diplomat, author, philosopher and…*

*en.wikipedia.org*

---

Michele Dauber was 17 and 4 months pregnant when she got married to a 32 year old musician. She allegedly has a history with alcoholism and has been accused of driving drunk with her children in the car. Nevertheless she is a political fundraiser for the Democratic Committee of Silicon Valley and has a vengeance against "Shitty White Men". Her brother, Michael Landis Dauber, was incarcerated and is a sex offender registrant for alleged incest although nobody knows if this is one of Michele Dauber's many hoaxes. The records in Illinois are sealed. From online research it would appear that Michele Dauber's parents have taken a side with her brother and that there is a rift in the family — she has even referred to this. Others have called Michele Dauber "dangerous". A petition which garnered several thousand signatures to have her removed from Stanford has been ignored. It would seem that she must be untouchable and an intelligence asset like Jeffrey Epstein who apparently doesn't qualify to be a "shitty white man" in her book.

*Retired Palo Alto Judge LaDoris Cordell, a vocal opponent of the movement to unseat Judge Aaron Persky, has accused recall leader Michele Dauber of staging a mailed rape threat containing white powder, which caused two rooms at Stanford Law School to be evacuated yesterday (Feb. 14).*

EXHIBIT 138 - 008

https://medium.com/@claire_22581/beware-the-feminist-activist-professor-her-research-failures-c641bc56b197                8/16

*"I'm glad that the powder was harmless. I also question the timing of all of this. This has the hallmarks of a publicity stunt," Cordell said. "I say that because it is clear that the tide has turned."*

*Dauber said one of her former students opened the envelope, which appeared to have been mailed from the Boston area, to find the note reading, "Since you are going to disrobe Persky, I am going to treat you like 'Emily Doe.' Let's see what kind of sentencing I get for being a rich white male."*

*Former judge accuses recall leader of rape threat hoax*

*CORRECTION: The following story on the campaign to recall Judge Aaron Persky included a statement by retired Judge…*

*padailypost.com*

*Who is Michele Dauber? Petition to remove Stanford professor receives more than 3,000 signatures…*

*A petition to remove Michele Dauber, who happens to be a professor at Stanford Law School from the prestigious…*

*www.sportskeeda.com*

## Sharyn Potter

Sharyn Potter is an Executive Director and Professor of Women's and Gender Studies at the University of New Hampshire where the unregulated "Dear Colleague" Title IX letter co-drafted by Stanford Law Professor Michele Dauber was introduced in April 2011. She is also Co-Founder of the University's Prevention Innovation Research Center which has received millions of dollars in grants for "Know Your Power" and "Bystander"

training to address sexual violence. "Know Your Power- A Message to America's Daughters" is, coincidentally, the title of Nancy Pelosi's 2008 memoir.

> *Sharyn Potter*
>
> *College of Liberal Arts. Faculty. Women's and Gender Studies.*
> *Sharyn J. Potter, PhD, MPH, is a Professor of in the…*
>
> *cola.unh.edu*

Unfortunately Sharyn Potter's grants appear to have all come from the Department of Justice Office of Violence Against Women and thus the bias in her solutions for ending sexual violence should be tossed out. The proof of the damage of her bias can be seen in the results in New Hampshire where sexual and domestic violence by females upon males & females upon children has been almost completely ignored or forgiven. Title IX forbids gender bias on campus but due to a strategic partnership formed between the White House "Not Alone" task force in January 2014 and the University of New Hampshire, Sharyn Potter and her ideologists have become useful weapons for the non-profit and movement which preceded #MeToo — "Its on Us" — which is tied to both Blue Crab Strategies, Civic Nation (aka "United States of Women") and Obama, Biden's and Hillary Clinton's PR company SKDK.

Sharyn Potter was present at the launch of the unregulated "Dear Colleague" Title IX launch in April 2011. She also spoke at the 2014 Dartmouth Sexual Assault summit during which 18 year old St. Paul's School scholarship student Owen Labrie's arrest warrant was announced by the husband of her colleague Amanda Grady Sexton of the NHCADSV which is officially partnered with Sharyn Potter's UNH PIRC department. Ms. Potter & Ms.

EXHIBIT 138 - 010

Grady Sexton used the trial to implement "Bystander" training at St Paul's School (there was inclusion of it in a statement made on the day of the verdict). It was so successful at rival prep school Phillips Exeter Academy that it resulted in a retired teacher, Mr. Weber, being ostracized by the school and smeared in front of the community for a sexual assault his alleged victim claims never happened.

---

*Mr. Weber's Confession*

*Last year, veteran journalist Nancy Jo Sales got a strange call from Exeter, her high school alma mater. The elite…*

www.vanityfair.com

---

Sharyn Potter went on to form "Soteria Solutions" to market the trademarked "Know Your Power" and "Bystander" training. The company shares the exact same logo as Soteria Mutual Holdings in London and Luxembourg which are tied to the CCP linked Binance and Stephen Schwarzmann of BlackStone. Soteria Solutions however continues to be sold around the world. Universities and colleges might want to examine the cool-aid before they pay for it and drink it.

Feminist Activism    Academia    Grifter    Rape Culture    Propaganda

**EXHIBIT 139**

**From:** Robert Hansen <hansenrobj@gmail.com>
**To:** Santa Clara Court <2022-27@scscourt.org>, csumida@dao.sccgov.org,
jrosen@dao.sccgov.org, mldauber@stanford.edu, swebby@dao.sccgov.org
**Subject:** [EXTERNAL] Persky Recall
**Date:** Wed, 26 Apr 2023 15:11:34 -0700
**Importance:** Normal

---

Hello,

Emails produced by the court reveal that then DDA Cindy Hendrickson may have improperly accessed the DA's criminal files to provide information to Ms. Dauber that was used during the recall campaign.

This email appeared to indicate Henrickson used her government email accounts to obtain Ms. Dauber's assistance in her own political campaign as she publicly opposed Judge Persky's recall.

Those records revealed over 500 emails between Standford University Law Professor Michele Dauber and the Santa Clara County District Attorney's Office which give the appearance of coordination between the two parties in efforts to successfully have Judge Persky recalled.

Other records indicate a reasonable doubt to the veracity of the victim's statements that was well known by prosecutors, Dauber and others yet the recall continued.

How were records from the district attorney's office used in efforts to recall Judge Persky while simultaneously DA Rosen made public comments opposing the recall?

Best,

Robert J Hansen

All are invited to comment on the
--
*Robert J Hansen*
*Investigative journalist*
*The Davis Vanguard & The Sacramento Observer*
*(916) 633-8008*

EXHIBIT 139 - 001

**From:** Robert Hansen <hansenrobj@gmail.com>
**To:** csumida@dao.sccgov.org, jrosen@dao.sccgov.org, media@scscourt.org, mldauber@stanford.edu, swebby@dao.sccgov.org
**Subject:** [EXTERNAL] Persky Recall
**Date:** Wed, 26 Apr 2023 15:15:35 -0700
**Importance:** Normal

---

Hello,

Emails produced by the court reveal that then DDA Cindy Hendrickson may have improperly accessed the DA's criminal files to provide information to Ms. Dauber that was used during the recall campaign.

This email appeared to indicate Henrickson used her government email accounts to obtain Ms. Dauber's assistance in her own political campaign as she publicly opposed Judge Persky's recall.

Those records revealed over 500 emails between Standford University Law Professor Michele Dauber and the Santa Clara County District Attorney's Office which give the appearance of coordination between the two parties in efforts to successfully have Judge Persky recalled.

Other records indicate a reasonable doubt to the veracity of the victim's statements that was well known by prosecutors, Dauber and others yet the recall continued.

How were records from the district attorney's office used in efforts to recall Judge Persky while simultaneously DA Rosen made public comments opposing the recall?

All are welcome to contact me by phone to provide comments.

Best,

Robert J Hansen

--
*Robert J Hansen*
*Investigative journalist*
*The Davis Vanguard & The Sacramento Observer*
*(916) 633-8008*

EXHIBIT 139 - 002

# EXHIBIT 140

DISTRICT ATTORNEY Jeff Rosen

Home

DA Rosen Endorsements

About DA Rosen

DA Rosen Swearing-In

DONATE TO JEFF

Why I quit Twitter revisited

Fighting Gun Violence

The languages we speak

In The News

# Stanford employee arrested for allegedly lying about sexual assault on campus

BY **NATHAN SOLIS** STAFF WRITER: MARCH 15, 2023

A 25-year-old woman was

EXHIBIT 140 - 001

arrested Wednesday for allegedly lying about being sexually assaulted while working at Stanford University, according to prosecutors.

The woman later admitted to prosecutors that she made up the false claims because she was angry with a co-worker.

Jennifer Gries of Santa Clara claimed she was raped twice while working at Stanford and told investigators that her attacker was a 6-foot man in his 20s and was Black, according to the Santa Clara County district attorney's office.

ADVERTISING

Gries was charged with felony perjury and inducing false testimony, a misdemeanor, according to prosecutors.

Dist. Atty. Jeff Rosen called the crime "rare and deeply

Forensic investigators rushed to examine the evidence taken from Gries, but there was no male DNA detected from the samples.

Investigators learned that in March 2022, Gries made a sexual harassment complaint against a coworker who fit the description of the person who she said attacked her. That male co-worker's job location matched the areas where she claimed she was attacked, investigators said.

The work complaint was found to be unproven and Gries was reassigned to work in another area. But Gries told a friend who also worked at the university that she was romantically involved with the man whom she made the

EXHIBIT 140 - 002

disturbing."

whom she made the complaint against, according to investigators. Gries claimed the man sexually assaulted her and that she became pregnant with his twins, which investigators found not to be true, prosecutors said.

Both incidents sparked campus-wide alerts to students and staff about a possible serial rapist on campus.

In August, Gries told a nurse at the Valley Medical Center that she was approached by a man as she was walking to her car. The man pinned her to the ground in a restroom and raped her, according to an investigator's report that accompanied the charging documents.

Gries agreed to be examined at the hospital for any male DNA left by

In text messages with her friend, Gries said she was upset with the man and, according to the charging documents, she wrote, "I need to start standing up for myself…. I am so annoyed…. I'm coming up with a plan. That way he's s — his pants for multiple days."

When a detective met with Gries in November, she became flustered after the detective asked if the man named in the work-related complaint could be ruled out as a suspect from the two sexual assaults, investigators said.

In January, Gries admitted to an investigator with the district attorney's office that

EXHIBIT 140 - 005

the attacker and the samples were placed into a sexual assault forensic evidence kit.

In October, Gries claimed she was raped again while she was working in a front office at the university and forced into a basement storage closet. She described the same attacker to a nurse at Stanford Hospital.

Each time, Gries declined to speak with law enforcement. When a detective with the Stanford Department of Public Safety tried to interview her, Gries refused to provide any additional details and only said that she knew the person who raped her, according to the report.

Gries was surprised a community alert was sent out to the campus about her first attack, an investigator's report said. She continued to ask the detective questions about

district attorney's office that she lied about the sexual assaults, prosecutors said. She then wrote an apology letter to the man who was named in her worked-related complaint and the target of her false sexual assault reports, according to investigators.

The university reported spending more than $300,000 during its investigation and hired extra security around the campus. Hundreds of students marched on campus after Gries' second rape claim, demanding that the university do more to address the problem.

The man who was the target of Gries' false claims was interviewed by investigators and said the worked-related complaint that accused him of sexual assault scarred him. At the time, he was caring for his ill mother who later died, investigators said.

He denied sexually

EXHIBIT 140 - 004

how the rapes would be investigated and what would happen to the sexual assault forensic evidence kit, according to the report. She also asked if there were any witnesses, prosecutors said.

On two separate occasions, Gries signed an application to receive benefits as a crime victim with the California Victim Compensation Board, according to authorities.

He denied sexually assaulting Gries and provided investigators with an alibi, investigators said in their report.

He also agreed to have his mouth swabbed for a DNA sample. He was emotional and teary-eyed, according to investigators, and explained how the whole episode was emotionally and physically traumatic.

He told investigators, "This is disgusting. I don't feel human. I don't feel human at all."

Home

In

The

News

Reforms

Major

Cases

Safety and Justice **for all.**

DONATE TO JEFF

Paid for by Jeff

EXHIBIT 140 - 005

Contact

Paid for by Jeff
Rosen for District
Attorney 2026,
FPPC ID #1435190

EXHIBIT 140 - 006

**EXHIBIT 141**

CRIME &
COURTS

# Stanford University employee charged with making 2 false sexual assault allegations

In what the DA called a "rare and deeply destructive crime," Jennifer Gries was arrested and accused of lying about being attacked by someone matching the description of a Black male co-worker.

—    Stanford students demanded expanded safety measures last fall after two rapes were reported. The DA now says the reports were false.

David Madison / Getty Images file

March 16, 2023, 1:02 PM PDT

**By Julianne McShane**

A Stanford University employee was

EXHIBIT 141 - 001

arrested Wednesday on charges of lying to authorities about two alleged incidents of rape that she claimed occurred on the California campus, prosecutors said.

According to the complaint, obtained by NBC News, Jennifer Gries, 25, of Santa Clara, was arrested on two felony counts of perjury and two misdemeanor counts of inducing false testimony after an investigation found that she twice made false accusations of rape against someone matching the description of a Black male co-worker, in what Santa Clara County District Attorney JeK Rosen called a "rare and deeply destructive crime."

ADVERTISING

Beosound Explore

Buy Now

Bang & Olufsen   - Sponsored

The false assault reports — which did not identify Gries by name — "triggered campus wide safety alerts and campus unrest," the

EXHIBIT 141 - 002

DA's oRce said. They also spurred national media coverage, including by NBC News, which covered the two false assault reports, as well as a student-led protest on the campus in October after the second false report.

███████████████████████
███████████████████████
███████████████████ who experienced fear and alarm from the reports," Stanford oRcials said in a statement Wednesday, noting that evidence shows false reports of sexual violence are extremely rare.

Indeed, research has shown that false reports make up 2% to 8% of sexual assault reports, according to the National Sexual Violence Resource Center. And Black men in particular have long been falsely accused of sexual assault. Five Black and Latino teenagers, for instance, were wrongly imprisoned for six to 13 years for the 1989 rape of a white jogger in New York City's Central Park before their convictions were thrown out in 2002.

"Sexual assault and other sexual oKenses regrettably continue to be prevalent both at Stanford and in our broader society. Our steadfast commitment to provide compassionate support for survivors of sexual assault and to prevent these acts from occurring in the arst place remains unabated," Stanford's statement continued.

The university's Public Safety Department

EXHIBIT 141 - 003

spent more than $300,000 investigating the false reports and hiring outside security, according to the probable cause document.

Gries, who works in the university's Housing Services Department, has been released on $25,000 bail, and an arraignment is scheduled in San Jose for April 17, a DA's spokesperson said.

She could face ave years in jail if she is convicted, the spokesperson said.

It was not immediately clear whether she has a lawyer. Gries did not immediately respond to texts and emails at the contacts listed under her name Wednesday morning.

According to a LinkedIn proale under her name, she has worked at Stanford since August 2020 — arst as a front-desk assistant and most recently as a Housing Service Centers supervisor.

Gries is on a leave of absence, oRcials said in the statement released Wednesday, adding that they will be "reviewing her employment in light of the information shared" by the DA's oRce.

A university spokesperson did not respond to questions about whether the falsely accused co-worker is still employed.

# Two false reports in two months

EXHIBIT 141 - 004

Gries arst told county sexual assault
forensic examination nurses at Santa Clara
Valley Medical Center on Aug. 9 that she
had been attacked by a Black man in his late
20s in a bathroom near Stanford's Wilbur
Hall, according to the DA's oRce. It said that
she alleged that she did not want to contact
law enforcement and that the perpetrator
was an "unknown assailant."

After she saw the subsequent campus safety
alert, Gries reached out to the Stanford
Public Safety Department to speak with a
detective about the criminal process. When
they met Aug. 17, she "refused to disclose
any more details about the alleged sexual
assault" but said she knew the alleged
perpetrator and did not believe the public
was in danger. She also asked the detective
"whether human resources would be
notiaed of this report" and "said she did not
expect a community alert or for the
incident to be in the news," the probable
cause document says.

The detective told her the university had
received "numerous questions from
concerned parents of students at Stanford
about whether the campus is safe."

Less than two months later, on Oct. 7, Gries
again reported to a sexual assault forensic
examination nurse at Stanford Hospital that
she had been raped on campus — this time,
she alleged, by a Black man in his late 20s in
a basement storage closet.

In both cases, the probable cause document

EXHIBIT 141 - 005

says, she signed a consent form acknowledging the nurses were mandated reporters who had to notify law enforcement about the reported sexual assaults and that they would submit her name to law enforcement along with a suspicious injury report. That led to the two misdemeanor charges of inducing false testimony, the complaint says.

Both of Gries' sexual assault examination kits "were analyzed as priority rushes given the extreme public safety risk of a potential sex oKender," the DA's oRce said. According to the probable cause document, "the lab reports showed no male DNA detected in the genital or oral areas" for both rape kits.

Evidence revealed that "Gries made up the stories due to being angry at a co-worker," the DA's oRce said, adding that she twice applied under penalty of perjury for funds from the California Victim of Crimes Board — which reimburses crime-related expenses — attesting that she had been sexually assaulted. She did not receive funds from the entity, a spokesperson for the DA said.

## 'Can't I just make his life a living hell'

An investigation by the Stanford Public Safety Department revealed that Gries had made a sexual harassment complaint against a co-worker who at the description of the alleged rapist — a Black male in his 20s — last March and that a human

EXHIBIT 141 - 006

resources investigation found the complaint was unsubstantiated, according to the probable cause document. She was subsequently moved to a diKerent location at work, it says.

The investigation also concluded that she had told an acquaintance she was in a relationship with that co-worker, that he had sexually assaulted her and that she had become pregnant with twins before she suKered a miscarriage.

But Gries had not actually been pregnant, the investigation concluded. And texts between her and the acquaintance showed that Gries discussed the co-worker's allegedly sexually assaulting her, blaming herself for the alleged assault and saying, "Can't I just make his life a living hell myself," according to the probable cause document.

On Nov. 3, Gries again met with the same Stanford Public Safety Detective she previously spoke with and "conarmed that she personally knew the assailant." She also "asked what would happen if she provided a name," and the detective said "she would speak to that person and to other people who knew both of them," the probable cause document says.

When the detective told Gries she already knew who was being described, Gries "became visibly distraught, hyperventilated, and fanned herself" before she said "she needed air and started to cry." She left and

EXHIBIT 141 - 007

later texted the detective that she was going to the emergency room because she felt overwhelmed, the probable cause document says.

On Jan. 24, Gries met with the detective again and "admitted to lying about the rapes and wrote an apology letter to the target of the false allegations who was the same person as the HR investigation, the victim," according to the probable cause document.

"She stated she was upset with the victim because she felt he gave her 'false intention' and turned her friends against her," it says.

In an interview with authorities, Gries' co-worker "denied any sexual or romantic contact" with her and said the HR investigation left him "scarred" and caused extreme stress while he was caring for his sick mother, who later died. He also provided evidence supporting where he said he was at the time of the alleged assaults, and he provided a swab for DNA analysis, according to the probable cause document.

He told authorities the false accusations had left him feeling "disgusting."

"I don't feel human. I don't feel human at all," he said, according to the probable cause document.

# Students react

EXHIBIT 141 - 008

Sexual violence prevention advocates on campus said the false reports should not distract from the prevalence of sexual violence at Stanford.

"This instance of an unfounded allegation does not change the fact that 40% of women-identiaed undergraduate students at Stanford will be sexually violated during their time on campus," Sexual Violence Free Stanford, a student-led advocacy group, said Wednesday on Instagram, referring to the andings of a 2019 survey.

"Not only do large percentages of on-campus sexual violence go unreported, but false reporting rates of sexual violence are nearly always comparable to — if not lower than — those of other crimes," it added.

---

    Julianne McShane
Julianne McShane was a breaking news reporter with NBC News Digital.

---

    Madelyn Lang contributed.

---

EXHIBIT 141 - 009

# EXHIBIT 158

# JESSICA CHAUDHARY, M.D.

Tel. (206) 240-5536  |  Fax. (847) 258-9342  |  Email. info@psychconsultancy.com  | Website: www.PsychConsultancy.com

08/04/2025

**PSYCHIATRIC MEDICAL EXAMINATION AND EXPERT REPORT**

RE:              Peter Colombo
D/BIRTH:         June 6, 1967

To Whom It May Concern:

**IDENTIFYING INFORMATION:**

This is a 58-year-old gentleman who was seen for virtual psychiatric medical examination via secured telehealth platform, Doxy.me.

**SOURCES OF INFORMATION**:

The following records were reviewed prior to this examination:

1. The complaint file in the United States District Court of the Northern District of California for the matter *Colombo v. Palo Alto Unified School District, et al.* Case Number 5:24-cv-00909.
2. A letter that is undated, written by Caitlin McCalla, LMFT.
3. The responses of Mr. Peter Colombo to district interrogatories.
4. The transcription of the deposition of Cindi Ahern.
5. The deposition of Lisa Hickey.
6. The deposition of Komathy Vishakan.
7. The deposition of Peter Colombo.
8. The declaration of the records custodian.

**HISTORY OF PRESENT ILLNESS:**

This is a 58-year-old Caucasian gentleman who had been working as a middle school PE teacher, at the same school for approximately 25 years, when in January, 2022, he

Board Certified Psychiatrist
Active medical licensure in the following U.S. states:  Connecticut, Florida, Massachusetts, and Texas
Member of the American Board of Psychiatry and Neurology (ABPN)
Fellow of the American Psychiatric Association (FAPA)

Office:
Connecticut:  1698 Post Road East Suite 2A  |  Westport, CT  |  06880

EXHIBIT 158 - 001

# JESSICA CHAUDHARY, M.D.

Tel. (206) 240-5536  |  Fax. (847) 258-9342  |  Email. info@psychconsultancy.com  | Website: www.PsychConsultancy.com

states that his wife received an email from an anonymous person stating that Mr. Colombo had raped this person's wife 20 years ago at the school in the locker room. He states that his wife received the email on a Friday, and on Sunday when he learned of this email,  he proceeded to call the school district as well as go to the police.  He states the events that transpired following the receipt of this email were extremely distressing for him.

On the Monday following this incident, he was placed on paid leave.  He then met a detective who said that there would likely be an investigation; but, for the time being, he could proceed with his life unless he heard otherwise.  He states several months went by, and in June, 2022, he was charged with sexual assault and was sent to jail, where he spent one week in solitary confinement prior to being released.  When he was released, he was released with an ankle monitor and confined to his home until March, 2023.

He states that in April, 2023, all legal charges were dropped, and he thought that he could go back to being a coach and teacher, a job that he had enjoyed for the last 25 or so years.  He states that the arrest and criminal prosecution were traumatic while he was going through that part of the ordeal, but when the charges were finally dropped, he was ready at the point to put it behind him and move forward with his teaching and coaching career. What he identifies as being the most troubling was how he was treated by the district and its key administrators who made representations and promises to him that they did not keep regarding conducting an immediate and proper investigation that he understood would clear him by mid-2022, then retaliating against him by continuing to treat him as though he were guilty even after the criminal charges were dropped and prolonging his emotional or mental distress from May of 2023 through the present. That betrayal by people he trusted combined with their publicly humiliating him and making public statements implying his guilt and that he was unfit to teach, Mr. Colombo feels has been more damaging to him than the investigation by law enforcement.

Even though the criminal charges were dropped, Mr. Colombo did not return to his teaching position. Instead, he was then notified that the state of California and the Palo Alto Unified School District would be launching their own investigations, and he was placed back on leave.  He states for several months, he had unpaid leave, which was not ever reimbursed to him; and, in October, 2023, after he and his lawyer traveled to

Board Certified Psychiatrist
Active medical licensure in the following U.S. states:  Connecticut, Florida, Massachusetts, and Texas
Member of the American Board of Psychiatry and Neurology (ABPN)
Fellow of the American Psychiatric Association (FAPA)

Office:
Connecticut:  1698 Post Road East Suite 2A  |  Westport, CT  |  06880

EXHIBIT 158 - 002

# JESSICA CHAUDHARY, M.D.

Tel. (206) 240-5536  |  Fax. (847) 258-9342  |  Email. info@psychconsultancy.com  | Website: www.PsychConsultancy.com

Sacramento, his teaching credential was renewed, but he was still placed on leave for the following academic year instead of being returned to his teaching and coaching positions.

In July, 2024, he received a letter stating that he would be able to rejoin the school but only as a "TOSA," teacher on special assignment, in the physical education department. When asked what this meant, he describes that it was essentially a job in which he was always watched, and he could not really interact meaningfully teaching children in any capacity any longer.

He states that as of our interview on August 4, 2022, he continues to be in this role.  Mr. Colombo also states he is pending returning to school in the fall; however, at a different school that is within the same district, Fletcher Middle School.  This school is also in the backyard of the former school board president, who Mr. Colombo states has been the driving force behind the district's actions against him.  He states that it also significantly increases his commute times daily and it moves him away from his longstanding support group and surroundings with which he is most comfortable and familiar. There are also petitions circulating to not have him return to teaching at Fletcher. This has been exceedingly difficult for him and he gets markedly shaken and tearful considering going to teach at this new school, where he states there will be protestors trying to dissuade him from entering.  Mr. Colombo states that he has thought about going somewhere else, but he has, at this point, a nearly 28-year history with the school, and he wants to stand up for his rights and protect his innocence.  He feels that his name has been severely sullied by stigmatizing public statements that were made in the press and elsewhere.

Mr. Colombo describes his self-esteem as low because of this incident.  He feels on edge at times and constantly anxious.  He has decreased enjoyment in the things that he used to enjoy.  He states that he used to be able to feel "free and easy" around kids and being their teacher, and he is constantly on edge now.  He describes his energy as being okay, his appetite as being up and down with a weight loss of 15 pounds over the course of this incident.  His concentration is described as normal.  He describes sleeping with melatonin but having nightmares at times, especially of being in jail and solitary confinement.  He describes constant anxiety, especially in terms of going back to the school, but no panic.  He denies obsessive compulsive thinking.  He denies

Page **3** of **8**

Board Certified Psychiatrist
Active medical licensure in the following U.S. states:  Connecticut, Florida, Massachusetts, and Texas
Member of the American Board of Psychiatry and Neurology (ABPN)
Fellow of the American Psychiatric Association (FAPA)

Office:
Connecticut:  1698 Post Road East Suite 2A  |  Westport, CT  |  06880

EXHIBIT 158 - 003

# JESSICA CHAUDHARY, M.D.

Tel. (206) 240-5536  |  Fax. (847) 258-9342  |  Email. info@psychconsultancy.com  | Website: www.PsychConsultancy.com

mania.  He denies psychosis.  He denies suicide attempts.  He states he did think about suicide while he was in solitary confinement.  He denies a history of violence.  He describes a mental health history significant for therapy in 2003 to 2004, after being hospitalized due to a splenectomy.  He states he was previously seen by someone he describes as an addiction specialist from the ages of 38 to 40.  He was placed on lamotrigine and Topamax at that time.  He may have received a diagnosis of bipolar disorder in the context of alcohol use.  He had two rehab stays in 2003 and 2006.  He also has been in therapy with Ms. Caitlin McCalla since October, 2023, twice a month and she has treated him for PTSD and anxiety disorder

Mr. Colombo describes having negative thoughts about himself and feeling guilty for what this ordeal has put his family through, particularly his wife and his parents, who are in their 80s.  He has also tried to stay away from places that are reminders of this traumatic experience.

**SUBSTANCE USE HISTORY:**

Mr. Colombo does have a history of drinking from age 17 until about age 38.  He has a history of using alcohol and marijuana.  He did receive two DUIs in 1991 and 2003.  He states he did dabble in drug use when he was younger.  However, he has been completely sober for the last 15 years and attends AA meetings religiously.


**MEDICAL/SURGICAL HISTORY:**

He denies medical history.  He denies traumatic brain injury.  His spleen was removed in 2003.  He denies allergies.

**CURRENT MEDICATIONS:**

He is currently not taking any prescription medications.

**FAMILY HISTORY:**

Board Certified Psychiatrist
Active medical licensure in the following U.S. states:  Connecticut, Florida, Massachusetts, and Texas
Member of the American Board of Psychiatry and Neurology (ABPN)
Fellow of the American Psychiatric Association (FAPA)

Office:
Connecticut:  1698 Post Road East Suite 2A  |  Westport, CT  |  06880

EXHIBIT 158 - 004

# JESSICA CHAUDHARY, M.D.

Tel. (206) 240-5536  |  Fax. (847) 258-9342  |  Email. info@psychconsultancy.com  | Website: www.PsychConsultancy.com

His mother and father are both living.  He has two sisters and no children.  He is originally from California.  He describes a good childhood but some difficulty with his father after he sustained a sports injury and his dad being verbally abusive towards him at times.

**SOCIAL HISTORY:**

He has been married for 13 years.  This is his second marriage.  His first marriage ended in divorce in 2001.  He completed college and some master's degree.  He denies military history.

**MENTAL STATUS EXAMINATION:**

This is a casually groomed gentleman who is cooperative throughout the interview.  He is wearing glasses.  His behavior is within normal limits, but he is noted to have a tearful affect and at times becomes extremely tearful through the interview.  His mood is described as on edge.  His thoughts are linear.  His thought content is within normal limits.  There is no current suicidal or homicidal ideation.  There are no auditory or visual hallucinations.

**COGNITIVE EXAMINATION:**

He is alert and oriented x3.  He is able to spell "world" correctly forwards and backwards.  He is able to tell me four quarters, three dimes, two nickels, and a penny equals $1.41.  He is not able to recall any of the three objects that he is presented with after five minutes.

**SUMMARY AND CONCLUSIONS:**

This is a 58-year-old gentleman who was  prosecuted for sexual assault, improperly removed from his teaching position, maligned in the press and elsewhere, and also has been retaliated against by his employer for standing up for himself against the wrongful claim.  The criminal charges against him have been dropped, and he has finally been

Board Certified Psychiatrist
Active medical licensure in the following U.S. states:  Connecticut, Florida, Massachusetts, and Texas
Member of the American Board of Psychiatry and Neurology (ABPN)
Fellow of the American Psychiatric Association (FAPA)

Office:
Connecticut:  1698 Post Road East Suite 2A  |  Westport, CT  |  06880

EXHIBIT 158 - 005

# JESSICA CHAUDHARY, M.D.

Tel. (206) 240-5536  |  Fax. (847) 258-9342  |  Email. info@psychconsultancy.com  | Website: www.PsychConsultancy.com

reinstated at the school district that he used to work at for 25 years after more than a year of additional forced leave following dismissal of the criminal charges; however, the nature of his job responsibilities were initially substantially changed to a non-teaching position despite, he states, the charges being dropped and all investigations being closed.  He is now being transferred to a perceived hostile environment at a different school from where he has spent almost his entire 25-plus years working at the District.

Mr. Colombo describes significant anxiety as well as PTSD symptoms, including the re-experiencing symptom of flashbacks, avoiding reminders of the event, feeling on edge, having difficulty sleeping, which arousal and reactivity symptoms, as well as cognitive and mood symptoms, including having negative thoughts about himself, loss of interest in enjoyable activities, and feeling guilty for the pain that this ordeal has caused his wife and his parents.  The events in question has had a significant impact on Mr. Colombo's life, and he continues to sustain significant damage from an emotional standpoint.

He is in therapy, and he should continue to engage in therapy, and he should also consider starting psychiatric medication, such as anxiolytics, to help with both symptoms of anxiety and post-traumatic stress disorder.

Furthermore, it is not recommended that Mr. Colombo return to Fletcher Middle School, given the severity of his emotional response.  It is recommended he be allowed to return to the same school where he taught for more than 25 years, Greene, and where he has a more extensive support network.  The school board should also issue a formal apology to aid in clearing his name and getting his life back on track.

**OPINIONS**



Page **6** of **8**

Board Certified Psychiatrist
Active medical licensure in the following U.S. states:  Connecticut, Florida, Massachusetts, and Texas
Member of the American Board of Psychiatry and Neurology (ABPN)
Fellow of the American Psychiatric Association (FAPA)

Office:
Connecticut:  1698 Post Road East Suite 2A  |  Westport, CT  |  06880

EXHIBIT 158 - 006

# JESSICA CHAUDHARY, M.D.

Tel. (206) 240-5536 | Fax. (847) 258-9342 | Email. info@psychconsultancy.com | Website: www.PsychConsultancy.com



Page **7** of **8**

Board Certified Psychiatrist
Active medical licensure in the following U.S. states: Connecticut, Florida, Massachusetts, and Texas
Member of the American Board of Psychiatry and Neurology (ABPN)
Fellow of the American Psychiatric Association (FAPA)

Office:
Connecticut:  1698 Post Road East Suite 2A  |  Westport, CT  |  06880

EXHIBIT 158 - 007

# JESSICA CHAUDHARY, M.D.

Tel. (206) 240-5536 | Fax. (847) 258-9342 | Email. info@psychconsultancy.com | Website: www.PsychConsultancy.com



Respectfully submitted,

Jessica Chaudhary, MD
Psychiatry

## References

1.  Brooks and Greenberg. *Psychological Impact of Being Wrongfully Accused of Criminal Offence: A Systematic Literature Review,* Medicine Science and the Law, 2021 Volume 61(1) 44-54.

2.  Darunde and Bansal, *Psychological Impact of Falsely Accused and Wrongful Convictions in Sexual Assault Cases: A Systematic Literature Review,* Industry 5.0 an Paradigm Shift 2023 (page 99)

3.  Simon, Robert.  *The Psychological and Legal Impact of False Arrest and Imprisonment.*  Bull Am Academy of Psychiatry and the Law, Vol 21 No 4, 1993

Page **8** of **8**

Board Certified Psychiatrist
Active medical licensure in the following U.S. states:  Connecticut, Florida, Massachusetts, and Texas
Member of the American Board of Psychiatry and Neurology (ABPN)
Fellow of the American Psychiatric Association (FAPA)

Office:
Connecticut:  1698 Post Road East Suite 2A  |  Westport, CT  |  06880

EXHIBIT 158 - 008

# JESSICA CHAUDHARY, MD

206-240-5536 · jessicajchaudhary@gmail.com · linkedin.com/in/dr-jessica-c-125b49178/

Results-oriented medical director leading key growth initiatives with a passion for integrated whole health.  Known for delivering innovative, impactful, cost-saving solutions and strategies that streamline processes, drive business growth, and improve clinical care outcomes.  Committed, analytical, and driven with  strong  management skills and experience that builds  and  empowers teams.  Relentless work ethic, creative problem solving, effective communication.  Successful implementation and execution of novel and cutting-edge clinical programs.

## CORE COMPETENCIES

- Program Design and Innovation
- Case Management
- Process Improvement
- Program Management and Implementation
- Data Analytics

- Policy Interpretation
- Consultation
- Quality Assurance
- Product Development
- Population Health

## PROFESSIONAL EXPERIENCE

**Elevance Health (formerly Anthem Blue Cross Blue Shield)**                                    **2018-Present**
*Medical Director, National Accounts*

- Provide clinical leadership and direction to utilization and care management teams focusing on topics including cost of care opportunity identification and project development.  Savings of **$100m over 5 years**
- Identify high-cost claimants and create targeted and innovative interventions to earn 5:1 return on investment
- Develop educational material and product content related to significant mental health issues
- Numerous presentations to large National Accounts clients such as Bank of America, Verizon, Wells-Fargo, etc.
- Participate in Digital Solutions Steering Committee responsible for creating and developing company digital strategy
- Build and foster relationships between providers and stakeholders within the Elevance network and beyond.
- Coordination of integration activities and comparative analysis of capabilities between Anthem/Beacon Health merger
- Developing curriculum related to the creating of clinical health programs
- Leading teams in ideating and implementing cost of care initiatives and leading integrated clinical rounds related to the initiatives

*Elevance Health Cost of Care Initiatives:*

*Suicide Prevention Program*
Thought leader in creating, implementing and executing a program based on predictive analytics to offer case management and prevention strategies, including peer supports, for those at high risk of suicide.  Ages 10 and up, across commercial and government business.  **Targeting nearly 25k members** Clinical outcomes show fifteen percent reduction in suicide attempts and events in a high risk population.  Vendor based texting for member engagement.  **Publication:** *Journal of Community Medicine and Public Health Volume 7: 378* **Oct 2023.**  Submitted for NCQA award.  Expanding scope.

*Cardiac Care and Chronic Disease Management Program*
Integrated behavioral health initiative targeting those with co-occurring cardiac and behavioral health concerns including those that present to the Emergency Room with chest pain that is anxiety related.  Case management and health coaches offered to improve member lifestyle and progression of chronic disease as well as offering integrating approaches to disease management.  **Targeting nearly 10k members**

*Sleep Apnea and Chronic Care Disease Management Program*
Integrated behavioral health case management initiative for ages 60-75 across commercial and government business.  Goal to reduce the longoterm impacts of sleep apnea in those with diagnosis and other chronic medical and behavioral health conditions and subsequent reduce long term health care costs.  **Targeting over 15k members**

*Health Stress Program*
Targeting those members, by predictive analytics, at high risk for food insecurity, housing insecurity, and abuse using a Health Stress Score (HSS).  Case management and peer based program to offer intervention in these areas of high stress to reduce the impact to health care and cost.  **Targeting nearly 22k members**

EXHIBIT 158 - 009

## EDUCATION

**DOCTOR OF MEDICINE (MD)**                                                June 2007
**University of Washington**                                               Seattle, WA

**BACHELOR OF ARTS -** *Political Science with Honors*                     June 2002
**Wellesley College**                                                      Wellesley, MA

## CLINICAL TRAINING

**FELLOWSHIP, PSYCHOSOMATIC MEDICINE**
**Harvard Medical School/Brigham and Women's Hospital and Dana Farber Cancer Institute**
                                                        October 2012 – January 2014
                                                                          Boston, MA

**INTERNSHIP AND PSYCHIATRY RESIDENCY**                       June 2007 – June 2011
**Yale University**                                                       New Haven, CT

## POLICY FELLOWSHIP

**HEALTH POLICY FELLOW**                                      January 2012 – June 2012
**American Academy for the Advancement of Science**                      Washington, D.C.
- *Advisor and Fellow*, State Department, International Health Bureau
- Faculty Appointment**:** George Washington University School of Medicine, Clinical Instructor

## LICENSES & CERTIFICATIONS

**Current Medical Licenses:** States of Connecticut, Florida, Massachusetts and Texas
**Board Certified in Psychiatry by the American Board of Psychiatry and Neurology**
**Diplomate of the American Board of Psychiatry and Neurology**                    2012

## ACADEMIC APPOINTMENT & LEADERSHIP

**Yale University School of Medicine, Clinical Instructor**

## AWARDS

*2024: Strategic Innovator Award, Blues Consortium Health Plans*

*2019: Values in Action Award and Certificate of Recognition for Leadership at Elevance Health*

*Several IMPACT awards recognizing significant contributions to Elevance Health*

## CURRENT MEMBERSHIPS

- Academy of Psychosomatic Medicine
- American Psychiatric Association
- American Medical Association and American Medical Women's Association
- American College of Healthcare Executives
- American Association for Physician Leadership
- Clinical practice in Connecticut

EXHIBIT 158 - 010

## LIST OF CASES

➢ Estate of Maria Elthes (New York County, NY)
➢ Alston v. Danielle Hall, Youth and Family Alternatives Inc (Hillsborough County, FL)
➢ Krishnamani v. Suresh (Philadelphia, PA 2023)
➢ Bradford v. Gilleon et al. (Leon County, FL)
➢ Llanas Moreno v. Stratmann (Harris County, TX)
➢ Lopez v. Butler Hospital Et Al (Boston, MA)
➢ DOH v Ramos Administrative Complaint (FL 2019)
➢ Romero v. Samadzeyeu (Erie County, NY 2017)
➢ Texas Medical Board v. Tannu (Harris County, TX)
➢ Hamboze, Hawraa (a/n/f of R.A. and H.A.) v. Raamco RBBC, LLC (Harris County, TX)
➢ Ashraf v. Bell (Dallas County, TX)
➢ Sottile v. Rose Arbor Homeowner's Association (NJ)
➢ Ford v. Jaccard (NM)
➢ DOJ v. Dr. Devine (FL)
➢ State of FL v. Colby Norris (Gandolfo v. Clearwater Holdings) (Pinellas County, FL)
➢ State v. Carmine Biello (FL)
➢ Camal Barnes (Waterbury Court, CT)
➢ Gonzalez v. Robbins State of Indiana Department of Insurance (IN)
➢ Katia Borgella and Anthony Williams v. Robins & Morton Corp (Miami Dade, FL)
➢ Charles A. Boggs v. BP Exploration & Production, Inc. (E.D. LA 2016)
➢ Martinez v. Webber (Tampa, FL)
➢ Mind and Soul Therapy and Mariela Padro MD v. Delgado (11th Cir. 2023)
➢ Commonwealth of PA, DOT v. Rebecca Jean Hayden (Bucks County, PA)
➢ Pamela Balsley, Individually and Personal Representative of the Estate of Joseph Balsley v Atrium Medical Center, et al. (Butler County Court, Hamilton, OH)
➢ S. Omojola vs ARC of Ocean Co et al. (D.N.J. 2022)
➢ Matthew Timberger et al. v. Bradley Rein et al. (Middlesex, SS. Superior Court)
➢ Gail Delaney v. VPNE Parking Solutions et al. (Middlesex, SS. Superior Court)
➢ Ruffin v. BP Exploration & Production, Inc., et al., Case No. 2:22-CV-01006 (E.D. La.).
➢ Guay v. Acadia Hospital Corporation (D.Me. 2024)
➢ Charles Hunnicutt vs Innercept LLC (Idaho Dist. 2021)
➢ Edward Mendez v. T-Mobile USA, Inc. (S.D.Fla 2021)
➢ Rivera v. City of York et al (M.D.Pa. 2022)
➢ Motes vs. USA 1:23-cv-00629-CCC (Middle District of PA)
➢ Tammy Damron vs. Appalachian Regional Health Care, Inc Kentucky Perry Circuit Civil Action No 22-CI-432
➢ Michelle Thornton vs Washington, DC Department of Building
➢ MUSHAWN KNOWLES, as Personal Representative of the Estate of ODESSA EASTERLIN. Plaintiff,  vs.ABDELHAKIM CHOUBABI, an individual; and BEST FOOD INC., d/b/a THE CANDY MARKET, a corporate business domiciled and operating in the State of Washington; MOHAMMAD ALHAWAMDEH, an individual; and MAHMOUD ALHAWAMDEH, an individual; State of Washington Pierce County NO.  23-2-04871-2
➢ Zander Angelovic v. Okaloosa Island Fire District Pensacola Florida 24-009359JW
➢ Darryl W. Finkton, Jr. v. Clarence Glenn, III, M.D., case no. 22STCV18895, California Superior Court- Los Angeles County, Judge

EXHIBIT 158 - 011

**LIST OF CASES**

➢ Ian Conley, Plaintiff v 165 Thorndike Street Corp; Select One Construction LLC, Excel Mechanical inc and Lupoli Companies, LLC Defendants v Control Technologies Inc, Third Party Defendant Massachusetts

➢ Efrat Yair vs. IVFMD, Ineabelle Collazo, Daniella Zitzmann 2024-003025-CA-01

➢ Angela and Andrew Pack v Adam Lashner and Nai Mertz Corporation Court of Common Pleas Philadelphia County 2403-01525

➢ Marcia Mazzoni Lutter v Jefferson Health et al Court of Common Pleas Philadelphia County 2301-00032

➢ Berthiaume vs. North American Insurance for Life and Health Insurance Case No. 2:24-cv-11925 Easter District of Michigan, Southern Division

➢ Elkhalil v East Beach, LLC, Case No. 25-60391-CIV-SMITH, S.D. Fla 2025

➢ Thomas et al v Orozco-Pineda et al Case No 3:24-cv-00288-MEM US District Court, Middle District of PA

➢ Caroline Miller v. Acadia Malibu Inc, Case No 24SMCV00646 Superior Court for the State of California, County of Los Angeles, West District

➢ Teofilo Reynoso vs The City of New York et al Case No 806435/2022E

EXHIBIT 158 - 012

**EXHIBIT 163**

_____

**Peter Colombo v. Palo Alto Unified School District, et. al**


**Case Number 5:24-cv-909-NC**


**U.S. District Court**

**Northern District of California**

**San Jose Division**


**Expert Report**

**By: Saundra K. Schuster, Esq.**

**Partner, TNG Consulting, LLC**


**Expert Witness For Peter Colombo**

**September 24, 2025**

## Contents

Statement of Experience and Credentials ........................................................................... 3

Basis for Opinions ............................................................................................................ 4

Prior Expert Witness Work ............................................................................................... 5

Compensation .................................................................................................................... 7

Documents Reviewed ........................................................................................................ 7

Applicable Standards ......................................................................................................... 8

Brief Summary of the Facts ............................................................................................. 17

Discussion and Conclusions ............................................................................................ 17

Summary .......................................................................................................................... 25

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
2

EXHIBIT 163 - 002

## STATEMENT OF EXPERIENCE AND CREDENTIALS

I currently serve as a Partner with TNG Consulting, LLC (The National Center for Higher Education Risk Management) (hereinafter TNG). Partners with TNG currently serve as consultants for or legal counsel to school systems, colleges, and universities throughout the United States.  The organization of which I am a Partner is viewed nationally as a thought leader and policy expert in helping to ensure compliance and define best practices for Title IX compliance and risk management in the field of education.

I am a nationally recognized expert in preventive and civil rights law, notably in the fields of Title IX, and other forms of civil rights violations including harassment, discrimination, sexual misconduct, and sexual violence in the field of education. In addition to my research and writing in the field of sexual misconduct and discrimination, I have extensive experience and expertise in, and routinely advise clients on the following areas: compliance with the Americans With Disabilities Act and §504 of the Rehabilitation Act; the First Amendment and Campus Access issues; Institutional Enterprise Risk Management and Liability; Behavior Intervention and Threat Assessment; Student Discipline and Campus Conduct; the Family Education Rights and Privacy Rights Act; and Intellectual Property and Employment issues. I provide assistance nationally to both two-year and four-year public and private educational entities as well as the Pre-K-12 environment in policy development, faculty handbooks and employee manuals, and training for state and federal compliance.

I have provided extensive consultation to and training for the U.S. Department of Justice Office of Violence Against Women; the White House Task Force on Sexual Assault; and the Futures Without Violence organization. I also conduct civil rights-based investigations and training for K-12 schools, community colleges, and universities across the country.

I have written hundreds of codes of conduct and sexual misconduct and harassment policies for schools and colleges. The ATIXA "One Policy, Two Processes" ("1P2P") Model, of which I am a co-author, is in use by colleges, universities, and schools nationwide. I have also authored a number of peer-reviewed articles and whitepapers in the areas of sex and gender-based violence, Title IX, and civil rights investigations.

Prior to joining TNG in 2009, my significant education-based legal experience included serving as General Counsel for Sinclair Community College; as Senior Assistant Attorney General for the State of Ohio, representing fifty-three public colleges and universities in the State; and as Associate General Counsel for the University of Toledo.

In addition to my legal work in higher education, I have over twenty-five years' experience in college administration and teaching, including serving as the Associate Dean of Students at The Ohio State University; Director of the Office of Learning Assistance at Miami University; and

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
3

EXHIBIT 163 - 003

as Assistant Dean at Western College. I also served as a faculty member at The Ohio State University, Miami University, and Columbus State Community College.

As an education consultant, I have served as a guest speaker/educator for student groups, faculty and non-faculty employees on topics including alcohol, sexual assault, hazing and risk management, academic freedom, campus protests and employment issues, and have provided risk management consulting and/or legal services to colleges, universities, schools, fraternities, sorority chapters, governmental agencies, and military institutions. I have provided consultation to schools and colleges regarding litigation, liability, negligence, foreseeability, special relationships, duty of care, event management, student organizations risk management, risk mitigation, insurance, FERPA compliance, ADA, Section 504, Title IX, Clery Act, state law, First Amendment, Red Flags Rule, academic freedom, search and seizure, and dozens of other topics impacting education law.

My depth of knowledge is supported by my involvement in many professional organizations of which I am a founder and member. I am a co-founder of the Association of Title IX Administrators ("ATIXA") and serve as the President of this organization that hosts over 19,000 members. I am a founding member of the National Association for Behavior Intervention and Threat Assessment ("NABITA") as well as a founding member of the Association for Student Conduct Administration (ASCA) formerly the Association for Student Judicial Affairs. I have served nine years as a member of the Board of Trustees for the Columbus College of Art and Design.

I hold a Bachelor's Degree in Education, focusing on K-12, and a Master's Degree in Counseling and Higher Education from Miami University of Ohio. I completed my coursework for my Ph.D. in Organizational Development at The Ohio State University. I received my Juris Doctorate degree from the Moritz College of Law, The Ohio State University. I am admitted to practice law in the State of Ohio, U.S. District Court for the Southern District of Ohio and the U.S. Court of Appeals for the Sixth Circuit. More information about my background, credentials and publications is available in my CV, which is attached to this report.

## BASIS FOR OPINIONS

My analysis and opinion in this matter are developed based on my education, including an undergraduate degree in elementary education, and training, summarized above, as well as my more than five decades of professional experience in the education environment, as a teacher, a school administrator, faculty member and legal counsel, as an attorney overseeing training and compliance for all colleges, universities and public K-12 schools for the State of Ohio, and as a Partner with TNG.

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
4

EXHIBIT 163 - 004

In addition, the knowledge I bring to analyzing an institution's response to awareness of sexual grooming and the risks involved by not intervening to stop the behavior, is influenced by my deep understanding of institutional standards and compliance from a Board-level perspective.

Finally, my opinions are developed based upon my review of the documents provided to me by counsel for Plaintiff regarding this case and a review of relevant guidance documents. All opinions stated are held to a reasonable degree of professional certainty. The methodology I used to provide my opinions in this case is the same as the methodology I use and that my colleagues use when providing training and consultation to schools, colleges, and universities. In summary, this methodology involves reviewing documents to gather facts concerning the school's conduct and/or policies, followed by analyzing them, followed by comparing them to industry standards.

## PRIOR EXPERT WITNESS WORK

*McGrath v. Dominican College of Blauvelt*, 672 F. Supp. 2d 477 (U.S. Dist. Ct., D.N.Y. 2009 – case settled) (expert for Plaintiff)

*Pico v. Kamehameha Schools*, (Dispute Prevention & Resolution, State of Hawaii, 2011 – case settled) (expert for Plaintiff)

*Singh v. University of Pennsylvania and Amazon, Inc*., (Ct. of Common Pleas, Philadelphia County, Pennsylvania, 2016 - case settled) (expert for Plaintiff)

*Tubbs v. Stony Brook University*, U.S. Dist. Ct., S.D. New York, 2016 – case settled)(expert for Defendant)

*Ross v. University of Tulsa*, (U.S. Ct. of Appeals, 10th Cir., 2017 – case settled) (expert for Defendant)

*Burrell v. Florida A & M University*, (U.S. Dist. Ct., N.D. Florida, 2016 – case settled) (expert for Plaintiff)

*Locklear v. William Patterson University,* (U.S. Dist. Ct., Dist. of New Jersey–case settled, 2019) (expert for Defendant)

*Larios v. Chadron State University and the Board of Trustees of the Nebraska State Colleges,* (U.S. Dist. Ct., Dist. of Nebraska—case settled 2020) (expert for Plaintiff)

*Stevens v. Brigham Young University – Idaho (*U.S. Dist. Ct., Dist. of Idaho –(case settled, 2022) (expert for Defendant)

*Doe v. Raleigh County Board of Education and Lori M. Knight (*Circuit Court of Raleigh County, West Virginia – case ongoing) (expert for Plaintiff)

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
5

EXHIBIT 163 - 005

*Mary Doe v. Baylor University, Case # 6:19-cv---227-RP-AWA* (U.S. Dist. Ct., W. D. Texas, Waco Div. (case settled 2022) (expert for Plaintiff)

*Shaynen Jones v. Marshall University Board of Governors*, Case # 3:20-cv-00786, U.S. Dist. Ct., S. Dist. West Virginia, (case settled 2021) (expert for Defendant)

*Mary Durstein v Cabell County Board of Education*, Case # 3:19-cv-00029, U.S. Dist. Ct., S. Dist. West Virginia, Div. 3 (case settled 2021) (expert for Defendant)

*Erika Pogorzelska v Vandercook School of Music*, Case #19 C 5683, U.S. Dist. Ct., Northern Dist. of Illinois, Eastern Division (case ongoing) (expert for Defendant)

*Jane Doe and Jane Roe v Boulder Valley School District and Donald Stensrud in his personal capacity*, case #21-CV02133, U.S. Dist. Ct., Dist. of Colorado (case ongoing) (expert for Plaintiffs)

*Doe v. University of Southern Indiana, Dameion Doss, Beth Devonshire, D. Stafford & Associates, Karen Nutter, Grand River Solutions*, Case # 3:21-cv-00144-TWP-MJD, U.S. Dist. Ct., S.D. Indiana, Evansville Div. (case ongoing) (expert for Plaintiff)

*Fatimah Totten v. Benedictine University*, Case # 1:20-cv-06107, U.S. Dist. Ct. N. Dist. Illinois, Eastern Div. (case settled 2024) (expert for Plaintiff)

*J.B. a Minor by her Father and Next Friend, Guy Blume v. Liberty Local Schools, Case #4:22-CV01752-PAB, U.S. Dist. Ct., N. Dist Ohio, E Div. (case ongoing) (expert for Plaintiff)*

*John Doe v. Rockingham County School Board, D/B/A Russel County Public Schools, Phil Judd, Sandy King, Wesley Dunlap, Timeless Toys, LLC, and John Roes 1-10, Civil Action No.: 5:21-CV-00051, U.S. dist. Ct., W Dist, Va, Harrisonburg Div (case ongoing) (expert for Defendants)*

*Tess McGlenn, et al. v. Madison Metropolitan School District, David Kruchten in his individual capacity, Heidi Tepp, Joe Fanning and Joe Balles d/b/a JB Public Safety Consulting, LLC, and auto-Owners Insurance Company and Community Insurance Corporation, Case # 3:21-CV-00683, U.S. Dist. Ct., W Dist. of Wisconsin (expert for Defendant), Case resolved on Summary Judgment*

*Marissa Michaels v Newington Board of Education and Town of Newington, Superior Court, J.D. of Hartford at Hartford (case ongoing) (expert for Plaintiff)*

## COMPENSATION

Billing for this expert report is at the rate of $792.50/hr. for case and document review, research, report preparation and telephone calls and other local consultation.

For trial or deposition or any consultation requiring out-of-state travel, a fee of $12,500 per day is charged, regardless of the location of the trial or deposition, or partial days consumed.

Travel is charged at the rate of $350.00 per hour plus actual expenses for travel time to/from the applicable destination. All travel arrangements will be made by TNG and shall be charged without mark up.

## DOCUMENTS REVIEWED

- Third Amended Complaint, dated January 6, 2025
- Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, dated March 27, 2025
- Defendants' Response to Plaintiff's Requests for Admissions 3 & 4, Interrogatory 17.1, Production of Documents, dated July 25, 2025
- Depositions
  - Komathy Vishakan, June 5, 2025
  - Lisa Hickey, June 16, 2025
  - Cindi Durchslag Ahern, June 16, 2025
  - Peter Colombo, July 14, 2025
  - Trent Bahadursingh, August 25, 2025
  - Don Austin, August 26, 2025
  - Robert Andrade, August 26, 2025
  - Nicole Miller, September 16, 2025
- Exhibits
  - Exhibits 2-15
  - Exhibit 21
  - Exhibits 25-29
  - Exhibit 34
  - Exhibit 36
  - Exhibit 38
  - Exhibit 40
  - Exhibits 43-46
  - Exhibits 48-50
  - Exhibit 58

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
7

EXHIBIT 163 - 007

- o Exhibit 59
- o Exhibit 59A_Redacted
- o Exhibit 67
- o Exhibit 105
- o Exhibit 109
- o Exhibits A-X (PAUSD003069-3840)
- o Title IX Training and Certificates (PAUSD001409-2503)

## APPLICABLE STANDARDS

The field of education is not governed by one uniform, published set of standards. Instead, standards vary from state-to-state and depend as well on the type of school. With respect to public K-12 schools in California, in relation to sex-based issues involving employees and students, the standard of care is discerned via applicable federal statutes and regulations, case law, state law, District policies, and the customs and practices commonly adopted within a field or profession.

### TITLE IX: STATUTE AND REGULATIONS

Title IX of the Education Amendments of 1972, codified at 20 U.S.C. §1681 et seq., is a broad federal civil rights law that prohibits discrimination on the basis of sex in any federally funded education program or activity. Title IX governs the obligations of educational institutions with respect to covered sex discrimination, which includes sexual harassment and, as is relevant in this case, retaliation. The statute and the U.S. Department of Education's implementing regulations prohibit discrimination on the basis of sex in a school's "education program or activity," which includes all the school's operations. [1] Title IX applies to every public and private school that receives federal funds, including elementary and secondary schools. [2]

In 2020, the Department of Education released a new set of Title IX regulations. [3] The new regulations mandated changes to Title IX processes in K-12 districts, implemented new due process protections for parties, and detailed prescriptive requirements for federal funding recipients to fulfill within their Title IX grievance procedures. They also included robust retaliation protections that reshaped how the field responds to Title IX complaints. **Over the past five years, the 2020 regulations have become a primary source shaping the industry standards regarding**

---

[1] 20 U.S.C. §§ 1681 *et seq*. PAUSD003174.
[2] Id. at §1681(c).
[3] 34 C.F.R. §106.

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
8

EXHIBIT 163 - 008

the grievance procedures for resolving Title IX Sexual Harassment allegations once a recipient has notice.[4]

## TITLE IX: RETALIATION

Industry standard practice, stemming from regulatory requirements, features broad retaliation protections. Specifically, any attempt to address or resolve Title IX Sexual Harassment allegations using a non-Title IX process is per se Title IX retaliation if it is done for the purpose of interfering with any Title IX right or privilege.[5]

> "Intimidation, threats, coercion, or discrimination, *including charges against an individual for code of conduct violations that do not involve sex discrimination or sexual harassment*, but arise out of the same facts or circumstances as a report or complaint of sex discrimination, or...of sexual harassment, for the purpose of interfering with any right or privilege secured by Title IX...constitutes retaliation."[6]

The industry-wide reason that using a non-Title IX process when the reported conduct meets the Title IX regulatory definition is considered to be a retaliatory adverse action is because, pursuant to the 2020 Title IX Regulations, the Parties are entitled to certain due process protections and fairness safeguards when the allegations implicate Title IX. The next section outlines the numerous rights and privileges "secured by Title IX" that the prohibition on retaliation protects, illuminating why the regulations went so far as to characterize deprivation of those rights and privileges as retaliation.

Moreover, under the regulations and industry standard practice, a recipient may be considered to have engaged in Title IX retaliation if it fails to keep information about the Parties or allegations confidential. Specifically, the recipient "must keep confidential the identity of...any respondent," unless required by law or some disclosure is necessary to implement the Title IX grievance process.[7] This provision would prohibit the recipient from acknowledging, for example, to a local newspaper that a student or employee was named in a report alleging Title IX sexual harassment. This is part of the reason why it is industry standard practice for a recipient to decline to comment on open investigations.

---

[4] "Title IX Sexual Harassment" is a term referring to all misconduct falling within the purview of the 2020 Title IX regulations.

[5] The OCR Resolution Agreement contains a condition that the District will not investigate alleged sexual harassment or sexual violence under other non-Title IX policies, too. *See* PAUSD003071.

[6] 34 C.F.R. §106.71(a) (emphasis added). Explained further at 85 Fed. Reg. 30496 (May 19, 2020) and 85 Fed. Reg 30536 (May 19, 2020). Sexual assault allegations, assuming they fulfill all other Title IX jurisdictional requirements, qualify as Title IX sexual harassment under the regulatory definitions that all recipients use.

[7] 34 C.F.R. §106.71(a)

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
9

EXHIBIT 163 - 009

## TITLE IX: GRIEVANCE PROCESS[8]

There are five phases of the Title IX grievance process drawn from regulatory requirements and industry standard practice for an incident like sexual assault: (1) the notice/formal complaint phase; (2) the initial assessment phase; (3) the formal investigation phase; (4) the decision-making phase; and (5) the appeal phase. The grievance process must also be prompt and equitable.[9]

### Notice/Formal Complaint Phase

Many schools receive notice of Title IX allegations through online reporting forms, phone calls, emails, or conversations with students, parents, teachers, or other staff. When a school receives notice of potential Title IX allegations, it is industry standard practice for the person receiving the report to notify the Title IX Coordinator so they can provide oversight of the district's response.[10][11] The Title IX Coordinator or other trained individual will then reach out to the impacted individual (or their parent), otherwise known as the Complainant, or the person who filed the report, for more information.[12] Typically, a Title IX Coordinator will meet with a student and/or a parent to explain the process and offer supportive measures during an intake meeting.[13] The Title IX Coordinator will also discuss whether the Complainant wishes to file a formal complaint.

Notice alone does not trigger a Title IX grievance process; rather, the regulations require a formal complaint.[14] There is no set formal complaint template or required formal complaint language. Simply put, a formal complaint is any document from the Complainant alleging sexual harassment against an individual, otherwise known as the Respondent.[15]

---

[8] This section contains numerous references to the regulations, so it is important to reemphasize that when the U.S. Department of Education released the Title IX Regulations in August 2020, industry standards evolved rapidly to reflect the regulatory requirements. Throughout the grievance process, if there is a regulatory provision on point, the industry standard reflects that provision. When there is not an applicable regulatory provision, industry standards may fill those gaps.

[9] PAUSD003175.

[10] PAUSD003176. For purposes of this section, the Title IX Coordinator may designate or assign responsibility to a designee, like a Deputy Title IX Coordinator, an investigator, an intake officer, or principal. Different offices have different staffing capabilities and practices. Whoever fulfills these responsibilities must receive training first. The District had documented problems with effective oversight in the past, see PAUSD003164.

[11] The mandatory reporting requirement is also an element in the PAUSD Policy

[12] The District had documented problems with providing information about their process in the past, see PAUSD003167.

[13] 34 C.F.R. §106.44(a). The District had documented problems with providing supportive measures in the past, see PAUSD003167.

[14] 34 C.F.R. §§ 106.30, 106.45.

[15] 34 C.F.R. §106.30.

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
10

EXHIBIT 163 - 010

The Title IX Coordinator has authority to initiate a formal complaint and may sign a formal complaint on behalf of the Complainant even if a Complainant does not wish to move forward with an investigation or if the Complainant is not participating or attempting to participate ("P/ATP") in the education program or activity at the time of the formal complaint.[16] Title IX Coordinators at the K-12 level will often consider whether there are safety concerns for the Complainant, the school, or the district that necessitate moving forward against the wishes of the Complainant. As a result, K-12 Title IX Coordinators will typically sign a formal complaint when the allegations involve an employee Respondent and a student Complainant, not only to protect the Complainant, but other students as well. This is an industry standard practice in K-12.[17]

_Initial Assessment Phase_

The initial assessment phase is also known as the gatekeeping phase or the preliminary inquiry phase. During the initial assessment phase, the Title IX Coordinator assesses the formal complaint to determine whether the complaint facially alleges sufficient facts to initiate the grievance process and whether the allegations fall within Title IX jurisdiction. The first question is whether the allegations, if proven, would be Title IX Sexual Harassment under the school's Title IX policy.[18] Notably, for allegations occurring in the past, such as in the present case, the industry standard approach is to apply the policy definitions that were in effect at the time of the alleged incident and the procedures in effect at the time of the report or formal complaint. Districts must apply the policy definitions in effect at the time of the alleged incident for due process reasons. Students or employees should not be held accountable for violating policies that were not in effect at the time of the alleged incident and of which they did not have notice. There is no retroactive application of current policy to past actions. Applying current procedures, though, is a practical matter as well as a due process matter. The personnel charged with implementing the Title IX grievance process (investigators, decision-makers) are expected to have received extensive training on the 2020 regulations including the grievance procedures, not the procedures in effect twenty years prior. Moreover, the 2020 regulations provide significant due process protection to the Parties and more fundamental fairness safeguards than any similar process from twenty years past. So not only is it the process that the recipient knows how to implement, but it is also the one that provides the most due process to all Parties.

The second jurisdictional question relates to the identities/roles of the parties themselves.

- First, is the Complainant P/ATP in the school's education program or activity at the time the formal complaint was filed? [19] Note, as referenced above, in certain situations with

---

[16] 34 C.F.R. §106.30.
[17] Mr. Andrade, the District's Title IX Coordinator, echoed this industry practice in his deposition at p. 34.
[18] 34 C.F.R. §106.30.
[19] 34 C.F.R. §106.30.

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
11

EXHIBIT 163 - 011

safety concerns present, the Title IX Coordinator may choose to sign a formal complaint for a Complainant that is not P/ATP. The Title IX Coordinator signing a formal complaint effectively makes the Complainant P/ATP for the purposes of the jurisdictional analysis.

- Second, is the Respondent within the school's control? This question typically asks whether the Respondent is still a student or employee of the recipient.

If yes to both questions, the Title IX Coordinator will then need to explore whether the alleged incident took place within the school's education program or activity. This analysis usually involves analyzing the degree to which the school controlled the context of the harassment.[20] For example, a sexual assault occurring on school grounds or in school buildings during the school day would clearly qualify.

If the answers to the above questions are all "yes" or "arguably, yes," the matter continues in the Title IX process. If not, the Title IX Coordinator may or must dismiss the formal complaint and may refer it to a different disciplinary process.[21] If the Title IX Coordinator does not have enough information for the jurisdictional analysis, they may meet with the Complainant or ask the reporting individual for more information, conduct some background assessment, evaluate pattern concerns, assess safety risk, determine whether a complaint can be subject to informal resolution, evaluate whether an emergency removal should be put in place, and address a number of other preliminary matters.

During this phase, the Title IX Coordinator will discuss supportive measures with the Complainant, and the Respondent as appropriate,  and implement supportive measures as necessary. Examples of common supportive measures are no contact directives, academic accommodations, schedule changes, or counseling services.[22]

*Formal Investigation Phase*

Upon receiving a formal complaint and establishing jurisdiction, the Title IX Coordinator determines the charges, based on school or district policy, and sends a Notice of Investigation and Allegations (NOIA).[23] The NOIA must contain:

- Information about the school's Title IX grievance process, including any informal resolution process

---

[20] 34 C.F.R. §106.44(a).

[21] 34 C.F.R. §106.44(b)(3). Once a recipient determines that Title IX applies, and notifies Parties that Title IX applies, if later the recipient determines Title IX does not apply, they must dismiss, notify the Parties of the dismissal, and offer an appeal of that dismissal decision. The recipient cannot just change course.

[22] 34 C.F.R. §106.44(a).

[23] 34 C.F.R. §106.45(b)(2).

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
12

EXHIBIT 163 - 012

- Notice of the allegations of sexual harassment, including sufficient details known at the time (identities of parties, the alleged conduct, the date, and the location of the incident, etc.)

- A statement of presumed non-responsibility and that a determination of responsibility will be made at the conclusion of the grievance process

- Information about the party's right to an Advisor

- Information about the party's right to inspect and review evidence

- Any conduct code provision related to making false statements[24]

The Title IX Coordinator is required to send the NOIA immediately, typically, within one (1) business day of receiving a formal complaint but may wait a few days if there is cause to do so, depending on the circumstances.[25] The Title IX Coordinator appoints an investigator or a team of investigators drawn from the administration staff or an external provider. Rarely are School Resource Officers used to investigate claims under Title IX except in a supportive role, because of the potential conflict of interest between investigating both a crime and a potential civil rights violation, simultaneously. Investigators interview witnesses and gather relevant, available evidence.

The investigator typically interviews the Complainant, the Respondent, witnesses to the event itself, and anyone else with potentially relevant information.[26] The Title IX regulations and industry standards reflect several requirements for investigations:

- Ensure the burden of proof and burden of gathering evidence is on the school, not the parties

- Provide an equal opportunity for the parties to present witnesses, including fact and expert witnesses, and other inculpatory and exculpatory evidence

- Refrain from restricting the ability of either party to discuss the allegations under investigation or to gather and present relevant evidence

- Provide notice of the date, time, location, participants, and purpose of all interviews, with sufficient time to prepare

- Provide both parties with an equal opportunity to inspect and review any evidence

---

[24] 34 C.F.R. §106.45(b)(2).
[25] 34 C.F.R. §106.45(b)(2)(i).
[26] These industry standards were reinforced for the District in the Cozen O'Connor report at PAUSD003177. The District had documented problems with conducting appropriate Title IX investigations in the past, *see* PAUSD003168.

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
13

EXHIBIT 163 - 013

- Create an investigation report fairly summarizing relevant evidence[27]

At the conclusion of the investigation, the investigator assembles all the relevant evidence into a draft investigation report and sends it to the parties and Advisors for their review and comment.[28] Schools must permit at least 10 days for review and comment. [29] Once the investigator receives the parties' feedback, the investigator incorporates the feedback, completes any necessary additional interviews, and collects any remaining relevant evidence prior to finalizing the investigation report and sending the final report to the parties.[30]

This duty to investigate is well-understood in the field. The hallmarks of an appropriate investigation include thoroughness, reliability, promptness, impartiality, and fairness. Basic fairness and industry standards require that individuals investigating  allegations of sexual misconduct have training to do so. The more serious the allegations and potential consequences, the greater the need for a more robust investigation. Failure to conduct a prompt, thorough, and impartial investigation runs a substantial risk of sexual misconduct going unaddressed and thus allowing a hostile environment to persist. Appropriate investigations do not happen by accident. An investigation consists of fact-gathering, sorting, organizing, and sifting through evidence warranting consideration by the decision-maker. A thorough investigation examines and follows every viable lead, does not cut corners, leaves no relevant stone unturned, and gathers all available evidence. Under industry standards, an investigation involves the active accumulation of relevant and directly related evidence by a trained, neutral, impartial investigator.

A reliable investigation follows policies and procedures that guide the investigation such that no matter how many times investigators perform the investigation, or no matter which investigator performs the investigation, the investigation methodology is materially consistent. Policies and procedures outlining the investigation process increase reliability.

A prompt investigation means that it is performed as soon as is reasonably practicable upon receipt of notice of an alleged violation. Promptness is necessary to ensure memories are fresh and to minimize the disruption to all involved in the process. There is no set timeline for most cases, though a good rule of thumb is to make a good faith effort to resolve matters without undue delay, if possible. At the K-12 level, the industry standard is to aim to resolve allegations within 90-120 days, depending on complexity.[31] Temporary delays are permissible for good cause, but schools must provide written notice to the complainant and the respondent of the delay. Good cause for delays may include the absence of a party or witness, an advisor,

---

[27] 34 C.F.R. §106.45(b)(5).
[28] 34 C.F.R. §106.45(b)(5)(vi).
[29] 34 C.F.R. §106.45(b)(5)(vi).
[30] 34 C.F.R. §106.45(b)(5)(vi).
[31] The District had documented problems with implementing prompt investigations in the past, *see* PAUSD3170.

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
14

EXHIBIT 163 - 014

concurrent law enforcement activity, or accommodation of disabilities.[32] Industry standard practice is to limit delays to a short amount of time, such as a few days or a few weeks, if requested to do so by the parties, their advisors, or law enforcement. However, indefinite or prolonged delays are not the industry standard and run afoul of the regulations and case law. Districts may not abdicate their investigatory responsibilities to law enforcement.[33]

An impartial investigation is unbiased and objective. Investigators must have no actual or perceived conflict of interest and must recognize and neutralize their own biases. An investigator has no "side" in the process, as their north star is the integrity of the process. An impartial investigator does not have a stake in the outcome, only that it is reached in a manner consistent with industry standards and the school's policies, procedures, and the overarching principles of fairness and integrity.

The principles of a fair investigation overlap with those of impartiality, thoroughness, and reliability. A procedurally fair investigation adheres to the school's procedures and guidelines and allows the parties an opportunity to fully address each element of the allegations and provide evidence in support of their position.

_Decision-making Phase_

The decision-making phase begins no fewer than 10 days after the parties receive the final report.[34] In K-12, a hearing is not required by the federal Title IX regulations, and hearings are not industry standard unless suspension or expulsion are contemplated; [35] rather, the decision-maker (an individual or a panel) reviews the investigation report and provides an opportunity for the parties to submit any written, relevant questions for the other party or witnesses, with limited follow-up questions available thereafter. [36] In some states, hearings may be required by law or board policy, but that is not standard across the industry, as it is in higher education.

After reviewing and weighing all the relevant evidence, as well as credibility, the decision-maker then issues a written determination regarding responsibility, applying the standard of evidence. The industry standard is the preponderance of the evidence standard. The written determination has several required elements:

- Description of the allegations

- Description of the procedural steps taken during the grievance process

---

[32] 34 C.F.R. §106.45(b)(1)(v).
[33] See, also, the OCR Resolution Agreement at PAUSD003071.
[34] 34 C.F.R. §106.45(b)(5)(vii).
[35] _Goss v. Lopez_, 419 U.S. 565 (1975).
[36] 34 C.F.R. §106.45(b)(6).

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
15

EXHIBIT 163 - 015

- Findings of fact supporting the determination

- Conclusions regarding the application of the school's code of conduct to the facts

- A statement of, and rationale for, the result as to each allegation, including a responsibility determination, any sanctions, and any remedies

- The school's appeal procedures[37]

The parties receive the written determination simultaneously.[38]

*Appeal Phase*

All parties must have a right to appeal. Typically, schools permit filing appeals within 5-10 days after delivering the written determination to the parties. There are three grounds for appeal that schools must offer:

- Procedural irregularity that affected the outcome of the matter

- New evidence that was not reasonably available at the time the determination regarding responsibility or dismissal was made, that could affect the outcome of the matter

- The Title IX Coordinator, investigator(s), or decision-maker(s) had a conflict of interest or bias for or against complainants or respondents generally or the individual complainant and respondent that affected the outcome of the matter[39]

Schools may include additional grounds for appeal in their policy, too. [40] The school must notify other parties when the school receives an appeal and provides all other parties with an opportunity to respond.[41]

A single appeal decision-maker or a panel determines whether the appeal identifies appropriate grounds and, if so, renders a decision on the appeal. The scope of review is limited to the grounds identified in the appeal and the other parties are entitled to respond to the appeal. Depending on the nature of the appeal, appeal decision-makers may need to meet with or receive statements from any of the parties, the Title IX Coordinator, the investigator, or the decision-maker. The decision-maker must issue a written decision describing the result of the appeal and the rationale, providing the written decision simultaneously to all parties. [42] An appeal decision-maker may reject the appeal, take no action, and finalize the decision, at which point sanctions

---

[37] 34 C.F.R. §106.45(b)(7).
[38] 34 C.F.R. §106.45(b)(7)(iii). The District had documented problems with providing written determinations to the parties, *see* PAUSD 003170.
[39] 34 C.F.R. §106.45(b)(8)(i).
[40] 34 C.F.R. §106.45(b)(8)(ii).
[41] 34 C.F.R. §106.45(b)(8)(iii).
[42] 34 C.F.R. §106.45(b)(8)(iii).

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
16

EXHIBIT 163 - 016

and remedies will take effect. [43] Or, the appeal decision-maker may remand the complaint back for further consideration or action. The industry standard practice is to provide only one appeal opportunity.

As one can see, industry standard practice and the Title IX regulations accord significant rights and protections under Title IX for parties in the grievance process, which is why denying those rights to any party and steering the complaint into a different process is per se retaliatory.

## BRIEF SUMMARY OF THE FACTS

In January 2022, a former District student alleged that Plaintiff sexually assaulted her during the 2001-2002 school year. The District suspended Plaintiff from his position immediately. A criminal investigation began soon thereafter, resulting in charges and Plaintiff's imprisonment, though the charges were dropped in June 2023.

The District did not permit Plaintiff to return to his position after the charges were dropped. The District eventually hired an external investigator and opened an investigation around August 2023 that was completed in May 2024 when the District determined the allegations were not substantiated because of a lack of evidence. The District assigned Plaintiff a "Teacher on Special Assignment" (TOSA) position for the 2024-2025 school year, and Plaintiff did not return to the classroom until the 2025-2026 school year.

## DISCUSSION AND CONCLUSIONS

**A. The District failed to adhere to industry standard practices when it retaliated against Plaintiff by failing to use its Title IX process to resolve the sexual assault allegations against Plaintiff.**

There is evidence in the record that the District determined that the District's Title IX policy applied. Ms. Vishakan stated that, "the policies since the OCR Resolution...were clear as to how these matters should be handled...it being a prospective Title IX and it should be handled that way."[44] Ms. Vishakan confirmed in her deposition that in February 2022, "the District was

---

[43] 34 C.F.R. §106.45(b)(7)(iii).

[44] Vishakan deposition, page 162. It is notable that Ms. Vishakan was "let go" by the District around August 2022. The District did not provide Ms. Vishakan with any reason for their decision to let her go, but Ms. Vishakan speculated that the reason was because her "work for compliance and following policies and things like that was not welcomed," and that her termination "probably had something to do with" Plaintiff's case. Vishakan deposition, page 160-1. Mr. Bahadursingh reported that Ms. Vishakan was in charge of Title IX for the district, so it is unclear why her determination that the complaint implicated Title IX was seemingly ignored. *See* Bahadursingh deposition at p. 40. Additionally, Mr. Andrade indicated in his deposition that Ms. Gallagher, as Title IX Coordinator, would be responsible for determining whether Title IX applied, but the record does not show that Ms. Gallagher was involved, either. *See* Andrade deposition at p. 31-32.

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
17

EXHIBIT 163 - 017

conducting a Title IX investigation at that point."[45] Dr. Austin later reported that the District had offered the individual making the allegations an opportunity to file a formal complaint.[46] And Mr. Bahadursingh told Plaintiff on January 31, 2022, that the District would be investigating, too, telling Plaintiff to "trust the process."[47]

As referenced above in the industry standard section, if a recipient determined that Title IX applied, using any non-Title IX policy and procedure to resolve allegations of Title IX Sexual Harassment would be retaliation per se if it was done to interfere with an individual's Title IX rights.[48] Plaintiff has Title IX rights, and to deny him those rights by using another process is against industry standard practice. To explore the extent to which the District denied Plaintiff his rights and retaliated against him, an in-depth explanation of Plaintiff's rights in the Title IX process is necessary.

Upon receipt of the report alleging sexual assault – and here it is undisputed in the record that the husband reported to multiple high-level administrators at the District – industry standard practice would be to apply the policy definitions in place at the time of the incident and to apply the procedures in place at the time of the report. In other words, the District should have used the policy language prohibiting sexual assault that was in place in 2001-2002 and resolved the complaint using the regulatory procedures in place in 2022. Failure to do so would be inconsistent with industry standard practice.

In my review of the record, there was little to no evidence that the District implemented its Title IX policy in any meaningful way, which is astounding considering the District's agreement with the Office for Civil Rights in 2017, in which they agreed to use their Title IX policies and procedures for allegations like those brought against Plaintiff.[49] And, furthermore, the District adopted the 2020 Title IX regulations for their District policy, so their failure to adhere to industry standard practice and their OCR agreement also meant they did not follow their own policies. The industry standard section above reads like a list of actions the District did not take

---

[45] Vishakan deposition, page 76.
[46] Exhibit 508.
[47] Colombo deposition, pages 66-67.
[48] 34 C.F.R. §106.71(a).
[49] PAUSD003070. ("if the District is on notice of a factual finding that a District employee engaged in behavior with the student...which constitutes sexual harassment, sexual violence... the District shall investigate under revised policies [5145.7 and 1312.3] and take action...") It is important to note that this Agreement was reached in 2017 and that the Office for Civil Rights monitored PAUSD for "a minimum of three years" following the agreement. At the conclusion of the monitoring period, the District is expected to maintain the practices to which it agreed, unless there is some superseding authority, like a federal regulation, that modifies the agreement. The monitoring period concluding does not mean the District can revert to noncompliant practices. Any argument to that end is not consistent with logic or industry standard practice. Moreover, the Title IX regulations went into effect in August 2020, which codified the same expectations and compliance elements described in the PAUSD 2017 OCR Agreement, further rendering moot any argument that the Agreement's principles no longer applied after the three-year monitoring period expired.

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
18

EXHIBIT 163 - 018

between receipt of the report in January 2022 and the conclusion of their investigation in May 2024:

- Provide notice? No.[50]

- Attempt to interview the Parties and witnesses? No.

- Give the Parties opportunity to gather and present evidence? No.

- Notify the Parties about the right to an Advisor? No.

- Keep the Parties up to date about delays? No.[51]

- Create an investigation report summarizing relevant evidence? No.

- Provide the parties with an opportunity to review and comment on the evidence the District collected? No.

- Provide for a decision-making process in which the decision-maker reviews all relevant evidence and shares a written determination with the Parties? No.

- Share appeal procedures? No.

- Conclude the grievance process in a reasonably prompt manner? No.[52]

And, as discussed previously, when a recipient determines that Title IX applies, the denial of Plaintiff's Title IX rights by failing to follow the appropriate and mandatory grievance process is retaliatory according to industry standards. The District finally opened an investigation after two years of sitting on the original report, only to conclude – after nine additional months of investigating – there was insufficient evidence to sustain a finding that Plaintiff violated District policy.[53] Such inaction is inconsistent with industry standard practice. And the failure to communicate *anything* with Plaintiff during this period of time is also clearly out of step with industry standards.[54]

---

[50] Hickey deposition, Page 17.

[51] Ms. Hickey seemed to have known the process would not be prompt from the start, since she communicated to Plaintiff that the investigations take longer than employees think and, with the District being understaffed, it "wouldn't surprise" her if Plaintiff was out the rest of the year. [51] It turned out to be more than two years before the District's investigation concluded, and more than three years until Plaintiff was returned to the classroom.

[52] PAUSD003139-40 lists the procedural requirements Plaintiff was owed and denied. It is also notable that several of these procedural requirements were included in the Resolution Agreement with the Office for Civil Rights from 2017.

[53] Mr. Bahadursingh defended how long their investigations take, asserting that investigations involve "a lot of people, a lot of questions," though I saw little evidence in the record that the District's investigation talked to anyone or asked any questions. Bahadursingh deposition at p. 131.

[54] Colombo deposition, page 154. It should be noted that the record contains information suggesting that PAUSD had a history of failing to adhere to industry standard practice. In addition to the OCR Agreement in 2017, a 2017 report authored by Cozen O'Connor (PAUSD003147 et. al) reviewed PAUSD's response to a reported Title IX

Expert Report – Colombo v. Palo Alto Unified School District

Saundra K. Schuster, Esq.

19

EXHIBIT 163 - 019

Interestingly, in her deposition, Ms. Hickey outlined a series of steps she would have taken, as Director of Certificated Human Resources, had she been asked to investigate the allegations against Plaintiff, none of which the District appeared to do at any point.[55] The investigation strategy Ms. Hickey described is largely aligned with industry standard practice, which arguably makes the District's failure to adhere to basic investigatory expectations even more head scratching since they had in-house expertise they chose not to leverage. Ms. Hickey outlined steps like contacting IT to secure data about student registration from 2001-2002, contacting the reporting party to obtain any records like report cards, walking over to the next office and reviewing Plaintiff's personnel files, speaking to their HR data analyst who handled digital recordkeeping, interviewing Plaintiff, and potentially interviewing any other teachers or students depending on their availability.[56] These are all basic elements of any investigation and a core part of industry standard practice, but the District failed to meet that standard.

### Investigations without Complainant Participation

The Complainant refusing to participate in an investigation would generally not alleviate the District's obligations or the rights owed to Plaintiff. Once the District determined Title IX applied, the District may not resolve Title IX allegations through an alternative process simply because the Complainant did not want to participate. Such action would flout industry standard practice.[57] The District's Title IX obligations "exist regardless of whether the individual who was harassed makes a complaint," or asks the District to act.[58]

Title IX Investigations, especially in K-12, frequently occur without the participation of the Complainant, for a variety of reasons. This is especially the case in situations where, as referenced above, a Title IX Coordinator signs a formal complaint because the allegations involve an employee sexually harassing a student.[59] Mr. Andrade correctly shared a similar sentiment in his deposition when he stated, "the only other context in which the District would initiate an investigation is if Mr. Colombo presented an eminent [*sic*] threat of safety or harm to

---

incident and concluded, "this incident reflects systemic concerns about the application of Title IX and Board policy given our observations about the role of the Title IX Coordinator, the level of supervisor authority exercised, the coordination of information and personnel, and the failure to follow written policies in practice." PAUSD003148-9. Many of the same issues appear to have plagued the District's response to the allegations against Plaintiff, given that the Title IX Coordinator was left out of the loop by the District's legal counsel and the District failed to follow its own written policies.

[55] Hickey deposition, Page 101. Even Ms. Ahern, a PE teacher who does not have a background in investigations, was able to accurately describe some investigatory steps the district could have easily taken. See Ahern deposition at page 66.

[56] Hickey deposition, Page 101-104.

[57] The District would have needed to dismiss the complaint, provided notice, and provided an opportunity to appeal the dismissal decision.

[58] PAUSD003176.

[59] *See, generally*, Policy 5145.71 AR, p.2, par. 2. PAUSD003138.

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
20

EXHIBIT 163 - 020

any of the students at PAUSD."[60] Any reasonable Title IX Coordinator would immediately suspend and investigate out of an abundance of caution to protect the District's students in the event there were other unreported allegations. Industry standard practice in such situations is to move forward with notice and investigating to see what relevant evidence is available.

Mr. Andrade was incorrect when he stated that "it comes down to first what the complaining party would like to do and then coming next to what the assessment [*sic*] of whether or not the conduct that's alleged even falls within the confines of Title IX."[61] Although, yes, the Complainant's wishes are important, the Title IX Coordinator also has a broader obligation to the other students and staff in the District. Recipients cannot simply throw up their hands if a Complainant refuses to participate in the process. Recipients have an obligation to stop, prevent, and remedy for the entire District – and they also have an obligation to accord Respondents their Title IX rights. The District failed to do so and in doing so, failed to adhere to industry standard practices.

<u>**Concurrent Law Enforcement Investigations**</u>

Likewise, recipients may not abdicate their responsibility to investigate simply because there is a concurrent law enforcement investigation ongoing. It is not uncommon for a district to pause its administrative process at the request of police or the request of the Complainant, at least for a week or two until the police finish collecting evidence. Here, the District claimed that the police asked the District to refrain from investigating. But there was no documentation of such a request, and no one could identify to whom the alleged request was made. For example, Dr. Austin reported that Ms. Vishakan received that request, but Ms. Vishakan did not recall a conversation with the police about suspending or delaying any District investigation.[62] Request or not, it is an unquestionable deviation from industry standard practice for a district to step aside and let the police handle a sexual assault for which the district has notice.  Indeed, the agreement the District entered into with OCR in 2017 reflects this obligation.[63] And the District entered into a Memorandum of Understanding (MOU) with the City of Palo Alto in 2018 to clarify their obligations, so there should have been no misunderstanding in responding to the

---

[60] Andrade deposition at p. 34. Mr. Andrade's gatekeeping threshold for Title IX complaints involving staff and students is uncharacteristically high for K-12 schools, industry-wide. He discussed the concept of consent when determining whether to investigate a complaint, which is not an industry standard consideration in these situations.

[61] Andrade deposition at p. 35-36.

[62] Austin deposition at p. 43-44; Vishakan deposition at p. 183.

[63] PAUSD003071. ("The District will revise its Memorandum of Understanding (MOU) with the Palo Alto Police Department to clarify the roles and responsibilities of police department and district staff with respect to compliance with Title IX and a safe, nondiscriminatory school environment, including the responsibility of the District's separate obligation to promptly and equitably resolve complaints of sexual harassment *even while a criminal investigation is ongoing*. (emphasis added)")

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
21

EXHIBIT 163 - 021

allegations against the Plaintiff in 2022, merely four years later.[64] Notably, the MOU contained the following language: "An investigation conducted by the PAPD is a separate investigation from PAUSD's Title IX investigation. Investigations may proceed on parallel paths, and involve different professional and legal obligations under federal and state law.[65] The MOU outlines points of contact for each agency, discusses information sharing practices, and states that "the PAPD's investigation will not take the place of a District Title IX investigation.[66] The 2017 report from Cozen O'Connor further underscores this point, demonstrating the District was well aware of its obligations when the allegations surfaced against Plaintiff.[67] Though Mr. Bahadursingh disputed that the Board ratified the MOU, the MOU represented industry standard practice and reflected the principles in the OCR Resolution Agreement and the Cozen O'Connor report, so the District was clearly aware of their deficiencies in this area. Whether the Board officially ratified the MOU is immaterial to whether the District followed industry standard practice or not.[68] But that said, Mr. Bahadursingh's testimony that the District never formally adopted the MOU is very problematic given that revising the MOU was an explicit term of the OCR Resolution Agreement.[69]

Beyond regulatory requirements, there are practical considerations at play, too. What if, as happened in this case, the Plaintiff's arrest did not result in any charges and the Plaintiff returned to work? It would have been imperative for the District to take all measures it could have to ensure that Plaintiff was not a danger to the District's students. And, as happened in this case, the District would surely want a robust investigation to help assuage the concerns of the public about Plaintiff. Dr. Austin's comment during his deposition that "the high stakes nature" of the allegations made a concurrent District investigation "less acceptable" is

---

[64] See PAUSD003081 et. al. The relevant portion begins on PAUSD003092, where the city and the District clarify that "they each have different obligations under state and federal law," and the purpose of the MOU is "to coordinate PAUSD and PAPD processes in response to reported sexual misconduct...to build an understanding between the agencies regarding their respective responsibilities and promote compliance with the numerous state and federal laws....including...Title IX..."

[65] PAUSD003092.

[66] PAUSD003093-4.

[67] PAUSD003152.

[68] Bahadursingh deposition at p. 119. Mr. Andrade explained in his deposition that the MOU would have needed to be updated after the 2020 regulations went into effect. See Andrade deposition at p. 64. It is not clear if the update did not take place or if the Board simply did not ratify the update. If the latter, it is not clear from the terms of the MOU whether the District would need to re-ratify the MOU after an update or whether the update would modify the MOU and automatically take effect. Either way, the MOU reflects the 2020 regulations and reflects industry standards for concurrent Title IX/law enforcement investigations, so really any argument that the lack of an MOU absolved the District of their responsibility to investigate is irrelevant to the District's Title IX obligations.

[69] See PAUSD003071. ("The District will revise its Memorandum of Understanding (MOU) with the Palo Alto Police Department to clarify the roles and responsibilities of police department and district staff with respect to compliance with Title IX...")

Expert Report – Colombo v. Palo Alto Unified School District

Saundra K. Schuster, Esq.

22

EXHIBIT 163 - 022

inexplicable, bewildering, and contrary to common sense and industry standard.[70] The chain of events leading to this lawsuit are practically a case study of why the industry practice is for a recipient to implement its grievance process right alongside any law enforcement investigation. Moreover, the standard of evidence is different in criminal cases, as are the evidentiary rules, and the rights of the Parties. There are distinct and important differences between a law enforcement investigation and a Title IX process – and why one does not override the need for the other.

Having a party imprisoned or being subject to criminal investigation can certainly impact, and, in some cases, impede the Title IX process, but the obligation to follow published policy and procedures remains. But there is little evidence in the record that the District attempted any investigation, not only while the law enforcement investigation was active, but for many months afterward.[71]

Indeed, there is significant evidence in the record that the District was more than happy to step aside and deny Plaintiff his rights:

- In the *Unfit to Teach* article, Dr. Austin said, "The new, and unrelated, allegations are a different story. We expect the current allegation from long ago to be presented, heard, and judged in the court of law. Until that happens, unpaid leave is our only option." In fact, unpaid leave was not the District's only option. According to District policy, they had an obligation to investigate the allegations and come to their own determination.
- In the same article, Dr. Austin admitted that "due to the serious and sensitive nature of an allegation from long ago, we followed the request of the Palo Alto Police Department to stand down and allow them to conduct an unobstructed investigation."[72] This was not industry standard practice, did not follow the MOU, and ignored the principles outlined in the OCR Resolution Agreement and Cozen O'Connor report. Additionally, it is not clear whether PAPD made such a request and to whom.
- Austin also disclosed that the district had offered its formal complaint process to the person accusing Plaintiff of sexual assault, but she declined, and, as a result, "there was very little the district could investigate at that time."[73] The District could have and should have investigated the allegations under its policies.

---

[70] Austin deposition at p. 79.
[71] *See* Bahadursingh deposition, p. 83.
[72] Mr. Bahadursingh reported a similar sentiment in his deposition at p. 83.
[73] Exhibit 508.

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
23

EXHIBIT 163 - 023

Given the above, I conclude that the District's lack of an investigation failed to adhere to industry standards and, after determining initially that Title IX applied, their use of any other policy or procedure to resolve the Title IX Sexual Harassment allegations was likely retaliatory.

**B. The District failed to adhere to industry standard practice when it retaliated against Plaintiff by discussing the allegations against him with local newspapers.**

Industry standard practice, stemming from regulatory requirements, requires recipients to maintain confidentiality regarding the identity of a Party to a Title IX process. Failure to do so is retaliation, per se, unless sharing such information falls within narrow exceptions: FERPA, requirements of other laws, or to implement a Title IX grievance process.

After their initial determination that Title IX applied, the District made several public statements that may be considered retaliatory under industry standard practice. In *Unfit to Teach*, Dr. Austin made several comments that ran afoul of industry standard practice. Whereas recipients typically respond, "no comment" regarding allegations or an investigatory process, Dr. Austin provided several quotes.[74] Taken in the context of the larger article being about Plaintiff allegedly sexually assaulting a student, these comments would likely be seen as retaliatory within the field. As would Dr. Austin's comments to Palo Alto Online in an article dated April 25, 2023. These actions are contrary to industry standard practice.

**C. The District failed to adhere to industry standard practices when it did not follow its published policies and procedures and failed to provide the Plaintiff notice or an opportunity to be heard.**

Even if we assume that Title IX was not in play, the District did not use any sort of discernable published policy or process to resolve the allegations against the Plaintiff, which is against industry standards. From my review of the record, Plaintiff was not formally noticed of the allegations under investigation until his attorney received an email from Mr. Willis on January 16, 2024 – almost two years after the allegations surfaced.[75] Providing notice of the charged policy violations and the allegations underlying the investigation is a basic due process right incorporated into any type of policy or procedure designed to resolve complaints in the K-12 field. And, looking at the District's policies, they all include some type of notice. However, Mr. Willis sought to place the allegations outside of the Board's published policies in his email, stating, "While certain board policies may dictate govern [*sic*] certain types of investigations, the District's ability to conduct investigations is not limited to the policies."[76] One wonders what

---

[74] Exhibit 508. Dr. Austin asserted that he was quoted out of context but provided no documentation in support of his claim. *See* Austin deposition at p. 72.
[75] Exhibit 512.
[76] Exhibit 512.

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
24

EXHIBIT 163 - 024

other investigatory authority Mr. Willis is referring to in his email. Mr. Bahadursingh admitted there was not a name for the process they followed regarding the allegations against Plaintiff.[77] And he could not identify the policy authority the District used to place Plaintiff on leave for over a year while the District failed to conduct its own investigation, either.[78] Mr. Willis' and Mr. Bahadursingh's inability to identify a process mirrors Ms. Miller's assertion that she was not following any Board policies in her investigation and did not know which policy Plaintiff had allegedly violated.[79]

It would be far outside the industry standard for the District to use some nameless unpublished policy or procedure to investigate Plaintiff and possibly strip him of his tenure and position. Such policies are often governed by state law or, in the absence of state law, collectively bargained agreements. And, as demonstrated in the record, the District has well-developed published board policies. In fact, they have so many policies that sometimes it is fairly challenging to discern which policy applies to a set of allegations.[80] Furthermore, Mr. Willis did not even identify which published or unpublished policy was guiding their process, which inhibited my review of it. Based on my review of the record, I do not see much evidence they followed any process, published or unpublished, or provided Plaintiff with a modicum of his rights to receive notice and be heard. The District certainly did not follow its policy titled "Complaints Concerning District Employees" because notice is required within five days or "in accordance with the applicable collective bargaining agreement."[81] Needless to say, it was considerably more than five days for Plaintiff to receive notice.[82] Moreover, under that policy, the complaint should be resolved in 30 calendar days.[83] Instead, the District resolved the complaint in 849 days. The record demonstrates that the District did not follow its Title IX policy, or its employee discipline policy, or some unnamed unpublished policy. In fact, the record demonstrates that the District did not follow any policy, and in doing so failed to meet even the most basic and fundamental industry standards of fairness, due process, the right to notice, and the right to be heard.

## Summary

Based upon a review of the documents provided to me by counsel, within the context of my knowledge and experience in Title IX matters and policy and procedures within the K-12

---

[77] Bahadursingh deposition, p. 284.
[78] Bahadursingh deposition, p. 165.
[79] Miller deposition, p. 39 and p. 44.
[80] The District provided a helpful chart for navigating their policies, though, at PAUSD3119.
[81] PAUSD003117.
[82] See Colombo deposition, page 316.
[83] PAUSD003118.

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
25

EXHIBIT 163 - 025

field, I can state with a reasonable degree of professional certainty the District failed to follow industry standard practices in responding to the allegations against Plaintiff.

*This report is based on the information reviewed and my experience, training, skill, knowledge, and expertise. There may be subsequent significant and new information that may alter this report. Therefore, I reserve the right to amend, revise, or supplement this report based on the availability of new information.*

Respectfully submitted,



Saundra K. Schuster, Esq.

Expert Report – Colombo v. Palo Alto Unified School District
Saundra K. Schuster, Esq.
26

EXHIBIT 163 - 026

# CURRICLUM VITA

## SAUNDRA K. SCHUSTER, Esq.
1952 Samada Avenue
Worthington, Ohio 43085
(614) 885-7318

## PROFESSIONAL EMPLOYMENT HISTORY

### CURRENT EMPLOYMENT

**TNG:  The NCHERM Group, LLC,(NATIONAL CENTER FOR HIGHER EDUCATION RISK MANAGEMENT)**
**Partner, The NCHERM Group, LLC; Founder and Board Member of the National Behavioral Team Association (NaBITA) and the Association of Title IX Administrators (ATIXA)**

NCHERM is a consulting firm dedicated to best practices for campus health and safety.  The firm emphasizes best practices for policy, training and educational programming as proactive risk management.  NCHERM specializes in advancing culture change strategies and problem solving for colleges and universities. NCHERM offers expertise in:  sexual misconduct, campus investigations, judicial panel training, campus behavioral intervention and threat assessment, disruptive students, hazing, sexual harassment, campus alcohol issues, student organization risk management and student suicide.

### EMPLOYMENT HISTORY: LEGAL

**SCHUSTER & CLIFFORD, LLP (2005-2016)**
**Managing Partner**

Law practice devoted to preventive education law, involves providing legal consultation to educational institutions, K-12 schools and school systems and charter schools.  Legal services include policy audits, review, development and implementation assistance; delivery of training seminars on legal issues; specifically, tailored training on institutional policies and procedures, including training of internal hearing bodies

**SINCLAIR COMMUNITY COLLEGE**

EXHIBIT 163 - 027

Curriculum Vita - Saundra K. Schuster, Esq.
Page 2

**General Counsel, Assistant Attorney General State of Ohio, 2005 – 2009**

Responsible for providing legal advice to the College President, Vice Presidents and Board of Trustees and others, as appropriate, on a variety of legal matters including student and employment matters, civil rights issues, intellectual property and technology issues, constitutional law, regulatory matters, construction, real property and local governmental regulation, liability issues, contracts and public records and open meetings laws.  Represent the College's legal interests to external agencies, coordinate and supervise assigned special counsel.

- ♦ Special expertise in sexual harassment and sexual misconduct issues, liability and risk management matters, public records and FERPA issues
- ♦ Expertise in employment law issues, discrimination laws, affirmative action, contracts, and Federal regulations of higher education
- ♦ Expertise in matters involving intellectual property, copyright and trademark in public institutions
- ♦ Extensive experience in conducting legal risk avoidance training
- ♦ Experience with defense of discrimination allegations with OCRC and EEOC
- ♦ Training in mediation and other Alternative Dispute Resolution techniques

**OHIO ATTORNEY GENERAL**

**Senior Assistant Attorney General, State of Ohio - Education Section, August 1997- 2005**

Oversee legal matters for state colleges and universities in Ohio.  Duties include: providing informal legal opinions and general legal advice to special counsel, in-house counsel and college administrators on a wide range of legal issues including, but not limited to, contracts, affirmative action, conflicts of interest, student affairs, athletics, intellectual property, and employment issues, academic freedom, tenure issues and college/university foundation related matters; providing in-house expertise on campus police, athletics, intellectual property; providing training for and implementation of negotiation and mediation settlement procedures.

- ♦ Litigation expertise, including jury trials
- ♦ Extensive additional training in mediation and other ADR techniques
- ♦ Co-authored amicus brief on behalf of State of Ohio in *Gratz & Hammacher v. Bollinger*, and *Grutter v. Bollinger*, arguing in support of diversity as a compelling governmental interest in higher education
- ♦ Conduct presentations and workshops on a wide range of legal issues in

EXHIBIT 163 - 028

     higher education
- ♦ Special expertise in Public Records and FERPA issues

**Interim Associate General Counsel, University of Toledo (January- August 2005)**
    Provided assistance for the University of Toledo's General Counsel Office for an interim period.  Conducted a comprehensive review of their Code of Student Conduct and provided extensive training for faculty, staff and students.  Provided assistance with employment related cases.

**Criminal Defense Practicum: Ohio State University, 1997**
    Represented clients in Municipal Court who were charged with criminal offenses

**City Attorney's Office:  Night Prosecutor Program, 1995-97**
    **Hearing Officer/Mediator**
    Conducted mediation of criminal complaints

**Office of Legal Affairs:  The Ohio State University, 1994-97**
    **Legal Intern**
    Conducted legal research; conducted analysis of institutional Affirmative Action Programs

**Court of Common Pleas: Domestic and Juvenile Division:  Judge Kay Lias**
    **Summer Extern Program, 1996**
    Conducted legal research, drafted judicial opinions

**Kemp, Schaeffer, Rowe and Lardiere Co., L.P.A.**
    **Law Clerk - January 1995 - September 1995**
    Conducted general legal research; wrote research memorandum, briefs, pleadings and other legal documents related to litigation

## EMPLOYMENT HISTORY:  HIGHER EDUCATION

**THE OHIO STATE UNIVERSITY, OFFICE OF STUDENT LIFE**
**Associate Dean of Students*:*  1989-1997**

EXHIBIT 163 - 029

Curriculum Vita - Saundra K. Schuster, Esq.
Page 4

(50% time 1994-1997 while attending law school full-time)
Responsibilities included assisting with human, fiscal and space resource management; formulating administrative policy; participating in strategic and long-range planning; coordinating the review and development of university policies, including the *Code of Student Conduct*; participating in student problem solving and crisis management; developing and implementing leadership and management training programs for university staff and students; participating in budget development and management; coordinating staff search systems; participating on various university committees and task forces; serving as liaison with Academic Affairs, the Alumni Association, University Development, college student affairs staff, Campus Ministry, and Athletics.

**Summer Extern Program, 1996**
Conducted legal research, drafted judicial opinions

**Director, Student Development:  1987-1989**
Provided leadership and supervision for Office of Student Development, which included Judicial Affairs, Drug/Alcohol Education, University Mentoring Program, and Forensics Program.  Responsibilities included supervision of professional staff and selection, training, and supervision of graduate and undergraduate support staff; oversight of practica students; annual publication of Student Handbook; coordination of orientation programs; creation of peer assistant program for drug and alcohol education and prevention; and developing external grant support. Additional responsibilities include providing institutional consultation regarding student's rights, due process, and grievance procedures; overseeing non-academic judicial systems; and, administering Code of Student Conduct.

**Coordinator of Judicial Affairs:  1983-1987**
Served as the primary institutional hearing officer in non-academic misconduct cases; coordinate judicial panels; conduct training and evaluation of judicial panels; serve as judicial liaison with Residence Life, University Police, the Office of Traffic and Parking, and serve as Student Affairs representative to Academic Misconduct Panel; advise University Court; serve as a resource to Academic departments regarding the Code of Student Conduct.

EXHIBIT 163 - 030

Curriculum Vita - Saundra K. Schuster, Esq.
Page 5

**Coordinator of Alcohol and Drug Education Program: 1985-1987**

Coordinated the Alcohol Education Program, including chairing the Student Affairs Alcohol and Drug Education Advisory Committee; advising the student group, BACCHUS; providing presentations, workshops and general consultation on topics of alcohol and substance abuse; coordinating the annual National Collegiate Alcohol Awareness Week activities; supervise the Alcohol Education Resource Center; provide information on trends, issues, and concerns relating to alcohol and substance abuse.

**Ohio Board of Regents**
**Consultant: Summer, 1982**

Composed and edited the Ohio College Manual. Conducted research for presentation to the Ohio Legislature regarding funding for international graduate students.

**Miami University, Oxford, Ohio, Office of Learning Assistance**
**Director: 1979-82; Coordinator: 1976-79; Assistant Coordinator: 1974-76**

Charged with creating an office which would administer a University-wide academic assistance program, including centralized tutoring, peer counseling; basic skills evaluation and prescription center, as well as writing, math, study skills and spelling/reading procedures to support this complex program. General responsibilities included administrative leadership, budgetary planning, program development and evaluation, and the generation and presentation of training programs.

**Instructor: Department of Personnel and Guidance, Miami University 1974-82**

EDL 100 (Role of the University in American Life) 1974-82
EDG 211 (Academic Survival Skills) 1980.

**Head Start Program, Preble County, Eaton, Ohio**
**Director: 1973-74**

Responsibilities included administrative leadership of the program, supervision of staff of 15, development of a competency-based teacher training program, grant writing, budget administration, in-service training, and volunteer and staff recruitment and training.

EXHIBIT 163 - 031

Curriculum Vita - Saundra K. Schuster, Esq.
Page 6

**The Western College, Oxford, Ohio**
**Assistant to Dean of Students:  1972-73**
Responsibilities included assisting with student counseling, housing concerns, and financial aid.

**Miami University, Oxford, Ohio, Department of Residence Life**
**Resident Advisor: 1970-72**
One-year freshman advisor; one-year upper-class advisor. Management of a 370-student housing complex, responsibilities included serving as academic advisor; supervising selection, training and evaluation of student staff; advising hall government, and hall judicial committee; implementation of educational and cultural programming.

## <u>TEACHING EXPERIENCE</u>

**Miami University:  Instructor:  Department of Personnel and Guidance**
EDL 100 (Role of the University in American Life)
EDG 211 (Academic Survival Skills).

**Ohio State University:  Instructor**
Freshman Survey Course
Moritz College of Law – Negotiation Course

**Columbus State Community College:  Instructor**
Business Law course

**Wright State University**
Law & Higher Education class

## <u>EDUCATION</u>

**The Moritz College of Law, The Ohio State University -** Columbus, Ohio
**Juris Doctor,** May 1997, Member Ohio Bar, Federal Bar
Chief Justice, Moot Court Governing Board, 1996-97

EXHIBIT 163 - 032

Curriculum Vita - Saundra K. Schuster, Esq.
Page 7

      Honor Council, 1995-96
      President, Delta Theta Phi legal fraternity, 1995-96
      Representative, NCAA Certification Committee
      Taught Negotiation course with William Pitt, Professor of Law, Loyola University

**The Ohio State University -** Columbus, Ohio
**Doctoral Candidate (Ph.D.)** (course work completed)
   Higher Education Administration:  focus in organizational development;
             mediation, research techniques

**Miami University -** Oxford, Ohio.
     **M.S. Student Personnel & Counseling, B.S. Education**

## EXPERT WITNESS WORK

***McGrath v. Dominican College of Blauvelt***, 672 F. Supp. 2d 477 (S.D.N.Y. 2009) (Plaintiff);

***Pico v. Kamehameha Schools***, Dispute Prevention & Resolution, State of Hawaii (2011) (Plaintiff)

***Ross v. University of Tulsa***, 180 F. Supp. 3d 951 (N.D. Okla. 2016) (Defendant)

***Singh v. University of Pennsylvania and Amazon, Inc***., Court of Common Pleas, Philadelphia County, Penn. 2016 (Plaintiff)

***Burrell v. Florida A & M University***, (U.S. Dist. Ct., N.D. Florida) (Plaintiff)

***Tubbs v. SUNY at Stony Brook***, U.S. Dist. Ct., S. Dist of N.Y. (15 CIV 0517) (Defendant)

***Larios v. Chadron State College and the Board of Trustees of the Nebraska State Colleges***, (U.S. Dist. Ct., Dist. of Nebraska – case settled) (Plaintiff)

***Locklear v. William Patterson University***, (U.S. Dist. Ct., Dist. of New Jersey – case settled) (Plaintiff)

***Lori Stevens v. Brigham Young University-Idaho*** (U.S. Dist. Ct., Dist. of Idaho – case ongoing)(Defendant)

EXHIBIT 163 - 033

Curriculum Vita - Saundra K. Schuster, Esq.
Page 8

***Doe v. Raleigh Cty Bd. of Education, and Lori M. Knight***, In the Circuit Court of
   Raleigh County West Virginia – case ongoing)(Plaintiff)

## **RELEVANT COMMITTEE/ORGANIZATION INVOLVEMENT:**

- Member, American, Ohio and Columbus Bar Associations, Committee on Alternative Dispute Resolution, Education Law Committee

- Association for Student Judicial Affairs (currently Association for Student Conduct Administration) (founding member): National President, 1996; Conference Chair, 1994; Chair, Awards Committee, 1994; Chair, Research Committee 1991, and 1992; Keynote Speaker 1997-2017

- Campus Advisory Board, Avon Foundation for Women & Futures Without Violence, 2011

- Ohio Association of Student Personnel Administrators Conference, Program Committee

- National Association for College and University Attorneys, Program Committee

- National Behavior Intervention Team Association (NABITA- founding member), National President 2011-2013, Advisory Board 2009 to present

- Association of Title IX Administrators (ATIXA-founding member), Advisory Board, 2011-present

- Committee on Campus Security and Right To Know Act, 20 USC 1001 (OSU)

- Chair, Legislative-Judicial Subcommittee of Council on Student Affairs (involving review of recent legislation and case law related to campus discipline) (OSU)

- Chair, Athletic Council Drug Testing Appeal Process (OSU)

- Adviser, Association of Ohio State Class Honoraries (AOSCH) Ohio State University

- Adviser, Chimes Junior Honorary, Ohio State University

- Search Committee, Vice President Human Resources and Relations, Ohio State University

- Vice President's Task Forces on: Drug Free Work Place, Drug Free Schools

EXHIBIT 163 - 034

Curriculum Vita - Saundra K. Schuster, Esq.
Page 9

- Student Affairs Alcohol and Drug Education Advisory Committee, Chair, Ohio State University

- Chair, Legislative-Judicial Subcommittee of Council on Student Affairs, Ohio State University

- Search Coordinator for five Student Life professional staff positions, Ohio State University

- Chair, Athletic Council Drug Testing Appeal Process, Ohio State University

- Chair, Dean of Student Life Search Committee, Ohio State University

- Chair, Judicial Task Force on Racism, Ohio State University

- Grievance Review Committee, Office of Affirmative Action, Ohio State University

- Representative, NCAA Certification Committee, Ohio State University

- Taught Negotiation course with William Pitt, Professor of Law, Loyola University at Moritz College of Law

## **NATIONAL RECOGNITIONS**

- Invited Member of the U.S. Dept. of Justice Violence Against Women Panel, 2015

- Consultant to the White House Task Force on Sexual Assault, 2014

- Distinguished Service Award 2007, Association for Student Conduct Administration

- D. Parker Young Award (In Recognition of Outstanding and Ongoing Scholarly and Research Contributions in the area of Higher Education and Student Conduct Administration). Association for Student Conduct Administration, 2014

- Invited panelist for the Futures Without Violence Symposium, 2012

- Consultant for the Office of Violence Against Women, providing national training for grantees

EXHIBIT 163 - 035

Curriculum Vita - Saundra K. Schuster, Esq.
Page 10

## GRANTS

- *Student Conduct Practice:  The Complete Guide for Student Affairs Professionals,* Stylus Publishing, LLC, 2008, contributing author

- *The First Amendment on Campus:  A Handbook for College & University Administrators,* NASPA Publishing, 2006, author/editor

- Board of Advisors, Civic Research Institute's *Campus Safety and Student Development Report*

- Grants from U.S. Department of Education for substance abuse prevention; $250,000, Ohio State; $200,000 for Ohio Consortia of State Supported Institutions.

- Federal and State Educational Opportunity Grant (to establish a learning support program for high risk students), Miami University, Oxford, Ohio

- State grant to establish a county-wide Head Start program, Eaton, Ohio

## PUBLICATIONS

- *"The First Amendment on Campus:  A Handbook for College & University Administrators",* NASPA Publishing, 2006, author/editor

- *"The History & Evolution of Student Judicial Affairs",* College Associates Publication, co-author

- *"The ATIXA Playbook:  Best Practices for the Post Regulatory Era",* 2017, co-author, Sokolow, B.A., Lewis, W.S., Henry, M., Swinton, D.C., Black, N., Morris, L., Oppenheim, A.

- *"The ATIXA Guide to Sanctioning Student Sexual Misconduct Violations",* 2018, co-author, Sololow, B.A., Lewis, W.S., Henry, M., Swinton, D.C., Oppenheim, A.

- *" The ATIXA Rubric for Addressing Campus Sexual Misconduct"* 2017, co-author,

EXHIBIT 163 - 036

Curriculum Vita - Saundra K. Schuster, Esq.
Page 11

Sokolow, B.A., Lewis, W.S., Henry, M., Swinton, D.C., Black, N., Morris, L., Oppenheim, A.

- *"Due Process and the Sex Police"* 2017, co-author, Sokolow, B.A., Lewis, W.S., Henry, M., Swinton, D.C., Grimmett, J.

- *"Equity is Such a Lonely Word",* 2014, co-author, Sokolow, B.A., Lewis, W.S., Swinton, D.C.

- *"The Seven Deadly Sins of Title IX Investigations",* 2016 Whitepaper, co-author, Sokolow, B.A., Lewis, W.S., Swinton, D.C., Morris, L., Van Brunt, B.

- *"The Challenge of Title IX Responses to Campus Relationship and Intimate Partner Violence",* 2015 Whitepaper, co-author, Sokolow, B.A., Lewis, W.S., Swinton, D.C., Morris, L., Van Brunt, B.

- *"The Crisis of Campus Sexual Violence: Critical Perspectives on Prevention and*

- *"Student Conduct Practice: The Complete Guide for Student Affairs Professionals",* D. Waryold & J. Lancaster, ed., Stylus Publications (2008) contributed chapter on First Amendment

- *"The State of Student Conduct:  Current Forces and Future Challenges Revised",* D. W

- *"The State of Student Judicial Affairs:  Current Forces and Future Challenges",* publication of the Association for Student Judicial Affairs

- *"The Top Ten Things We Need to Know About Title IX (That the DCL Didn't Tell Us)",* 2013, co-author, Sokolow, B.A., Lewis, W.S., Swinton, D.C., URMIA Journal, 2013

- *"First Amendment & Sexual Harassment:  Will Your Policies Hold Up In Court",* 2013, S.K. Schuster

- *"Gamechangers:  Changing Title IX Through Litigation",* 2010, co-author, Sokolow, B.A., Lewis, W.S.

- *"Deliberately Indifferent:  Crafting Equitable and Effective Remedial Processes to Address Campus Sexual Violence",* 2011, co-author, Sokolow, B.A., Lewis, W.S.

EXHIBIT 163 - 037

Curriculum Vita - Saundra K. Schuster, Esq.
Page 12

- *"Threat, Threat, Threat, Threat, Threat",* 2011, co-author, Sokolow, B.A., Lewis, W.S.

- *"New Challenges to Colleges:  Addressing Bullying on Campus",* National Association of Student Personnel Administrators, Leadership Exchange: Solutions for Student Affairs Management

- *"Sexual Harassment and the First Amendment:  Will Your Policies Hold Up In Court?"* National Association of Student Personnel Administrators, Leadership Exchange:  Solutions for Student Affairs Management

- *"Suicidal Students, Behavioral Intervention Teams, and the Direct Threat Standard"* 2011, University Risk Management and Insurance Association (URMIA) Journal, 2012

- *"The Book on BIT:  Forming and Operating Effective Behavioral Intervention Teams on College Campuses"* NaBITA publication 2012, University Risk Management and Insurance Association Journal, 2012,

- *"The Top 10 Things We Need to Know About Title IX (That the DCL Didn't Tell Us)"*, URMIA Journal, 2013

- *"Suicidal Students, BITS, and the Direct Threat Standard"*, co-author, B.A. Sokolow, W.S. Lewis, 2012 Whitepaper, published by NaBITA and NCHERM

- "The Developmental Model Code" – Wiki Version, co-authored with J. Lowery, W. Fischer, W.S. Lewis, D.C. Swinton, B. Sokolow, 2013

- Annual Case Law Update 2005-2017 (review of the top court rulings in higher education for the year)

- *"The State of Student Conduct:  Current Forces and Future Challenges Revised",* D. Waryold and J. Lancaster, Ed. (2013) contributed chapter on Current Forces

- *"Student Conduct Practice:  The Complete Guide for Student Affairs Professionals",* Stylus Publishing, LLC, 2008

- Contributing Author: *"The State of Student Judicial Affairs:  Current Forces and Future Challenges", a monograph for the Association for Student Judicial Affairs"*, February 1998

EXHIBIT 163 - 038

Curriculum Vita - Saundra K. Schuster, Esq.
Page 13

## **PRESENTATIONS/CONSULTING ACTIVITIES:**

*Extensive experience in delivering presentations to groups ranging in size from 25 to several thousand, and audiences as diverse as students to University Counsel and practicing attorneys.*

**I am a professional legal consultant and trainer.  I have presented over a thousand programs, one day and multi-day trainings, keynote addresses and featured presentations.  A full list of the presentations I have conducted during my professional career will be provided if requested.  Examples of the scope of the presentations I have conducted include:**

Civil Rights Investigator Training, Levels I, II, III, IV, delivered to regional groups and nationally (audiences of 50- 500)

Title IX Coordinator Training (4-day Level I, 2-day Levels II, III, IV, V)

504/ADA multi-day training

Annual Case Law Update:  The 50 Top Higher Education cases of the previous year, presented since 2005 to the Association of Student Conduct Administrators (ASCA)

Ohio Association of Student Personnel Association:  Fall, 1998, 1999 Presentation on Legal Issues in Higher Education

Keynote address:  6th Judicial Circuit meeting:  Ohio Supreme Court challenge to FERPA regulations, July 1998

Keynote address:  10th Annual Association of Student Judicial Affairs National Conference, February 1998

Keynote address: Ohio Association of Women in Education: Are We Hiding or Protecting?: The Dilemma Posed by Campus Records Regulations", Nov. 1997

Invited Presentation: NASPA/ACPA National Convention, March,1997; "Computerizing Campus Judicial Systems

Faculty member, National Conference on Legal Issues in Higher Education,

EXHIBIT 163 - 039

Curriculum Vita - Saundra K. Schuster, Esq.
Page 14

Burlington, Vermont, Oct. 1996

Faculty, Donald D. Gehring Summer Institute on Judicial Affairs, 1993 – 1997, 1999-2017

Faculty member, 15th Annual National Conference on Law and Higher Education, Presented by Stetson College of Law, February 14, 1994

Keynote Addresses, Alpha Lambda Delta/Phi Eta Sigma Honorary and Golden Key Honor Society induction ceremonies

Racial Harassment Presentation "Institutional Responses to Racial Harassment", Sponsored by Miami University and the U.S. Department of Education

Hate Behaviors:  "Creating Appropriate Response Systems", presented at the 1991 NASPA Conference, Washington D.C.

Workshop for Ohio Chief Probation Officers

Hazing workshop for Inter-Fraternity Council Presidents and Executive Boards

Seminar for National Association of Accountants on Impact of Time and Stress Management

Keynote Address, John W. Bricker, Sorority Woman of the Year banquet

Leadership Ohio State workshops

Keynote Address, Families & Children Coalition Conference

Keynote address, National Adopt-a-School Conference

Leadership training workshop for student leaders from Ohio State regional campuses

Orientation and Goal Setting retreat for University Staff Advisory Committee

"Time Management for Professionals:  Time for your Life", presented to Association of Government Accountants

"Hate Behaviors:  Creating Reasonable Responses to Unreasonable Actions", 1991 Association for Student Judicial Affairs Conference, Clearwater, Florida

"Creating a State-Wide Consortia for Substance Abuse", presented at the FIPSE Conference, Washington, D.C.

EXHIBIT 163 - 040

Curriculum Vita - Saundra K. Schuster, Esq.
Page 15

"Hate Behaviors:  Creating Reasonable Responses to Unreasonable Actions", 1990 Southern Association of College Student Affairs, Savannah, Georgia

"Considerations When Changing Your Code of Student Conduct", presented at 1990 Association for Student Judicial Affairs Conference

Keynote speaker, Ohio Staters, Inc. Conference for regional transfer students

Workshops on Race Relations and Discriminatory Harassment for University College (UVC 100) Classes

"Hazing" workshop for Inter-Fraternity Council Presidents and Executive Boards

"Substance Abuse:  National Trends", presented to the College of Nursing

Keynote, the Tri-State BACCHUS Conference

"Diversity and Institutional Racism", presented at Greek Leadership Conference

Radio Talk Show on Student Activism (WCKK)

Orientation Programs representing Student Affairs

Panel on Mentoring for 4th Annual University College Conference on Academic Advising

Retention and Diversity Workshop - Student Financial Aid Office

"Decideaphobia--Is This You?", Leadership presentation for The Ohio State University Student Alumni Council

"How-To's of Programming", presented to Wittenberg University Greek Leadership Conference

"Developmental Discipline--Implications for Greek Leadership", presented to Greek Leadership Conference, Otterbein College

Consultant for Battelle Institute Research Office, including organizational analysis

Consultant for Borden's, including organizational analysis and program development

"Coping with Academics:  Is Developmental Education the Answer?", presented to American Personnel and Guidance Association, Washington, D.C.

## COMMUNITY/VOLUNTEER ACTIVITIES:

EXHIBIT 163 - 041

Curriculum Vita - Saundra K. Schuster, Esq.
Page 16

- Member, Board of Trustees, Columbus College of Art & Design, Chair Student Affairs Committee, Board Secretary (2015- Present)

- Leadership Roundtable, Worthington

- Worthington Zoning Commission

- Community Crime Patrol, Board of Directors, President (2008-Present)

- Alliance for Quality Education, Trustee

- Community Coordinating Board, Worthington, President,

- TWIG 149, Children's Hospital, President,

EXHIBIT 163 - 042

# EXHIBIT 168



EXHIBIT 168 - 001

EXHIBIT 168 - 002

EXHIBIT 168 - 003



EXHIBIT 168 - 004

EXHIBIT 168 - 005

**Mark Alifano**
3421 Kensington Court | El Dorado Hills, CA 95762
Phone: 650.773.0393 | Email: markalifano@gmail.com

# Professional Summary

Accomplished law enforcement professional with over 22+ years of experience in supervision, patrol, criminal investigations, SWAT operations, and specialized task forces as an officer, detective (12+ years) and sergeant. Recognized gang and narcotics expert witness in San Mateo County Superior Courts. Proven leadership as a Sergeant, Field Training Officer, SWAT TEAM Leader/Instructor, and mentor. Committed to public safety, threat assessment, and operational excellence, with a prior management background in the high-technology sector.

# Education

**Bachelor of Science – Business Management**
University of Phoenix | June 2002 – July 2005

# Professional Experience

**Redwood City Police Department — Redwood City, CA**
**Sergeant / Police Officer / Detective** | July 2006 – July 2025

**Investigations & Task Force Work**

- Investigations Sergeant (2022-2025)
- Permanent Detective, specializing in property crimes, crimes against persons, sexual assaults, crimes involving force or violence, and gang suppression.
- Investigator, County Major Crimes Task Force (including homicide investigations).
- OICI County Team Member and School/Workplace Threat Assessment Team Member.
- Recognized gang and narcotics expert, testified in San Mateo County Superior Courts.

**Patrol & Specialized Assignments**

- Patrol Sergeant (2019-2022)
- Field Training Officer (Patrol) and RIMS Trainer/Committee Member.
- Patrol Officer and Downtown Theatre District Beat Officer.
- San Mateo Gang Task Force Officer/Detective for summer deployments (2009–2012).
- Field Evidence Technician and EVOC Instructor.

EXHIBIT 168 - 006

**SWAT & Tactical Operations**

- SWAT Team Leader (2019-2025)
- SWAT Operator / Distraction Device Instructor (since 2008).
- Competitor in Best in the West SWAT Team Competition (2010–2013).
- Competitor in Urban Shield SWAT Team Competition (2011–2017).

**Leadership & Mentoring**

- Patrol and Investigations Sergeant
- Former RPCD Recruiting Team Member and Trainee Mentor.
- Physical Training volunteer at the Police Academy – College of San Mateo.

**Awards & Distinctions**

- 2019 Medal of Valor Award.
- 2017 Police Office of the Year.
- 2013/14/17/21/22/23 Outstanding Duty Awards – Investigations Bureau & Patrol.
- Avoid the 23 Pin Award (2008–2010) for DUI enforcement (12+ arrests annually).

---

# Specialized Law Enforcement Training

**Investigations & Threat Assessment**

- PORAC Internal Affairs Training – 24 hrs (12/2018)
- Association of Threat Assessment Professionals – Boise, 40 hrs (06/2018) & Los Angeles, 40 hrs (08/2016)
- Officer Involved Critical Incident Training – 8 hrs (05/2015)
- School/Community Threat Assessment – 24 hrs (10/2013)
- Assessing Threats/Workplace Violence Risk (WAVR-21) – 8 hrs (08/2013)

**Tactical & SWAT Operations**

- CATO Tactical Conference – 40 hrs (09/2015)
- SWAT Vehicle Operators Course – 8 hrs (07/2014)
- Distraction Device Instructor – 8 hrs (07/2013)
- SSI-MACTAC Active Shooter Course – 16 hrs (06/2013)
- Basic SWAT School – 80 hrs (11/2008)
- Best in the West & Urban Shield SWAT Competitions

**Narcotics, Gangs & Surveillance**

- DOJ Wiretap Certification Course – 8 hrs (02/2011)
- Narcotics Task Force Two-Week Training – 40 hrs (08/2010)

EXHIBIT 168 - 007

- San Mateo GIU/GTF Training – multiple courses, 2009–2015
- California Gang Investigators Association Conference – 40 hrs (08/2011)
- SJPD Basic Surveillance Course – 40 hrs (02/2012)
- Asset Forfeiture Training – 8 hrs (09/2011)

**Driving & Field Operations**

- EVOC Instructor School – 80 hrs (08/2010)
- POST EVOC Driver Awareness Instructor Course – 24 hrs (02/2012)
- Field Training Officer Course – 40 hrs (07/2014)
- Field Evidence Technician School – 80 hrs (01/2009)
- Carbine/M4 Rifle School – 24 hrs (03/2009)
- DWI/Standardized Field Sobriety Test – 24 hrs (08/2009)

**Additional Law Enforcement Certifications**

- POST ICI Core Investigators Course – 80 hrs (12/2011)
- Law Enforcement Spanish Certification (11/2011)
- Prop 69 DNA Update Training – 8 hrs (05/2008)
- POST Basic Police Academy – 880 hrs (08/2002)

# Core Competencies

- Criminal & Gang Investigations
- SWAT / Tactical Operations
- Threat Assessment & Risk Management
- Expert Witness Testimony
- Field Training & Instructor Development
- Evidence Collection & Forensics
- Leadership & Team Supervision
- High-Technology Sales & Client Relations

EXHIBIT 168 - 008

**EXHIBIT 173**

EXHIBIT 173 - 001

EXHIBIT 173 - 002



EXHIBIT 173 - 003

# Kenneth Whittemore

2195 Maze Way | Dixon, CA 95620 | Cell: (510) 932-1805

## Summary

Highly accomplished and results-driven education professional with over two decades of experience in school administration and human resources. Proven expertise in leading and managing Human Resources departments, overseeing employee relations and negotiations, and developing innovative solutions for recruitment and retention. Adept at strategic planning, grant management, and implementing large-scale professional growth and evaluation systems to drive organizational excellence.

## Professional Experience

**Assistant Superintendent, Human Resources** Fairfield Suisun Unified School District, Fairfield, CA October 2019 – Present

- Responsible for the day-to-day operations of the entire Human Resources Department.
- Managed employee relations and negotiations with four bargaining units.
- Directed recruitment and hiring practices for certificated and classified personnel.
- Oversaw employee wellness and safety programs.
- Developed and implemented the LCAP plan for recruitment and retention.
- Investigated and managed uniform and employee complaints.
- Oversaw change to and back of Title IX procedures.
- Oversee the Compliance Office.
- Upgraded certificated teacher and management evaluation tools.
- Managed updates to Board Policies.
- Oversee employee complaints.
- Developed an electronic onboarding system for new hires.
- Created an efficient and timely reference check system.
- Prepared and successfully received the California Classified to Teacher Grant.
- Served as Superintendent-in-charge when the Superintendent was out of the District.

EXHIBIT 173 - 004

**Assistant Superintendent, Human Resources** West Contra Costa Unified School District, Richmond, CA June 2012 – October 2019

- Directed the daily operations for the Human Resources Department.
- Handled employee relations and negotiations with five bargaining units.
- Oversaw all employee complaints and grievances.
- Managed recruitment and hiring practices for certificated and classified personnel.
- Upgraded business/human resources management software system (Munis).
- Oversaw employee wellness and safety programs.
- Developed LCAP plans for recruitment and retention.
- Investigated and managed uniform and employee complaints.
- Upgraded certificated teacher and management evaluation tools.
- Managed updates to Board Policies.
- Developed an electronic onboarding system for new hires and a timely reference check system.
- Secured the California Classified to Teacher Grant.
- Served as Superintendent-in-charge when the Superintendent was out of the District.

**Teacher Incentive Fund (TIF) Grant Coordinator** Washoe County School District, Reno, NV January 2011 – June 2012

- Managed a $9 million federal grant for reform efforts in nine district schools.
- Developed and implemented a Teacher Professional Growth System and Evaluation Rubric.
- Developed and implemented a Principal/Assistant Principal Professional Growth System and Evaluation Rubric.
- Developed and implemented a Performance Pay System.
- Hired and recruited classroom support personnel.
- Communicated and updated TIF stakeholders.
- Organized and managed committee groups working on grant objectives.
- Served as District Liaison at national and regional meetings.

**Assistant Superintendent, Human Resources** Natomas Unified School District, Sacramento, CA September 2004 – December 2010

- Managed all human resource functions in the district.
- Handled all negotiation functions with both bargaining units.
- Managed and oversaw all recruitment, hiring, and retention programs.
- Oversaw wellness and loss prevention in the district.
- Directed new employee orientation and placement.

EXHIBIT 173 - 005

- Managed and updated all human resource records.
- Developed and updated evaluation systems and policies.
- Reviewed and made recommendations on board policies.

**Principal** Golden State Middle School, Washington Unified School District, West Sacramento, CA March 1999 – September 2004

**Assistant Principal** River City High School, Washington Unified School District, West Sacramento, CA June 1994 – March 1999

**Assistant Principal** Quincy Jr./Sr. High School, Plumas Unified School District, Quincy, CA August 1993 – June 1994

**Teacher** Northern Humboldt Union High School District, Arcata, CA July 1989 – August 1993

- Taught Social Science.
- Served as Head Football Coach.

**Teacher** Josephine County School District, Grants Pass, OR August 1986 – July 1989

- Taught Social Science.
- Served as Head Wrestling Coach and Football Coach.

## Education

**California State University, Sacramento**

- Master of Arts, Educational Administration (1998)
- Bachelor of Arts, Social Science (1986)

**Humboldt State University, Arcata**

- Administrative Service Credential (1993)

**Shasta College, Redding**

- General Education (1983)

## References

References available upon request.

EXHIBIT 173 - 006

## Materials Reviewed

Exhibit 2 – Audit Resolution Agreement
Exhibit 5 – PAUSD Board Policy 1312.3 BP
Exhibit 7 – PAUSD Board Policy 5145.3 BP
Exhibit 8 – PAUSD Board Policy 5145.7 BP
Exhibit 10 – PAUSD Admin Reg 1312.3 AR
Exhibit 11 – Notes by Lisa Hickey from January/February of 2022
Exhibit 12 – PAUSD Title IX Logs
Exhibit 13 – PAUSD Admin Reg 5145.3 AR
Exhibit 14 – PAUSD Admin Reg 5145.71 AR
Exhibit 15 – Cozen O'Conner Title IX Audit Report
Exhibit 21 – Early Emails Title IX Coordinator Gallagher
Exhibit 23 – Paid Leave Letter January 31, 2022
Exhibit 25 – Emails PC Union Lawyer Cador
Exhibit 27 – Detective Emails with Summary of Claim
Exhibit 29 – Detective Emails requesting District's evidence
Exhibit 30 – 2001-2002 Class Schedule [assume 3rd & 4th at Terman]
Exhibit 33 – PAUSD Website info re Student Records
Exhibit 34 – Reporter email about missing student records
Exhibit 35 – Detective revised request for District evidence
Exhibit 36 – Data Secretary Declaration re Student Records
Exhibit 38 – Police Press Release re Colombo Arrest
Exhibit 40 – PAUSD Board Meeting Open Forum 8/19/2025
Exhibit 41 – 2025 PAUSD link to Audit Resolution Agreement
Exhibit 43 – HR Data Specialist Kelly re Colombo assignments
Exhibit 44 – Email to Hickey re 2001-2002 assignments and Ahern
Exhibit 45 – Colombo work assignments for 2001-2002
Exhibit 46 – History of Terman – only 6th grade in 2001-2002
Exhibit 48 – Declaration of Jill Naylor
Exhibit 49 – Declaration of Cindi Ahern
Exhibit 50 – Declaration of Aimee Becker
Exhibit 52A – Interview of Accuser's sister
Exhibit 58 – Accuser's 7th grade report card (no PE, grades)
Exhibit 59A – Archives Swimming Times (great through 2003)
Exhibit 60 – Student Record for elementary school, not 6th grade
Exhibit 66 – Emails re Article coming out
Exhibit 67 – Austin emails re press release re arrest
Exhibit 68 – "Man Behind the Mitt" article about Colombo
Exhibit 75 – "Unfit to Teach" with Austin comments (CPRA docs)
Exhibit 78 – Article re DA dropping charges with Austin comments
Exhibit 83 – Unpaid Leave Letter post-arrest 06/16/2022 (bond)
Exhibit 88 – Paid Leave Letter after charges dropped 05/24/2023
Exhibit 90 – Hickey Letter to CTC re discipline 06/26/2023
Exhibits 92/99 – Emails re proper credential renewal backdating
Exhibit 93 – Letter re Unpaid Leave 08/24/2023 (unnecessary)
Exhibit 95 – Email starting District investigation 090/15/2023
Exhibit 104 – Printouts from District Investigator Website
Exhibit 105 – Palo Alto City Council

EXHIBIT 173 - 007

Exhibit 107 — Notes re Colombo Interview on 01/25/2024
Exhibit 108A — Bahadursingh Declaration
Exhibit 109 — Notice of Investigation Findings 05/28/2024
Exhibit 113A — Subpoena Response from Palo Alto Police
Exhibit 123A — Accuser/Detective Testimony 03/21/2023
Exhibit 125 — Hickey Emails re investigation 04/21/2022
Exhibit 126 — Deposition of former GC Vishakan
Exhibit 127 — Deposition of Director HR-Certificated Hickey
Exhibit 128 — Deposition of Cindi Durchslag Ahern
Exhibit 129 — Deposition of Peter Colombo
Exhibit 143 — Colombo Grievance re PE TOSA position

EXHIBIT 173 - 008

**EXHIBIT 194**

*5/5/25*
*10:00 am Meeting*
*Pete Colombo Meeting with Herb Espiritu, Head of HR for PAUSD*
*Questions/Concerns Pete Colombo has regarding his Return to Teaching for the 25/26 School Year in PAUSD. (Fletcher Middle School Transfer)*

**Employment Status & Role**
- I presume that I am returning to resume my teaching position with a transfer from my teaching position at Greene Middle School to a teaching position at Fletcher Middle School, after more than 2.5 years of improper extended involuntary leave and another year of an improper Tosa transfer. If not, please let me know exactly how the district purports to characterize the transfer.

*Answer #1: Your current TOSA position is a 2-year assignment, the same as the other secondary TOSA positions. You had one year remaining after this school year. You interviewed for the vacant PE teaching position at Fletcher, offered the position by the principal, and accepted. The district characterizes this as a voluntary application to an open position, for which you were hired and accepted.*

**Response: Please provide me a copy of any documentation showing I was provided notice that the TOSA position the District improperly forced me into, and that I never agreed to, was a two-year position. Thank you for clarifying that the District forced me to interview for a return to a teaching position following 3.5 years of involuntary leaves, malicious prosecutions and other retaliations and violations of my due process. To be clear, there has never been any evidence to substantiate the false claim against me as confirmed by the District Attorneys, CTC and the District's hired third party investigator.**

*Answer #2: We did not provide our secondary TOSA's documentation that role will be a 2-year position. This has been a district practice that the District TOSA roles are for more than one school year. I would like to clarify that you expressed interest in a PE school site position to my office, and in alignment with the PAEA Collective Bargaining Agreement, we supported your interest by inviting you to interview for the PE position at Fletcher. You accepted the invitation, participated in the interview, and enthusiastically accepted the role.*

- Are there any conditions or limitations associated with my return?

*Answer #1: No, apart from conditions and limitations that apply to all District employees.*

**Response: Please delineate any conditions or limitations that the District considers applicable to my return to my rightful teaching position following 3.5 years of involuntary leave/involuntary TOSA position that I neither wanted or applied for?**

*Answer#2: As stated above in my first response, the only conditions or limitations on your return to a classroom teaching position are the same that apply to all District employees.*

EXHIBIT 194 - 001

## Legal and Professional Considerations



•        Am I required to disclose any information to students, parents, or colleagues? Will the District be disclosing any information?

 *Answer #1: You are not required to disclose information. Currently, the district is not planning to disclose any information to students, parents, or colleagues outside of our normal hiring process.*

**Response: As the HR Director, do you agree with the actions by the District in this regard, or are you again being kept in the dark about this situation?**

*Answer #2: As stated above in my first response, you are not required to disclose information. Currently, the district is not planning to disclose any information to students, parents, or colleagues outside of our normal hiring process.*


## Workplace Environment

•        What measures will be in place to ensure a respectful and safe working environment?

*Answer #1: The district and school site will follow existing measures and process we currently have for all employees.*

**Response: My situation is not the norm for all employees. We have already heard that students, parents, teachers, administrators, board members and other school community members are planning to further violate my rights. Do you agree as the HR Director that this situation deserves more careful planning and treatment by the District?**

*Answer #2: As stated above in my first response, the district and school site will follow existing measures and process we currently have for all employees.  If any employee believes that their rights have been violated, you may bring it to the attention of school site administrators and may*

EXHIBIT 194 - 002

*also address such issues to their respective union and/or the Human Resources department in accordance with Board Policies and collective bargaining agreements.*

• **Who can I speak to** if I encounter any challenges, such as false allegations, rumors, or other harassment?

*Answer #1: All District employees who encounter challenges, perceived false allegations, or harassment are encouraged to bring it to the attention of school site administrators and may also address such issues to their respective union and/or the Human Resources department in accordance with Board Policies and collective bargaining agreements. School site administrators.*



*Answer #2: As I stated in my first response, if a situation arises, you may inform your current district supervisor, Danae Reynolds, and/or Principal Melissa Howell starting next school year. We will then investigate the matter in accordance with our district's complaint process.*



EXHIBIT 194 - 003

**Professional Scope**

•        Will I have full access to teaching duties, extracurricular involvement, and other responsibilities?

*Answer #1: Yes, subject to the same requirements and limitations as all employees.*

**Response: Please delineate any specific requirements or limitations that the District considers applicable to me.**

*Answer #2: As stated above in my first response, you are subject to the same requirements and limitations as all employees.*

•        Are there any current restrictions or areas of caution I should be aware of?

*Answer #1: No.*

•        What efforts is the district going to take to ensure I have all the support needed to return to a teaching position after the forced 3.5+ year hiatus and to recover lost opportunities to learn, grow, etc. within my chosen profession?

*Answer #1: The district offers existing supports for professional development to all employees.*

**Response: What specific professional development opportunities are available to me?**

*Answer #2: As with all employees, if there is something specific you are interested in, please submit a proposal to your supervisor or principal. We can also help arrange teacher support if you feel it would be beneficial during your transition. Just let your current supervisor, Danae Reynolds, and/or your principal next school year know.*

**Union/Representation**

•        Has the district communicated with the teacher's union regarding my case and situation?

*Answer #1: Not that I know of.*

**As HR Director, do you find this appropriate conduct by the District/Administration? Answer: As stated above, I have no information that the district communicated with the teacher's union regarding your case and situation.**

•        Would it be appropriate or advisable to involve union representation and/or legal counsel during this process?

*Answer #1: That's up to you.*

EXHIBIT 194 - 004

**Response: Please advise me regarding all of my due process rights according to the District/Administration**

*Answer #2: This inquiry is beyond the scope of my position and if you have questions regarding your legal situation, it would be properly addressed with your counsel.*

EXHIBIT 194 - 005

**EXHIBIT 195**

Dear Human Resources Director,

In addition, I must address the reputational and career harm caused by a previously publicized but ultimately **unsubstantiated false accusation.** As you are aware, this false accusation was the subject of three formal and independent investigations:

1. A **criminal investigation by law enforcement**, which resulted in **charges being completely dismissed.**

2. A comprehensive review by the **California Commission on Teacher Credentialing (CTC)**, which found **no misconduct and imposed no discipline**;

3. A purported "investigation" **conducted by PAUSD**, which likewise **found no corroborating evidence to support the accusations**. No due process-compliant Notice of Investigation began the PAUSD investigation, and there was no complete Investigation Findings provided, no reasonable opportunity for me to clear my name and no Determination Letter. There was, however, an interview of me by Nicole Miller that lasted only 20 minutes where she stated she could not find that a sexual assault had even taken place. Indeed, the evidence my attorneys uncovered through the student's 7th grade report card and archived swimming records indicate that if the student's grades and swimming perfomances immediately dropped as the result of a life trauma such as a sexual assault, that assault took place in 2003 in Walnut Creek (where she was then attending school) or in Concord (where her new swim team practiced) and not at Jordan/Greene during the 2001-2002 school year. Her grades first markedly dropped 4th term of 2002-2003 or during the Spring of 2003 and her swimming performances were excellent throughout 2000-2002 and also first markedly worsened in mid- to late-2003.

EXHIBIT 195 - 002

Across all three independent inquiries, no evidence was produced that substantiated the false claim made against me. Furthermore, during my **27 years of service in PAUSD**, I have never had a single incident or allegation of **sexually inappropriate behavior toward students**.

Given this record and the ongoing impact of reputational damage, I respectfully request the following accommodations and remedial measures:

## I. Disability-Related Accommodations (ADA)

1. **Flexible Scheduling**

   - Reasonable time off, with notice, to attend medical appointments, therapy, and recovery-related support meetings.

2. **Temporary Modified Workload**

   - Consideration for a brief transition period with reduced duties or teaching load to support my reintegration and avoid unnecessary stress.

3. **Exemption from Alcohol-Related Events**

   - A request not to be assigned to supervise or attend any school-sponsored events where alcohol is present, in support of continued recovery.

4. **Access to District Wellness Services**

   - Immediate and ongoing access to the Employee Assistance Program (EAP) or similar resources, including mental health services.

EXHIBIT 195 - 003

6. **Anti-Harassment Protections**

   - Clear administrative policies and personnel oversight to prevent any harassment, retaliation, or discrimination stemming from my return.

---

## III. Legal Notice and Good Faith Engagement

and institutional redress with the intent to resolve these issues collaboratively through lawful, good faith engagement. Should further documentation be required from my treating providers or legal counsel, I will provide it promptly.

I am committed to returning to the classroom with professionalism, care, and a strong focus on student success. I hope and expect that PAUSD will honor its legal and ethical obligations as I resume my role.

Thank you for your time and consideration.

Sincerely,
**Pete Colombo**

EXHIBIT 195 - 004

 **Physical Education Job Description.pdf**
641K

EXHIBIT 195 - 005

**TITLE:**     **Teacher, Physical Education**
**REPORTS TO:**   **Site Principal and /or Assistant Principal**
**SUPERVISES:**   Classified Staff, and Volunteers as necessary

**OVERVIEW:**

███████████████████████████████████ ██████ █████; assists in other school programs as assigned; maintains control over the classroom; preserves suitable learning conditions; and evaluates student progress.

**ESSENTIAL RESPONSIBILITIES:** *(include but are not limited to the following)*

- o   Develop and teach skills and knowledge in physical education, including dance, adopted by the PAUSD Board of Trustees and California Department of Education.
- o   Instruct students in the safety practices associated with different sports and physical activities.
- o   Plan and deliver activities that will assist in the skill progression of students.
- o   Work cooperatively with the site administrator and other teachers in planning a balanced physical education program, adapting instruction to accommodate weather conditions and to provide time for instruction, exercise and sports activities.
- o   Analyze, demonstrate and explain basic skills, knowledge and strategies in formal sports, games, rhythm and fundamentals of body movement.
- o   Instruct pupils in citizenship, basic communication skills, and other general elements of the course of study specified by State law, Board policy, and administrative procedures of the District.
- o   Instruct students in proper care and use of materials and equipment; organizes storage areas and controls use of materials and equipment to prevent loss or abuse.
- o   Maintain proper control and discipline in a positive manner by establishing good, wholesome rapport through healthy, human relationships between individuals involved in the learning processes and in accordance with District policy and procedure.
- o   Realistically evaluate pupil progress—with expectations appropriate for the child's age and for the content area, keep appropriate records, prepare progress reports, and effectively communicate with pupils, supervisors, and parents.
- o   Perform basic attendance accounting and business services as required.
- o   Maintain professional competence through participation in professional growth activities.
- o   Identify pupil needs and cooperate with other professional staff members in assessing and helping pupils solve health, attitude, and learning problems.
- o   Develop lesson plans and instructional materials and provides individualized and/or group instruction in order to adapt the curriculum to the needs of pupils with varying abilities, attitudes, and cultural backgrounds.
- o   Create, with assistance from pupils, a functional and attractive environment for learning through displays, bulletin boards, and interest centers.
- o   Select and requisition books, instructional aides, and instructional supplies and maintaining required inventory records.
- o   Ensure a comfortable room environment through control of heating, lighting, and ventilation to the extent possible.
- o   Administer group standardized tests.

EXHIBIT 195 - 006

- o Assume responsibility for a reasonable amount of non-teaching activities such as directing of extra-curricular work, teachers' meetings, professional study, in-service training, curricula revision, student supervision, and other similar activities.
- o Plan, coordinate, and evaluate the work of instructional aides, teacher assistants, and other assigned para- professionals.
- o Perform other specific duties as indicated by program/content area and grade level, or as directed by supervisor

**MINIMUM REQUIREMENTS:**
- o Ability to pass a Department of Justice (DOJ) fingerprint clearance
- o Completion of a Bachelor's degree
- o Legal authorization to work in the U.S.
- o Possession of a valid California Teaching Credential, in appropriate content area, as required by the California Education Code
- o Possession of an English Learner certificate (CLAD or BCLAD), as per by Board policy, may be required
- o Possession of NCLB "Highly Qualified" certificate, as required by the No Child Left Behind (NCLB) Act of 2001
- o Within 60 days of hire, provision of TB (tuberculin) clearance, as mandated by the California Education Code

**KNOWLEDGE, SKILLS, and ABILITIES (KSAs):** *(include but are not limited to the following)*
- o Ability to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists
- o Ability to interpret a variety of instructions furnished in written, oral, diagram, or schedule form
- o Ability to work comfortably with students, staff, parents, and the community, from diverse backgrounds, while being responsive to their needs
- o Ability to convey the importance of physical fitness within the context of a rigorous academic environment
- o Demonstrated experience working in health and physical education/fitness programs
- o Effective interpersonal, communication, conflict resolution, time management, and record keeping skills
- o Knowledgeable about training in current approaches to teaching and structures for differentiated instruction
- o Positive, successful record as an educator, in appropriate grade level or content area, preferred
- o Proficiency in a second language preferred

**PHYSICAL DEMANDS:**

The physical demands described here are representative of those that must be met by an employee to successfully perform the essential functions of this job. *Reasonable accommodations may be made to enable individuals with disabilities to perform the essential functions.*

While performing the duties of this job, the employee is regularly required to talk or hear. The employee frequently is required to use hands to finger, handle, or feel objects, tools, or controls and reach with hands and arms. The employee is occasionally required to stand; walk; sit; climb or balance; and stoop, kneel, crouch, or crawl.

The employee must occasionally lift and/or move up to 25 pounds. Specific vision abilities required by this job include close vision, distance vision, color vision, peripheral vision, and depth perception. Employee will frequently work at a computer and travel to attend meetings.

EXHIBIT 195 - 007

**WORK ENVIRONMENT:**

The work environment characteristics described here are representative of those an employee encounters while performing the essential functions of this job. *Reasonable accommodations may be made to enable individuals with disabilities to perform the essential functions.*

While performing the duties of this job, the employee occasionally works in outside weather conditions. The noise level in the
work environment is usually moderate. Work environment includes working directly with children. There are a number of activities and situations happening at once, and the employee must ensure that children are supervised at all times, and that children are involved in safe and appropriate activities. The employee must be prepared to handle accidents and emergencies at any time

The job entails potential for exposure to adverse weather conditions and temperature extremes; exposure to blood-borne pathogens and communicable diseases; and for interaction with disruptive and/or unruly individuals.

**WORK YEAR:**          187 days
**SALARY RANGE:**       Placement on the teacher's salary schedule

EXHIBIT 195 - 008

**EXHIBIT 197**

**Anthro Magazine** • October 9, 2025 • https://anthromagazine.org/editorial-in-the-dark/

# Editorial: In the dark

## PAUSD leadership should be more receptive to parent concerns

**Anthro Staff**

The return of middle school Physical Education teacher Peter Colombo has been drawing attention district-wide — and with good reason.

According to the official website of the City of Palo Alto, Palo Alto Unified School District removed Colombo from a teaching position at Greene Middle School following sexual assault allegations against him in 2022. According to the Santa Clara County District Attorney's Office, the case was dropped in 2023 due to insufficient evidence.

According to public records, Colombo filed a $20 million lawsuit against the district, Colombo v. Palo Alto Unified School District et al. He alleged multiple claims, which were later narrowed to withholding exculpatory evidence and a lack of due process.

Colombo was reinstated as a P.E. teacher at Ellen Fletcher Middle School in August this school year. At the August 19 and September 16 Palo Alto Unified School District board meetings this year, community members voiced their discomfort with the decision. This discomfort has been met with little communication from the district.

The return of middle school Physical Education teacher Peter Colombo has been drawing attention district-wide — and with good reason.

A recent incident regarding Emily Ceresnak, a Fletcher student, was shared at the August 19 PAUSD board meeting. The 7th-grade student did not feel comfortable attending P.E. on the first day of class. Her mom, Karen Ceresnak, highlighted her daughter's experience.

"When she [the student] went to the school mental health and wellness associate, she was questioned with, 'How long do you plan on doing this?', then followed up with, 'You will get detention,'" Ceresnak said. "Instead of being supported, she was met with a raised, aggressive voice and was pressured to explain herself in front of Mr. Columbo when she asked to see her counselor."

Learning of Colombo's reinstatement, Fletcher parent Clark Barrett organized a petition in May urging PAUSD to reconsider its decision. According to Barrett, the petition gathered 175 signatures in just four days.

EXHIBIT 197 - 001



"Things are kind of broken," Barrett said. "What I really wish is for someone to step up and show some compassionate leadership."

We agree. Compassionate leadership does not require disclosing legal details. Even a brief acknowledgment of the situation would reassure many families and rebuild lost trust.

In a conversation with Palo Alto High School journalism, PAUSD Superintendent Don Austin shared the district's approach to handling parent and student concerns.

"We have directed all families and students to the principal to discuss their unique questions or concerns," Austin said. "I have complete confidence in the staff of Fletcher."

When Anthro reporters reached out to Fletcher's administration, they declined to comment. Although the Anthro staff does not have visibility on the conversations happening behind Fletcher's closed doors, we hope students are being supported and given the resources they need.

Conversations behind closed doors are crucial to supporting students and parents, but with many people expressing discomfort, it's clear that this issue extends beyond Fletcher's campus.

While we acknowledge that the pending lawsuit is constraining PAUSD, it is essential that community members feel informed and not kept in the dark.

EXHIBIT 197 - 002

Chiara Martin

EXHIBIT 197 - 003

**EXHIBIT 242**

☐ Submit Content      ☐ Subscribe      ☐ Association of California School Administrators

☐ Browse Content☐          ☐ Articles by Topic☐

# Best Practices that Lead to Success as an HR Administrator

February 5, 2021

While every administrator has his/her own style of leadership, there are many attributes, characteristics, and practices that great human resource administrators have in common.

1. Become familiar with the district's culture before making major decisions in the area of personnel. Building trust and establishing positive relationships is crucial to ensuring your success. In particular, building positive relationships must include union leaders.

2. Whenever possible, deal with sensitive issues by meeting face to face with the personnel that will be affected. In conducting such meetings, always remember to treat others as you would want to be treated. A l̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶en applicable, in problem solving matters, try to reach consensus. It's very important that stakeholders help define the problem and help determine the solution.

3. Be an "active listener" by paying close attention to the emotions being expressed by the employee to whom you are delivering a perceived negative message. Provide "active listening" feedback that you have actually heard the employee. Regard̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶

4. Never attempt to solve a serious or complex issue with an email. Emails are not confidential and can even be subject to a subpoena and/or the Public Information Act. In addition, what you put in print will be shared with others and can be interpreted far differently than you intended.

5. Build a TEAM within your department, and don't forget to share the credit for accomplishments. Collaboration works.

6. ̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶

7. Don't paint yourself into a corner by being overly rigid in your thinking. Being open minded and flexible in your thinking can often lead to compromise and consensus building and can often help to resolve serious personnel issues.

8. ̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶̶

## Related Content

Crowdfunding Best Practices

A Small Booklet for Great Success

Critical Practices for Social Justice Education

Summer Planning and Success Toolkit

Best Practices in Special Education Assessment

Creditable Coverage Changes for 2025



### Subscribe

Sign up to receive a monthly email with the latest content from the ACSA Resource Hub.



### Submit Content

Learn how you can submit original content and resources to ACSA.

EXHIBIT 242 - 001

9. "Shooting from the hip" is OK for politicians but not for HR administrators. To help avoid such situations, build a professional resource network and take advantage of attorneys that are well versed in the legal issues surrounding Human Resources. Develop a file of the most often referenced Education Codes and case law. As an ███████████████████████████████████

Work diligently to continue to grow your knowledge in these areas, and be consistent in your treatment of everyone.

10. Remember the "human" side of Human resources. It's not ██████████████████████████ ███████████████████ most successful Human Resource administrators take into consideration the human side of their job. As an HR ████████████ ████████████████████████████ ██████

Rate This Article

☐ ☐ ☐ ☐ ☐

Average Rating: 4.5 / 5. Total Ratings: 4

## Related Content

**Crowdfunding Best Practices**

**A Small Booklet for Great Success**

**Critical Practices for Social Justice Education**

**Summer Planning and Success Toolkit**

**Best Practices in Special Education Assessment**

**Creditable Coverage Changes for 2025**

## Leave a Comment

Your email address will not be published. Required fields are marked *

EXHIBIT 242 - 002

Type here..

| Name* | Email* | Website |

☐ Save my name, email, and website in this browser for the next time I comment.

Post Comment

Copyright © 2025 Association of California School Administrators

EXHIBIT 242 - 003

**EXHIBIT 243**

| Book | PAUSD Policies & Regulations |
|------|------------------------------|
| Section | 4000 - Personnel |
| Title | Concepts and Roles |
| Code | 4000 BP |
| Status | Active |
| Adopted | January 12, 2010 |

████████████████ that will attract and retain staff members who are highly qualified and dedicated to the education and welfare of students. ██████ and shall be consistent with collective bargaining agreements and in conformance with state and federal law and regulations.

As the legal representative of the district in negotiations with employee representatives, the Board shall set goals and guidelines for collective bargaining, select the bargaining team, maintain communications during the bargaining process, and adopt the negotiated contract. Terms and conditions of employment which have been negotiated and stated in employee contracts shall have the force of policy. The Board shall hear employee complaints and appeals when such hearings are in accordance with Board policy or negotiated agreements. The Board shall also adopt wage and salary schedules and shall commit budget funds for staff development so that staff members may continue developing their skills.
(cf. 4131 - Staff Development)
(cf. 4141/4241 - Collective Bargaining Agreement)
(cf. 4143/4243 - Negotiations/Consultation)
(cf. 4144/4244/4344 - Complaints)
(cf. 4231 - Staff Development)
(cf. 4331 - Staff Development)
(cf. 9000 - Role of the Board)

██████████ To support this effort, the Board shall approve a framework for sound hiring practices. The Superintendent shall nominate all personnel for employment, and the Board shall approve only those persons so recommended. Individuals who approach Board members regarding prospective employment shall be referred to the Superintendent or designee.
(cf. 4030 - Nondiscrimination in Employment)
(cf. 4111 - Recruitment and Selection)
(cf. 4211 - Recruitment and Selection)
(cf. 4311 - Recruitment and Selection)

The Superintendent or designee shall assign and supervise the work of all employees and shall evaluate their work in accordance with effective accountability systems approved by the Board. The Superintendent or designee also shall recommend disciplinary action which the Board may take against employees when warranted pursuant to Board policy, administrative regulations and/or state or federal law.
(cf. 4115 - Evaluation/Supervision)
(cf. 4118 - Suspension/Disciplinary Action)
(cf. 4215 - Evaluation/Supervision)
(cf. 4218 - Dismissal/Suspension/Disciplinary Action)
(cf. 4315 - Evaluation/Supervision)

EXHIBIT 243 - 001

The Board recognizes that every employee has a stake in the district's successful operation. The Board encourages all district employees to express their ideas, concerns and proposals related to the improvement of working conditions and the total educational program. The Superintendent or designee shall establish procedures whereby he/she will receive and consider employee suggestions and submit them, when appropriate, for consideration by the Board.

Legal Reference:

EDUCATION CODE
*35020 Duties of employees fixed by governing board*
*35035 Powers and duties of superintendent*
*35160 Powers of governing board*

GOVERNMENT CODE
*3540-3549.3 Public education employer-employee relations*

EXHIBIT 243 - 002

**EXHIBIT 244**

**The Campanile** • October 1, 2025 • https://thecampanile.org/35502/showcase/teacher-reinstated-to-fletcher-after-da-drops-charges/

# Teacher reinstated to Fletcher after DA drops charges

**Kira Tzeng, Staff Writer**

Peter Colombo, a teacher who is suing Palo Alto Unified School District for what he says is a mishandling of an allegation that he sexually assaulted a former student more than 20 years ago, is now teaching physical education at Fletcher Middle School.

While Colombo and his lawyer, Evan Nelson, declined to comment for this story, Colombo has repeatedly said the accusations against him are false. Nelson is quoted in the Palo Alto Weekly as saying, "We encourage (the district and Superintendent Don Austin) to correct the record and clear Mr. Colombo's name as energetically as they maligned it previously, so that the school community's concerns can be assuaged."

Kira Tzeng

In 2021, Colombo, a physical education teacher at Greene Middle School at the time, was charged in a sexual assault case regarding a female student who was in his class during the 2001-2002 school year. Following this, the district put Colombo on unpaid leave.

However, in April 2023, the Santa Clara County District Attorney's Office dropped all charges against Colombo citing insufficient evidence, and Colombo was reinstated as a district employee but relegated to a job that didn't involve direct contact with students.

Despite the dropped charges, Karen Ceresnak, a 47-year-old mother of three children including a seventh grader at Fletcher said she is concerned by Colombo's return to the classroom.

"I feel powerless the way that the school is treating my 12-year-old child," Ceresnak said. "I'm just frustrated at the way the school is handling it and the way the district has handled it from the beginning."

Ceresnak said her child feels uncomfortable at Fletcher and unheard by the adults in the district.

EXHIBIT 244 - 001

"I want all three of (my kids) to know that if they tell me that they're uncomfortable in a situation, I will always take them seriously and fight for them," Ceresnak said. "I will never tell them to suck it up, or this is just what you have to deal with. I want to teach them that it's when you don't feel comfortable that you need to say something."

After Cesernak's seventh grader learned she was in Colombo's class, she attempted to switch out and cut class. However, Cesernak said her daughter was threatened with punishments if she tried to skip class.

"I emailed (Principal Melissa Howell) and told her that my child was threatened with detention," Cesernak said. 

During the board meeting, Tracy Lee, a parent of a Fletcher student, said she was concerned by the school board's lack of action and accountability.

"(The board has) made a public promise to prioritize students' well-being as well as mental health," Lee said to the board. "Right now, that promise is being broken. By moving forward with this placement, you are sending a message to the students and parents that their fears don't matter. So, we ask you to step up and urge and follow and keep your promise."

Howell declined a Campanile interview request.

Colombo's lawsuit against the district is scheduled to be heard in San Jose in January of 2026.

Superintendent Don Austin did not respond to an interview request for this story.

EXHIBIT 244 - 002

**EXHIBIT 245**

EVAN C. NELSON (SBN 172957)
LAW OFFICE OF EVAN C. NELSON
1990 N. CALIFORNIA BLVD., 8TH FLOOR
WALNUT CREEK, CA 94596
Telephone: (925) 323-1991
Email: evancnelson.law@gmail.com

Attorneys for Plaintiff Peter Colombo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **PETER COLOMBO,**<br><br>                                   Plaintiff,<br><br>          **v.**<br><br>**PALO ALTO UNIFIED SCHOOL DISTRICT, DON AUSTIN, Individually and as Superintendent for PAUSD, LISA HICKEY, Individually and as Director of Certificated Human Resources for PAUSD, AMANDA BARK, Individually and as Manager, Policy and Legal Compliance for PAUSD, and TRENT BAHADURSINGH, individually and as Deputy Superintendent and Chief of Staff for PAUSD,**<br><br>                                   Defendants. | Case No. 5:24-cv-00909-NC<br><br>**PLAINTIFF PETER COLOMBO'S REQUESTS FOR ADMISSIONS TO ALL DEFENDANTS, SET NUMBER 2 – RE: DEFENDANTS' AFFIRMATIVE DEFENSES [FRCP RULES 26 AND 36, L-R 36]**<br><br>**FORM INTERROGATORY 17.1 RE: RFAS SET NUMBER 2 [PER JOINT RULE 26(f) REPORT (ECF 10); FRCP RULES 26, 33 AND L-R 33]**<br><br>JUDGE:   HON. NATHANAEL M. COUSINS |

Pursuant to Federal Rules of Civil Procedure 26 and 36, and Local Rule 36, each of Defendants Palo Alto Unified School District, Don Austin, Lisa Hickey, Amanda Bark, and Trent Bahadursingh shall respond to the following requests for admissions within thirty (30) days of service. Pursuant to stipulation contained in the Joint Rule 26(f) Report (ECF 10) and Federal Rules of Civil Procedure 26 and 33, and Local Rule 33, each of the Defendants shall respond to the appended "Form Interrogatory 17.1" relating to their responses to the Requests for Admissions within (30) days of service.

Since these requests are tailored to the Affirmative Defenses pled in the Answer to Complaint filed on behalf of all Defendants, it is presumed that each of the Defendants' responses will be identical. Please answer separately for each Defendant for any requests where their responses would not be identical.

## REQUESTS FOR ADMISSION

1.    Admit that each responding Defendant is aware of no facts supporting the contention that the Court's Order finding that the facts alleged in the Complaint are sufficient to constitute one or more causes of action against Defendants. [This request pertains to the First Affirmative Defense pled by Defendants in the Answer to Complaint filed on April 10, 2025 (ECF 130).]

2.    Admit that each responding Defendant is aware of no facts to support denial of one or more facts alleged in Plaintiff's Third Amended Complaint.

3.    Admit that each responding Defendant is aware of no admissible evidence to support denial of one or more facts alleged in Plaintiff's Third Amended Complaint.

4.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff's alleged injuries and damages exceed the scope of his public entity claim(s) or administrative complaints filed with the DISTRICT or any third-party agencies, inclusive of the Equal Employment Opportunity Commission and/or DFEH" as alleged in the Second Affirmative Defense pled by Defendants in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

5.    Admit that each responding Defendant has no admissible evidence showing that "Plaintiff's alleged injuries and damages exceed the scope of his public entity claim(s) or administrative complaints filed with the DISTRICT or any third-party agencies, inclusive of the Equal Employment Opportunity Commission and/or DFEH" as alleged in the Second Affirmative Defense pled by Defendants in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

6.    Admit that each responding Defendant is aware of no facts showing that "[t]he employees, officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto acting with both subjective and objective good faith" as alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

7.    Admit that each responding Defendant has no admissible evidence showing that "[t]he employees, officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto acting with both subjective and objective good faith" as alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

8.     Admit that each responding Defendant is aware of no facts showing that "[t]he employees, officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto acting without malice" as alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

9.     Admit that each responding Defendant has no admissible evidence showing that "[t]he employees, officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto acting without malice" as alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

10.    Admit that each responding Defendant is aware of no facts showing that "[t]he employees, officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto acting reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities" as alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint filed herein (ECF 130).

11.    Admit that each responding Defendant has no admissible evidence showing that "[t]he employees, officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto acting reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities" as alleged in Defendants' Third Affirmative Defense pled in their Answer (ECF 130).

12.    Admit that each responding Defendant is aware of no facts showing that "[t]he employees, officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto acting with both subjective and objective good faith, without malice, and reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities, such that any claim for relief that Plaintiff may have is barred by law" as alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

13.    Admit that each responding Defendant is aware of no admissible evidence showing that "[t]he employees, officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto acting with both subjective and objective good faith, without malice, and reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities, such that any claim for relief that Plaintiff may have is barred by law" as alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

14.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily consented to the acts complained of" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer to Complaint filed on April 10, 2025 (ECF 130).

15.    Admit that each responding Defendant has no admissible evidence showing that "Plaintiff voluntarily consented to the acts complained of" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer to Complaint filed on April 10, 2025 (ECF 130).

16.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily participated in the acts complained of" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer to Complaint filed on April 10, 2025 (ECF 130).

17.    Admit that each responding Defendant has no admissible evidence showing that "Plaintiff voluntarily participated in the acts complained of" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer to Complaint filed on April 10, 2025 (ECF 130).

18.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to mitigate his damages" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer to Complaint filed on April 10, 2025 (ECF 130).

19.    Admit that each responding Defendant has no admissible evidence showing that "Plaintiff failed to mitigate his damages" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer to Complaint filed on April 10, 2025 (ECF 130).

20.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily consented to and participated in the acts complained of, and/or he failed to mitigate his damages" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer to Complaint filed on April 10, 2025 (ECF 130).

21.    Admit that each responding Defendant has no admissible evidence showing that "Plaintiff voluntarily consented to and participated in the acts complained of, and/or he failed to mitigate his damages" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer (ECF 130).

22.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by the doctrine of laches" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

-4-

23. Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by the doctrine of laches" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

24. Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by the doctrine of estoppel" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

25. Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by the doctrine of estoppel" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

26. Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by the doctrine of unclean hands" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

27. Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by the doctrine of unclean hands" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

28. Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by the doctrine of waiver" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

29. Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by the doctrine of waiver" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

30. Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by [any] federal statutes of limitation" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

31. Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by [any] federal statutes of limitation" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

32.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by state statutes of limitation" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

33.    Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by state statutes of limitation" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

34.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by statutory filing requirements or time limitations" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

35.    Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by statutory filing requirements or time limitations" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint (ECF 130).

36.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by the doctrines of laches, estoppel, unclean hands and waiver, and by all applicable federal and state statutes of limitation and relevant statutory filing requirements or time limitations" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

37.    Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by the doctrines of laches, estoppel, unclean hands and waiver, and by all applicable federal and state statutes of limitation and relevant statutory filing requirements or time limitations" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

38.    Admit that each responding Defendant is aware of no facts showing "Plaintiff himself was careless in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

39.    Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff himself was careless in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

40. Admit that each responding Defendant is aware of no facts showing "Plaintiff himself was negligent in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth Affirmative Defense pled by Defendants in their Answer (ECF 130).

41. Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff himself was negligent in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth Affirmative Defense pled by Defendants in their Answer (ECF 130).

42. Admit that each responding Defendant is aware of no facts showing "Plaintiff himself was careless and negligent in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

43. Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff himself was careless and negligent in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth Affirmative Defense pled by Defendants in their Answer (ECF 130).

44. Admit that each responding Defendant is unaware of any facts showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the negligent acts of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

45. Admit that each responding Defendant is unaware of any admissible evidence showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the negligent acts of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

46. Admit that each responding Defendant is unaware of any facts showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the intentional acts of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

47. Admit that each responding Defendant is unaware of any admissible evidence showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the intentional acts of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

48.    Admit that each responding Defendant is unaware of any facts showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the omissions of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

49.    Admit that each responding Defendant is unaware of any admissible evidence showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the omissions of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

50.    Admit that each responding Defendant is unaware of any facts showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the intentional or negligent acts and/or omissions of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

51.    Admit that each responding Defendant is unaware of any admissible evidence showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the intentional or negligent acts and/or omissions of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

52.    Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended Complaint is barred by statutes of limitation" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

53.    Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third Amended Complaint is barred by statutes of limitation" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

54.    Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended Complaint is barred by statutory filing requirements and time limitations, including all requirements for claims filed against public entities such as the DISTRICT" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

55.    Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third Amended Complaint is barred by statutory filing requirements and time limitations,

including all requirements for claims filed against public entities such as the DISTRICT" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

56.     Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended Complaint is barred by California Government Code Section 945.4" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

57.     Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third Amended Complaint is barred by California Government Code Section 945" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

58.     Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended Complaint is barred by California Government Code Section 945.6" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

59.     Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third Amended Complaint is barred by California Government Code Section 945.6" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

60.     Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended Complaint is barred by California Government Code Sections 945.4 and 945.6 and related sections thereof" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer (ECF 130).

61.     Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third Amended Complaint is barred by California Government Code Sections 945.4 and 945.6 and related sections thereof" as alleged in the Eighth Affirmative Defense pled by Defendants (ECF 130).

62.     Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended Complaint is barred by all applicable statutes of limitation and relevant statutory filing requirements and time limitations, including all requirements for claims filed against public entities such as the DISTRICT, as well as California Government Code Sections 945.4 and 945.6 and related sections thereof" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer (ECF 130).

63.     Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third Amended Complaint is barred by all applicable statutes of limitation and relevant statutory

filing requirements and time limitations, including all requirements for claims filed against public entities such as the DISTRICT, as well as California Government Code Sections 945.4 and 945.6 and related sections thereof" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

64.     Admit that each responding Defendant is aware of no facts showing that "the provisions of the Public Liability Act of the California Government Code is the measure of [their] legal duties in this action" as alleged in the Ninth Affirmative Defense pled by Defendants in their Answer (ECF 130).

65.     Admit each responding Defendant is aware of no evidence showing that "the provisions of the Public Liability Act of the California Government Code is the measure of [their] legal duties in this action" as alleged in the Ninth Affirmative Defense pled by Defendants in their Answer (ECF 130).

66.     Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from liability pursuant to California Government Code Sections 815 and 815.2" as alleged in the Tenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

67.     Admit that each responding Defendant is aware of no admissible evidence showing that "Defendants are immune from liability pursuant to California Government Code Sections 815 and 815.2" as alleged in the Tenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

68.     Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from liability pursuant to California Government Code Section 815.6 in that they exercised reasonable diligence at all times referred to in Plaintiff's Third Amended Complaint" as alleged in the Eleventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

69.     Admit that each responding Defendant is aware of no admissible evidence showing that "Defendants are immune from liability pursuant to California Government Code Section 815.6 in that they exercised reasonable diligence at all times referred to in Plaintiff's Third Amended Complaint" as alleged in the Eleventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

70.     Admit that each responding Defendant is aware of no facts showing that "any acts or omissions by any employee of Defendants were the results of the discretion vested in them" as alleged in the Twelfth Affirmative Defense pled by Defendants in their Answer (ECF 130).

PLTF. RFA SET 2 AND FORM INTERROGATORY 17.1 TO DEFENDANTS
Case No.: 5:24-cv-00909-NC

71.     Admit that each responding Defendant is aware of no admissible evidence showing that "any acts or omissions by any employee of Defendants were the results of the discretion vested in them" as alleged in the Twelfth Affirmative Defense pled by Defendants in their Answer (ECF 130).

72.     Admit that each responding Defendant is aware of no facts showing that "any acts or omissions by any employee of Defendants were the results of the discretion vested in them, and each such employee is immune from liability for any losses, injuries, or damages resulting therefrom; Defendants are, therefore, similarly immune from such liability" as alleged in the Twelfth Affirmative Defense pled by Defendants in their Answer (ECF 130).

73.     Admit that each responding Defendant is aware of no admissible evidence showing that "any acts or omissions by any employee of Defendants were the results of the discretion vested in them, and each such employee is immune from liability for any losses, injuries, or damages resulting therefrom; Defendants are, therefore, similarly immune from such liability" as alleged in the Twelfth Affirmative Defense pled by Defendants in their Answer (ECF 130).

74.     Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from liability pursuant to California Government Code Section 820.8 in that the acts and omissions of parties other than the DISTRICT or its employees caused the injuries alleged by Plaintiff" as alleged in the Thirteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

75.     Admit that each responding Defendant is aware of no evidence showing that "Defendants are immune from liability pursuant to California Government Code Section 820.8 in that the acts and omissions of parties other than the DISTRICT or its employees caused the injuries alleged by Plaintiff" as alleged in the Thirteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

76.     Admit that each responding Defendant is aware of no facts showing that "they may elect to have damages, if any, in excess of the amount specified in California Government Code Sections 984 et seq., and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in California Code of Civil Procedure Section 667.7" as alleged in the Fourteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

77.     Admit that each responding Defendant is aware of no admissible evidence showing that "they may elect to have damages, if any, in excess of the amount specified in California Government Code

Sections 984 et seq., and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in California Code of Civil Procedure Section 667.7" as alleged in the Fourteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

78.    Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from liability pursuant to all remaining applicable provisions of the California Government Claims Act and other relevant statutes and/or regulations" as alleged in the Fifteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

79.    Admit that each responding Defendant is aware of no admissible evidence showing that "Defendants are immune from liability pursuant to all remaining applicable provisions of the California Government Claims Act and other relevant statutes and/or regulations" as alleged in the Fifteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

80.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff's alleged injuries and damages are barred" as alleged in the Sixteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

81.    Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's alleged injuries and damages are barred" as alleged in the Sixteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

82.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff's alleged injuries and damages exceed the scope of the administrative complaint filed with the Department of Fair Employment and Housing and/or the EEOC" as alleged in the Sixteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

83.    Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's alleged injuries and damages exceed the scope of the administrative complaint filed with the Department of Fair Employment and Housing and/or the EEOC" as alleged in the Sixteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

84.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff's alleged injuries and damages are barred or exceed the scope of the administrative complaint filed with

the Department of Fair Employment and Housing and/or the EEOC" as alleged in the Sixteenth

Affirmative Defense pled by Defendants in their Answer (ECF 130).

85.     Admit that each responding Defendant is aware of no admissible evidence showing that

"Plaintiff's alleged injuries and damages are barred or exceed the scope of the administrative complaint

filed with the Department of Fair Employment and Housing and/or the EEOC" as alleged in the

Sixteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

86.     Admit that each responding Defendant is aware of no facts showing that "Plaintiff's

damages are limited by [application of] the avoidable consequences doctrine" as alleged in the

Seventeenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

87.     Admit that each responding Defendant is aware of no admissible evidence showing that

"Plaintiff's damages are limited by [application of] the avoidable consequences doctrine" as alleged in

the Seventeenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

88.     Admit that each responding Defendant is aware of no facts showing that "Plaintiff

voluntarily assumed the risk of any and all the injuries, losses and damages" as alleged in the Eighteenth

Affirmative Defense pled by Defendants in their Answer (ECF 130).

89.     Admit that each responding Defendant is aware of no admissible evidence showing that

"Plaintiff voluntarily assumed the risk of any and all the injuries, losses and damages" as alleged in the

Eighteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

90.     Admit that each responding Defendant is aware of no facts showing that "Plaintiff

voluntarily, and with full knowledge of all matters set forth in the Third Amended Complaint, assumed

the risk of any and all the injuries, losses and damages" as alleged in the Eighteenth Affirmative Defense

pled by Defendants in their Answer (ECF 130).

91.     Admit that each responding Defendant is aware of no admissible evidence showing that

"Plaintiff voluntarily, and with full knowledge of all matters set forth in the Third Amended Complaint,

assumed the risk of any and all the injuries, losses and damages" as alleged in the Eighteenth Affirmative

Defense pled by Defendants in their Answer (ECF 130).

92. Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not able to perform the essential functions of his position" as alleged in the Nineteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

93. Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff was not able to perform the essential functions of his position" as alleged in the Nineteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

94. Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done in good faith" as alleged in the Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

95. Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done in good faith" as alleged in the Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

96. Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were motivated by legitimate, non-retaliatory and non-discriminatory reasons" as alleged in the Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

97. Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were motivated by legitimate, non-retaliatory and non-discriminatory reasons" as alleged in the Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

98. Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done as a result of business necessity" as alleged in the Twentieth Affirmative Defense pled in the Answer (ECF 130).

99. Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done as a result of business necessity" as alleged in the Twentieth Affirmative Defense pled in the Answer (ECF 130).

100. Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done in good faith and

PLTF. RFA SET 2 AND FORM INTERROGATORY 17.1 TO DEFENDANTS
Case No.: 5:24-cv-00909-NC

motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity" as alleged in the Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

101.    Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity" as alleged in the Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

102.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff's Third Amended Complaint and all of its causes of action are barred because Defendants' actions were neutral and were based on bona fide factors other than sex/gender, race/national origin, disability, alleged participation in protected activity and/or other protected characteristics" as alleged in the Twenty-First Affirmative Defense pled in Defendants' Answer (ECF 130).

103.    Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's Third Amended Complaint and all of its causes of action are barred because Defendants' actions were neutral and were based on bona fide factors other than sex/gender, race/national origin, disability, alleged participation in protected activity and/or other protected characteristics" as alleged in the Twenty-First Affirmative Defense pled in Defendants' Answer (ECF 130).

104.    Admit that each responding Defendant is aware of no facts showing that Plaintiff was legally required "to timely and adequately exhaust any and all collective bargaining agreement remedies" as alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

105.    Admit that each responding Defendant is aware of no evidence showing that Plaintiff was legally required "to timely and adequately exhaust any and all collective bargaining agreement remedies" as alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

106.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to timely and adequately exhaust any and all collective bargaining agreement remedies" as alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

107.    Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed to timely and adequately exhaust any and all collective bargaining agreement remedies" as alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

108.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to timely and adequately exhaust administrative filing requirements, such as filing a Charge of Discrimination with the Equal Employment Opportunity Commission and/or DFEH" as alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

109.    Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed to timely and adequately exhaust administrative filing requirements, such as filing a Charge of Discrimination with the Equal Employment Opportunity Commission and/or DFEH" as alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

110.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to timely and adequately exhaust any and all collective bargaining agreement remedies and other administrative filing requirements, such as filing a Charge of Discrimination with the Equal Employment Opportunity Commission and/or DFEH, such that any claim for relief that Plaintiff may have is barred by law" as alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

111.    Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed to timely and adequately exhaust any and all collective bargaining agreement remedies and other administrative filing requirements, such as filing a Charge of Discrimination with the Equal Employment Opportunity Commission and/or DFEH, such that any claim for relief that Plaintiff may have is barred by law" as alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

112.    Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged" as alleged in the Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

113.    Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged" as alleged in the Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

114.    Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in the Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

-16-

115.     Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in the Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

116.     Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done pursuant to an official duty" as alleged in the Twenty-Third Affirmative Defense pled in the Answer (ECF 130).

117.     Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done pursuant to an official duty" as alleged in the Twenty-Third Affirmative Defense pled in the Answer (ECF 130).

118.     Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged and done with good cause and/or pursuant to an official duty" as alleged in the Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

119.     Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged and done with good cause and/or pursuant to an official duty" as alleged in the Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

120.     Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed and refused to mitigate his damages" as alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

121.     Admit that each responding Defendant is aware of no evidence showing "Plaintiff failed and refused to mitigate his damages" as alleged in the Twenty-Fourth Affirmative Defense (ECF 130).

122.     Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to utilize the DISTRICT's policies and procedures to prevent harassment, discrimination, and retaliation" as alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

123.     Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed to utilize the DISTRICT's policies and procedures to prevent harassment, discrimination, and retaliation" as alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

-17-

124.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed and refused to mitigate his damages, although he had an opportunity to do so, including but not limited to failing to utilize the DISTRICT's policies and procedures to prevent harassment, discrimination, and retaliation" as alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

125.    Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed and refused to mitigate his damages, although he had an opportunity to do so, including but not limited to failing to utilize the DISTRICT's policies and procedures to prevent harassment, discrimination, and retaliation" as alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

126.    Admit that each responding Defendant is aware of no facts showing that "they exercised reasonable care to prevent and promptly correct any allegedly harassing behavior" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

127.    Admit that each responding Defendant is aware of no evidence showing that "they exercised reasonable care to prevent and promptly correct any allegedly harassing behavior" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

128.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

129.    Admit that each responding Defendant is aware of no evidence showing that "Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

130.    Admit that each responding Defendant is aware of no facts showing that "they exercised reasonable care to prevent and promptly correct any allegedly harassing behavior, and that the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

-18-

131.    Admit that each responding Defendant is aware of no evidence showing that "they exercised reasonable care to prevent and promptly correct any allegedly harassing behavior, and that the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

132.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not performing his job duties satisfactorily" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

133.    Admit that each responding Defendant is aware of no evidence showing that "Plaintiff was not performing his job duties satisfactorily" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

134.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not a qualified individual as defined by California's Fair Employment and Housing Act" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

135.    Admit that each responding Defendant is aware of no evidence showing that "Plaintiff was not a qualified individual as defined by California's Fair Employment and Housing Act" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

136.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not performing his job duties satisfactorily and he was not a qualified individual as defined by California's Fair Employment and Housing Act" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

137.    Admit that each responding Defendant is aware of no evidence showing that "Plaintiff was not performing his job duties satisfactorily and he was not a qualified individual as defined by California's Fair Employment and Housing Act" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

138.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff's Third Amended Complaint and each of its causes of action are barred either in whole or in part by the doctrine

-19-

of after-acquired evidence" as alleged in the Twenty-Seventh Affirmative Defense pled in Defendants' Answer (ECF 130).

139.    Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's Third Amended Complaint and each of its causes of action are barred either in whole or in part by the doctrine of after-acquired evidence" as alleged in the Twenty-Seventh Affirmative Defense pled in Defendants' Answer (ECF 130).

140.    Admit that each responding Defendant is aware of no facts showing that "they are immune from liability [through proper application of] California Government Code Section 818.8" as alleged in the Twenty-Eighth Affirmative Defense pled in Defendants' Answer (ECF 130).

141.    Admit that each responding Defendant is aware of no evidence showing that "they are immune from liability [through proper application of] California Government Code Section 818.8" as alleged in the Twenty-Eighth Affirmative Defense pled in Defendants' Answer (ECF 130).

142.    Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from liability [through proper application of] California Government Code Section 821.6 for public entity employees instituting/prosecuting any and all judicial proceedings against Plaintiff which relate to the subject incident" as alleged in the Twenty-Ninth Affirmative Defense pled in Defendants' Answer (ECF 130).

143.    Admit that each responding Defendant is aware of no evidence showing that "Defendants are immune from liability [through proper application of] California Government Code Section 821.6 for public entity employees instituting/prosecuting any and all judicial proceedings against Plaintiff which relate to the subject incident" as alleged in the Twenty-Ninth Affirmative Defense pled in Defendants' Answer (ECF 130).

144.    Admit that each responding Defendant is aware of no facts showing that "each of the allegedly adverse employment actions Plaintiff alleges he was subjected to do not constitute adverse employment actions" as alleged in the Thirtieth Affirmative Defense pled in the Answer (ECF 130).

145.    Admit that each responding Defendant is aware of no evidence showing that "each of the allegedly adverse employment actions Plaintiff alleges he was subjected to do not constitute adverse employment actions" as alleged in the Thirtieth Affirmative Defense Pled in the Answer (ECF 130).

-20-

146.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff did not engage in protected activity" as alleged in the Thirty-First Affirmative Defense pled in Defendants' Answer (ECF 130).

147.    Admit that each responding Defendant is aware of no evidence showing that "Plaintiff did not engage in protected activity" as alleged in the Thirty-First Affirmative Defense pled in Defendants' Answer (ECF 130).

148.    Admit that each responding Defendant is aware of no facts showing that "lawful motive alone would have led to the same employment decisions and that they [Defendants] therefore cannot be held liable pursuant to, inter alia, California Education Code Section 87164(j)" as alleged in the Thirty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

149.    Admit that each responding Defendant is aware of no evidence showing that "lawful motive alone would have led to the same employment decisions and that they [Defendants] therefore cannot be held liable pursuant to, inter alia, California Education Code Section 87164(j)" as alleged in the Thirty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

150.    Admit that each responding Defendant is aware of no facts showing that "they responded reasonably to Plaintiff's complaints" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

151.    Admit that each responding Defendant is aware of no evidence showing that "they responded reasonably to Plaintiff's complaints" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

152.    Admit that each responding Defendant is aware of no facts showing that "they did not have actual or constructive notice of any alleged harassment, discrimination, or retaliation" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

153.    Admit that each responding Defendant is aware of no evidence showing that "they did not have actual or constructive notice of any alleged harassment, discrimination, or retaliation" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

154.    Admit that each responding Defendant is aware of no facts showing that "they responded reasonably to Plaintiff's complaints and that they did not have actual or constructive notice of any

-21-

alleged harassment, discrimination, or retaliation" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

155.     Admit that each responding Defendant is aware of no evidence showing that "they responded reasonably to Plaintiff's complaints and that they did not have actual or constructive notice of any alleged harassment, discrimination, or retaliation" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

156.     Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged" as alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

157.     Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged" as alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

158.     Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were protected by qualified immunity" as alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

159.     Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were protected by qualified immunity" as alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

160.     Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

161.     Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

162.     Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged, protected by qualified immunity and/or done with good cause" as alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

163.    Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged, protected by qualified immunity and/or done with good cause" as alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

164.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff's gender was not a motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

165.    Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's gender was not a motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

166.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff's race was not a motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

167.    Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's race was not a motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

168.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff's gender, sex, and/or race was [were] not a motivating factor in their [Defendants'] employment decisions and any decision would have been made regardless of Plaintiff's gender, national origin and/or alleged participation in protected activity" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

169.    Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's gender, sex, and/or race was [were] not a motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

170.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff's engagement in alleged protected activity was not a motivating factor in their employment decisions" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

171.    Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's engagement in alleged protected activity was not a motivating factor in their employment decisions" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

172.    Admit that each responding Defendant is aware of no facts showing that "any [employment] decision would have been made regardless of Plaintiff's gender, national origin and/or alleged participation in protected activity" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

173.    Admit that each responding Defendant is aware of no evidence showing that "any [employment] decision would have been made regardless of Plaintiff's gender, national origin and/or alleged participation in protected activity" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

174.    Admit that each responding Defendant is aware of no facts showing that "Plaintiff's gender, sex, race, national origin, disability and/or engagement in alleged protected activity was not a motivating factor in their employment decisions and any decision would have been made regardless of Plaintiff's gender, national origin and/or alleged participation in protected activity" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

175.    Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's gender, sex, race, national origin, disability and/or engagement in alleged protected activity was not a motivating factor in their employment decisions and any decision would have been made regardless of Plaintiff's gender, national origin and/or alleged participation in protected activity" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

176.    Admit that each responding Defendant is aware of no facts showing that "the alleged conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful discrimination" as alleged in the Thirty-Sixth Affirmative Defense pled in the Answer (ECF 130).

177.    Admit that each responding Defendant is aware of no evidence showing that "the alleged conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful discrimination" as alleged in the Thirty-Sixth Affirmative Defense pled in the Answer (ECF 130).

178.   Admit that each responding Defendant is aware of no facts showing that "the alleged conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful retaliation" as alleged in the Thirty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

179.   Admit that each responding Defendant is aware of no evidence showing that "the alleged conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful retaliation" as alleged in the Thirty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

180.   Admit that each responding Defendant is aware of no facts showing that "the alleged conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable deprivation of due process rights" as alleged in the Thirty-Sixth Affirmative Defense pled in the Answer (ECF 130).

181.   Admit that each responding Defendant is aware of no evidence showing that "the alleged conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable deprivation of due process rights" as alleged in the Thirty-Sixth Affirmative Defense pled in the Answer (ECF 130).

182.   Admit that each responding Defendant is aware of no facts showing that "the alleged conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful discrimination, retaliation, and/or deprivation of due process rights" as alleged in the Thirty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

183.   Admit that each responding Defendant is aware of no evidence showing that "the alleged conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful discrimination, retaliation, and/or deprivation of due process rights" as alleged in the Thirty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

184.   Admit that each responding Defendant is aware of no facts showing that "Plaintiff cannot show that any similarly situated employees were treated more favorably" as alleged in their first Thirty-Seventh Affirmative Defense pled in Defendants' Answer (ECF 130).

185.   Admit that each responding Defendant is aware of no evidence showing that "Plaintiff cannot show that any similarly situated employees were treated more favorably" as alleged in their first Thirty-Seventh Affirmative Defense pled in Defendants' Answer (ECF 130).

186.    Admit that each responding Defendant is aware of no facts showing that "the relevant decisions regarding Plaintiff's position were made prior to Plaintiff engaging in any allegedly protected activity" as alleged in their second Thirty-Seventh Affirmative Defense pled in the Answer (ECF 130).

187.    Admit that each responding Defendant is aware of no evidence showing that "the relevant decisions regarding Plaintiff's position were made prior to Plaintiff engaging in any allegedly protected activity" as alleged in their second Thirty-Seventh Affirmative Defense pled in their Answer (ECF 130).

188.    Admit that each responding Defendant is aware of no facts showing that "there is no causal connection between the alleged adverse employment actions and any alleged protected activity" as alleged in their Thirty-Eighth Affirmative Defense pled in Defendants' Answer (ECF 130).

189.    Admit that each responding Defendant is aware of no evidence showing that "there is no causal connection between the alleged adverse employment actions and any alleged protected activity" as alleged in their Thirty-Eighth Affirmative Defense pled in Defendants' Answer (ECF 130).

190.    Admit that each responding Defendant is aware of no facts showing that Defendants AUSTIN, BARK, HICKEY, and BAHADURSINGH "did not personally participate in any deprivations or violations of Plaintiff's due process rights" as alleged in their Thirty-Ninth Affirmative Defense pled in Defendants' Answer (ECF 130).

191.    Admit that each responding Defendant is aware of no evidence showing that Defendants AUSTIN, BARK, HICKEY, and BAHADURSINGH "did not personally participate in any deprivations or violations of Plaintiff's due process rights" as alleged in their Thirty-Ninth Affirmative Defense pled in Defendants' Answer (ECF 130).

192.    Admit that each responding Defendant is aware of no facts showing that "the Third Amended Complaint is couched in conclusory terms" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

193.    Admit that each responding Defendant is aware of no evidence showing that "the Third Amended Complaint is couched in conclusory terms" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

194.     Admit that each responding Defendant is aware of no facts showing that "Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

195.     Admit that each responding Defendant is aware of no evidence showing that "Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

196.     Admit that each responding Defendant is aware of no facts showing that they are legally entitled to reserve "the right to assert additional affirmative defenses" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

197.     Admit that each responding Defendant is aware of no facts showing that "the Third Amended Complaint is couched in conclusory terms, [such that] the Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

198.     Admit that each responding Defendant is aware of no evidence showing that "the Third Amended Complaint is couched in conclusory terms, [such that] the Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

Dated:  April 15, 2025               LAW OFFICE OF EVAN C. NELSON


                                     By: _____
                                         Evan C. Nelson
                                         Attorneys for Plaintiff PETER COLOMBO

-27-

## FORM INTERROGATORY 17.1

As delineated in the parties' Joint Rule 26(f) Planning Meeting Report filed in this action (ECF 10), the parties stipulated to raise the number of allowed interrogatories to 40 and to allow, without counting towards the 40 interrogatory limit, Form Interrogatory 17.1 interrogatories relating to Requests for Admissions.

### FORM INTERROGATORY 17.1

For each Request for Admission Set 2 Numbered 1 through 198, above, where the responding Defendants respond with anything other than an unqualified admission:

(a) State all facts supporting the response.

(b) Identify all documents supporting the response.

(c) Identify all witnesses who will support the response.

Dated:  April 15, 2025                    LAW OFFICE OF EVAN C. NELSON


                                          By: _____
                                              Evan C. Nelson
                                              Attorneys for Plaintiff PETER COLOMBO

**CERTIFICATE OF SERVICE**

I, the undersigned, declare as follows:

I am employed in the County of Contra Costa, California.  I am over the age of eighteen years and not a party to the within entitled cause.  My business address is: LAW OFFICE OF EVAN C. NELSON, 1990 N California Blvd, Floor 8, Walnut Creek, CA  94596.  On April 15, 2025, I served the foregoing document described as:

**PLAINTIFF PETER COLOMBO'S REQUESTS FOR ADMISSIONS TO ALL DEFENDANTS, SET NUMBER 2 – RE: DEFENDANTS' AFFIRMATIVE DEFENSES [FRCP RULES 26 AND 36, L-R 36]**

**FORM INTERROGATORY 17.1 RE: RFAS SET NUMBER 2 [PER JOINT RULE 26(f) REPORT (ECF 10); FRCP RULES 26, 33 AND L-R 33]**

___X___    (BY EMAIL TRANSMISSION)  I had such document(s) delivered via e-mail transmission to the addressees as set forth below.  I have not received any return email indicating such email transmission(s) were not successfully accomplished.

Eugene Elliot
Ethan Lowry
Benjamin I. Oreper
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
The Waterfront Building
2749 Hyde Street
San Francisco, CA 94109
(415) 353-0999
eelliot@bfesf.com; elowery@bfesf.com;
boreper@bfesf.com; lroberts@bfesf.com;
sguerrero@bfesf.com

Attorneys for Defendants Palo Alto Unified School District,
Don Austin, Lisa Hickey, Amanda Bark and Trent Bahadursingh

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 15, 2025.

_____ _____
Evan C. Nelson, Esq.

PLTF. RFA SET 2 AND FORM INTERROGATORY 17.1 TO DEFENDANTS
Case No.: 5:24-cv-00909-NC

**EXHIBIT 246**

1  Eugene B. Elliot, State Bar No. 111475
   Ethan M. Lowry, State Bar No. 278831
2  Benjamin I. Oreper, State Bar No. 329480
   BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
3  2749 Hyde Street
   San Francisco, California 94109
4  Telephone: (415) 353-0999
   Facsimile:  (415) 353-0990
5  Email:      eelliot@bfesf.com
               elowry@bfesf.com
6              boreper@bfesf.com
7

8  Attorneys for Defendants
   PALO ALTO UNIFIED SCHOOL DISTRICT, AMANDA BARK,
9  LISA HICKEY and TRENT BAHADURSINGH

10

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13  PETER COLOMBO,                      | Case No. 5:24-cv-00909-NC

14         Plaintiff,                   | **DEFENDANT PALO ALTO UNIFIED SCHOOL DISTRICT'S RESPONSE TO PLAINTIFF'S**

15  v.                                  | **REQUESTS FOR ADMISSIONS SET NUMBER 2 – RE: DEFENDANTS' AFFIRMATIVE**

16  PALO ALTO UNIFIED SCHOOL DISTRICT,  | **DEFENSES**
    et al.,                            | **[FRCP RULES 26 AND 36, L-R 36]**

17

18         Defendants.                  | **FORM INTERROGATORY 17.1 RE: RFAS SET NUMBER 2 [PER JOINT RULE 26(f) REPORT**

19                                       | **(ECF 10); FRCP RULES 26, 33 AND L-R 33]**

20

21

22

23

24

25

26

27

28

**PRELIMINARY STATEMENT**

Defendant PALO ALTO UNIFIED SCHOOL DISTRICT (the "DISTRICT") has not yet completed its investigation or analysis of the facts relating to this case, has not completed discovery and has not completed preparation for trial. Accordingly, these responses are given without prejudice to the DISTRICT's rights to produce evidence of any subsequently discovered facts or interpretations thereof and/or to add to, modify or to otherwise change or amend the responses herein. The information hereinafter set forth is true and correct to the best of the DISTRICT's knowledge at this time, and is subject to correction for inadvertent errors or omissions, if any errors or omissions shall hereafter be found to exist.

The DISTRICT expressly reserve the right to revise and/or supplement these responses, as additional information shall be forthcoming throughout the discovery process.

**OBJECTIONS APPLICABLE TO ALL RESPONSES**

Responding Party objects to each and every Request for Admission on the grounds that it seeks information protected by the attorney-client privilege and the attorney work-product doctrine. Responding Party hereby incorporates this objection into each and every one of its responses. Under no circumstances are Responding Party's responses to act as a waiver of the attorney-client privilege and/or the attorney work-product doctrine.

**RESPONSES TO REQUESTS FOR ADMISSIONS**

REQUEST FOR ADMISSIONS NO. 1:

Admit that each responding Defendant is aware of no facts supporting the contention that the Court's Order finding that the facts alleged in the Complaint are sufficient to constitute one or more causes of action against Defendants. [This request pertains to the First Affirmative Defense pled by Defendants in the Answer to Complaint filed on April 10, 2025 (ECF 130).]

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 1:**

Responding Party objects that this request is unintelligible, as it is entirely unclear what is meant by "facts supporting the contention that the Court's Order finding that the facts alleged in the Complaint are sufficient[.]" Responding Party further objects to the extent that this request calls for a legal conclusion, prematurely seeks disclosure of an expert's opinion, and seeks information protected by the

1

1  attorney-client privilege and as work product. Responding Party further objects to the extent that this

2  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

3  measure based on information available to defense counsel at the time of filing of the answer to preserve

4  applicable defenses, which are legal in nature and based on statutory law.

5  REQUEST FOR ADMISSIONS NO. 2:

6  Admit that each responding Defendant is aware of no facts to support denial of one or more facts alleged

7  in Plaintiff's Third Amended Complaint.

8  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 2:**

9  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

11  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

12  the attorney-client privilege and as work product. Responding Party further objects that this request is

13  premature, as discovery is ongoing and Responding Party has not yet had a reasonable opportunity to

14  conduct an investigation or discovery into Plaintiff's alleged injuries and damages; has not yet had the

15  opportunity to take Plaintiff's deposition; has not yet received Plaintiff's responses to written discovery;

16  not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; has not yet had the

17  opportunity to conduct an expert medical examination of Plaintiff; and no depositions have yet been

18  taken.

19  REQUEST FOR ADMISSIONS NO. 3:

20  Admit that each responding Defendant is aware  of no admissible evidence to support denial of one or

21  more facts alleged in Plaintiff's Third Amended Complaint.

22  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 3:**

23  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

24  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

25  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

26  the attorney-client privilege and as work product. Responding Party further objects that this request is

27  premature, as discovery is ongoing and Responding Party has not yet had a reasonable opportunity to

28  conduct an investigation or discovery into Plaintiff's alleged injuries and damages; has not yet had the

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  opportunity to take Plaintiff's deposition; has not yet received Plaintiff's responses to written discovery;

2  not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; has not yet had the

3  opportunity to conduct an expert medical examination of Plaintiff; and no depositions have yet been

4  taken.

5  REQUEST FOR ADMISSIONS NO. 4:

6  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's alleged injuries and

7  damages exceed the scope of his public entity claim(s) or administrative complaints filed with the

8  DISTRICT or any third-party agencies, inclusive of the Equal Employment Opportunity Commission

9  and/or DFEH" as alleged in the Second Affirmative Defense pled by Defendants in their Answer to

10  Complaint filed in this action on April 10, 2025 (ECF 130).

11  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 4:**

12  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

13  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

14  expert's opinion.  Responding Party further objects that this request is premature as Responding Party

15  has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged

16  injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's

17  deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to

18  evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

19  expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks

20  information protected by the attorney-client privilege and as work product.  Responding Party further

21  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

22  counsel as a precautionary measure based on information available to defense counsel at the time of

23  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

24  REQUEST FOR ADMISSIONS NO. 5:

25  Admit that each responding Defendant has no admissible evidence showing that "Plaintiff's alleged

26  injuries and damages exceed the scope of his public entity claim(s) or administrative complaints filed

27  with the DISTRICT or any third-party agencies, inclusive of the Equal Employment Opportunity

28  Commission and/or DFEH" as alleged in the Second Affirmative Defense pled by Defendants in their

1  Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

2  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 5:**

3    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5  expert's opinion.  Responding Party further objects that this request is premature as Responding Party

6  has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged

7  injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's

8  deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to

9  evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

10  expert medical examination of Plaintiff.  Responding Party objects to the extent that this request seeks

11  information protected by the attorney-client privilege and as work product.  Responding Party further

12  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

13  counsel as a precautionary measure based on information available to defense counsel at the time of

14  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

15  REQUEST FOR ADMISSIONS NO. 6:

16  Admit that each responding Defendant is aware of no facts showing that "[t]he employees, officers and

17  agents of the DISTRICT and all Defendants named herein were at all times material hereto acting with

18  both subjective and objective good faith" as alleged in Defendants' Third Affirmative Defense pled in

19  their Answer to Complaint filed on April 10, 2025 (ECF 130).

20  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 6:**

21    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

24  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

25  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

26  measure based on information available to defense counsel at the time of filing of the answer to preserve

27  applicable defenses, which are legal in nature and based on statutory law.

28

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  REQUEST FOR ADMISSIONS NO. 7:

2  Admit that each responding Defendant has no admissible evidence showing that "[t]he employees,

3  officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto

4  acting with both subjective and objective good faith" as alleged in Defendants' Third Affirmative

5  Defense pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

6  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 7:**

7  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

8  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

9  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

10  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

11  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

12  measure based on information available to defense counsel at the time of filing of the answer to preserve

13  applicable defenses, which are legal in nature and based on statutory law.

14  REQUEST FOR ADMISSIONS NO. 8:

15  Admit that each responding Defendant is aware of no facts showing that "[t]he employees, officers and

16  agents of the DISTRICT and all Defendants named herein were at all times material hereto acting

17  without malice" as alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint

18  filed on April 10, 2025 (ECF 130).

19  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 8:**

20  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

21  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

22  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

23  the attorney-client privilege and as work product.  Responding Party further objects that this request is

24  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

25  through evidence that Defendants acted with malice.  Responding Party further objects to the extent that

26  this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

27  precautionary measure based on information available to defense counsel at the time of filing of the

28  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 9:

Admit that each responding Defendant has no admissible evidence showing that "[t]he employees, officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto acting without malice" as alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 9:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that Defendants acted with malice. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 10:

Admit that each responding Defendant is aware of no facts showing that "[t]he employees, officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto acting reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities" as alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint filed herein (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 10:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that Defendants violated any statutes or doctrines. Responding Party further objects to

the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 11:

Admit that each responding Defendant has no admissible evidence showing that "[t]he employees, officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto acting reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities" as alleged in Defendants' Third Affirmative Defense pled in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 11:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that Defendants violated any statutes or doctrines.  Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 12:

Admit that each responding Defendant is aware of no facts showing that "[t]he employees, officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto acting with both subjective and objective good faith, without malice, and reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities, such that any claim for relief that Plaintiff may have is barred by law" as alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 12:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that Defendants acted with malice or violated any statutes or doctrines.  Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 13:

Admit that each responding Defendant is aware of no admissible evidence showing that "[t]he employees, officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto acting with both subjective and objective good faith, without malice, and reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities, such that any claim for relief that Plaintiff may have is barred by law" as alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 13:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that Defendants acted with malice or violated any statutes or doctrines.  Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 14:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily consented

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  to the acts complained of" as alleged in the Fourth Affirmative Defense pled by Defendants in their

2  Answer to Complaint filed on April 10, 2025 (ECF 130).

3  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 14:**

4      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

7  the attorney-client privilege and as work product.  Responding Party further objects that this request is

8  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

9  depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

10  the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

11  a precautionary measure based on information available to defense counsel at the time of filing of the

12  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

13  REQUEST FOR ADMISSIONS NO. 15:

14  Admit that each responding Defendant has no admissible evidence showing that "Plaintiff voluntarily

15  consented to the acts complained of" as alleged in the Fourth Affirmative Defense pled by Defendants in

16  their Answer to Complaint filed on April 10, 2025 (ECF 130).

17  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 15:**

18      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

19  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

20  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

21  the attorney-client privilege and as work product.  Responding Party further objects that this request is

22  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

23  depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

24  the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

25  a precautionary measure based on information available to defense counsel at the time of filing of the

26  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

27  REQUEST FOR ADMISSIONS NO. 16:

28  Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily

1    participated in the acts complained of" as alleged in the Fourth Affirmative Defense pled by Defendants

2    in their Answer to Complaint filed on April 10, 2025 (ECF 130).

3    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 16:**

4            Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

7    the attorney-client privilege and as work product.  Responding Party further objects that this request is

8    premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

9    depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

10   the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

11   a precautionary measure based on information available to defense counsel at the time of filing of the

12   answer to preserve applicable defenses, which are legal in nature and based on statutory law.

13   REQUEST FOR ADMISSIONS NO. 17:

14   Admit that each responding Defendant has no admissible evidence showing that "Plaintiff voluntarily

15   participated in the acts complained of" as alleged in the Fourth Affirmative Defense pled by Defendants

16   in their Answer to Complaint filed on April 10, 2025 (ECF 130).

17   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 17:**

18           Responding Party objects to this request on the grounds that it calls for a legal conclusion.

19   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

20   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

21   the attorney-client privilege and as work product.  Responding Party further objects that this request is

22   premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

23   depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

24   the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

25   a precautionary measure based on information available to defense counsel at the time of filing of the

26   answer to preserve applicable defenses, which are legal in nature and based on statutory law.

27   REQUEST FOR ADMISSIONS NO. 18:

28   Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to mitigate his

1  damages" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer to Complaint

2  filed on April 10, 2025 (ECF 130).

3  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 18:**

4       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

7  the attorney-client privilege and as work product.  Responding Party further objects that this request is

8  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

9  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

10 opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

11 yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

12 opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

13 the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

14 a precautionary measure based on information available to defense counsel at the time of filing of the

15 answer to preserve applicable defenses, which are legal in nature and based on statutory law.

16 REQUEST FOR ADMISSIONS NO. 19:

17 Admit that each responding Defendant has no admissible evidence showing that "Plaintiff failed to

18 mitigate his damages" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer

19 to Complaint filed on April 10, 2025 (ECF 130).

20 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 19:**

21      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

24 the attorney-client privilege and as work product.  Responding Party further objects that this request is

25 premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

26 discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

27 opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

28 yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

11

1  opportunity to conduct an expert medical examination of Plaintiff..

2  REQUEST FOR ADMISSIONS NO. 20:

3  Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily consented

4  to and participated in the acts complained of, and/or he failed to mitigate his damages" as alleged in the

5  Fourth Affirmative Defense pled by Defendants in their Answer to Complaint filed on April 10, 2025

6  (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 20:**

8       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

11 the attorney-client privilege and as work product.  Responding Party further objects that this request is

12 premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

13 discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

14 opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

15 yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

16 opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

17 the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

18 a precautionary measure based on information available to defense counsel at the time of filing of the

19 answer to preserve applicable defenses, which are legal in nature and based on statutory law.

20 REQUEST FOR ADMISSIONS NO. 21:

21 Admit that each responding Defendant has no admissible evidence showing that "Plaintiff voluntarily

22 consented to and participated in the acts complained of, and/or he failed to mitigate his damages" as

23 alleged in the Fourth Affirmative Defense pled by Defendants in their Answer (ECF 130).

24 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 21:**

25       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

28 the attorney-client privilege and as work product.  Responding Party further objects that this request is

1  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

2  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

3  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

4  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

5  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

6  the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

7  a precautionary measure based on information available to defense counsel at the time of filing of the

8  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

9  REQUEST FOR ADMISSIONS NO. 22:

10  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by

11  the doctrine of laches" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to

12  Complaint filed in this action on April 10, 2025 (ECF 130).

13  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 22:**

14       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

15  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

16  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

17  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

18  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

19  measure based on information available to defense counsel at the time of filing of the answer to preserve

20  applicable defenses, which are legal in nature and based on statutory law.

21  REQUEST FOR ADMISSIONS NO. 23:

22  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

23  claims are barred by the doctrine of laches" as alleged in Defendants' Fifth Affirmative Defense pled in

24  their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

25  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 23:**

26       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

27  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

28  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

1  the attorney-client privilege and as work product. Responding Party further objects to the extent that this

2  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

3  measure based on information available to defense counsel at the time of filing of the answer to preserve

4  applicable defenses, which are legal in nature and based on statutory law.

5  REQUEST FOR ADMISSIONS NO. 24:

6  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by

7  the doctrine of estoppel" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to

8  Complaint filed in this action on April 10, 2025 (ECF 130).

9  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 24:**

10      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

11  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

12  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

13  the attorney-client privilege and as work product. Responding Party further objects to the extent that this

14  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

15  measure based on information available to defense counsel at the time of filing of the answer to preserve

16  applicable defenses, which are legal in nature and based on statutory law.

17  REQUEST FOR ADMISSIONS NO. 25:

18  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

19  claims are barred by the doctrine of estoppel" as alleged in Defendants' Fifth Affirmative Defense pled

20  in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

21  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 25:**

22      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

25  the attorney-client privilege and as work product. Responding Party further objects to the extent that this

26  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

27  measure based on information available to defense counsel at the time of filing of the answer to preserve

28  applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 26:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by the doctrine of unclean hands" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 26:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 27:

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by the doctrine of unclean hands" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 27:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 28:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by the doctrine of waiver" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 28:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 29:

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by the doctrine of waiver" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 29:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 30:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by [any] federal statutes of limitation" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 30:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by

the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 31:

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by [any] federal statutes of limitation" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 31:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 32:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by state statutes of limitation" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 32:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

17

REQUEST FOR ADMISSIONS NO. 33:

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by state statutes of limitation" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 33:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 34:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by statutory filing requirements or time limitations" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 34:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 35:

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by statutory filing requirements or time limitations" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 35:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 36:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by the doctrines of laches, estoppel, unclean hands and waiver, and by all applicable federal and state statutes of limitation and relevant statutory filing requirements or time limitations" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 36:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 37:

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by the doctrines of laches, estoppel, unclean hands and waiver, and by all applicable federal and state statutes of limitation and relevant statutory filing requirements or time limitations" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 37:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 38:

Admit that each responding Defendant is aware of no facts showing "Plaintiff himself was careless in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 38:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 39:

Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff himself was careless in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth

20

1  Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

2  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 39:**

3      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

6  the attorney-client privilege and as work product.  Responding Party further objects that this request is

7  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

8  discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not

9  yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

10  discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not

11  yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further

12  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

13  counsel as a precautionary measure based on information available to defense counsel at the time of

14  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

15  REQUEST FOR ADMISSIONS NO. 40:

16  Admit that each responding Defendant is aware of no facts showing "Plaintiff himself was negligent in

17  and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth Affirmative

18  Defense pled by Defendants in their Answer (ECF 130).

19  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 40:**

20      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

21  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

22  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

23  the attorney-client privilege and as work product.  Responding Party further objects that this request is

24  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

25  discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not

26  yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

27  discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not

28  yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further

1  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

2  counsel as a precautionary measure based on information available to defense counsel at the time of

3  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

4  REQUEST FOR ADMISSIONS NO. 41:

5  Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff himself

6  was negligent in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth

7  Affirmative Defense pled by Defendants in their Answer (ECF 130).

8  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 41:**

9       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

11  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

12  the attorney-client privilege and as work product.  Responding Party further objects that this request is

13  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

14  discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not

15  yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

16  discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not

17  yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further

18  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

19  counsel as a precautionary measure based on information available to defense counsel at the time of

20  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

21  REQUEST FOR ADMISSIONS NO. 42:

22  Admit that each responding Defendant is aware of no facts showing "Plaintiff himself was careless and

23  negligent in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth

24  Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

25  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 42:**

26       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

27  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

28  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

1    the attorney-client privilege and as work product.  Responding Party further objects that this request is

2    premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

3    discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not

4    yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

5    discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not

6    yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further

7    objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

8    counsel as a precautionary measure based on information available to defense counsel at the time of

9    filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

10   REQUEST FOR ADMISSIONS NO. 43:

11   Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff himself

12   was careless and negligent in and about the matters alleged in said Third Amended Complaint" as alleged

13   in the Sixth Affirmative Defense pled by Defendants in their Answer (ECF 130).

14   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 43:**

15       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

16   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

17   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

18   the attorney-client privilege and as work product.  Responding Party further objects that this request is

19   premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

20   discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not

21   yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

22   discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not

23   yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further

24   objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

25   counsel as a precautionary measure based on information available to defense counsel at the time of

26   filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

27   REQUEST FOR ADMISSIONS NO. 44:

28   Admit that each responding Defendant is unaware of any facts showing that "[t]he damages allegedly

23

1  sustained by Plaintiff were caused or contributed to by the negligent acts of persons or entities other than

2  the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF

3  130).

4  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 44:**

5       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7  expert's opinion.  Responding Party further objects that this request is premature as Responding Party

8  has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged

9  injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's

10  deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to

11  evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

12  expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks

13  information protected by the attorney-client privilege and as work product.  Responding Party further

14  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

15  counsel as a precautionary measure based on information available to defense counsel at the time of

16  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

17  REQUEST FOR ADMISSIONS NO. 45:

18  Admit that each responding Defendant is unaware of any admissible evidence showing that "[t]he

19  damages allegedly sustained by Plaintiff were caused or contributed to by the negligent acts of persons or

20  entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in

21  their Answer (ECF 130).

22  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 45:**

23       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

24  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

25  expert's opinion.  Responding Party further objects that this request is premature as Responding Party

26  has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged

27  injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's

28  deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to

24

evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 46:

Admit that each responding Defendant is unaware of any facts showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the intentional acts of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 46:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 47:

Admit that each responding Defendant is unaware of any admissible evidence showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the intentional acts of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants

25

1  in their Answer (ECF 130).

2  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 47:**

3        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5  expert's opinion.  Responding Party further objects that this request is premature as Responding Party

6  has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged

7  injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's

8  deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to

9  evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

10  expert medical examination of Plaintiff.  Responding Party objects to the extent that this request seeks

11  information protected by the attorney-client privilege and as work product.  Responding Party further

12  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

13  counsel as a precautionary measure based on information available to defense counsel at the time of

14  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

15  REQUEST FOR ADMISSIONS NO. 48:

16  Admit that each responding Defendant is unaware of any facts showing that "[t]he damages allegedly

17  sustained by Plaintiff were caused or contributed to by the omissions of persons or entities other than the

18  Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF

19  130).

20  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 48:**

21        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23  expert's opinion.  Responding Party further objects that this request is premature as Responding Party

24  has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged

25  injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's

26  deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to

27  evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

28  expert medical examination of Plaintiff.  Responding Party objects to the extent that this request seeks

1  information protected by the attorney-client privilege and as work product.  Responding Party further

2  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

3  counsel as a precautionary measure based on information available to defense counsel at the time of

4  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

5  REQUEST FOR ADMISSIONS NO. 49:

6  Admit that each responding Defendant is unaware of any admissible evidence showing that "[t]he

7  damages allegedly sustained by Plaintiff were caused or contributed to by the omissions of persons or

8  entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in

9  their Answer (ECF 130).

10  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 49:**

11        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

13  expert's opinion.  Responding Party further objects that this request is premature as Responding Party

14  has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged

15  injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's

16  deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to

17  evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

18  expert medical examination of Plaintiff.  Responding Party objects to the extent that this request seeks

19  information protected by the attorney-client privilege and as work product.  Responding Party further

20  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

21  counsel as a precautionary measure based on information available to defense counsel at the time of

22  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

23  REQUEST FOR ADMISSIONS NO. 50:

24  Admit that each responding Defendant is unaware of any facts showing that "[t]he damages allegedly

25  sustained by Plaintiff were caused or contributed to by the intentional or negligent acts and/or omissions

26  of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by

27  Defendants in their Answer (ECF 130).

28

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 50:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 51:

Admit that each responding Defendant is unaware of any admissible evidence showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the intentional or negligent acts and/or omissions of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 51:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further

1  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

2  counsel as a precautionary measure based on information available to defense counsel at the time of

3  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

4  REQUEST FOR ADMISSIONS NO. 52:

5  Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended

6  Complaint is barred by statutes of limitation" as alleged in the Eighth Affirmative Defense pled by

7  Defendants in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

8  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 52:**

9  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

11 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

12 the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

13 request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

14 measure based on information available to defense counsel at the time of filing of the answer to preserve

15 applicable defenses, which are legal in nature and based on statutory law.

16 REQUEST FOR ADMISSIONS NO. 53:

17 Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third

18 Amended Complaint is barred by statutes of limitation" as alleged in the Eighth Affirmative Defense

19 pled by Defendants in their Answer to Complaint (ECF 130).

20 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 53:**

21 Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

24 the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

25 request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

26 measure based on information available to defense counsel at the time of filing of the answer to preserve

27 applicable defenses, which are legal in nature and based on statutory law.

28

REQUEST FOR ADMISSIONS NO. 54:

Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended Complaint is barred by statutory filing requirements and time limitations, including all requirements for claims filed against public entities such as the DISTRICT" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 54:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 55:

Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third Amended Complaint is barred by statutory filing requirements and time limitations, including all requirements for claims filed against public entities such as the DISTRICT" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 55:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

REQUEST FOR ADMISSIONS NO. 56:

Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended Complaint is barred by California Government Code Section 945.4" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 56:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 57:

Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third Amended Complaint is barred by California Government Code Section 945" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 57:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 58:

Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended Complaint is barred by California Government Code Section 945.6" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 58:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party objects to this request on the grounds that it calls for a legal conclusion.  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 59:

Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third Amended Complaint is barred by California Government Code Section 945.6" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 59:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party objects to this request on the grounds that it calls for a legal conclusion.  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.

1  Responding Party further objects to the extent that this request is premature, as all affirmative defenses

2  are pleaded upon advice of counsel as a precautionary measure based on information available to defense

3  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

4  based on statutory law.

5  REQUEST FOR ADMISSIONS NO. 60:

6  Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended

7  Complaint is barred by California Government Code Sections 945.4 and 945.6 and related sections

8  thereof" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer (ECF 130)

9  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 60:**

10  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

11  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

12  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

13  the attorney-client privilege and as work product.   Responding Party objects to this request on the

14  grounds that it calls for a legal conclusion.   Responding Party further objects to this request on the

15  grounds that it prematurely seeks disclosure of an expert's opinion.   Responding Party objects to the

16  extent that this request seeks information protected by the attorney-client privilege and as work product.

17  Responding Party further objects to the extent that this request is premature, as all affirmative defenses

18  are pleaded upon advice of counsel as a precautionary measure based on information available to defense

19  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

20  based on statutory law.

21  REQUEST FOR ADMISSIONS NO. 61:

22  Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third

23  Amended Complaint is barred by California Government Code Sections 945.4 and 945.6 and related

24  sections thereof" as alleged in the Eighth Affirmative Defense pled by Defendants (ECF 130).

25  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 61:**

26  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

27  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

28  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1 the attorney-client privilege and as work product.   Responding Party objects to this request on the

2 grounds that it calls for a legal conclusion.   Responding Party further objects to this request on the

3 grounds that it prematurely seeks disclosure of an expert's opinion.   Responding Party objects to the

4 extent that this request seeks information protected by the attorney-client privilege and as work product.

5 Responding Party further objects to the extent that this request is premature, as all affirmative defenses

6 are pleaded upon advice of counsel as a precautionary measure based on information available to defense

7 counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

8 based on statutory law.

9 REQUEST FOR ADMISSIONS NO. 62:

10 Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended

11 Complaint is barred by all applicable statutes of limitation and relevant statutory filing requirements and

12 time limitations, including all requirements for claims filed against public entities such as the DISTRICT,

13 as well as California Government Code Sections 945.4 and 945.6 and related sections thereof" as alleged

14 in the Eighth Affirmative Defense pled by Defendants in their Answer (ECF 130).

15 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 62:**

16 Responding Party objects to this request on the grounds that it calls for a legal conclusion.

17 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

18 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

19 the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

20 request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

21 measure based on information available to defense counsel at the time of filing of the answer to preserve

22 applicable defenses, which are legal in nature and based on statutory law.

23 REQUEST FOR ADMISSIONS NO. 63:

24 Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third

25 Amended Complaint is barred by all applicable statutes of limitation and relevant statutory filing

26 requirements and time limitations, including all requirements for claims filed against public entities such

27 as the DISTRICT, as well as California Government Code Sections 945.4 and 945.6 and related sections

28 thereof" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint

1 | filed in this action on April 10, 2025 (ECF 130).

2 | **RESPONSE TO REQUEST FOR ADMISSIONS NO. 63:**

3 |     Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4 | Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5 | expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

6 | the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

7 | request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

8 | measure based on information available to defense counsel at the time of filing of the answer to preserve

9 | applicable defenses, which are legal in nature and based on statutory law.

10 | REQUEST FOR ADMISSIONS NO. 64:

11 | Admit that each responding Defendant is aware of no facts showing that "the provisions of the Public

12 | Liability Act of the California Government Code is the measure of [their] legal duties in this action" as

13 | alleged in the Ninth Affirmative Defense pled by Defendants in their Answer (ECF 130).

14 | **RESPONSE TO REQUEST FOR ADMISSIONS NO. 64:**

15 |     Responding Party objects to this request on the grounds that it calls for a legal conclusion.

16 | Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

17 | expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

18 | the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

19 | request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

20 | measure based on information available to defense counsel at the time of filing of the answer to preserve

21 | applicable defenses, which are legal in nature and based on statutory law.   Responding Party further

22 | objects that this request is unintelligible, as the referenced provisions of the statute cited in the request

23 | are self-evident.

24 | REQUEST FOR ADMISSIONS NO. 65:

25 | Admit each responding Defendant is aware of no evidence showing that "the provisions of the Public

26 | Liability Act of the California Government Code is the measure of [their] legal duties in this action" as

27 | alleged in the Ninth Affirmative Defense pled by Defendants in their Answer (ECF 130).

28 |

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 65:**

2         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

3    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

4    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

5    the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

6    request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

7    measure based on information available to defense counsel at the time of filing of the answer to preserve

8    applicable defenses, which are legal in nature and based on statutory law.   Responding Party further

9    objects that this request is unintelligible, as the referenced provisions of the statute cited in the request

10   are self-evident.

11   REQUEST FOR ADMISSIONS NO. 66:

12   Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from

13   liability pursuant to California Government Code Sections 815 and 815.2" as alleged in the Tenth

14   Affirmative Defense pled by Defendants in their Answer (ECF 130).

15   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 66:**

16        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

17   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

18   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

19   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

20   request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

21   measure based on information available to defense counsel at the time of filing of the answer to preserve

22   applicable defenses, which are legal in nature and based on statutory law.

23   REQUEST FOR ADMISSIONS NO. 67:

24   Admit that each responding Defendant is aware of no admissible evidence showing that "Defendants are

25   immune from liability pursuant to California Government Code Sections 815 and 815.2" as alleged in the

26   Tenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

27   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 67:**

28        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

1  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

2  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

3  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

4  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

5  measure based on information available to defense counsel at the time of filing of the answer to preserve

6  applicable defenses, which are legal in nature and based on statutory law.

7  REQUEST FOR ADMISSIONS NO. 68:

8  Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from

9  liability pursuant to California Government Code Section 815.6 in that they exercised reasonable

10  diligence at all times referred to in Plaintiff's Third Amended Complaint" as alleged in the Eleventh

11  Affirmative Defense pled by Defendants in their Answer (ECF 130).

12  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 68:**

13  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

14  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

15  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

16  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

17  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

18  measure based on information available to defense counsel at the time of filing of the answer to preserve

19  applicable defenses, which are legal in nature and based on statutory law.

20  REQUEST FOR ADMISSIONS NO. 69:

21  Admit that each responding Defendant is aware of no admissible evidence showing that "Defendants are

22  immune from liability pursuant to California Government Code Section 815.6 in that they exercised

23  reasonable diligence at all times referred to in Plaintiff's Third Amended Complaint" as alleged in the

24  Eleventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

25  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 69:**

26  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

27  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

28  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 70:

Admit that each responding Defendant is aware of no facts showing that "any acts or omissions by any employee of Defendants were the results of the discretion vested in them" as alleged in the Twelfth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 70:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 71:

Admit that each responding Defendant is aware of no admissible evidence showing that "any acts or omissions by any employee of Defendants were the results of the discretion vested in them" as alleged in the Twelfth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 71:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

1  REQUEST FOR ADMISSIONS NO. 72:

2  Admit that each responding Defendant is aware of no facts showing that "any acts or omissions by any

3  employee of Defendants were the results of the discretion vested in them, and each such employee is

4  immune from liability for any losses, injuries, or damages resulting therefrom; Defendants are, therefore,

5  similarly immune from such liability" as alleged in the Twelfth Affirmative Defense pled by Defendants

6  in their Answer (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 72:**

8  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

11  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

12  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

13  measure based on information available to defense counsel at the time of filing of the answer to preserve

14  applicable defenses, which are legal in nature and based on statutory law.

15  REQUEST FOR ADMISSIONS NO. 73:

16  Admit that each responding Defendant is aware of no admissible evidence showing that "any acts or

17  omissions by any employee of Defendants were the results of the discretion vested in them, and each

18  such employee is immune from liability for any losses, injuries, or damages resulting therefrom;

19  Defendants are, therefore, similarly immune from such liability" as alleged in the Twelfth Affirmative

20  Defense pled by Defendants in their Answer (ECF 130).

21  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 73:**

22  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

26  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

27  measure based on information available to defense counsel at the time of filing of the answer to preserve

28  applicable defenses, which are legal in nature and based on statutory law.  Discovery is ongoing and no

39

1    depositions have yet been taken, nor has Responding Party yet received responses to its discovery

2    requests to Plaintiff.

3    REQUEST FOR ADMISSIONS NO. 74:

4    Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from

5    liability pursuant to California Government Code Section 820.8 in that the acts and omissions of parties

6    other than the DISTRICT or its employees caused the injuries alleged by Plaintiff" as alleged in the

7    Thirteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

8    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 74:**

9         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

11   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

12   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

13   request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

14   measure based on information available to defense counsel at the time of filing of the answer to preserve

15   applicable defenses, which are legal in nature and based on statutory law.  Discovery is ongoing and no

16   depositions have yet been taken, nor has Responding Party yet received responses to its discovery

17   requests to Plaintiff.

18   REQUEST FOR ADMISSIONS NO. 75:

19   Admit that each responding Defendant is aware of no evidence showing that "Defendants are immune

20   from liability pursuant to California Government Code Section 820.8 in that the acts and omissions of

21   parties other than the DISTRICT or its employees caused the injuries alleged by Plaintiff" as alleged in

22   the Thirteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

23   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 75:**

24        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

26   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

27   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

28   request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  measure based on information available to defense counsel at the time of filing of the answer to preserve

2  applicable defenses, which are legal in nature and based on statutory law.  Discovery is ongoing and no

3  depositions have yet been taken, nor has Responding Party yet received responses to its discovery

4  requests to Plaintiff.

5  REQUEST FOR ADMISSIONS NO. 76:

6  Admit that each responding Defendant is aware of no facts showing that "they may elect to have

7  damages, if any, in excess of the amount specified in California Government Code Sections 984 *et seq*.,

8  and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in California

9  Code of Civil Procedure Section 667.7" as alleged in the Fourteenth Affirmative Defense pled by

10  Defendants in their Answer (ECF 130).

11  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 76:**

12       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

13  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

14  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

15  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

16  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

17  measure based on information available to defense counsel at the time of filing of the answer to preserve

18  applicable defenses, which are legal in nature and based on statutory law.

19  REQUEST FOR ADMISSIONS NO. 77:

20  Admit that each responding Defendant is aware of no admissible evidence showing that "they may elect

21  to have damages, if any, in excess of the amount specified in California Government Code Sections 984

22  *et seq*., and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in

23  California Code of Civil Procedure Section 667.7" as alleged in the Fourteenth Affirmative Defense pled

24  by Defendants in their Answer (ECF 130).

25  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 77:**

26       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

27  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

28  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

41

1  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

2  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

3  measure based on information available to defense counsel at the time of filing of the answer to preserve

4  applicable defenses, which are legal in nature and based on statutory law.

5  REQUEST FOR ADMISSIONS NO. 78:

6  Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from

7  liability pursuant to all remaining applicable provisions of the California Government Claims Act and

8  other relevant statutes and/or regulations" as alleged in the Fifteenth Affirmative Defense pled by

9  Defendants in their Answer (ECF 130).

10  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 78:**

11  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

13  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

14  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

15  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

16  measure based on information available to defense counsel at the time of filing of the answer to preserve

17  applicable defenses, which are legal in nature and based on statutory law.

18  REQUEST FOR ADMISSIONS NO. 79:

19  Admit that each responding Defendant is aware of no admissible evidence showing that "Defendants are

20  immune from liability pursuant to all remaining applicable provisions of the California Government

21  Claims Act and other relevant statutes and/or regulations" as alleged in the Fifteenth Affirmative Defense

22  pled by Defendants in their Answer (ECF 130).

23  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 79:**

24  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

26  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

27  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

28  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  measure based on information available to defense counsel at the time of filing of the answer to preserve

2  applicable defenses, which are legal in nature and based on statutory law.

3  REQUEST FOR ADMISSIONS NO. 80:

4  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's alleged injuries and

5  damages are barred" as alleged in the Sixteenth Affirmative Defense pled by Defendants in their Answer

6  (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 80:**

8  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

11  the attorney-client privilege and as work product. Responding Party further objects that this request is

12  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

13  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

14  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

15  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

16  opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to

17  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

18  a precautionary measure based on information available to defense counsel at the time of filing of the

19  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

20  REQUEST FOR ADMISSIONS NO. 81:

21  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

22  alleged injuries and damages are barred" as alleged in the Sixteenth Affirmative Defense pled by

23  Defendants in their Answer (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 81:**

25  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

28  the attorney-client privilege and as work product. Responding Party further objects that this request is

1  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

2  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

3  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

4  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

5  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

6  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

7  a precautionary measure based on information available to defense counsel at the time of filing of the

8  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

9  REQUEST FOR ADMISSIONS NO. 82:

10  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's alleged injuries and

11  damages exceed the scope of the administrative complaint filed with the Department of Fair Employment

12  and Housing and/or the EEOC" as alleged in the Sixteenth Affirmative Defense pled by Defendants in

13  their Answer (ECF 130).

14  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 82:**

15      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

16  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

17  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

18  the attorney-client privilege and as work product.  Responding Party further objects that this request is

19  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

20  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

21  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

22  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

23  opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to

24  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

25  a precautionary measure based on information available to defense counsel at the time of filing of the

26  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

27  REQUEST FOR ADMISSIONS NO. 83:

28  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

44

1  alleged injuries and damages exceed the scope of the administrative complaint filed with the Department

2  of Fair Employment and Housing and/or the EEOC" as alleged in the Sixteenth Affirmative Defense pled

3  by Defendants in their Answer (ECF 130).

4  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 83:**

5       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8  the attorney-client privilege and as work product.  Responding Party further objects that this request is

9  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

10  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

11  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

12  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

13  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

14  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

15  a precautionary measure based on information available to defense counsel at the time of filing of the

16  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

17  REQUEST FOR ADMISSIONS NO. 84:

18  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's alleged injuries and

19  damages are barred or exceed the scope of the administrative complaint filed with the Department of Fair

20  Employment and Housing and/or the EEOC" as alleged in the Sixteenth Affirmative Defense pled by

21  Defendants in their Answer (ECF 130).

22  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 84:**

23       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

24  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

25  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

26  the attorney-client privilege and as work product.  Responding Party further objects that this request is

27  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

28  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

1   opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

2   yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

3   opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

4   the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

5   a precautionary measure based on information available to defense counsel at the time of filing of the

6   answer to preserve applicable defenses, which are legal in nature and based on statutory law.

7   REQUEST FOR ADMISSIONS NO. 85:

8   Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

9   alleged injuries and damages are barred or exceed the scope of the administrative complaint filed with

10  the Department of Fair Employment and Housing and/or the EEOC" as alleged in the Sixteenth

11  Affirmative Defense pled by Defendants in their Answer (ECF 130).

12  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 85:**

13          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

14  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

15  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

16  the attorney-client privilege and as work product.  Responding Party further objects that this request is

17  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

18  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

19  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

20  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

21  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

22  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

23  a precautionary measure based on information available to defense counsel at the time of filing of the

24  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

25  REQUEST FOR ADMISSIONS NO. 86:

26  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's damages are limited

27  by [application of] the avoidable consequences doctrine" as alleged in the Seventeenth Affirmative

28  Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 86:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 87:

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's damages are limited by [application of] the avoidable consequences doctrine" as alleged in the Seventeenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 87:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

1   a precautionary measure based on information available to defense counsel at the time of filing of the

2   answer to preserve applicable defenses, which are legal in nature and based on statutory law.

3   REQUEST FOR ADMISSIONS NO. 88:

4   Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily assumed

5   the risk of any and all the injuries, losses and damages" as alleged in the Eighteenth Affirmative Defense

6   pled by Defendants in their Answer (ECF 130).

7   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 88:**

8           Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

11  the attorney-client privilege and as work product.  Responding Party further objects that this request is

12  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

13  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

14  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

15  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

16  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

17  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

18  a precautionary measure based on information available to defense counsel at the time of filing of the

19  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

20  REQUEST FOR ADMISSIONS NO. 89:

21  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff

22  voluntarily assumed the risk of any and all the injuries, losses and damages" as alleged in the Eighteenth

23  Affirmative Defense pled by Defendants in their Answer (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 89:**

25          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

28  the attorney-client privilege and as work product.  Responding Party further objects that this request is

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 90:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily, and with full knowledge of all matters set forth in the Third Amended Complaint, assumed the risk of any and all the injuries, losses and damages" as alleged in the Eighteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 90:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 91:

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff

49

1    voluntarily, and with full knowledge of all matters set forth in the Third Amended Complaint, assumed

2    the risk of any and all the injuries, losses and damages" as alleged in the Eighteenth Affirmative Defense

3    pled by Defendants in their Answer (ECF 130).

4    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 91:**

5          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7    expert's opinion. Responding Party objects to the extent that this request seeks information protected by

8    the attorney-client privilege and as work product. Responding Party further objects that this request is

9    premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

10   discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

11   opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

12   yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

13   opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to

14   the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

15   a precautionary measure based on information available to defense counsel at the time of filing of the

16   answer to preserve applicable defenses, which are legal in nature and based on statutory law.

17   REQUEST FOR ADMISSIONS NO. 92:

18   Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not able to

19   perform the essential functions of his position" as alleged in the Nineteenth Affirmative Defense pled by

20   Defendants in their Answer (ECF 130).

21   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 92:**

22         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24   expert's opinion. Responding Party objects to the extent that this request seeks information protected by

25   the attorney-client privilege and as work product. Responding Party further objects that this request is

26   premature as Responding Party has not yet had a reasonable opportunity to take Plaintiff's deposition.

27   Responding Party further objects to the extent that this request is premature as all affirmative defenses

28   are pleaded upon advice of counsel as a precautionary measure based on information available to defense

50

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

2  based on statutory law.

3  REQUEST FOR ADMISSIONS NO. 93:

4  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff was

5  not able to perform the essential functions of his position" as alleged in the Nineteenth Affirmative

6  Defense pled by Defendants in their Answer (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 93:**

8      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

11  the attorney-client privilege and as work product.  Responding Party further objects that this request is

12  premature as Responding Party has not yet had a reasonable opportunity to take Plaintiff's deposition.

13  Responding Party further objects to the extent that this request is premature as all affirmative defenses

14  are pleaded upon advice of counsel as a precautionary measure based on information available to defense

15  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

16  based on statutory law.

17  REQUEST FOR ADMISSIONS NO. 94:

18  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

19  the terms and/or conditions of Plaintiff's employment were done in good faith" as alleged in the

20  Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

21  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 94:**

22      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

26  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

27  measure based on information available to defense counsel at the time of filing of the answer to preserve

28  applicable defenses, which are legal in nature and based on statutory law.

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

REQUEST FOR ADMISSIONS NO. 95:

Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done in good faith" as alleged in the Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 95:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 96:

Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were motivated by legitimate, non-retaliatory and non-discriminatory reasons" as alleged in the Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 96:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 97:

Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were motivated by legitimate, non-

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  retaliatory and non-discriminatory reasons" as alleged in the Twentieth Affirmative Defense pled in

2  Defendants' Answer (ECF 130).

3  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 97:**

4          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

7  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

8  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

9  measure based on information available to defense counsel at the time of filing of the answer to preserve

10 applicable defenses, which are legal in nature and based on statutory law.

11 REQUEST FOR ADMISSIONS NO. 98:

12 Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

13 the terms and/or conditions of Plaintiff's employment were done as a result of business necessity" as

14 alleged in the Twentieth Affirmative Defense pled in the Answer (ECF 130).

15 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 98:**

16         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

17 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

18 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

19 the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

20 request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

21 measure based on information available to defense counsel at the time of filing of the answer to preserve

22 applicable defenses, which are legal in nature and based on statutory law.

23 REQUEST FOR ADMISSIONS NO. 99:

24 Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

25 affecting the terms and/or conditions of Plaintiff's employment were done as a result of business

26 necessity" as alleged in the Twentieth Affirmative Defense pled in the Answer (ECF 130).

27 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 99:**

28         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

1  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

2  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

3  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

4  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

5  measure based on information available to defense counsel at the time of filing of the answer to preserve

6  applicable defenses, which are legal in nature and based on statutory law.

7  REQUEST FOR ADMISSIONS NO. 100:

8  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

9  the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by

10  legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity" as

11  alleged in the Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

12  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 100:**

13         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

14  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

15  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

16  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

17  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

18  measure based on information available to defense counsel at the time of filing of the answer to preserve

19  applicable defenses, which are legal in nature and based on statutory law.

20  REQUEST FOR ADMISSIONS NO. 101:

21  Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

22  affecting the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by

23  legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity" as

24  alleged in the Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

25  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 101:**

26         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

27  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

28  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1    the attorney-client privilege and as work product. Responding Party further objects to the extent that this

2    request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

3    measure based on information available to defense counsel at the time of filing of the answer to preserve

4    applicable defenses, which are legal in nature and based on statutory law.

5    REQUEST FOR ADMISSIONS NO. 102:

6    Admit that each responding Defendant is aware of no facts showing that "Plaintiff's Third Amended

7    Complaint and all of its causes of action are barred because Defendants' actions were neutral and were

8    based on bona fide factors other than sex/gender, race/national origin, disability, alleged participation in

9    protected activity and/or other protected characteristics" as alleged in the Twenty-First Affirmative

10   Defense pled in Defendants' Answer (ECF 130).

11   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 102:**

12   Responding Party objects to this request on the grounds that it calls for a legal conclusion.

13   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

14   expert's opinion. Responding Party objects to the extent that this request seeks information protected by

15   the attorney-client privilege and as work product. Responding Party further objects to the extent that this

16   request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

17   measure based on information available to defense counsel at the time of filing of the answer to preserve

18   applicable defenses, which are legal in nature and based on statutory law.

19   REQUEST FOR ADMISSIONS NO. 103:

20   Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's Third Amended

21   Complaint and all of its causes of action are barred because Defendants' actions were neutral and were

22   based on bona fide factors other than sex/gender, race/national origin, disability, alleged participation in

23   protected activity and/or other protected characteristics" as alleged in the Twenty-First Affirmative

24   Defense pled in Defendants' Answer (ECF 130).

25   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 103:**

26   Responding Party objects to this request on the grounds that it calls for a legal conclusion.

27   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

28   expert's opinion. Responding Party objects to the extent that this request seeks information protected by

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  the attorney-client privilege and as work product. Responding Party further objects to the extent that this

2  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

3  measure based on information available to defense counsel at the time of filing of the answer to preserve

4  applicable defenses, which are legal in nature and based on statutory law.

5  REQUEST FOR ADMISSIONS NO. 104:

6  Admit that each responding Defendant is aware of no facts showing that Plaintiff was legally required "to

7  timely and adequately exhaust any and all collective bargaining agreement remedies" as alleged in the

8  Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

9  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 104:**

10       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

11  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

12  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

13  the attorney-client privilege and as work product. Responding Party further objects that this request is

14  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

15  depositions or to receive Plaintiff's responses to written discovery. Responding Party further objects to

16  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

17  a precautionary measure based on information available to defense counsel at the time of filing of the

18  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

19  REQUEST FOR ADMISSIONS NO. 105:

20  Admit that each responding Defendant is aware of no evidence showing that Plaintiff was legally

21  required "to timely and adequately exhaust any and all collective bargaining agreement remedies" as

22  alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

23  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 105:**

24       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

26  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

27  the attorney-client privilege and as work product. Responding Party further objects that this request is

28  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

depositions or to receive Plaintiff's responses to written discovery. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 106:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to timely and adequately exhaust any and all collective bargaining agreement remedies" as alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 106:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to receive Plaintiff's responses to written discovery. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 107:

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed to timely and adequately exhaust any and all collective bargaining agreement remedies" as alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 107:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

1  depositions or to receive Plaintiff's responses to written discovery. Responding Party further objects to

2  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

3  a precautionary measure based on information available to defense counsel at the time of filing of the

4  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

5  REQUEST FOR ADMISSIONS NO. 108:

6  Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to timely and

7  adequately exhaust administrative filing requirements, such as filing a Charge of Discrimination with the

8  Equal Employment Opportunity Commission and/or DFEH" as alleged in the Twenty-Second

9  Affirmative Defense pled in Defendants' Answer (ECF 130).

10  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 108:**

11  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

13  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

14  the attorney-client privilege and as work product. Responding Party further objects that this request is

15  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

16  depositions or to receive Plaintiff's responses to written discovery. Responding Party further objects to

17  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

18  a precautionary measure based on information available to defense counsel at the time of filing of the

19  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

20  REQUEST FOR ADMISSIONS NO. 109:

21  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed to timely

22  and adequately exhaust administrative filing requirements, such as filing a Charge of Discrimination with

23  the Equal Employment Opportunity Commission and/or DFEH" as alleged in the Twenty-Second

24  Affirmative Defense pled in Defendants' Answer (ECF 130).

25  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 109:**

26  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

27  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

28  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

the attorney-client privilege and as work product.  Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 110:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to timely and adequately exhaust any and all collective bargaining agreement remedies and other administrative filing requirements, such as filing a Charge of Discrimination with the Equal Employment Opportunity Commission and/or DFEH, such that any claim for relief that Plaintiff may have is barred by law" as alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 110:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 111:

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed to timely and adequately exhaust any and all collective bargaining agreement remedies and other administrative filing requirements, such as filing a Charge of Discrimination with the Equal Employment Opportunity Commission and/or DFEH, such that any claim for relief that Plaintiff may have is barred by law" as alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 111:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to receive Plaintiff's responses to written discovery. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 112:

Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged" as alleged in the Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 112:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 113:

Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged" as alleged in the Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 113:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion.

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

1    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

2    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

3    the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

4    request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

5    measure based on information available to defense counsel at the time of filing of the answer to preserve

6    applicable defenses, which are legal in nature and based on statutory law.

7    REQUEST FOR ADMISSIONS NO. 114:

8    Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

9    the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in the

10   Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

11   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 114:**

12   Responding Party objects to this request on the grounds that it calls for a legal conclusion.

13   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

14   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

15   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

16   request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

17   measure based on information available to defense counsel at the time of filing of the answer to preserve

18   applicable defenses, which are legal in nature and based on statutory law.

19   REQUEST FOR ADMISSIONS NO. 115:

20   Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

21   affecting the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in

22   the Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

23   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 115:**

24   Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

26   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

27   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

28   request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

1  measure based on information available to defense counsel at the time of filing of the answer to preserve

2  applicable defenses, which are legal in nature and based on statutory law.

3  REQUEST FOR ADMISSIONS NO. 116:

4  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

5  the terms and/or conditions of Plaintiff's employment were done pursuant to an official duty" as alleged

6  in the Twenty-Third Affirmative Defense pled in the Answer (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 116:**

8      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

11 the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

12 request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

13 measure based on information available to defense counsel at the time of filing of the answer to preserve

14 applicable defenses, which are legal in nature and based on statutory law.

15 REQUEST FOR ADMISSIONS NO. 117:

16 Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

17 affecting the terms and/or conditions of Plaintiff's employment were done pursuant to an official duty" as

18 alleged in the Twenty-Third Affirmative Defense pled in the Answer (ECF 130).

19 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 117:**

20     Responding Party objects to this request on the grounds that it calls for a legal conclusion.

21 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

22 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

23 the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

24 request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

25 measure based on information available to defense counsel at the time of filing of the answer to preserve

26 applicable defenses, which are legal in nature and based on statutory law.

27 REQUEST FOR ADMISSIONS NO. 118:

28 Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

1  the terms and/or conditions of Plaintiff's employment were privileged and done with good cause and/or

2  pursuant to an official duty" as alleged in the Twenty-Third Affirmative Defense pled in Defendants'

3  Answer (ECF 130).

4  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 118:**

5  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

9  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

10  measure based on information available to defense counsel at the time of filing of the answer to preserve

11  applicable defenses, which are legal in nature and based on statutory law.

12  REQUEST FOR ADMISSIONS NO. 119:

13  Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

14  affecting the terms and/or conditions of Plaintiff's employment were privileged and done with good

15  cause and/or pursuant to an official duty" as alleged in the Twenty-Third Affirmative Defense pled in

16  Defendants' Answer (ECF 130).

17  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 119:**

18  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

19  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

20  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

21  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

22  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

23  measure based on information available to defense counsel at the time of filing of the answer to preserve

24  applicable defenses, which are legal in nature and based on statutory law.

25  REQUEST FOR ADMISSIONS NO. 120:

26  Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed and refused to

27  mitigate his damages" as alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer

28  (ECF 130).

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 120:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 121:

Admit that each responding Defendant is aware of no evidence showing "Plaintiff failed and refused to mitigate his damages" as alleged in the Twenty-Fourth Affirmative Defense (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 121:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the

1    answer to preserve applicable defenses, which are legal in nature and based on statutory law.

2    REQUEST FOR ADMISSIONS NO. 122:

3    Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to utilize the

4    DISTRICT's policies and procedures to prevent harassment, discrimination, and retaliation" as alleged in

5    the Twenty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

6    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 122:**

7          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

8    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

9    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

10   the attorney-client privilege and as work product.  Responding Party further objects that this request is

11   premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

12   discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

13   opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

14   yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

15   opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

16   the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

17   a precautionary measure based on information available to defense counsel at the time of filing of the

18   answer to preserve applicable defenses, which are legal in nature and based on statutory law.

19   REQUEST FOR ADMISSIONS NO. 123:

20   Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed to utilize

21   the DISTRICT's policies and procedures to prevent harassment, discrimination, and retaliation" as

22   alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

23   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 123:**

24         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

26   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

27   the attorney-client privilege and as work product.  Responding Party further objects that this request is

28   premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 124:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed and refused to mitigate his damages, although he had an opportunity to do so, including but not limited to failing to utilize the DISTRICT's policies and procedures to prevent harassment, discrimination, and retaliation" as alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 124:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 125:

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed and refused to mitigate his damages, although he had an opportunity to do so, including but not limited to failing to

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1    utilize the DISTRICT's policies and procedures to prevent harassment, discrimination, and retaliation" as

2    alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

3    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 125:**

4    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

7    the attorney-client privilege and as work product.  Responding Party further objects that this request is

8    premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

9    discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

10   opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

11   yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

12   opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

13   the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

14   a precautionary measure based on information available to defense counsel at the time of filing of the

15   answer to preserve applicable defenses, which are legal in nature and based on statutory law.

16   REQUEST FOR ADMISSIONS NO. 126:

17   Admit that each responding Defendant is aware of no facts showing that "they exercised reasonable care

18   to prevent and promptly correct any allegedly harassing behavior" as alleged in the Twenty-Fifth

19   Affirmative Defense pled in Defendants' Answer (ECF 130).

20   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 126:**

21   Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

24   the attorney-client privilege and as work product.  Responding Party further objects that this request is

25   premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

26   discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

27   opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

28   yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

67

1   opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

2   the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

3   a precautionary measure based on information available to defense counsel at the time of filing of the

4   answer to preserve applicable defenses, which are legal in nature and based on statutory law.

5   REQUEST FOR ADMISSIONS NO. 127:

6   Admit that each responding Defendant is aware of no evidence showing that "they exercised reasonable

7   care to prevent and promptly correct any allegedly harassing behavior" as alleged in the Twenty-Fifth

8   Affirmative Defense pled in Defendants' Answer (ECF 130).

9   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 127:**

10          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

11  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

12  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

13  the attorney-client privilege and as work product.  Responding Party further objects that this request is

14  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

15  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

16  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

17  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

18  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

19  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

20  a precautionary measure based on information available to defense counsel at the time of filing of the

21  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

22  REQUEST FOR ADMISSIONS NO. 128:

23  Admit that each responding Defendant is aware of no facts showing that "Plaintiff unreasonably failed to

24  take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise

25  avoid harm" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

26  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 128:**

27          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

28  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

2  the attorney-client privilege and as work product.  Responding Party further objects that this request is

3  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

4  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

5  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

6  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

7  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

8  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

9  a precautionary measure based on information available to defense counsel at the time of filing of the

10 answer to preserve applicable defenses, which are legal in nature and based on statutory law.

11 REQUEST FOR ADMISSIONS NO. 129:

12 Admit that each responding Defendant is aware of no evidence showing that "Plaintiff unreasonably

13 failed to take advantage of any preventive or corrective opportunities provided by Defendants or to

14 otherwise avoid harm" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer

15 (ECF 130)

16 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 129:**

17        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

20 the attorney-client privilege and as work product.  Responding Party further objects that this request is

21 premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

22 discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

23 opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

24 yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

25 opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

26 the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

27 a precautionary measure based on information available to defense counsel at the time of filing of the

28 answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 130:

Admit that each responding Defendant is aware of no facts showing that "they exercised reasonable care to prevent and promptly correct any allegedly harassing behavior, and that the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 130:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 131:

Admit that each responding Defendant is aware of no evidence showing that "they exercised reasonable care to prevent and promptly correct any allegedly harassing behavior, and that the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 131:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 132:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not performing his job duties satisfactorily" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 132:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 133:

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff was not

2  performing his job duties satisfactorily" as alleged in the Twenty-Sixth Affirmative Defense pled in

3  Defendants' Answer (ECF 130).

4  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 133:**

5      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8  the attorney-client privilege and as work product.  Responding Party further objects that this request is

9  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

10  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

11  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

12  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

13  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

14  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

15  a precautionary measure based on information available to defense counsel at the time of filing of the

16  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

17  REQUEST FOR ADMISSIONS NO. 134:

18  Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not a qualified

19  individual as defined by California's Fair Employment and Housing Act" as alleged in the Twenty-Sixth

20  Affirmative Defense pled in Defendants' Answer (ECF 130).

21  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 134:**

22      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25  the attorney-client privilege and as work product.  Responding Party further objects that this request is

26  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

27  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

28  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 135:

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff was not a qualified individual as defined by California's Fair Employment and Housing Act" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 135:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 136:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not performing his job duties satisfactorily and he was not a qualified individual as defined by California's Fair Employment and Housing Act" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 136:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 137:

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff was not performing his job duties satisfactorily and he was not a qualified individual as defined by California's Fair Employment and Housing Act" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 137:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

a precautionary measure based on information available to defense counsel at the time of filing of the

answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 138:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's Third Amended

Complaint and each of its causes of action are barred either in whole or in part by the doctrine of after-

acquired evidence" as alleged in the Twenty-Seventh Affirmative Defense pled in Defendants' Answer

(ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 138:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion.

Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

measure based on information available to defense counsel at the time of filing of the answer to preserve

applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 139:

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's Third Amended

Complaint and each of its causes of action are barred either in whole or in part by the doctrine of after-

acquired evidence" as alleged in the Twenty-Seventh Affirmative Defense pled in Defendants' Answer

(ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 139:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion.

Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

measure based on information available to defense counsel at the time of filing of the answer to preserve

1   applicable defenses, which are legal in nature and based on statutory law.

2   REQUEST FOR ADMISSIONS NO. 140:

3   Admit that each responding Defendant is aware of no facts showing that "they are immune from liability

4   [through proper application of] California Government Code Section 818.8" as alleged in the Twenty-

5   Eighth Affirmative Defense pled in Defendants' Answer (ECF 130).

6   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 140:**

7         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

8   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

9   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

10  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

11  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

12  measure based on information available to defense counsel at the time of filing of the answer to preserve

13  applicable defenses, which are legal in nature and based on statutory law.

14  REQUEST FOR ADMISSIONS NO. 141:

15  Admit that each responding Defendant is aware of no evidence showing that "they are immune from

16  liability [through proper application of] California Government Code Section 818.8" as alleged in the

17  Twenty-Eighth Affirmative Defense pled in Defendants' Answer (ECF 130).

18  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 141:**

19        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

20  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

21  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

22  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

23  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

24  measure based on information available to defense counsel at the time of filing of the answer to preserve

25  applicable defenses, which are legal in nature and based on statutory law.

26  REQUEST FOR ADMISSIONS NO. 142:

27  Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from

28  liability [through proper application of] California Government Code Section 821.6 for public entity

1  employees instituting/prosecuting any and all judicial proceedings against Plaintiff which relate to the

2  subject incident" as alleged in the Twenty-Ninth Affirmative Defense pled in Defendants' Answer (ECF

3  130).

4  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 142:**

5      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

9  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

10  measure based on information available to defense counsel at the time of filing of the answer to preserve

11  applicable defenses, which are legal in nature and based on statutory law.

12  REQUEST FOR ADMISSIONS NO. 143:

13  Admit that each responding Defendant is aware of no evidence showing that "Defendants are immune

14  from liability [through proper application of] California Government Code Section 821.6 for public

15  entity employees instituting/prosecuting any and all judicial proceedings against Plaintiff which relate to

16  the subject incident" as alleged in the Twenty-Ninth Affirmative Defense pled in Defendants' Answer

17  (ECF 130).

18  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 143:**

19      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

20  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

21  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

22  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

23  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

24  measure based on information available to defense counsel at the time of filing of the answer to preserve

25  applicable defenses, which are legal in nature and based on statutory law.

26  REQUEST FOR ADMISSIONS NO. 144:

27  Admit that each responding Defendant is aware of no facts showing that "each of the allegedly adverse

28  employment actions Plaintiff alleges he was subjected to do not constitute adverse employment actions"

1   as alleged in the Thirtieth Affirmative Defense pled in the Answer (ECF 130).

2   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 144:**

3          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5   expert's opinion. Responding Party objects to the extent that this request seeks information protected by

6   the attorney-client privilege and as work product. Responding Party further objects that this request is

7   premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

8   discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

9   opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

10  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

11  opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that

12  this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

13  establish through evidence that he was subjected to adverse employment action(s). Responding Party

14  further objects to the extent that this request is premature as all affirmative defenses are pleaded  upon

15  advice of counsel as a precautionary measure based on information available to defense counsel at the

16  time of filing of the answer to preserve applicable defenses, which are legal in nature and based on

17  statutory law.

18  REQUEST FOR ADMISSIONS NO. 145:

19  Admit that each responding Defendant is aware of no evidence showing that "each of the allegedly

20  adverse employment actions Plaintiff alleges he was subjected to do not constitute adverse employment

21  actions" as alleged in the Thirtieth Affirmative Defense Pled in the Answer (ECF 130).

22  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 145:**

23         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

24  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

25  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

26  the attorney-client privilege and as work product. Responding Party further objects that this request is

27  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

28  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

1  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

2  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

3  opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that

4  this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

5  establish through evidence that he was subjected to adverse employment action(s).   Responding Party

6  further objects to the extent that this request is premature as all affirmative defenses are pleaded  upon

7  advice of counsel as a precautionary measure based on information available to defense counsel at the

8  time of filing of the answer to preserve applicable defenses, which are legal in nature and based on

9  statutory law.

10  REQUEST FOR ADMISSIONS NO. 146:

11  Admit that each responding Defendant is aware of no facts showing that "Plaintiff did not engage in

12  protected activity" as alleged in the Thirty-First Affirmative Defense pled in Defendants' Answer (ECF

13  130).

14  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 146:**

15          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

16  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

17  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

18  the attorney-client privilege and as work product.  Responding Party further objects that this request is

19  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

20  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

21  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

22  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

23  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects that

24  this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

25  establish through evidence that he engaged in protected activity.  Responding Party further objects to the

26  extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a

27  precautionary measure based on information available to defense counsel at the time of filing of the

28  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

1    REQUEST FOR ADMISSIONS NO. 147:

2    Admit that each responding Defendant is aware of no evidence showing that "Plaintiff did not engage in

3    protected activity" as alleged in the Thirty-First Affirmative Defense pled in Defendants' Answer (ECF

4    130).

5    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 147:**

6          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

7    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

8    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

9    the attorney-client privilege and as work product.  Responding Party further objects that this request is

10   premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

11   discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

12   opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

13   yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

14   opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that

15   this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

16   establish through evidence that he engaged in protected activity.  Responding Party further objects to the

17   extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a

18   precautionary measure based on information available to defense counsel at the time of filing of the

19   answer to preserve applicable defenses, which are legal in nature and based on statutory law.

20   REQUEST FOR ADMISSIONS NO. 148:

21   Admit that each responding Defendant is aware of no facts showing that "lawful motive alone would

22   have led to the same employment decisions  and that they [Defendants] therefore cannot be held liable

23   pursuant to, *inter alia,* California Education Code Section 87164(j)" as alleged in the Thirty-Second

24   Affirmative Defense pled in Defendants' Answer (ECF 130).

25   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 148:**

26         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

27   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

28   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 149:

Admit that each responding Defendant is aware of no evidence showing that "lawful motive alone would have led to the same employment decisions  and that they [Defendants] therefore cannot be held liable pursuant to, *inter alia,* California Education Code Section 87164(j)" as alleged in the Thirty- Second Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 149:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 150:

Admit that each responding Defendant is aware of no facts showing that "they responded reasonably to Plaintiff's complaints" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 150:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 151:

Admit that each responding Defendant is aware of no evidence showing that "they responded reasonably to Plaintiff's complaints" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 151:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 152:

Admit that each responding Defendant is aware of no facts showing that "they did not have actual or constructive notice of any alleged harassment, discrimination, or retaliation" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 152:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that Defendants had actual or constructive notice of any alleged retaliation. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 153:

Admit that each responding Defendant is aware of no evidence showing that "they did not have actual or constructive notice of any alleged harassment, discrimination, or retaliation" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 153:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

1  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

2  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects that

3  this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

4  establish through evidence that Defendants had actual or constructive notice of any alleged retaliation.

5  Responding Party further objects to the extent that this request is premature as all affirmative defenses

6  are pleaded upon advice of counsel as a precautionary measure based on information available to defense

7  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

8  based on statutory law.

9  REQUEST FOR ADMISSIONS NO. 154:

10  Admit that each responding Defendant is aware of no facts showing that "they responded reasonably to

11  Plaintiff's complaints and that they did not have actual or constructive notice of any alleged harassment,

12  discrimination, or retaliation" as alleged in the Thirty-Third Affirmative Defense pled in Defendants'

13  Answer (ECF 130).

14  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 154:**

15  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

16  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

17  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

18  the attorney-client privilege and as work product.  Responding Party further objects that this request is

19  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

20  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

21  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

22  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

23  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects that

24  this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

25  establish through evidence that Defendants had actual or constructive notice of any alleged retaliation.

26  Responding Party further objects to the extent that this request is premature as all affirmative defenses

27  are pleaded upon advice of counsel as a precautionary measure based on information available to defense

28  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  based on statutory law.

2  REQUEST FOR ADMISSIONS NO. 155:

3  Admit that each responding Defendant is aware of no evidence showing that "they responded reasonably

4  to Plaintiff's complaints and that they did not have actual or constructive notice of any alleged

5  harassment, discrimination, or retaliation" as alleged in the Thirty-Third Affirmative Defense pled in

6  Defendants' Answer (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 155:**

8  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

11  the attorney-client privilege and as work product.  Responding Party further objects that this request is

12  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

13  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

14  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

15  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

16  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects that

17  this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

18  establish through evidence that Defendants had actual or constructive notice of any alleged retaliation.

19  Responding Party further objects to the extent that this request is premature as all affirmative defenses

20  are pleaded upon advice of counsel as a precautionary measure based on information available to defense

21  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

22  based on statutory law.

23  REQUEST FOR ADMISSIONS NO. 156:

24  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

25  the terms and/or conditions of Plaintiff's employment were privileged" as alleged in the Thirty-Fourth

26  Affirmative Defense pled in Defendants' Answer (ECF 130).

27  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 156:**

28  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

2    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

3    the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

4    request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

5    measure based on information available to defense counsel at the time of filing of the answer to preserve

6    applicable defenses, which are legal in nature and based on statutory law.

7    REQUEST FOR ADMISSIONS NO. 157:

8    Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

9    affecting the terms and/or conditions of Plaintiff's employment were privileged" as alleged in the Thirty-

10   Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

11   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 157:**

12          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

13   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

14   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

15   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

16   request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

17   measure based on information available to defense counsel at the time of filing of the answer to preserve

18   applicable defenses, which are legal in nature and based on statutory law.

19   REQUEST FOR ADMISSIONS NO. 158:

20   Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

21   the terms and/or conditions of Plaintiff's employment were protected by qualified immunity" as alleged

22   in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

23   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 158:**

24          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

26   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

27   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

28   request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

1   measure based on information available to defense counsel at the time of filing of the answer to preserve

2   applicable defenses, which are legal in nature and based on statutory law.

3   REQUEST FOR ADMISSIONS NO. 159:

4   Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

5   affecting the terms and/or conditions of Plaintiff's employment were protected by qualified immunity" as

6   alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

7   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 159:**

8       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

11  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

12  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

13  measure based on information available to defense counsel at the time of filing of the answer to preserve

14  applicable defenses, which are legal in nature and based on statutory law.

15  REQUEST FOR ADMISSIONS NO. 160:

16  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

17  the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in the

18  Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

19  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 160:**

20      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

21  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

22  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

23  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

24  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

25  measure based on information available to defense counsel at the time of filing of the answer to preserve

26  applicable defenses, which are legal in nature and based on statutory law.

27  REQUEST FOR ADMISSIONS NO. 161:

28  Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

1    affecting the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in

2    the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

3    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 161:**

4        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

7    the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

8    request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

9    measure based on information available to defense counsel at the time of filing of the answer to preserve

10   applicable defenses, which are legal in nature and based on statutory law.

11   REQUEST FOR ADMISSIONS NO. 162:

12   Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

13   the terms and/or conditions of Plaintiff's employment were privileged, protected by qualified immunity

14   and/or done with good cause" as alleged in the Thirty-Fourth Affirmative Defense pled in Defendants'

15   Answer (ECF 130)

16   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 162:**

17       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

20   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

21   request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

22   measure based on information available to defense counsel at the time of filing of the answer to preserve

23   applicable defenses, which are legal in nature and based on statutory law.

24   REQUEST FOR ADMISSIONS NO. 163:

25   Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

26   affecting the terms and/or conditions of Plaintiff's employment were privileged, protected by qualified

27   immunity and/or done with good cause" as alleged in the Thirty-Fourth Affirmative Defense pled in

28   Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 163:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 164:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's gender was not a motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty- Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 164:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment decisions. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 165:

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's gender was not a motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty- Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 165:**

2       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

3  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

4  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

5  the attorney-client privilege and as work product.  Responding Party further objects that this request is

6  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

7  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

8  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

9  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

10  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

11  nature and based on statutory law.

12  REQUEST FOR ADMISSIONS NO. 166:

13  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's race was not a

14  motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty-Fifth Affirmative

15  Defense pled in Defendants' Answer (ECF 130).

16  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 166:**

17       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

20  the attorney-client privilege and as work product.  Responding Party further objects that this request is

21  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

22  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

23  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

24  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

25  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

26  nature and based on statutory law.

27  REQUEST FOR ADMISSIONS NO. 167:

28  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's race was not a

90

1  motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty- Fifth

2  Affirmative Defense pled in Defendants' Answer (ECF 130).

3  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 167:**

4        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

7  the attorney-client privilege and as work product.  Responding Party further objects that this request is

8  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

9  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

10  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

11  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

12  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

13  nature and based on statutory law.

14  REQUEST FOR ADMISSIONS NO. 168:

15  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's gender, sex, and/or

16  race was [were] not a motivating factor in their [Defendants'] employment decisions and any decision

17  would have been made regardless of Plaintiff's gender, national origin and/or alleged participation in

18  protected activity" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF

19  130).

20  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 168:**

21        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

24  the attorney-client privilege and as work product.  Responding Party further objects that this request is

25  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

26  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

27  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

28  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

91

1  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

2  nature and based on statutory law.

3  REQUEST FOR ADMISSIONS NO. 169:

4  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's gender, sex,

5  and/or race was [were] not a motivating factor in their [Defendants'] employment decisions" as alleged

6  in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 169:**

8      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

11  the attorney-client privilege and as work product.  Responding Party further objects that this request is

12  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

13  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

14  decisions.   Responding Party further objects that this request is vague and ambiguous as it calls for

15  evidence proving a negative; it is Plaintiff's burden to establish through evidence that his gender, sex,

16  and/or race were a motivating factor in Defendants' employment decisions.  Responding Party further

17  objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

18  counsel as a precautionary measure based on information available to defense counsel at the time of

19  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

20  REQUEST FOR ADMISSIONS NO. 170:

21  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's engagement in

22  alleged protected activity was not a motivating factor in their employment decisions" as alleged in the

23  Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 170:**

25      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

28  the attorney-client privilege and as work product.  Responding Party further objects that this request is

1  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

2  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

3  decisions. Responding Party further objects to the extent that this request is premature as all affirmative

4  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

5  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

6  nature and based on statutory law.

7  REQUEST FOR ADMISSIONS NO. 171:

8  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's engagement in

9  alleged protected activity was not a motivating factor in their employment decisions" as alleged in the

10  Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

11  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 171:**

12        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

13  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

14  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

15  the attorney-client privilege and as work product. Responding Party further objects that this request is

16  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

17  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

18  decisions. Responding Party further objects to the extent that this request is premature as all affirmative

19  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

20  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

21  nature and based on statutory law.

22  REQUEST FOR ADMISSIONS NO. 172:

23  Admit that each responding Defendant is aware of no facts showing that "any [employment] decision

24  would have been made regardless of Plaintiff's gender, national origin and/or alleged participation in

25  protected activity" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF

26  130).

27  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 172:**

28        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

93

1  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

2  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

3  the attorney-client privilege and as work product.  Responding Party further objects that this request is

4  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

5  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

6  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

7  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

8  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

9  nature and based on statutory law.

10  REQUEST FOR ADMISSIONS NO. 173:

11  Admit that each responding Defendant is aware of no evidence showing that "any [employment] decision

12  would have been made regardless of Plaintiff's gender, national origin and/or alleged participation in

13  protected activity" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF

14  130).

15  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 173:**

16  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

17  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

18  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

19  the attorney-client privilege and as work product.  Responding Party further objects that this request is

20  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

21  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

22  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

23  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

24  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

25  nature and based on statutory law.

26  REQUEST FOR ADMISSIONS NO. 174:

27  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's gender, sex, race,

28  national origin, disability and/or engagement in alleged protected activity was not a motivating factor in

1  their employment decisions and any decision would have been made regardless of Plaintiff's gender,

2  national origin and/or alleged participation in protected activity" as alleged in the Thirty-Fifth

3  Affirmative Defense pled in Defendants' Answer (ECF 130).

4  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 174:**

5           Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

8  the attorney-client privilege and as work product. Responding Party further objects that this request is

9  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

10 through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

11 decisions. Responding Party further objects to the extent that this request is premature as all affirmative

12 defenses are pleaded upon advice of counsel as a precautionary measure based on information available

13 to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

14 nature and based on statutory law.

15 REQUEST FOR ADMISSIONS NO. 175:

16 Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's gender, sex,

17 race, national origin, disability and/or engagement in alleged protected activity was not a motivating

18 factor in their employment decisions and any decision would have been made regardless of Plaintiff's

19 gender, national origin and/or alleged participation in protected activity" as alleged in the Thirty-Fifth

20 Affirmative Defense pled in Defendants' Answer (ECF 130).

21 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 175:**

22          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24 expert's opinion. Responding Party objects to the extent that this request seeks information protected by

25 the attorney-client privilege and as work product. Responding Party further objects that this request is

26 vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

27 through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

28 decisions. Responding Party further objects to the extent that this request is premature as all affirmative

1    defenses are pleaded upon advice of counsel as a precautionary measure based on information available

2    to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

3    nature and based on statutory law.

4    REQUEST FOR ADMISSIONS NO. 176:

5    Admit that each responding Defendant is aware of no facts showing that "the alleged conduct complained

6    of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful discrimination" as

7    alleged in the Thirty-Sixth Affirmative Defense pled in the Answer (ECF 130).

8    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 176:**

9         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

11   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

12   the attorney-client privilege and as work product.  Responding Party further objects that this request is

13   premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

14   depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

15   request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

16   establish through evidence that the conduct alleged rises to an actionable level.  Responding Party further

17   objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

18   counsel as a precautionary measure based on information available to defense counsel at the time of

19   filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

20   REQUEST FOR ADMISSIONS NO. 177:

21   Admit that each responding Defendant is aware of no evidence showing that "the alleged conduct

22   complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful

23   discrimination" as alleged in the Thirty-Sixth Affirmative Defense pled in the Answer (ECF 130).

24   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 177:**

25        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

28   the attorney-client privilege and as work product.  Responding Party further objects that this request is

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to propound written discovery to Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that the conduct alleged rises to an actionable level. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 178:

Admit that each responding Defendant is aware of no facts showing that "the alleged conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful retaliation" as alleged in the Thirty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 178:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to propound written discovery to Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that the conduct alleged rises to an actionable level. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 179:

Admit that each responding Defendant is aware of no evidence showing that "the alleged conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful retaliation" as alleged in the Thirty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

1  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 179:**

2        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

3  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

4  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

5  the attorney-client privilege and as work product.  Responding Party further objects that this request is

6  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

7  depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

8  request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

9  establish through evidence that the conduct alleged rises to an actionable level.  Responding Party further

10 objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

11 counsel as a precautionary measure based on information available to defense counsel at the time of

12 filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

13 REQUEST FOR ADMISSIONS NO. 180:

14 Admit that each responding Defendant is aware of no facts showing that "the alleged conduct complained

15 of by Plaintiff does not, as a matter of law, rise to the level of actionable deprivation of due process

16 rights" as alleged in the Thirty-Sixth Affirmative Defense pled in the Answer (ECF 130).

17 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 180:**

18       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

19 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

20 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

21 the attorney-client privilege and as work product.  Responding Party further objects that this request is

22 premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

23 depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

24 request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

25 establish through evidence that the conduct alleged rises to an actionable level.  Responding Party further

26 objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

27 counsel as a precautionary measure based on information available to defense counsel at the time of

28 filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

1    REQUEST FOR ADMISSIONS NO. 181:

2    Admit that each responding Defendant is aware of no evidence showing that "the alleged conduct

3    complained of by Plaintiff does not, as a matter of law, rise to the level of actionable deprivation of due

4    process rights" as alleged in the Thirty-Sixth Affirmative Defense pled in the Answer (ECF 130).

5    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 181:**

6         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

7    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

8    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

9    the attorney-client privilege and as work product.  Responding Party further objects that this request is

10   premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

11   depositions or to propound written discovery to Plaintiff.   Responding Party further objects that this

12   request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

13   establish through evidence that the conduct alleged rises to an actionable level.  Responding Party further

14   objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

15   counsel as a precautionary measure based on information available to defense counsel at the time of

16   filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

17   REQUEST FOR ADMISSIONS NO. 182:

18   Admit that each responding Defendant is aware of no facts showing that "the alleged conduct complained

19   of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful discrimination,

20   retaliation, and/or deprivation of due process rights" as alleged in the Thirty-Sixth Affirmative Defense

21   pled in Defendants' Answer (ECF 130).

22   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 182:**

23        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

24   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

25   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

26   the attorney-client privilege and as work product.  Responding Party further objects that this request is

27   premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

28   depositions or to propound written discovery to Plaintiff.   Responding Party further objects that this

1  request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

2  establish through evidence that the conduct alleged rises to an actionable level. Responding Party further

3  objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

4  counsel as a precautionary measure based on information available to defense counsel at the time of

5  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

6  REQUEST FOR ADMISSIONS NO. 183:

7  Admit that each responding Defendant is aware of no evidence showing that "the alleged conduct

8  complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful

9  discrimination, retaliation, and/or deprivation of due process rights" as alleged in the Thirty-Sixth

10  Affirmative Defense pled in Defendants' Answer (ECF 130).

11  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 183:**

12  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

13  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

14  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

15  the attorney-client privilege and as work product. Responding Party further objects that this request is

16  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

17  depositions or to propound written discovery to Plaintiff. Responding Party further objects that this

18  request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

19  establish through evidence that the conduct alleged rises to an actionable level. Responding Party further

20  objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

21  counsel as a precautionary measure based on information available to defense counsel at the time of

22  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

23  REQUEST FOR ADMISSIONS NO. 184:

24  Admit that each responding Defendant is aware of no facts showing that "Plaintiff cannot show that any

25  similarly situated employees were treated more favorably" as alleged in their first Thirty- Seventh

26  Affirmative Defense pled in Defendants' Answer (ECF 130).

27  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 184:**

28  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

2 expert's opinion. Responding Party objects to the extent that this request seeks information protected by

3 the attorney-client privilege and as work product. Responding Party further objects that this request is

4 premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

5 depositions or to propound written discovery to Plaintiff. Responding Party further objects that this

6 request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

7 establish through evidence that similarly situated employees were treated differently. Responding Party

8 further objects to the extent that this request is premature as all affirmative defenses are pleaded upon

9 advice of counsel as a precautionary measure based on information available to defense counsel at the

10 time of filing of the answer to preserve applicable defenses, which are legal in nature and based on

11 statutory law.

12 REQUEST FOR ADMISSIONS NO. 185:

13 Admit that each responding Defendant is aware of no evidence showing that "Plaintiff cannot show that

14 any similarly situated employees were treated more favorably" as alleged in their first Thirty-Seventh

15 Affirmative Defense pled in Defendants' Answer (ECF 130).

16 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 185:**

17 Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19 expert's opinion. Responding Party objects to the extent that this request seeks information protected by

20 the attorney-client privilege and as work product. Responding Party further objects that this request is

21 premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

22 depositions or to propound written discovery to Plaintiff. Responding Party further objects that this

23 request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

24 establish through evidence that similarly situated employees were treated differently. Responding Party

25 further objects to the extent that this request is premature as all affirmative defenses are pleaded upon

26 advice of counsel as a precautionary measure based on information available to defense counsel at the

27 time of filing of the answer to preserve applicable defenses, which are legal in nature and based on

28 statutory law.

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  REQUEST FOR ADMISSIONS NO. 186:

2  Admit that each responding Defendant is aware of no facts showing that "the relevant decisions

3  regarding Plaintiff's position were made prior to Plaintiff engaging in any allegedly protected activity" as

4  alleged in their second Thirty-Seventh Affirmative Defense pled in the Answer (ECF 130).

5  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 186:**

6    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

7  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

8  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

9  the attorney-client privilege and as work product.  Responding Party further objects that this request is

10  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

11  depositions or to propound written discovery to Plaintiff.  Responding Party further objects to the extent

12  that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a

13  precautionary measure based on information available to defense counsel at the time of filing of the

14  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

15  REQUEST FOR ADMISSIONS NO. 187:

16  Admit that each responding Defendant is aware of no evidence showing that "the relevant decisions

17  regarding Plaintiff's position were made prior to Plaintiff engaging in any allegedly protected activity" as

18  alleged in their second Thirty-Seventh Affirmative Defense pled in their Answer (ECF 130).

19  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 187:**

20    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

21  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

22  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

23  the attorney-client privilege and as work product.  Responding Party further objects that this request is

24  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

25  depositions or to propound written discovery to Plaintiff.  Responding Party further objects to the extent

26  that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a

27  precautionary measure based on information available to defense counsel at the time of filing of the

28  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

REQUEST FOR ADMISSIONS NO. 188:

Admit that each responding Defendant is aware of no facts showing that "there is no causal connection between the alleged adverse employment actions and any alleged protected activity" as alleged in their Thirty-Eighth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 188:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to propound written discovery to Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence the existence of a causal connection between any alleged adverse employment actions and any alleged protected activity. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 189:

Admit that each responding Defendant is aware of no evidence showing that "there is no causal connection between the alleged adverse employment actions and any alleged protected activity" as alleged in their Thirty-Eighth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 189:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to propound written discovery to Plaintiff. Responding Party further objects that this

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden

2  to establish through evidence the existence of a causal connection between any alleged adverse employment

3  actions and any alleged protected activity.  Responding Party further objects to the extent that this request

4  is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure

5  based on information available to defense counsel at the time of filing of the answer to preserve

6  applicable defenses, which are legal in nature and based on statutory law.

7  REQUEST FOR ADMISSIONS NO. 190:

8  Admit that each responding Defendant is aware of no facts showing that Defendants AUSTIN, BARK,

9  HICKEY, and BAHADURSINGH "did not personally participate in any deprivations or violations of

10  Plaintiff's due process rights" as alleged in their Thirty-Ninth Affirmative Defense pled in Defendants'

11  Answer (ECF 130).

12  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 190:**

13         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

14  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

15  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

16  the attorney-client privilege and as work product.  Responding Party further objects that this request is

17  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

18  depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

19  request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

20  establish through evidence that Defendants personally participated in deprivations or violations of

21  Plaintiff's rights.  Responding Party further objects to the extent that this request is premature as all

22  affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on

23  information available to defense counsel at the time of filing of the answer to preserve applicable

24  defenses, which are legal in nature and based on statutory law.

25  REQUEST FOR ADMISSIONS NO. 191:

26  Admit that each responding Defendant is aware of no evidence showing that Defendants AUSTIN,

27  BARK, HICKEY, and BAHADURSINGH "did not personally participate in any deprivations or

28  violations of Plaintiff's due process rights" as alleged in their Thirty-Ninth Affirmative Defense pled in

1  Defendants' Answer (ECF 130).

2  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 191:**

3       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

6  the attorney-client privilege and as work product.  Responding Party further objects that this request is

7  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

8  depositions or to propound written discovery to Plaintiff.   Responding Party further objects that this

9  request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

10  establish through evidence that Defendants personally participated in deprivations or violations of

11  Plaintiff's rights.   Responding Party further objects to the extent that this request is premature as all

12  affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on

13  information available to defense counsel at the time of filing of the answer to preserve applicable

14  defenses, which are legal in nature and based on statutory law.

15  REQUEST FOR ADMISSIONS NO. 192:

16  Admit that each responding Defendant is aware of no facts showing that "the Third Amended Complaint

17  is couched in conclusory terms" as alleged in their Fortieth Affirmative Defense pled in Defendants'

18  Answer (ECF 130).

19  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 192:**

20       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

21  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

22  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

23  the attorney-client privilege and as work product.  Responding Party further objects that this request is

24  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

25  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

26  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

27  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

28  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 193:

Admit that each responding Defendant is aware of no evidence showing that "the Third Amended Complaint is couched in conclusory terms" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 193:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 194:

Admit that each responding Defendant is aware of no facts showing that "Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 194:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 195:

Admit that each responding Defendant is aware of no evidence showing that "Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 195:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 196:

Admit that each responding Defendant is aware of no facts showing that they are legally entitled to

1  reserve "the right to assert additional affirmative defenses" as alleged in their Fortieth Affirmative

2  Defense pled in Defendants' Answer (ECF 130).

3  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 196:**

4         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

7  the attorney-client privilege and as work product.  Responding Party further objects that this request is

8  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

9  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

10  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

11  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

12  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

13  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

14  a precautionary measure based on information available to defense counsel at the time of filing of the

15  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

16  REQUEST FOR ADMISSIONS NO. 197:

17  Admit that each responding Defendant is aware of no facts showing that "the Third Amended Complaint

18  is couched in conclusory terms, [such that] the Defendants cannot fully anticipate all affirmative defenses

19  that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if

20  and to the extent that such affirmative defenses are applicable, is hereby reserved" as alleged in their

21  Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

22  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 197:**

23         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

24  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

25  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

26  the attorney-client privilege and as work product.  Responding Party further objects that this request is

27  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

28  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

1  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

2  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

3  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

4  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

5  a precautionary measure based on information available to defense counsel at the time of filing of the

6  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

7  <u>REQUEST FOR ADMISSIONS NO. 198:</u>

8  Admit that each responding Defendant is aware of no evidence showing that "the Third Amended

9  Complaint is couched in conclusory terms, [such that] the Defendants cannot fully anticipate all

10  affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional

11  affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby

12  reserved" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

13  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 198:**

14  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

15  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

16  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

17  the attorney-client privilege and as work product.  Responding Party further objects that this request is

18  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

19  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

20  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

21  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

22  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

23  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

24  a precautionary measure based on information available to defense counsel at the time of filing of the

25  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

26  **FORM INTERROGATORY 17.1**

27  For each Request for Admission Set 2 Numbered 1 through 198, above, where the responding

28  Defendants respond with anything other than an unqualified admission:

109

1    (a) State all facts supporting the response.

2    (b) Identify all documents supporting the response.

3    (c) Identify all witnesses who will support the response.

4    **RESPONSE TO FORM INTERROGATORY 17.1**

5    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8    the attorney-client privilege and as work product.  Responding Party further objects that this request is

9    premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

10   discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

11   opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

12   yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

13   opportunity to conduct an expert medical examination of Plaintiff.  Responding Party objects to the

14   extent that this request is vague and ambiguous as it calls for evidence and documents proving a

15   negative.  Responding Party further objects to the extent that this request is premature as all affirmative

16   defenses are pleaded upon advice of counsel as a precautionary measure based on information available

17   to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

18   nature and based on statutory law.

19

20   Dated:  May 15, 2025                        BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

21

22                                              By: _____

23                                                  Eugene B. Elliot
                                                   Ethan M. Lowry
24                                                  Benjamin I. Oreper
                                                   Attorneys for Defendants
25                                                  PALO ALTO UNIFIED SCHOOL DISTRICT,
                                                   AMANDA BARK, LISA HICKEY and TRENT
26                                                  BAHADURSINGH

27

28

DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am employed in the County of San Francisco, California; I am over the age of eighteen years and not a party to the within cause; and my business address is 2749 Hyde Street, San Francisco, California 94109.

I am readily familiar with the practice of Bertrand, Fox, Elliot, Osman & Wenzel with respect to the collection and processing of pleadings, discovery documents, motions and all other documents which must be served upon opposing parties or other counsel in litigation.   On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

On **May 15, 2025**, I served the following document:

**DEFENDANT PALO ALTO UNIFIED SCHOOL DISTRICT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET NUMBER 2 – RE: DEFENDANTS' AFFIRMATIVE DEFENSES [FRCP RULES 26 AND 36, L-R 36] AND FORM INTERROGATORY 17.1 RE: RFAS SET NUMBER 2 [PER JOINT RULE 26(f) REPORT (ECF 10); FRCP RULES 26, 33 AND L-R 33]**

on the following interested parties:

| | |
|---|---|
| Evan C. Nelson | Alison K. Beanum |
| LAW OFFICE OF EVAN C. NELSON | Veena A. Mitchell |
| evancnelson.law@gmail.com | CLYDE & CO US LLP |
| | alison.beanum@clydeco.us |
| | veena.mitchell@clydeco.us |
| *Attorney for Plaintiff* | *Attorneys for Defendant Don Austin* |

Said service was performed in the following manner:

(✓)     **BY ELECTRONIC MAIL SERVICE (E-Mail)**: Pursuant to the parties' agreement to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.   I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed **May 15, 2025**, at San Francisco, California.

_____
Sergio Guerero

**EXHIBIT 247**

1  ALISON K. BEANUM (State Bar No. 221968)
   *alison.beanum@clydeco.us*
2  VEENA A. MITCHELL (State Bar No. 161153)
   *veena.mitchell@clydeco.us*
3  CLYDE & CO US LLP
   355 S. Grand Avenue, Suite 1400
4  Los Angeles, California 90071
   Telephone:    (213) 358-7600
5  Facsimile:    (213) 358-7650

6  Attorneys for Defendant
   DON AUSTIN

7

8                    UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF

10                           CALIFORNIA

11
   PETER COLOMBO,                    Case No. 5:24-cv-00909-NC
12
              Plaintiff,             Assigned to: Hon. Nathanael Cousins
13
        vs.                          **DEFENDANT DON AUSTIN'S**
14                                   **RESPONSE TO PLAINTIFF'S**
   PALO ALTO UNIFIED SCHOOL          **REQUESTS FOR ADMISSIONS SET**
15 DISTRICT, et al.,                 **NUMBER 2 – RE: DEFENDANTS'**
                                     **AFFIRMATIVE DEFENSES**
16            Defendants.            **[FRCP RULES 26 AND 36, L-R 36]**

17

18                                   **FORM INTERROGATORY 17.1 RE:**
                                     **RFAS SET NUMBER 2 [PER JOINT**
19                                   **RULE 26(f) REPORT (ECF 10); FRCP**
                                     **RULES 26, 33 AND L-R 33]**
20

21

22

23 PROPOUNDING PARTY:        PLAINTIFF PETER COLOMBO

24 RESPONDING PARTY:         DON AUSTIN

25                    **PRELIMINARY STATEMENT**

26        Defendant DON AUSTIN ("Defendant" or "Responding Party") has not yet completed his

27 investigation or analysis of the facts relating to this case, has not completed discovery and has not

28 completed preparation for trial. Accordingly, these responses are given without prejudice to

                                      1

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1   Defendant's rights to produce evidence of any subsequently discovered facts or interpretations

2   thereof and/or to add to, modify or to otherwise change or amend the responses herein.  The

3   information hereinafter set forth is true and correct to the best of Defendant's knowledge at this

4   time, and is subject to correction for inadvertent errors or omissions, if any errors or omissions

5   shall hereafter be found to exist.

6        Defendant expressly reserves the right to revise and/or supplement these responses, as

7   additional information shall be forthcoming throughout the discovery process.

8                  **OBJECTIONS APPLICABLE TO ALL RESPONSES**

9        Responding Party objects to each and every Request for Admission on the grounds that it

10  seeks information protected by the attorney-client privilege and the attorney work-product

11  doctrine.  Responding Party hereby incorporates this objection into each and every one of

12  Responding Party's responses.  Under no circumstances are Responding Party's responses to act

13  as a waiver of the attorney-client privilege and/or the attorney work-product doctrine.

14                  **RESPONSES TO REQUESTS FOR ADMISSIONS**

15  **REQUEST FOR ADMISSIONS NO. 1:**

16       Admit that each responding Defendant is aware of no facts supporting the contention that

17  the Court's Order finding that the facts alleged in the Complaint are sufficient to constitute one or

18  more causes of action against Defendants.  [This request pertains to the First Affirmative Defense

19  pled by Defendants in the Answer to Complaint filed on April 10, 2025 (ECF 130).]

20  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 1:**

21       Responding Party objects that this request is unintelligible, as it is entirely unclear what is

22  meant by "facts supporting the contention that the Court's Order finding that the facts alleged in

23  the Complaint are sufficient[.]"  Responding Party further objects to the extent that this request

24  calls for a legal conclusion, prematurely seeks disclosure of an expert's opinion, and seeks

25  information protected by the attorney-client privilege and as work product.  Responding Party

26  further objects to the extent that this request is premature, as all affirmative defenses are pleaded

27  upon advice of counsel as a precautionary measure based on information available to defense

28  / / /

---

2

1  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

2  nature and based on statutory law.

3  **REQUEST FOR ADMISSIONS NO. 2:**

4      Admit that each responding Defendant is aware of no facts to support denial of one or

5  more facts alleged in Plaintiff's Third Amended Complaint.

6  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 2:**

7      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

8  Responding Party further objects to this request on the grounds that it prematurely seeks

9  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

10  information protected by the attorney-client privilege and as work product.  Responding Party

11  further objects that this request is premature, as discovery is ongoing and Responding Party has

12  not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's

13  alleged injuries and damages; has not yet had the opportunity to take Plaintiff's deposition; has not

14  yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

15  Plaintiff's records of medical treatment, if any; has not yet had the opportunity to conduct an

16  expert medical examination of Plaintiff; and no depositions have yet been taken.

17  **REQUEST FOR ADMISSIONS NO. 3:**

18      Admit that each responding Defendant is aware of no admissible evidence to support

19  denial of one or more facts alleged in Plaintiff's Third Amended Complaint.

20  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 3:**

21      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22  Responding Party further objects to this request on the grounds that it prematurely seeks

23  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

24  information protected by the attorney-client privilege and as work product.  Responding Party

25  further objects that this request is premature, as discovery is ongoing and Responding Party has

26  not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's

27  alleged injuries and damages; has not yet had the opportunity to take Plaintiff's deposition; has not

28  yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  Plaintiff's records of medical treatment, if any; has not yet had the opportunity to conduct an

2  expert medical examination of Plaintiff; and no depositions have yet been taken.

3  **REQUEST FOR ADMISSIONS NO. 4:**

4  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's

5  alleged injuries and damages exceed the scope of his public entity claim(s) or administrative

6  complaints filed with the DISTRICT or any third-party agencies, inclusive of the Equal

7  Employment Opportunity Commission and/or DFEH" as alleged in the Second Affirmative

8  Defense pled by Defendants in their Answer to Complaint filed in this action on April 10, 2025

9  (ECF 130).

10  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 4:**

11  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12  Responding Party further objects to this request on the grounds that it prematurely seeks

13  disclosure of an expert's opinion.  Responding Party further objects that this request is premature

14  as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

15  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet

16  had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

17  discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any;

18  and not yet had the opportunity to conduct an expert medical examination of Plaintiff.

19  Responding Party objects to the extent that this request seeks information protected by the

20  attorney-client privilege and as work product.  Responding Party further objects to the extent that

21  this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

22  precautionary measure based on information available to defense counsel at the time of filing of

23  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

24  **REQUEST FOR ADMISSIONS NO. 5:**

25  Admit that each responding Defendant has no admissible evidence showing that

26  "Plaintiff's alleged injuries and damages exceed the scope of his public entity claim(s) or

27  administrative complaints filed with the DISTRICT or any third-party agencies, inclusive of the

28  Equal Employment Opportunity Commission and/or DFEH" as alleged in the Second Affirmative

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1    Defense pled by Defendants in their Answer to Complaint filed in this action on April 10, 2025

2    (ECF 130).

3    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 5:**

4         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5    Responding Party further objects to this request on the grounds that it prematurely seeks

6    disclosure of an expert's opinion. Responding Party further objects that this request is premature

7    as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

8    discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet

9    had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

10   discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any;

11   and not yet had the opportunity to conduct an expert medical examination of Plaintiff.

12   Responding Party objects to the extent that this request seeks information protected by the

13   attorney-client privilege and as work product. Responding Party further objects to the extent that

14   this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

15   precautionary measure based on information available to defense counsel at the time of filing of

16   the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

17   **REQUEST FOR ADMISSIONS NO. 6:**

18        Admit that each responding Defendant is aware of no facts showing that "[t]he employees,

19   officers and agents of the DISTRICT and all Defendants named herein were at all times material

20   hereto acting with both subjective and objective good faith" as alleged in Defendants' Third

21   Affirmative Defense pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

22   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 6:**

23        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

24   Responding Party further objects to this request on the grounds that it prematurely seeks

25   disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

26   information protected by the attorney-client privilege and as work product. Responding Party

27   further objects to the extent that this request is premature, as all affirmative defenses are pleaded

28   upon advice of counsel as a precautionary measure based on information available to defense

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

2  nature and based on statutory law.

3  **REQUEST FOR ADMISSIONS NO. 7:**

4      Admit that each responding Defendant has no admissible evidence showing that "[t]he

5  employees, officers and agents of the DISTRICT and all Defendants named herein were at all

6  times material hereto acting with both subjective and objective good faith" as alleged in

7  Defendants' Third Affirmative Defense pled in their Answer to Complaint filed on April 10, 2025

8  (ECF 130).

9  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 7:**

10      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

11  Responding Party further objects to this request on the grounds that it prematurely seeks

12  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

13  information protected by the attorney-client privilege and as work product.  Responding Party

14  further objects to the extent that this request is premature, as all affirmative defenses are pleaded

15  upon advice of counsel as a precautionary measure based on information available to defense

16  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

17  nature and based on statutory law.

18  **REQUEST FOR ADMISSIONS NO. 8:**

19      Admit that each responding Defendant is aware of no facts showing that "[t]he employees,

20  officers and agents of the DISTRICT and all Defendants named herein were at all times material

21  hereto acting without malice" as alleged in Defendants' Third Affirmative Defense pled in their

22  Answer to Complaint filed on April 10, 2025 (ECF 130).

23  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 8:**

24      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25  Responding Party further objects to this request on the grounds that it prematurely seeks

26  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

27  information protected by the attorney-client privilege and as work product.  Responding Party

28  further objects that this request is vague and ambiguous as it calls for evidence proving a negative;

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1    it is Plaintiff's burden to establish through evidence that Defendants acted with malice.

2    Responding Party further objects to the extent that this request is premature, as all affirmative

3    defenses are pleaded upon advice of counsel as a precautionary measure based on information

4    available to defense counsel at the time of filing of the answer to preserve applicable defenses,

5    which are legal in nature and based on statutory law.

6    **REQUEST FOR ADMISSIONS NO. 9:**

7        Admit that each responding Defendant has no admissible evidence showing that "[t]he

8    employees, officers and agents of the DISTRICT and all Defendants named herein were at all

9    times material hereto acting without malice" as alleged in Defendants' Third Affirmative Defense

10    pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

11    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 9:**

12        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

13    Responding Party further objects to this request on the grounds that it prematurely seeks

14    disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

15    information protected by the attorney-client privilege and as work product.  Responding Party

16    further objects that this request is vague and ambiguous as it calls for evidence proving a negative;

17    it is Plaintiff's burden to establish through evidence that Defendants acted with malice.

18    Responding Party further objects to the extent that this request is premature, as all affirmative

19    defenses are pleaded upon advice of counsel as a precautionary measure based on information

20    available to defense counsel at the time of filing of the answer to preserve applicable defenses,

21    which are legal in nature and based on statutory law.

22    **REQUEST FOR ADMISSIONS NO. 10:**

23        Admit that each responding Defendant is aware of no facts showing that "[t]he employees,

24    officers and agents of the DISTRICT and all Defendants named herein were at all times material

25    hereto acting reasonably within the meaning of all federal and state statutes, doctrines and judicial

26    authorities" as alleged in Defendants' Third Affirmative Defense pled in their Answer to

27    Complaint filed herein (ECF 130).

28    / / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 10:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that Defendants violated any statutes or doctrines. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 11:**

Admit that each responding Defendant has no admissible evidence showing that "[t]he employees, officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto acting reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities" as alleged in Defendants' Third Affirmative Defense pled in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 11:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that Defendants violated any statutes or doctrines. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 12:**

Admit that each responding Defendant is aware of no facts showing that "[t]he employees, officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto acting with both subjective and objective good faith, without malice, and reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities, such that any claim for relief that Plaintiff may have is barred by law" as alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 12:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that Defendants acted with malice or violated any statutes or doctrines. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 13:**

Admit that each responding Defendant is aware of no admissible evidence showing that "[t]he employees, officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto acting with both subjective and objective good faith, without malice, and reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities, such that any claim for relief that Plaintiff may have is barred by law" as alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 13:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

2  information protected by the attorney-client privilege and as work product. Responding Party

3  further objects that this request is vague and ambiguous as it calls for evidence proving a negative;

4  it is Plaintiff's burden to establish through evidence that Defendants acted with malice or violated

5  any statutes or doctrines. Responding Party further objects to the extent that this request is

6  premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

7  measure based on information available to defense counsel at the time of filing of the answer to

8  preserve applicable defenses, which are legal in nature and based on statutory law.

9  **REQUEST FOR ADMISSIONS NO. 14:**

10  Admit that each responding Defendant is aware of no facts showing that "Plaintiff

11  voluntarily consented to the acts complained of" as alleged in the Fourth Affirmative Defense pled

12  by Defendants in their Answer to Complaint filed on April 10, 2025 (ECF 130).

13  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 14:**

14  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

15  Responding Party further objects to this request on the grounds that it prematurely seeks

16  disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

17  information protected by the attorney-client privilege and as work product. Responding Party

18  further objects that this request is premature, as discovery is ongoing and Responding Party has

19  not yet had the opportunity to conduct any depositions or to receive Plaintiff's responses to written

20  discovery. Responding Party further objects to the extent that this request is premature, as all

21  affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on

22  information available to defense counsel at the time of filing of the answer to preserve applicable

23  defenses, which are legal in nature and based on statutory law.

24  **REQUEST FOR ADMISSIONS NO. 15:**

25  Admit that each responding Defendant has no admissible evidence showing that "Plaintiff

26  voluntarily consented to the acts complained of" as alleged in the Fourth Affirmative Defense pled

27  by Defendants in their Answer to Complaint filed on April 10, 2025 (ECF 130).

28  / / /

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 15:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to receive Plaintiff's responses to written discovery. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 16:**

Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily participated in the acts complained of" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer to Complaint filed on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 16:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to receive Plaintiff's responses to written discovery. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law. '

/ / /

/ / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**REQUEST FOR ADMISSIONS NO. 17:**

Admit that each responding Defendant has no admissible evidence showing that "Plaintiff voluntarily participated in the acts complained of" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer to Complaint filed on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 17:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to receive Plaintiff's responses to written discovery. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 18:**

Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to mitigate his damages" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer to Complaint filed on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 18:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

2  expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

3  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

4  precautionary measure based on information available to defense counsel at the time of filing of

5  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

6  **REQUEST FOR ADMISSIONS NO. 19:**

7         Admit that each responding Defendant has no admissible evidence showing that "Plaintiff

8  failed to mitigate his damages" as alleged in the Fourth Affirmative Defense pled by Defendants

9  in their Answer to Complaint filed on April 10, 2025 (ECF 130).

10 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 19:**

11        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12 Responding Party further objects to this request on the grounds that it prematurely seeks

13 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

14 information protected by the attorney-client privilege and as work product.  Responding Party

15 further objects that this request is premature as Responding Party has not yet had a reasonable

16 opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

17 specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

18 yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

19 Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

20 expert medical examination of Plaintiff.

21 **REQUEST FOR ADMISSIONS NO. 20:**

22        Admit that each responding Defendant is aware of no facts showing that "Plaintiff

23 voluntarily consented to and participated in the acts complained of, and/or he failed to mitigate his

24 damages" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer to

25 Complaint filed on April 10, 2025 (ECF 130).

26 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 20:**

27        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

28 Responding Party further objects to this request on the grounds that it prematurely seeks

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

---

13

disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

information protected by the attorney-client privilege and as work product. Responding Party

further objects that this request is premature as Responding Party has not yet had a reasonable

opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

expert medical examination of Plaintiff. Responding Party further objects to the extent that this

request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

precautionary measure based on information available to defense counsel at the time of filing of

the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 21:**

Admit that each responding Defendant has no admissible evidence showing that "Plaintiff

voluntarily consented to and participated in the acts complained of, and/or he failed to mitigate his

damages" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer (ECF

130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 21:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion.

Responding Party further objects to this request on the grounds that it prematurely seeks

disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

information protected by the attorney-client privilege and as work product. Responding Party

further objects that this request is premature as Responding Party has not yet had a reasonable

opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

expert medical examination of Plaintiff. Responding Party further objects to the extent that this

request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  precautionary measure based on information available to defense counsel at the time of filing of

2  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

3  **REQUEST FOR ADMISSIONS NO. 22:**

4      Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims

5  are barred by the doctrine of laches" as alleged in Defendants' Fifth Affirmative Defense pled in

6  their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 22:**

8      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks

10  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

11  information protected by the attorney-client privilege and as work product.  Responding Party

12  further objects to the extent that this request is premature, as all affirmative defenses are pleaded

13  upon advice of counsel as a precautionary measure based on information available to defense

14  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

15  nature and based on statutory law.

16  **REQUEST FOR ADMISSIONS NO. 23:**

17      Admit that each responding Defendant is aware of no admissible evidence showing that

18  "Plaintiff's claims are barred by the doctrine of laches" as alleged in Defendants' Fifth

19  Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF

20  130).

21  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 23:**

22      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23  Responding Party further objects to this request on the grounds that it prematurely seeks

24  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

25  information protected by the attorney-client privilege and as work product.  Responding Party

26  further objects to the extent that this request is premature, as all affirmative defenses are pleaded

27  upon advice of counsel as a precautionary measure based on information available to defense

28  / / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

2  nature and based on statutory law.

3  **REQUEST FOR ADMISSIONS NO. 24:**

4      Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims

5  are barred by the doctrine of estoppel" as alleged in Defendants' Fifth Affirmative Defense pled in

6  their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 24:**

8      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks

10  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

11  information protected by the attorney-client privilege and as work product.  Responding Party

12  further objects to the extent that this request is premature, as all affirmative defenses are pleaded

13  upon advice of counsel as a precautionary measure based on information available to defense

14  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

15  nature and based on statutory law.

16  **REQUEST FOR ADMISSIONS NO. 25:**

17      Admit that each responding Defendant is aware of no admissible evidence showing that

18  "Plaintiff's claims are barred by the doctrine of estoppel" as alleged in Defendants' Fifth

19  Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF

20  130).

21  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 25:**

22      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23  Responding Party further objects to this request on the grounds that it prematurely seeks

24  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

25  information protected by the attorney-client privilege and as work product.  Responding Party

26  further objects to the extent that this request is premature, as all affirmative defenses are pleaded

27  upon advice of counsel as a precautionary measure based on information available to defense

28  / / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 26:**

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by the doctrine of unclean hands" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 26:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 27:**

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by the doctrine of unclean hands" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 27:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense

/ / /

1 counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

2 nature and based on statutory law.

3 **REQUEST FOR ADMISSIONS NO. 28:**

4     Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims

5 are barred by the doctrine of waiver" as alleged in Defendants' Fifth Affirmative Defense pled in

6 their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

7 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 28:**

8     Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9 Responding Party further objects to this request on the grounds that it prematurely seeks

10 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

11 information protected by the attorney-client privilege and as work product.  Responding Party

12 further objects to the extent that this request is premature, as all affirmative defenses are pleaded

13 upon advice of counsel as a precautionary measure based on information available to defense

14 counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

15 nature and based on statutory law.

16 **REQUEST FOR ADMISSIONS NO. 29:**

17     Admit that each responding Defendant is aware of no admissible evidence showing that

18 "Plaintiff's claims are barred by the doctrine of waiver" as alleged in Defendants' Fifth

19 Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF

20 130).

21 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 29:**

22     Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23 Responding Party further objects to this request on the grounds that it prematurely seeks

24 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

25 information protected by the attorney-client privilege and as work product.  Responding Party

26 further objects to the extent that this request is premature, as all affirmative defenses are pleaded

27 upon advice of counsel as a precautionary measure based on information available to defense

28 / / /

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

2  nature and based on statutory law.

3  **REQUEST FOR ADMISSIONS NO. 30:**

4      Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims

5  are barred by [any] federal statutes of limitation" as alleged in Defendants' Fifth Affirmative

6  Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 30:**

8      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks

10  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

11  information protected by the attorney-client privilege and as work product.  Responding Party

12  further objects to the extent that this request is premature, as all affirmative defenses are pleaded

13  upon advice of counsel as a precautionary measure based on information available to defense

14  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

15  nature and based on statutory law.

16  **REQUEST FOR ADMISSIONS NO. 31:**

17      Admit that each responding Defendant is aware of no admissible evidence showing that

18  "Plaintiff's claims are barred by [any] federal statutes of limitation" as alleged in Defendants'

19  Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025

20  (ECF 130).

21  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 31:**

22      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23  Responding Party further objects to this request on the grounds that it prematurely seeks

24  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

25  information protected by the attorney-client privilege and as work product.  Responding Party

26  further objects to the extent that this request is premature, as all affirmative defenses are pleaded

27  upon advice of counsel as a precautionary measure based on information available to defense

28  / / /

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 32:**

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by state statutes of limitation" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 32:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 33:**

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by state statutes of limitation" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 33:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense

/ / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

2  nature and based on statutory law.

3  **REQUEST FOR ADMISSIONS NO. 34:**

4      Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims

5  are barred by statutory filing requirements or time limitations" as alleged in Defendants' Fifth

6  Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF

7  130).

8  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 34:**

9      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10  Responding Party further objects to this request on the grounds that it prematurely seeks

11  disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

12  information protected by the attorney-client privilege and as work product. Responding Party

13  further objects to the extent that this request is premature, as all affirmative defenses are pleaded

14  upon advice of counsel as a precautionary measure based on information available to defense

15  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

16  nature and based on statutory law.

17  **REQUEST FOR ADMISSIONS NO. 35:**

18      Admit that each responding Defendant is aware of no admissible evidence showing that

19  "Plaintiff's claims are barred by statutory filing requirements or time limitations" as alleged in

20  Defendants' Fifth Affirmative Defense pled in their Answer to Complaint (ECF 130).

21  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 35:**

22      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23  Responding Party further objects to this request on the grounds that it prematurely seeks

24  disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

25  information protected by the attorney-client privilege and as work product. Responding Party

26  further objects to the extent that this request is premature, as all affirmative defenses are pleaded

27  upon advice of counsel as a precautionary measure based on information available to defense

28  / / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

2  nature and based on statutory law.

3  **REQUEST FOR ADMISSIONS NO. 36:**

4      Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims

5  are barred by the doctrines of laches, estoppel, unclean hands and waiver, and by all applicable

6  federal and state statutes of limitation and relevant statutory filing requirements or time

7  limitations" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to

8  Complaint filed in this action on April 10, 2025 (ECF 130).

9  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 36:**

10     Responding Party objects to this request on the grounds that it calls for a legal conclusion.

11  Responding Party further objects to this request on the grounds that it prematurely seeks

12  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

13  information protected by the attorney-client privilege and as work product.  Responding Party

14  further objects to the extent that this request is premature, as all affirmative defenses are pleaded

15  upon advice of counsel as a precautionary measure based on information available to defense

16  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

17  nature and based on statutory law.

18  **REQUEST FOR ADMISSIONS NO. 37:**

19     Admit that each responding Defendant is aware of no admissible evidence showing that

20  "Plaintiff's claims are barred by the doctrines of laches, estoppel, unclean hands and waiver, and

21  by all applicable federal and state statutes of limitation and relevant statutory filing requirements

22  or time limitations" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to

23  Complaint filed in this action on April 10, 2025 (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 37:**

25     Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks

27  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

28  information protected by the attorney-client privilege and as work product.  Responding Party

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1  further objects to the extent that this request is premature, as all affirmative defenses are pleaded

2  upon advice of counsel as a precautionary measure based on information available to defense

3  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

4  nature and based on statutory law.

5  **REQUEST FOR ADMISSIONS NO. 38:**

6       Admit that each responding Defendant is aware of no facts showing "Plaintiff himself was

7  careless in and about the matters alleged in said Third Amended Complaint" as alleged in the

8  Sixth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

9  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 38:**

10       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

11  Responding Party further objects to this request on the grounds that it prematurely seeks

12  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

13  information protected by the attorney-client privilege and as work product.  Responding Party

14  further objects that this request is premature as Responding Party has not yet had a reasonable

15  opportunity to conduct an investigation or discovery into Plaintiff's alleged conduct, injuries, or

16  damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's

17  deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity

18  to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to

19  conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent

20  that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

21  precautionary measure based on information available to defense counsel at the time of filing of

22  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

23  **REQUEST FOR ADMISSIONS NO. 39:**

24       Admit that each responding Defendant is aware of no admissible evidence showing

25  "Plaintiff himself was careless in and about the matters alleged in said Third Amended

26  Complaint" as alleged in the Sixth Affirmative Defense pled by Defendants in their Answer to

27  Complaint (ECF 130).

28  / / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 39:**

2          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

3  Responding Party further objects to this request on the grounds that it prematurely seeks

4  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

5  information protected by the attorney-client privilege and as work product.  Responding Party

6  further objects that this request is premature as Responding Party has not yet had a reasonable

7  opportunity to conduct an investigation or discovery into Plaintiff's alleged conduct, injuries, or

8  damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's

9  deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity

10  to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to

11  conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent

12  that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

13  precautionary measure based on information available to defense counsel at the time of filing of

14  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

15  **REQUEST FOR ADMISSIONS NO. 40:**

16          Admit that each responding Defendant is aware of no facts showing "Plaintiff himself was

17  negligent in and about the matters alleged in said Third Amended Complaint" as alleged in the

18  Sixth Affirmative Defense pled by Defendants in their Answer (ECF 130).

19  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 40:**

20          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

21  Responding Party further objects to this request on the grounds that it prematurely seeks

22  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

23  information protected by the attorney-client privilege and as work product.  Responding Party

24  further objects that this request is premature as Responding Party has not yet had a reasonable

25  opportunity to conduct an investigation or discovery into Plaintiff's alleged conduct, injuries, or

26  damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's

27  deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity

28  to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 41:**

Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff himself was negligent in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 41:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 42:**

Admit that each responding Defendant is aware of no facts showing "Plaintiff himself was careless and negligent in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 42:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 43:**

Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff himself was careless and negligent in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 43:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1  to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to

2  conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent

3  that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

4  precautionary measure based on information available to defense counsel at the time of filing of

5  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

6  **REQUEST FOR ADMISSIONS NO. 44:**

7          Admit that each responding Defendant is unaware of any facts showing that "[t]he

8  damages allegedly sustained by Plaintiff were caused or contributed to by the negligent acts of

9  persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled

10  by Defendants in their Answer (ECF 130).

11  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 44:**

12          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

13  Responding Party further objects to this request on the grounds that it prematurely seeks

14  disclosure of an expert's opinion.  Responding Party further objects that this request is premature

15  as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

16  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet

17  had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

18  discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any;

19  and not yet had the opportunity to conduct an expert medical examination of Plaintiff.

20  Responding Party objects to the extent that this request seeks information protected by the

21  attorney-client privilege and as work product.  Responding Party further objects to the extent that

22  this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

23  precautionary measure based on information available to defense counsel at the time of filing of

24  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

25  **REQUEST FOR ADMISSIONS NO. 45:**

26          Admit that each responding Defendant is unaware of any admissible evidence showing that

27  "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the negligent acts

28  / / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense

2  pled by Defendants in their Answer (ECF 130).

3  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 45:**

4  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks

6  disclosure of an expert's opinion.  Responding Party further objects that this request is premature

7  as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

8  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet

9  had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

10  discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any;

11  and not yet had the opportunity to conduct an expert medical examination of Plaintiff.

12  Responding Party objects to the extent that this request seeks information protected by the

13  attorney-client privilege and as work product.  Responding Party further objects to the extent that

14  this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

15  precautionary measure based on information available to defense counsel at the time of filing of

16  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

17  **REQUEST FOR ADMISSIONS NO. 46:**

18  Admit that each responding Defendant is unaware of any facts showing that "[t]he

19  damages allegedly sustained by Plaintiff were caused or contributed to by the intentional acts of

20  persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled

21  by Defendants in their Answer (ECF 130).

22  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 46:**

23  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

24  Responding Party further objects to this request on the grounds that it prematurely seeks

25  disclosure of an expert's opinion.  Responding Party further objects that this request is premature

26  as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

27  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet

28  had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any;

2  and not yet had the opportunity to conduct an expert medical examination of Plaintiff.

3  Responding Party objects to the extent that this request seeks information protected by the

4  attorney-client privilege and as work product.  Responding Party further objects to the extent that

5  this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

6  precautionary measure based on information available to defense counsel at the time of filing of

7  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

8  **REQUEST FOR ADMISSIONS NO. 47:**

9       Admit that each responding Defendant is unaware of any admissible evidence showing that

10  "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the intentional

11  acts of persons or entities other than the Defendants" as alleged in the Seventh Affirmative

12  Defense pled by Defendants in their Answer (ECF 130).

13  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 47:**

14       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

15  Responding Party further objects to this request on the grounds that it prematurely seeks

16  disclosure of an expert's opinion.  Responding Party further objects that this request is premature

17  as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

18  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet

19  had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

20  discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any;

21  and not yet had the opportunity to conduct an expert medical examination of Plaintiff.

22  Responding Party objects to the extent that this request seeks information protected by the

23  attorney-client privilege and as work product.  Responding Party further objects to the extent that

24  this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

25  precautionary measure based on information available to defense counsel at the time of filing of

26  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

27  / / /

28  / / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**REQUEST FOR ADMISSIONS NO. 48:**

Admit that each responding Defendant is unaware of any facts showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the omissions of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 48:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 49:**

Admit that each responding Defendant is unaware of any admissible evidence showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the omissions of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 49:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party further objects that this request is premature

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet

had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any;

and not yet had the opportunity to conduct an expert medical examination of Plaintiff.

Responding Party objects to the extent that this request seeks information protected by the

attorney-client privilege and as work product. Responding Party further objects to the extent that

this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

precautionary measure based on information available to defense counsel at the time of filing of

the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 50:**

Admit that each responding Defendant is unaware of any facts showing that "[t]he

damages allegedly sustained by Plaintiff were caused or contributed to by the intentional or

negligent acts and/or omissions of persons or entities other than the Defendants" as alleged in the

Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 50:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion.

Responding Party further objects to this request on the grounds that it prematurely seeks

disclosure of an expert's opinion. Responding Party further objects that this request is premature

as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet

had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any;

and not yet had the opportunity to conduct an expert medical examination of Plaintiff.

Responding Party objects to the extent that this request seeks information protected by the

attorney-client privilege and as work product. Responding Party further objects to the extent that

this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

/ / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1  precautionary measure based on information available to defense counsel at the time of filing of

2  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

3  **REQUEST FOR ADMISSIONS NO. 51:**

4      Admit that each responding Defendant is unaware of any admissible evidence showing that

5  "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the intentional or

6  negligent acts and/or omissions of persons or entities other than the Defendants" as alleged in the

7  Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

8  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 51:**

9      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10  Responding Party further objects to this request on the grounds that it prematurely seeks

11  disclosure of an expert's opinion.  Responding Party further objects that this request is premature

12  as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

13  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet

14  had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

15  discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any;

16  and not yet had the opportunity to conduct an expert medical examination of Plaintiff.

17  Responding Party objects to the extent that this request seeks information protected by the

18  attorney-client privilege and as work product.  Responding Party further objects to the extent that

19  this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

20  precautionary measure based on information available to defense counsel at the time of filing of

21  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

22  **REQUEST FOR ADMISSIONS NO. 52:**

23      Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third

24  Amended Complaint is barred by statutes of limitation" as alleged in the Eighth Affirmative

25  Defense pled by Defendants in their Answer to Complaint filed in this action on April 10, 2025

26  (ECF 130).

27  / / /

28  / / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 52:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 53:**

Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third Amended Complaint is barred by statutes of limitation" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 53:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 54:**

Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended Complaint is barred by statutory filing requirements and time limitations, including all requirements for claims filed against public entities such as the DISTRICT" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

/ / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 54:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 55:**

Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third Amended Complaint is barred by statutory filing requirements and time limitations, including all requirements for claims filed against public entities such as the DISTRICT" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 55:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 56:**

Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended Complaint is barred by California Government Code Section 945.4" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 56:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 57:**

Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third Amended Complaint is barred by California Government Code Section 945" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 57:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

/ / /

/ / /

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  **REQUEST FOR ADMISSIONS NO. 58:**

2  Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended

3  Complaint is barred by California Government Code Section 945.6" as alleged in the Eighth

4  Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

5  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 58:**

6         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

7  Responding Party further objects to this request on the grounds that it prematurely seeks

8  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

9  information protected by the attorney-client privilege and as work product.  Responding Party

10  objects to this request on the grounds that it calls for a legal conclusion.  Responding Party further

11  objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.

12  Responding Party objects to the extent that this request seeks information protected by the

13  attorney-client privilege and as work product.  Responding Party further objects to the extent that

14  this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

15  precautionary measure based on information available to defense counsel at the time of filing of

16  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

17  **REQUEST FOR ADMISSIONS NO. 59:**

18         Admit that each responding Defendant is aware of no admissible evidence showing

19  "Plaintiff's Third Amended Complaint is barred by California Government Code Section 945.6"

20  as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint

21  (ECF 130).

22  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 59:**

23         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

24  Responding Party further objects to this request on the grounds that it prematurely seeks

25  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

26  information protected by the attorney-client privilege and as work product.  Responding Party

27  objects to this request on the grounds that it calls for a legal conclusion.  Responding Party further

28  objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.

1   Responding Party objects to the extent that this request seeks information protected by the

2   attorney-client privilege and as work product.  Responding Party further objects to the extent that

3   this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

4   precautionary measure based on information available to defense counsel at the time of filing of

5   the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

6   **REQUEST FOR ADMISSIONS NO. 60:**

7   Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended

8   Complaint is barred by California Government Code Sections 945.4 and 945.6 and related sections

9   thereof" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer (ECF

10  130)

11  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 60:**

12       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

13  Responding Party further objects to this request on the grounds that it prematurely seeks

14  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

15  information protected by the attorney-client privilege and as work product.  Responding Party

16  objects to this request on the grounds that it calls for a legal conclusion.  Responding Party further

17  objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.

18  Responding Party objects to the extent that this request seeks information protected by the

19  attorney-client privilege and as work product.  Responding Party further objects to the extent that

20  this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

21  precautionary measure based on information available to defense counsel at the time of filing of

22  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

23  **REQUEST FOR ADMISSIONS NO. 61:**

24       Admit that each responding Defendant is aware of no admissible evidence showing

25  "Plaintiff's Third Amended Complaint is barred by California Government Code Sections 945.4

26  and 945.6 and related sections thereof" as alleged in the Eighth Affirmative Defense pled by

27  Defendants (ECF 130).

28  / / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 61:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 62:**

Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended Complaint is barred by all applicable statutes of limitation and relevant statutory filing requirements and time limitations, including all requirements for claims filed against public entities such as the DISTRICT, as well as California Government Code Sections 945.4 and 945.6 and related sections thereof" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 62:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

**REQUEST FOR ADMISSIONS NO. 63:**

Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third Amended Complaint is barred by all applicable statutes of limitation and relevant statutory filing requirements and time limitations, including all requirements for claims filed against public entities such as the DISTRICT, as well as California Government Code Sections 945.4 and 945.6 and related sections thereof" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 63:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 64:**

Admit that each responding Defendant is aware of no facts showing that "the provisions of the Public Liability Act of the California Government Code is the measure of [their] legal duties in this action" as alleged in the Ninth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 64:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  upon advice of counsel as a precautionary measure based on information available to defense

2  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

3  nature and based on statutory law.  Responding Party further objects that this request is

4  unintelligible, as the referenced provisions of the statute cited in the request are self-evident.

5  **REQUEST FOR ADMISSIONS NO. 65:**

6      Admit each responding Defendant is aware of no evidence showing that "the provisions of

7  the Public Liability Act of the California Government Code is the measure of [their] legal duties in

8  this action" as alleged in the Ninth Affirmative Defense pled by Defendants in their Answer (ECF

9  130).

10  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 65:**

11      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12  Responding Party further objects to this request on the grounds that it prematurely seeks

13  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

14  information protected by the attorney-client privilege and as work product.  Responding Party

15  further objects to the extent that this request is premature, as all affirmative defenses are pleaded

16  upon advice of counsel as a precautionary measure based on information available to defense

17  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

18  nature and based on statutory law.  Responding Party further objects that this request is

19  unintelligible, as the referenced provisions of the statute cited in the request are self-evident.

20  **REQUEST FOR ADMISSIONS NO. 66:**

21      Admit that each responding Defendant is aware of no facts showing that "Defendants are

22  immune from liability pursuant to California Government Code Sections 815 and 815.2" as

23  alleged in the Tenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 66:**

25      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks

27  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

28  information protected by the attorney-client privilege and as work product.  Responding Party

1    further objects to the extent that this request is premature, as all affirmative defenses are pleaded

2    upon advice of counsel as a precautionary measure based on information available to defense

3    counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

4    nature and based on statutory law.

5    **REQUEST FOR ADMISSIONS NO. 67:**

6        Admit that each responding Defendant is aware of no admissible evidence showing that

7    "Defendants are immune from liability pursuant to California Government Code Sections 815 and

8    815.2" as alleged in the Tenth Affirmative Defense pled by Defendants in their Answer (ECF

9    130).

10   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 67:**

11       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12   Responding Party further objects to this request on the grounds that it prematurely seeks

13   disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

14   information protected by the attorney-client privilege and as work product.  Responding Party

15   further objects to the extent that this request is premature, as all affirmative defenses are pleaded

16   upon advice of counsel as a precautionary measure based on information available to defense

17   counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

18   nature and based on statutory law.

19   **REQUEST FOR ADMISSIONS NO. 68:**

20       Admit that each responding Defendant is aware of no facts showing that "Defendants are

21   immune from liability pursuant to California Government Code Section 815.6 in that they

22   exercised reasonable diligence at all times referred to in Plaintiff's Third Amended Complaint" as

23   alleged in the Eleventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

24   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 68:**

25       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26   Responding Party further objects to this request on the grounds that it prematurely seeks

27   disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

28   information protected by the attorney-client privilege and as work product.  Responding Party

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

41

1  further objects to the extent that this request is premature, as all affirmative defenses are pleaded

2  upon advice of counsel as a precautionary measure based on information available to defense

3  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

4  nature and based on statutory law.

5  **REQUEST FOR ADMISSIONS NO. 69:**

6         Admit that each responding Defendant is aware of no admissible evidence showing that

7  "Defendants are immune from liability pursuant to California Government Code Section 815.6 in

8  that they exercised reasonable diligence at all times referred to in Plaintiff's Third Amended

9  Complaint" as alleged in the Eleventh Affirmative Defense pled by Defendants in their Answer

10 (ECF 130).

11 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 69:**

12        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

13 Responding Party further objects to this request on the grounds that it prematurely seeks

14 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

15 information protected by the attorney-client privilege and as work product.  Responding Party

16 further objects to the extent that this request is premature, as all affirmative defenses are pleaded

17 upon advice of counsel as a precautionary measure based on information available to defense

18 counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

19 nature and based on statutory law.

20 **REQUEST FOR ADMISSIONS NO. 70:**

21        Admit that each responding Defendant is aware of no facts showing that "any acts or

22 omissions by any employee of Defendants were the results of the discretion vested in them" as

23 alleged in the Twelfth Affirmative Defense pled by Defendants in their Answer (ECF 130).

24 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 70:**

25        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26 Responding Party further objects to this request on the grounds that it prematurely seeks

27 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

28 information protected by the attorney-client privilege and as work product.  Responding Party

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1  further objects to the extent that this request is premature, as all affirmative defenses are pleaded

2  upon advice of counsel as a precautionary measure based on information available to defense

3  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

4  nature and based on statutory law.

5  **REQUEST FOR ADMISSIONS NO. 71:**

6      Admit that each responding Defendant is aware of no admissible evidence showing that

7  "any acts or omissions by any employee of Defendants were the results of the discretion vested in

8  them" as alleged in the Twelfth Affirmative Defense pled by Defendants in their Answer (ECF

9  130).

10  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 71:**

11      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12  Responding Party further objects to this request on the grounds that it prematurely seeks

13  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

14  information protected by the attorney-client privilege and as work product.  Responding Party

15  further objects to the extent that this request is premature, as all affirmative defenses are pleaded

16  upon advice of counsel as a precautionary measure based on information available to defense

17  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

18  nature and based on statutory law.

19  **REQUEST FOR ADMISSIONS NO. 72:**

20      Admit that each responding Defendant is aware of no facts showing that "any acts or

21  omissions by any employee of Defendants were the results of the discretion vested in them, and

22  each such employee is immune from liability for any losses, injuries, or damages resulting

23  therefrom; Defendants are, therefore, similarly immune from such liability" as alleged in the

24  Twelfth Affirmative Defense pled by Defendants in their Answer (ECF 130).

25  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 72:**

26      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

27  Responding Party further objects to this request on the grounds that it prematurely seeks

28  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 73:**

Admit that each responding Defendant is aware of no admissible evidence showing that "any acts or omissions by any employee of Defendants were the results of the discretion vested in them, and each such employee is immune from liability for any losses, injuries, or damages resulting therefrom; Defendants are, therefore, similarly immune from such liability" as alleged in the Twelfth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 73:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.  Discovery is ongoing and no depositions have yet been taken, nor has Responding Party yet received responses to Responding Party's discovery requests to Plaintiff.

**REQUEST FOR ADMISSIONS NO. 74:**

Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from liability pursuant to California Government Code Section 820.8 in that the acts and omissions of parties other than the DISTRICT or its employees caused the injuries alleged by Plaintiff" as alleged in the Thirteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 74:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law. Discovery is ongoing and no depositions have yet been taken, nor has Responding Party yet received responses to Responding Party's discovery requests to Plaintiff.

**REQUEST FOR ADMISSIONS NO. 75:**

Admit that each responding Defendant is aware of no evidence showing that "Defendants are immune from liability pursuant to California Government Code Section 820.8 in that the acts and omissions of parties other than the DISTRICT or its employees caused the injuries alleged by Plaintiff" as alleged in the Thirteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 75:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law. Discovery is ongoing and no depositions have yet been taken, nor has Responding Party yet received responses to Responding Party's discovery requests to Plaintiff.

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**REQUEST FOR ADMISSIONS NO. 76:**

Admit that each responding Defendant is aware of no facts showing that "they may elect to have damages, if any, in excess of the amount specified in California Government Code Sections 984 *et seq.*, and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in California Code of Civil Procedure Section 667.7" as alleged in the Fourteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 76:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 77:**

Admit that each responding Defendant is aware of no admissible evidence showing that "they may elect to have damages, if any, in excess of the amount specified in California Government Code Sections 984 *et seq.*, and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in California Code of Civil Procedure Section 667.7" as alleged in the Fourteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 77:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

2  nature and based on statutory law.

3  **REQUEST FOR ADMISSIONS NO. 78:**

4      Admit that each responding Defendant is aware of no facts showing that "Defendants are

5  immune from liability pursuant to all remaining applicable provisions of the California

6  Government Claims Act and other relevant statutes and/or regulations" as alleged in the Fifteenth

7  Affirmative Defense pled by Defendants in their Answer (ECF 130).

8  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 78:**

9      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10 Responding Party further objects to this request on the grounds that it prematurely seeks

11 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

12 information protected by the attorney-client privilege and as work product.  Responding Party

13 further objects to the extent that this request is premature, as all affirmative defenses are pleaded

14 upon advice of counsel as a precautionary measure based on information available to defense

15 counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

16 nature and based on statutory law.

17 **REQUEST FOR ADMISSIONS NO. 79:**

18     Admit that each responding Defendant is aware of no admissible evidence showing that

19 "Defendants are immune from liability pursuant to all remaining applicable provisions of the

20 California Government Claims Act and other relevant statutes and/or regulations" as alleged in the

21 Fifteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

22 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 79:**

23     Responding Party objects to this request on the grounds that it calls for a legal conclusion.

24 Responding Party further objects to this request on the grounds that it prematurely seeks

25 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

26 information protected by the attorney-client privilege and as work product.  Responding Party

27 further objects to the extent that this request is premature, as all affirmative defenses are pleaded

28 upon advice of counsel as a precautionary measure based on information available to defense

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1    counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

2    nature and based on statutory law.

3    **REQUEST FOR ADMISSIONS NO. 80:**

4         Admit that each responding Defendant is aware of no facts showing that "Plaintiff's

5    alleged injuries and damages are barred" as alleged in the Sixteenth Affirmative Defense pled by

6    Defendants in their Answer (ECF 130).

7    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 80:**

8         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9    Responding Party further objects to this request on the grounds that it prematurely seeks

10   disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

11   information protected by the attorney-client privilege and as work product.  Responding Party

12   further objects that this request is premature as Responding Party has not yet had a reasonable

13   opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

14   specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

15   yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

16   Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

17   expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

18   request is premature as all affirmative defenses are pleaded upon advice of counsel as a

19   precautionary measure based on information available to defense counsel at the time of filing of

20   the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

21   **REQUEST FOR ADMISSIONS NO. 81:**

22        Admit that each responding Defendant is aware of no admissible evidence showing that

23   "Plaintiff's alleged injuries and damages are barred" as alleged in the Sixteenth Affirmative

24   Defense pled by Defendants in their Answer (ECF 130).

25   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 81:**

26        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

27   Responding Party further objects to this request on the grounds that it prematurely seeks

28   disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  information protected by the attorney-client privilege and as work product.  Responding Party

2  further objects that this request is premature as Responding Party has not yet had a reasonable

3  opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

4  specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

5  yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

6  Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

7  expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

8  request is premature as all affirmative defenses are pleaded upon advice of counsel as a

9  precautionary measure based on information available to defense counsel at the time of filing of

10  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

11  **REQUEST FOR ADMISSIONS NO. 82:**

12        Admit that each responding Defendant is aware of no facts showing that "Plaintiff's

13  alleged injuries and damages exceed the scope of the administrative complaint filed with the

14  Department of Fair Employment and Housing and/or the EEOC" as alleged in the Sixteenth

15  Affirmative Defense pled by Defendants in their Answer (ECF 130).

16  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 82:**

17        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18  Responding Party further objects to this request on the grounds that it prematurely seeks

19  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

20  information protected by the attorney-client privilege and as work product.  Responding Party

21  further objects that this request is premature as Responding Party has not yet had a reasonable

22  opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

23  specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

24  yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

25  Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

26  expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

27  request is premature as all affirmative defenses are pleaded upon advice of counsel as a

28  / / /

1  precautionary measure based on information available to defense counsel at the time of filing of

2  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

3  **REQUEST FOR ADMISSIONS NO. 83:**

4      Admit that each responding Defendant is aware of no admissible evidence showing that

5  "Plaintiff's alleged injuries and damages exceed the scope of the administrative complaint filed

6  with the Department of Fair Employment and Housing and/or the EEOC" as alleged in the

7  Sixteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

8  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 83:**

9      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10  Responding Party further objects to this request on the grounds that it prematurely seeks

11  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

12  information protected by the attorney-client privilege and as work product.  Responding Party

13  further objects that this request is premature as Responding Party has not yet had a reasonable

14  opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

15  specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

16  yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

17  Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

18  expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

19  request is premature as all affirmative defenses are pleaded upon advice of counsel as a

20  precautionary measure based on information available to defense counsel at the time of filing of

21  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

22  **REQUEST FOR ADMISSIONS NO. 84:**

23      Admit that each responding Defendant is aware of no facts showing that "Plaintiff's

24  alleged injuries and damages are barred or exceed the scope of the administrative complaint filed

25  with the Department of Fair Employment and Housing and/or the EEOC" as alleged in the

26  Sixteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

27  / / /

28  / / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 84:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 85:**

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's alleged injuries and damages are barred or exceed the scope of the administrative complaint filed with the Department of Fair Employment and Housing and/or the EEOC" as alleged in the Sixteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 85:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1  Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

2  expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

3  request is premature as all affirmative defenses are pleaded upon advice of counsel as a

4  precautionary measure based on information available to defense counsel at the time of filing of

5  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

6  **REQUEST FOR ADMISSIONS NO. 86:**

7         Admit that each responding Defendant is aware of no facts showing that "Plaintiff's

8  damages are limited by [application of] the avoidable consequences doctrine" as alleged in the

9  Seventeenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

10  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 86:**

11         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12  Responding Party further objects to this request on the grounds that it prematurely seeks

13  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

14  information protected by the attorney-client privilege and as work product.  Responding Party

15  further objects that this request is premature as Responding Party has not yet had a reasonable

16  opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

17  specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

18  yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

19  Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

20  expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

21  request is premature as all affirmative defenses are pleaded upon advice of counsel as a

22  precautionary measure based on information available to defense counsel at the time of filing of

23  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

24  **REQUEST FOR ADMISSIONS NO. 87:**

25         Admit that each responding Defendant is aware of no admissible evidence showing that

26  "Plaintiff's damages are limited by [application of] the avoidable consequences doctrine" as

27  alleged in the Seventeenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

28  / / /

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 87:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 88:**

Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily assumed the risk of any and all the injuries, losses and damages" as alleged in the Eighteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 88:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

2  request is premature as all affirmative defenses are pleaded upon advice of counsel as a

3  precautionary measure based on information available to defense counsel at the time of filing of

4  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

5  **REQUEST FOR ADMISSIONS NO. 89:**

6      Admit that each responding Defendant is aware of no admissible evidence showing that

7  "Plaintiff voluntarily assumed the risk of any and all the injuries, losses and damages" as alleged

8  in the Eighteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

9  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 89:**

10      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

11  Responding Party further objects to this request on the grounds that it prematurely seeks

12  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

13  information protected by the attorney-client privilege and as work product.  Responding Party

14  further objects that this request is premature as Responding Party has not yet had a reasonable

15  opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

16  specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

17  yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

18  Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

19  expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

20  request is premature as all affirmative defenses are pleaded upon advice of counsel as a

21  precautionary measure based on information available to defense counsel at the time of filing of

22  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

23  **REQUEST FOR ADMISSIONS NO. 90:**

24      Admit that each responding Defendant is aware of no facts showing that "Plaintiff

25  voluntarily, and with full knowledge of all matters set forth in the Third Amended Complaint,

26  assumed the risk of any and all the injuries, losses and damages" as alleged in the Eighteenth

27  Affirmative Defense pled by Defendants in their Answer (ECF 130).

28  / / /

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 90:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 91:**

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff voluntarily, and with full knowledge of all matters set forth in the Third Amended Complaint, assumed the risk of any and all the injuries, losses and damages" as alleged in the Eighteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 91:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

2  expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

3  request is premature as all affirmative defenses are pleaded upon advice of counsel as a

4  precautionary measure based on information available to defense counsel at the time of filing of

5  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

6  REQUEST FOR ADMISSIONS NO. 92:

7  Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not able to

8  perform the essential functions of his position" as alleged in the Nineteenth Affirmative Defense

9  pled by Defendants in their Answer (ECF 130).

10  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 92:**

11      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12  Responding Party further objects to this request on the grounds that it prematurely seeks

13  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

14  information protected by the attorney-client privilege and as work product.  Responding Party

15  further objects that this request is premature as Responding Party has not yet had a reasonable

16  opportunity to take Plaintiff's deposition.  Responding Party further objects to the extent that this

17  request is premature as all affirmative defenses are pleaded upon advice of counsel as a

18  precautionary measure based on information available to defense counsel at the time of filing of

19  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

20  **REQUEST FOR ADMISSIONS NO. 93:**

21      Admit that each responding Defendant is aware of no admissible evidence showing that

22  "Plaintiff was not able to perform the essential functions of his position" as alleged in the

23  Nineteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 93:**

25      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks

27  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

28  information protected by the attorney-client privilege and as work product.  Responding Party

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1    further objects that this request is premature as Responding Party has not yet had a reasonable

2    opportunity to take Plaintiff's deposition.  Responding Party further objects to the extent that this

3    request is premature as all affirmative defenses are pleaded upon advice of counsel as a

4    precautionary measure based on information available to defense counsel at the time of filing of

5    the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

6    **REQUEST FOR ADMISSIONS NO. 94:**

7          Admit that each responding Defendant is aware of no facts showing that "all acts of

8    Defendants affecting the terms and/or conditions of Plaintiff's employment were done in good

9    faith" as alleged in the Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

10   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 94:**

11         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12   Responding Party further objects to this request on the grounds that it prematurely seeks

13   disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

14   information protected by the attorney-client privilege and as work product.  Responding Party

15   further objects to the extent that this request is premature as all affirmative defenses are pleaded

16   upon advice of counsel as a precautionary measure based on information available to defense

17   counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

18   nature and based on statutory law.

19   **REQUEST FOR ADMISSIONS NO. 95:**

20         Admit that each responding Defendant is aware of no evidence showing that "all acts of

21   Defendants affecting the terms and/or conditions of Plaintiff's employment were done in good

22   faith" as alleged in the Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

23   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 95:**

24         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25   Responding Party further objects to this request on the grounds that it prematurely seeks

26   disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

27   information protected by the attorney-client privilege and as work product.  Responding Party

28   further objects to the extent that this request is premature as all affirmative defenses are pleaded

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1   upon advice of counsel as a precautionary measure based on information available to defense

2   counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

3   nature and based on statutory law.

4   **REQUEST FOR ADMISSIONS NO. 96:**

5        Admit that each responding Defendant is aware of no facts showing that "all acts of

6   Defendants affecting the terms and/or conditions of Plaintiff's employment were motivated by

7   legitimate, non-retaliatory and non-discriminatory reasons" as alleged in the Twentieth

8   Affirmative Defense pled in Defendants' Answer (ECF 130).

9   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 96:**

10        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

11   Responding Party further objects to this request on the grounds that it prematurely seeks

12   disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

13   information protected by the attorney-client privilege and as work product.  Responding Party

14   further objects to the extent that this request is premature as all affirmative defenses are pleaded

15   upon advice of counsel as a precautionary measure based on information available to defense

16   counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

17   nature and based on statutory law.

18   **REQUEST FOR ADMISSIONS NO. 97:**

19        Admit that each responding Defendant is aware of no evidence showing that "all acts of

20   Defendants affecting the terms and/or conditions of Plaintiff's employment were motivated by

21   legitimate, non-retaliatory and non-discriminatory reasons" as alleged in the Twentieth

22   Affirmative Defense pled in Defendants' Answer (ECF 130).

23   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 97:**

24        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25   Responding Party further objects to this request on the grounds that it prematurely seeks

26   disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

27   information protected by the attorney-client privilege and as work product.  Responding Party

28   further objects to the extent that this request is premature as all affirmative defenses are pleaded

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 98:**

Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done as a result of business necessity" as alleged in the Twentieth Affirmative Defense pled in the Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 98:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 99:**

Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done as a result of business necessity" as alleged in the Twentieth Affirmative Defense pled in the Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 99:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded

upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 100:**

Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity" as alleged in the Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 100:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 101:**

Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity" as alleged in the Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 101:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1    information protected by the attorney-client privilege and as work product.  Responding Party

2    further objects to the extent that this request is premature as all affirmative defenses are pleaded

3    upon advice of counsel as a precautionary measure based on information available to defense

4    counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

5    nature and based on statutory law.

6    **REQUEST FOR ADMISSIONS NO. 102:**

7         Admit that each responding Defendant is aware of no facts showing that "Plaintiff's Third

8    Amended Complaint and all of its causes of action are barred because Defendants' actions were

9    neutral and were based on bona fide factors other than sex/gender, race/national origin, disability,

10   alleged participation in protected activity and/or other protected characteristics" as alleged in the

11   Twenty-First Affirmative Defense pled in Defendants' Answer (ECF 130).

12   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 102:**

13        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

14   Responding Party further objects to this request on the grounds that it prematurely seeks

15   disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

16   information protected by the attorney-client privilege and as work product.  Responding Party

17   further objects to the extent that this request is premature as all affirmative defenses are pleaded

18   upon advice of counsel as a precautionary measure based on information available to defense

19   counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

20   nature and based on statutory law.

21   **REQUEST FOR ADMISSIONS NO. 103:**

22        Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's

23   Third Amended Complaint and all of its causes of action are barred because Defendants' actions

24   were neutral and were based on bona fide factors other than sex/gender, race/national origin,

25   disability, alleged participation in protected activity and/or other protected characteristics" as

26   alleged in the Twenty-First Affirmative Defense pled in Defendants' Answer (ECF 130).

27   / / /

28   / / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 103:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 104:**

Admit that each responding Defendant is aware of no facts showing that Plaintiff was legally required "to timely and adequately exhaust any and all collective bargaining agreement remedies" as alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 104:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to receive Plaintiff's responses to written discovery. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

/ / /

/ / /

/ / /

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

**REQUEST FOR ADMISSIONS NO. 105:**

Admit that each responding Defendant is aware of no evidence showing that Plaintiff was legally required "to timely and adequately exhaust any and all collective bargaining agreement remedies" as alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 105:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to receive Plaintiff's responses to written discovery. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 106:**

Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to timely and adequately exhaust any and all collective bargaining agreement remedies" as alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 106:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to receive Plaintiff's responses to written discovery. Responding Party further objects to the extent that this request is premature as all

1   affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on

2   information available to defense counsel at the time of filing of the answer to preserve applicable

3   defenses, which are legal in nature and based on statutory law.

4   **REQUEST FOR ADMISSIONS NO. 107:**

5       Admit that each responding Defendant is aware of no evidence showing that "Plaintiff

6   failed to timely and adequately exhaust any and all collective bargaining agreement remedies" as

7   alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

8   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 107:**

9       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10  Responding Party further objects to this request on the grounds that it prematurely seeks

11  disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

12  information protected by the attorney-client privilege and as work product. Responding Party

13  further objects that this request is premature, as discovery is ongoing and Responding Party has

14  not yet had the opportunity to conduct any depositions or to receive Plaintiff's responses to written

15  discovery. Responding Party further objects to the extent that this request is premature as all

16  affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on

17  information available to defense counsel at the time of filing of the answer to preserve applicable

18  defenses, which are legal in nature and based on statutory law.

19  **REQUEST FOR ADMISSIONS NO. 108:**

20      Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to

21  timely and adequately exhaust administrative filing requirements, such as filing a Charge of

22  Discrimination with the Equal Employment Opportunity Commission and/or DFEH" as alleged in

23  the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 108:**

25      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks

27  disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

28  information protected by the attorney-client privilege and as work product. Responding Party

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

64

1   further objects that this request is premature, as discovery is ongoing and Responding Party has

2   not yet had the opportunity to conduct any depositions or to receive Plaintiff's responses to written

3   discovery.  Responding Party further objects to the extent that this request is premature as all

4   affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on

5   information available to defense counsel at the time of filing of the answer to preserve applicable

6   defenses, which are legal in nature and based on statutory law.

7   **REQUEST FOR ADMISSIONS NO. 109:**

8       Admit that each responding Defendant is aware of no evidence showing that "Plaintiff

9   failed to timely and adequately exhaust administrative filing requirements, such as filing a Charge

10  of Discrimination with the Equal Employment Opportunity Commission and/or DFEH" as alleged

11  in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

12  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 109:**

13      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

14  Responding Party further objects to this request on the grounds that it prematurely seeks

15  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

16  information protected by the attorney-client privilege and as work product.  Responding Party

17  further objects that this request is premature, as discovery is ongoing and Responding Party has

18  not yet had the opportunity to conduct any depositions or to receive Plaintiff's responses to written

19  discovery.  Responding Party further objects to the extent that this request is premature as all

20  affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on

21  information available to defense counsel at the time of filing of the answer to preserve applicable

22  defenses, which are legal in nature and based on statutory law.

23  **REQUEST FOR ADMISSIONS NO. 110:**

24      Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to

25  timely and adequately exhaust any and all collective bargaining agreement remedies and other

26  administrative filing requirements, such as filing a Charge of Discrimination with the Equal

27  Employment Opportunity Commission and/or DFEH, such that any claim for relief that Plaintiff

28  / / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  may have is barred by law" as alleged in the Twenty-Second Affirmative Defense pled in

2  Defendants' Answer (ECF 130).

3  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 110:**

4      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks

6  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

7  information protected by the attorney-client privilege and as work product.  Responding Party

8  further objects that this request is premature, as discovery is ongoing and Responding Party has

9  not yet had the opportunity to conduct any depositions or to receive Plaintiff's responses to written

10 discovery.  Responding Party further objects to the extent that this request is premature as all

11 affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on

12 information available to defense counsel at the time of filing of the answer to preserve applicable

13 defenses, which are legal in nature and based on statutory law.

14 **REQUEST FOR ADMISSIONS NO. 111:**

15     Admit that each responding Defendant is aware of no evidence showing that "Plaintiff

16 failed to timely and adequately exhaust any and all collective bargaining agreement remedies and

17 other administrative filing requirements, such as filing a Charge of Discrimination with the Equal

18 Employment Opportunity Commission and/or DFEH, such that any claim for relief that Plaintiff

19 may have is barred by law" as alleged in the Twenty-Second Affirmative Defense pled in

20 Defendants' Answer (ECF 130).

21 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 111:**

22     Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23 Responding Party further objects to this request on the grounds that it prematurely seeks

24 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

25 information protected by the attorney-client privilege and as work product.  Responding Party

26 further objects that this request is premature, as discovery is ongoing and Responding Party has

27 not yet had the opportunity to conduct any depositions or to receive Plaintiff's responses to written

28 discovery.  Responding Party further objects to the extent that this request is premature as all

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 112:**

Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged" as alleged in the Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 112:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 113:**

Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged" as alleged in the Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 113:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense

/ / /

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 114:**

Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in the Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 114:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 115:**

Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in the Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 115:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

2  nature and based on statutory law.

3  **REQUEST FOR ADMISSIONS NO. 116:**

4      Admit that each responding Defendant is aware of no facts showing that "all acts of

5  Defendants affecting the terms and/or conditions of Plaintiff's employment were done pursuant to

6  an official duty" as alleged in the Twenty-Third Affirmative Defense pled in the Answer (ECF

7  130).

8  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 116:**

9      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10  Responding Party further objects to this request on the grounds that it prematurely seeks

11  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

12  information protected by the attorney-client privilege and as work product.  Responding Party

13  further objects to the extent that this request is premature as all affirmative defenses are pleaded

14  upon advice of counsel as a precautionary measure based on information available to defense

15  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

16  nature and based on statutory law.

17  **REQUEST FOR ADMISSIONS NO. 117:**

18      Admit that each responding Defendant is aware of no evidence showing that "all acts of

19  Defendants affecting the terms and/or conditions of Plaintiff's employment were done pursuant to

20  an official duty" as alleged in the Twenty-Third Affirmative Defense pled in the Answer (ECF

21  130).

22  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 117:**

23      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

24  Responding Party further objects to this request on the grounds that it prematurely seeks

25  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

26  information protected by the attorney-client privilege and as work product.  Responding Party

27  further objects to the extent that this request is premature as all affirmative defenses are pleaded

28  upon advice of counsel as a precautionary measure based on information available to defense

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1 counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

2 nature and based on statutory law.

3 **REQUEST FOR ADMISSIONS NO. 118:**

4     Admit that each responding Defendant is aware of no facts showing that "all acts of

5 Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged and

6 done with good cause and/or pursuant to an official duty" as alleged in the Twenty-Third

7 Affirmative Defense pled in Defendants' Answer (ECF 130).

8 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 118:**

9     Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10 Responding Party further objects to this request on the grounds that it prematurely seeks

11 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

12 information protected by the attorney-client privilege and as work product.  Responding Party

13 further objects to the extent that this request is premature as all affirmative defenses are pleaded

14 upon advice of counsel as a precautionary measure based on information available to defense

15 counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

16 nature and based on statutory law.

17 **REQUEST FOR ADMISSIONS NO. 119:**

18     Admit that each responding Defendant is aware of no evidence showing that "all acts of

19 Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged and

20 done with good cause and/or pursuant to an official duty" as alleged in the Twenty-Third

21 Affirmative Defense pled in Defendants' Answer (ECF 130).

22 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 119:**

23     Responding Party objects to this request on the grounds that it calls for a legal conclusion.

24 Responding Party further objects to this request on the grounds that it prematurely seeks

25 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

26 information protected by the attorney-client privilege and as work product.  Responding Party

27 further objects to the extent that this request is premature as all affirmative defenses are pleaded

28 upon advice of counsel as a precautionary measure based on information available to defense

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1 counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

2 nature and based on statutory law.

3 **REQUEST FOR ADMISSIONS NO. 120:**

4      Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed

5 and refused to mitigate his damages" as alleged in the Twenty-Fourth Affirmative Defense pled in

6 Defendants' Answer (ECF 130).

7 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 120:**

8      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9 Responding Party further objects to this request on the grounds that it prematurely seeks

10 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

11 information protected by the attorney-client privilege and as work product.  Responding Party

12 further objects that this request is premature as Responding Party has not yet had a reasonable

13 opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

14 specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

15 yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

16 Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

17 expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

18 request is premature as all affirmative defenses are pleaded upon advice of counsel as a

19 precautionary measure based on information available to defense counsel at the time of filing of

20 the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

21 **REQUEST FOR ADMISSIONS NO. 121:**

22      Admit that each responding Defendant is aware of no evidence showing "Plaintiff failed

23 and refused to mitigate his damages" as alleged in the Twenty-Fourth Affirmative Defense (ECF

24 130).

25 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 121:**

26      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

27 Responding Party further objects to this request on the grounds that it prematurely seeks

28 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  information protected by the attorney-client privilege and as work product.  Responding Party

2  further objects that this request is premature as Responding Party has not yet had a reasonable

3  opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

4  specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

5  yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

6  Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

7  expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

8  request is premature as all affirmative defenses are pleaded upon advice of counsel as a

9  precautionary measure based on information available to defense counsel at the time of filing of

10  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

11  **REQUEST FOR ADMISSIONS NO. 122:**

12        Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to

13  utilize the DISTRICT's policies and procedures to prevent harassment, discrimination, and

14  retaliation" as alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer

15  (ECF 130).

16  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 122:**

17        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18  Responding Party further objects to this request on the grounds that it prematurely seeks

19  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

20  information protected by the attorney-client privilege and as work product.  Responding Party

21  further objects that this request is premature as Responding Party has not yet had a reasonable

22  opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

23  specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

24  yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

25  Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

26  expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

27  request is premature as all affirmative defenses are pleaded upon advice of counsel as a

28  / / /

1  precautionary measure based on information available to defense counsel at the time of filing of

2  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

3  **REQUEST FOR ADMISSIONS NO. 123:**

4      Admit that each responding Defendant is aware of no evidence showing that "Plaintiff

5  failed to utilize the DISTRICT's policies and procedures to prevent harassment, discrimination,

6  and retaliation" as alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer

7  (ECF 130).

8  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 123:**

9      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10 Responding Party further objects to this request on the grounds that it prematurely seeks

11 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

12 information protected by the attorney-client privilege and as work product.  Responding Party

13 further objects that this request is premature as Responding Party has not yet had a reasonable

14 opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

15 specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

16 yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

17 Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

18 expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

19 request is premature as all affirmative defenses are pleaded upon advice of counsel as a

20 precautionary measure based on information available to defense counsel at the time of filing of

21 the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

22 **REQUEST FOR ADMISSIONS NO. 124:**

23     Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed

24 and refused to mitigate his damages, although he had an opportunity to do so, including but not

25 limited to failing to utilize the DISTRICT's policies and procedures to prevent harassment,

26 discrimination, and retaliation" as alleged in the Twenty-Fourth Affirmative Defense pled in

27 Defendants' Answer (ECF 130).

28 / / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 124:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 125:**

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed and refused to mitigate his damages, although he had an opportunity to do so, including but not limited to failing to utilize the DISTRICT's policies and procedures to prevent harassment, discrimination, and retaliation" as alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 125:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 126:**

Admit that each responding Defendant is aware of no facts showing that "they exercised reasonable care to prevent and promptly correct any allegedly harassing behavior" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 126:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 127:**

Admit that each responding Defendant is aware of no evidence showing that "they exercised reasonable care to prevent and promptly correct any allegedly harassing behavior" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 127:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 128:**

Admit that each responding Defendant is aware of no facts showing that "Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 128:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

2  expert medical examination of Plaintiff. Responding Party further objects to the extent that this

3  request is premature as all affirmative defenses are pleaded upon advice of counsel as a

4  precautionary measure based on information available to defense counsel at the time of filing of

5  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

6  **REQUEST FOR ADMISSIONS NO. 129:**

7          Admit that each responding Defendant is aware of no evidence showing that "Plaintiff

8  unreasonably failed to take advantage of any preventive or corrective opportunities provided by

9  Defendants or to otherwise avoid harm" as alleged in the Twenty-Fifth Affirmative Defense pled

10 in Defendants' Answer (ECF 130)

11 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 129:**

12         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

13 Responding Party further objects to this request on the grounds that it prematurely seeks

14 disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

15 information protected by the attorney-client privilege and as work product. Responding Party

16 further objects that this request is premature as Responding Party has not yet had a reasonable

17 opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

18 specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

19 yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

20 Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

21 expert medical examination of Plaintiff. Responding Party further objects to the extent that this

22 request is premature as all affirmative defenses are pleaded upon advice of counsel as a

23 precautionary measure based on information available to defense counsel at the time of filing of

24 the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

25 **REQUEST FOR ADMISSIONS NO. 130:**

26         Admit that each responding Defendant is aware of no facts showing that "they exercised

27 reasonable care to prevent and promptly correct any allegedly harassing behavior, and that the

28 Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1  provided by Defendants or to otherwise avoid harm" as alleged in the Twenty-Fifth Affirmative

2  Defense pled in Defendants' Answer (ECF 130).

3  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 130:**

4      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks

6  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

7  information protected by the attorney-client privilege and as work product.  Responding Party

8  further objects that this request is premature as Responding Party has not yet had a reasonable

9  opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

10 specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

11 yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

12 Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

13 expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

14 request is premature as all affirmative defenses are pleaded upon advice of counsel as a

15 precautionary measure based on information available to defense counsel at the time of filing of

16 the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

17 **REQUEST FOR ADMISSIONS NO. 131:**

18     Admit that each responding Defendant is aware of no evidence showing that "they

19 exercised reasonable care to prevent and promptly correct any allegedly harassing behavior, and

20 that the Plaintiff unreasonably failed to take advantage of any preventive or corrective

21 opportunities provided by Defendants or to otherwise avoid harm" as alleged in the Twenty-Fifth

22 Affirmative Defense pled in Defendants' Answer (ECF 130).

23 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 131:**

24     Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25 Responding Party further objects to this request on the grounds that it prematurely seeks

26 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

27 information protected by the attorney-client privilege and as work product.  Responding Party

28 further objects that this request is premature as Responding Party has not yet had a reasonable

opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 132:**

Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not performing his job duties satisfactorily" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 132:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

/ / /

/ / /

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  **REQUEST FOR ADMISSIONS NO. 133:**

2      Admit that each responding Defendant is aware of no evidence showing that "Plaintiff was

3  not performing his job duties satisfactorily" as alleged in the Twenty-Sixth Affirmative Defense

4  pled in Defendants' Answer (ECF 130).

5  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 133:**

6      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

7  Responding Party further objects to this request on the grounds that it prematurely seeks

8  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

9  information protected by the attorney-client privilege and as work product.  Responding Party

10  further objects that this request is premature as Responding Party has not yet had a reasonable

11  opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

12  specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

13  yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

14  Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

15  expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

16  request is premature as all affirmative defenses are pleaded upon advice of counsel as a

17  precautionary measure based on information available to defense counsel at the time of filing of

18  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

19  **REQUEST FOR ADMISSIONS NO. 134:**

20      Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not

21  a qualified individual as defined by California's Fair Employment and Housing Act" as alleged in

22  the Twenty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

23  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 134:**

24      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25  Responding Party further objects to this request on the grounds that it prematurely seeks

26  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

27  information protected by the attorney-client privilege and as work product.  Responding Party

28  further objects that this request is premature as Responding Party has not yet had a reasonable

opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 135:**

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff was not a qualified individual as defined by California's Fair Employment and Housing Act" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 135:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

/ / /

/ / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

**REQUEST FOR ADMISSIONS NO. 136:**

Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not performing his job duties satisfactorily and he was not a qualified individual as defined by California's Fair Employment and Housing Act" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 136:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 137:**

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff was not performing his job duties satisfactorily and he was not a qualified individual as defined by California's Fair Employment and Housing Act" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 137:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1   information protected by the attorney-client privilege and as work product.  Responding Party

2   further objects that this request is premature as Responding Party has not yet had a reasonable

3   opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

4   specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

5   yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

6   Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

7   expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

8   request is premature as all affirmative defenses are pleaded upon advice of counsel as a

9   precautionary measure based on information available to defense counsel at the time of filing of

10  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

11  **REQUEST FOR ADMISSIONS NO. 138:**

12      Admit that each responding Defendant is aware of no facts showing that "Plaintiff's Third

13  Amended Complaint and each of its causes of action are barred either in whole or in part by the

14  doctrine of after-acquired evidence" as alleged in the Twenty-Seventh Affirmative Defense pled in

15  Defendants' Answer (ECF 130).

16  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 138:**

17      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18  Responding Party further objects to this request on the grounds that it prematurely seeks

19  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

20  information protected by the attorney-client privilege and as work product.  Responding Party

21  further objects to the extent that this request is premature as all affirmative defenses are pleaded

22  upon advice of counsel as a precautionary measure based on information available to defense

23  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

24  nature and based on statutory law.

25  **REQUEST FOR ADMISSIONS NO. 139:**

26      Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's

27  Third Amended Complaint and each of its causes of action are barred either in whole or in part by

28

---

83

1  the doctrine of after-acquired evidence" as alleged in the Twenty-Seventh Affirmative Defense

2  pled in Defendants' Answer (ECF 130).

3  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 139:**

4      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks

6  disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

7  information protected by the attorney-client privilege and as work product. Responding Party

8  further objects to the extent that this request is premature as all affirmative defenses are pleaded

9  upon advice of counsel as a precautionary measure based on information available to defense

10  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

11  nature and based on statutory law.

12  **REQUEST FOR ADMISSIONS NO. 140:**

13      Admit that each responding Defendant is aware of no facts showing that "they are immune

14  from liability [through proper application of] California Government Code Section 818.8" as

15  alleged in the Twenty-Eighth Affirmative Defense pled in Defendants' Answer (ECF 130).

16  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 140:**

17      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18  Responding Party further objects to this request on the grounds that it prematurely seeks

19  disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

20  information protected by the attorney-client privilege and as work product. Responding Party

21  further objects to the extent that this request is premature as all affirmative defenses are pleaded

22  upon advice of counsel as a precautionary measure based on information available to defense

23  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

24  nature and based on statutory law.

25  **REQUEST FOR ADMISSIONS NO. 141:**

26      Admit that each responding Defendant is aware of no evidence showing that "they are

27  immune from liability [through proper application of] California Government Code Section

28

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1  818.8" as alleged in the Twenty-Eighth Affirmative Defense pled in Defendants' Answer (ECF

2  130).

3  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 141:**

4       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks

6  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

7  information protected by the attorney-client privilege and as work product.  Responding Party

8  further objects to the extent that this request is premature as all affirmative defenses are pleaded

9  upon advice of counsel as a precautionary measure based on information available to defense

10 counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

11 nature and based on statutory law.

12 **REQUEST FOR ADMISSIONS NO. 142:**

13      Admit that each responding Defendant is aware of no facts showing that "Defendants are

14 immune from liability [through proper application of] California Government Code Section 821.6

15 for public entity employees instituting/prosecuting any and all judicial proceedings against

16 Plaintiff which relate to the subject incident" as alleged in the Twenty-Ninth Affirmative Defense

17 pled in Defendants' Answer (ECF 130).

18 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 142:**

19      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

20 Responding Party further objects to this request on the grounds that it prematurely seeks

21 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

22 information protected by the attorney-client privilege and as work product.  Responding Party

23 further objects to the extent that this request is premature as all affirmative defenses are pleaded

24 upon advice of counsel as a precautionary measure based on information available to defense

25 counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

26 nature and based on statutory law.

27 / / /

28 / / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

85

**REQUEST FOR ADMISSIONS NO. 143:**

Admit that each responding Defendant is aware of no evidence showing that "Defendants are immune from liability [through proper application of] California Government Code Section 821.6 for public entity employees instituting/prosecuting any and all judicial proceedings against Plaintiff which relate to the subject incident" as alleged in the Twenty-Ninth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 143:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 144:**

Admit that each responding Defendant is aware of no facts showing that "each of the allegedly adverse employment actions Plaintiff alleges he was subjected to do not constitute adverse employment actions" as alleged in the Thirtieth Affirmative Defense pled in the Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 144:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1    yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

2    Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

3    expert medical examination of Plaintiff.  Responding Party further objects that this request is

4    vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

5    establish through evidence that he was subjected to adverse employment action(s).  Responding

6    Party further objects to the extent that this request is premature as all affirmative defenses are

7    pleaded upon advice of counsel as a precautionary measure based on information available to

8    defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal

9    in nature and based on statutory law.

10   **REQUEST FOR ADMISSIONS NO. 145:**

11        Admit that each responding Defendant is aware of no evidence showing that "each of the

12   allegedly adverse employment actions Plaintiff alleges he was subjected to do not constitute

13   adverse employment actions" as alleged in the Thirtieth Affirmative Defense Pled in the Answer

14   (ECF 130).

15   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 145:**

16        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

17   Responding Party further objects to this request on the grounds that it prematurely seeks

18   disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

19   information protected by the attorney-client privilege and as work product.  Responding Party

20   further objects that this request is premature as Responding Party has not yet had a reasonable

21   opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

22   specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

23   yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

24   Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

25   expert medical examination of Plaintiff.  Responding Party further objects that this request is

26   vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

27   establish through evidence that he was subjected to adverse employment action(s).  Responding

28   Party further objects to the extent that this request is premature as all affirmative defenses are

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 146:**

Admit that each responding Defendant is aware of no facts showing that "Plaintiff did not engage in protected activity" as alleged in the Thirty-First Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 146:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that he engaged in protected activity. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 147:**

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff did not engage in protected activity" as alleged in the Thirty-First Affirmative Defense pled in Defendants' Answer (ECF 130).

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 147:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that he engaged in protected activity. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 148:**

Admit that each responding Defendant is aware of no facts showing that "lawful motive alone would have led to the same employment decisions and that they [Defendants] therefore cannot be held liable pursuant to, *inter alia,* California Education Code Section 87164(j)" as alleged in the Thirty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 148:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded

upon advice of counsel as a precautionary measure based on information available to defense

counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 149:**

Admit that each responding Defendant is aware of no evidence showing that "lawful

motive alone would have led to the same employment decisions and that they [Defendants]

therefore cannot be held liable pursuant to, *inter alia,* California Education Code Section

87164(j)" as alleged in the Thirty- Second Affirmative Defense pled in Defendants' Answer (ECF

130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 149:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion.

Responding Party further objects to this request on the grounds that it prematurely seeks

disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

information protected by the attorney-client privilege and as work product.  Responding Party

further objects to the extent that this request is premature as all affirmative defenses are pleaded

upon advice of counsel as a precautionary measure based on information available to defense

counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 150:**

Admit that each responding Defendant is aware of no facts showing that "they responded

reasonably to Plaintiff's complaints" as alleged in the Thirty-Third Affirmative Defense pled in

Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 150:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion.

Responding Party further objects to this request on the grounds that it prematurely seeks

disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

information protected by the attorney-client privilege and as work product.  Responding Party

further objects that this request is premature as Responding Party has not yet had a reasonable

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1 opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

2 specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

3 yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

4 Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

5 expert medical examination of Plaintiff. Responding Party further objects to the extent that this

6 request is premature as all affirmative defenses are pleaded upon advice of counsel as a

7 precautionary measure based on information available to defense counsel at the time of filing of

8 the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

9 **REQUEST FOR ADMISSIONS NO. 151:**

10      Admit that each responding Defendant is aware of no evidence showing that "they

11 responded reasonably to Plaintiff's complaints" as alleged in the Thirty-Third Affirmative Defense

12 pled in Defendants' Answer (ECF 130).

13 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 151:**

14      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

15 Responding Party further objects to this request on the grounds that it prematurely seeks

16 disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

17 information protected by the attorney-client privilege and as work product. Responding Party

18 further objects that this request is premature as Responding Party has not yet had a reasonable

19 opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

20 specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

21 yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

22 Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

23 expert medical examination of Plaintiff. Responding Party further objects to the extent that this

24 request is premature as all affirmative defenses are pleaded upon advice of counsel as a

25 precautionary measure based on information available to defense counsel at the time of filing of

26 the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

27 / / /

28 / / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

**REQUEST FOR ADMISSIONS NO. 152:**

Admit that each responding Defendant is aware of no facts showing that "they did not have actual or constructive notice of any alleged harassment, discrimination, or retaliation" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 152:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that Defendants had actual or constructive notice of any alleged retaliation. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 153:**

Admit that each responding Defendant is aware of no evidence showing that "they did not have actual or constructive notice of any alleged harassment, discrimination, or retaliation" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 153:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1    disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

2    information protected by the attorney-client privilege and as work product. Responding Party

3    further objects that this request is premature as Responding Party has not yet had a reasonable

4    opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

5    specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

6    yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

7    Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

8    expert medical examination of Plaintiff. Responding Party further objects that this request is

9    vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

10   establish through evidence that Defendants had actual or constructive notice of any alleged

11   retaliation. Responding Party further objects to the extent that this request is premature as all

12   affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on

13   information available to defense counsel at the time of filing of the answer to preserve applicable

14   defenses, which are legal in nature and based on statutory law.

15   **REQUEST FOR ADMISSIONS NO. 154:**

16          Admit that each responding Defendant is aware of no facts showing that "they responded

17   reasonably to Plaintiff's complaints and that they did not have actual or constructive notice of any

18   alleged harassment, discrimination, or retaliation" as alleged in the Thirty-Third Affirmative

19   Defense pled in Defendants' Answer (ECF 130).

20   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 154:**

21          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22   Responding Party further objects to this request on the grounds that it prematurely seeks

23   disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

24   information protected by the attorney-client privilege and as work product. Responding Party

25   further objects that this request is premature as Responding Party has not yet had a reasonable

26   opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

27   specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

28   yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1  Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

2  expert medical examination of Plaintiff.  Responding Party further objects that this request is

3  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

4  establish through evidence that Defendants had actual or constructive notice of any alleged

5  retaliation.  Responding Party further objects to the extent that this request is premature as all

6  affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on

7  information available to defense counsel at the time of filing of the answer to preserve applicable

8  defenses, which are legal in nature and based on statutory law.

9  **REQUEST FOR ADMISSIONS NO. 155:**

10          Admit that each responding Defendant is aware of no evidence showing that "they

11  responded reasonably to Plaintiff's complaints and that they did not have actual or constructive

12  notice of any alleged harassment, discrimination, or retaliation" as alleged in the Thirty-Third

13  Affirmative Defense pled in Defendants' Answer (ECF 130).

14  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 155:**

15          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

16  Responding Party further objects to this request on the grounds that it prematurely seeks

17  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

18  information protected by the attorney-client privilege and as work product.  Responding Party

19  further objects that this request is premature as Responding Party has not yet had a reasonable

20  opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

21  specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

22  yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

23  Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

24  expert medical examination of Plaintiff.  Responding Party further objects that this request is

25  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

26  establish through evidence that Defendants had actual or constructive notice of any alleged

27  retaliation.  Responding Party further objects to the extent that this request is premature as all

28  affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

94

1  information available to defense counsel at the time of filing of the answer to preserve applicable

2  defenses, which are legal in nature and based on statutory law.

3  **REQUEST FOR ADMISSIONS NO. 156:**

4        Admit that each responding Defendant is aware of no facts showing that "all acts of

5  Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged" as

6  alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 156:**

8        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks

10 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

11 information protected by the attorney-client privilege and as work product.  Responding Party

12 further objects to the extent that this request is premature as all affirmative defenses are pleaded

13 upon advice of counsel as a precautionary measure based on information available to defense

14 counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

15 nature and based on statutory law.

16 **REQUEST FOR ADMISSIONS NO. 157:**

17       Admit that each responding Defendant is aware of no evidence showing that "all acts of

18 Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged" as

19 alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

20 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 157:**

21       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22 Responding Party further objects to this request on the grounds that it prematurely seeks

23 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

24 information protected by the attorney-client privilege and as work product.  Responding Party

25 further objects to the extent that this request is premature as all affirmative defenses are pleaded

26 upon advice of counsel as a precautionary measure based on information available to defense

27 counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

28 nature and based on statutory law.

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**REQUEST FOR ADMISSIONS NO. 158**:

Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were protected by qualified immunity" as alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 158:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 159:**

Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were protected by qualified immunity" as alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 159:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

**REQUEST FOR ADMISSIONS NO. 160:**

Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 160:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 161:**

Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 161:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

**REQUEST FOR ADMISSIONS NO. 162:**

Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged, protected by qualified immunity and/or done with good cause" as alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130)

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 162:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 163:**

Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged, protected by qualified immunity and/or done with good cause" as alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 163:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

**REQUEST FOR ADMISSIONS NO. 164:**

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's gender was not a motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 164:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment decisions. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 165:**

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's gender was not a motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty- Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 165:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment decisions. Responding Party further objects to the

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel

as a precautionary measure based on information available to defense counsel at the time of filing

of the answer to preserve applicable defenses, which are legal in nature and based on statutory

law.

**REQUEST FOR ADMISSIONS NO. 166:**

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's race

was not a motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty-

Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 166:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion.

Responding Party further objects to this request on the grounds that it prematurely seeks

disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

information protected by the attorney-client privilege and as work product. Responding Party

further objects that this request is vague and ambiguous as it calls for evidence proving a negative;

it is Plaintiff's burden to establish through evidence that his gender, sex, and/or race were a

motivating factor in Defendants' employment decisions. Responding Party further objects to the

extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel

as a precautionary measure based on information available to defense counsel at the time of filing

of the answer to preserve applicable defenses, which are legal in nature and based on statutory

law.

**REQUEST FOR ADMISSIONS NO. 167:**

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's

race was not a motivating factor in their [Defendants'] employment decisions" as alleged in the

Thirty- Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 167:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion.

Responding Party further objects to this request on the grounds that it prematurely seeks

disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1  information protected by the attorney-client privilege and as work product.  Responding Party

2  further objects that this request is vague and ambiguous as it calls for evidence proving a negative;

3  it is Plaintiff's burden to establish through evidence that his gender, sex, and/or race were a

4  motivating factor in Defendants' employment decisions.  Responding Party further objects to the

5  extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel

6  as a precautionary measure based on information available to defense counsel at the time of filing

7  of the answer to preserve applicable defenses, which are legal in nature and based on statutory

8  law.

9  **REQUEST FOR ADMISSIONS NO. 168:**

10      Admit that each responding Defendant is aware of no facts showing that "Plaintiff's

11  gender, sex, and/or race was [were] not a motivating factor in their [Defendants'] employment

12  decisions and any decision would have been made regardless of Plaintiff's gender, national origin

13  and/or alleged participation in protected activity" as alleged in the Thirty-Fifth Affirmative

14  Defense pled in Defendants' Answer (ECF 130).

15  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 168:**

16      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

17  Responding Party further objects to this request on the grounds that it prematurely seeks

18  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

19  information protected by the attorney-client privilege and as work product.  Responding Party

20  further objects that this request is vague and ambiguous as it calls for evidence proving a negative;

21  it is Plaintiff's burden to establish through evidence that his gender, sex, and/or race were a

22  motivating factor in Defendants' employment decisions.  Responding Party further objects to the

23  extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel

24  as a precautionary measure based on information available to defense counsel at the time of filing

25  of the answer to preserve applicable defenses, which are legal in nature and based on statutory

26  law.

27  / / /

28  / / /

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

**REQUEST FOR ADMISSIONS NO. 169:**

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's gender, sex, and/or race was [were] not a motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 169:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment decisions. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment decisions. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 170:**

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's engagement in alleged protected activity was not a motivating factor in their employment decisions" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 170:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

information protected by the attorney-client privilege and as work product.  Responding Party
further objects that this request is vague and ambiguous as it calls for evidence proving a negative;
it is Plaintiff's burden to establish through evidence that his gender, sex, and/or race were a
motivating factor in Defendants' employment decisions.  Responding Party further objects to the
extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel
as a precautionary measure based on information available to defense counsel at the time of filing
of the answer to preserve applicable defenses, which are legal in nature and based on statutory
law.

**REQUEST FOR ADMISSIONS NO. 171:**

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's
engagement in alleged protected activity was not a motivating factor in their employment
decisions" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF
130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 171:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion.
Responding Party further objects to this request on the grounds that it prematurely seeks
disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks
information protected by the attorney-client privilege and as work product.  Responding Party
further objects that this request is vague and ambiguous as it calls for evidence proving a negative;
it is Plaintiff's burden to establish through evidence that his gender, sex, and/or race were a
motivating factor in Defendants' employment decisions.  Responding Party further objects to the
extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel
as a precautionary measure based on information available to defense counsel at the time of filing
of the answer to preserve applicable defenses, which are legal in nature and based on statutory
law.

**REQUEST FOR ADMISSIONS NO. 172:**

Admit that each responding Defendant is aware of no facts showing that "any
[employment] decision would have been made regardless of Plaintiff's gender, national origin

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  and/or alleged participation in protected activity" as alleged in the Thirty-Fifth Affirmative

2  Defense pled in Defendants' Answer (ECF 130).

3  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 172:**

4       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks

6  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

7  information protected by the attorney-client privilege and as work product.  Responding Party

8  further objects that this request is vague and ambiguous as it calls for evidence proving a negative;

9  it is Plaintiff's burden to establish through evidence that his gender, sex, and/or race were a

10 motivating factor in Defendants' employment decisions.  Responding Party further objects to the

11 extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel

12 as a precautionary measure based on information available to defense counsel at the time of filing

13 of the answer to preserve applicable defenses, which are legal in nature and based on statutory

14 law.

15 **REQUEST FOR ADMISSIONS NO. 173:**

16      Admit that each responding Defendant is aware of no evidence showing that "any

17 [employment] decision would have been made regardless of Plaintiff's gender, national origin

18 and/or alleged participation in protected activity" as alleged in the Thirty-Fifth Affirmative

19 Defense pled in Defendants' Answer (ECF 130).

20 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 173:**

21      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22 Responding Party further objects to this request on the grounds that it prematurely seeks

23 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

24 information protected by the attorney-client privilege and as work product.  Responding Party

25 further objects that this request is vague and ambiguous as it calls for evidence proving a negative;

26 it is Plaintiff's burden to establish through evidence that his gender, sex, and/or race were a

27 motivating factor in Defendants' employment decisions.  Responding Party further objects to the

28 extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1    as a precautionary measure based on information available to defense counsel at the time of filing

2    of the answer to preserve applicable defenses, which are legal in nature and based on statutory

3    law.

4    **REQUEST FOR ADMISSIONS NO. 174:**

5        Admit that each responding Defendant is aware of no facts showing that "Plaintiff's

6    gender, sex, race, national origin, disability and/or engagement in alleged protected activity was

7    not a motivating factor in their employment decisions and any decision would have been made

8    regardless of Plaintiff's gender, national origin and/or alleged participation in protected activity"

9    as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

10   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 174:**

11       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12   Responding Party further objects to this request on the grounds that it prematurely seeks

13   disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

14   information protected by the attorney-client privilege and as work product.  Responding Party

15   further objects that this request is vague and ambiguous as it calls for evidence proving a negative;

16   it is Plaintiff's burden to establish through evidence that his gender, sex, and/or race were a

17   motivating factor in Defendants' employment decisions.  Responding Party further objects to the

18   extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel

19   as a precautionary measure based on information available to defense counsel at the time of filing

20   of the answer to preserve applicable defenses, which are legal in nature and based on statutory

21   law.

22   **REQUEST FOR ADMISSIONS NO. 175:**

23       Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's

24   gender, sex, race, national origin, disability and/or engagement in alleged protected activity was

25   not a motivating factor in their employment decisions and any decision would have been made

26   regardless of Plaintiff's gender, national origin and/or alleged participation in protected activity"

27   as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

28   / / /

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 175:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment decisions. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 176:**

Admit that each responding Defendant is aware of no facts showing that "the alleged conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful discrimination" as alleged in the Thirty-Sixth Affirmative Defense pled in the Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 176:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to propound written discovery to Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that the conduct alleged rises to an actionable level. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  measure based on information available to defense counsel at the time of filing of the answer to

2  preserve applicable defenses, which are legal in nature and based on statutory law.

3  **REQUEST FOR ADMISSIONS NO. 177:**

4        Admit that each responding Defendant is aware of no evidence showing that "the alleged

5  conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable

6  unlawful discrimination" as alleged in the Thirty-Sixth Affirmative Defense pled in the Answer

7  (ECF 130).

8  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 177:**

9        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10  Responding Party further objects to this request on the grounds that it prematurely seeks

11  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

12  information protected by the attorney-client privilege and as work product.  Responding Party

13  further objects that this request is premature, as discovery is ongoing and Responding Party has

14  not yet had the opportunity to conduct any depositions or to propound written discovery to

15  Plaintiff.  Responding Party further objects that this request is vague and ambiguous as it calls for

16  evidence proving a negative; it is Plaintiff's burden to establish through evidence that the conduct

17  alleged rises to an actionable level.  Responding Party further objects to the extent that this request

18  is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

19  measure based on information available to defense counsel at the time of filing of the answer to

20  preserve applicable defenses, which are legal in nature and based on statutory law.

21  **REQUEST FOR ADMISSIONS NO. 178:**

22        Admit that each responding Defendant is aware of no facts showing that "the alleged

23  conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable

24  unlawful retaliation" as alleged in the Thirty-Sixth Affirmative Defense pled in Defendants'

25  Answer (ECF 130).

26  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 178:**

27        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

28  Responding Party further objects to this request on the grounds that it prematurely seeks

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

107

1 disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

2 information protected by the attorney-client privilege and as work product. Responding Party

3 further objects that this request is premature, as discovery is ongoing and Responding Party has

4 not yet had the opportunity to conduct any depositions or to propound written discovery to

5 Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for

6 evidence proving a negative; it is Plaintiff's burden to establish through evidence that the conduct

7 alleged rises to an actionable level. Responding Party further objects to the extent that this request

8 is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

9 measure based on information available to defense counsel at the time of filing of the answer to

10 preserve applicable defenses, which are legal in nature and based on statutory law.

11 **REQUEST FOR ADMISSIONS NO. 179:**

12     Admit that each responding Defendant is aware of no evidence showing that "the alleged

13 conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable

14 unlawful retaliation" as alleged in the Thirty-Sixth Affirmative Defense pled in Defendants'

15 Answer (ECF 130).

16 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 179:**

17     Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18 Responding Party further objects to this request on the grounds that it prematurely seeks

19 disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

20 information protected by the attorney-client privilege and as work product. Responding Party

21 further objects that this request is premature, as discovery is ongoing and Responding Party has

22 not yet had the opportunity to conduct any depositions or to propound written discovery to

23 Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for

24 evidence proving a negative; it is Plaintiff's burden to establish through evidence that the conduct

25 alleged rises to an actionable level. Responding Party further objects to the extent that this request

26 is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

27 measure based on information available to defense counsel at the time of filing of the answer to

28 preserve applicable defenses, which are legal in nature and based on statutory law.

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**REQUEST FOR ADMISSIONS NO. 180:**

Admit that each responding Defendant is aware of no facts showing that "the alleged conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable deprivation of due process rights" as alleged in the Thirty-Sixth Affirmative Defense pled in the Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 180:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to propound written discovery to Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that the conduct alleged rises to an actionable level. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 181:**

Admit that each responding Defendant is aware of no evidence showing that "the alleged conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable deprivation of due process rights" as alleged in the Thirty-Sixth Affirmative Defense pled in the Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 181:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party

further objects that this request is premature, as discovery is ongoing and Responding Party has

not yet had the opportunity to conduct any depositions or to propound written discovery to

Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for

evidence proving a negative; it is Plaintiff's burden to establish through evidence that the conduct

alleged rises to an actionable level. Responding Party further objects to the extent that this request

is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

measure based on information available to defense counsel at the time of filing of the answer to

preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 182:**

Admit that each responding Defendant is aware of no facts showing that "the alleged

conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable

unlawful discrimination, retaliation, and/or deprivation of due process rights" as alleged in the

Thirty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 182:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion.

Responding Party further objects to this request on the grounds that it prematurely seeks

disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

information protected by the attorney-client privilege and as work product. Responding Party

further objects that this request is premature, as discovery is ongoing and Responding Party has

not yet had the opportunity to conduct any depositions or to propound written discovery to

Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for

evidence proving a negative; it is Plaintiff's burden to establish through evidence that the conduct

alleged rises to an actionable level. Responding Party further objects to the extent that this request

is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

measure based on information available to defense counsel at the time of filing of the answer to

preserve applicable defenses, which are legal in nature and based on statutory law.

/ / /

/ / /

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  **REQUEST FOR ADMISSIONS NO. 183:**

2      Admit that each responding Defendant is aware of no evidence showing that "the alleged

3  conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable

4  unlawful discrimination, retaliation, and/or deprivation of due process rights" as alleged in the

5  Thirty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

6  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 183:**

7      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

8  Responding Party further objects to this request on the grounds that it prematurely seeks

9  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

10  information protected by the attorney-client privilege and as work product.  Responding Party

11  further objects that this request is premature, as discovery is ongoing and Responding Party has

12  not yet had the opportunity to conduct any depositions or to propound written discovery to

13  Plaintiff.  Responding Party further objects that this request is vague and ambiguous as it calls for

14  evidence proving a negative; it is Plaintiff's burden to establish through evidence that the conduct

15  alleged rises to an actionable level.  Responding Party further objects to the extent that this request

16  is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

17  measure based on information available to defense counsel at the time of filing of the answer to

18  preserve applicable defenses, which are legal in nature and based on statutory law.

19  **REQUEST FOR ADMISSIONS NO. 184:**

20      Admit that each responding Defendant is aware of no facts showing that "Plaintiff cannot

21  show that any similarly situated employees were treated more favorably" as alleged in their first

22  Thirty- Seventh Affirmative Defense pled in Defendants' Answer (ECF 130).

23  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 184:**

24      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25  Responding Party further objects to this request on the grounds that it prematurely seeks

26  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

27  information protected by the attorney-client privilege and as work product.  Responding Party

28  further objects that this request is premature, as discovery is ongoing and Responding Party has

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  not yet had the opportunity to conduct any depositions or to propound written discovery to

2  Plaintiff.  Responding Party further objects that this request is vague and ambiguous as it calls for

3  evidence proving a negative; it is Plaintiff's burden to establish through evidence that similarly

4  situated employees were treated differently.  Responding Party further objects to the extent that

5  this request is premature as all affirmative defenses are pleaded upon advice of counsel as a

6  precautionary measure based on information available to defense counsel at the time of filing of

7  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

8  **REQUEST FOR ADMISSIONS NO. 185:**

9      Admit that each responding Defendant is aware of no evidence showing that "Plaintiff

10  cannot show that any similarly situated employees were treated more favorably" as alleged in their

11  first Thirty-Seventh Affirmative Defense pled in Defendants' Answer (ECF 130).

12  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 185:**

13      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

14  Responding Party further objects to this request on the grounds that it prematurely seeks

15  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

16  information protected by the attorney-client privilege and as work product.  Responding Party

17  further objects that this request is premature, as discovery is ongoing and Responding Party has

18  not yet had the opportunity to conduct any depositions or to propound written discovery to

19  Plaintiff.  Responding Party further objects that this request is vague and ambiguous as it calls for

20  evidence proving a negative; it is Plaintiff's burden to establish through evidence that similarly

21  situated employees were treated differently.  Responding Party further objects to the extent that

22  this request is premature as all affirmative defenses are pleaded upon advice of counsel as a

23  precautionary measure based on information available to defense counsel at the time of filing of

24  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

25  **REQUEST FOR ADMISSIONS NO. 186:**

26      Admit that each responding Defendant is aware of no facts showing that "the relevant

27  decisions regarding Plaintiff's position were made prior to Plaintiff engaging in any allegedly

28  / / /

1  protected activity" as alleged in their second Thirty-Seventh Affirmative Defense pled in the

2  Answer (ECF 130).

3  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 186:**

4       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks

6  disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

7  information protected by the attorney-client privilege and as work product. Responding Party

8  further objects that this request is premature, as discovery is ongoing and Responding Party has

9  not yet had the opportunity to conduct any depositions or to propound written discovery to

10 Plaintiff. Responding Party further objects to the extent that this request is premature as all

11 affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on

12 information available to defense counsel at the time of filing of the answer to preserve applicable

13 defenses, which are legal in nature and based on statutory law.

14 **REQUEST FOR ADMISSIONS NO. 187:**

15      Admit that each responding Defendant is aware of no evidence showing that "the relevant

16 decisions regarding Plaintiff's position were made prior to Plaintiff engaging in any allegedly

17 protected activity" as alleged in their second Thirty-Seventh Affirmative Defense pled in their

18 Answer (ECF 130).

19 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 187:**

20      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

21 Responding Party further objects to this request on the grounds that it prematurely seeks

22 disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks

23 information protected by the attorney-client privilege and as work product. Responding Party

24 further objects that this request is premature, as discovery is ongoing and Responding Party has

25 not yet had the opportunity to conduct any depositions or to propound written discovery to

26 Plaintiff. Responding Party further objects to the extent that this request is premature as all

27 affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on

28 / / /

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1  information available to defense counsel at the time of filing of the answer to preserve applicable

2  defenses, which are legal in nature and based on statutory law.

3  **REQUEST FOR ADMISSIONS NO. 188:**

4      Admit that each responding Defendant is aware of no facts showing that "there is no causal

5  connection between the alleged adverse employment actions and any alleged protected activity" as

6  alleged in their Thirty-Eighth Affirmative Defense pled in Defendants' Answer (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 188:**

8      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks

10  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

11  information protected by the attorney-client privilege and as work product.  Responding Party

12  further objects that this request is premature, as discovery is ongoing and Responding Party has

13  not yet had the opportunity to conduct any depositions or to propound written discovery to

14  Plaintiff.  Responding Party further objects that this request is vague and ambiguous as it calls for

15  evidence proving a negative; it is Plaintiff's burden to establish through evidence the existence of

16  a causal connection between any alleged adverse employment actions and any alleged protected

17  activity.  Responding Party further objects to the extent that this request is premature as all

18  affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on

19  information available to defense counsel at the time of filing of the answer to preserve applicable

20  defenses, which are legal in nature and based on statutory law.

21  **REQUEST FOR ADMISSIONS NO. 189:**

22      Admit that each responding Defendant is aware of no evidence showing that "there is no

23  causal connection between the alleged adverse employment actions and any alleged protected

24  activity" as alleged in their Thirty-Eighth Affirmative Defense pled in Defendants' Answer (ECF

25  130).

26  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 189:**

27      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

28  Responding Party further objects to this request on the grounds that it prematurely seeks

*Left margin:* CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

2  information protected by the attorney-client privilege and as work product.  Responding Party

3  further objects that this request is premature, as discovery is ongoing and Responding Party has

4  not yet had the opportunity to conduct any depositions or to propound written discovery to

5  Plaintiff.  Responding Party further objects that this request is vague and ambiguous as it calls for

6  evidence proving a negative; it is Plaintiff's burden to establish through evidence the existence of

7  a causal connection between any alleged adverse employment actions and any alleged protected

8  activity.  Responding Party further objects to the extent that this request is premature as all

9  affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on

10  information available to defense counsel at the time of filing of the answer to preserve applicable

11  defenses, which are legal in nature and based on statutory law.

12  **REQUEST FOR ADMISSIONS NO. 190:**

13      Admit that each responding Defendant is aware of no facts showing that Defendants

14  AUSTIN, BARK, HICKEY, and BAHADURSINGH "did not personally participate in any

15  deprivations or violations of Plaintiff's due process rights" as alleged in their Thirty-Ninth

16  Affirmative Defense pled in Defendants' Answer (ECF 130).

17  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 190:**

18      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

19  Responding Party further objects to this request on the grounds that it prematurely seeks

20  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

21  information protected by the attorney-client privilege and as work product.  Responding Party

22  further objects that this request is premature, as discovery is ongoing and Responding Party has

23  not yet had the opportunity to conduct any depositions or to propound written discovery to

24  Plaintiff.  Responding Party further objects that this request is vague and ambiguous as it calls for

25  evidence proving a negative; it is Plaintiff's burden to establish through evidence that Defendants

26  personally participated in deprivations or violations of Plaintiff's rights.  Responding Party further

27  objects to the extent that this request is premature as all affirmative defenses are pleaded upon

28  advice of counsel as a precautionary measure based on information available to defense counsel at

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

115

1  the time of filing of the answer to preserve applicable defenses, which are legal in nature and

2  based on statutory law.

3  **REQUEST FOR ADMISSIONS NO. 191**:

4      Admit that each responding Defendant is aware of no evidence showing that Defendants

5  AUSTIN, BARK, HICKEY, and BAHADURSINGH "did not personally participate in any

6  deprivations or violations of Plaintiff's due process rights" as alleged in their Thirty-Ninth

7  Affirmative Defense pled in Defendants' Answer (ECF 130).

8  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 191:**

9      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10  Responding Party further objects to this request on the grounds that it prematurely seeks

11  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

12  information protected by the attorney-client privilege and as work product.  Responding Party

13  further objects that this request is premature, as discovery is ongoing and Responding Party has

14  not yet had the opportunity to conduct any depositions or to propound written discovery to

15  Plaintiff.  Responding Party further objects that this request is vague and ambiguous as it calls for

16  evidence proving a negative; it is Plaintiff's burden to establish through evidence that Defendants

17  personally participated in deprivations or violations of Plaintiff's rights.  Responding Party further

18  objects to the extent that this request is premature as all affirmative defenses are pleaded upon

19  advice of counsel as a precautionary measure based on information available to defense counsel at

20  the time of filing of the answer to preserve applicable defenses, which are legal in nature and

21  based on statutory law.

22  **REQUEST FOR ADMISSIONS NO. 192:**

23      Admit that each responding Defendant is aware of no facts showing that "the Third

24  Amended Complaint is couched in conclusory terms" as alleged in their Fortieth Affirmative

25  Defense pled in Defendants' Answer (ECF 130).

26  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 192:**

27      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

28  Responding Party further objects to this request on the grounds that it prematurely seeks

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

1  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

2  information protected by the attorney-client privilege and as work product.  Responding Party

3  further objects that this request is premature as Responding Party has not yet had a reasonable

4  opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

5  specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

6  yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

7  Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

8  expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

9  request is premature as all affirmative defenses are pleaded upon advice of counsel as a

10  precautionary measure based on information available to defense counsel at the time of filing of

11  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

12  **REQUEST FOR ADMISSIONS NO. 193:**

13         Admit that each responding Defendant is aware of no evidence showing that "the Third

14  Amended Complaint is couched in conclusory terms" as alleged in their Fortieth Affirmative

15  Defense pled in Defendants' Answer (ECF 130).

16  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 193:**

17         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18  Responding Party further objects to this request on the grounds that it prematurely seeks

19  disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

20  information protected by the attorney-client privilege and as work product.  Responding Party

21  further objects that this request is premature as Responding Party has not yet had a reasonable

22  opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

23  specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

24  yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

25  Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

26  expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

27  request is premature as all affirmative defenses are pleaded upon advice of counsel as a

28  / / /

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

1  precautionary measure based on information available to defense counsel at the time of filing of

2  the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

3  **REQUEST FOR ADMISSIONS NO. 194:**

4       Admit that each responding Defendant is aware of no facts showing that "Defendants

5  cannot fully anticipate all affirmative defenses that may be applicable to this action" as alleged in

6  their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 194:**

8       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks

10 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

11 information protected by the attorney-client privilege and as work product.  Responding Party

12 further objects that this request is premature as Responding Party has not yet had a reasonable

13 opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

14 specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

15 yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

16 Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

17 expert medical examination of Plaintiff.  Responding Party further objects to the extent that this

18 request is premature as all affirmative defenses are pleaded upon advice of counsel as a

19 precautionary measure based on information available to defense counsel at the time of filing of

20 the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

21 **REQUEST FOR ADMISSIONS NO. 195:**

22      Admit that each responding Defendant is aware of no evidence showing that "Defendants

23 cannot fully anticipate all affirmative defenses that may be applicable to this action" as alleged in

24 their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

25 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 195:**

26      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

27 Responding Party further objects to this request on the grounds that it prematurely seeks

28 disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 196:**

Admit that each responding Defendant is aware of no facts showing that they are legally entitled to reserve "the right to assert additional affirmative defenses" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 196:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

**REQUEST FOR ADMISSIONS NO. 197:**

Admit that each responding Defendant is aware of no facts showing that "the Third Amended Complaint is couched in conclusory terms, [such that] the Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 197:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**REQUEST FOR ADMISSIONS NO. 198:**

Admit that each responding Defendant is aware of no evidence showing that "the Third Amended Complaint is couched in conclusory terms, [such that] the Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 198:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

## RESPONSES TO FORM INTERROGATORY NO. 17.1

**FORM INTERROGATORY NO. 17.1**

For each Request for Admission Set 2 Numbered 1 through 198, above, where the responding Defendants respond with anything other than an unqualified admission:

(a) State all facts supporting the response.

(b) Identify all documents supporting the response.

(c) Identify all witnesses who will support the response.

**RESPONSE TO FORM INTERROGATORY NO. 17.1**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages;

1  specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not

2  yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate

3  Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

4  expert medical examination of Plaintiff.  Responding Party objects to the extent that this request is

5  vague and ambiguous as it calls for evidence and documents proving a negative.  Responding

6  Party further objects to the extent that this request is premature as all affirmative defenses are

7  pleaded upon advice of counsel as a precautionary measure based on information available to

8  defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal

9  in nature and based on statutory law.

10

11  Dated:  May 15, 2025                    CLYDE & CO US LLP

12

13                                    By:

14                                          Alison K.  Beanum
                                           Veena A.  Mitchell
15                                          Attorneys for Defendant,
                                           DON AUSTIN
16

17

18

19

20

21

22

23

24

25

26

27

28

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 150 California Street, Suite 1500, San Francisco, California 94111.

On **May 15, 2025,** I served true copies of the following document(s) described as:

**DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET NUMBER 2 – RE: DEFENDANTS' AFFIRMATIVE DEFENSES [FRCP RULES 26 AND 36, L-R 36] - FORM INTERROGATORY 17.1 RE: RFAS SET NUMBER 2 [PER JOINT RULE 26(f) REPORT (ECF 10); FRCP RULES 26, 33 AND L-R 33]**

on the interested parties in this action as follows:

### SEE SERVICE LIST

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) listed above to be sent from e-mail address marion.tate@clydeco.us to the persons at the e-mail addresses listed above on this day before 5:00 p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **BY MAIL**: I am readily familiar with the business practice for collection and processing of correspondence for mailing. Under that practice, it is deposited with the United States Postal Service on that same day, at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **May 15, 2025,** at San Francisco, California.

_____

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

## SERVICE LIST

| | |
|---|---|
| Evan Craig Nelson<br>Law Office of Jonathan McDougall<br>1640 Laurel Street<br>San Carlos, CA 94070<br>Phone: 650-594-4200<br>Email: *Evancnelson.law@gmail.com* | Attorneys for Plaintiff<br>PETER COLOMBO |
| Eugene B. Elliot, State Bar No. 111475<br>Ethan M. Lowry, State Bar No. 278831<br>Benjamin I. Oreper, State Bar No. 329480<br>BERTRAND, FOX, ELLIOT, OSMAN &<br>WENZEL<br>2749 Hyde Street<br>San Francisco, California 94109<br>Telephone: (415) 353-0999<br>Facsimile:  (415) 353-0990<br>Email:    eelliot@bfesf.com<br>        elowry@bfesf.com<br>        boreper@bfesf.com | Attorneys for Defendants<br>PALO ALTO UNIFIED SCHOOL<br>DISTRICT, AMANDA BARK, LISA<br>HICKEY and TRENT BAHADURSINGH |

CLYDE & CO US LLP
355 South Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

DEFENDANT DON AUSTIN'S RESPONSE TO PLAINTIFF'S RFA, SET TWO; FROG 17.1

**EXHIBIT 248**

1  Eugene B. Elliot, State Bar No. 111475
2  Ethan M. Lowry, State Bar No. 278831
   Benjamin I. Oreper, State Bar No. 329480
3  BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
   2749 Hyde Street
4  San Francisco, California 94109
   Telephone: (415) 353-0999
5  Facsimile:  (415) 353-0990
   Email:      eelliot@bfesf.com
6              elowry@bfesf.com
               boreper@bfesf.com
7

8  Attorneys for Defendants
   PALO ALTO UNIFIED SCHOOL DISTRICT, AMANDA BARK,
9  LISA HICKEY and TRENT BAHADURSINGH

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13  PETER COLOMBO,                          Case No. 5:24-cv-00909-NC

14          Plaintiff,                      **DEFENDANT TRENT BAHADURSINGH'S
                                            RESPONSE TO PLAINTIFF'S REQUESTS FOR
15  v.                                      ADMISSIONS SET NUMBER 2 – RE:
                                            DEFENDANTS' AFFIRMATIVE DEFENSES
16  PALO ALTO UNIFIED SCHOOL DISTRICT,      [FRCP RULES 26 AND 36, L-R 36]**
    et al.,
17                                          **FORM INTERROGATORY 17.1 RE: RFAS SET
            Defendants.                     NUMBER 2 [PER JOINT RULE 26(f) REPORT
18                                          (ECF 10); FRCP RULES 26, 33 AND L-R 33]**

19

20

21

22

23

24

25

26

27

28

**PRELIMINARY STATEMENT**

Defendant TRENT BAHADURSINGH ("Defendant") has not yet completed his investigation or analysis of the facts relating to this case, has not completed discovery and has not completed preparation for trial. Accordingly, these responses are given without prejudice to Defendant's rights to produce evidence of any subsequently discovered facts or interpretations thereof and/or to add to, modify or to otherwise change or amend the responses herein. The information hereinafter set forth is true and correct to the best of Defendant's knowledge at this time, and is subject to correction for inadvertent errors or omissions, if any errors or omissions shall hereafter be found to exist.

Defendant expressly reserves the right to revise and/or supplement these responses, as additional information shall be forthcoming throughout the discovery process.

**OBJECTIONS APPLICABLE TO ALL RESPONSES**

Responding Party objects to each and every Request for Admission on the grounds that it seeks information protected by the attorney-client privilege and the attorney work-product doctrine. Responding Party hereby incorporates this objection into each and every one of its responses. Under no circumstances are Responding Party's responses to act as a waiver of the attorney-client privilege and/or the attorney work-product doctrine.

**RESPONSES TO REQUESTS FOR ADMISSIONS**

REQUEST FOR ADMISSIONS NO. 1:

Admit that each responding Defendant is aware of no facts supporting the contention that the Court's Order finding that the facts alleged in the Complaint are sufficient to constitute one or more causes of action against Defendants. [This request pertains to the First Affirmative Defense pled by Defendants in the Answer to Complaint filed on April 10, 2025 (ECF 130).]

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 1:**

Responding Party objects that this request is unintelligible, as it is entirely unclear what is meant by "facts supporting the contention that the Court's Order finding that the facts alleged in the Complaint are sufficient[.]" Responding Party further objects to the extent that this request calls for a legal conclusion, prematurely seeks disclosure of an expert's opinion, and seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this

1

1  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

2  measure based on information available to defense counsel at the time of filing of the answer to preserve

3  applicable defenses, which are legal in nature and based on statutory law.

4  REQUEST FOR ADMISSIONS NO. 2:

5  Admit that each responding Defendant is aware of no facts to support denial of one or more facts alleged

6  in Plaintiff's Third Amended Complaint.

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 2:**

8         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

11  the attorney-client privilege and as work product.  Responding Party further objects that this request is

12  premature, as discovery is ongoing and Responding Party has not yet had a reasonable opportunity to

13  conduct an investigation or discovery into Plaintiff's alleged injuries and damages; has not yet had the

14  opportunity to take Plaintiff's deposition; has not yet received Plaintiff's responses to written discovery;

15  not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; has not yet had the

16  opportunity to conduct an expert medical examination of Plaintiff; and no depositions have yet been

17  taken.

18  REQUEST FOR ADMISSIONS NO. 3:

19  Admit that each responding Defendant is aware  of no admissible evidence to support denial of one or

20  more facts alleged in Plaintiff's Third Amended Complaint.

21  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 3:**

22         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25  the attorney-client privilege and as work product.  Responding Party further objects that this request is

26  premature, as discovery is ongoing and Responding Party has not yet had a reasonable opportunity to

27  conduct an investigation or discovery into Plaintiff's alleged injuries and damages; has not yet had the

28  opportunity to take Plaintiff's deposition; has not yet received Plaintiff's responses to written discovery;

BAHADURSINGH'S RESPONSE TO REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; has not yet had the opportunity to conduct an expert medical examination of Plaintiff; and no depositions have yet been taken.

REQUEST FOR ADMISSIONS NO. 4:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's alleged injuries and damages exceed the scope of his public entity claim(s) or administrative complaints filed with the DISTRICT or any third-party agencies, inclusive of the Equal Employment Opportunity Commission and/or DFEH" as alleged in the Second Affirmative Defense pled by Defendants in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 4:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 5:

Admit that each responding Defendant has no admissible evidence showing that "Plaintiff's alleged injuries and damages exceed the scope of his public entity claim(s) or administrative complaints filed with the DISTRICT or any third-party agencies, inclusive of the Equal Employment Opportunity Commission and/or DFEH" as alleged in the Second Affirmative Defense pled by Defendants in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

BAHADURSINGH'S RESPONSE TO REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 5:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 6:

Admit that each responding Defendant is aware of no facts showing that "[t]he employees, officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto acting with both subjective and objective good faith" as alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 6:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 7:

1  Admit that each responding Defendant has no admissible evidence showing that "[t]he employees,

2  officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto

3  acting with both subjective and objective good faith" as alleged in Defendants' Third Affirmative

4  Defense pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

5  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 7:**

6        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

7  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

8  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

9  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

10  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

11  measure based on information available to defense counsel at the time of filing of the answer to preserve

12  applicable defenses, which are legal in nature and based on statutory law.

13  REQUEST FOR ADMISSIONS NO. 8:

14  Admit that each responding Defendant is aware of no facts showing that "[t]he employees, officers and

15  agents of the DISTRICT and all Defendants named herein were at all times material hereto acting

16  without malice" as alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint

17  filed on April 10, 2025 (ECF 130).

18  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 8:**

19        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

20  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

21  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

22  the attorney-client privilege and as work product.  Responding Party further objects that this request is

23  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

24  through evidence that Defendants acted with malice.  Responding Party further objects to the extent that

25  this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

26  precautionary measure based on information available to defense counsel at the time of filing of the

27  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

28  REQUEST FOR ADMISSIONS NO. 9:

1  Admit that each responding Defendant has no admissible evidence showing that "[t]he employees,

2  officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto

3  acting without malice" as alleged in Defendants' Third Affirmative Defense pled in their Answer to

4  Complaint filed on April 10, 2025 (ECF 130).

5  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 9:**

6       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

7  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

8  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

9  the attorney-client privilege and as work product.  Responding Party further objects that this request is

10  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

11  through evidence that Defendants acted with malice.  Responding Party further objects to the extent that

12  this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

13  precautionary measure based on information available to defense counsel at the time of filing of the

14  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

15  REQUEST FOR ADMISSIONS NO. 10:

16  Admit that each responding Defendant is aware of no facts showing that "[t]he employees, officers and

17  agents of the DISTRICT and all Defendants named herein were at all times material hereto acting

18  reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities" as

19  alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint filed herein (ECF

20  130).

21  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 10:**

22       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25  the attorney-client privilege and as work product.  Responding Party further objects that this request is

26  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

27  through evidence that Defendants violated any statutes or doctrines.  Responding Party further objects to

28  the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

1   a precautionary measure based on information available to defense counsel at the time of filing of the

2   answer to preserve applicable defenses, which are legal in nature and based on statutory law.

3   REQUEST FOR ADMISSIONS NO. 11:

4   Admit that each responding Defendant has no admissible evidence showing that "[t]he employees,

5   officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto

6   acting reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities"

7   as alleged in Defendants' Third Affirmative Defense pled in their Answer (ECF 130).

8   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 11:**

9        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

11  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

12  the attorney-client privilege and as work product.  Responding Party further objects that this request is

13  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

14  through evidence that Defendants violated any statutes or doctrines.  Responding Party further objects to

15  the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

16  a precautionary measure based on information available to defense counsel at the time of filing of the

17  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

18  REQUEST FOR ADMISSIONS NO. 12:

19  Admit that each responding Defendant is aware of no facts showing that "[t]he employees, officers and

20  agents of the DISTRICT and all Defendants named herein were at all times material hereto acting with

21  both subjective and objective good faith, without malice, and reasonably within the meaning of all

22  federal and state statutes, doctrines and judicial authorities, such that any claim for relief that Plaintiff

23  may have is barred by law" as alleged in Defendants' Third Affirmative Defense pled in their Answer to

24  Complaint filed on April 10, 2025 (ECF 130).

25  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 12:**

26       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

27  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

28  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

the attorney-client privilege and as work product. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that Defendants acted with malice or violated any statutes or doctrines. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 13:

Admit that each responding Defendant is aware of no admissible evidence showing that "[t]he employees, officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto acting with both subjective and objective good faith, without malice, and reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities, such that any claim for relief that Plaintiff may have is barred by law" as alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 13:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that Defendants acted with malice or violated any statutes or doctrines. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 14:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily consented to the acts complained of" as alleged in the Fourth Affirmative Defense pled by Defendants in their

1  Answer to Complaint filed on April 10, 2025 (ECF 130).

2  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 14:**

3      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

6  the attorney-client privilege and as work product.  Responding Party further objects that this request is

7  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

8  depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

9  the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

10  a precautionary measure based on information available to defense counsel at the time of filing of the

11  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

12  REQUEST FOR ADMISSIONS NO. 15:

13  Admit that each responding Defendant has no admissible evidence showing that "Plaintiff voluntarily

14  consented to the acts complained of" as alleged in the Fourth Affirmative Defense pled by Defendants in

15  their Answer to Complaint filed on April 10, 2025 (ECF 130).

16  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 15:**

17      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

20  the attorney-client privilege and as work product.  Responding Party further objects that this request is

21  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

22  depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

23  the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

24  a precautionary measure based on information available to defense counsel at the time of filing of the

25  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

26  REQUEST FOR ADMISSIONS NO. 16:

27  Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily

28  participated in the acts complained of" as alleged in the Fourth Affirmative Defense pled by Defendants

9

BAHADURSINGH'S RESPONSE TO REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  in their Answer to Complaint filed on April 10, 2025 (ECF 130).

2  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 16:**

3  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

6  the attorney-client privilege and as work product.  Responding Party further objects that this request is

7  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

8  depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

9  the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

10  a precautionary measure based on information available to defense counsel at the time of filing of the

11  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

12  REQUEST FOR ADMISSIONS NO. 17:

13  Admit that each responding Defendant has no admissible evidence showing that "Plaintiff voluntarily

14  participated in the acts complained of" as alleged in the Fourth Affirmative Defense pled by Defendants

15  in their Answer to Complaint filed on April 10, 2025 (ECF 130).

16  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 17:**

17  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

20  the attorney-client privilege and as work product.  Responding Party further objects that this request is

21  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

22  depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

23  the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

24  a precautionary measure based on information available to defense counsel at the time of filing of the

25  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

26  REQUEST FOR ADMISSIONS NO. 18:

27  Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to mitigate his

28  damages" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer to Complaint

filed on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 18:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 19:

Admit that each responding Defendant has no admissible evidence showing that "Plaintiff failed to mitigate his damages" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer to Complaint filed on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 19:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff..

REQUEST FOR ADMISSIONS NO. 20:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily consented to and participated in the acts complained of, and/or he failed to mitigate his damages" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer to Complaint filed on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 20:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 21:

Admit that each responding Defendant has no admissible evidence showing that "Plaintiff voluntarily consented to and participated in the acts complained of, and/or he failed to mitigate his damages" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 21:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 22:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by the doctrine of laches" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 22:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 23:

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by the doctrine of laches" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 23:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this

1  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

2  measure based on information available to defense counsel at the time of filing of the answer to preserve

3  applicable defenses, which are legal in nature and based on statutory law.

4  REQUEST FOR ADMISSIONS NO. 24:

5  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by

6  the doctrine of estoppel" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to

7  Complaint filed in this action on April 10, 2025 (ECF 130).

8  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 24:**

9  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

11  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

12  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

13  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

14  measure based on information available to defense counsel at the time of filing of the answer to preserve

15  applicable defenses, which are legal in nature and based on statutory law.

16  REQUEST FOR ADMISSIONS NO. 25:

17  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

18  claims are barred by the doctrine of estoppel" as alleged in Defendants' Fifth Affirmative Defense pled

19  in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

20  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 25:**

21  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

24  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

25  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

26  measure based on information available to defense counsel at the time of filing of the answer to preserve

27  applicable defenses, which are legal in nature and based on statutory law.

28  REQUEST FOR ADMISSIONS NO. 26:

1  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by

2  the doctrine of unclean hands" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer

3  to Complaint filed in this action on April 10, 2025 (ECF 130).

4  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 26:**

5      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

9  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

10 measure based on information available to defense counsel at the time of filing of the answer to preserve

11 applicable defenses, which are legal in nature and based on statutory law.

12 REQUEST FOR ADMISSIONS NO. 27:

13 Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

14 claims are barred by the doctrine of unclean hands" as alleged in Defendants' Fifth Affirmative Defense

15 pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

16 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 27:**

17     Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

20 the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

21 request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

22 measure based on information available to defense counsel at the time of filing of the answer to preserve

23 applicable defenses, which are legal in nature and based on statutory law.

24 REQUEST FOR ADMISSIONS NO. 28:

25 Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by

26 the doctrine of waiver" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to

27 Complaint filed in this action on April 10, 2025 (ECF 130).

28 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 28:**

1    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

2    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

3    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

4    the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

5    request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

6    measure based on information available to defense counsel at the time of filing of the answer to preserve

7    applicable defenses, which are legal in nature and based on statutory law.

8    REQUEST FOR ADMISSIONS NO. 29:

9    Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

10   claims are barred by the doctrine of waiver" as alleged in Defendants' Fifth Affirmative Defense pled in

11   their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

12   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 29:**

13   Responding Party objects to this request on the grounds that it calls for a legal conclusion.

14   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

15   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

16   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

17   request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

18   measure based on information available to defense counsel at the time of filing of the answer to preserve

19   applicable defenses, which are legal in nature and based on statutory law.

20   REQUEST FOR ADMISSIONS NO. 30:

21   Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by

22   [any] federal statutes of limitation" as alleged in Defendants' Fifth Affirmative Defense pled in their

23   Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

24   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 30:**

25   Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

28   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 31:

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by [any] federal statutes of limitation" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 31:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 32:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by state statutes of limitation" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 32:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 33:

1  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

2  claims are barred by state statutes of limitation" as alleged in Defendants' Fifth Affirmative Defense pled

3  in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

4  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 33:**

5  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

9  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

10  measure based on information available to defense counsel at the time of filing of the answer to preserve

11  applicable defenses, which are legal in nature and based on statutory law.

12  REQUEST FOR ADMISSIONS NO. 34:

13  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by

14  statutory filing requirements or time limitations" as alleged in Defendants' Fifth Affirmative Defense

15  pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

16  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 34:**

17  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

20  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

21  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

22  measure based on information available to defense counsel at the time of filing of the answer to preserve

23  applicable defenses, which are legal in nature and based on statutory law.

24  REQUEST FOR ADMISSIONS NO. 35:

25  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

26  claims are barred by statutory filing requirements or time limitations" as alleged in Defendants' Fifth

27  Affirmative Defense pled in their Answer to Complaint (ECF 130).

28  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 35:**

1   Responding Party objects to this request on the grounds that it calls for a legal conclusion.

2   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

3   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

4   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

5   request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

6   measure based on information available to defense counsel at the time of filing of the answer to preserve

7   applicable defenses, which are legal in nature and based on statutory law.

8   REQUEST FOR ADMISSIONS NO. 36:

9   Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by

10  the doctrines of laches, estoppel, unclean hands and waiver, and by all applicable federal and state

11  statutes of limitation and relevant statutory filing requirements or time limitations" as alleged in

12  Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10,

13  2025 (ECF 130).

14  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 36:**

15  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

16  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

17  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

18  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

19  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

20  measure based on information available to defense counsel at the time of filing of the answer to preserve

21  applicable defenses, which are legal in nature and based on statutory law.

22  REQUEST FOR ADMISSIONS NO. 37:

23  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

24  claims are barred by the doctrines of laches, estoppel, unclean hands and waiver, and by all applicable

25  federal and state statutes of limitation and relevant statutory filing requirements or time limitations" as

26  alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action

27  on April 10, 2025 (ECF 130).

28  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 37:**

19

1    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

2    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

3    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

4    the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

5    request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

6    measure based on information available to defense counsel at the time of filing of the answer to preserve

7    applicable defenses, which are legal in nature and based on statutory law.

8    REQUEST FOR ADMISSIONS NO. 38:

9    Admit that each responding Defendant is aware of no facts showing "Plaintiff himself was careless in

10   and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth Affirmative

11   Defense pled by Defendants in their Answer to Complaint (ECF 130).

12   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 38:**

13   Responding Party objects to this request on the grounds that it calls for a legal conclusion.

14   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

15   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

16   the attorney-client privilege and as work product.  Responding Party further objects that this request is

17   premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

18   discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not

19   yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

20   discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not

21   yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further

22   objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

23   counsel as a precautionary measure based on information available to defense counsel at the time of

24   filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

25   REQUEST FOR ADMISSIONS NO. 39:

26   Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff himself

27   was careless in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth

28   Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 39:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 40:

Admit that each responding Defendant is aware of no facts showing "Plaintiff himself was negligent in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 40:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

21

BAHADURSINGH'S RESPONSE TO REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  counsel as a precautionary measure based on information available to defense counsel at the time of

2  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

3  REQUEST FOR ADMISSIONS NO. 41:

4  Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff himself

5  was negligent in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth

6  Affirmative Defense pled by Defendants in their Answer (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 41:**

8      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

11  the attorney-client privilege and as work product. Responding Party further objects that this request is

12  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

13  discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not

14  yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

15  discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not

16  yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further

17  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

18  counsel as a precautionary measure based on information available to defense counsel at the time of

19  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

20  REQUEST FOR ADMISSIONS NO. 42:

21  Admit that each responding Defendant is aware of no facts showing "Plaintiff himself was careless and

22  negligent in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth

23  Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 42:**

25      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

28  the attorney-client privilege and as work product. Responding Party further objects that this request is

premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 43:

Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff himself was careless and negligent in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 43:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 44:

Admit that each responding Defendant is unaware of any facts showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the negligent acts of persons or entities other than

the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 44:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 45:

Admit that each responding Defendant is unaware of any admissible evidence showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the negligent acts of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 45:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 46:

Admit that each responding Defendant is unaware of any facts showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the intentional acts of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 46:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 47:

Admit that each responding Defendant is unaware of any admissible evidence showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the intentional acts of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 47:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 48:

Admit that each responding Defendant is unaware of any facts showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the omissions of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 48:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further

objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 49:

Admit that each responding Defendant is unaware of any admissible evidence showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the omissions of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 49:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 50:

Admit that each responding Defendant is unaware of any facts showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the intentional or negligent acts and/or omissions of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 50:**

1  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

2  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

3  expert's opinion.  Responding Party further objects that this request is premature as Responding Party

4  has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged

5  injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's

6  deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to

7  evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

8  expert medical examination of Plaintiff.  Responding Party objects to the extent that this request seeks

9  information protected by the attorney-client privilege and as work product.  Responding Party further

10  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

11  counsel as a precautionary measure based on information available to defense counsel at the time of

12  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

13  REQUEST FOR ADMISSIONS NO. 51:

14  Admit that each responding Defendant is unaware of any admissible evidence showing that "[t]he

15  damages allegedly sustained by Plaintiff were caused or contributed to by the intentional or negligent

16  acts and/or omissions of persons or entities other than the Defendants" as alleged in the Seventh

17  Affirmative Defense pled by Defendants in their Answer (ECF 130).

18  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 51:**

19  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

20  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

21  expert's opinion.  Responding Party further objects that this request is premature as Responding Party

22  has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged

23  injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's

24  deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to

25  evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

26  expert medical examination of Plaintiff.  Responding Party objects to the extent that this request seeks

27  information protected by the attorney-client privilege and as work product.  Responding Party further

28  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

1  counsel as a precautionary measure based on information available to defense counsel at the time of

2  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

3  REQUEST FOR ADMISSIONS NO. 52:

4  Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended

5  Complaint is barred by statutes of limitation" as alleged in the Eighth Affirmative Defense pled by

6  Defendants in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 52:**

8      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

11  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

12  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

13  measure based on information available to defense counsel at the time of filing of the answer to preserve

14  applicable defenses, which are legal in nature and based on statutory law.

15  REQUEST FOR ADMISSIONS NO. 53:

16  Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third

17  Amended Complaint is barred by statutes of limitation" as alleged in the Eighth Affirmative Defense

18  pled by Defendants in their Answer to Complaint (ECF 130).

19  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 53:**

20      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

21  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

22  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

23  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

24  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

25  measure based on information available to defense counsel at the time of filing of the answer to preserve

26  applicable defenses, which are legal in nature and based on statutory law.

27

28  REQUEST FOR ADMISSIONS NO. 54:

29

1  Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended

2  Complaint is barred by statutory filing requirements and time limitations, including all requirements for

3  claims filed against public entities such as the DISTRICT" as alleged in the Eighth Affirmative Defense

4  pled by Defendants in their Answer to Complaint (ECF 130).

5  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 54:**

6        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

7  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

8  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

9  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

10  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

11  measure based on information available to defense counsel at the time of filing of the answer to preserve

12  applicable defenses, which are legal in nature and based on statutory law.

13  REQUEST FOR ADMISSIONS NO. 55:

14  Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third

15  Amended Complaint is barred by statutory filing requirements and time limitations, including all

16  requirements for claims filed against public entities such as the DISTRICT" as alleged in the Eighth

17  Affirmative Defense pled by Defendants in their Answer to Complaint filed in this action on April 10,

18  2025 (ECF 130).

19  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 55:**

20        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

21  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

22  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

23  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

24  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

25  measure based on information available to defense counsel at the time of filing of the answer to preserve

26  applicable defenses, which are legal in nature and based on statutory law.

27

28  REQUEST FOR ADMISSIONS NO. 56:

1   Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended

2   Complaint is barred by California Government Code Section 945.4" as alleged in the Eighth Affirmative

3   Defense pled by Defendants in their Answer to Complaint (ECF 130).

4   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 56:**

5       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

9   request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

10  measure based on information available to defense counsel at the time of filing of the answer to preserve

11  applicable defenses, which are legal in nature and based on statutory law.

12  REQUEST FOR ADMISSIONS NO. 57:

13  Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third

14  Amended Complaint is barred by California Government Code Section 945" as alleged in the Eighth

15  Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

16  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 57:**

17      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

20  the attorney-client privilege and as work product.   Responding Party objects to this request on the

21  grounds that it calls for a legal conclusion.   Responding Party further objects to this request on the

22  grounds that it prematurely seeks disclosure of an expert's opinion.   Responding Party objects to the

23  extent that this request seeks information protected by the attorney-client privilege and as work product.

24  Responding Party further objects to the extent that this request is premature, as all affirmative defenses

25  are pleaded upon advice of counsel as a precautionary measure based on information available to defense

26  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

27  based on statutory law.

28  REQUEST FOR ADMISSIONS NO. 58:

1  Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended

2  Complaint is barred by California Government Code Section 945.6" as alleged in the Eighth Affirmative

3  Defense pled by Defendants in their Answer to Complaint (ECF 130).

4  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 58:**

5  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8  the attorney-client privilege and as work product.  Responding Party objects to this request on the

9  grounds that it calls for a legal conclusion.  Responding Party further objects to this request on the

10  grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the

11  extent that this request seeks information protected by the attorney-client privilege and as work product.

12  Responding Party further objects to the extent that this request is premature, as all affirmative defenses

13  are pleaded upon advice of counsel as a precautionary measure based on information available to defense

14  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

15  based on statutory law.

16  REQUEST FOR ADMISSIONS NO. 59:

17  Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third

18  Amended Complaint is barred by California Government Code Section 945.6" as alleged in the Eighth

19  Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

20  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 59:**

21  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

24  the attorney-client privilege and as work product.  Responding Party objects to this request on the

25  grounds that it calls for a legal conclusion.  Responding Party further objects to this request on the

26  grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the

27  extent that this request seeks information protected by the attorney-client privilege and as work product.

28  Responding Party further objects to the extent that this request is premature, as all affirmative defenses

1  are pleaded upon advice of counsel as a precautionary measure based on information available to defense

2  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

3  based on statutory law.

4  REQUEST FOR ADMISSIONS NO. 60:

5  Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended

6  Complaint is barred by California Government Code Sections 945.4 and 945.6 and related sections

7  thereof" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer (ECF 130)

8  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 60:**

9      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

11  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

12  the attorney-client privilege and as work product.  Responding Party objects to this request on the

13  grounds that it calls for a legal conclusion.  Responding Party further objects to this request on the

14  grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the

15  extent that this request seeks information protected by the attorney-client privilege and as work product.

16  Responding Party further objects to the extent that this request is premature, as all affirmative defenses

17  are pleaded upon advice of counsel as a precautionary measure based on information available to defense

18  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

19  based on statutory law.

20  REQUEST FOR ADMISSIONS NO. 61:

21  Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third

22  Amended Complaint is barred by California Government Code Sections 945.4 and 945.6 and related

23  sections thereof" as alleged in the Eighth Affirmative Defense pled by Defendants (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 61:**

25      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

28  the attorney-client privilege and as work product.  Responding Party objects to this request on the

BAHADURSINGH'S RESPONSE TO REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

grounds that it calls for a legal conclusion.  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 62:

Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended Complaint is barred by all applicable statutes of limitation and relevant statutory filing requirements and time limitations, including all requirements for claims filed against public entities such as the DISTRICT, as well as California Government Code Sections 945.4 and 945.6 and related sections thereof" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 62:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 63:

Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third Amended Complaint is barred by all applicable statutes of limitation and relevant statutory filing requirements and time limitations, including all requirements for claims filed against public entities such as the DISTRICT, as well as California Government Code Sections 945.4 and 945.6 and related sections thereof" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 63:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 64:

Admit that each responding Defendant is aware of no facts showing that "the provisions of the Public Liability Act of the California Government Code is the measure of [their] legal duties in this action" as alleged in the Ninth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 64:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law. Responding Party further objects that this request is unintelligible, as the referenced provisions of the statute cited in the request are self-evident.

REQUEST FOR ADMISSIONS NO. 65:

Admit each responding Defendant is aware of no evidence showing that "the provisions of the Public Liability Act of the California Government Code is the measure of [their] legal duties in this action" as alleged in the Ninth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 65:**

1  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

2  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

3  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

4  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

5  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

6  measure based on information available to defense counsel at the time of filing of the answer to preserve

7  applicable defenses, which are legal in nature and based on statutory law.   Responding Party further

8  objects that this request is unintelligible, as the referenced provisions of the statute cited in the request

9  are self-evident.

10 REQUEST FOR ADMISSIONS NO. 66:

11 Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from

12 liability pursuant to California Government Code Sections 815 and 815.2" as alleged in the Tenth

13 Affirmative Defense pled by Defendants in their Answer (ECF 130).

14 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 66:**

15 Responding Party objects to this request on the grounds that it calls for a legal conclusion.

16 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

17 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

18 the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

19 request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

20 measure based on information available to defense counsel at the time of filing of the answer to preserve

21 applicable defenses, which are legal in nature and based on statutory law.

22 REQUEST FOR ADMISSIONS NO. 67:

23 Admit that each responding Defendant is aware of no admissible evidence showing that "Defendants are

24 immune from liability pursuant to California Government Code Sections 815 and 815.2" as alleged in the

25 Tenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

26 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 67:**

27 Responding Party objects to this request on the grounds that it calls for a legal conclusion.

28 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 68:

Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from liability pursuant to California Government Code Section 815.6 in that they exercised reasonable diligence at all times referred to in Plaintiff's Third Amended Complaint" as alleged in the Eleventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 68:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 69:

Admit that each responding Defendant is aware of no admissible evidence showing that "Defendants are immune from liability pursuant to California Government Code Section 815.6 in that they exercised reasonable diligence at all times referred to in Plaintiff's Third Amended Complaint" as alleged in the Eleventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 69:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

1   request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

2   measure based on information available to defense counsel at the time of filing of the answer to preserve

3   applicable defenses, which are legal in nature and based on statutory law.

4   REQUEST FOR ADMISSIONS NO. 70:

5   Admit that each responding Defendant is aware of no facts showing that "any acts or omissions by any

6   employee of Defendants were the results of the discretion vested in them" as alleged in the Twelfth

7   Affirmative Defense pled by Defendants in their Answer (ECF 130).

8   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 70:**

9        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

11  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

12  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

13  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

14  measure based on information available to defense counsel at the time of filing of the answer to preserve

15  applicable defenses, which are legal in nature and based on statutory law.

16  REQUEST FOR ADMISSIONS NO. 71:

17  Admit that each responding Defendant is aware of no admissible evidence showing that "any acts or

18  omissions by any employee of Defendants were the results of the discretion vested in them" as alleged in

19  the Twelfth Affirmative Defense pled by Defendants in their Answer (ECF 130).

20  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 71:**

21       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

24  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

25  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

26  measure based on information available to defense counsel at the time of filing of the answer to preserve

27  applicable defenses, which are legal in nature and based on statutory law.

28  REQUEST FOR ADMISSIONS NO. 72:

1  Admit that each responding Defendant is aware of no facts showing that "any acts or omissions by any

2  employee of Defendants were the results of the discretion vested in them, and each such employee is

3  immune from liability for any losses, injuries, or damages resulting therefrom; Defendants are, therefore,

4  similarly immune from such liability" as alleged in the Twelfth Affirmative Defense pled by Defendants

5  in their Answer (ECF 130).

6  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 72:**

7        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

8  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

9  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

10  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

11  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

12  measure based on information available to defense counsel at the time of filing of the answer to preserve

13  applicable defenses, which are legal in nature and based on statutory law.

14  REQUEST FOR ADMISSIONS NO. 73:

15  Admit that each responding Defendant is aware of no admissible evidence showing that "any acts or

16  omissions by any employee of Defendants were the results of the discretion vested in them, and each

17  such employee is immune from liability for any losses, injuries, or damages resulting therefrom;

18  Defendants are, therefore, similarly immune from such liability" as alleged in the Twelfth Affirmative

19  Defense pled by Defendants in their Answer (ECF 130).

20  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 73:**

21        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

24  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

25  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

26  measure based on information available to defense counsel at the time of filing of the answer to preserve

27  applicable defenses, which are legal in nature and based on statutory law.  Discovery is ongoing and no

28  depositions have yet been taken, nor has Responding Party yet received responses to its discovery

39

1  requests to Plaintiff.

2  REQUEST FOR ADMISSIONS NO. 74:

3  Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from

4  liability pursuant to California Government Code Section 820.8 in that the acts and omissions of parties

5  other than the DISTRICT or its employees caused the injuries alleged by Plaintiff" as alleged in the

6  Thirteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 74:**

8      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

11  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

12  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

13  measure based on information available to defense counsel at the time of filing of the answer to preserve

14  applicable defenses, which are legal in nature and based on statutory law.  Discovery is ongoing and no

15  depositions have yet been taken, nor has Responding Party yet received responses to its discovery

16  requests to Plaintiff.

17  REQUEST FOR ADMISSIONS NO. 75:

18  Admit that each responding Defendant is aware of no evidence showing that "Defendants are immune

19  from liability pursuant to California Government Code Section 820.8 in that the acts and omissions of

20  parties other than the DISTRICT or its employees caused the injuries alleged by Plaintiff" as alleged in

21  the Thirteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

22  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 75:**

23      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

24  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

25  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

26  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

27  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

28  measure based on information available to defense counsel at the time of filing of the answer to preserve

applicable defenses, which are legal in nature and based on statutory law.  Discovery is ongoing and no depositions have yet been taken, nor has Responding Party yet received responses to its discovery requests to Plaintiff.

REQUEST FOR ADMISSIONS NO. 76:

Admit that each responding Defendant is aware of no facts showing that "they may elect to have damages, if any, in excess of the amount specified in California Government Code Sections 984 *et seq.*, and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in California Code of Civil Procedure Section 667.7" as alleged in the Fourteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 76:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 77:

Admit that each responding Defendant is aware of no admissible evidence showing that "they may elect to have damages, if any, in excess of the amount specified in California Government Code Sections 984 *et seq.*, and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in California Code of Civil Procedure Section 667.7" as alleged in the Fourteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 77:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

1  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

2  measure based on information available to defense counsel at the time of filing of the answer to preserve

3  applicable defenses, which are legal in nature and based on statutory law.

4  REQUEST FOR ADMISSIONS NO. 78:

5  Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from

6  liability pursuant to all remaining applicable provisions of the California Government Claims Act and

7  other relevant statutes and/or regulations" as alleged in the Fifteenth Affirmative Defense pled by

8  Defendants in their Answer (ECF 130).

9  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 78:**

10       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

11  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

12  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

13  the attorney-client privilege and as work product. Responding Party further objects to the extent that this

14  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

15  measure based on information available to defense counsel at the time of filing of the answer to preserve

16  applicable defenses, which are legal in nature and based on statutory law.

17  REQUEST FOR ADMISSIONS NO. 79:

18  Admit that each responding Defendant is aware of no admissible evidence showing that "Defendants are

19  immune from liability pursuant to all remaining applicable provisions of the California Government

20  Claims Act and other relevant statutes and/or regulations" as alleged in the Fifteenth Affirmative Defense

21  pled by Defendants in their Answer (ECF 130).

22  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 79:**

23       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

24  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

25  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

26  the attorney-client privilege and as work product. Responding Party further objects to the extent that this

27  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

28  measure based on information available to defense counsel at the time of filing of the answer to preserve

1   applicable defenses, which are legal in nature and based on statutory law.

2   REQUEST FOR ADMISSIONS NO. 80:

3   Admit that each responding Defendant is aware of no facts showing that "Plaintiff's alleged injuries and

4   damages are barred" as alleged in the Sixteenth Affirmative Defense pled by Defendants in their Answer

5   (ECF 130).

6   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 80:**

7       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

8   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

9   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

10  the attorney-client privilege and as work product.  Responding Party further objects that this request is

11  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

12  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

13  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

14  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

15  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

16  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

17  a precautionary measure based on information available to defense counsel at the time of filing of the

18  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

19  REQUEST FOR ADMISSIONS NO. 81:

20  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

21  alleged injuries and damages are barred" as alleged in the Sixteenth Affirmative Defense pled by

22  Defendants in their Answer (ECF 130).

23  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 81:**

24      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

26  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

27  the attorney-client privilege and as work product.  Responding Party further objects that this request is

28  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

1  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

2  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

3  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

4  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

5  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

6  a precautionary measure based on information available to defense counsel at the time of filing of the

7  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

8  REQUEST FOR ADMISSIONS NO. 82:

9  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's alleged injuries and

10  damages exceed the scope of the administrative complaint filed with the Department of Fair Employment

11  and Housing and/or the EEOC" as alleged in the Sixteenth Affirmative Defense pled by Defendants in

12  their Answer (ECF 130).

13  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 82:**

14       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

15  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

16  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

17  the attorney-client privilege and as work product.  Responding Party further objects that this request is

18  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

19  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

20  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

21  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

22  opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to

23  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

24  a precautionary measure based on information available to defense counsel at the time of filing of the

25  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

26  REQUEST FOR ADMISSIONS NO. 83:

27  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

28  alleged injuries and damages exceed the scope of the administrative complaint filed with the Department

1  of Fair Employment and Housing and/or the EEOC" as alleged in the Sixteenth Affirmative Defense pled

2  by Defendants in their Answer (ECF 130).

3  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 83:**

4      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

7  the attorney-client privilege and as work product.  Responding Party further objects that this request is

8  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

9  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

10  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

11  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

12  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

13  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

14  a precautionary measure based on information available to defense counsel at the time of filing of the

15  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

16  REQUEST FOR ADMISSIONS NO. 84:

17  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's alleged injuries and

18  damages are barred or exceed the scope of the administrative complaint filed with the Department of Fair

19  Employment and Housing and/or the EEOC" as alleged in the Sixteenth Affirmative Defense pled by

20  Defendants in their Answer (ECF 130).

21  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 84:**

22      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25  the attorney-client privilege and as work product.  Responding Party further objects that this request is

26  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

27  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

28  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

1  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

2  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

3  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

4  a precautionary measure based on information available to defense counsel at the time of filing of the

5  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

6  REQUEST FOR ADMISSIONS NO. 85:

7  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

8  alleged injuries and damages are barred or exceed the scope of the administrative complaint filed with

9  the Department of Fair Employment and Housing and/or the EEOC" as alleged in the Sixteenth

10  Affirmative Defense pled by Defendants in their Answer (ECF 130).

11  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 85:**

12  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

13  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

14  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

15  the attorney-client privilege and as work product.  Responding Party further objects that this request is

16  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

17  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

18  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

19  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

20  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

21  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

22  a precautionary measure based on information available to defense counsel at the time of filing of the

23  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

24  REQUEST FOR ADMISSIONS NO. 86:

25  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's damages are limited

26  by [application of] the avoidable consequences doctrine" as alleged in the Seventeenth Affirmative

27  Defense pled by Defendants in their Answer (ECF 130).

28  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 86:**

1   Responding Party objects to this request on the grounds that it calls for a legal conclusion.

2   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

3   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

4   the attorney-client privilege and as work product.  Responding Party further objects that this request is

5   premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

6   discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

7   opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

8   yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

9   opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

10  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

11  a precautionary measure based on information available to defense counsel at the time of filing of the

12  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

13  REQUEST FOR ADMISSIONS NO. 87:

14  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

15  damages are limited by [application of] the avoidable consequences doctrine" as alleged in the

16  Seventeenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

17  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 87:**

18  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

19  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

20  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

21  the attorney-client privilege and as work product.  Responding Party further objects that this request is

22  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

23  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

24  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

25  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

26  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

27  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

28  a precautionary measure based on information available to defense counsel at the time of filing of the

1  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

2  REQUEST FOR ADMISSIONS NO. 88:

3  Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily assumed

4  the risk of any and all the injuries, losses and damages" as alleged in the Eighteenth Affirmative Defense

5  pled by Defendants in their Answer (ECF 130).

6  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 88:**

7  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

8  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

9  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

10  the attorney-client privilege and as work product.  Responding Party further objects that this request is

11  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

12  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

13  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

14  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

15  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

16  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

17  a precautionary measure based on information available to defense counsel at the time of filing of the

18  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

19  REQUEST FOR ADMISSIONS NO. 89:

20  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff

21  voluntarily assumed the risk of any and all the injuries, losses and damages" as alleged in the Eighteenth

22  Affirmative Defense pled by Defendants in their Answer (ECF 130).

23  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 89:**

24  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

26  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

27  the attorney-client privilege and as work product.  Responding Party further objects that this request is

28  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 90:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily, and with full knowledge of all matters set forth in the Third Amended Complaint, assumed the risk of any and all the injuries, losses and damages" as alleged in the Eighteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 90:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 91:

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff voluntarily, and with full knowledge of all matters set forth in the Third Amended Complaint, assumed

1  the risk of any and all the injuries, losses and damages" as alleged in the Eighteenth Affirmative Defense

2  pled by Defendants in their Answer (ECF 130).

3  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 91:**

4        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

7  the attorney-client privilege and as work product.  Responding Party further objects that this request is

8  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

9  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

10  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

11  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

12  opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to

13  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

14  a precautionary measure based on information available to defense counsel at the time of filing of the

15  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

16  REQUEST FOR ADMISSIONS NO. 92:

17  Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not able to

18  perform the essential functions of his position" as alleged in the Nineteenth Affirmative Defense pled by

19  Defendants in their Answer (ECF 130).

20  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 92:**

21        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

24  the attorney-client privilege and as work product.  Responding Party further objects that this request is

25  premature as Responding Party has not yet had a reasonable opportunity to take Plaintiff's deposition.

26  Responding Party further objects to the extent that this request is premature as all affirmative defenses

27  are pleaded upon advice of counsel as a precautionary measure based on information available to defense

28  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

1  based on statutory law.

2  REQUEST FOR ADMISSIONS NO. 93:

3  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff was

4  not able to perform the essential functions of his position" as alleged in the Nineteenth Affirmative

5  Defense pled by Defendants in their Answer (ECF 130).

6  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 93:**

7       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

8  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

9  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

10  the attorney-client privilege and as work product.  Responding Party further objects that this request is

11  premature as Responding Party has not yet had a reasonable opportunity to take Plaintiff's deposition.

12  Responding Party further objects to the extent that this request is premature as all affirmative defenses

13  are pleaded upon advice of counsel as a precautionary measure based on information available to defense

14  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

15  based on statutory law.

16  REQUEST FOR ADMISSIONS NO. 94:

17  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

18  the terms and/or conditions of Plaintiff's employment were done in good faith" as alleged in the

19  Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

20  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 94:**

21       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

24  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

25  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

26  measure based on information available to defense counsel at the time of filing of the answer to preserve

27  applicable defenses, which are legal in nature and based on statutory law.

28  REQUEST FOR ADMISSIONS NO. 95:

1    Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

2    affecting the terms and/or conditions of Plaintiff's employment were done in good faith" as alleged in the

3    Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

4    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 95:**

5        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7    expert's opinion. Responding Party objects to the extent that this request seeks information protected by

8    the attorney-client privilege and as work product. Responding Party further objects to the extent that this

9    request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

10    measure based on information available to defense counsel at the time of filing of the answer to preserve

11    applicable defenses, which are legal in nature and based on statutory law.

12    REQUEST FOR ADMISSIONS NO. 96:

13    Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

14    the terms and/or conditions of Plaintiff's employment were motivated by legitimate, non-retaliatory and

15    non-discriminatory reasons" as alleged in the Twentieth Affirmative Defense pled in Defendants'

16    Answer (ECF 130).

17    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 96:**

18        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

19    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

20    expert's opinion. Responding Party objects to the extent that this request seeks information protected by

21    the attorney-client privilege and as work product. Responding Party further objects to the extent that this

22    request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

23    measure based on information available to defense counsel at the time of filing of the answer to preserve

24    applicable defenses, which are legal in nature and based on statutory law.

25    REQUEST FOR ADMISSIONS NO. 97:

26    Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

27    affecting the terms and/or conditions of Plaintiff's employment were motivated by legitimate, non-

28    retaliatory and non-discriminatory reasons" as alleged in the Twentieth Affirmative Defense pled in

1  Defendants' Answer (ECF 130).

2  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 97:**

3      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

6  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

7  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

8  measure based on information available to defense counsel at the time of filing of the answer to preserve

9  applicable defenses, which are legal in nature and based on statutory law.

10  REQUEST FOR ADMISSIONS NO. 98:

11  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

12  the terms and/or conditions of Plaintiff's employment were done as a result of business necessity" as

13  alleged in the Twentieth Affirmative Defense pled in the Answer (ECF 130).

14  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 98:**

15      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

16  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

17  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

18  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

19  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

20  measure based on information available to defense counsel at the time of filing of the answer to preserve

21  applicable defenses, which are legal in nature and based on statutory law.

22  REQUEST FOR ADMISSIONS NO. 99:

23  Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

24  affecting the terms and/or conditions of Plaintiff's employment were done as a result of business

25  necessity" as alleged in the Twentieth Affirmative Defense pled in the Answer (ECF 130).

26  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 99:**

27      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

28  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

1  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

2  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

3  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

4  measure based on information available to defense counsel at the time of filing of the answer to preserve

5  applicable defenses, which are legal in nature and based on statutory law.

6  REQUEST FOR ADMISSIONS NO. 100:

7  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

8  the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by

9  legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity" as

10  alleged in the Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

11  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 100:**

12  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

13  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

14  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

15  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

16  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

17  measure based on information available to defense counsel at the time of filing of the answer to preserve

18  applicable defenses, which are legal in nature and based on statutory law.

19  REQUEST FOR ADMISSIONS NO. 101:

20  Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

21  affecting the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by

22  legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity" as

23  alleged in the Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 101:**

25  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

28  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

1  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

2  measure based on information available to defense counsel at the time of filing of the answer to preserve

3  applicable defenses, which are legal in nature and based on statutory law.

4  REQUEST FOR ADMISSIONS NO. 102:

5  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's Third Amended

6  Complaint and all of its causes of action are barred because Defendants' actions were neutral and were

7  based on bona fide factors other than sex/gender, race/national origin, disability, alleged participation in

8  protected activity and/or other protected characteristics" as alleged in the Twenty-First Affirmative

9  Defense pled in Defendants' Answer (ECF 130).

10  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 102:**

11      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

13  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

14  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

15  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

16  measure based on information available to defense counsel at the time of filing of the answer to preserve

17  applicable defenses, which are legal in nature and based on statutory law.

18  REQUEST FOR ADMISSIONS NO. 103:

19  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's Third Amended

20  Complaint and all of its causes of action are barred because Defendants' actions were neutral and were

21  based on bona fide factors other than sex/gender, race/national origin, disability, alleged participation in

22  protected activity and/or other protected characteristics" as alleged in the Twenty-First Affirmative

23  Defense pled in Defendants' Answer (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 103:**

25      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

28  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

1    request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

2    measure based on information available to defense counsel at the time of filing of the answer to preserve

3    applicable defenses, which are legal in nature and based on statutory law.

4    REQUEST FOR ADMISSIONS NO. 104:

5    Admit that each responding Defendant is aware of no facts showing that Plaintiff was legally required "to

6    timely and adequately exhaust any and all collective bargaining agreement remedies" as alleged in the

7    Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

8    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 104:**

9           Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

11   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

12   the attorney-client privilege and as work product.  Responding Party further objects that this request is

13   premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

14   depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

15   the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

16   a precautionary measure based on information available to defense counsel at the time of filing of the

17   answer to preserve applicable defenses, which are legal in nature and based on statutory law.

18   REQUEST FOR ADMISSIONS NO. 105:

19   Admit that each responding Defendant is aware of no evidence showing that Plaintiff was legally

20   required "to timely and adequately exhaust any and all collective bargaining agreement remedies" as

21   alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

22   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 105:**

23          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

24   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

25   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

26   the attorney-client privilege and as work product.  Responding Party further objects that this request is

27   premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

28   depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 106:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to timely and adequately exhaust any and all collective bargaining agreement remedies" as alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 106:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 107:

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed to timely and adequately exhaust any and all collective bargaining agreement remedies" as alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 107:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

57

1  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

2  a precautionary measure based on information available to defense counsel at the time of filing of the

3  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

4  REQUEST FOR ADMISSIONS NO. 108:

5  Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to timely and

6  adequately exhaust administrative filing requirements, such as filing a Charge of Discrimination with the

7  Equal Employment Opportunity Commission and/or DFEH" as alleged in the Twenty-Second

8  Affirmative Defense pled in Defendants' Answer (ECF 130).

9  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 108:**

10        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

11  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

12  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

13  the attorney-client privilege and as work product.  Responding Party further objects that this request is

14  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

15  depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

16  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

17  a precautionary measure based on information available to defense counsel at the time of filing of the

18  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

19  REQUEST FOR ADMISSIONS NO. 109:

20  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed to timely

21  and adequately exhaust administrative filing requirements, such as filing a Charge of Discrimination with

22  the Equal Employment Opportunity Commission and/or DFEH" as alleged in the Twenty-Second

23  Affirmative Defense pled in Defendants' Answer (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 109:**

25        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

28  the attorney-client privilege and as work product.  Responding Party further objects that this request is

58

BAHADURSINGH'S RESPONSE TO REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

2  depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

3  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

4  a precautionary measure based on information available to defense counsel at the time of filing of the

5  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

6  REQUEST FOR ADMISSIONS NO. 110:

7  Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to timely and

8  adequately exhaust any and all collective bargaining agreement remedies and other administrative filing

9  requirements, such as filing a Charge of Discrimination with the Equal Employment Opportunity

10  Commission and/or DFEH, such that any claim for relief that Plaintiff may have is barred by law" as

11  alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

12  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 110:**

13  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

14  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

15  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

16  the attorney-client privilege and as work product.  Responding Party further objects that this request is

17  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

18  depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

19  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

20  a precautionary measure based on information available to defense counsel at the time of filing of the

21  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

22  REQUEST FOR ADMISSIONS NO. 111:

23  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed to timely

24  and adequately exhaust any and all collective bargaining agreement remedies and other administrative

25  filing requirements, such as filing a Charge of Discrimination with the Equal Employment Opportunity

26  Commission and/or DFEH, such that any claim for relief that Plaintiff may have is barred by law" as

27  alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

28  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 111:**

1    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

2  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

3  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

4  the attorney-client privilege and as work product.  Responding Party further objects that this request is

5  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

6  depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

7  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

8  a precautionary measure based on information available to defense counsel at the time of filing of the

9  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

10  REQUEST FOR ADMISSIONS NO. 112:

11  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

12  the terms and/or conditions of Plaintiff's employment were privileged" as alleged in the Twenty-Third

13  Affirmative Defense pled in Defendants' Answer (ECF 130).

14  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 112:**

15    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

16  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

17  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

18  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

19  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

20  measure based on information available to defense counsel at the time of filing of the answer to preserve

21  applicable defenses, which are legal in nature and based on statutory law.

22  REQUEST FOR ADMISSIONS NO. 113:

23  Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

24  affecting the terms and/or conditions of Plaintiff's employment were privileged" as alleged in the

25  Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

26  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 113:**

27    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

28  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 114:

Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in the Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 114:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 115:

Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in the Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 115:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve

1  applicable defenses, which are legal in nature and based on statutory law.

2  REQUEST FOR ADMISSIONS NO. 116:

3  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

4  the terms and/or conditions of Plaintiff's employment were done pursuant to an official duty" as alleged

5  in the Twenty-Third Affirmative Defense pled in the Answer (ECF 130).

6  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 116:**

7       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

8  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

9  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

10  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

11  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

12  measure based on information available to defense counsel at the time of filing of the answer to preserve

13  applicable defenses, which are legal in nature and based on statutory law.

14  REQUEST FOR ADMISSIONS NO. 117:

15  Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

16  affecting the terms and/or conditions of Plaintiff's employment were done pursuant to an official duty" as

17  alleged in the Twenty-Third Affirmative Defense pled in the Answer (ECF 130).

18  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 117:**

19       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

20  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

21  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

22  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

23  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

24  measure based on information available to defense counsel at the time of filing of the answer to preserve

25  applicable defenses, which are legal in nature and based on statutory law.

26  REQUEST FOR ADMISSIONS NO. 118:

27  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

28  the terms and/or conditions of Plaintiff's employment were privileged and done with good cause and/or

1  pursuant to an official duty" as alleged in the Twenty-Third Affirmative Defense pled in Defendants'

2  Answer (ECF 130).

3  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 118:**

4      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

7  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

8  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

9  measure based on information available to defense counsel at the time of filing of the answer to preserve

10  applicable defenses, which are legal in nature and based on statutory law.

11  REQUEST FOR ADMISSIONS NO. 119:

12  Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

13  affecting the terms and/or conditions of Plaintiff's employment were privileged and done with good

14  cause and/or pursuant to an official duty" as alleged in the Twenty-Third Affirmative Defense pled in

15  Defendants' Answer (ECF 130).

16  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 119:**

17      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

20  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

21  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

22  measure based on information available to defense counsel at the time of filing of the answer to preserve

23  applicable defenses, which are legal in nature and based on statutory law.

24  REQUEST FOR ADMISSIONS NO. 120:

25  Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed and refused to

26  mitigate his damages" as alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer

27  (ECF 130).

28  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 120:**

BAHADURSINGH'S RESPONSE TO REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

2  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

3  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

4  the attorney-client privilege and as work product.  Responding Party further objects that this request is

5  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

6  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

7  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

8  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

9  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

10 the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

11 a precautionary measure based on information available to defense counsel at the time of filing of the

12 answer to preserve applicable defenses, which are legal in nature and based on statutory law.

13 REQUEST FOR ADMISSIONS NO. 121:

14 Admit that each responding Defendant is aware of no evidence showing "Plaintiff failed and refused to

15 mitigate his damages" as alleged in the Twenty-Fourth Affirmative Defense (ECF 130).

16 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 121:**

17 Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

20 the attorney-client privilege and as work product.  Responding Party further objects that this request is

21 premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

22 discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

23 opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

24 yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

25 opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

26 the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

27 a precautionary measure based on information available to defense counsel at the time of filing of the

28 answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 122:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to utilize the DISTRICT's policies and procedures to prevent harassment, discrimination, and retaliation" as alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 122:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 123:

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed to utilize the DISTRICT's policies and procedures to prevent harassment, discrimination, and retaliation" as alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 123:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

1  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

2  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

3  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

4  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

5  a precautionary measure based on information available to defense counsel at the time of filing of the

6  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

7  REQUEST FOR ADMISSIONS NO. 124:

8  Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed and refused to

9  mitigate his damages, although he had an opportunity to do so, including but not limited to failing to

10  utilize the DISTRICT's policies and procedures to prevent harassment, discrimination, and retaliation" as

11  alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

12  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 124:**

13      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

14  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

15  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

16  the attorney-client privilege and as work product.  Responding Party further objects that this request is

17  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

18  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

19  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

20  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

21  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

22  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

23  a precautionary measure based on information available to defense counsel at the time of filing of the

24  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

25  REQUEST FOR ADMISSIONS NO. 125:

26  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed and refused

27  to mitigate his damages, although he had an opportunity to do so, including but not limited to failing to

28  utilize the DISTRICT's policies and procedures to prevent harassment, discrimination, and retaliation" as

1 alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

2 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 125:**

3      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

6 the attorney-client privilege and as work product.  Responding Party further objects that this request is

7 premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

8 discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

9 opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

10 yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

11 opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

12 the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

13 a precautionary measure based on information available to defense counsel at the time of filing of the

14 answer to preserve applicable defenses, which are legal in nature and based on statutory law.

15 REQUEST FOR ADMISSIONS NO. 126:

16 Admit that each responding Defendant is aware of no facts showing that "they exercised reasonable care

17 to prevent and promptly correct any allegedly harassing behavior" as alleged in the Twenty-Fifth

18 Affirmative Defense pled in Defendants' Answer (ECF 130).

19 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 126:**

20      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

21 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

22 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

23 the attorney-client privilege and as work product.  Responding Party further objects that this request is

24 premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

25 discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

26 opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

27 yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

28 opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

1  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

2  a precautionary measure based on information available to defense counsel at the time of filing of the

3  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

4  REQUEST FOR ADMISSIONS NO. 127:

5  Admit that each responding Defendant is aware of no evidence showing that "they exercised reasonable

6  care to prevent and promptly correct any allegedly harassing behavior" as alleged in the Twenty-Fifth

7  Affirmative Defense pled in Defendants' Answer (ECF 130).

8  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 127:**

9      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

11 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

12 the attorney-client privilege and as work product.  Responding Party further objects that this request is

13 premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

14 discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

15 opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

16 yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

17 opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

18 the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

19 a precautionary measure based on information available to defense counsel at the time of filing of the

20 answer to preserve applicable defenses, which are legal in nature and based on statutory law.

21 REQUEST FOR ADMISSIONS NO. 128:

22 Admit that each responding Defendant is aware of no facts showing that "Plaintiff unreasonably failed to

23 take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise

24 avoid harm" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

25 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 128:**

26      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

27 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

28 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 129:

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130)

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 129:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 130:

Admit that each responding Defendant is aware of no facts showing that "they exercised reasonable care to prevent and promptly correct any allegedly harassing behavior, and that the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 130:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 131:

Admit that each responding Defendant is aware of no evidence showing that "they exercised reasonable care to prevent and promptly correct any allegedly harassing behavior, and that the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 131:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by

1  the attorney-client privilege and as work product.  Responding Party further objects that this request is

2  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

3  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

4  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

5  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

6  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

7  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

8  a precautionary measure based on information available to defense counsel at the time of filing of the

9  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

10  REQUEST FOR ADMISSIONS NO. 132:

11  Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not performing

12  his job duties satisfactorily" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants'

13  Answer (ECF 130).

14  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 132:**

15  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

16  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

17  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

18  the attorney-client privilege and as work product.  Responding Party further objects that this request is

19  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

20  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

21  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

22  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

23  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

24  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

25  a precautionary measure based on information available to defense counsel at the time of filing of the

26  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

27  REQUEST FOR ADMISSIONS NO. 133:

28  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff was not

71

1  performing his job duties satisfactorily" as alleged in the Twenty-Sixth Affirmative Defense pled in

2  Defendants' Answer (ECF 130).

3  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 133:**

4      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

7  the attorney-client privilege and as work product.  Responding Party further objects that this request is

8  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

9  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

10  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

11  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

12  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

13  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

14  a precautionary measure based on information available to defense counsel at the time of filing of the

15  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

16  REQUEST FOR ADMISSIONS NO. 134:

17  Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not a qualified

18  individual as defined by California's Fair Employment and Housing Act" as alleged in the Twenty-Sixth

19  Affirmative Defense pled in Defendants' Answer (ECF 130).

20  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 134:**

21      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

24  the attorney-client privilege and as work product.  Responding Party further objects that this request is

25  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

26  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

27  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

28  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

1 opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to

2 the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

3 a precautionary measure based on information available to defense counsel at the time of filing of the

4 answer to preserve applicable defenses, which are legal in nature and based on statutory law.

5 REQUEST FOR ADMISSIONS NO. 135:

6 Admit that each responding Defendant is aware of no evidence showing that "Plaintiff was not a

7 qualified individual as defined by California's Fair Employment and Housing Act" as alleged in the

8 Twenty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

9 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 135:**

10       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

11 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

12 expert's opinion. Responding Party objects to the extent that this request seeks information protected by

13 the attorney-client privilege and as work product. Responding Party further objects that this request is

14 premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

15 discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

16 opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

17 yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

18 opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to

19 the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

20 a precautionary measure based on information available to defense counsel at the time of filing of the

21 answer to preserve applicable defenses, which are legal in nature and based on statutory law.

22 REQUEST FOR ADMISSIONS NO. 136:

23 Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not performing

24 his job duties satisfactorily and he was not a qualified individual as defined by California's Fair

25 Employment and Housing Act" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants'

26 Answer (ECF 130).

27

28 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 136:**

73

1    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

2  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

3  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

4  the attorney-client privilege and as work product.  Responding Party further objects that this request is

5  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

6  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

7  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

8  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

9  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

10  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

11  a precautionary measure based on information available to defense counsel at the time of filing of the

12  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

13  REQUEST FOR ADMISSIONS NO. 137:

14  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff was not

15  performing his job duties satisfactorily and he was not a qualified individual as defined by California's

16  Fair Employment and Housing Act" as alleged in the Twenty-Sixth Affirmative Defense pled in

17  Defendants' Answer (ECF 130).

18  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 137:**

19    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

20  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

21  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

22  the attorney-client privilege and as work product.  Responding Party further objects that this request is

23  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

24  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

25  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

26  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

27  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

28  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

1  a precautionary measure based on information available to defense counsel at the time of filing of the

2  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

3  REQUEST FOR ADMISSIONS NO. 138:

4  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's Third Amended

5  Complaint and each of its causes of action are barred either in whole or in part by the doctrine of after-

6  acquired evidence" as alleged in the Twenty-Seventh Affirmative Defense pled in Defendants' Answer

7  (ECF 130).

8  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 138:**

9       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

11  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

12  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

13  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

14  measure based on information available to defense counsel at the time of filing of the answer to preserve

15  applicable defenses, which are legal in nature and based on statutory law.

16  REQUEST FOR ADMISSIONS NO. 139:

17  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's Third Amended

18  Complaint and each of its causes of action are barred either in whole or in part by the doctrine of after-

19  acquired evidence" as alleged in the Twenty-Seventh Affirmative Defense pled in Defendants' Answer

20  (ECF 130).

21  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 139:**

22       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

26  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

27  measure based on information available to defense counsel at the time of filing of the answer to preserve

28  applicable defenses, which are legal in nature and based on statutory law.

75

BAHADURSINGH'S RESPONSE TO REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1   REQUEST FOR ADMISSIONS NO. 140:

2   Admit that each responding Defendant is aware of no facts showing that "they are immune from liability

3   [through proper application of] California Government Code Section 818.8" as alleged in the Twenty-

4   Eighth Affirmative Defense pled in Defendants' Answer (ECF 130).

5   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 140:**

6          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

7   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

8   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

9   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

10  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

11  measure based on information available to defense counsel at the time of filing of the answer to preserve

12  applicable defenses, which are legal in nature and based on statutory law.

13  REQUEST FOR ADMISSIONS NO. 141:

14  Admit that each responding Defendant is aware of no evidence showing that "they are immune from

15  liability [through proper application of] California Government Code Section 818.8" as alleged in the

16  Twenty-Eighth Affirmative Defense pled in Defendants' Answer (ECF 130).

17  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 141:**

18         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

19  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

20  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

21  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

22  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

23  measure based on information available to defense counsel at the time of filing of the answer to preserve

24  applicable defenses, which are legal in nature and based on statutory law.

25  REQUEST FOR ADMISSIONS NO. 142:

26  Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from

27  liability [through proper application of] California Government Code Section 821.6 for public entity

28  employees instituting/prosecuting any and all judicial proceedings against Plaintiff which relate to the

1  subject incident" as alleged in the Twenty-Ninth Affirmative Defense pled in Defendants' Answer (ECF

2  130).

3  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 142:**

4       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

7  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

8  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

9  measure based on information available to defense counsel at the time of filing of the answer to preserve

10 applicable defenses, which are legal in nature and based on statutory law.

11 REQUEST FOR ADMISSIONS NO. 143:

12 Admit that each responding Defendant is aware of no evidence showing that "Defendants are immune

13 from liability [through proper application of] California Government Code Section 821.6 for public

14 entity employees instituting/prosecuting any and all judicial proceedings against Plaintiff which relate to

15 the subject incident" as alleged in the Twenty-Ninth Affirmative Defense pled in Defendants' Answer

16 (ECF 130).

17 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 143:**

18      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

19 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

20 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

21 the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

22 request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

23 measure based on information available to defense counsel at the time of filing of the answer to preserve

24 applicable defenses, which are legal in nature and based on statutory law.

25 REQUEST FOR ADMISSIONS NO. 144:

26 Admit that each responding Defendant is aware of no facts showing that "each of the allegedly adverse

27 employment actions Plaintiff alleges he was subjected to do not constitute adverse employment actions"

28 as alleged in the Thirtieth Affirmative Defense pled in the Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 144:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that he was subjected to adverse employment action(s). Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 145:

Admit that each responding Defendant is aware of no evidence showing that "each of the allegedly adverse employment actions Plaintiff alleges he was subjected to do not constitute adverse employment actions" as alleged in the Thirtieth Affirmative Defense Pled in the Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 145:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

1   yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

2   opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that

3   this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

4   establish through evidence that he was subjected to adverse employment action(s).   Responding Party

5   further objects to the extent that this request is premature as all affirmative defenses are pleaded  upon

6   advice of counsel as a precautionary measure based on information available to defense counsel at the

7   time of filing of the answer to preserve applicable defenses, which are legal in nature and based on

8   statutory law.

9   REQUEST FOR ADMISSIONS NO. 146:

10   Admit that each responding Defendant is aware of no facts showing that "Plaintiff did not engage in

11   protected activity" as alleged in the Thirty-First Affirmative Defense pled in Defendants' Answer (ECF

12   130).

13   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 146:**

14   Responding Party objects to this request on the grounds that it calls for a legal conclusion.

15   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

16   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

17   the attorney-client privilege and as work product.  Responding Party further objects that this request is

18   premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

19   discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

20   opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

21   yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

22   opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects that

23   this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

24   establish through evidence that he engaged in protected activity.  Responding Party further objects to the

25   extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a

26   precautionary measure based on information available to defense counsel at the time of filing of the

27   answer to preserve applicable defenses, which are legal in nature and based on statutory law.

28   REQUEST FOR ADMISSIONS NO. 147:

79

1   Admit that each responding Defendant is aware of no evidence showing that "Plaintiff did not engage in

2   protected activity" as alleged in the Thirty-First Affirmative Defense pled in Defendants' Answer (ECF

3   130).

4   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 147:**

5         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8   the attorney-client privilege and as work product.  Responding Party further objects that this request is

9   premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

10  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

11  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

12  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

13  opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that

14  this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

15  establish through evidence that he engaged in protected activity.  Responding Party further objects to the

16  extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a

17  precautionary measure based on information available to defense counsel at the time of filing of the

18  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

19  REQUEST FOR ADMISSIONS NO. 148:

20  Admit that each responding Defendant is aware of no facts showing that "lawful motive alone would

21  have led to the same employment decisions  and that they [Defendants] therefore cannot be held liable

22  pursuant to, *inter alia,* California Education Code Section 87164(j)" as alleged in the Thirty-Second

23  Affirmative Defense pled in Defendants' Answer (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 148:**

25         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

28  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

1  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

2  measure based on information available to defense counsel at the time of filing of the answer to preserve

3  applicable defenses, which are legal in nature and based on statutory law.

4  REQUEST FOR ADMISSIONS NO. 149:

5  Admit that each responding Defendant is aware of no evidence showing that "lawful motive alone would

6  have led to the same employment decisions  and that they [Defendants] therefore cannot be held liable

7  pursuant to, *inter alia,* California Education Code Section 87164(j)" as alleged in the Thirty- Second

8  Affirmative Defense pled in Defendants' Answer (ECF 130).

9  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 149:**

10        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

11  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

12  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

13  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

14  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

15  measure based on information available to defense counsel at the time of filing of the answer to preserve

16  applicable defenses, which are legal in nature and based on statutory law.

17  REQUEST FOR ADMISSIONS NO. 150:

18  Admit that each responding Defendant is aware of no facts showing that "they responded reasonably to

19  Plaintiff's complaints" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer

20  (ECF 130).

21  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 150:**

22        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25  the attorney-client privilege and as work product.  Responding Party further objects that this request is

26  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

27  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

28  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

81

1  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

2  opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to

3  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

4  a precautionary measure based on information available to defense counsel at the time of filing of the

5  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

6  REQUEST FOR ADMISSIONS NO. 151:

7  Admit that each responding Defendant is aware of no evidence showing that "they responded reasonably

8  to Plaintiff's complaints" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer

9  (ECF 130).

10  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 151:**

11  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

13  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

14  the attorney-client privilege and as work product. Responding Party further objects that this request is

15  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

16  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

17  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

18  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

19  opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to

20  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

21  a precautionary measure based on information available to defense counsel at the time of filing of the

22  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

23  REQUEST FOR ADMISSIONS NO. 152:

24  Admit that each responding Defendant is aware of no facts showing that "they did not have actual or

25  constructive notice of any alleged harassment, discrimination, or retaliation" as alleged in the Thirty-

26  Third Affirmative Defense pled in Defendants' Answer (ECF 130).

27

28  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 152:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that Defendants had actual or constructive notice of any alleged retaliation. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 153:

Admit that each responding Defendant is aware of no evidence showing that "they did not have actual or constructive notice of any alleged harassment, discrimination, or retaliation" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 153:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

BAHADURSINGH'S RESPONSE TO REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that

2  this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

3  establish through evidence that Defendants had actual or constructive notice of any alleged retaliation.

4  Responding Party further objects to the extent that this request is premature as all affirmative defenses

5  are pleaded upon advice of counsel as a precautionary measure based on information available to defense

6  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

7  based on statutory law.

8  REQUEST FOR ADMISSIONS NO. 154:

9  Admit that each responding Defendant is aware of no facts showing that "they responded reasonably to

10  Plaintiff's complaints and that they did not have actual or constructive notice of any alleged harassment,

11  discrimination, or retaliation" as alleged in the Thirty-Third Affirmative Defense pled in Defendants'

12  Answer (ECF 130).

13  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 154:**

14  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

15  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

16  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

17  the attorney-client privilege and as work product. Responding Party further objects that this request is

18  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

19  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

20  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

21  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

22  opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that

23  this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

24  establish through evidence that Defendants had actual or constructive notice of any alleged retaliation.

25  Responding Party further objects to the extent that this request is premature as all affirmative defenses

26  are pleaded upon advice of counsel as a precautionary measure based on information available to defense

27  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

28  based on statutory law.

REQUEST FOR ADMISSIONS NO. 155:

Admit that each responding Defendant is aware of no evidence showing that "they responded reasonably to Plaintiff's complaints and that they did not have actual or constructive notice of any alleged harassment, discrimination, or retaliation" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 155:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that Defendants had actual or constructive notice of any alleged retaliation. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 156:

Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged" as alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 156:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

1  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

2  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

3  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

4  measure based on information available to defense counsel at the time of filing of the answer to preserve

5  applicable defenses, which are legal in nature and based on statutory law.

6  REQUEST FOR ADMISSIONS NO. 157:

7  Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

8  affecting the terms and/or conditions of Plaintiff's employment were privileged" as alleged in the Thirty-

9  Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

10  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 157:**

11      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

13  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

14  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

15  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

16  measure based on information available to defense counsel at the time of filing of the answer to preserve

17  applicable defenses, which are legal in nature and based on statutory law.

18  REQUEST FOR ADMISSIONS NO. 158:

19  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

20  the terms and/or conditions of Plaintiff's employment were protected by qualified immunity" as alleged

21  in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

22  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 158:**

23      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

24  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

25  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

26  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

27  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

28  measure based on information available to defense counsel at the time of filing of the answer to preserve

1  applicable defenses, which are legal in nature and based on statutory law.

2  REQUEST FOR ADMISSIONS NO. 159:

3  Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

4  affecting the terms and/or conditions of Plaintiff's employment were protected by qualified immunity" as

5  alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

6  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 159:**

7  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

8  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

9  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

10  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

11  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

12  measure based on information available to defense counsel at the time of filing of the answer to preserve

13  applicable defenses, which are legal in nature and based on statutory law.

14  REQUEST FOR ADMISSIONS NO. 160:

15  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

16  the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in the

17  Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

18  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 160:**

19  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

20  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

21  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

22  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

23  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

24  measure based on information available to defense counsel at the time of filing of the answer to preserve

25  applicable defenses, which are legal in nature and based on statutory law.

26  REQUEST FOR ADMISSIONS NO. 161:

27  Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

28  affecting the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in

87

1  the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

2  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 161:**

3      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

6  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

7  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

8  measure based on information available to defense counsel at the time of filing of the answer to preserve

9  applicable defenses, which are legal in nature and based on statutory law.

10  REQUEST FOR ADMISSIONS NO. 162:

11  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

12  the terms and/or conditions of Plaintiff's employment were privileged, protected by qualified immunity

13  and/or done with good cause" as alleged in the Thirty-Fourth Affirmative Defense pled in Defendants'

14  Answer (ECF 130)

15  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 162:**

16      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

17  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

18  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

19  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

20  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

21  measure based on information available to defense counsel at the time of filing of the answer to preserve

22  applicable defenses, which are legal in nature and based on statutory law.

23  REQUEST FOR ADMISSIONS NO. 163:

24  Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

25  affecting the terms and/or conditions of Plaintiff's employment were privileged, protected by qualified

26  immunity and/or done with good cause" as alleged in the Thirty-Fourth Affirmative Defense pled in

27  Defendants' Answer (ECF 130).

28  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 163:**

1   Responding Party objects to this request on the grounds that it calls for a legal conclusion.

2   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

3   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

4   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

5   request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

6   measure based on information available to defense counsel at the time of filing of the answer to preserve

7   applicable defenses, which are legal in nature and based on statutory law.

8   REQUEST FOR ADMISSIONS NO. 164:

9   Admit that each responding Defendant is aware of no facts showing that "Plaintiff's gender was not a

10  motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty- Fifth

11  Affirmative Defense pled in Defendants' Answer (ECF 130).

12  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 164:**

13  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

14  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

15  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

16  the attorney-client privilege and as work product.  Responding Party further objects that this request is

17  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

18  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

19  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

20  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

21  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

22  nature and based on statutory law.

23  REQUEST FOR ADMISSIONS NO. 165:

24  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's gender was not a

25  motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty- Fifth

26  Affirmative Defense pled in Defendants' Answer (ECF 130).

27

28  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 165:**

89

1  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

2  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

3  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

4  the attorney-client privilege and as work product.  Responding Party further objects that this request is

5  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

6  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

7  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

8  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

9  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

10  nature and based on statutory law.

11  REQUEST FOR ADMISSIONS NO. 166:

12  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's race was not a

13  motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty-Fifth Affirmative

14  Defense pled in Defendants' Answer (ECF 130).

15  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 166:**

16  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

17  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

18  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

19  the attorney-client privilege and as work product.  Responding Party further objects that this request is

20  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

21  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

22  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

23  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

24  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

25  nature and based on statutory law.

26  REQUEST FOR ADMISSIONS NO. 167:

27  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's race was not a

28  motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty- Fifth

90

1  Affirmative Defense pled in Defendants' Answer (ECF 130).

2  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 167:**

3        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

6  the attorney-client privilege and as work product.  Responding Party further objects that this request is

7  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

8  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

9  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

10  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

11  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

12  nature and based on statutory law.

13  REQUEST FOR ADMISSIONS NO. 168:

14  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's gender, sex, and/or

15  race was [were] not a motivating factor in their [Defendants'] employment decisions and any decision

16  would have been made regardless of Plaintiff's gender, national origin and/or alleged participation in

17  protected activity" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF

18  130).

19  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 168:**

20        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

21  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

22  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

23  the attorney-client privilege and as work product.  Responding Party further objects that this request is

24  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

25  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

26  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

27  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

28  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

1  nature and based on statutory law.

2  REQUEST FOR ADMISSIONS NO. 169:

3  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's gender, sex,

4  and/or race was [were] not a motivating factor in their [Defendants'] employment decisions" as alleged

5  in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

6  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 169:**

7       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

8  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

9  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

10  the attorney-client privilege and as work product. Responding Party further objects that this request is

11  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

12  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

13  decisions. Responding Party further objects that this request is vague and ambiguous as it calls for

14  evidence proving a negative; it is Plaintiff's burden to establish through evidence that his gender, sex,

15  and/or race were a motivating factor in Defendants' employment decisions. Responding Party further

16  objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

17  counsel as a precautionary measure based on information available to defense counsel at the time of

18  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

19  REQUEST FOR ADMISSIONS NO. 170:

20  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's engagement in

21  alleged protected activity was not a motivating factor in their employment decisions" as alleged in the

22  Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

23  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 170:**

24       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

26  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

27  the attorney-client privilege and as work product. Responding Party further objects that this request is

28  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

1  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

2  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

3  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

4  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

5  nature and based on statutory law.

6  REQUEST FOR ADMISSIONS NO. 171:

7  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's engagement in

8  alleged protected activity was not a motivating factor in their employment decisions" as alleged in the

9  Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

10  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 171:**

11       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

13  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

14  the attorney-client privilege and as work product.  Responding Party further objects that this request is

15  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

16  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

17  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

18  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

19  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

20  nature and based on statutory law.

21  REQUEST FOR ADMISSIONS NO. 172:

22  Admit that each responding Defendant is aware of no facts showing that "any [employment] decision

23  would have been made regardless of Plaintiff's gender, national origin and/or alleged participation in

24  protected activity" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF

25  130).

26  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 172:**

27       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

28  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

93

1  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

2  the attorney-client privilege and as work product.  Responding Party further objects that this request is

3  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

4  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

5  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

6  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

7  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

8  nature and based on statutory law.

9  REQUEST FOR ADMISSIONS NO. 173:

10  Admit that each responding Defendant is aware of no evidence showing that "any [employment] decision

11  would have been made regardless of Plaintiff's gender, national origin and/or alleged participation in

12  protected activity" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF

13  130).

14  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 173:**

15       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

16  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

17  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

18  the attorney-client privilege and as work product.  Responding Party further objects that this request is

19  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

20  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

21  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

22  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

23  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

24  nature and based on statutory law.

25  REQUEST FOR ADMISSIONS NO. 174:

26  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's gender, sex, race,

27  national origin, disability and/or engagement in alleged protected activity was not a motivating factor in

28  their employment decisions and any decision would have been made regardless of Plaintiff's gender,

1  national origin and/or alleged participation in protected activity" as alleged in the Thirty-Fifth

2  Affirmative Defense pled in Defendants' Answer (ECF 130).

3  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 174:**

4          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

7  the attorney-client privilege and as work product. Responding Party further objects that this request is

8  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

9  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

10 decisions. Responding Party further objects to the extent that this request is premature as all affirmative

11 defenses are pleaded upon advice of counsel as a precautionary measure based on information available

12 to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

13 nature and based on statutory law.

14 REQUEST FOR ADMISSIONS NO. 175:

15 Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's gender, sex,

16 race, national origin, disability and/or engagement in alleged protected activity was not a motivating

17 factor in their employment decisions and any decision would have been made regardless of Plaintiff's

18 gender, national origin and/or alleged participation in protected activity" as alleged in the Thirty-Fifth

19 Affirmative Defense pled in Defendants' Answer (ECF 130).

20 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 175:**

21         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23 expert's opinion. Responding Party objects to the extent that this request seeks information protected by

24 the attorney-client privilege and as work product. Responding Party further objects that this request is

25 vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

26 through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

27 decisions. Responding Party further objects to the extent that this request is premature as all affirmative

28 defenses are pleaded upon advice of counsel as a precautionary measure based on information available

1  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

2  nature and based on statutory law.

3  REQUEST FOR ADMISSIONS NO. 176:

4  Admit that each responding Defendant is aware of no facts showing that "the alleged conduct complained

5  of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful discrimination" as

6  alleged in the Thirty-Sixth Affirmative Defense pled in the Answer (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 176:**

8        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

11  the attorney-client privilege and as work product.  Responding Party further objects that this request is

12  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

13  depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

14  request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

15  establish through evidence that the conduct alleged rises to an actionable level.  Responding Party further

16  objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

17  counsel as a precautionary measure based on information available to defense counsel at the time of

18  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

19  REQUEST FOR ADMISSIONS NO. 177:

20  Admit that each responding Defendant is aware of no evidence showing that "the alleged conduct

21  complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful

22  discrimination" as alleged in the Thirty-Sixth Affirmative Defense pled in the Answer (ECF 130).

23  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 177:**

24        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

26  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

27  the attorney-client privilege and as work product.  Responding Party further objects that this request is

28  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

depositions or to propound written discovery to Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that the conduct alleged rises to an actionable level. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 178:

Admit that each responding Defendant is aware of no facts showing that "the alleged conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful retaliation" as alleged in the Thirty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 178:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to propound written discovery to Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that the conduct alleged rises to an actionable level. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 179:

Admit that each responding Defendant is aware of no evidence showing that "the alleged conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful retaliation" as alleged in the Thirty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 179:**

1    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

2    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

3    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

4    the attorney-client privilege and as work product.  Responding Party further objects that this request is

5    premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

6    depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

7    request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

8    establish through evidence that the conduct alleged rises to an actionable level.  Responding Party further

9    objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

10   counsel as a precautionary measure based on information available to defense counsel at the time of

11   filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

12   REQUEST FOR ADMISSIONS NO. 180:

13   Admit that each responding Defendant is aware of no facts showing that "the alleged conduct complained

14   of by Plaintiff does not, as a matter of law, rise to the level of actionable deprivation of due process

15   rights" as alleged in the Thirty-Sixth Affirmative Defense pled in the Answer (ECF 130).

16   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 180:**

17   Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

20   the attorney-client privilege and as work product.  Responding Party further objects that this request is

21   premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

22   depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

23   request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

24   establish through evidence that the conduct alleged rises to an actionable level.  Responding Party further

25   objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

26   counsel as a precautionary measure based on information available to defense counsel at the time of

27   filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

28   REQUEST FOR ADMISSIONS NO. 181:

98

1    Admit that each responding Defendant is aware of no evidence showing that "the alleged conduct

2    complained of by Plaintiff does not, as a matter of law, rise to the level of actionable deprivation of due

3    process rights" as alleged in the Thirty-Sixth Affirmative Defense pled in the Answer (ECF 130).

4    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 181:**

5    　　　Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8    the attorney-client privilege and as work product.  Responding Party further objects that this request is

9    premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

10   depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

11   request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

12   establish through evidence that the conduct alleged rises to an actionable level.  Responding Party further

13   objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

14   counsel as a precautionary measure based on information available to defense counsel at the time of

15   filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

16   REQUEST FOR ADMISSIONS NO. 182:

17   Admit that each responding Defendant is aware of no facts showing that "the alleged conduct complained

18   of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful discrimination,

19   retaliation, and/or deprivation of due process rights" as alleged in the Thirty-Sixth Affirmative Defense

20   pled in Defendants' Answer (ECF 130).

21   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 182:**

22   　　　Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25   the attorney-client privilege and as work product.  Responding Party further objects that this request is

26   premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

27   depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

28   request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

1  establish through evidence that the conduct alleged rises to an actionable level. Responding Party further

2  objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

3  counsel as a precautionary measure based on information available to defense counsel at the time of

4  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

5  REQUEST FOR ADMISSIONS NO. 183:

6  Admit that each responding Defendant is aware of no evidence showing that "the alleged conduct

7  complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful

8  discrimination, retaliation, and/or deprivation of due process rights" as alleged in the Thirty-Sixth

9  Affirmative Defense pled in Defendants' Answer (ECF 130).

10  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 183:**

11       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

13  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

14  the attorney-client privilege and as work product. Responding Party further objects that this request is

15  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

16  depositions or to propound written discovery to Plaintiff. Responding Party further objects that this

17  request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

18  establish through evidence that the conduct alleged rises to an actionable level. Responding Party further

19  objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

20  counsel as a precautionary measure based on information available to defense counsel at the time of

21  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

22  REQUEST FOR ADMISSIONS NO. 184:

23  Admit that each responding Defendant is aware of no facts showing that "Plaintiff cannot show that any

24  similarly situated employees were treated more favorably" as alleged in their first Thirty- Seventh

25  Affirmative Defense pled in Defendants' Answer (ECF 130).

26  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 184:**

27       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

28  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

BAHADURSINGH'S RESPONSE TO REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

2  the attorney-client privilege and as work product.  Responding Party further objects that this request is

3  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

4  depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

5  request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

6  establish through evidence that similarly situated employees were treated differently.  Responding Party

7  further objects to the extent that this request is premature as all affirmative defenses are pleaded upon

8  advice of counsel as a precautionary measure based on information available to defense counsel at the

9  time of filing of the answer to preserve applicable defenses, which are legal in nature and based on

10  statutory law.

11  REQUEST FOR ADMISSIONS NO. 185:

12  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff cannot show that

13  any similarly situated employees were treated more favorably" as alleged in their first Thirty-Seventh

14  Affirmative Defense pled in Defendants' Answer (ECF 130).

15  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 185:**

16  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

17  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

18  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

19  the attorney-client privilege and as work product.  Responding Party further objects that this request is

20  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

21  depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

22  request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

23  establish through evidence that similarly situated employees were treated differently.  Responding Party

24  further objects to the extent that this request is premature as all affirmative defenses are pleaded upon

25  advice of counsel as a precautionary measure based on information available to defense counsel at the

26  time of filing of the answer to preserve applicable defenses, which are legal in nature and based on

27  statutory law.

28  REQUEST FOR ADMISSIONS NO. 186:

1  Admit that each responding Defendant is aware of no facts showing that "the relevant decisions

2  regarding Plaintiff's position were made prior to Plaintiff engaging in any allegedly protected activity" as

3  alleged in their second Thirty-Seventh Affirmative Defense pled in the Answer (ECF 130).

4  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 186:**

5      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8  the attorney-client privilege and as work product.  Responding Party further objects that this request is

9  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

10 depositions or to propound written discovery to Plaintiff.  Responding Party further objects to the extent

11 that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a

12 precautionary measure based on information available to defense counsel at the time of filing of the

13 answer to preserve applicable defenses, which are legal in nature and based on statutory law.

14 REQUEST FOR ADMISSIONS NO. 187:

15 Admit that each responding Defendant is aware of no evidence showing that "the relevant decisions

16 regarding Plaintiff's position were made prior to Plaintiff engaging in any allegedly protected activity" as

17 alleged in their second Thirty-Seventh Affirmative Defense pled in their Answer (ECF 130).

18 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 187:**

19     Responding Party objects to this request on the grounds that it calls for a legal conclusion.

20 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

21 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

22 the attorney-client privilege and as work product.  Responding Party further objects that this request is

23 premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

24 depositions or to propound written discovery to Plaintiff.  Responding Party further objects to the extent

25 that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a

26 precautionary measure based on information available to defense counsel at the time of filing of the

27 answer to preserve applicable defenses, which are legal in nature and based on statutory law.

28 REQUEST FOR ADMISSIONS NO. 188:

BAHADURSINGH'S RESPONSE TO REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  Admit that each responding Defendant is aware of no facts showing that "there is no causal connection

2  between the alleged adverse employment actions and any alleged protected activity" as alleged in their

3  Thirty-Eighth Affirmative Defense pled in Defendants' Answer (ECF 130).

4  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 188:**

5        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8  the attorney-client privilege and as work product.  Responding Party further objects that this request is

9  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

10  depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

11  request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

12  establish through evidence the existence of a causal connection between any alleged adverse employment

13  actions and any alleged protected activity.  Responding Party further objects to the extent that this request

14  is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure

15  based on information available to defense counsel at the time of filing of the answer to preserve

16  applicable defenses, which are legal in nature and based on statutory law.

17  REQUEST FOR ADMISSIONS NO. 189:

18  Admit that each responding Defendant is aware of no evidence showing that "there is no causal

19  connection between the alleged adverse employment actions and any alleged protected activity" as

20  alleged in their Thirty-Eighth Affirmative Defense pled in Defendants' Answer (ECF 130).

21  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 189:**

22        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25  the attorney-client privilege and as work product.  Responding Party further objects that this request is

26  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

27  depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

28  request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

BAHADURSINGH'S RESPONSE TO REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  establish through evidence the existence of a causal connection between any alleged adverse employment

2  actions and any alleged protected activity.  Responding Party further objects to the extent that this request

3  is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure

4  based on information available to defense counsel at the time of filing of the answer to preserve

5  applicable defenses, which are legal in nature and based on statutory law.

6  REQUEST FOR ADMISSIONS NO. 190:

7  Admit that each responding Defendant is aware of no facts showing that Defendants AUSTIN, BARK,

8  HICKEY, and BAHADURSINGH "did not personally participate in any deprivations or violations of

9  Plaintiff's due process rights" as alleged in their Thirty-Ninth Affirmative Defense pled in Defendants'

10  Answer (ECF 130).

11  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 190:**

12  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

13  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

14  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

15  the attorney-client privilege and as work product.  Responding Party further objects that this request is

16  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

17  depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

18  request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

19  establish through evidence that Defendants personally participated in deprivations or violations of

20  Plaintiff's rights.  Responding Party further objects to the extent that this request is premature as all

21  affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on

22  information available to defense counsel at the time of filing of the answer to preserve applicable

23  defenses, which are legal in nature and based on statutory law.

24  REQUEST FOR ADMISSIONS NO. 191:

25  Admit that each responding Defendant is aware of no evidence showing that Defendants AUSTIN,

26  BARK, HICKEY, and BAHADURSINGH "did not personally participate in any deprivations or

27  violations of Plaintiff's due process rights" as alleged in their Thirty-Ninth Affirmative Defense pled in

28  Defendants' Answer (ECF 130).

1   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 191:**

2          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

3   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

4   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

5   the attorney-client privilege and as work product.  Responding Party further objects that this request is

6   premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

7   depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

8   request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

9   establish through evidence that Defendants personally participated in deprivations or violations of

10  Plaintiff's rights.  Responding Party further objects to the extent that this request is premature as all

11  affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on

12  information available to defense counsel at the time of filing of the answer to preserve applicable

13  defenses, which are legal in nature and based on statutory law.

14  REQUEST FOR ADMISSIONS NO. 192:

15  Admit that each responding Defendant is aware of no facts showing that "the Third Amended Complaint

16  is couched in conclusory terms" as alleged in their Fortieth Affirmative Defense pled in Defendants'

17  Answer (ECF 130).

18  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 192:**

19         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

20  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

21  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

22  the attorney-client privilege and as work product.  Responding Party further objects that this request is

23  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

24  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

25  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

26  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

27  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

28  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

105

a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 193:

Admit that each responding Defendant is aware of no evidence showing that "the Third Amended Complaint is couched in conclusory terms" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 193:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 194:

Admit that each responding Defendant is aware of no facts showing that "Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 194:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is

1  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

2  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

3  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

4  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

5  opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to

6  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

7  a precautionary measure based on information available to defense counsel at the time of filing of the

8  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

9  REQUEST FOR ADMISSIONS NO. 195:

10  Admit that each responding Defendant is aware of no evidence showing that "Defendants cannot fully

11  anticipate all affirmative defenses that may be applicable to this action" as alleged in their Fortieth

12  Affirmative Defense pled in Defendants' Answer (ECF 130).

13  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 195:**

14  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

15  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

16  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

17  the attorney-client privilege and as work product. Responding Party further objects that this request is

18  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

19  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

20  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

21  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

22  opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to

23  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

24  a precautionary measure based on information available to defense counsel at the time of filing of the

25  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

26  REQUEST FOR ADMISSIONS NO. 196:

27  Admit that each responding Defendant is aware of no facts showing that they are legally entitled to

28  reserve "the right to assert additional affirmative defenses" as alleged in their Fortieth Affirmative

107

1    Defense pled in Defendants' Answer (ECF 130).

2    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 196:**

3    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

6    the attorney-client privilege and as work product.  Responding Party further objects that this request is

7    premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

8    discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

9    opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

10   yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

11   opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

12   the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

13   a precautionary measure based on information available to defense counsel at the time of filing of the

14   answer to preserve applicable defenses, which are legal in nature and based on statutory law.

15   REQUEST FOR ADMISSIONS NO. 197:

16   Admit that each responding Defendant is aware of no facts showing that "the Third Amended Complaint

17   is couched in conclusory terms, [such that] the Defendants cannot fully anticipate all affirmative defenses

18   that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if

19   and to the extent that such affirmative defenses are applicable, is hereby reserved" as alleged in their

20   Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

21   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 197:**

22   Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25   the attorney-client privilege and as work product.  Responding Party further objects that this request is

26   premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

27   discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

28   opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

BAHADURSINGH'S RESPONSE TO REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 198:

Admit that each responding Defendant is aware of no evidence showing that "the Third Amended Complaint is couched in conclusory terms, [such that] the Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 198:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

**FORM INTERROGATORY 17.1**

For each Request for Admission Set 2 Numbered 1 through 198, above, where the responding Defendants respond with anything other than an unqualified admission:

(a) State all facts supporting the response.

(b) Identify all documents supporting the response.

(c) Identify all witnesses who will support the response.

**RESPONSE TO FORM INTERROGATORY 17.1**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party objects to the extent that this request is vague and ambiguous as it calls for evidence and documents proving a negative. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.


Dated: May 15, 2025                    BERTRAND, FOX, ELLIOT, OSMAN & WENZEL



                                       By: _____
                                           Eugene B. Elliot
                                           Ethan M. Lowry
                                           Benjamin I. Oreper
                                           Attorneys for Defendants
                                           PALO ALTO UNIFIED SCHOOL DISTRICT,
                                           AMANDA BARK, LISA HICKEY and TRENT
                                           BAHADURSINGH

BAHADURSINGH'S RESPONSE TO REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am employed in the County of San Francisco, California; I am over the age of eighteen years and not a party to the within cause; and my business address is 2749 Hyde Street, San Francisco, California 94109.

I am readily familiar with the practice of Bertrand, Fox, Elliot, Osman & Wenzel with respect to the collection and processing of pleadings, discovery documents, motions and all other documents which must be served upon opposing parties or other counsel in litigation.   On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

On **May 15, 2025**, I served the following document:

**DEFENDANTS TRENT BAHADURSINGH'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET NUMBER 2 – RE: DEFENDANTS' AFFIRMATIVE DEFENSES [FRCP RULES 26 AND 36, L-R 36] AND FORM INTERROGATORY 17.1 RE: RFAS SET NUMBER 2 [PER JOINT RULE 26(f) REPORT (ECF 10); FRCP RULES 26, 33 AND L-R 33]**

on the following interested parties:

| | |
|---|---|
| Evan C. Nelson | Alison K. Beanum |
| LAW OFFICE OF EVAN C. NELSON | Veena A. Mitchell |
| evancnelson.law@gmail.com | CLYDE & CO US LLP |
| | alison.beanum@clydeco.us |
| | veena.mitchell@clydeco.us |
| *Attorney for Plaintiff* | *Attorneys for Defendant Don Austin* |

Said service was performed in the following manner:

(✓)    **BY ELECTRONIC MAIL SERVICE (E-Mail)**: Pursuant to the parties' agreement to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above.   I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed **May 15, 2025**, at San Francisco, California.

_____
Sergio Guerero

**EXHIBIT 249**

1  Eugene B. Elliot, State Bar No. 111475
   Ethan M. Lowry, State Bar No. 278831
2  Benjamin I. Oreper, State Bar No. 329480
   BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
3  2749 Hyde Street
   San Francisco, California 94109
4  Telephone: (415) 353-0999
   Facsimile:  (415) 353-0990
5  Email:    eelliot@bfesf.com
             elowry@bfesf.com
6             boreper@bfesf.com
7

8  Attorneys for Defendants
   PALO ALTO UNIFIED SCHOOL DISTRICT, AMANDA BARK,
9  LISA HICKEY and TRENT BAHADURSINGH

10

11                  UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13  PETER COLOMBO,                    | Case No. 5:24-cv-00909-NC

14         Plaintiff,                 | **DEFENDANT LISA HICKEY'S RESPONSE TO**
                                      | **PLAINTIFF'S REQUESTS FOR ADMISSIONS**
15  v.                               | **SET NUMBER 2 – RE: DEFENDANTS'**
                                      | **AFFIRMATIVE DEFENSES**
16  PALO ALTO UNIFIED SCHOOL DISTRICT, | **[FRCP RULES 26 AND 36, L-R 36]**
    et al.,                          |
17                                    | **FORM INTERROGATORY 17.1 RE: RFAS SET**
18         Defendants.               | **NUMBER 2 [PER JOINT RULE 26(f) REPORT**
                                      | **(ECF 10); FRCP RULES 26, 33 AND L-R 33]**
19

20

21

22

23

24

25

26

27

28

---

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

## PRELIMINARY STATEMENT

Defendant LISA HICKEY ("Defendant") has not yet completed her investigation or analysis of the facts relating to this case, has not completed discovery and has not completed preparation for trial. Accordingly, these responses are given without prejudice to Defendant's rights to produce evidence of any subsequently discovered facts or interpretations thereof and/or to add to, modify or to otherwise change or amend the responses herein. The information hereinafter set forth is true and correct to the best of Defendant's knowledge at this time, and is subject to correction for inadvertent errors or omissions, if any errors or omissions shall hereafter be found to exist.

Defendant expressly reserves the right to revise and/or supplement these responses, as additional information shall be forthcoming throughout the discovery process.

## OBJECTIONS APPLICABLE TO ALL RESPONSES

Responding Party objects to each and every Request for Admission on the grounds that it seeks information protected by the attorney-client privilege and the attorney work-product doctrine. Responding Party hereby incorporates this objection into each and every one of its responses. Under no circumstances are Responding Party's responses to act as a waiver of the attorney-client privilege and/or the attorney work-product doctrine.

## RESPONSES TO REQUESTS FOR ADMISSIONS

REQUEST FOR ADMISSIONS NO. 1:

Admit that each responding Defendant is aware of no facts supporting the contention that the Court's Order finding that the facts alleged in the Complaint are sufficient to constitute one or more causes of action against Defendants. [This request pertains to the First Affirmative Defense pled by Defendants in the Answer to Complaint filed on April 10, 2025 (ECF 130).]

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 1:**

Responding Party objects that this request is unintelligible, as it is entirely unclear what is meant by "facts supporting the contention that the Court's Order finding that the facts alleged in the Complaint are sufficient[.]" Responding Party further objects to the extent that this request calls for a legal conclusion, prematurely seeks disclosure of an expert's opinion, and seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this

1

1  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

2  measure based on information available to defense counsel at the time of filing of the answer to preserve

3  applicable defenses, which are legal in nature and based on statutory law.

4  REQUEST FOR ADMISSIONS NO. 2:

5  Admit that each responding Defendant is aware of no facts to support denial of one or more facts alleged

6  in Plaintiff's Third Amended Complaint.

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 2:**

8      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

11  the attorney-client privilege and as work product.  Responding Party further objects that this request is

12  premature, as discovery is ongoing and Responding Party has not yet had a reasonable opportunity to

13  conduct an investigation or discovery into Plaintiff's alleged injuries and damages; has not yet had the

14  opportunity to take Plaintiff's deposition; has not yet received Plaintiff's responses to written discovery;

15  not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; has not yet had the

16  opportunity to conduct an expert medical examination of Plaintiff; and no depositions have yet been

17  taken.

18  REQUEST FOR ADMISSIONS NO. 3:

19  Admit that each responding Defendant is aware  of no admissible evidence to support denial of one or

20  more facts alleged in Plaintiff's Third Amended Complaint.

21  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 3:**

22      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25  the attorney-client privilege and as work product.  Responding Party further objects that this request is

26  premature, as discovery is ongoing and Responding Party has not yet had a reasonable opportunity to

27  conduct an investigation or discovery into Plaintiff's alleged injuries and damages; has not yet had the

28  opportunity to take Plaintiff's deposition; has not yet received Plaintiff's responses to written discovery;

1  not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; has not yet had the

2  opportunity to conduct an expert medical examination of Plaintiff; and no depositions have yet been

3  taken.

4  REQUEST FOR ADMISSIONS NO. 4:

5  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's alleged injuries and

6  damages exceed the scope of his public entity claim(s) or administrative complaints filed with the

7  DISTRICT or any third-party agencies, inclusive of the Equal Employment Opportunity Commission

8  and/or DFEH" as alleged in the Second Affirmative Defense pled by Defendants in their Answer to

9  Complaint filed in this action on April 10, 2025 (ECF 130).

10  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 4:**

11      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

13  expert's opinion.  Responding Party further objects that this request is premature as Responding Party

14  has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged

15  injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's

16  deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to

17  evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

18  expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks

19  information protected by the attorney-client privilege and as work product.  Responding Party further

20  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

21  counsel as a precautionary measure based on information available to defense counsel at the time of

22  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

23  REQUEST FOR ADMISSIONS NO. 5:

24  Admit that each responding Defendant has no admissible evidence showing that "Plaintiff's alleged

25  injuries and damages exceed the scope of his public entity claim(s) or administrative complaints filed

26  with the DISTRICT or any third-party agencies, inclusive of the Equal Employment Opportunity

27  Commission and/or DFEH" as alleged in the Second Affirmative Defense pled by Defendants in their

28  Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 5:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 6:

Admit that each responding Defendant is aware of no facts showing that "[t]he employees, officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto acting with both subjective and objective good faith" as alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 6:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 7:

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  Admit that each responding Defendant has no admissible evidence showing that "[t]he employees,
2  officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto
3  acting with both subjective and objective good faith" as alleged in Defendants' Third Affirmative
4  Defense pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

5  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 7:**

6        Responding Party objects to this request on the grounds that it calls for a legal conclusion.
7  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an
8  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by
9  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this
10  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary
11  measure based on information available to defense counsel at the time of filing of the answer to preserve
12  applicable defenses, which are legal in nature and based on statutory law.

13  REQUEST FOR ADMISSIONS NO. 8:

14  Admit that each responding Defendant is aware of no facts showing that "[t]he employees, officers and
15  agents of the DISTRICT and all Defendants named herein were at all times material hereto acting
16  without malice" as alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint
17  filed on April 10, 2025 (ECF 130).

18  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 8:**

19        Responding Party objects to this request on the grounds that it calls for a legal conclusion.
20  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an
21  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by
22  the attorney-client privilege and as work product.  Responding Party further objects that this request is
23  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish
24  through evidence that Defendants acted with malice.  Responding Party further objects to the extent that
25  this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a
26  precautionary measure based on information available to defense counsel at the time of filing of the
27  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

28  REQUEST FOR ADMISSIONS NO. 9:

1   Admit that each responding Defendant has no admissible evidence showing that "[t]he employees,

2   officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto

3   acting without malice" as alleged in Defendants' Third Affirmative Defense pled in their Answer to

4   Complaint filed on April 10, 2025 (ECF 130).

5   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 9:**

6       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

7   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

8   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

9   the attorney-client privilege and as work product.  Responding Party further objects that this request is

10  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

11  through evidence that Defendants acted with malice.  Responding Party further objects to the extent that

12  this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a

13  precautionary measure based on information available to defense counsel at the time of filing of the

14  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

15  REQUEST FOR ADMISSIONS NO. 10:

16  Admit that each responding Defendant is aware of no facts showing that "[t]he employees, officers and

17  agents of the DISTRICT and all Defendants named herein were at all times material hereto acting

18  reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities" as

19  alleged in Defendants' Third Affirmative Defense pled in their Answer to Complaint filed herein (ECF

20  130).

21  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 10:**

22      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25  the attorney-client privilege and as work product.  Responding Party further objects that this request is

26  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

27  through evidence that Defendants violated any statutes or doctrines.  Responding Party further objects to

28  the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

a precautionary measure based on information available to defense counsel at the time of filing of the

answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 11:

Admit that each responding Defendant has no admissible evidence showing that "[t]he employees,

officers and agents of the DISTRICT and all Defendants named herein were at all times material hereto

acting reasonably within the meaning of all federal and state statutes, doctrines and judicial authorities"

as alleged in Defendants' Third Affirmative Defense pled in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 11:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion.

Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

the attorney-client privilege and as work product.  Responding Party further objects that this request is

vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

through evidence that Defendants violated any statutes or doctrines.  Responding Party further objects to

the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

a precautionary measure based on information available to defense counsel at the time of filing of the

answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 12:

Admit that each responding Defendant is aware of no facts showing that "[t]he employees, officers and

agents of the DISTRICT and all Defendants named herein were at all times material hereto acting with

both subjective and objective good faith, without malice, and reasonably within the meaning of all

federal and state statutes, doctrines and judicial authorities, such that any claim for relief that Plaintiff

may have is barred by law" as alleged in Defendants' Third Affirmative Defense pled in their Answer to

Complaint filed on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 12:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion.

Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

1  the attorney-client privilege and as work product.  Responding Party further objects that this request is

2  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

3  through evidence that Defendants acted with malice or violated any statutes or doctrines.  Responding

4  Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded

5  upon advice of counsel as a precautionary measure based on information available to defense counsel at

6  the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on

7  statutory law.

8  REQUEST FOR ADMISSIONS NO. 13:

9  Admit that each responding Defendant is aware of no admissible evidence showing that "[t]he

10  employees, officers and agents of the DISTRICT and all Defendants named herein were at all times

11  material hereto acting with both subjective and objective good faith, without malice, and reasonably

12  within the meaning of all federal and state statutes, doctrines and judicial authorities, such that any claim

13  for relief that Plaintiff may have is barred by law" as alleged in Defendants' Third Affirmative Defense

14  pled in their Answer to Complaint filed on April 10, 2025 (ECF 130).

15  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 13:**

16      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

17  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

18  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

19  the attorney-client privilege and as work product.  Responding Party further objects that this request is

20  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

21  through evidence that Defendants acted with malice or violated any statutes or doctrines.  Responding

22  Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded

23  upon advice of counsel as a precautionary measure based on information available to defense counsel at

24  the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on

25  statutory law.

26  REQUEST FOR ADMISSIONS NO. 14:

27  Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily consented

28  to the acts complained of" as alleged in the Fourth Affirmative Defense pled by Defendants in their

1  Answer to Complaint filed on April 10, 2025 (ECF 130).

2  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 14:**

3        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

6  the attorney-client privilege and as work product.  Responding Party further objects that this request is

7  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

8  depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

9  the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

10  a precautionary measure based on information available to defense counsel at the time of filing of the

11  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

12  REQUEST FOR ADMISSIONS NO. 15:

13  Admit that each responding Defendant has no admissible evidence showing that "Plaintiff voluntarily

14  consented to the acts complained of" as alleged in the Fourth Affirmative Defense pled by Defendants in

15  their Answer to Complaint filed on April 10, 2025 (ECF 130).

16  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 15:**

17        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

20  the attorney-client privilege and as work product.  Responding Party further objects that this request is

21  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

22  depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

23  the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

24  a precautionary measure based on information available to defense counsel at the time of filing of the

25  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

26  REQUEST FOR ADMISSIONS NO. 16:

27  Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily

28  participated in the acts complained of" as alleged in the Fourth Affirmative Defense pled by Defendants

1  in their Answer to Complaint filed on April 10, 2025 (ECF 130).

2  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 16:**

3  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

6  the attorney-client privilege and as work product.  Responding Party further objects that this request is

7  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

8  depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

9  the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

10  a precautionary measure based on information available to defense counsel at the time of filing of the

11  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

12  REQUEST FOR ADMISSIONS NO. 17:

13  Admit that each responding Defendant has no admissible evidence showing that "Plaintiff voluntarily

14  participated in the acts complained of" as alleged in the Fourth Affirmative Defense pled by Defendants

15  in their Answer to Complaint filed on April 10, 2025 (ECF 130).

16  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 17:**

17  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

20  the attorney-client privilege and as work product.  Responding Party further objects that this request is

21  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

22  depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

23  the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

24  a precautionary measure based on information available to defense counsel at the time of filing of the

25  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

26  REQUEST FOR ADMISSIONS NO. 18:

27  Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to mitigate his

28  damages" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer to Complaint

10

1  filed on April 10, 2025 (ECF 130).

2  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 18:**

3        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

6  the attorney-client privilege and as work product.  Responding Party further objects that this request is

7  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

8  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

9  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

10  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

11  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

12  the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

13  a precautionary measure based on information available to defense counsel at the time of filing of the

14  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

15  REQUEST FOR ADMISSIONS NO. 19:

16  Admit that each responding Defendant has no admissible evidence showing that "Plaintiff failed to

17  mitigate his damages" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer

18  to Complaint filed on April 10, 2025 (ECF 130).

19  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 19:**

20        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

21  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

22  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

23  the attorney-client privilege and as work product.  Responding Party further objects that this request is

24  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

25  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

26  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

27  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

28  opportunity to conduct an expert medical examination of Plaintiff..

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

REQUEST FOR ADMISSIONS NO. 20:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily consented to and participated in the acts complained of, and/or he failed to mitigate his damages" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer to Complaint filed on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 20:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 21:

Admit that each responding Defendant has no admissible evidence showing that "Plaintiff voluntarily consented to and participated in the acts complained of, and/or he failed to mitigate his damages" as alleged in the Fourth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 21:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

1  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

2  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

3  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

4  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

5  the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as

6  a precautionary measure based on information available to defense counsel at the time of filing of the

7  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

8  <u>REQUEST FOR ADMISSIONS NO. 22:</u>

9  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by

10 the doctrine of laches" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to

11 Complaint filed in this action on April 10, 2025 (ECF 130).

12 **<u>RESPONSE TO REQUEST FOR ADMISSIONS NO. 22:</u>**

13      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

14 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

15 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

16 the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

17 request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

18 measure based on information available to defense counsel at the time of filing of the answer to preserve

19 applicable defenses, which are legal in nature and based on statutory law.

20 <u>REQUEST FOR ADMISSIONS NO. 23:</u>

21 Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

22 claims are barred by the doctrine of laches" as alleged in Defendants' Fifth Affirmative Defense pled in

23 their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

24 **<u>RESPONSE TO REQUEST FOR ADMISSIONS NO. 23:</u>**

25      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

28 the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

1  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

2  measure based on information available to defense counsel at the time of filing of the answer to preserve

3  applicable defenses, which are legal in nature and based on statutory law.

4  REQUEST FOR ADMISSIONS NO. 24:

5  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by

6  the doctrine of estoppel" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to

7  Complaint filed in this action on April 10, 2025 (ECF 130).

8  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 24:**

9          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

11  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

12  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

13  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

14  measure based on information available to defense counsel at the time of filing of the answer to preserve

15  applicable defenses, which are legal in nature and based on statutory law.

16  REQUEST FOR ADMISSIONS NO. 25:

17  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

18  claims are barred by the doctrine of estoppel" as alleged in Defendants' Fifth Affirmative Defense pled

19  in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

20  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 25:**

21          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

24  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

25  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

26  measure based on information available to defense counsel at the time of filing of the answer to preserve

27  applicable defenses, which are legal in nature and based on statutory law.

28  REQUEST FOR ADMISSIONS NO. 26:

1  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by

2  the doctrine of unclean hands" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer

3  to Complaint filed in this action on April 10, 2025 (ECF 130).

4  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 26:**

5        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

9  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

10  measure based on information available to defense counsel at the time of filing of the answer to preserve

11  applicable defenses, which are legal in nature and based on statutory law.

12  REQUEST FOR ADMISSIONS NO. 27:

13  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

14  claims are barred by the doctrine of unclean hands" as alleged in Defendants' Fifth Affirmative Defense

15  pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

16  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 27:**

17        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

20  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

21  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

22  measure based on information available to defense counsel at the time of filing of the answer to preserve

23  applicable defenses, which are legal in nature and based on statutory law.

24  REQUEST FOR ADMISSIONS NO. 28:

25  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by

26  the doctrine of waiver" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to

27  Complaint filed in this action on April 10, 2025 (ECF 130).

28  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 28:**

1  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

2  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

3  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

4  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

5  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

6  measure based on information available to defense counsel at the time of filing of the answer to preserve

7  applicable defenses, which are legal in nature and based on statutory law.

8  REQUEST FOR ADMISSIONS NO. 29:

9  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

10  claims are barred by the doctrine of waiver" as alleged in Defendants' Fifth Affirmative Defense pled in

11  their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

12  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 29:**

13  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

14  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

15  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

16  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

17  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

18  measure based on information available to defense counsel at the time of filing of the answer to preserve

19  applicable defenses, which are legal in nature and based on statutory law.

20  REQUEST FOR ADMISSIONS NO. 30:

21  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by

22  [any] federal statutes of limitation" as alleged in Defendants' Fifth Affirmative Defense pled in their

23  Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 30:**

25  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

28  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 31:

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by [any] federal statutes of limitation" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 31:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 32:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by state statutes of limitation" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 32:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 33:

1  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

2  claims are barred by state statutes of limitation" as alleged in Defendants' Fifth Affirmative Defense pled

3  in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

4  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 33:**

5  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

8  the attorney-client privilege and as work product. Responding Party further objects to the extent that this

9  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

10 measure based on information available to defense counsel at the time of filing of the answer to preserve

11 applicable defenses, which are legal in nature and based on statutory law.

12 REQUEST FOR ADMISSIONS NO. 34:

13 Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by

14 statutory filing requirements or time limitations" as alleged in Defendants' Fifth Affirmative Defense

15 pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

16 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 34:**

17 Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19 expert's opinion. Responding Party objects to the extent that this request seeks information protected by

20 the attorney-client privilege and as work product. Responding Party further objects to the extent that this

21 request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

22 measure based on information available to defense counsel at the time of filing of the answer to preserve

23 applicable defenses, which are legal in nature and based on statutory law.

24 REQUEST FOR ADMISSIONS NO. 35:

25 Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

26 claims are barred by statutory filing requirements or time limitations" as alleged in Defendants' Fifth

27 Affirmative Defense pled in their Answer to Complaint (ECF 130).

28 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 35:**

18

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 36:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's claims are barred by the doctrines of laches, estoppel, unclean hands and waiver, and by all applicable federal and state statutes of limitation and relevant statutory filing requirements or time limitations" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 36:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 37:

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's claims are barred by the doctrines of laches, estoppel, unclean hands and waiver, and by all applicable federal and state statutes of limitation and relevant statutory filing requirements or time limitations" as alleged in Defendants' Fifth Affirmative Defense pled in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 37:**

19

1   Responding Party objects to this request on the grounds that it calls for a legal conclusion.

2   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

3   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

4   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

5   request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

6   measure based on information available to defense counsel at the time of filing of the answer to preserve

7   applicable defenses, which are legal in nature and based on statutory law.

8   REQUEST FOR ADMISSIONS NO. 38:

9   Admit that each responding Defendant is aware of no facts showing "Plaintiff himself was careless in

10  and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth Affirmative

11  Defense pled by Defendants in their Answer to Complaint (ECF 130).

12  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 38:**

13  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

14  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

15  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

16  the attorney-client privilege and as work product.  Responding Party further objects that this request is

17  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

18  discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not

19  yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

20  discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not

21  yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further

22  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

23  counsel as a precautionary measure based on information available to defense counsel at the time of

24  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

25  REQUEST FOR ADMISSIONS NO. 39:

26  Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff himself

27  was careless in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth

28  Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 39:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 40:

Admit that each responding Defendant is aware of no facts showing "Plaintiff himself was negligent in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 40:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

21

1  counsel as a precautionary measure based on information available to defense counsel at the time of

2  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

3  REQUEST FOR ADMISSIONS NO. 41:

4  Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff himself

5  was negligent in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth

6  Affirmative Defense pled by Defendants in their Answer (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 41:**

8        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

11  the attorney-client privilege and as work product.  Responding Party further objects that this request is

12  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

13  discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not

14  yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

15  discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not

16  yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further

17  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

18  counsel as a precautionary measure based on information available to defense counsel at the time of

19  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

20  REQUEST FOR ADMISSIONS NO. 42:

21  Admit that each responding Defendant is aware of no facts showing "Plaintiff himself was careless and

22  negligent in and about the matters alleged in said Third Amended Complaint" as alleged in the Sixth

23  Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 42:**

25        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

28  the attorney-client privilege and as work product.  Responding Party further objects that this request is

1  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

2  discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not

3  yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

4  discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not

5  yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further

6  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

7  counsel as a precautionary measure based on information available to defense counsel at the time of

8  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

9  REQUEST FOR ADMISSIONS NO. 43:

10  Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff himself

11  was careless and negligent in and about the matters alleged in said Third Amended Complaint" as alleged

12  in the Sixth Affirmative Defense pled by Defendants in their Answer (ECF 130).

13  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 43:**

14      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

15  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

16  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

17  the attorney-client privilege and as work product. Responding Party further objects that this request is

18  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

19  discovery into Plaintiff's alleged conduct, injuries, or damages; specifically, Responding Party has not

20  yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written

21  discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not

22  yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further

23  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

24  counsel as a precautionary measure based on information available to defense counsel at the time of

25  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

26  REQUEST FOR ADMISSIONS NO. 44:

27  Admit that each responding Defendant is unaware of any facts showing that "[t]he damages allegedly

28  sustained by Plaintiff were caused or contributed to by the negligent acts of persons or entities other than

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 44:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 45:

Admit that each responding Defendant is unaware of any admissible evidence showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the negligent acts of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 45:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

24

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 46:

Admit that each responding Defendant is unaware of any facts showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the intentional acts of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 46:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 47:

Admit that each responding Defendant is unaware of any admissible evidence showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the intentional acts of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 47:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 48:

Admit that each responding Defendant is unaware of any facts showing that "[t]he damages allegedly sustained by Plaintiff were caused or contributed to by the omissions of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 48:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further

1  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

2  counsel as a precautionary measure based on information available to defense counsel at the time of

3  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

4  REQUEST FOR ADMISSIONS NO. 49:

5  Admit that each responding Defendant is unaware of any admissible evidence showing that "[t]he

6  damages allegedly sustained by Plaintiff were caused or contributed to by the omissions of persons or

7  entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by Defendants in

8  their Answer (ECF 130).

9  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 49:**

10      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

11  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

12  expert's opinion. Responding Party further objects that this request is premature as Responding Party

13  has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged

14  injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's

15  deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to

16  evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

17  expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks

18  information protected by the attorney-client privilege and as work product. Responding Party further

19  objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

20  counsel as a precautionary measure based on information available to defense counsel at the time of

21  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

22  REQUEST FOR ADMISSIONS NO. 50:

23  Admit that each responding Defendant is unaware of any facts showing that "[t]he damages allegedly

24  sustained by Plaintiff were caused or contributed to by the intentional or negligent acts and/or omissions

25  of persons or entities other than the Defendants" as alleged in the Seventh Affirmative Defense pled by

26  Defendants in their Answer (ECF 130).

27

28  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 50:**

1      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

2 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

3 expert's opinion. Responding Party further objects that this request is premature as Responding Party

4 has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged

5 injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's

6 deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to

7 evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

8 expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks

9 information protected by the attorney-client privilege and as work product. Responding Party further

10 objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

11 counsel as a precautionary measure based on information available to defense counsel at the time of

12 filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

13 REQUEST FOR ADMISSIONS NO. 51:

14 Admit that each responding Defendant is unaware of any admissible evidence showing that "[t]he

15 damages allegedly sustained by Plaintiff were caused or contributed to by the intentional or negligent

16 acts and/or omissions of persons or entities other than the Defendants" as alleged in the Seventh

17 Affirmative Defense pled by Defendants in their Answer (ECF 130).

18 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 51:**

19      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

20 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

21 expert's opinion. Responding Party further objects that this request is premature as Responding Party

22 has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged

23 injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's

24 deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to

25 evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an

26 expert medical examination of Plaintiff. Responding Party objects to the extent that this request seeks

27 information protected by the attorney-client privilege and as work product. Responding Party further

28 objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of

28

1 counsel as a precautionary measure based on information available to defense counsel at the time of

2 filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

3 REQUEST FOR ADMISSIONS NO. 52:

4 Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended

5 Complaint is barred by statutes of limitation" as alleged in the Eighth Affirmative Defense pled by

6 Defendants in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

7 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 52:**

8 　　　　Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

11 the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

12 request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

13 measure based on information available to defense counsel at the time of filing of the answer to preserve

14 applicable defenses, which are legal in nature and based on statutory law.

15 REQUEST FOR ADMISSIONS NO. 53:

16 Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third

17 Amended Complaint is barred by statutes of limitation" as alleged in the Eighth Affirmative Defense

18 pled by Defendants in their Answer to Complaint (ECF 130).

19 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 53:**

20 　　　　Responding Party objects to this request on the grounds that it calls for a legal conclusion.

21 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

22 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

23 the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

24 request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

25 measure based on information available to defense counsel at the time of filing of the answer to preserve

26 applicable defenses, which are legal in nature and based on statutory law.

27

28 REQUEST FOR ADMISSIONS NO. 54:

29

1  Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended

2  Complaint is barred by statutory filing requirements and time limitations, including all requirements for

3  claims filed against public entities such as the DISTRICT" as alleged in the Eighth Affirmative Defense

4  pled by Defendants in their Answer to Complaint (ECF 130).

5  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 54:**

6  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

7  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

8  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

9  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

10 request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

11 measure based on information available to defense counsel at the time of filing of the answer to preserve

12 applicable defenses, which are legal in nature and based on statutory law.

13 REQUEST FOR ADMISSIONS NO. 55:

14 Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third

15 Amended Complaint is barred by statutory filing requirements and time limitations, including all

16 requirements for claims filed against public entities such as the DISTRICT" as alleged in the Eighth

17 Affirmative Defense pled by Defendants in their Answer to Complaint filed in this action on April 10,

18 2025 (ECF 130).

19 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 55:**

20 Responding Party objects to this request on the grounds that it calls for a legal conclusion.

21 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

22 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

23 the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

24 request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

25 measure based on information available to defense counsel at the time of filing of the answer to preserve

26 applicable defenses, which are legal in nature and based on statutory law.

27

28 REQUEST FOR ADMISSIONS NO. 56:

30

1  Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended

2  Complaint is barred by California Government Code Section 945.4" as alleged in the Eighth Affirmative

3  Defense pled by Defendants in their Answer to Complaint (ECF 130).

4  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 56:**

5        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

8  the attorney-client privilege and as work product. Responding Party further objects to the extent that this

9  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

10  measure based on information available to defense counsel at the time of filing of the answer to preserve

11  applicable defenses, which are legal in nature and based on statutory law.

12  REQUEST FOR ADMISSIONS NO. 57:

13  Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third

14  Amended Complaint is barred by California Government Code Section 945" as alleged in the Eighth

15  Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

16  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 57:**

17        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

20  the attorney-client privilege and as work product. Responding Party objects to this request on the

21  grounds that it calls for a legal conclusion. Responding Party further objects to this request on the

22  grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the

23  extent that this request seeks information protected by the attorney-client privilege and as work product.

24  Responding Party further objects to the extent that this request is premature, as all affirmative defenses

25  are pleaded upon advice of counsel as a precautionary measure based on information available to defense

26  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

27  based on statutory law.

28  REQUEST FOR ADMISSIONS NO. 58:

1  Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended

2  Complaint is barred by California Government Code Section 945.6" as alleged in the Eighth Affirmative

3  Defense pled by Defendants in their Answer to Complaint (ECF 130).

4  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 58:**

5      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8  the attorney-client privilege and as work product.  Responding Party objects to this request on the

9  grounds that it calls for a legal conclusion.  Responding Party further objects to this request on the

10  grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the

11  extent that this request seeks information protected by the attorney-client privilege and as work product.

12  Responding Party further objects to the extent that this request is premature, as all affirmative defenses

13  are pleaded upon advice of counsel as a precautionary measure based on information available to defense

14  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

15  based on statutory law.

16  REQUEST FOR ADMISSIONS NO. 59:

17  Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third

18  Amended Complaint is barred by California Government Code Section 945.6" as alleged in the Eighth

19  Affirmative Defense pled by Defendants in their Answer to Complaint (ECF 130).

20  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 59:**

21      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

24  the attorney-client privilege and as work product.  Responding Party objects to this request on the

25  grounds that it calls for a legal conclusion.  Responding Party further objects to this request on the

26  grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the

27  extent that this request seeks information protected by the attorney-client privilege and as work product.

28  Responding Party further objects to the extent that this request is premature, as all affirmative defenses

are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 60:

Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended Complaint is barred by California Government Code Sections 945.4 and 945.6 and related sections thereof" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer (ECF 130)

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 60:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 61:

Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third Amended Complaint is barred by California Government Code Sections 945.4 and 945.6 and related sections thereof" as alleged in the Eighth Affirmative Defense pled by Defendants (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 61:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party objects to this request on the

33

grounds that it calls for a legal conclusion.  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 62:

Admit that each responding Defendant is aware of no facts showing "Plaintiff's Third Amended Complaint is barred by all applicable statutes of limitation and relevant statutory filing requirements and time limitations, including all requirements for claims filed against public entities such as the DISTRICT, as well as California Government Code Sections 945.4 and 945.6 and related sections thereof" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 62:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 63:

Admit that each responding Defendant is aware of no admissible evidence showing "Plaintiff's Third Amended Complaint is barred by all applicable statutes of limitation and relevant statutory filing requirements and time limitations, including all requirements for claims filed against public entities such as the DISTRICT, as well as California Government Code Sections 945.4 and 945.6 and related sections thereof" as alleged in the Eighth Affirmative Defense pled by Defendants in their Answer to Complaint filed in this action on April 10, 2025 (ECF 130).

1  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 63:**

2      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

3  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

4  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

5  the attorney-client privilege and as work product. Responding Party further objects to the extent that this

6  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

7  measure based on information available to defense counsel at the time of filing of the answer to preserve

8  applicable defenses, which are legal in nature and based on statutory law.

9  REQUEST FOR ADMISSIONS NO. 64:

10  Admit that each responding Defendant is aware of no facts showing that "the provisions of the Public

11  Liability Act of the California Government Code is the measure of [their] legal duties in this action" as

12  alleged in the Ninth Affirmative Defense pled by Defendants in their Answer (ECF 130).

13  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 64:**

14      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

15  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

16  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

17  the attorney-client privilege and as work product. Responding Party further objects to the extent that this

18  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

19  measure based on information available to defense counsel at the time of filing of the answer to preserve

20  applicable defenses, which are legal in nature and based on statutory law. Responding Party further

21  objects that this request is unintelligible, as the referenced provisions of the statute cited in the request

22  are self-evident.

23  REQUEST FOR ADMISSIONS NO. 65:

24  Admit each responding Defendant is aware of no evidence showing that "the provisions of the Public

25  Liability Act of the California Government Code is the measure of [their] legal duties in this action" as

26  alleged in the Ninth Affirmative Defense pled by Defendants in their Answer (ECF 130).

27

28  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 65:**

1    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

2  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

3  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

4  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

5  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

6  measure based on information available to defense counsel at the time of filing of the answer to preserve

7  applicable defenses, which are legal in nature and based on statutory law.   Responding Party further

8  objects that this request is unintelligible, as the referenced provisions of the statute cited in the request

9  are self-evident.

10  REQUEST FOR ADMISSIONS NO. 66:

11  Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from

12  liability pursuant to California Government Code Sections 815 and 815.2" as alleged in the Tenth

13  Affirmative Defense pled by Defendants in their Answer (ECF 130).

14  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 66:**

15    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

16  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

17  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

18  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

19  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

20  measure based on information available to defense counsel at the time of filing of the answer to preserve

21  applicable defenses, which are legal in nature and based on statutory law.

22  REQUEST FOR ADMISSIONS NO. 67:

23  Admit that each responding Defendant is aware of no admissible evidence showing that "Defendants are

24  immune from liability pursuant to California Government Code Sections 815 and 815.2" as alleged in the

25  Tenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

26  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 67:**

27    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

28  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

1  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

2  the attorney-client privilege and as work product. Responding Party further objects to the extent that this

3  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

4  measure based on information available to defense counsel at the time of filing of the answer to preserve

5  applicable defenses, which are legal in nature and based on statutory law.

6  REQUEST FOR ADMISSIONS NO. 68:

7  Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from

8  liability pursuant to California Government Code Section 815.6 in that they exercised reasonable

9  diligence at all times referred to in Plaintiff's Third Amended Complaint" as alleged in the Eleventh

10  Affirmative Defense pled by Defendants in their Answer (ECF 130).

11  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 68:**

12      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

13  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

14  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

15  the attorney-client privilege and as work product. Responding Party further objects to the extent that this

16  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

17  measure based on information available to defense counsel at the time of filing of the answer to preserve

18  applicable defenses, which are legal in nature and based on statutory law.

19  REQUEST FOR ADMISSIONS NO. 69:

20  Admit that each responding Defendant is aware of no admissible evidence showing that "Defendants are

21  immune from liability pursuant to California Government Code Section 815.6 in that they exercised

22  reasonable diligence at all times referred to in Plaintiff's Third Amended Complaint" as alleged in the

23  Eleventh Affirmative Defense pled by Defendants in their Answer (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 69:**

25      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

28  the attorney-client privilege and as work product. Responding Party further objects to the extent that this

1  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

2  measure based on information available to defense counsel at the time of filing of the answer to preserve

3  applicable defenses, which are legal in nature and based on statutory law.

4  REQUEST FOR ADMISSIONS NO. 70:

5  Admit that each responding Defendant is aware of no facts showing that "any acts or omissions by any

6  employee of Defendants were the results of the discretion vested in them" as alleged in the Twelfth

7  Affirmative Defense pled by Defendants in their Answer (ECF 130).

8  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 70:**

9       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

11  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

12  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

13  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

14  measure based on information available to defense counsel at the time of filing of the answer to preserve

15  applicable defenses, which are legal in nature and based on statutory law.

16  REQUEST FOR ADMISSIONS NO. 71:

17  Admit that each responding Defendant is aware of no admissible evidence showing that "any acts or

18  omissions by any employee of Defendants were the results of the discretion vested in them" as alleged in

19  the Twelfth Affirmative Defense pled by Defendants in their Answer (ECF 130).

20  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 71:**

21       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

24  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

25  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

26  measure based on information available to defense counsel at the time of filing of the answer to preserve

27  applicable defenses, which are legal in nature and based on statutory law.

28  REQUEST FOR ADMISSIONS NO. 72:

1  Admit that each responding Defendant is aware of no facts showing that "any acts or omissions by any

2  employee of Defendants were the results of the discretion vested in them, and each such employee is

3  immune from liability for any losses, injuries, or damages resulting therefrom; Defendants are, therefore,

4  similarly immune from such liability" as alleged in the Twelfth Affirmative Defense pled by Defendants

5  in their Answer (ECF 130).

6  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 72:**

7          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

8  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

9  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

10 the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

11 request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

12 measure based on information available to defense counsel at the time of filing of the answer to preserve

13 applicable defenses, which are legal in nature and based on statutory law.

14 REQUEST FOR ADMISSIONS NO. 73:

15 Admit that each responding Defendant is aware of no admissible evidence showing that "any acts or

16 omissions by any employee of Defendants were the results of the discretion vested in them, and each

17 such employee is immune from liability for any losses, injuries, or damages resulting therefrom;

18 Defendants are, therefore, similarly immune from such liability" as alleged in the Twelfth Affirmative

19 Defense pled by Defendants in their Answer (ECF 130).

20 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 73:**

21         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

24 the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

25 request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

26 measure based on information available to defense counsel at the time of filing of the answer to preserve

27 applicable defenses, which are legal in nature and based on statutory law.  Discovery is ongoing and no

28 depositions have yet been taken, nor has Responding Party yet received responses to its discovery

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1    requests to Plaintiff.

2    <u>REQUEST FOR ADMISSIONS NO. 74:</u>

3    Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from

4    liability pursuant to California Government Code Section 820.8 in that the acts and omissions of parties

5    other than the DISTRICT or its employees caused the injuries alleged by Plaintiff" as alleged in the

6    Thirteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

7    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 74:**

8         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

11   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

12   request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

13   measure based on information available to defense counsel at the time of filing of the answer to preserve

14   applicable defenses, which are legal in nature and based on statutory law.  Discovery is ongoing and no

15   depositions have yet been taken, nor has Responding Party yet received responses to its discovery

16   requests to Plaintiff.

17   <u>REQUEST FOR ADMISSIONS NO. 75:</u>

18   Admit that each responding Defendant is aware of no evidence showing that "Defendants are immune

19   from liability pursuant to California Government Code Section 820.8 in that the acts and omissions of

20   parties other than the DISTRICT or its employees caused the injuries alleged by Plaintiff" as alleged in

21   the Thirteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

22   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 75:**

23        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

24   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

25   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

26   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

27   request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

28   measure based on information available to defense counsel at the time of filing of the answer to preserve

applicable defenses, which are legal in nature and based on statutory law.  Discovery is ongoing and no depositions have yet been taken, nor has Responding Party yet received responses to its discovery requests to Plaintiff.

REQUEST FOR ADMISSIONS NO. 76:

Admit that each responding Defendant is aware of no facts showing that "they may elect to have damages, if any, in excess of the amount specified in California Government Code Sections 984 *et seq.*, and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in California Code of Civil Procedure Section 667.7" as alleged in the Fourteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 76:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 77:

Admit that each responding Defendant is aware of no admissible evidence showing that "they may elect to have damages, if any, in excess of the amount specified in California Government Code Sections 984 *et seq.*, and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in California Code of Civil Procedure Section 667.7" as alleged in the Fourteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 77:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

1  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

2  measure based on information available to defense counsel at the time of filing of the answer to preserve

3  applicable defenses, which are legal in nature and based on statutory law.

4  REQUEST FOR ADMISSIONS NO. 78:

5  Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from

6  liability pursuant to all remaining applicable provisions of the California Government Claims Act and

7  other relevant statutes and/or regulations" as alleged in the Fifteenth Affirmative Defense pled by

8  Defendants in their Answer (ECF 130).

9  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 78:**

10       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

11  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

12  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

13  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

14  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

15  measure based on information available to defense counsel at the time of filing of the answer to preserve

16  applicable defenses, which are legal in nature and based on statutory law.

17  REQUEST FOR ADMISSIONS NO. 79:

18  Admit that each responding Defendant is aware of no admissible evidence showing that "Defendants are

19  immune from liability pursuant to all remaining applicable provisions of the California Government

20  Claims Act and other relevant statutes and/or regulations" as alleged in the Fifteenth Affirmative Defense

21  pled by Defendants in their Answer (ECF 130).

22  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 79:**

23       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

24  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

25  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

26  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

27  request is premature, as all affirmative defenses are pleaded upon advice of counsel as a precautionary

28  measure based on information available to defense counsel at the time of filing of the answer to preserve

1  applicable defenses, which are legal in nature and based on statutory law.

2  REQUEST FOR ADMISSIONS NO. 80:

3  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's alleged injuries and

4  damages are barred" as alleged in the Sixteenth Affirmative Defense pled by Defendants in their Answer

5  (ECF 130).

6  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 80:**

7      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

8  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

9  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

10  the attorney-client privilege and as work product.  Responding Party further objects that this request is

11  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

12  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

13  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

14  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

15  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

16  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

17  a precautionary measure based on information available to defense counsel at the time of filing of the

18  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

19  REQUEST FOR ADMISSIONS NO. 81:

20  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

21  alleged injuries and damages are barred" as alleged in the Sixteenth Affirmative Defense pled by

22  Defendants in their Answer (ECF 130).

23  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 81:**

24      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

26  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

27  the attorney-client privilege and as work product.  Responding Party further objects that this request is

28  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 82:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's alleged injuries and damages exceed the scope of the administrative complaint filed with the Department of Fair Employment and Housing and/or the EEOC" as alleged in the Sixteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 82:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 83:

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's alleged injuries and damages exceed the scope of the administrative complaint filed with the Department

1 of Fair Employment and Housing and/or the EEOC" as alleged in the Sixteenth Affirmative Defense pled

2 by Defendants in their Answer (ECF 130).

3 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 83:**

4      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

7 the attorney-client privilege and as work product.  Responding Party further objects that this request is

8 premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

9 discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

10 opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

11 yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

12 opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

13 the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

14 a precautionary measure based on information available to defense counsel at the time of filing of the

15 answer to preserve applicable defenses, which are legal in nature and based on statutory law.

16 REQUEST FOR ADMISSIONS NO. 84:

17 Admit that each responding Defendant is aware of no facts showing that "Plaintiff's alleged injuries and

18 damages are barred or exceed the scope of the administrative complaint filed with the Department of Fair

19 Employment and Housing and/or the EEOC" as alleged in the Sixteenth Affirmative Defense pled by

20 Defendants in their Answer (ECF 130).

21 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 84:**

22      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25 the attorney-client privilege and as work product.  Responding Party further objects that this request is

26 premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

27 discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

28 opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

1  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

2  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

3  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

4  a precautionary measure based on information available to defense counsel at the time of filing of the

5  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

6  REQUEST FOR ADMISSIONS NO. 85:

7  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's

8  alleged injuries and damages are barred or exceed the scope of the administrative complaint filed with

9  the Department of Fair Employment and Housing and/or the EEOC" as alleged in the Sixteenth

10 Affirmative Defense pled by Defendants in their Answer (ECF 130).

11 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 85:**

12         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

13 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

14 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

15 the attorney-client privilege and as work product.  Responding Party further objects that this request is

16 premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

17 discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

18 opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

19 yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

20 opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

21 the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

22 a precautionary measure based on information available to defense counsel at the time of filing of the

23 answer to preserve applicable defenses, which are legal in nature and based on statutory law.

24 REQUEST FOR ADMISSIONS NO. 86:

25 Admit that each responding Defendant is aware of no facts showing that "Plaintiff's damages are limited

26 by [application of] the avoidable consequences doctrine" as alleged in the Seventeenth Affirmative

27 Defense pled by Defendants in their Answer (ECF 130).

28 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 86:**

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 87:

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff's damages are limited by [application of] the avoidable consequences doctrine" as alleged in the Seventeenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 87:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the

1  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

2  REQUEST FOR ADMISSIONS NO. 88:

3  Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily assumed

4  the risk of any and all the injuries, losses and damages" as alleged in the Eighteenth Affirmative Defense

5  pled by Defendants in their Answer (ECF 130).

6  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 88:**

7       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

8  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

9  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

10 the attorney-client privilege and as work product.  Responding Party further objects that this request is

11 premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

12 discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

13 opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

14 yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

15 opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

16 the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

17 a precautionary measure based on information available to defense counsel at the time of filing of the

18 answer to preserve applicable defenses, which are legal in nature and based on statutory law.

19 REQUEST FOR ADMISSIONS NO. 89:

20 Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff

21 voluntarily assumed the risk of any and all the injuries, losses and damages" as alleged in the Eighteenth

22 Affirmative Defense pled by Defendants in their Answer (ECF 130).

23 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 89:**

24       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

26 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

27 the attorney-client privilege and as work product.  Responding Party further objects that this request is

28 premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 90:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff voluntarily, and with full knowledge of all matters set forth in the Third Amended Complaint, assumed the risk of any and all the injuries, losses and damages" as alleged in the Eighteenth Affirmative Defense pled by Defendants in their Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 90:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 91:

Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff voluntarily, and with full knowledge of all matters set forth in the Third Amended Complaint, assumed

1    the risk of any and all the injuries, losses and damages" as alleged in the Eighteenth Affirmative Defense

2    pled by Defendants in their Answer (ECF 130).

3    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 91:**

4         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

7    the attorney-client privilege and as work product.  Responding Party further objects that this request is

8    premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

9    discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

10    opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

11    yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

12    opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to

13    the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

14    a precautionary measure based on information available to defense counsel at the time of filing of the

15    answer to preserve applicable defenses, which are legal in nature and based on statutory law.

16    REQUEST FOR ADMISSIONS NO. 92:

17    Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not able to

18    perform the essential functions of his position" as alleged in the Nineteenth Affirmative Defense pled by

19    Defendants in their Answer (ECF 130).

20    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 92:**

21         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

24    the attorney-client privilege and as work product.  Responding Party further objects that this request is

25    premature as Responding Party has not yet had a reasonable opportunity to take Plaintiff's deposition.

26    Responding Party further objects to the extent that this request is premature as all affirmative defenses

27    are pleaded upon advice of counsel as a precautionary measure based on information available to defense

28    counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

1  based on statutory law.

2  REQUEST FOR ADMISSIONS NO. 93:

3  Admit that each responding Defendant is aware of no admissible evidence showing that "Plaintiff was

4  not able to perform the essential functions of his position" as alleged in the Nineteenth Affirmative

5  Defense pled by Defendants in their Answer (ECF 130).

6  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 93:**

7  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

8  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

9  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

10  the attorney-client privilege and as work product.  Responding Party further objects that this request is

11  premature as Responding Party has not yet had a reasonable opportunity to take Plaintiff's deposition.

12  Responding Party further objects to the extent that this request is premature as all affirmative defenses

13  are pleaded upon advice of counsel as a precautionary measure based on information available to defense

14  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

15  based on statutory law.

16  REQUEST FOR ADMISSIONS NO. 94:

17  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

18  the terms and/or conditions of Plaintiff's employment were done in good faith" as alleged in the

19  Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

20  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 94:**

21  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

24  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

25  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

26  measure based on information available to defense counsel at the time of filing of the answer to preserve

27  applicable defenses, which are legal in nature and based on statutory law.

28  REQUEST FOR ADMISSIONS NO. 95:

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1   Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

2   affecting the terms and/or conditions of Plaintiff's employment were done in good faith" as alleged in the

3   Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

4   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 95:**

5           Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

9   request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

10  measure based on information available to defense counsel at the time of filing of the answer to preserve

11  applicable defenses, which are legal in nature and based on statutory law.

12  REQUEST FOR ADMISSIONS NO. 96:

13  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

14  the terms and/or conditions of Plaintiff's employment were motivated by legitimate, non-retaliatory and

15  non-discriminatory reasons" as alleged in the Twentieth Affirmative Defense pled in Defendants'

16  Answer (ECF 130).

17  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 96:**

18          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

19  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

20  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

21  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

22  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

23  measure based on information available to defense counsel at the time of filing of the answer to preserve

24  applicable defenses, which are legal in nature and based on statutory law.

25  REQUEST FOR ADMISSIONS NO. 97:

26  Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

27  affecting the terms and/or conditions of Plaintiff's employment were motivated by legitimate, non-

28  retaliatory and non-discriminatory reasons" as alleged in the Twentieth Affirmative Defense pled in

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  Defendants' Answer (ECF 130).

2  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 97:**

3       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

6  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

7  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

8  measure based on information available to defense counsel at the time of filing of the answer to preserve

9  applicable defenses, which are legal in nature and based on statutory law.

10  REQUEST FOR ADMISSIONS NO. 98:

11  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

12  the terms and/or conditions of Plaintiff's employment were done as a result of business necessity" as

13  alleged in the Twentieth Affirmative Defense pled in the Answer (ECF 130).

14  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 98:**

15       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

16  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

17  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

18  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

19  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

20  measure based on information available to defense counsel at the time of filing of the answer to preserve

21  applicable defenses, which are legal in nature and based on statutory law.

22  REQUEST FOR ADMISSIONS NO. 99:

23  Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

24  affecting the terms and/or conditions of Plaintiff's employment were done as a result of business

25  necessity" as alleged in the Twentieth Affirmative Defense pled in the Answer (ECF 130).

26  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 99:**

27       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

28  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

1  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

2  the attorney-client privilege and as work product. Responding Party further objects to the extent that this

3  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

4  measure based on information available to defense counsel at the time of filing of the answer to preserve

5  applicable defenses, which are legal in nature and based on statutory law.

6  REQUEST FOR ADMISSIONS NO. 100:

7  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

8  the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by

9  legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity" as

10  alleged in the Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

11  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 100:**

12  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

13  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

14  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

15  the attorney-client privilege and as work product. Responding Party further objects to the extent that this

16  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

17  measure based on information available to defense counsel at the time of filing of the answer to preserve

18  applicable defenses, which are legal in nature and based on statutory law.

19  REQUEST FOR ADMISSIONS NO. 101:

20  Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

21  affecting the terms and/or conditions of Plaintiff's employment were done in good faith and motivated by

22  legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity" as

23  alleged in the Twentieth Affirmative Defense pled in Defendants' Answer (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 101:**

25  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

28  the attorney-client privilege and as work product. Responding Party further objects to the extent that this

1  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

2  measure based on information available to defense counsel at the time of filing of the answer to preserve

3  applicable defenses, which are legal in nature and based on statutory law.

4  REQUEST FOR ADMISSIONS NO. 102:

5  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's Third Amended

6  Complaint and all of its causes of action are barred because Defendants' actions were neutral and were

7  based on bona fide factors other than sex/gender, race/national origin, disability, alleged participation in

8  protected activity and/or other protected characteristics" as alleged in the Twenty-First Affirmative

9  Defense pled in Defendants' Answer (ECF 130).

10  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 102:**

11      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

13  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

14  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

15  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

16  measure based on information available to defense counsel at the time of filing of the answer to preserve

17  applicable defenses, which are legal in nature and based on statutory law.

18  REQUEST FOR ADMISSIONS NO. 103:

19  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's Third Amended

20  Complaint and all of its causes of action are barred because Defendants' actions were neutral and were

21  based on bona fide factors other than sex/gender, race/national origin, disability, alleged participation in

22  protected activity and/or other protected characteristics" as alleged in the Twenty-First Affirmative

23  Defense pled in Defendants' Answer (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 103:**

25      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

28  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

measure based on information available to defense counsel at the time of filing of the answer to preserve

applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 104:

Admit that each responding Defendant is aware of no facts showing that Plaintiff was legally required "to

timely and adequately exhaust any and all collective bargaining agreement remedies" as alleged in the

Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 104:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion.

Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

the attorney-client privilege and as work product.  Responding Party further objects that this request is

premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

a precautionary measure based on information available to defense counsel at the time of filing of the

answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 105:

Admit that each responding Defendant is aware of no evidence showing that Plaintiff was legally

required "to timely and adequately exhaust any and all collective bargaining agreement remedies" as

alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 105:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion.

Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

the attorney-client privilege and as work product.  Responding Party further objects that this request is

premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

a precautionary measure based on information available to defense counsel at the time of filing of the

answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 106:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to timely and

adequately exhaust any and all collective bargaining agreement remedies" as alleged in the Twenty-

Second Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 106:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion.

Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

the attorney-client privilege and as work product.  Responding Party further objects that this request is

premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

a precautionary measure based on information available to defense counsel at the time of filing of the

answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 107:

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed to timely

and adequately exhaust any and all collective bargaining agreement remedies" as alleged in the Twenty-

Second Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 107:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion.

Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

the attorney-client privilege and as work product.  Responding Party further objects that this request is

premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

1  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

2  a precautionary measure based on information available to defense counsel at the time of filing of the

3  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

4  REQUEST FOR ADMISSIONS NO. 108:

5  Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to timely and

6  adequately exhaust administrative filing requirements, such as filing a Charge of Discrimination with the

7  Equal Employment Opportunity Commission and/or DFEH" as alleged in the Twenty-Second

8  Affirmative Defense pled in Defendants' Answer (ECF 130).

9  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 108:**

10  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

11  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

12  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

13  the attorney-client privilege and as work product.  Responding Party further objects that this request is

14  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

15  depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

16  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

17  a precautionary measure based on information available to defense counsel at the time of filing of the

18  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

19  REQUEST FOR ADMISSIONS NO. 109:

20  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed to timely

21  and adequately exhaust administrative filing requirements, such as filing a Charge of Discrimination with

22  the Equal Employment Opportunity Commission and/or DFEH" as alleged in the Twenty-Second

23  Affirmative Defense pled in Defendants' Answer (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 109:**

25  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

28  the attorney-client privilege and as work product.  Responding Party further objects that this request is

58

1  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

2  depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

3  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

4  a precautionary measure based on information available to defense counsel at the time of filing of the

5  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

6  REQUEST FOR ADMISSIONS NO. 110:

7  Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to timely and

8  adequately exhaust any and all collective bargaining agreement remedies and other administrative filing

9  requirements, such as filing a Charge of Discrimination with the Equal Employment Opportunity

10  Commission and/or DFEH, such that any claim for relief that Plaintiff may have is barred by law" as

11  alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

12  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 110:**

13  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

14  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

15  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

16  the attorney-client privilege and as work product.  Responding Party further objects that this request is

17  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

18  depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to

19  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

20  a precautionary measure based on information available to defense counsel at the time of filing of the

21  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

22  REQUEST FOR ADMISSIONS NO. 111:

23  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed to timely

24  and adequately exhaust any and all collective bargaining agreement remedies and other administrative

25  filing requirements, such as filing a Charge of Discrimination with the Equal Employment Opportunity

26  Commission and/or DFEH, such that any claim for relief that Plaintiff may have is barred by law" as

27  alleged in the Twenty-Second Affirmative Defense pled in Defendants' Answer (ECF 130).

28  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 111:**

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to receive Plaintiff's responses to written discovery.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 112:

Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged" as alleged in the Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 112:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 113:

Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged" as alleged in the Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 113:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 114:

Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in the Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 114:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 115:

Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in the Twenty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 115:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  applicable defenses, which are legal in nature and based on statutory law.

2  REQUEST FOR ADMISSIONS NO. 116:

3  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

4  the terms and/or conditions of Plaintiff's employment were done pursuant to an official duty" as alleged

5  in the Twenty-Third Affirmative Defense pled in the Answer (ECF 130).

6  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 116:**

7  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

8  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

9  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

10  the attorney-client privilege and as work product. Responding Party further objects to the extent that this

11  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

12  measure based on information available to defense counsel at the time of filing of the answer to preserve

13  applicable defenses, which are legal in nature and based on statutory law.

14  REQUEST FOR ADMISSIONS NO. 117:

15  Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

16  affecting the terms and/or conditions of Plaintiff's employment were done pursuant to an official duty" as

17  alleged in the Twenty-Third Affirmative Defense pled in the Answer (ECF 130).

18  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 117:**

19  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

20  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

21  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

22  the attorney-client privilege and as work product. Responding Party further objects to the extent that this

23  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

24  measure based on information available to defense counsel at the time of filing of the answer to preserve

25  applicable defenses, which are legal in nature and based on statutory law.

26  REQUEST FOR ADMISSIONS NO. 118:

27  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

28  the terms and/or conditions of Plaintiff's employment were privileged and done with good cause and/or

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1    pursuant to an official duty" as alleged in the Twenty-Third Affirmative Defense pled in Defendants'

2    Answer (ECF 130).

3    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 118:**

4          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

7    the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

8    request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

9    measure based on information available to defense counsel at the time of filing of the answer to preserve

10   applicable defenses, which are legal in nature and based on statutory law.

11   REQUEST FOR ADMISSIONS NO. 119:

12   Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

13   affecting the terms and/or conditions of Plaintiff's employment were privileged and done with good

14   cause and/or pursuant to an official duty" as alleged in the Twenty-Third Affirmative Defense pled in

15   Defendants' Answer (ECF 130).

16   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 119:**

17         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

20   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

21   request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

22   measure based on information available to defense counsel at the time of filing of the answer to preserve

23   applicable defenses, which are legal in nature and based on statutory law.

24   REQUEST FOR ADMISSIONS NO. 120:

25   Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed and refused to

26   mitigate his damages" as alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer

27   (ECF 130).

28   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 120:**

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

2  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

3  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

4  the attorney-client privilege and as work product.  Responding Party further objects that this request is

5  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

6  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

7  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

8  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

9  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

10  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

11  a precautionary measure based on information available to defense counsel at the time of filing of the

12  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

13  REQUEST FOR ADMISSIONS NO. 121:

14  Admit that each responding Defendant is aware of no evidence showing "Plaintiff failed and refused to

15  mitigate his damages" as alleged in the Twenty-Fourth Affirmative Defense (ECF 130).

16  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 121:**

17    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

20  the attorney-client privilege and as work product.  Responding Party further objects that this request is

21  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

22  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

23  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

24  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

25  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

26  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

27  a precautionary measure based on information available to defense counsel at the time of filing of the

28  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 122:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed to utilize the DISTRICT's policies and procedures to prevent harassment, discrimination, and retaliation" as alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 122:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 123:

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed to utilize the DISTRICT's policies and procedures to prevent harassment, discrimination, and retaliation" as alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 123:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 124:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff failed and refused to mitigate his damages, although he had an opportunity to do so, including but not limited to failing to utilize the DISTRICT's policies and procedures to prevent harassment, discrimination, and retaliation" as alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 124:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 125:

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff failed and refused to mitigate his damages, although he had an opportunity to do so, including but not limited to failing to utilize the DISTRICT's policies and procedures to prevent harassment, discrimination, and retaliation" as

1   alleged in the Twenty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

2   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 125:**

3           Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

6   the attorney-client privilege and as work product.  Responding Party further objects that this request is

7   premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

8   discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

9   opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

10  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

11  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

12  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

13  a precautionary measure based on information available to defense counsel at the time of filing of the

14  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

15  REQUEST FOR ADMISSIONS NO. 126:

16  Admit that each responding Defendant is aware of no facts showing that "they exercised reasonable care

17  to prevent and promptly correct any allegedly harassing behavior" as alleged in the Twenty-Fifth

18  Affirmative Defense pled in Defendants' Answer (ECF 130).

19  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 126:**

20          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

21  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

22  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

23  the attorney-client privilege and as work product.  Responding Party further objects that this request is

24  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

25  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

26  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

27  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

28  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

2  a precautionary measure based on information available to defense counsel at the time of filing of the

3  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

4  REQUEST FOR ADMISSIONS NO. 127:

5  Admit that each responding Defendant is aware of no evidence showing that "they exercised reasonable

6  care to prevent and promptly correct any allegedly harassing behavior" as alleged in the Twenty-Fifth

7  Affirmative Defense pled in Defendants' Answer (ECF 130).

8  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 127:**

9        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

11  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

12  the attorney-client privilege and as work product.  Responding Party further objects that this request is

13  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

14  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

15  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

16  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

17  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

18  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

19  a precautionary measure based on information available to defense counsel at the time of filing of the

20  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

21  REQUEST FOR ADMISSIONS NO. 128:

22  Admit that each responding Defendant is aware of no facts showing that "Plaintiff unreasonably failed to

23  take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise

24  avoid harm" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

25  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 128:**

26        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

27  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

28  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 129:

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130)

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 129:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 130:

Admit that each responding Defendant is aware of no facts showing that "they exercised reasonable care to prevent and promptly correct any allegedly harassing behavior, and that the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 130:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 131:

Admit that each responding Defendant is aware of no evidence showing that "they exercised reasonable care to prevent and promptly correct any allegedly harassing behavior, and that the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to otherwise avoid harm" as alleged in the Twenty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 131:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

1  the attorney-client privilege and as work product.  Responding Party further objects that this request is

2  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

3  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

4  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

5  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

6  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

7  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

8  a precautionary measure based on information available to defense counsel at the time of filing of the

9  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

10  REQUEST FOR ADMISSIONS NO. 132:

11  Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not performing

12  his job duties satisfactorily" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants'

13  Answer (ECF 130).

14  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 132:**

15  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

16  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

17  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

18  the attorney-client privilege and as work product.  Responding Party further objects that this request is

19  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

20  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

21  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

22  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

23  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

24  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

25  a precautionary measure based on information available to defense counsel at the time of filing of the

26  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

27  REQUEST FOR ADMISSIONS NO. 133:

28  Admit  that  each  responding  Defendant  is  aware  of  no  evidence  showing  that  "Plaintiff  was  not

71

1  performing his job duties satisfactorily" as alleged in the Twenty-Sixth Affirmative Defense pled in

2  Defendants' Answer (ECF 130).

3  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 133:**

4  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

7  the attorney-client privilege and as work product.  Responding Party further objects that this request is

8  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

9  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

10  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

11  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

12  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

13  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

14  a precautionary measure based on information available to defense counsel at the time of filing of the

15  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

16  REQUEST FOR ADMISSIONS NO. 134:

17  Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not a qualified

18  individual as defined by California's Fair Employment and Housing Act" as alleged in the Twenty-Sixth

19  Affirmative Defense pled in Defendants' Answer (ECF 130).

20  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 134:**

21  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

24  the attorney-client privilege and as work product.  Responding Party further objects that this request is

25  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

26  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

27  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

28  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 135:

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff was not a qualified individual as defined by California's Fair Employment and Housing Act" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 135:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 136:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff was not performing his job duties satisfactorily and he was not a qualified individual as defined by California's Fair Employment and Housing Act" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 136:**

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 137:

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff was not performing his job duties satisfactorily and he was not a qualified individual as defined by California's Fair Employment and Housing Act" as alleged in the Twenty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 137:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

1  a precautionary measure based on information available to defense counsel at the time of filing of the

2  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

3  REQUEST FOR ADMISSIONS NO. 138:

4  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's Third Amended

5  Complaint and each of its causes of action are barred either in whole or in part by the doctrine of after-

6  acquired evidence" as alleged in the Twenty-Seventh Affirmative Defense pled in Defendants' Answer

7  (ECF 130).

8  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 138:**

9       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

10  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

11  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

12  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

13  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

14  measure based on information available to defense counsel at the time of filing of the answer to preserve

15  applicable defenses, which are legal in nature and based on statutory law.

16  REQUEST FOR ADMISSIONS NO. 139:

17  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's Third Amended

18  Complaint and each of its causes of action are barred either in whole or in part by the doctrine of after-

19  acquired evidence" as alleged in the Twenty-Seventh Affirmative Defense pled in Defendants' Answer

20  (ECF 130).

21  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 139:**

22       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

26  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

27  measure based on information available to defense counsel at the time of filing of the answer to preserve

28  applicable defenses, which are legal in nature and based on statutory law.

75

REQUEST FOR ADMISSIONS NO. 140:

Admit that each responding Defendant is aware of no facts showing that "they are immune from liability [through proper application of] California Government Code Section 818.8" as alleged in the Twenty-Eighth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 140:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 141:

Admit that each responding Defendant is aware of no evidence showing that "they are immune from liability [through proper application of] California Government Code Section 818.8" as alleged in the Twenty-Eighth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 141:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 142:

Admit that each responding Defendant is aware of no facts showing that "Defendants are immune from liability [through proper application of] California Government Code Section 821.6 for public entity employees instituting/prosecuting any and all judicial proceedings against Plaintiff which relate to the

76

1   subject incident" as alleged in the Twenty-Ninth Affirmative Defense pled in Defendants' Answer (ECF

2   130).

3   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 142:**

4           Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

7   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

8   request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

9   measure based on information available to defense counsel at the time of filing of the answer to preserve

10  applicable defenses, which are legal in nature and based on statutory law.

11  REQUEST FOR ADMISSIONS NO. 143:

12  Admit that each responding Defendant is aware of no evidence showing that "Defendants are immune

13  from liability [through proper application of] California Government Code Section 821.6 for public

14  entity employees instituting/prosecuting any and all judicial proceedings against Plaintiff which relate to

15  the subject incident" as alleged in the Twenty-Ninth Affirmative Defense pled in Defendants' Answer

16  (ECF 130).

17  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 143:**

18          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

19  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

20  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

21  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

22  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

23  measure based on information available to defense counsel at the time of filing of the answer to preserve

24  applicable defenses, which are legal in nature and based on statutory law.

25  REQUEST FOR ADMISSIONS NO. 144:

26  Admit that each responding Defendant is aware of no facts showing that "each of the allegedly adverse

27  employment actions Plaintiff alleges he was subjected to do not constitute adverse employment actions"

28  as alleged in the Thirtieth Affirmative Defense pled in the Answer (ECF 130).

1  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 144:**

2  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

3  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

4  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

5  the attorney-client privilege and as work product.  Responding Party further objects that this request is

6  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

7  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

8  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

9  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

10  opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that

11  this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

12  establish through evidence that he was subjected to adverse employment action(s).   Responding Party

13  further objects to the extent that this request is premature as all affirmative defenses are pleaded  upon

14  advice of counsel as a precautionary measure based on information available to defense counsel at the

15  time of filing of the answer to preserve applicable defenses, which are legal in nature and based on

16  statutory law.

17  REQUEST FOR ADMISSIONS NO. 145:

18  Admit that each responding Defendant is aware of no evidence showing that "each of the allegedly

19  adverse employment actions Plaintiff alleges he was subjected to do not constitute adverse employment

20  actions" as alleged in the Thirtieth Affirmative Defense Pled in the Answer (ECF 130).

21  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 145:**

22  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25  the attorney-client privilege and as work product.  Responding Party further objects that this request is

26  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

27  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

28  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

1  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

2  opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that

3  this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

4  establish through evidence that he was subjected to adverse employment action(s).    Responding Party

5  further objects to the extent that this request is premature as all affirmative defenses are pleaded  upon

6  advice of counsel as a precautionary measure based on information available to defense counsel at the

7  time of filing of the answer to preserve applicable defenses, which are legal in nature and based on

8  statutory law.

9  REQUEST FOR ADMISSIONS NO. 146:

10  Admit that each responding Defendant is aware of no facts showing that "Plaintiff did not engage in

11  protected activity" as alleged in the Thirty-First Affirmative Defense pled in Defendants' Answer (ECF

12  130).

13  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 146:**

14       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

15  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

16  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

17  the attorney-client privilege and as work product.  Responding Party further objects that this request is

18  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

19  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

20  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

21  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

22  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects that

23  this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

24  establish through evidence that he engaged in protected activity.  Responding Party further objects to the

25  extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a

26  precautionary measure based on information available to defense counsel at the time of filing of the

27  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

28  REQUEST FOR ADMISSIONS NO. 147:

1  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff did not engage in

2  protected activity" as alleged in the Thirty-First Affirmative Defense pled in Defendants' Answer (ECF

3  130).

4  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 147:**

5        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8  the attorney-client privilege and as work product.  Responding Party further objects that this request is

9  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

10  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

11  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

12  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

13  opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that

14  this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

15  establish through evidence that he engaged in protected activity.  Responding Party further objects to the

16  extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a

17  precautionary measure based on information available to defense counsel at the time of filing of the

18  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

19  REQUEST FOR ADMISSIONS NO. 148:

20  Admit that each responding Defendant is aware of no facts showing that "lawful motive alone would

21  have led to the same employment decisions  and that they [Defendants] therefore cannot be held liable

22  pursuant to, *inter alia,* California Education Code Section 87164(j)" as alleged in the Thirty-Second

23  Affirmative Defense pled in Defendants' Answer (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 148:**

25        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

28  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

1  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

2  measure based on information available to defense counsel at the time of filing of the answer to preserve

3  applicable defenses, which are legal in nature and based on statutory law.

4  REQUEST FOR ADMISSIONS NO. 149:

5  Admit that each responding Defendant is aware of no evidence showing that "lawful motive alone would

6  have led to the same employment decisions  and that they [Defendants] therefore cannot be held liable

7  pursuant to, *inter alia,* California Education Code Section 87164(j)" as alleged in the Thirty- Second

8  Affirmative Defense pled in Defendants' Answer (ECF 130).

9  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 149:**

10  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

11  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

12  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

13  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

14  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

15  measure based on information available to defense counsel at the time of filing of the answer to preserve

16  applicable defenses, which are legal in nature and based on statutory law.

17  REQUEST FOR ADMISSIONS NO. 150:

18  Admit that each responding Defendant is aware of no facts showing that "they responded reasonably to

19  Plaintiff's complaints" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer

20  (ECF 130).

21  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 150:**

22  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25  the attorney-client privilege and as work product.  Responding Party further objects that this request is

26  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

27  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

28  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

a precautionary measure based on information available to defense counsel at the time of filing of the

answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 151:

Admit that each responding Defendant is aware of no evidence showing that "they responded reasonably

to Plaintiff's complaints" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer

(ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 151:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion.

Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

the attorney-client privilege and as work product.  Responding Party further objects that this request is

premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

a precautionary measure based on information available to defense counsel at the time of filing of the

answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 152:

Admit that each responding Defendant is aware of no facts showing that "they did not have actual or

constructive notice of any alleged harassment, discrimination, or retaliation" as alleged in the Thirty-

Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 152:**

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that Defendants had actual or constructive notice of any alleged retaliation. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 153:

Admit that each responding Defendant is aware of no evidence showing that "they did not have actual or constructive notice of any alleged harassment, discrimination, or retaliation" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 153:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that

2  this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

3  establish through evidence that Defendants had actual or constructive notice of any alleged retaliation.

4  Responding Party further objects to the extent that this request is premature as all affirmative defenses

5  are pleaded upon advice of counsel as a precautionary measure based on information available to defense

6  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

7  based on statutory law.

8  REQUEST FOR ADMISSIONS NO. 154:

9  Admit that each responding Defendant is aware of no facts showing that "they responded reasonably to

10  Plaintiff's complaints and that they did not have actual or constructive notice of any alleged harassment,

11  discrimination, or retaliation" as alleged in the Thirty-Third Affirmative Defense pled in Defendants'

12  Answer (ECF 130).

13  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 154:**

14  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

15  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

16  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

17  the attorney-client privilege and as work product. Responding Party further objects that this request is

18  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

19  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

20  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

21  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

22  opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that

23  this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

24  establish through evidence that Defendants had actual or constructive notice of any alleged retaliation.

25  Responding Party further objects to the extent that this request is premature as all affirmative defenses

26  are pleaded upon advice of counsel as a precautionary measure based on information available to defense

27  counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and

28  based on statutory law.

REQUEST FOR ADMISSIONS NO. 155:

Admit that each responding Defendant is aware of no evidence showing that "they responded reasonably to Plaintiff's complaints and that they did not have actual or constructive notice of any alleged harassment, discrimination, or retaliation" as alleged in the Thirty-Third Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 155:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that Defendants had actual or constructive notice of any alleged retaliation. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 156:

Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting the terms and/or conditions of Plaintiff's employment were privileged" as alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 156:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

1  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

2  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

3  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

4  measure based on information available to defense counsel at the time of filing of the answer to preserve

5  applicable defenses, which are legal in nature and based on statutory law.

6  REQUEST FOR ADMISSIONS NO. 157:

7  Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

8  affecting the terms and/or conditions of Plaintiff's employment were privileged" as alleged in the Thirty-

9  Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

10  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 157:**

11      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

13  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

14  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

15  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

16  measure based on information available to defense counsel at the time of filing of the answer to preserve

17  applicable defenses, which are legal in nature and based on statutory law.

18  REQUEST FOR ADMISSIONS NO. 158:

19  Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

20  the terms and/or conditions of Plaintiff's employment were protected by qualified immunity" as alleged

21  in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

22  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 158:**

23      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

24  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

25  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

26  the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

27  request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

28  measure based on information available to defense counsel at the time of filing of the answer to preserve

86

1    applicable defenses, which are legal in nature and based on statutory law.

2    REQUEST FOR ADMISSIONS NO. 159:

3    Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

4    affecting the terms and/or conditions of Plaintiff's employment were protected by qualified immunity" as

5    alleged in the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

6    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 159:**

7         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

8    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

9    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

10   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

11   request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

12   measure based on information available to defense counsel at the time of filing of the answer to preserve

13   applicable defenses, which are legal in nature and based on statutory law.

14   REQUEST FOR ADMISSIONS NO. 160:

15   Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

16   the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in the

17   Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

18   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 160:**

19        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

20   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

21   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

22   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

23   request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

24   measure based on information available to defense counsel at the time of filing of the answer to preserve

25   applicable defenses, which are legal in nature and based on statutory law.

26   REQUEST FOR ADMISSIONS NO. 161:

27   Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

28   affecting the terms and/or conditions of Plaintiff's employment were done with good cause" as alleged in

1    the Thirty-Fourth Affirmative Defense pled in Defendants' Answer (ECF 130).

2    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 161:**

3          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

6    the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

7    request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

8    measure based on information available to defense counsel at the time of filing of the answer to preserve

9    applicable defenses, which are legal in nature and based on statutory law.

10   REQUEST FOR ADMISSIONS NO. 162:

11   Admit that each responding Defendant is aware of no facts showing that "all acts of Defendants affecting

12   the terms and/or conditions of Plaintiff's employment were privileged, protected by qualified immunity

13   and/or done with good cause" as alleged in the Thirty-Fourth Affirmative Defense pled in Defendants'

14   Answer (ECF 130)

15   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 162:**

16         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

17   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

18   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

19   the attorney-client privilege and as work product.  Responding Party further objects to the extent that this

20   request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary

21   measure based on information available to defense counsel at the time of filing of the answer to preserve

22   applicable defenses, which are legal in nature and based on statutory law.

23   REQUEST FOR ADMISSIONS NO. 163:

24   Admit that each responding Defendant is aware of no evidence showing that "all acts of Defendants

25   affecting the terms and/or conditions of Plaintiff's employment were privileged, protected by qualified

26   immunity and/or done with good cause" as alleged in the Thirty-Fourth Affirmative Defense pled in

27   Defendants' Answer (ECF 130).

28   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 163:**

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 164:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's gender was not a motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty- Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 164:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment decisions. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 165:

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's gender was not a motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty- Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 165:**

89

1    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

2  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

3  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

4  the attorney-client privilege and as work product.  Responding Party further objects that this request is

5  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

6  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

7  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

8  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

9  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

10  nature and based on statutory law.

11  REQUEST FOR ADMISSIONS NO. 166:

12  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's race was not a

13  motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty-Fifth Affirmative

14  Defense pled in Defendants' Answer (ECF 130).

15  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 166:**

16    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

17  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

18  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

19  the attorney-client privilege and as work product.  Responding Party further objects that this request is

20  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

21  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

22  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

23  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

24  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

25  nature and based on statutory law.

26  REQUEST FOR ADMISSIONS NO. 167:

27  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's race was not a

28  motivating factor in their [Defendants'] employment decisions" as alleged in the Thirty- Fifth

90

1  Affirmative Defense pled in Defendants' Answer (ECF 130).

2  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 167:**

3  　　　Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

6  the attorney-client privilege and as work product.  Responding Party further objects that this request is

7  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

8  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

9  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

10  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

11  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

12  nature and based on statutory law.

13  REQUEST FOR ADMISSIONS NO. 168:

14  Admit that each responding Defendant is aware of no facts showing that "Plaintiff's gender, sex, and/or

15  race was [were] not a motivating factor in their [Defendants'] employment decisions and any decision

16  would have been made regardless of Plaintiff's gender, national origin and/or alleged participation in

17  protected activity" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF

18  130).

19  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 168:**

20  　　　Responding Party objects to this request on the grounds that it calls for a legal conclusion.

21  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

22  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

23  the attorney-client privilege and as work product.  Responding Party further objects that this request is

24  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

25  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

26  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

27  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

28  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

1  nature and based on statutory law.

2  REQUEST FOR ADMISSIONS NO. 169:

3  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's gender, sex,

4  and/or race was [were] not a motivating factor in their [Defendants'] employment decisions" as alleged

5  in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

6  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 169:**

7           Responding Party objects to this request on the grounds that it calls for a legal conclusion.

8  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

9  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

10 the attorney-client privilege and as work product.  Responding Party further objects that this request is

11 vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

12 through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

13 decisions.   Responding Party further objects that this request is vague and ambiguous as it calls for

14 evidence proving a negative; it is Plaintiff's burden to establish through evidence that his gender, sex,

15 and/or race were a motivating factor in Defendants' employment decisions.  Responding Party further

16 objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

17 counsel as a precautionary measure based on information available to defense counsel at the time of

18 filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

19 REQUEST FOR ADMISSIONS NO. 170:

20 Admit that each responding Defendant is aware of no facts showing that "Plaintiff's engagement in

21 alleged protected activity was not a motivating factor in their employment decisions" as alleged in the

22 Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

23 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 170:**

24          Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

26 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

27 the attorney-client privilege and as work product.  Responding Party further objects that this request is

28 vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

1  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

2  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

3  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

4  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

5  nature and based on statutory law.

6  REQUEST FOR ADMISSIONS NO. 171:

7  Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's engagement in

8  alleged protected activity was not a motivating factor in their employment decisions" as alleged in the

9  Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

10  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 171:**

11         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

13  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

14  the attorney-client privilege and as work product.  Responding Party further objects that this request is

15  vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

16  through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

17  decisions.  Responding Party further objects to the extent that this request is premature as all affirmative

18  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

19  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

20  nature and based on statutory law.

21  REQUEST FOR ADMISSIONS NO. 172:

22  Admit that each responding Defendant is aware of no facts showing that "any [employment] decision

23  would have been made regardless of Plaintiff's gender, national origin and/or alleged participation in

24  protected activity" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF

25  130).

26  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 172:**

27         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

28  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment decisions. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 173:

Admit that each responding Defendant is aware of no evidence showing that "any [employment] decision would have been made regardless of Plaintiff's gender, national origin and/or alleged participation in protected activity" as alleged in the Thirty-Fifth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 173:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment decisions. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 174:

Admit that each responding Defendant is aware of no facts showing that "Plaintiff's gender, sex, race, national origin, disability and/or engagement in alleged protected activity was not a motivating factor in their employment decisions and any decision would have been made regardless of Plaintiff's gender,

1    national origin and/or alleged participation in protected activity" as alleged in the Thirty-Fifth

2    Affirmative Defense pled in Defendants' Answer (ECF 130).

3    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 174:**

4    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6    expert's opinion. Responding Party objects to the extent that this request seeks information protected by

7    the attorney-client privilege and as work product. Responding Party further objects that this request is

8    vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

9    through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

10   decisions. Responding Party further objects to the extent that this request is premature as all affirmative

11   defenses are pleaded upon advice of counsel as a precautionary measure based on information available

12   to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

13   nature and based on statutory law.

14   REQUEST FOR ADMISSIONS NO. 175:

15   Admit that each responding Defendant is aware of no evidence showing that "Plaintiff's gender, sex,

16   race, national origin, disability and/or engagement in alleged protected activity was not a motivating

17   factor in their employment decisions and any decision would have been made regardless of Plaintiff's

18   gender, national origin and/or alleged participation in protected activity" as alleged in the Thirty-Fifth

19   Affirmative Defense pled in Defendants' Answer (ECF 130).

20   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 175:**

21   Responding Party objects to this request on the grounds that it calls for a legal conclusion.

22   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

23   expert's opinion. Responding Party objects to the extent that this request seeks information protected by

24   the attorney-client privilege and as work product. Responding Party further objects that this request is

25   vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish

26   through evidence that his gender, sex, and/or race were a motivating factor in Defendants' employment

27   decisions. Responding Party further objects to the extent that this request is premature as all affirmative

28   defenses are pleaded upon advice of counsel as a precautionary measure based on information available

95

1  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

2  nature and based on statutory law.

3  REQUEST FOR ADMISSIONS NO. 176:

4  Admit that each responding Defendant is aware of no facts showing that "the alleged conduct complained

5  of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful discrimination" as

6  alleged in the Thirty-Sixth Affirmative Defense pled in the Answer (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 176:**

8      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

11 the attorney-client privilege and as work product.  Responding Party further objects that this request is

12 premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

13 depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

14 request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

15 establish through evidence that the conduct alleged rises to an actionable level.  Responding Party further

16 objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

17 counsel as a precautionary measure based on information available to defense counsel at the time of

18 filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

19 REQUEST FOR ADMISSIONS NO. 177:

20 Admit that each responding Defendant is aware of no evidence showing that "the alleged conduct

21 complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful

22 discrimination" as alleged in the Thirty-Sixth Affirmative Defense pled in the Answer (ECF 130).

23 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 177:**

24      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

25 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

26 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

27 the attorney-client privilege and as work product.  Responding Party further objects that this request is

28 premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that the conduct alleged rises to an actionable level.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 178:

Admit that each responding Defendant is aware of no facts showing that "the alleged conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful retaliation" as alleged in the Thirty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 178:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that the conduct alleged rises to an actionable level.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 179:

Admit that each responding Defendant is aware of no evidence showing that "the alleged conduct complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful retaliation" as alleged in the Thirty-Sixth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 179:**

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

2  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

3  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

4  the attorney-client privilege and as work product.  Responding Party further objects that this request is

5  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

6  depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

7  request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

8  establish through evidence that the conduct alleged rises to an actionable level.  Responding Party further

9  objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

10  counsel as a precautionary measure based on information available to defense counsel at the time of

11  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

12  REQUEST FOR ADMISSIONS NO. 180:

13  Admit that each responding Defendant is aware of no facts showing that "the alleged conduct complained

14  of by Plaintiff does not, as a matter of law, rise to the level of actionable deprivation of due process

15  rights" as alleged in the Thirty-Sixth Affirmative Defense pled in the Answer (ECF 130).

16  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 180:**

17    Responding Party objects to this request on the grounds that it calls for a legal conclusion.

18  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

19  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

20  the attorney-client privilege and as work product.  Responding Party further objects that this request is

21  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

22  depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

23  request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

24  establish through evidence that the conduct alleged rises to an actionable level.  Responding Party further

25  objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

26  counsel as a precautionary measure based on information available to defense counsel at the time of

27  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

28  REQUEST FOR ADMISSIONS NO. 181:

98

1  Admit that each responding Defendant is aware of no evidence showing that "the alleged conduct

2  complained of by Plaintiff does not, as a matter of law, rise to the level of actionable deprivation of due

3  process rights" as alleged in the Thirty-Sixth Affirmative Defense pled in the Answer (ECF 130).

4  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 181:**

5      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8  the attorney-client privilege and as work product.  Responding Party further objects that this request is

9  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

10 depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

11 request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

12 establish through evidence that the conduct alleged rises to an actionable level.  Responding Party further

13 objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

14 counsel as a precautionary measure based on information available to defense counsel at the time of

15 filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

16 REQUEST FOR ADMISSIONS NO. 182:

17 Admit that each responding Defendant is aware of no facts showing that "the alleged conduct complained

18 of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful discrimination,

19 retaliation, and/or deprivation of due process rights" as alleged in the Thirty-Sixth Affirmative Defense

20 pled in Defendants' Answer (ECF 130).

21 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 182:**

22      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25 the attorney-client privilege and as work product.  Responding Party further objects that this request is

26 premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

27 depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

28 request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

99

1  establish through evidence that the conduct alleged rises to an actionable level. Responding Party further

2  objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

3  counsel as a precautionary measure based on information available to defense counsel at the time of

4  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

5  REQUEST FOR ADMISSIONS NO. 183:

6  Admit that each responding Defendant is aware of no evidence showing that "the alleged conduct

7  complained of by Plaintiff does not, as a matter of law, rise to the level of actionable unlawful

8  discrimination, retaliation, and/or deprivation of due process rights" as alleged in the Thirty-Sixth

9  Affirmative Defense pled in Defendants' Answer (ECF 130).

10  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 183:**

11  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

12  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

13  expert's opinion. Responding Party objects to the extent that this request seeks information protected by

14  the attorney-client privilege and as work product. Responding Party further objects that this request is

15  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

16  depositions or to propound written discovery to Plaintiff. Responding Party further objects that this

17  request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

18  establish through evidence that the conduct alleged rises to an actionable level. Responding Party further

19  objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of

20  counsel as a precautionary measure based on information available to defense counsel at the time of

21  filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

22  REQUEST FOR ADMISSIONS NO. 184:

23  Admit that each responding Defendant is aware of no facts showing that "Plaintiff cannot show that any

24  similarly situated employees were treated more favorably" as alleged in their first Thirty- Seventh

25  Affirmative Defense pled in Defendants' Answer (ECF 130).

26  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 184:**

27  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

28  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that similarly situated employees were treated differently.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded  upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 185:

Admit that each responding Defendant is aware of no evidence showing that "Plaintiff cannot show that any similarly situated employees were treated more favorably" as alleged in their first Thirty-Seventh Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 185:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that similarly situated employees were treated differently.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded  upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 186:

1   Admit that each responding Defendant is aware of no facts showing that "the relevant decisions

2   regarding Plaintiff's position were made prior to Plaintiff engaging in any allegedly protected activity" as

3   alleged in their second Thirty-Seventh Affirmative Defense pled in the Answer (ECF 130).

4   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 186:**

5        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8   the attorney-client privilege and as work product.  Responding Party further objects that this request is

9   premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

10  depositions or to propound written discovery to Plaintiff.  Responding Party further objects to the extent

11  that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a

12  precautionary measure based on information available to defense counsel at the time of filing of the

13  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

14  REQUEST FOR ADMISSIONS NO. 187:

15  Admit that each responding Defendant is aware of no evidence showing that "the relevant decisions

16  regarding Plaintiff's position were made prior to Plaintiff engaging in any allegedly protected activity" as

17  alleged in their second Thirty-Seventh Affirmative Defense pled in their Answer (ECF 130).

18  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 187:**

19        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

20  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

21  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

22  the attorney-client privilege and as work product.  Responding Party further objects that this request is

23  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

24  depositions or to propound written discovery to Plaintiff.  Responding Party further objects to the extent

25  that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a

26  precautionary measure based on information available to defense counsel at the time of filing of the

27  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

28  REQUEST FOR ADMISSIONS NO. 188:

102

1    Admit that each responding Defendant is aware of no facts showing that "there is no causal connection

2    between the alleged adverse employment actions and any alleged protected activity" as alleged in their

3    Thirty-Eighth Affirmative Defense pled in Defendants' Answer (ECF 130).

4    **RESPONSE TO REQUEST FOR ADMISSIONS NO. 188:**

5         Responding Party objects to this request on the grounds that it calls for a legal conclusion.

6    Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

7    expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

8    the attorney-client privilege and as work product.  Responding Party further objects that this request is

9    premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

10   depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

11   request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

12   establish through evidence the existence of a causal connection between any alleged adverse employment

13   actions and any alleged protected activity.  Responding Party further objects to the extent that this request

14   is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure

15   based on information available to defense counsel at the time of filing of the answer to preserve

16   applicable defenses, which are legal in nature and based on statutory law.

17   REQUEST FOR ADMISSIONS NO. 189:

18   Admit that each responding Defendant is aware of no evidence showing that "there is no causal

19   connection between the alleged adverse employment actions and any alleged protected activity" as

20   alleged in their Thirty-Eighth Affirmative Defense pled in Defendants' Answer (ECF 130).

21   **RESPONSE TO REQUEST FOR ADMISSIONS NO. 189:**

22        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23   Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24   expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25   the attorney-client privilege and as work product.  Responding Party further objects that this request is

26   premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

27   depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

28   request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

1  establish through evidence the existence of a causal connection between any alleged adverse employment

2  actions and any alleged protected activity.  Responding Party further objects to the extent that this request

3  is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure

4  based on information available to defense counsel at the time of filing of the answer to preserve

5  applicable defenses, which are legal in nature and based on statutory law.

6  REQUEST FOR ADMISSIONS NO. 190:

7  Admit that each responding Defendant is aware of no facts showing that Defendants AUSTIN, BARK,

8  HICKEY, and BAHADURSINGH "did not personally participate in any deprivations or violations of

9  Plaintiff's due process rights" as alleged in their Thirty-Ninth Affirmative Defense pled in Defendants'

10  Answer (ECF 130).

11  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 190:**

12  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

13  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

14  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

15  the attorney-client privilege and as work product.  Responding Party further objects that this request is

16  premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any

17  depositions or to propound written discovery to Plaintiff.  Responding Party further objects that this

18  request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to

19  establish through evidence that Defendants personally participated in deprivations or violations of

20  Plaintiff's rights.  Responding Party further objects to the extent that this request is premature as all

21  affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on

22  information available to defense counsel at the time of filing of the answer to preserve applicable

23  defenses, which are legal in nature and based on statutory law.

24  REQUEST FOR ADMISSIONS NO. 191:

25  Admit that each responding Defendant is aware of no evidence showing that Defendants AUSTIN,

26  BARK, HICKEY, and BAHADURSINGH "did not personally participate in any deprivations or

27  violations of Plaintiff's due process rights" as alleged in their Thirty-Ninth Affirmative Defense pled in

28  Defendants' Answer (ECF 130).

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 191:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature, as discovery is ongoing and Responding Party has not yet had the opportunity to conduct any depositions or to propound written discovery to Plaintiff. Responding Party further objects that this request is vague and ambiguous as it calls for evidence proving a negative; it is Plaintiff's burden to establish through evidence that Defendants personally participated in deprivations or violations of Plaintiff's rights. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 192:

Admit that each responding Defendant is aware of no facts showing that "the Third Amended Complaint is couched in conclusory terms" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 192:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion. Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product. Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff. Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  a precautionary measure based on information available to defense counsel at the time of filing of the

2  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

3  REQUEST FOR ADMISSIONS NO. 193:

4  Admit that each responding Defendant is aware of no evidence showing that "the Third Amended

5  Complaint is couched in conclusory terms" as alleged in their Fortieth Affirmative Defense pled in

6  Defendants' Answer (ECF 130).

7  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 193:**

8      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

9  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

10  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

11  the attorney-client privilege and as work product.  Responding Party further objects that this request is

12  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

13  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

14  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

15  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

16  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

17  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

18  a precautionary measure based on information available to defense counsel at the time of filing of the

19  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

20  REQUEST FOR ADMISSIONS NO. 194:

21  Admit that each responding Defendant is aware of no facts showing that "Defendants cannot fully

22  anticipate all affirmative defenses that may be applicable to this action" as alleged in their Fortieth

23  Affirmative Defense pled in Defendants' Answer (ECF 130).

24  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 194:**

25      Responding Party objects to this request on the grounds that it calls for a legal conclusion.

26  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

27  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

28  the attorney-client privilege and as work product.  Responding Party further objects that this request is

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 195:

Admit that each responding Defendant is aware of no evidence showing that "Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 195:**

Responding Party objects to this request on the grounds that it calls for a legal conclusion. Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an expert's opinion.  Responding Party objects to the extent that this request seeks information protected by the attorney-client privilege and as work product.  Responding Party further objects that this request is premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as a precautionary measure based on information available to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in nature and based on statutory law.

REQUEST FOR ADMISSIONS NO. 196:

Admit that each responding Defendant is aware of no facts showing that they are legally entitled to reserve "the right to assert additional affirmative defenses" as alleged in their Fortieth Affirmative

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  Defense pled in Defendants' Answer (ECF 130).

2  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 196:**

3        Responding Party objects to this request on the grounds that it calls for a legal conclusion.

4  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

5  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

6  the attorney-client privilege and as work product.  Responding Party further objects that this request is

7  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

8  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

9  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

10 yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

11 opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

12 the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

13 a precautionary measure based on information available to defense counsel at the time of filing of the

14 answer to preserve applicable defenses, which are legal in nature and based on statutory law.

15 REQUEST FOR ADMISSIONS NO. 197:

16 Admit that each responding Defendant is aware of no facts showing that "the Third Amended Complaint

17 is couched in conclusory terms, [such that] the Defendants cannot fully anticipate all affirmative defenses

18 that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if

19 and to the extent that such affirmative defenses are applicable, is hereby reserved" as alleged in their

20 Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

21 **RESPONSE TO REQUEST FOR ADMISSIONS NO. 197:**

22       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

23 Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

24 expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

25 the attorney-client privilege and as work product.  Responding Party further objects that this request is

26 premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

27 discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

28 opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

2  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

3  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

4  a precautionary measure based on information available to defense counsel at the time of filing of the

5  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

6  REQUEST FOR ADMISSIONS NO. 198:

7  Admit that each responding Defendant is aware of no evidence showing that "the Third Amended

8  Complaint is couched in conclusory terms, [such that] the Defendants cannot fully anticipate all

9  affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional

10  affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby

11  reserved" as alleged in their Fortieth Affirmative Defense pled in Defendants' Answer (ECF 130).

12  **RESPONSE TO REQUEST FOR ADMISSIONS NO. 198:**

13       Responding Party objects to this request on the grounds that it calls for a legal conclusion.

14  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

15  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

16  the attorney-client privilege and as work product.  Responding Party further objects that this request is

17  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

18  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

19  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

20  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

21  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party further objects to

22  the extent that this request is premature as all affirmative defenses are pleaded upon advice of counsel as

23  a precautionary measure based on information available to defense counsel at the time of filing of the

24  answer to preserve applicable defenses, which are legal in nature and based on statutory law.

25  **FORM INTERROGATORY 17.1**

26  For each Request for Admission Set 2 Numbered 1 through 198, above, where the responding

27  Defendants respond with anything other than an unqualified admission:

28       (a) State all facts supporting the response.

109

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  (b) Identify all documents supporting the response.

2  (c) Identify all witnesses who will support the response.

3  **RESPONSE TO FORM INTERROGATORY 17.1**

4  Responding Party objects to this request on the grounds that it calls for a legal conclusion.

5  Responding Party further objects to this request on the grounds that it prematurely seeks disclosure of an

6  expert's opinion.  Responding Party objects to the extent that this request seeks information protected by

7  the attorney-client privilege and as work product.  Responding Party further objects that this request is

8  premature as Responding Party has not yet had a reasonable opportunity to conduct an investigation or

9  discovery into Plaintiff's alleged injuries and damages; specifically, Responding Party has not yet had the

10  opportunity to take Plaintiff's deposition; not yet received Plaintiff's responses to written discovery; not

11  yet had the opportunity to evaluate Plaintiff's records of medical treatment, if any; and not yet had the

12  opportunity to conduct an expert medical examination of Plaintiff.  Responding Party objects to the

13  extent that this request is vague and ambiguous as it calls for evidence and documents proving a

14  negative.  Responding Party further objects to the extent that this request is premature as all affirmative

15  defenses are pleaded upon advice of counsel as a precautionary measure based on information available

16  to defense counsel at the time of filing of the answer to preserve applicable defenses, which are legal in

17  nature and based on statutory law.

18

19  Dated:  May 15, 2025                    BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

20

21                                          By: _____

22                                              Eugene B. Elliot
                                                Ethan M. Lowry
23                                              Benjamin I. Oreper
                                                Attorneys for Defendants
24                                              PALO ALTO UNIFIED SCHOOL DISTRICT,
                                                AMANDA BARK, LISA HICKEY and TRENT
25                                              BAHADURSINGH

26

27

28

HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY 17.1
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am employed in the County of San Francisco, California; I am over the age of eighteen years and not a party to the within cause; and my business address is 2749 Hyde Street, San Francisco, California 94109.

I am readily familiar with the practice of Bertrand, Fox, Elliot, Osman & Wenzel with respect to the collection and processing of pleadings, discovery documents, motions and all other documents which must be served upon opposing parties or other counsel in litigation. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

On **May 15, 2025**, I served the following document:

**DEFENDANT LISA HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET NUMBER 2 – RE: DEFENDANTS' AFFIRMATIVE DEFENSES [FRCP RULES 26 AND 36, L-R 36] AND FORM INTERROGATORY 17.1 RE: RFAS SET NUMBER 2 [PER JOINT RULE 26(f) REPORT (ECF 10); FRCP RULES 26, 33 AND L-R 33]**

on the following interested parties:

| | |
|---|---|
| Evan C. Nelson | Alison K. Beanum |
| LAW OFFICE OF EVAN C. NELSON | Veena A. Mitchell |
| evancnelson.law@gmail.com | CLYDE & CO US LLP |
| | alison.beanum@clydeco.us |
| | veena.mitchell@clydeco.us |
| *Attorney for Plaintiff* | *Attorneys for Defendant Don Austin* |

Said service was performed in the following manner:

(✓)    **BY ELECTRONIC MAIL SERVICE (E-Mail)**: Pursuant to the parties' agreement to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed **May 15, 2025**, at San Francisco, California.

_____
Sergio Guerero

**EXHIBIT 250**

Eugene B. Elliot, State Bar No. 111475
Ethan M. Lowry, State Bar No. 278831
Benjamin I. Oreper, State Bar No. 329480
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990
Email:      eelliot@bfesf.com
            elowry@bfesf.com
            boreper@bfesf.com

Attorneys for Defendants
PALO ALTO UNIFIED SCHOOL DISTRICT and LISA HICKEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| PETER COLOMBO, | Case No. 5:24-cv-00909-NC |
|---|---|
| Plaintiff, | DEFENDANTS PALO ALTO UNIFIED SCHOOL DISTRICT AND LISA HICKEY'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET NUMBER 2 – RE: DEFENDANTS' AFFIRMATIVE DEFENSES [FRCP RULES 26 AND 36, L-R 36] |
| v. | |
| PALO ALTO UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | FORM INTERROGATORY 17.1 RE: RFAS SET NUMBER 2 [PER JOINT RULE 26(f) REPORT (ECF 10); FRCP RULES 26, 33 AND L-R 33] |

PRELIMINARY STATEMENT

Defendants PALO ALTO UNIFIED SCHOOL DISTRICT and LISA HICKEY (collectively "Defendants") have not yet completed their investigation or analysis of the facts relating to this have not completed discovery and have not completed preparation for trial.  Accordingly, these respon are given  without prejudice to Defendants' rights to produce evidence  of any subsequently discovered facts or interpretations thereof and/or to add to, modify or to otherwise change or amend the response herein.  The information hereinafter set forth is true and correct to the best of Defendants' knowledge a this time, and is subject to correction for inadvertent errors or omissions, if any errors or omissions sha

1

1    25                              BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

2

3                                    By: /s/ Benjamin I. Oreper

4                                        Eugene B. Elliot
                                         Ethan M. Lowry
5                                        Benjamin I. Oreper
                                         Attorneys for Defendants
6                                        PALO ALTO UNIFIED SCHOOL DISTRICT AND
                                         LISA HICKEY
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY
Colombo v. Palo Alto Unified School District, et al., Case No.: 5:24-cv-00909-NC

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, declare that I am employed in the County of San Francisco, California; I am over the age of eighteen years and not a party to the within cause; and my business address is 2749 H Street, San Francisco, California 94109.

I am readily familiar with the practice of Bertrand, Fox, Elliot, Osman & Wenzel with respect to the collection and processing of pleadings, discovery documents, motions and all other documents which must be served upon opposing parties or other counsel in litigation. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

On August 22, 2025, I served the following document:

DEFENDANTS PALO ALTO UNIFIED SCHOOL DISTRICT AND LISA HICKEY'S AMENDED RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET NUMBER 2 – RE: DEFENDANTS' AFFIRMATIVE DEFENSES [FRCP RULES 26 AND 36, L-R 36] AND FORM INTERROGATORY 17.1 RE: RFAS SET NUMBER 2 [PER JOINT RULE 26(f) REPORT (ECF 10); FRCP RULES 26, 33 AND L-R 33]

on the following interested parties:

| | |
|---|---|
| Evan C. Nelson | Alison K. Beanum |
| Jonathan McDougall | Veena Anada Mitchell |
| LAW OFFICE OF JONATHAN MCDOUGALL | CLYDE & CO US LLP |
| evancnelson.law@gmail.com | alison.beanum@clydeco.us |
| jonathan@mcdlaw.net | veena.mitchell@clydeco.us |
| Attorneys for Plaintiff | Attorneys for Don Austin and Trent Bahadursingh |

Said service was performed in the following manner:

(☐ ) BY ELECTRONIC MAIL SERVICE (E-Mail): Pursuant to the parties' agreement to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed August 22, 2025, at San Francisco, California.

_____
Benjamin I. Oreper

CERTIFICATE OF SERVICE
Colombo v. Palo Alto Unified School District, et al., Case No.: 5:24-cv-00909-NC

ALISON K. BEANUM (State Bar No. 221968)
*alison.beanum@clydeco.us*
VEENA A. MITCHELL (State Bar No. 161153)
*veena.mitchell@clydeco.us*
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone:     (213) 358-7600
Facsimile:     (213) 358-7650

Attorneys for Defendants
DON AUSTIN and TRENT BAHADURSINGH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER COLOMBO,<br><br>           Plaintiff,<br><br>v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, et al.,<br><br>           Defendants. | Case No. 5:24-cv-00909-NC<br><br>**DEFENDANTS DON AUSTIN'S AND TRENT BAHADURSINGH'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET NUMBER 2 – RE: DEFENDANTS' AFFIRMATIVE DEFENSES [FRCP RULES 26 AND 36, L-R 36]**<br><br>**FORM INTERROGATORY 17.1 RE: RFAS SET NUMBER 2 [PER JOINT RULE 26(f) REPORT (ECF 10); FRCP RULES 26, 33 AND L-R 33]** |

**PRELIMINARY STATEMENT**

Defendants DON AUSTIN and TRENT BAHADURSINGH (collectively "Defendants") have not yet completed their investigation or analysis of the facts relating to this case, have not completed discovery and have not completed preparation for trial. Accordingly, these responses are given without prejudice to Defendants' rights to produce evidence of any subsequently discovered facts or interpretations thereof and/or to add to, modify or to otherwise change or amend the responses herein. The information hereinafter set forth is true and correct to the best of Defendants' knowledge at this time, and is subject to correction for inadvertent errors or omissions, if any errors or omissions shall hereafter

1

understanding of the undefined terms used therein, Responding Party responds as follows:

Deny.

**AMENDED RESPONSE TO INTERROGATORY 17.1 FOR RFA NO. 198:**

Subject to, incorporating, and without waiver of the above objections, Responding Party is aware of the following facts to support denial of Plaintiff's allegations:

Defendants incorporate by reference the denials of the allegations of Plaintiff's Third Amended Complaint as provided in Defendants' Answer to that pleading. Defendants incorporate by reference the entirety of their response to Interrogatory 17.1 for RFA No. 2. Plaintiff's operative complaint is definitionally "couched in conclusory terms" and Defendants accordingly cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved. Discovery is continuing and Responding Party reserves the right to amend this response accordingly.

Dated:  August 26, 2025                           CLYDE & CO US LLP

By:
                                                            Alison K. Beanum
                                                            Veena A. Mitchell
                                                            Attorneys for Defendants,
                                                            DON AUSTIN and TRENT BAHADURSINGH

DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS SET 2 AND FORM INTERROGATORY

1  **<u>CERTIFICATE OF SERVICE</u>**

2  **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3      At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of San Francisco, State of California.  My business address is 150
4  California Street, Suite 1500, San Francisco, California 94111.

5      On **August 26, 2025,** I served true copies of the following document(s) described as:

6  **DEFENDANTS DON AUSTIN'S AND TRENT BAHADURSINGH'S RESPONSE TO
PLAINTIFF'S REQUESTS FOR ADMISSIONS SET NUMBER 2 – RE: DEFENDANTS'
7  AFFIRMATIVE DEFENSES [FRCP RULES 26 AND 36, L-R 36]**

8
**FORM INTERROGATORY 17.1 RE: RFAS SET NUMBER 2 [PER JOINT RULE 26(f)
9  REPORT (ECF 10); FRCP RULES 26, 33 AND L-R 33]**

10  on the interested parties in this action as follows:

11                              **<u>SEE SERVICE LIST</u>**

12

13  ☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the
        document(s) listed above to be sent from e-mail address <u>marion.tate@clydeco.us</u> to the
14        persons at the e-mail addresses listed above on this day before 5:00 p.m.  I did not
        receive, within a reasonable time after the transmission, any electronic message or
15        other indication that the transmission was unsuccessful.

16  ☐ **BY MAIL**: I am readily familiar with the business practice for collection and
        processing of correspondence for mailing.  Under that practice, it is deposited with the
17        United States Postal Service on that same day, at Los Angeles, California, in the
        ordinary course of business.  I am aware that on motion of the party served, service is
18        presumed invalid if postage cancellation date or postage meter date is more than one
        (1) day after the date of deposit for mailing in affidavit.
19
        I declare under penalty of perjury under the laws of the State of California that the
20  foregoing is true and correct.

21      Executed on **August 26, 2025,** at San Francisco, California.

22

23  _____

24  Marion Tate

25

26

27

28

## SERVICE LIST

| | |
|---|---|
| Evan C. Nelson<br>Jonathan McDougall<br>LAW OFFICE OF JONATHAN MCDOUGALL<br>1640 Laurel Street<br>San Carlos, California 94070<br>Telephone: (650) 594-4200<br>jonathan@mcdlaw.net<br>evancnelson.law@gmail.com<br><br>Nichole Sullivan<br>nichole@mcdlaw.net | Attorneys for Plaintiff<br>PETER COLOMBO |
| Eugene B. Elliot, State Bar No. 111475<br>Ethan M. Lowry, State Bar No. 278831<br>Benjamin I. Oreper, State Bar No. 329480<br>BERTRAND, FOX, ELLIOT, OSMAN & WENZEL<br>2749 Hyde Street<br>San Francisco, California 94109<br>Telephone: (415) 353-0999<br>Facsimile:  (415) 353-0990<br>Email:    eelliot@bfesf.com<br>            elowry@bfesf.com<br>            boreper@bfesf.com | Attorneys for Defendants<br>PALO ALTO UNIFIED SCHOOL DISTRICT and LISA HICKEY |

CERTIFICATE OF SERVICE