UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER COLOMBO,<br><br>    Plaintiff,<br><br>    v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, and others,<br><br>    Defendants. | Case No. 24-cv-0909 NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY**<br><br>Re: Dkt. 210 |

In this case, Plaintiff Peter Colombo alleges that three Palo Alto Unified School District officials violated his due process rights and the District retaliated against him following a false allegation made in January 2022 that Colombo raped a middle school student. Presented to the Court is Defendants' motion to exclude expert testimony by five witnesses disclosed by Colombo. Dkt. 210. The expert witnesses are Saundra Schuster; Ken Whittemore; Mark Alifano; Dr. Jessica Chaudhary; and Dr. Barry Ben-Zion. Their reports and portions of their deposition transcripts are attached to Dkt. 210. The central issues presented in the motion are whether this expert witness testimony is relevant and will help the trier of fact to understand the evidence or to determine a fact in issue. As

explained below, the Court finds that Colombo satisfies the standard for witnesses Schuster, Whittemore, and Dr. Ben-Zion, and does not satisfy the standard for witnesses Alifano and Dr. Chaudhary.

In order to understand the relevance of the expert testimony to this case, it is important to start with the claims and defenses. The operative pleading by Colombo is the Third Amended Complaint, filed January 6, 2025. Dkt. 113. Since the Third Amended Complaint was filed, the Court dismissed all claims against defendant Amanda Bark by stipulation (Dkt. 175), and granted in part the Defendants' motion to dismiss claims against the remaining Defendants pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 128. After the motion to dismiss order, the remaining claims are:

• First Claim (42 U.S.C. § 1983): (A) procedural due process claim against Defendants Don Austin, Lisa Hickey, and Trent Bahadursingh, based on Plaintiff's alleged property interest in a position similar to his tenured teaching role. And, (B) stigma-plus procedural due process claim against Defendants Austin and Hickey.

• Second, Third, and Fourth Claims for retaliation against the District under Title VII, FEHA, and Title IX. *See* Dkt. 110 (Order denying motion to dismiss retaliation claims against District in Second Am. Compl.) and Dkt. 128 (Order on motion to dismiss Third Am. Compl.).

Defendants answered the Third Amended Complaint on April 10, 2025, denying the claims and asserting 40 affirmative defenses. Dkt. 130. On November 3, 2025, Defendants moved for summary judgment (Dkts. 192, 196) and Colombo moved for partial summary judgment (Dkt. 199). The summary judgment motions will be addressed in a separate order. A jury trial is scheduled for January 26, 2026.

The parties do not seriously contest the well-established law governing Defendants' motion to exclude or limit the expert witness testimony. As a starting point, only relevant evidence may be admitted. FRE 401, 402. And even relevant evidence may be excluded

if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.

Additional rules apply specifically to expert witness testimony. Federal Rule of Evidence 702 provides:

> "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case."

The 2023 amendments to Rule 702 clarified and emphasized that expert testimony may not be admitted unless the proponent demonstrates to the Court that it is more likely than not that the proferred testimony meets the admissibility requirements set forth in the rule. *See Engilis v. Monsanto Co.*, 151 F.4th 1040, 1050 (9th Cir. 2025). As *Engilis* confirmed, there is no presumption of admission. *Id.* A proponent of expert testimony must always establish the admissibility requirements of Rule 702 by a preponderance of the evidence. *Id.*; FRE 702 (2023).

Furthermore, Rule 703 provides that an expert may base an opinion on facts or data that the expert "has been made aware of or personally observed." If experts in the particular field would reasonably rely on those kinds of facts or data, they need not be admissible for the opinion itself to be admitted. FRE 703.

"The duty falls squarely upon the district court to 'act as a gatekeeper to exclude junk science that does not meet Federal Rule of Evidence 702's reliability standards.'"

3

*Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (*overruled on other grounds by United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020)) (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011)). Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993). In *Daubert*, the United States Supreme Court identified "four factors that may bear on the analysis: (1) whether the theory can be and has been tested, (2) whether the theory has been peer reviewed and published, (3) what the theory's known or potential error rate is, and (4) whether the theory enjoys general acceptance in the applicable scientific community." *Murray v. S. Route Maritime SA*, 870 F.3d 915, 922 (9th Cir. 2017) (citing *Daubert*, 509 U.S. at 593–94).

Importantly, the Court's duty is to evaluate the soundness of the expert's methodology, not the correctness of the expert's conclusions. *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.* The Court has broad discretion and flexibility in assessing an expert's reliability. *Id.*

The Court finally turns to its gatekeeping duties, considering the testimony of each expert witness in turn.

### Saundra K. Schuster, Esq.

Schuster is a Partner at an educational consulting firm, reporting more than 25 years of experience in college administration and teaching, including serving as Associate Dean of Students at The Ohio State University. She reports extensive experience in consulting and training on Title IX issues. She reports extensive prior expert witness work. Her analysis in this case concerns the District's Title IX policies and response. She concludes that the District failed to follow industry standard practices in responding to the allegations against Colombo. Dkt. 210-1 at p. 30.

Defendants challenge Schuster's testimony as unreliable and as improperly invading the province of the jury. The Court finds that Colombo meets the preponderance

standard of showing that Schuster's testimony is relevant, helpful to the jury in understanding the evidence and in determining retaliation, based on sufficient data, is the product of reliable principles and methods, and the opinions reflect a reliable application of the principles and methods to the facts of the case. FRE 702. The Court therefore denies Defendants' motion to exclude Schuster's testimony.

*Ken Whittemore*

Mr. Whittemore's expert report provides that he was retained as "an expert witness on human resources practices and procedures within educational settings." Dkt. 210-1 at p. 48. He is employed as an Assistant Superintendent, Human Resources, at a California school district, with over two decades of experience in school administration and human resources. Whittemore opines that the District's actions, coupled with a lack of proper investigation, appears to be an act of retaliation.

The Court finds that Colombo meets the preponderance standard of showing that Whittemore's testimony is relevant, helpful to the jury in understanding the evidence and in determining retaliation, based on sufficient data, is the product of reliable principles and methods, and the opinions reflect a reliable application of the principles and methods to the facts of the case. FRE 702. The Court therefore denies Defendants' motion to exclude Whittemore's testimony. The Court is concerned that Whittemore's testimony may be duplicative of testimony by Schuster, but will address this concern with trial time limits and consideration of further objections at trial.

*Mark Alifano*

Alifano is a retired law enforcement officer with 22 years of experience. Dkt. 210-1 at p. 57. His expert report provides that he was retained to opine on the investigative handling of the claims against Colombo. Alifano has not previously provided expert witness testimony outside his employment in law enforcement.

The Court does not doubt the credentials of Alifano as a law enforcement officer, but finds that Colombo has *not* met the preponderance standard of showing that Alifano's testimony here is helpful to the jury in understanding the evidence and in determining

5

1  retaliation and is based on sufficient data. FRE 702. As noted by Defendants, Alifano
2  testified that he was not an expert in Title IX and does not hold himself out as such; that he
3  is not a school policies or practices expert and does not hold himself out as such an expert;
4  he has not been employed by a school district outside of his current employment as a
5  substitute teacher and does not possess teaching credentials or administrator credentials;
6  and he has never conducted a Title IX investigation, nor ever directed a school district in
7  how to conduct their Title IX investigation. Dkt. 210 at p. 10 (listing deposition citations).
8  The Court therefore grants Defendants' motion to exclude Alifano's testimony.

### *Dr. Jessica Chaudhary*

Dr. Chaudhary, a Board certified psychiatrist, conducted a virtual interview of Colombo for 2 to 2.5 hours in August 2025 and authored an 8-page report. Dkt. 210-1 at p. 68. The report repeats Colombo's allegations of emotional distress and recommends therapy and starting psychiatric medication. Dkt. 210-1 at p. 73. Dr. Chaudhary also opines that the District should return Colombo to his Fletcher Middle School assignment and should issue a "formal apology" to Colombo.

The Court finds that Colombo does *not* meet the preponderance standard of showing that Dr. Chaudhary's testimony is relevant and helpful to the jury in understanding the evidence. FRE 702. In particular, the Court finds that the report was not based on sufficient data (a short remote interview) and was not the product of reliable principles because it did not assess alternative causes and treatment recommendations and did not make a mental health diagnosis. The witness also went far beyond her expertise in recommending placement at a particular job site and in recommending an apology. The Court therefore grants Defendants' motion to exclude Dr. Chaudhary's testimony.

### *Dr. Barry Ben-Zion*

Dr. Ben-Zion is a consulting economist retained to opine on Colombo's economic loss. Dkt. 210-1 at p. 85. In his analysis, Dr. Ben-Zion assumes that Colombo will be constructively terminated on Jan. 26, 2026 (the first day of trial). Dkt. 210-1 at p. 88.

The Court finds that Colombo meets the preponderance standard of showing that

Dr. Ben-Zion's testimony is relevant, helpful to the jury in understanding the evidence of damages, based on sufficient data, is the product of reliable principles and methods, and the opinions reflect a reliable application of the principles and methods to the facts of the case.  FRE 702.  As to the assumption about constructive termination, the Court finds that the assumption does not undercut the reliability of the data or analysis.  Defendants may challenge the assumption through cross-examination.  The Court therefore denies Defendants' motion to exclude Dr. Ben-Zion's testimony.

*Conclusion*

Pursuant to Federal Rules of Evidence 702, 401, and 403, the Court GRANTS IN PART Defendants' motion to exclude and excludes the expert testimony of witnesses Alifano and Dr. Chaudhary, and DENIES IN PART as to witnesses Schuster, Whittemore, and Dr. Ben-Zion, who will be allowed to testify within the confines of their disclosed opinions.

**IT IS SO ORDERED.**

Dated:  December 18, 2025            _____
                                     NATHANAEL M. COUSINS
                                     United States Magistrate Judge

7