UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER COLOMBO,<br><br>    Plaintiff,<br><br>    v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT, and others,<br><br>    Defendants. | Case No. 24-cv-00909-NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT; ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: ECF 192, 196, 199 |

Plaintiff Peter Colombo alleges Defendants Palo Alto Unified School District (PAUSD) and three District officials violated his procedural due process rights and retaliated against him following an allegation that Plaintiff raped a middle school student.

Before the Court are (1) Defendants Trent Bahadursingh and Don Austin's Motion for Summary Judgment; (2) Defendants PAUSD and Lisa Hickey's Motion for Summary Judgment; and (3) Plaintiff's Motion for Partial Summary Judgment.

For the reasons below, the Court:

- GRANTS Bahadursingh and Austin's Motion for Summary Judgment;
- GRANTS in part and DENIES in part PAUSD and Hickey's Motion for Summary Judgment; and

- DENIES Plaintiff's Motion for Partial Summary Judgment.[1]

## I. BACKGROUND

### A. Factual Background

The following facts are undisputed. On January 28, 2022, PAUSD received an email alleging that Plaintiff had raped a former Jordan Middle School student during the 2001–2002 school year. PAUSD reported the allegation to local law enforcement and placed Plaintiff on paid administrative leave.

On June 15, 2022, the Santa Clara County District Attorney's Office charged Plaintiff with felony aggravated sexual assault of a child. PAUSD placed Plaintiff on an unpaid leave of absence. During that time, the California Commission on Teacher Credentialing (CTC) suspended Plaintiff's teaching credentials. In June 2023, the Santa Clara District Attorney's office dismissed the case against Plaintiff. PAUSD returned Plaintiff to paid administrative leave, pending an internal investigation. The CTC informed PAUSD that Plaintiff's credentials had expired, prompting PAUSD to return Plaintiff to an unpaid leave pending renewal of his credentials. The CTC also notified Hickey that it was reviewing Plaintiff's conduct and requested information. Hickey responded that Plaintiff was "on paid administrative leave and [PAUSD] intends to conduct our own investigation, but that has not been complete yet, therefore there is not currently a Statement of Charges or Intent to Dismiss/Suspend." ECF 196 at 12.

In August 2023, PAUSD initiated an independent investigation into the allegations, overseen by an independent third-party investigator. In October 2023, Plaintiff's credentials were renewed and he was returned to paid administrative leave. In May 2024, the investigation concluded and did not substantiate the allegations. For the 2024–2025 school year, PAUSD placed Plaintiff in a teacher on special assignment position, which is a certified teaching position. The special assignment position did not alter Plaintiff's

---

[1] Plaintiff requests the Court grant summary judgment on the basis that Defendants failed to timely disclose evidence to support their affirmative defenses. *See* ECF 199. This argument is not appropriate on a motion for summary judgment, so the Court declines to decide it at this time.

2

1  seniority, tenure, or compensation, and he remained a certified teacher.  In his special

2  assignment position, Plaintiff's responsibilities included, for example, running committee

3  meetings, planning professional development days, and developing PE lesson plans.  There

4  were no PE teaching positions available then because (1) due to lower enrollment, Greene

5  Middle School offered only two, instead of three, PE teaching positions, and (2) there were

6  already two PE instructors assigned to Greene.  For the 2025–2026 school year, Plaintiff

7  worked as a PE teacher at another District middle school.

### B. Procedural Background

Plaintiff filed his original complaint on February 15, 2024, a first amended complaint on July 10, 2024, and a second amended complaint on October 9, 2024.  ECF 1; ECF 37; ECF 86.  Plaintiff then filed a third amended complaint (TAC) on January 6, 2025.  ECF 113.

After the Court granted in part Defendants' motion to dismiss the third amended complaint, ECF 128, the following claims remain:

• First Claim (42 U.S.C. § 1983): (A) procedural due process claim against Defendants Don Austin, Lisa Hickey, and Trent Bahadursingh, based on Plaintiff's alleged property interest in a position similar to his tenured teaching role. And, (B) stigma-plus procedural due process claim against Defendants Austin and Hickey.

• Second, Third, and Fourth Claims for retaliation against the District under Title VII, FEHA, and Title IX.  *See* Dkt. 110 (Order denying motion to dismiss retaliation claims against District in Second Am. Compl.) and Dkt. 128 (Order on motion to dismiss Third Am. Compl.).

Defendants moved for summary judgment.  ECF 192, 196.  Plaintiff opposed.  ECF 204, 205.  Defendants replied.  ECF 208, 209.  Plaintiff moved for partial summary judgment. ECF 199.  Defendants opposed. ECF 206.  Plaintiff replied. ECF 207.

The parties have consented to magistrate judge jurisdiction.  ECF 7, 11, 59.

## II. LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 572 U.S. 650, 651 (2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Bald assertions that genuine issues of material fact exist are insufficient. *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings, and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial. Fed. R. Civ. P. 56(c); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)). All justifiable inferences, however, must be drawn in the light most favorable to the nonmoving party. *Tolan*, 572 U.S. 651 (citing *Liberty Lobby*, 477 U.S. at 255).

## III. THE COURT WILL NOT CONSIDER PLAINTIFF'S NEW MALICIOUS PROSECUTION THEORY

As an initial matter, Plaintiff attempts to present a new legal theory in his Oppositions to Defendants' Motions for Summary Judgment and his Cross Motion for Summary Judgment that Defendants should be liable under a § 1983 claim for malicious prosecution. *See generally* ECF 199, 204, 205.

The Court previously denied Plaintiff's request to assert this malicious prosecution theory in response to Defendants' Motion to Dismiss. ECF 124. Plaintiff cannot now assert this claim without the Court's permission and in contravention of its prior order. ECF 128 at 23–24 ("Plaintiff must seek leave of the Court for any further amendment of

claims"). Moreover, it is improper to assert a new legal theory for the first time at the summary judgment stage. *Corona v. Time Warner Cable, Inc.*, No. 13-cv-5521-PSG-VBKX, 2014 WL 11456535, at *4 (C.D. Cal. Oct. 16, 2014) (collecting cases in the Ninth Circuit finding that parties cannot assert unpled theories for the first time at the summary judgment stage).

Plaintiff cannot defeat summary judgment by referencing evidence and arguing about a claim which is not operative. Plaintiff flooded the Court with over 2,700 pages of exhibits and multiple briefings on a claim which he was expressly prohibited from asserting, which is disrespectful of the Court's time and the interests of judicial economy. *Freeman Inv. Mgmt. Co., LLC v. Frank Russell Co.*, 729 F. App'x 590, 591 (9th Cir. 2018) ("[J]udges are not like pigs, hunting for truffles.") (citations omitted). Should Plaintiff continue to violate court orders, this Court will consider whether sanctions are appropriate. Accordingly, the Court bars the malicious prosecution argument and admonishes Plaintiff to strictly adhere to the Court's orders.

## IV. DISCUSSION

Austin, Bahadursingh, and Hickey contend qualified immunity bars the entirety of Plaintiff's § 1983 claim under both his procedural due process property right and stigma-plus theories. ECF 192 at 26; ECF 196 at 21. PAUSD argues Plaintiff cannot establish a causal retaliatory nexus. ECF 196 at 26.

Austin, Bahadursingh, and Hickey establish the absence of a genuine dispute of material fact—and Plaintiff fails to rebut—that (a) Defendants were not involved in, or had a causal connection to, appointing Plaintiff to the special assignment role, and (b) Austin and Hickey's comments caused the denial of a constitutional right. As a result, the Court GRANTS Austin, Bahadursingh, and Hickey qualified immunity and summary judgment as to Plaintiff's § 1983 claim under both theories.[2]

---

[2] Because the Court grants qualified immunity to Austin and Bahadursingh, their Motion for Summary Judgment as to Plaintiff's punitive damages claim is moot. So, the Court need not decide it at this time.

1    However, as to Plaintiff's retaliation claim, PAUSD has failed to proffer a non-retaliatory reason for the prolonged duration of its internal investigation. Accordingly, the Court DENIES PAUSD and Plaintiff summary judgment as to the retaliation claim.

### A. The Court Grants Austin, Bahadursingh, and Hickey Summary Judgment on Plaintiff's § 1983 Claims Because Qualified Immunity Applies

"Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Stampfli v. Susanville Sanitary Dist.*, No. 2:20-cv-01566 WBS DMC, 2023 WL 2228283, at *4 (E.D. Cal. Feb. 24, 2023), *aff'd sub nom. Stampfli v. Stump*, No. 23-15346, 2024 WL 1756094 (9th Cir. Apr. 24, 2024) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). "In determining whether a state official is entitled to qualified immunity on summary judgment, the court first determines 'whether the evidence viewed in the light most favorable to the plaintiff is sufficient to show a violation of a constitutional right.'" *Id.* (quoting *Sandoval v. Cnty. of S.D.*, 985 F.3d 657, 671 (9th Cir. 2021)) (internal quotation marks omitted). "The court then determines 'whether the right was clearly established such that a reasonable official would [have] known that he was engaging in unlawful conduct.'" *Id.* (quoting *Levine v. City of Alameda*, 525 F.3d 903, 906 (9th Cir. 2008)). "If the right was clearly established, the court evaluates whether a reasonable person in the position of the defendant would know that the conduct at issue violated that right." *Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001), overruled on other grounds by *Pearson*, 555 U.S. 223); *Levine*, 525 F.3d at 906.

"The court has the discretion to decide which of qualified immunity's two prongs to address first and, if analysis of one prong proves dispositive, the court need not analyze the other." *Debeaubien v. California*, No. 2:19-cv-01329-WBS-DB, 2022 WL 584157, at *4 (E.D. Cal. Feb. 25, 2022) (citing *Pearson*, 555 U.S. at 236). The Court will begin with qualified immunity's first prong: whether there is sufficient evidence to demonstrate the violation of a constitutional right under Plaintiff's § 1983 claims against individual Defendants Austin, Bahadursingh, and Hickey.

6

1. **Plaintiff Presents Insufficient Evidence to Show a Violation of a Constitutional Right**

   a. **Procedural Due Process Right to Property Claim**

Plaintiff alleges that Defendants violated his right to procedural due process based on his property right in a position of the same nature and ranks as his tenured teaching role by appointing him to the special assignment position. Defendants argue that none had a role in placing Plaintiff in the special assignment position. ECF 192 at 16, 20–21, 29; 196 at 14, 22. Defendant Hickey further contends that she was not a District employee when Plaintiff was given the special assignment role. ECF 196 at 16. Plaintiff's opposition briefs do not address Defendants' arguments. *See generally* ECF 204, 205.

"A supervisor may be liable for a subordinate's constitutional violation only if there is either (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Bryant v. City of Berkeley*, No. 21-cv-08169-AGT, 2025 WL 2637226, at *5 (N.D. Cal. Sept. 12, 2025) (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). "A sufficient causal connection requires that the supervisor either set in motion or knowingly refused to terminate acts by others which she knew or had reason to know inflict constitutional injury." *Id.* (quoting *Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011)).

Plaintiff has failed to present evidence that the individual Defendants had a role in, or causal connection to, appointing Plaintiff to the special assignment position which deprived him of his property right in a position of the same nature and ranks as his tenured teaching role. *See generally* ECF 204, 205; *Herrera v. City of Fremont*, No. 18-cv-02843, 2019 WL 5963231 at *13 (N.D. Cal. Nov. 13, 2019) (granting summary judgment where a plaintiff failed to "identif[y] any evidence that would support a finding that [the defendant] was personally involved in or had any causal connection to the constitutional violations alleged"). Moreover, Plaintiff concedes this argument because he failed to address it. *See Deckers Outdoor Corp. v. Last Brand, Inc.*, No. 23-cv-04850-AMO, 2025 WL 2822685 at

\*6 (N.D. Cal. Oct. 2, 2025) (granting summary judgment where party failed to contest argument).

Because the first prong of the analysis as to the procedural due process right claim proves dispositive and Plaintiff has not presented sufficient evidence or even a responsive argument, the Court need not evaluate the second prong. *Debeaubien*, 2022 WL 584157, at \*4 (". . . if analysis of one prong proves dispositive, the court need not analyze the other."). Accordingly, the Court GRANTS qualified immunity as to Austin, Bahadursingh, and Hickey as to Plaintiff's procedural due process right to property claim.

### b. Stigma-Plus Claim

To satisfy the stigma-plus test, "a plaintiff must show the public disclosure of a stigmatizing statement by the government, the accuracy of which is contested, plus the denial of 'some more tangible interest[ ] such as employment,' or the alteration of a right or status recognized by state law." *Ulrich v. City & Cnty. of S. F.*, 308 F.3d 968, 982 (9th Cir. 2002) (alteration in original).

Austin argues the statements at issue are not substantially false and instead are partial excerpts of quotes taken out of context. ECF 192 at 23. Plaintiff contends the statements are inflammatory and create stigma. ECF 204 at 27. The Court need not address the falsity or truth of the statements because, even assuming the statements are stigmatizing, Plaintiff cannot demonstrate that "the defamation by the government was 'accompanied by an injury *directly caused* by the government, rather than an injury caused by the act of some third party.'" *Haley v. Gotshall*, No. C 15-1079 WHA (PR), 2016 WL 631944, at \*2 (N.D. Cal. Feb. 17, 2016) (citing *Paul v. Davis*, 424 U.S. 693, 713 (1976)) (emphasis added). Plaintiff argues, after Austin's statements, he was placed on involuntary leave, appointed to the special assignment position, and placed in a PE teaching role at Fletcher Middle School instead of Greene. ECF 204 at 27. In support, Plaintiff cites to the transcript from a Palo Alto Unified School District Board meeting. ECF 205-1, Exh. 40. This evidence does not establish how Austin's statements directly caused the involuntary leave, special assignment role, or PE teaching assignment, *i.e.*

1   whether Austin himself directed the leave or assignments. It "is not the Court's
2   responsibility to root through the record to establish the absence of factual disputes . . . or
3   to look for evidence on the nonmoving parties' behalf." *CZ Servs., Inc. v. Express Scripts*
4   *Holding Co.*, No. 18-cv-04217-JD, 2020 WL 4368212, at *3 (N.D. Cal. July 30, 2020).

   Plaintiff's evidence as to Hickey's statements similarly falls short. Hickey argues her statement to the CTC does not constitute a public disclosure. ECF 196 at 20. Plaintiff does not address this argument so concedes it. *Deckers Outdoor Corp.*, 2025 WL 2822685 at *6. Notwithstanding Plaintiff's concession, mere notification of alleged criminal actions to other public agencies does not constitute public disclosure. *Millman v. Inglish*, 461 Fed.Appx. 627, 628 (9th Cir. 2011); *Doe v. Grewal*, No. 24-cv-05344-JSC, 2024 WL 4859194, at *3 (N.D. Cal. Nov. 20, 2024) (concluding plaintiff's failure to show how the defendant's CTC letter was publicly disclosed was fatal to claim).

   Even assuming Hickey's statement was publicly disclosed, stigmatizing, and Plaintiff had not conceded this argument, Plaintiff has failed to demonstrate how Hickey's statement caused the denial of a tangible interest. Plaintiff contends the CTC report makes him "unemployable outside the District" (ECF 205 at 27) and again points to the transcript from a Palo Alto Unified School District Board meeting and an expert report. ECF 205-1, Exh. 40; ECF 205-3 at 168–170, Exh. 173. However, Plaintiff fails to explain how this evidence demonstrates that Hickey's CTC letter made him "unemployable outside the District" and thus deprived him of a constitutional right. Loss of "future employment opportunities" without more "do[es] not rise to the level of a deprivation of a constitutionally protected liberty or property interest." *Krainski v. Nevada ex rel. Bd. of Regents*, 616 F.3d 963, 971 (9th Cir. 2010); *see also Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 925 (9th Cir. 2013) ("Stigmatizing statements that merely cause reduced economic returns and diminished prestige, but not permanent exclusion from, or protracted interruption of, gainful employment within the trade or profession do not constitute a deprivation of liberty.") (internal quotations omitted).

9

1    Because Plaintiff has failed to show the violation of a constitutional right, the Court GRANTS Austin and Hickey qualified immunity to Plaintiff's stigma-plus claim. Accordingly, the Court GRANTS Defendants' Motions for Summary Judgment as to Plaintiff's § 1983 claim under both the due process and stigma-plus theories and DENIES Plaintiff's Motion for Partial Summary Judgment on those claims.

**B. The Court Denies PAUSD Summary Judgment on Plaintiff's Retaliation Claim**

In the Ninth Circuit, courts analyze Title IX and FEHA retaliation claims under a burden-shifting framework. *See Weil v. Citizens Telecom Servs. Co.*, 922 F.3d 993, 1002 (9th Cir. 2019) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). First, the plaintiff must establish a prima facie case. *Id.* To make out a prima facie case of retaliation, a plaintiff must show that "(1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000); *see Day v. Sears Holdings Corp.*, 930 F. Supp. 2d 1146, 1176 (C.D. Cal. 2013).

If established, the prima facie case creates a rebuttable presumption of unlawful retaliation. *Weil*, 922 F.3d at 1002. The burden of production, but not persuasion, then shifts to the defendant to articulate a "legitimate, nondiscriminatory reason" for its action. *Id.* (quoting *McDonnell Douglas*, 411 U.S. at 802); *see Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123 (9th Cir. 2000). Whether a defendant has met its burden involves "no credibility assessment" at this stage. *Hittle v. City of Stockton*, 2022 WL 616722, at *5 (E.D. Cal. Mar. 2, 2022) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993)); *see Bodett v. CoxCom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004).

If the defendant meets this burden, the presumption of discrimination disappears. *St. Mary's Honor Ctr.*, 509 U.S. at 507. The plaintiff must then produce "sufficient evidence to raise a genuine issue of material fact as to whether the employer's proffered nondiscriminatory reason is merely a pretext for discrimination." *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005). In employment discrimination cases,

the plaintiff "need produce very little evidence to overcome an employer's motion for summary judgment . . . because the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by a factfinder, upon a full record." *Chuang*, 225 F.3d at 1124 (internal quotation marks and citation omitted).

The Court finds that Plaintiff has established a prima facie case of retaliation. First, the parties do not dispute that Plaintiff engaged in protected activity when he filed the Complaint in this action.[3] ECF 196 at 26 n.1. Second, Plaintiff suffered adverse employment actions—the delayed investigation which necessitated his extended leave, the failure to release the investigation report's findings exonerating Plaintiff, and the appointment to the special assignment role. *Adetuyi v. City & Cnty. of S.F.*, 63 F. Supp. 3d 1073, 1088 (N.D. Cal. 2014) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)) ("A tangible employment action constitutes a significant change in employment status, such as . . . reassignment with significantly different responsibilities"); *Lelaind v. City and Cnty. of S.F.*, 576 F. Supp. 2d 1079, 1097 (N.D. Cal. 2008) (explaining adverse actions for Title VII retaliation claims are "not limited to workplace-related or employment-related acts and harm"). These actions can be said to be "reasonably likely to deter the [employee] from engaging in protected activity." *Ray*, 217 F.3d at 1242–43.

Finally, it is undisputed that (a) Plaintiff filed the operative complaint in February 2024; (b) PAUSD's investigation began in August 2023 and concluded in May 2024; (c) PAUSD did not disclose the investigation report upon completion in May 2024; and (d) PAUSD assigned Plaintiff the special assignment role in May 2024. "Causation may be established based on the timing of the relevant actions." *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 507 (9th Cir. 2000). "Specifically, when adverse employment decisions are taken within a reasonable period of time after complaints of

---

[3] PAUSD argues that Plaintiff's resisting early retirement does not separately constitute protected activity. ECF 196 at 24. The Court need not address this argument because Plaintiff's filing of the Complaint in this action satisfies this first prong.

1  discrimination have been made, retaliatory intent may be inferred." *Id.*  Here, the adverse
2  actions were taken within six months of Plaintiff's protected activity, which is close
3  enough to suggest a causal link.  *See Flores v. City of Westminister*, 873 F.3d 739, 750 (9th
4  Cir. 2017) ("[D]epending on the circumstances, three to eight months is easily within a
5  time range that can support an inference of retaliation.") (internal citation and quotation
6  omitted); *Brown v. Potter*, 457 Fed. Appx. 668, 673 (9th Cir. 2011) (five months in
7  between the filing of a second amended complaint and when plaintiff was discharged
8  "[did] not follow directly on each other's heels, but are closely enough linked to suggest a
9  causal connection").  Plaintiff has met his burden to show causation and establish prima
10 facie retaliation, so PAUSD must articulate a legitimate non-retaliatory reason for its
11 actions.

12       PAUSD has proffered legitimate, non-retaliatory reasons for withholding its
13 investigative report and appointing Plaintiff to the special assignment role.  First, PAUSD
14 explains that, because the investigation was not governed by internal district regulations or
15 Title IX policies, there was no requirement to release the investigation's findings.  ECF
16 196 at 10–11.  Second, PAUSD demonstrates that Plaintiff was offered the special
17 assignment position because it lacked an available PE teaching position for that school
18 year.  ECF 196 at 13, Exh. T.  However, PAUSD has failed to demonstrate a legitimate
19 reason for the length of its internal investigation, which lasted approximately from August
20 2023 through May 2024.  *Id.*  As PAUSD has failed to demonstrate a legitimate, non-
21 retaliatory reason for the investigation's duration, the Court DENIES summary judgment
22 on Plaintiff's retaliation claim.

23 **V.   CONCLUSION**
24     Accordingly, the Court:
25       • GRANTS Austin, Bahadursingh, and Hickey qualified immunity as to
26         Plaintiff's § 1983 claim under both the due process property right and
27         stigma-plus theories;
28       • GRANTS Austin, Bahadursingh, and Hickey's Motions for Summary

Judgment as to Plaintiff's § 1983 claim;

- DENIES PAUSD's Motion for Summary Judgment as to Plaintiff's retaliation claim; and
- DENIES Plaintiff's Motion for Partial Summary Judgment.

Therefore, Austin, Bahadursingh, and Hickey are dismissed from this lawsuit. Plaintiff's § 1983 claim is dismissed in its entirety. Plaintiff's sole remaining claim is for retaliation against PAUSD solely on the theory that the duration of the internal investigation was retaliatory.

**IT IS SO ORDERED.**

Dated: December 18, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge