1  Eugene B. Elliot, State Bar No. 111475
   Ethan M. Lowry, State Bar No. 278831
2  Benjamin I. Oreper, State Bar No. 329480
   BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
3  2749 Hyde Street
   San Francisco, California 94109
4  Telephone: (415) 353-0999
5  Facsimile:  (415) 353-0990
   Email:     eelliot@bfesf.com
6             elowry@bfesf.com
7             boreper@bfesf.com

8  Attorneys for Defendant
   PALO ALTO UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER COLOMBO, | Case No. 5:24-cv-00909-NC |
| Plaintiff, | **DEFENDANT PALO ALTO UNIFIED SCHOOL DISTRICT'S UPDATED PROPOSED STATEMENT OF THE CASE AND FURTHER SUBMISSION RE: DKT. 244** |
| v. | |
| PALO ALTO UNIFIED SCHOOL DISTRICT, | |
| Defendant. | **Hon. Nathanael M. Cousins** |

In response to the Court's order at Dkt. 244, the Parties met and conferred and exchanged several proposed joint statements of the case; however, the Parties were unable to reach agreement. Accordingly, Defendant PALO ALTO UNIFIED SCHOOL DISTRICT hereby submits the following proposed Statement of the Case:

## Statement of the Case

The Plaintiff in this case is Peter Colombo, a physical education teacher at the Palo Alto Unified School District. Mr. Colombo is suing the School District, alleging that the School District delayed completing an investigation into an allegation that Mr. Colombo had raped a former middle school student. The School District's investigation ultimately found that allegation to be unsubstantiated. Mr. Colombo contends that the School District delayed completing its investigation of that allegation in retaliation for his having filed this lawsuit. Plaintiff Peter Colombo has the burden of proving this claim. The School District denies liability and contends that it did not delay completing its investigation in retaliation against Mr. Columbo for having filed this lawsuit.

## Affirmative Defenses

Additionally, at trial, the DISTRICT presently intends to assert the following affirmative defenses from the 41 defenses set forth in Defendants' Answer to the Third Amended Complaint (Dkt. 130) in response to Plaintiff's sole surviving claim that Defendants retaliated against Plaintiff under Title VII, Title IX, and FEHA for his filing the initial complaint in this action in February of 2024 by delaying completion of the DISTRICT's personnel investigation:

**Affirmative Defense No. 4**: Plaintiff failed to mitigate any damages he allegedly sustained as a result of any alleged delay in the completion of the DISTRICT's personnel investigation, and said failure on his part proximately contributed to the damages alleged.

**Affirmative Defense No. 7**: The damages allegedly sustained by Plaintiff as a result of any alleged delay in the completion of the DISTRICT's personnel investigation were caused or contributed to by the intentional or negligent acts or omissions of persons or entities other than the DISTRICT, including Plaintiff himself. In the event that any fault of the DISTRICT is found to have contributed to any such damages, Plaintiff's recovery, if any, from the DISTRICT is limited to that percentage of Plaintiff's damages equal to the percental by which the DISTRICT's fault contributed to said damages.

1

DEFENDANT'S REVISED PROPOSED STATEMENT OF THE CASE AND FURTHER SUBMISSION
*Colombo v. Palo Alto Unified School District,* Case No.: 5:24-cv-00909-NC

**Affirmative Defense No. 12**: Any acts or omissions by any DISTRICT employee relating to any alleged delay in the completion of the DISTRICT's personnel investigation were the results of the discretion vested in those employees. Both these employees and the DISTRICT are accordingly immune from liability for any losses, injuries, or damages resulting therefrom.

**Affirmative Defense No. 14**: In the event the DISTRICT is found liable, it may elect to have damages, if any, in excess of the amount specified in California Government Code Sections 984 *et seq.*, and California Code of Civil Procedure Section 667.7 paid in whole or in part as specified in California Code of Civil Procedure Section 667.7.

**Affirmative Defense No. 16**: Plaintiff's alleged injuries and damages as a result of any alleged delay in the completion of the DISTRICT' s personnel investigation are barred to the extent that they exceed the scope of Plaintiff's administrative complaints filed with the DFEH and EEOC. Plaintiff may not expand the scope of alleged injuries and damages beyond the adverse actions and harms reasonably encompassed by his administrative charge(s).

**Affirmative Defense No. 17**: Plaintiff's damages, if any, as a result of any alleged delay in the completion of the DISTRICT's personnel investigation, are limited by the avoidable consequences doctrine. Under the doctrine, in California, "a person injured by another's wrongful conduct will not be compensated for damages that the injured person could have avoided by reasonable effort or expenditure." (*State Depo. of Health Services v. Superior Court (McGinnis)*, 31 Cal.4th 1026, 1043 (Cal. Supreme 2003).) The doctrine is "well established and broadly applied, and nothing in the FEHA's language and structure indicates that the Legislature intended to abrogate this fundamental legal principle." (*Id*. at 1042).

**Affirmative Defense No. 22**: Plaintiff's claim for relief based on any alleged delay in the completion of the DISTRICT's personnel investigation is barred by law to the extent that Plaintiff failed to adequately exhaust any and all administrative filing requirements, such as filing a Charge of Discrimination with the EEOC and/or DFEH, and/or to the extent that Plaintiff's claim exceeds the scope of any administrative complaints filed with either agency.

**Affirmative Defense No. 29**: The DISTRICT is immune from liability based on any alleged delay in the completion of the DISTRICT's personnel investigation pursuant to California Government

Code Section 821.6, which provides in relevant part that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."

**Affirmative Defense No. 30**: The DISTRICT contends Plaintiff fails to state a cause of action in retaliation against the DISTRICT as the alleged delay in completion of the DISTRICT's personnel investigation does not constitute an adverse employment action.

**Affirmative Defense No. 32**: The DISTRICT contends that although any decision by the DISTRICT which allegedly resulted in any delay in the completion of its personnel investigation was based on legitimate, non-retaliatory reasons, in the event Plaintiff is able to show retaliation was also a motive, the DISTRICT asserts that the lawful motive alone would have led to the same employment decision and that it therefore cannot be held liable for Plaintiff's damages.

**Affirmative Defense No. 37**: Because Plaintiff alleges the DISTRICT's allegedly adverse employment action against him was the DISTRICT's allegedly delaying completion of its personnel investigation, which the Parties do not dispute was initiated prior to Plaintiff's filing of his complaint in February of 2024, any relevant decisions with respect to the DISTRICT's personnel investigation which resulted in any alleged delay were made prior to the filing of Plaintiff's Complaint and do not provide a legal basis to claim retaliation.

Dated: December 23, 2025                           BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

By:  _____/s/ Benjamin Oreper_____
Eugene B. Elliot
Ethan M. Lowry
Benjamin I. Oreper
Attorneys for Defendant
PALO ALTO UNIFIED SCHOOL DISTRICT