EVAN C. NELSON, ESQ. (SBN 172957)
JONATHAN MCDOUGALL, ESQ. (SBN 212359)
LAW OFFICE OF JONATHAN MCDOUGALL
1640 Laurel Street
San Carlos, CA  94070
Telephone: (650) 594-4200
Email:  jonathan@mcdlaw.net; evancnelson.law@gmail.com

*Attorneys for Plaintiff Peter Colombo*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PETER COLOMBO,<br><br>                              Plaintiff,<br><br>        v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT,<br><br>                              Defendant. | Case No. 5:24-cv-00909-NC<br><br>**PLAINTIFF PETER COLOMBO'S RESPONSE TO DEFENDANT'S SECOND SET OF MOTIONS IN LIMINE**<br><br>Date:      January 7, 2026<br>Time:     11:30 a.m.<br>Dept:     Courtroom 5, 4th Floor<br><br><br><br>**HON. NATHANAEL M. COUSINS** |

Plaintiff Peter Colombo hereby responds to Defendant's second set of Motions in Limine following their submission of a set of Daubert Motion(s) filed as Motion(s) in Limine.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………....iii

**PREJUDICIAL PROCEDURAL IRREGULARITIES** …………………...……………………1

I.    **RESPONSE TO DEFENDANT'S SECOND SET OF MOTIONS IN LIMINE**……………2

A.    **Relevant and Admissible Evidence Plaintiff Intends to Use at Trial**……………..……....…3

    1.    The Original Complaint filed February 17, 2024 (ECF #1) and Amended Complaints......4

    2.    Other Rebuttal Evidence…………………………………………………………………4

    3.    Nicole Miller's January 25, 2024 Interview and Testimony………………………….……4

    4.    Evidence Relating to Retaliation During Defendant's Investigation………………..……5

    5.    Reporting Plaintiff to CTC on June 26, 2023 and its Impact………………………………5

    6.    The TOSA Position……………………………………………………………………..…5

    7.    Submission of Investigator's Report with Redacted Evidence..............................…….....6

    8.    Purposely Disseminating Incomplete Information to the School Community……………6

    9.    No Support and No Transition Plan………………………………………..………………7

    10.    Transfer to Fletcher, Petitions and Protests………………………………………………8

    11.    Unavailable Witnesses……………………………………………………………...……10

    12.    Ahern, Naylor, and Becker………………………………………………………………10

    13.    Evidence of Dishonesty of Witnesses……………………………………………………11

    14.    Fukahara and Pedersen – Damages-related Evidence…………………………………...…11

    15.    Whittemore, Schuster, and Ben-Zion…………………………………………………….11

B.    **References to the Complaints**……………………………………………………………....11

C.    **Board of Education Knowledge, Direction, Approval, Ratification is Presumed** …………..12

D.    **Vishakan's Testimony** ……………………………………………………………….....12

E.    **Character Witness Evidence** ……………………………………………………………12

F.    **Undisclosed Medical Treatment Records/Opinions**………………………………………12

G.    **References to Settlement Discussions**……………………………………………………12

H.    **Other Lawsuits, Claims, Etc. Against PAUSD**…………………………………………12

PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND SET OF MOTIONS IN LIMINE
*Colombo v. Palo Alto Unified School District, et al. Case No.: 5:24-cv-00909-NC*

1   **I.**    **Undisclosed Evidence, Witnesses, Etc…**………………………………………....13

2   **J.**    **Anchoring is Specifically Allowed Under California Law**………………………………13

3   **K.**    **Use of Deposition in Lieu of Live Testimony**………………………………………....13

4   **L.**    **Punitive Damages Arguments**………………………………………………………13

5   **M.**    **Golden Rule and Reptile Arguments**……………………………………………13

6   **N.**    **Insurance Coverage**………………………………………………………………14

7   **II.**    **CONCLUSION**………………………………………………………………14

PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND SET OF MOTIONS IN LIMINE
*Colombo v. Palo Alto Unified School District, et al. Case No.: 5:24-cv-00909-NC*

# TABLE OF AUTHORITIES

## CASES

*Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) --------------------------------------------------2

*Bacon v. Dep't of Human Services*, 2023 WL 2755592, 2023 U.S. App. LEXIS 7819 (9th Cir. 2025)---- 2

*Cassim v. Allstate Ins. Co.*, 33 Cal.4th 780, 798 (2004) --------------------------------------------- 13, 14

*Fernandez v. Jimenez*, 40 Cal. App. 5th 482 (2019) ---------------------------------------------------- 13

*Johnson v. Celotex*, 899 F.2d 1281, 1289 (2d Cir. 1990) ---------------------------------------------- 14

*Johnson v. City of Shelby*, 574 U.S. 10, 11, 135 S. Ct. 346, 190 L. Ed. 2d 309 (2014) --------------------2

*Old Chief v. United States*, 519 U.S. 172, 180 (1997) --------------------------------------------------3

*Pickern v. Pier 1 Imps. (U.S.), Inc., 457 F.3d 963, 968 (9th Cir. 2006)* -------------------------------------2

*Regalado v. Callaghan*, 3 Cal.App.5th 582, 599 (2016) ------------------------------------------------ 14

*Roberson v. Frito-Lay, Inc., 2002 U.S. Dist. LEXIS 29650, *4-5, 2002 WL 34716527*----------------------3

*Stokes v. Delcambre, 710 F.2d 1120, 1128 (5th Cir. 1983)* ---------------------------------------------- 14

*United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir.), cert. denied, 530 U.S. 1268, 120 S. Ct. 2733, 147 L. Ed. 2d 995 (2000)* -----------------------------------------------------------------------------3

*United States v. McRae*, 593 F.2d 700, 707 (5th Cir.) ----------------------------------------------------3

*United States v. Mills*, 704 F.2d 1553, 1559 (11th Cir. 1983) ------------------------------------------3

## STATUTES

42 U.S.C. § 2000e–3(a) ("Title VII") ------------------------------------------------------------------- 13

20 U.S.C. §1681 et seq. ("Title IX") ----------------------------------------------------------------- 3, 13

Cal. Gov. Code § 12900, *et seq.* California Fair Employment and Housing Act ("FEHA") -------------- 13

## RULES

Federal Rule of Civil Procedure 8 -----------------------------------------------------------------------2

Federal Rule of Civil Procedure 32(a)(1)---------------------------------------------------------------- 10, 13

Federal Rule of Civil Procedure 56(a) ------------------------------------------------------------- 4, 11, 14

Federal Rule of Evidence 403------------------------------------------------------------------------------3

Federal Rule of Evidence 403, Adv. Comm. Notes------------------------------------------------------------3

Federal Rule of Evidence 801(d)(2)------------------------------------------------------------------- 10, 13

## OTHER AUTHORITIES

5 C. Wright & A. Miller, Federal Practice and Procedure § 1215 (3d ed. 2004) -----------------------------2

California Approved Civil Jury Instruction ("CACI") 105 ------------------------------------------------- 14

California Approved Civil Jury Instruction ("CACI") 413 ------------------------------------------------- 14

-iii-

PLTF.'S MOTION FOR PARTIAL SUMMARY JUDGMENT; STATEMENT OF FACTS; MEMORANDUM
*Colombo v. Palo Alto Unified School District, et al. Case No.: 5:24-cv-00909-NC*

## PREJUDICIAL PROCEDURAL IRREGULARITIES

Defendant failed to meaningfully meet and confer with Plaintiff in violation of this Court's Pretrial Preparation Order #167 unfairly denying Plaintiff of accurate pre-trial information and resulting in Defendant's mistaken presumption of evidence Plaintiff intends to use at trial.  The Order required delivery of joint pretrial submissions in a Trial Readiness Binder to the Court before noon on December 19, 2025.  In order to attempt to comply with the Pretrial Preparation Order, Plaintiff began submitting pleadings and other proposed submissions to Defendants on December 12, 2025 and requested Defendants' proposed revisions and submissions as well, and a date and time not later than by December 17, 2025 for a substantive meet and confer to allow time for copying and creation of binders on December 18, 2025, so they could be delivered to the Court before noon on December 19, 2025.

Defendant refused to provide any proposed pretrial submissions to Plaintiff on or before December 17, 2025 and were not prepared to substantively meet and confer in good faith during the scheduled zoom meet and confer conference held in the afternoon on December 17, 2025. Plaintiff filed his proposed submissions on December 17, 2025 following defense counsels' being unprepared to engage in a meaningful meet and confer.

Defendants then filed their pleadings, many improperly labeled as "joint" submissions and filed at or after 8:00 pm on December 18, 2025 without having ever provided them to Plaintiff in advance. Such dilatory submissions prevented any meaningful meet and confer, and also precluded Plaintiff's ability to address Defendants' proposed witnesses and/or evidence in a Motion in Limine, which was required to have been filed by December 19, 2025. Defendants took advantage of Plaintiff's attempt to comply with the Court's Orders through timely service of his proposed pretrial submissions by filing their Motion in Limine at 6:03 p.m. on December 19, 2025 attempting to exclude Plaintiff's evidence and witnesses after disregarding any efforts to meaningfully meet and confer.

Due to Defendant's failure to timely provide their submissions, Plaintiff did not have sufficient time to make copies and submit defense submissions in the binders provided to the Court. Plaintiff filed his submissions on December 17, 2025, before the Court's Order entered at 5:49 p.m. on December 18 (Order Granting in Part and Denying in Part Defendant's Motion in Limine to Exclude/Limit Expert Witness Testimony, ECF #235) and the Court's Order entered at 7:24 a.m. on December 19, 2025 (Order

1  Granting in Part and Denying in Part Defendants' Summary Judgment Motions and Denying Plaintiff's

2  Motion for Partial Summary Judgment, ECF #243). Plaintiff was not informed about the timing or

3  content of those Orders, ECF ## 235 and 243, in advance and understood he needed to meet and confer,

4  make copies and submit binders by noon on December 19, 2025 in compliance with the Pretrial

5  Preparation Order. As such, Plaintiff has been substantially disadvantaged and Defendant's second set of

6  Motions in Limine make numerous mistaken assumptions regarding the evidence and witnesses Plaintiff

7  intends to present at trial following the Court's recent Orders.

8  ## I.    RESPONSE TO DEFENDANT'S SECOND SET OF MOTIONS IN LIMINE

9  In *Bacon v. Dep't of Human Services*, 2023 WL 2755592, 2023 U.S. App. LEXIS 7819 (9th Cir.

10  2025), the Ninth Circuit made clear that Rule 8's minimal notice pleading requirements should be

11  interpreted and applied broadly to allow claims to be decided on their merits and not to restrict or

12  eliminate claims based on technicalities. *Id.* at *2 citing *Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d

13  963, 968 (9th Cir. 2006). The Court in *Bacon* stated:

14  Rule 8's minimal notice pleading requirement aims to promote resolution of civil cases on
   the merits and avoid 'cases turning on technicalities.' *Johnson v. City of Shelby*, 574 U.S.
15  10, 11, 135 S. Ct. 346, 190 L. Ed. 2d 309 (2014) (per curiam) (citing 5 C. Wright & A.
   Miller, Federal Practice and Procedure § 1215 (3d ed. 2004)). The Rules 'do not
16  countenance dismissal of a complaint for imperfect statement of the legal theory
   supporting the claim asserted,' including for failure to invoke the proper authority. *Id.*
17  Where a claim is not fully articulated in the complaint, it is sufficient that the 'complaint
   and subsequent filings provide [defendants] with "fair notice" of that claim[.]' *Alvarez v.*
18  *Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008); *see also* Fed. R. Civ. P. 8(e) ('pleadings must
   be construed so as to do justice'); Fed. R. Civ. P. 8(d)(1) ('No technical form is required.')
19

20  Plaintiff's retaliation claim includes the proposition that The District conducted a single

21  investigation of Plaintiff which commenced as a Title IX investigation and which The District

22  represented to Plaintiff began on January 31, 2022. The District's General Counsel admitted that

23  the investigation that was ongoing as of February 17, 2022 was a Title IX investigation. (Exhibit

24  126, at pp. 75:20-76:22 – These pages of the Vishakan deposition are not confidential, and were

25  not included in the almost 50 pages of transcript designated as confidential. See ECF #162, p.6.)

26  The District retaliated against Plaintiff when it removed the Title IX protections from their

27  investigation. (Exhibits 163 and 167, Report and Deposition testimony of expert witness Saundra K.

28

PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND SET OF MOTIONS IN LIMINE
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

Schuster, which the Court ruled admissible in this action, ECF #235.) The District removed protections immediately upon Its failure to send the requisite Notice of Investigation to Plaintiff. When The District eventually began/resumed their investigation after the criminal charges were dropped, they again hired a Title IX trained investigator who testified that she could have conducted her investigation as a Title IX investigation had The District instructed her to do so. Nevertheless, she treated Plaintiff's participation in the investigation as a protective activity subject to non-retaliation protection and informed Plaintiff he could file a claim if he believed he had been subject to retaliation for his participation in the investigation process. When Plaintiff filed the instant discrimination and retaliation lawsuit, partially in reliance on Ms. Miller's representations, The District retaliated against him by removing, or attempting to remove through revisionist testimony, all non-retaliation protections appurtenant to the investigation of Plaintiff.

Defendant would have the Court exclude pertinent evidence on Defendant's sweeping claim that Plaintiff's evidence lacks probative value, would serve only to mislead the jury, engender confusion of issues and create potential for unfair prejudice. (ECF #245 at p. 2, lns. 4-11). However, Federal Rule of Evidence 403's "major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect. . . ." *Roberson v. Frito-Lay, Inc.,* 2002 U.S. Dist. LEXIS 29650, *4-5, 2002 WL 34716527*(citing United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir.), *cert. denied*, 530 U.S. 1268, 120 S. Ct. 2733, 147 L. Ed. 2d 995 (2000) (quoting *United States v. Mills*, 704 F.2d 1553, 1559 (11th Cir. 1983)); *United States v. McRae*, 593 F.2d 700, 707 (5th Cir.), *cert. denied*, 444 U.S. 862, 100 S. Ct. 128, 62 L. Ed. 2d 83 (1979). "Of course, all relevant evidence is prejudicial; Rule 403 is concerned only with limiting 'unfair' prejudice. . . . Unfair prejudice "means an undue tendency to suggest decision on an improper basis. . . ." Fed. R. Evid. 403, Adv. Comm. Notes; *Old Chief v. United States*, 519 U.S. 172, 180 (1997). All of the evidence Plaintiff presents at trial will be for a proper basis, to show Defendant's unlawful retaliation.

## A.    Relevant and Admissible Evidence Plaintiff Intends to Use at Trial

As Plaintiff understands the Court's Orders, the following main evidentiary exhibits and related testimony are relevant and admissible to the remaining claim against The District for retaliation following Plaintiff's filing and continued prosecution of the discrimination and retaliation complaint.

To the extent Plaintiff misunderstands the Court's Orders, he asks the Court to consider this filing

PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND SET OF MOTIONS IN LIMINE
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

a request under Federal Rule of Civil Procedure 56(a) for clarification or modification of the Orders Granting and Denying, in Part, Partial Summary Judgment and Granting and Denying, in Part, Defendants Motion in Limine (Daubert Motion) to Exclude or Limit Plaintiff's Experts' Testimony.

Evidence that Plaintiff understands to be relevant to the remaining claim is as follows:

1.    <u>The Original Complaint filed on February 17, 2024 (ECF #1) and Amended Complaints.</u>

The Complaints are relevant to show the dates of filing and the nature of the discrimination and retaliation claims alleged therein. The nature of the claims are relevant to establish Defendant's motive and intent fundamental to the retaliation against Plaintiff for filing his Complaints. To address Defendant's concern that anything beyond the complaints would become evidence, Plaintiff suggests that counsel meaningfully meet and confer to arrive at a joint stipulation to be read to the jury.

2.    <u>Other Rebuttal Evidence.</u>

Without knowing Defendant's proposed affirmative defenses or evidence, it is not possible to determine whether certain other evidence relating to the original claims is relevant, such as Mark Allendorf's testimony to show the justification for Plaintiff's belief that discrimination played a role in Defendant's mistreatment. Plaintiff intends to present Mr. Allendorf and similar evidence only in appropriate rebuttal. Plaintiff's retaliation claim does not require a showing that the original claim had merit and so agrees with Defendant that the original claim's merit is irrelevant absent their opening the door through their testimony or defenses.

3.    <u>Nicole Miller's January 25, 2024 Interview and Testimony.</u>

 Nicole Miller's interview of Plaintiff on January 25, 2024 is relevant. That date marks the first time Defendant informed Plaintiff of his rights against retaliation as part of The District's investigation that began on January 31, 2022 and then resumed/restarted on May 23, 2023.  Miller informed Plaintiff during the January 25, 2024 interview that she could not find that a sexual assault had occurred and that he could file a claim if he felt The District was retaliating against him. That understanding combined with the fact that Plaintiff was not immediately returned to his employment despite Defendant having in their possession, custody or control information exonerating Plaintiff of the false rape claim led directly to Plaintiff's decision to file the Complaint.

Nicole Miller's testimony about her investigation, findings, and understanding that the underlying

PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND SET OF MOTIONS IN LIMINE
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

sexual assault claim was completely without merit, as well as the materials she reviewed as part of her investigation, including the Preliminary Hearing Transcript (Exhibit 123), are relevant to show that Defendant knew or should have known that there was no evidence that a sexual assault had even occurred and the accuser's claim was implausible and without credibility, and thus should have immediately returned Plaintiff to his teaching position no later than on or before March 1, 2024, and probably as early as May 23, 2023. The delay in returning Plaintiff from leave until May 28, 2024, after all teaching assignments had been made for the 2024-2025 school year, was clear retaliation against Plaintiff directly following the filing of the Complaint and is therefore relevant.

4.     <u>Evidence Relating to Retaliation During Defendant's Investigation.</u>

The District's mishandling of the investigation beginning May 23, 2023, is relevant. Such was the impetus for filing the Complaint. Defendant's claim that the non-retaliation right appurtenant to the investigation no longer existed after Plaintiff filed his Complaint is another example of post-complaint retaliation. Defendant removing the non-retaliation protection for participation in the investigation after Ms. Miller informed Plaintiff he was so protected was due to Plaintiff having filed the retaliation Complaint. Evidence of the District's handling of the investigation also demonstrates Defendant's motive and state of mind for the retaliation that ensued following filing of the Complaint and as such should be admissible.

5.     <u>Reporting Plaintiff to CTC on June 26, 2023 and its Impact.</u>

Defendant's reporting of Plaintiff to CTC on June 26, 2023 is relevant. Defendant bolstered Its report to CTC by expressly referencing the investigation. Such was retaliatory in violation of the non-retaliation protection for Plaintiff's participation in the investigation. Defendant purported to remove the non-retaliation protection after-the-fact and in retaliation for Plaintiff filing his Complaint. The impact of that reporting to CTC without complete results of a thorough and unbiased investigation is addressed by Plaintiff's expert witness, Ken Whittemore, whose testimony the Court has already ruled admissible. At this time, Plaintiff should be entitled to all reasonable presumptions and inferences relating to such evidence making such evidence admissible to present and argue to the jury that it supports his claim.

6.     <u>The TOSA Position.</u>

The TOSA position is relevant. After Plaintiff filed the Complaint, Defendant deliberately

5

PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND SET OF MOTIONS IN LIMINE
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

delayed bringing Plaintiff back to work until after Defendant filled their available teaching positions by making teaching assignments for the 2024-2025 school year during March of 2024, so that four months later, when Defendant finally did bring back Plaintiff in July of 2024, they could force him into the TOSA position, a non-student facing assignment. This evidence refutes Defendant's claimed justification for forcing the TOSA position by asserting they did not have a teaching assignment available. As a PE teacher with seniority in The District, Plaintiff would have been guaranteed a PE teaching position under the Education Code when The District made 2024-2025 teaching assignments during March of 2024. Defendant's further retaliatory conduct related to the classified, non-certificated, job duties the TOSA position entailed are also relevant as continued retaliation against Plaintiff because he continued to prosecute his retaliation claim through filing amended complaints on 7/10/24, 10/09/24 and 1/06/25.

       7.   <u>Submission of Investigator's Report with Redacted Evidence.</u>

       Defendant's submission of the Investigator's report without including relevant exonerating evidence discovered during the Plaintiff's interview demonstrates retaliation and therefore is relevant. During her January 25, 2024 interview of Plaintiff, the Investigator was made aware of evidence for the first time including two additional female PE teacher witnesses at Jordan Middle School during 2001-2002 who could discuss the locker room protocols. Also new to the Investigator during the interview was the fact that Plaintiff was not teaching 6th grade PE at Jordan during 2001-2002 because he was assigned to Terman. The Investigator requested the names of Aimee Becker and Jill Naylor, who provided Plaintiff with support letters to CTC. The Investigator also had Plaintiff's employment file with his 2001-2002 work assignment showing both that he was assigned to Terman and that Cindi Ahern was his evaluator. Despite Ms. Miller's express request for this information on January 25, 2025, the District's General Counsel had it removed from her report submitted shortly after the Complaint was filed. This exclusion is relevant to Defendant's retaliation against Plaintiff for filing the Complaint.

       8.   <u>Purposely Disseminating Incomplete Information to the School Community.</u>

       Purposely disseminating incomplete information after the District Attorney dropped criminal charges and after The District returned Plaintiff to Its employment is relevant in establishing proof of Defendant's retaliation. Defendant told Plaintiff they began their investigation into this matter on January 31, 2022.  Nevertheless, The District chose to provide public comment admitting that they had not

PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND SET OF MOTIONS IN LIMINE
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

1  determined the scope of the investigation, that they would be using different standards than the DA's

2  Office, that they did not know if Plaintiff would be on paid or unpaid leave during The District's

3  investigation and refused to comment on any scenario in which The District might bring Plaintiff back to

4  work. *See* Shreyas Shashi and Joseph Kessler, *DA Dropping Charges, but District Plans to Investigate*

5  *Colombo*, The Paly Voice, May 15, 2023. (Exhibit 78). At that time, The District was in possession of

6  multiple sources proving that the Accuser's claim was implausible, including those on which the findings

7  of its own investigator were based. They also knew that the District returned Plaintiff to Its employ

8  because he is fit to teach and that their investigation and the DA's investigation found that he did not

9  engage in any misconduct.

10        The District chose instead to insinuate guilt. Despite being directly on topic for their participation

11  in and comments made to the *Unfit to Teach* article and the press conference after the criminal charges

12  were dropped, The District purposely chose not to disseminate any of the multiple sources of exonerating

13  evidence in Its possession to clarify or justify Plaintiff's return to work. (See Exhibits 75 and 78).

14  Defendants decided to fan the flames of fear rather than transparently and honestly publicize known

15  facts. (See Exhibit 66, pp. 1-2.) There was every expectation by the school community and Plaintiff that

16  the investigation would generate a publicized administrative determination. None came. (See Exhibit 40

17  – Open Forum comments and 244 – article discussing The District's handling of Plaintiff's assignments.)

18        Defendant's actions were retaliatory. They came directly after Plaintiff filed the Complaint in this

19  matter. They violated the non-retaliation protection for Plaintiff's participation in the investigation. They

20  retaliatorily removed protections after-the-fact. Plaintiff is entitled to all reasonable presumptions and

21  reasonable inferences in his favor relating to this evidence allowing him to present this evidence in

22  support of his claim at trial.

23        9.    <u>No Support and No Transition Plan.</u>

24        Evidence of Defendant's refusal to provide a supportive return to work plan, efforts to force

25  Plaintiff to retire and drop this lawsuit is/are all relevant in demonstrating The District's continued

26  retaliation after Plaintiff field amended complaints and continued pursuing his claim. PAUSD Board

27  Policy 4000, Association of California School Administrators ("ACSA") Guidelines and human decency

28  dictate that The District support Plaintiff and his Union to create a workable transition plan for bringing

him back to teach at The District. (Expert Witness Whittemore's opinion testimony, Exhibits 173, 174, 177, 242, 243. Number 7 and number 8 are related and are tied together by expert witness Whittemore, whose testimony the Court has already ruled admissible.) The District refused to provide such transition plan, much less any support. Rather, after Plaintiff filed this lawsuit The District delayed his return to work for four more months to force him into a TOSA position.  The District continued retaliating against him for continued prosecution of his Complaint rather than working with him as required to support an employee and provide a safe, nurturing environment for students. (Id.)

        10.   <u>Transfer to Fletcher, Petitions and Protests.</u>

The District's process of determining, reason for, dissemination of information about and withholding information about Plaintiff's transfer to Fletcher is relevant to show continued retaliation.

Plaintiff took the initiative to meet with The District's Director of Certificated Human Resources for the specific purpose of developing a transition plan in anticipation of school community concerns. The District failed to create any plan much less one that would have allowed transparency to the community. (Exhibit 194.)  Plaintiff requested placement back into the vacant teaching position at Greene Middle School. The District denied him without explanation. Plaintiff reiterated the request explaining that such position was a reasonable accommodation for his known FEHA- and ADA-qualified disability. Defendant again denied his request again without engaging in the required interactive process. (See Exhibit 195.) Defendant's deliberate refusal to work with Plaintiff and his Union to create a transition plan and to support Plaintiff in his return to work evidence Defendant's retaliatory efforts to force Plaintiff to retire and drop his Complaint. Defendant's actions were a direct result of retaliation for his filing and prosecuting the Complaint and filing and prosecuting the amended complaints.[1]

The Petitions against Plaintiff's employment and protests at Fletcher because of Defendant's failure to provide transparency and withholding of pertinent facts to the school community are relevant to

---

[1] To be clear, Plaintiff is not attempting to pursue a claim here under FEHA and the ADA for lack of engagement in the interactive process and refusal of the most reasonable of all reasonable accommodations. Plaintiff has not submitted a Verdict Form for such claims. The Jury Instructions relating to reasonable accommodations and the required interactive process are simply to assist the jury in determining whether any purported justification for the transfer to Fletcher was reasonable or, if it violated law and was therefore retaliation, and not a reasonably justified adverse employment action. Plaintiff is entitled to reasonable presumptions and inferences regarding this evidence, which renders the evidence both relevant and admissible at trial.

PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND SET OF MOTIONS IN LIMINE
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

Defendant's continuing retaliation. During the April 28, 2023 press conference, as published on May 15, 2023, The District announced to the school community that Plaintiff was unfit to teach, Plaintiff's return to employment at The District was unknown, and, if so, under what circumstances. (Exhibits 75, 78.) They chose not to inform the concerned community that there was no evidence that a crime had been committed, that the investigation and the TOSA position were not meant to be disciplinary, and that Plaintiff was cleared and fit to return to a student-facing teaching position. Similarly, during the Open Forum discussion at the August 19, 2025 Board Meeting recurrent discussion topics underlying the protests and petitions against Plaintiff were discussed by parents and students. (Exhibit 40). Some of the 200 parent signatories to a petition as well as other parents and students voiced their concerns, which were directly caused by Defendant's retaliatory lack of transparency and openness regarding the lack of credibility or plausibility of the sexual assault claim or the factual finding that more probably than not a sexual assault never occurred. Again, the District withheld facts establishing the lack of evidence of any wrongdoing by Plaintiff. This evidence demonstrates some of the unbearable reputational and mental distress harms caused by Defendant's retaliation against Plaintiff for his filing and prosecuting his discrimination/retaliation Complaint.

Further evidence that The District's silence and non-transparency was retaliatory against Plaintiff for his filing and prosecution of the lawsuit, and not for any justified purpose, is found in The District's response to information gleaned from the school community during the Open Forum. After the school community expressed concerns about Plaintiff during the Open Forum, in late-August of 2025, the District's Spokesperson finally declared that there was no evidence to support the false sexual assault claim that had been levied against Plaintiff on January 28, 2022 more than 3.5 years earlier. (Exhibit 196.) This was not done to support Plaintiff in his return, not done to quell the school community's concern, but only to relieve The District from backlash against the District's Board and Administration.

Defendant's piecemeal disbursement of facts establishing the implausibility of the accuser's claim against Plaintiff is relevant to his retaliation claim. Material differences between the District's position during the Open Forum discussion and The District's statement to the press in response to the Open Forum show that the timing of what Defendant made known to the school community between the May 28, 2024 statement of investigation (Exhibit 109) and the August 2025 admission to the public (Exhibit

196) establishes retaliation. Initially the District stated only that "The Investigator determined that the allegation was not substantiated due to a lack of evidence, including but not limited to, the absence of a direct statement from the alleged victim to support the claim" in a letter provided only to Plaintiff. (Exhibit 109.) More than a year later came Defendant's August 2025 declaration to the press that there was no evidence to support the claim made against Plaintiff. (Exhibit 196.) However, this progression remains far less than the investigator's testimony that she found it was most probable that "no sexual assault had even occurred," that the accuser's identification of Plaintiff is not credible because she admittedly did not see nor hear her alleged attacker, that the description by the accuser of how the assault allegedly occurred was not plausible, and that Plaintiff was assigned to teach 6th grade PE at a different school, Terman, that year and could not be shown to have even been on the Jordan campus at the time the alleged assault allegedly occurred. (Exhibit 124.) This evidence supporting Plaintiff's claim of The District's retaliatory conduct following filing and prosecution of the Complaint is clearly relevant.

11.  Unavailable Witnesses.

Defendant does not delineate which witness or witnesses are or are not unavailable for purposes of using deposition testimony at trial. Ms. Miller is unavailable because she resides outside the Court's jurisdictional boundary for a trial subpoena under FRCP Rule 45.  Further, she testified that she did not want to appear. (Exhibit 124.) Bahadursingh, Austin, and Andrade are three of Defendant's administrators and were produced as persons most qualified making their deposition testimony admissible regardless of unavailability. (FRE Rule 801(d)(2) and FRCP 32(a)(1).) Moreover, on December 20, 2025 Plaintiff requested that Defendant confirms Bahadursingh, Austin and Andrade are available for trial to be called by Plaintiff. Defendant has yet to confirm their availability.

12.  Ahern, Naylor, and Becker.

The testimony of Ahern, Naylor and Becker are relevant to establish retaliation.  All three will testify to the exclusion of their exonerating testimony in Ms. Miller's investigation report following the filing of the Complaint in this matter. Ahern will provide additional evidence of Defendant's continued and furthered retaliation by detailing the onerous work schedule and forty-minute increase in his daily commute Defendant imposed on Plaintiff when Defendant transferred him to Fletcher (Exhibit 128, 128-1, 128-2, 132.) This retaliation was Defendant's effort to force Plaintiff to abandon the lawsuit and retire.

PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND SET OF MOTIONS IN LIMINE
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

13.    <u>Evidence of Dishonesty of Witnesses.</u>

Evidence that shows or tends to show the dishonesty of witnesses is rebuttal evidence that cannot be evaluated until Defendant presents affirmative defenses and testimony at trial. Ruling on evidence of dishonesty, including failure to produce evidence detrimental to the defense, is premature at this stage.

14.    <u>Fukahara and Pedersen – Damages-related Evidence.</u>

Mr. Peter Fukahara's testimony is relevant to prove retaliation and Plaintiff's claim for damages. Coach Fukahara is the long-time head baseball coach at Palo Alto High School. He will testify that for the District to allow Plaintiff to return to his position as assistant baseball coach, Coach Fukahara had to demand Plaintiff's return. He will also provide testimony regarding Plaintiff's suitability to coach relevant to damages.

Ms. Shelly Pedersen is also relevant to establish retaliation and Plaintiff's claim for damages. Ms. Pedersen is a parent of children who had Plaintiff as their teacher at Jordan Middle School and coach at Palo Alto High School. She will testify to Plaintiff's suitability to teach and coach.  She will provide testimony regarding how The District's insinuation of Plaintiff's guilt and dissemination of incomplete information to the school community prolonged and exacerbated damage to Plaintiff's reputation.

15.    <u>Whittemore, Schuster, and Ben-Zion.</u>

The testimony of expert witnesses Whittemore, Schuster and Ben-Zion are relevant, and The Court has already ruled their testimony admissible. Whittemore's opinion testimony is relevant to establish retaliation. Schuster will testify during Plaintiff's case in chief or possibly reserved for rebuttal if necessary, depending on the scope of The Court's recent Orders. Ben-Zion's testimony regarding damages remains relevant so long as Plaintiff is correct in his reading of the Court's Orders. Again, to the extent any of the support for the claim and evidence discussed herein is deemed inadmissible, Plaintiff requests clarification under Rule 56(a) of the Orders to justify such exclusionary rulings where Plaintiff is entitled to all reasonable presumptions and inferences that such evidence is relevant to his claim.

**B.    <u>References to the Complaints</u>**

This is partially addressed above. The dates and nature of the four filed complaints are relevant and admissible for establishing both the timing of retaliatory responses and the motive, intent and state of mind of The District's personnel, including District counsel, who were retaliating.

PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND SET OF MOTIONS IN LIMINE
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

**C.**     **Board of Education Knowledge, Direction, Approval, Ratification is Presumed.**

     That the Board knew about, directed, approved and/or ratified all actions relating to Plaintiff is relevant.  Plaintiff is not speculating about what the Board knew. The District's policies and procedures required that the Board be informed and consulted regarding everything significant that was done relating to Plaintiff. (See Exhibit 121.) Bahadursingh also testified that the Board was kept apprised of everything relating to the treatment of Plaintiff, which would include any retaliatory adverse employment actions. (Exhibit 129.) This was in response to defense counsel's instructions to not answer questions relating to discussions in closed session, thereby creating a reasonable inference or possibly a conclusive presumption that the Board knew about, directed, approved and/or ratified all actions relating to Plaintiff.

**D.**     **Vishakan's Testimony**

     At this point, Plaintiff does not see Ms. Vishakan as relevant to the remaining claim other than for her testimony that the District had begun a Title IX investigation by February 17, 2022 and any investigation conducted by The District should have been conducted pursuant to Title IX. Other than this, Plaintiff is willing to reserve Ms. Vishakan's testimony for possible rebuttal depending on the defenses and testimony presented and arguments made by the defense.

 **E.**     **Character Witness Evidence**

     Defendant mischaracterizes the nature of the testimony of Fukahara, Pederson and others. Plaintiff intends to elicit damages-related information from these witnesses as is set forth more completely in Sections A.12. and A.14., above.

**F.**     **Undisclosed Medical Treatment Records/Opinions**

     Plaintiff has no intention of introducing any undisclosed medical treatment records or opinions.

**G.**     **References to Settlement Discussions**

     Plaintiff stipulates to this for all parties. Plaintiff will be instructed about this by counsel.

**H.**     **Other Lawsuits, Claims, Etc. Against PAUSD**

     Plaintiff has no affiliation with the class action plaintiffs suing The District regarding the Ethnic Studies curriculum. Unless the defense opens a door with its defenses, questioning, testimony or evidence, Plaintiff has no intention of using evidence from other lawsuits, claims, etc. against PAUSD. This rule should apply equally to the Defendant, applying the gander-goose principle.

PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND SET OF MOTIONS IN LIMINE
*Colombo v. Palo Alto Unified School District, et al.,* Case No.: 5:24-cv-00909-NC

**I.     Undisclosed Evidence, Witnesses, Etc.**

Again, Plaintiff is unaware of any such evidence that is being referenced by Defendants. This rule regarding use of undisclosed evidence should apply with equal force against both sides.

**J.     Anchoring is Specifically Allowed Under California Law**

Defense counsel admits that the Ninth Circuit has not ruled to disallow mentioning of specific monetary amounts to the jury for purposes of establishing damage awards, a practice sometimes referred to as anchoring. What Defendant fails to disclose is that California law actually expressly allows it. "Anchoring" is allowed under California law, which is applicable to Plaintiff's retaliation claim under FEHA. *See, e.g.*, *Fernandez v. Jimenez*, 40 Cal. App. 5th 482 (2019). In fact, attempts by other defendants to have the *Fernandez* opinion decertified were unsuccessful. In this case, due to limitations on non-economic damages under Title IX and Title VII, the retaliation claim under FEHA is the only claim where "anchoring" might be relevant, and therefore such should be allowed.

**K.     Use of Deposition in Lieu of Live Testimony**

This nebulous argument has been addressed above with regard to specific witnesses, including Miller, Bahadursingh, Austin, and Andrade. Miller is unavailable under FRCP Rule 45 and the other three are an exception to the general rule (FRE Rule 801(d)(2) and FRCP 32(a)(1)). Regardless, Plaintiff would prefer to examine Bahadursingh, Austin and Andrade live at trial and Defendant should be ordered to produce them on January 27, 2026 and January 28, 2026 as requested by Plaintiff.

**L.     Punitive Damages Arguments**

Since the punitive damages claims were dismissed, Plaintiff will not make such arguments.

**M.     Golden Rule and Reptile Arguments**

The Golden Rule argument is prohibited but it is a very narrowly drawn rule. In *Cassim v. Allstate Ins. Co.*, 33 Cal.4th 780, 798 (2004) the California Supreme Court made clear that the prohibition against using a Golden Rule argument applies only to an argument "in which counsel asks jurors to put themselves in the plaintiff's shoes **and** asks what compensation they would personally expect." In *Cassim*, the Golden Rule prohibition did not apply to the plaintiff's lawyer's statement, "Just think, you're at a job. You have worked at it real hard. You're a good employee. And then a new boss comes along. He doesn't like you. Maybe it's because of your sex, your race or whatever. And he

13

PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND SET OF MOTIONS IN LIMINE
*Colombo v. Palo Alto Unified School District, et al.*, Case No.: 5:24-cv-00909-NC

discharges you." The Court ruled this did not ask the jurors to put themselves in *Cassim*'s position or to view the case from his personal perspective. *See id*.

The Golden Rule argument prohibition also applies only to damages evidence, and it does not apply to causation evidence under California law. *See Regalado v. Callaghan*, 3 Cal.App.5th 582, 599 (2016); CACI 413. Federal Courts agree that the Golden Rule argument prohibition applies only to damages arguments. *See Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983); *Johnson v. Celotex*, 899 F.2d 1281, 1289 (2d Cir. 1990).

Plaintiff is unaware of any arguments that might be considered "reptile theory" arguments that would not be encompassed by the above rules relating to the Golden Rule arguments. Without specific examples of what Defendant is attempting to exclude, Plaintiff cannot address this argument other than to confirm that counsel intends to follow the law during questioning and in making arguments.

**N.    Insurance Coverage**

Plaintiff agrees and recommends that the parties stipulate to use California Approved Civil Jury Instruction ("CACI") 105 as a jury instruction. CACI 105 states: **"You must not consider whether any of the parties in this case has insurance. The presence or absence of insurance is totally irrelevant. You must decide this case based only on the law and the evidence."**

## II.    CONCLUSION

Plaintiff has referenced the evidence he intends to submit and requests rulings of admissibility relating thereto. Moreover, as stated above, to the extent the Court is ruling that certain exhibits or testimony Plaintiff intends to introduce are inadmissible because such are not relevant to the remaining claim, Plaintiff requests a Rule 56(a) clarification or revision of the Orders Granting Defendants' Partial Summary Judgment and Motion in Limine to Exclude/Limit Expert Testimony (Daubert Motion) to clarify such rulings. **Additional dates for presumed retaliation following filing of amended complaints that also included discrimination/retaliation claims are 7/10/24, 8/09/24 and 1/06/25.**

Dated: December 30, 2025            LAW OFFICES OF JONATHAN D. MCDOUGALL

By:    */s/ Evan C. Nelson*
EVAN C. NELSON
Attorneys for Plaintiffs

14