UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER COLOMBO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT,<br><br>　　　　Defendant. | Case No. 24-cv-0909-NC<br><br>**PRETRIAL CONFERENCE PREPARATION ORDER** |

A pretrial conference is scheduled for January 7, 2026, at 11:30 a.m. Lead counsel for each party are ordered to appear at the conference. A jury trial is scheduled to begin on January 26, 2026, at 9:30 a.m. This order prepares for the conference and trial. Additional instructions will be provided at the conference and possibly in an order following the conference.

## I.　TRIAL SCHEDULE AND LIMITS

The jury of 8 persons will be selected on January 26. The jury will be instructed, the parties may make opening statements, and the presentation of evidence all will begin on January 27. The trial will continue on each weekday until verdict. Opening statements will be limited to 30 minutes per side. The typical trial day will be from 9:30 a.m. until 4:30 p.m., with a lunch break from approximately 12:30 to 1:30 p.m. and periodic breaks when needed. Judge Cousins will be on criminal duty during January, so trial interruptions for criminal hearings are possible. Judge Cousins will have a daily criminal calendar

scheduled at 1:00 p.m.

As a reminder, each side will be allowed 8 hours to present its case. Dkt. 167. Jury selection does not count. All arguments and evidence do count. The courtroom deputy will keep track and report remaining time. The Court may deduct or add time for violations of orders and in the interest of justice.

## II.  JURY SELECTION PROCEDURES

The Court will distribute Survey Monkey Questionnaires to prospective jurors on approximately January 13, 2026. The Court will email the responses to the trial attorneys for each side at the same time, on approximately January 20, 2026. The Court may consider hardship challenges for prospective jurors in the week before trial and will issue additional procedural guidance in writing after the questionnaires are reviewed. The parties and their attorneys and agents are ordered not to contact any of the prospective jurors. All juror survey responses must be returned or certified destroyed within 30 days after the end of the case.

Voir Dire. The Court will call approximately 20 jurors into the courtroom at a time until a jury of 8 is selected. The Court will direct voir dire for each group first. Then the attorneys for each side will be allowed 20 minutes of voir dire per jury group. The Court will consider "for cause" challenges by each side next. Then each side gets 3 peremptory challenges total. The peremptory challenges will not be refreshed after the first group of jurors. Peremptory challenges will be processed in this sequence: (1A) Plaintiff; (1B) Defense; (2A) Defense; (2B) Plaintiff; (3A) Plaintiff; (3B) Defense. A party may pass. A pass *will* count as a peremptory challenge. If the parties consecutively pass in the same round, the peremptory process ends and there will be no more peremptory challenges. Counsel must be familiar and compliant with the *Batson* standards and procedure. The Court will inquire if there are any *Batson* motions immediately after the peremptory challenges.

## III.  WITNESSES WILL BE LIVE IN THE COURTROOM

The Court observes that each party proposes that some witnesses may be testifying

by Zoom video. Dkt. 250 (Plaintiff's revised witness list); Dkt. 238 (Defendant's witness list). The request is denied. All evidence will be presented live to the jury in the courtroom.

### IV.     MISCELLANEOUS

#### A. Trial Transcripts

If a party wishes to order a trial transcript, the order must be placed by January 12, 2026. Instructions on how to file a transcript order using Form CAND-435 are available at: www.cand.uscourts.gov/transcripts.

#### B. Electronic Equipment

If a party wishes to use electronic equipment or other large items, the party must file a request and proposed order with the Court by January 12, 2026. Equipment not provided by the Court must be tested in the courtroom prior to trial. Arrangements may be made with the Courtroom Deputy, Lili Harrell, at (408) 535-5343.

#### C. Jury Orientation Video

The Northern District of California requires potential jurors to watch an orientation video before they are sent to the courtroom for voir dire. The Court encourages the parties to watch the orientation video at: https://www.cand.uscourts.gov/attorneys/unconscious-bias-video-for-potential-jurors/.

#### D.     One Attorney Per Witness Rule

During examination, one attorney per witness is allowed. The same attorney for each side must ask the questions and make any objections.

#### E.     No Written Motions During Trial Without Notice and Advance Leave

Once the jury is selected, no party may file any written motions during trial without notice to the other side and leave of Court. The Court seeks to avoid ambushes during trial.

#### F.     Filing Exhibits After Trial

Pursuant to Civil Local Rule 5-1(g), the parties must electronically file all exhibits admitted during trial within ten days of a verdict. The parties should familiarize

1  themselves with the various provisions of Civil Local Rule 5-1(g), including the process
2  for redacting any information prior to filing in accordance with Local Rule 79-5(d).
3     As to Local Rule 5-1(g)(4)'s provision for filing digital exhibits not supported by
4  CM/ECF, the parties should submit one manual filing of a USB drive(s) with the digital
5  exhibits to the Clerk's Office rather than upload the digital exhibits to an online location.

**IT IS SO ORDERED.**

Dated:  January 6, 2026

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

4