UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER COLOMBO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PALO ALTO UNIFIED SCHOOL DISTRICT,<br><br>　　　　Defendant. | Case No. 24-cv-00909-NC<br><br>**ORDER FOLLOWING PRETRIAL CONFERENCE** |

On January 7, 2026, the Court held a Pretrial Conference in this matter, attended by counsel for both parties. The Court summarizes the Court's orders and other matters discussed during the pretrial conference.

- Prospective Juror Questionnaire. Prospective jurors will be sent a Survey Monkey Questionnaire. The Court will circulate the answered questionnaires to the trial attorneys before jury selection. The Court may consider hardship challenges for prospective jurors in the week before trial and will issue additional procedural guidance after the questionnaires are received.
- No additional filed motions during trial without meet and confer with opposing counsel and leave of Court. Trial is not intended to be an ambush. If any party wishes to file a written motion during trial, they must first meet and confer with the opposing side and also receive leave of Court. Surprise motions filed in the middle

of the trial night are especially disfavored. Reviewed and agreed.

- Each side will be allowed up to 8 hours total for trial. What activities count toward permitted trial time? Upon the start of opening statements, the trial clock will be running while Court is in session. The reading of jury instructions and the jury instructions charging conferences do not count.
- No jury questions to witnesses will be allowed. The parties agreed.
- Trial schedule. Juror voir dire will begin January 26, 2026, at 9:30 a.m. Opening statements will begin on January 27, 2026, at 9:30 a.m. The typical trial day will run from 9:30 a.m. to 4:30 p.m., with a break for lunch. Judge Cousins will be on criminal duty during January, so trial interruptions for criminal hearings are possible. Judge Cousins will have a daily criminal calendar scheduled at 1 p.m.
- Voir Dire. The Court will call approximately 20 jurors into the courtroom at a time until a jury of eight (8) is selected. There will be no alternates. Each side will be allowed 20 minutes of voir dire per jury group. Each side gets 3 peremptory challenges total. The peremptory challenges do not carry over into subsequent rounds. Peremptory challenges will be processed in this sequence: Plaintiff; Defense; Defense; Plaintiff; Plaintiff; Defense. A party may pass. A pass *will* count as a peremptory strike. If the parties consecutively pass, the peremptory process ends and there will be no more peremptory strikes. After a juror is dismissed or struck, another juror will not take their seat. The jury will be comprised of the first eight jurors who remain.
- Sidebars during trial. The parties may request to discuss an issue with the Court without the jury present at a break.
- The Court will separately issue an order on the motion in limine and will issue proposed opening jury instructions and, later, proposed closing instructions and jury verdict forms.
- The Court granted in part Defendant's motion in limine with respect to providing the complaint to the jury. The Court will not permit the entire text of the complaint

2

to be submitted to the jury. However, the Court will allow the parties to provide information regarding the timing of the complaint and a summary of necessary, appropriate portions. The parties shall meet and confer and submit a stipulation of fact to the Court by January 14, 2026 as to the key issues in the complaint for the jury's consideration.

- The parties shall meet and confer to submit additional, concise stipulations of fact to the Court.
- Notice For Witnesses. The parties must file a stipulation by January 14, 2026 addressing notice to be provided for calling witnesses (*e.g.*, 24 or 48 hours). The parties are further ordered to confer on logistics for calling adverse witnesses.
- Defense counsel shall submit a declaration to the Court by January 14, 2026 stating whether Nicole Miller will be available to testify at trial.
- In accordance with its Pretrial Conference Preparation Order, the Court will not permit Liz DeChellis or Saundra K. Schuster to testify by Zoom.
- Rebuttal Witnesses and Evidence. The Court provided an opportunity for the parties to disclose rebuttal witnesses or evidence. Defendant identified Eve Fichtner. Plaintiff identified the IME report from Defendant's expert witness, James Armontrout. The Court will not be inclined to allow witnesses or evidence at trial that was not previously disclosed at the Pretrial Conference.
- Finally, if the parties would like to install and test their courtroom technology before trial, they should contact the courtroom deputy, Lili Harrell, to schedule a time to do so.

**IT IS SO ORDERED.**

Dated: January 7, 2026

_____
NATHANAEL M. COUSINS
United States Magistrate Judge